**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Texas
<br>(State)

Case number *(if known)*: _____   Chapter __11__

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

02/20

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Whiting Petroleum Corporation** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **N/A** |
| 3. | **Debtor's federal Employer Identification Number (EIN)** | **20-0098515** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **1700 Lincoln Street**<br>Number        Street | Number        Street |
| **Suite 4700** | P.O. Box |
| **Denver**          **CO**     **80203**<br>City          State    Zip Code | City          State    Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Denver County**<br>County | Number        Street |
| | City          State    Zip Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **www.whiting.com** |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☐ Other. Specify: _____ |

| Debtor | Whiting Petroleum Corporation | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**2111**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes. District _____ When _____ MM/DD/YYYY  Case number _____

District _____ When _____ MM/DD/YYYY  Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1,

☐ No
☒ Yes. Debtor **See Rider 1**  Relationship **Affiliate**

District **Southern District of Texas**  When **04/01/2020**

| Debtor | Whiting Petroleum Corporation | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

attach a separate list.    Case number, if known _____    MM / DD / YYYY

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number       Street

_____
City                    State    Zip Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors[1]**

| | | | |
|---|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☒ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

1    The Debtors' estimated assets, liabilities, and number of creditors noted here are provided on a consolidated basis.

| Debtor | Whiting Petroleum Corporation | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☐ $500,000,001-$1 billion
- ☒ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **04/01/2020**
                    MM/ DD / YYYY

✖    **/s/ Correne S. Loeffler**                              **Correne S. Loeffler**
      Signature of authorized representative of debtor        Printed name

Title    **Chief Financial Officer**

**18. Signature of attorney**

✖    **/s/ Matthew D. Cavenaugh**              Date    **04/01/2020**
      Signature of attorney for debtor                        MM/DD/YYYY

**Matthew D. Cavenaugh**
Printed name

**Jackson Walker L.L.P.**
Firm name

**1401 McKinney Street, Suite 1900**
Number                          Street

**Houston**                                    **Texas**        **77010**
City                                            State            ZIP Code

**(713) 752-4200**                              **mcavenaugh@jw.com**
Contact phone                                  Email address

**24062656**                                    **Texas**
Bar number                                      State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of Texas**

(State)

Case number *(if known)*: _____   Chapter ___11___

☐ Check if this is an
amended filing

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Whiting Petroleum Corporation.

| |
|---|
| Whiting Canadian Holding Company ULC |
| Whiting Oil and Gas Corporation |
| Whiting Petroleum Corporation |
| Whiting Resources Corporation |
| Whiting US Holding Company |

<table>
<tr><td colspan="2">Fill in this information to identify the case:</td></tr>
<tr><td colspan="2">Debtor name <u>Whiting Petroleum Corporation et al.</u></td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the: <u>Southern District of Texas</u></td></tr>
<tr><td>Case number (If known): _____</td><td>☐ Check if this is an amended filing</td></tr>
</table>

Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | The Bank of New York Mellon Trust Company, N.A.<br>2 North LaSalle - 7th Floor<br>Chicago, IL 60602 | Attn: Sharon K. McGrath<br>Title: Vice President<br>Phone: (312) 827-3262<br>Email: sharon.mcgrath@bnymellon.com | 6.625% Senior Notes due 2026 | | | | $ 1,000,000,000 |
| 2 | The Bank of New York Mellon Trust Company, N.A.<br>2 North LaSalle - 7th Floor<br>Chicago, IL 60602 | Attn: Sharon K. McGrath<br>Title: Vice President<br>Phone: (312) 827-3262<br>Email: sharon.mcgrath@bnymellon.com | 5.75% Senior Notes due March 2021 | | | | $ 774,000,000 |
| 3 | The Bank of New York Mellon Trust Company, N.A.<br>2 North LaSalle - 7th Floor<br>Chicago, IL 60602 | Attn: Sharon K. McGrath<br>Title: Vice President<br>Phone: (312) 827-3262<br>Email: sharon.mcgrath@bnymellon.com | 6.25% Senior Notes due April 2023 | | | | $ 408,000,000 |
| 4 | The Bank of New York Mellon Trust Company, N.A.<br>2 North LaSalle - 7th Floor<br>Chicago, IL 60602 | Attn: Sharon K. McGrath<br>Title: Vice President<br>Phone: (312) 827-3262<br>Email: sharon.mcgrath@bnymellon.com | 1.25% Convertible Senior Notes due April 2020 | | | | $ 262,000,000 |
| 5 | Schlumberger Technology Corporation<br>5599 San Felipe<br>17th Floor<br>Houston, TX 77056 | Attn: Olivier Le Peuch<br>Title: CEO<br>Phone: (281) 635-5194<br>Email: lepeuch1@slb.com<br>Fax: (281) 285-0233 | Trade Payables | | | | $ 8,839,604 |
| 6 | Halliburton Energy Services Inc<br>3000 N. Sam Houston Pkwy E.<br>Houston, TX 77032 | Attn: Jeff Miller<br>Title: Chairman, President & CEO<br>Phone: (281) 871-4000<br>Email: jeff.miller@halliburton.com<br>Fax: (281) 876-4455 | Trade Payables | | | | $ 8,366,793 |
| 7 | Polar Midstream<br>2300 Windy Ridge Parkway<br>Suite 840N<br>Atlanta, GA 30339 | Attn: J. Heath Deneke<br>Title: President & CEO<br>Phone: (832) 413-4770<br>Email: | Trade Payables | | | | $ 3,662,779 |
| 8 | Baker Hughes<br>17021 Aldine Westfield Road<br>Houston, TX 77073 | Attn: Lorenzo Simonelli<br>Title: Chairman & CEO<br>Phone: (713) 439-8600<br>Email:<br>Fax: (337) 837-3493 | Trade Payables | | | | $ 2,566,083 |
| 9 | BNN Redtail, LLC<br>370 Van Gordon St<br>Lakewood, CO 80228 | Attn: Mark Ritchie<br>Title: Co-Founder & Vice President<br>Phone: (303) 357-4733<br>Email: mark.ritchie@bnn-energy.com | Trade Payables | | | | $ 2,338,161 |

Debtor ___Whiting Petroleum Corporation et al.___                                                                Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 10 | Targa Resources Partners LP 811 Louisiana St Suite 2100 Houston, TX 77002 | Attn: Matthew J. Meloy Title: CEO Phone: (713) 584-1000 Email: Fax: (713) 584-1100 | Trade Payables | | | | $   2,336,550 |
| 11 | Sun Well Service Inc 118 84th St. W Williston, ND 58801 | Attn: Kevin Jeffreys Title: Vice President Phone: (701) 774-3001 Email: Fax: (701) 774-0774 | Trade Payables | | | | $   2,090,568 |
| 12 | Estvold Oilfield Services Inc 3962 Ash Ave NW New Town, ND 58763 | Attn: Jake Estvold Title: Owner Phone: (701) 627-4346 Email: Fax: (701) 627-2778 | Trade Payables | | | | $   1,713,026 |
| 13 | Triangle Electric Inc 2644 1st Ave E Williston, ND 58801 | Attn: David Hoerner Title: CFO Phone: (701) 157-6783 Email: | Trade Payables | | | | $   1,691,100 |
| 14 | Black Hawk Energy Services Ltd 118 84th St. Williston, ND 58801 | Attn: Mike Davis Title: President & CEO Phone: (701) 774-0774 Email: Fax: (701) 774-3001 | Trade Payables | | | | $   1,654,054 |
| 15 | Pioneer Drilling Services Ltd 1250 Northeast Loop 410 Suite 1000 San Antonio, TX 78209 | Attn: Stacy Locke Title: President & CEO Phone: (210) 082-7689 Email: slocke@pioneers.com | Trade Payables | | | | $   1,580,868 |
| 16 | Purity Oilfield Services LLC 2101 Cedar Springs Road Suite 650 Dallas, TX 75201 | Attn: Marshall T. Hunt Title: President Phone: (214) 472-1700 Email: | Trade Payables | | | | $   1,507,326 |
| 17 | CS Welding, LLC 1101 4th St SE Suite 206 Stanley, ND 58784 | Attn: Cesar Salgado Title: President Phone: (701) 162-2706 Email: | Trade Payables | | | | $   1,488,474 |
| 18 | National Oilwell Varco LP 7909 Parkwood Circle Drive Houston, TX 77036 | Attn: Jose Bayardo Title: Vice President & CFO Phone: (336) 660-3830 Email: jose.bayardo@nov.com Fax: (713) 435-2195 | Trade Payables | | | | $   1,452,065 |
| 19 | Northern Oilfield Services, LLC 1637 44th St W Williston, ND 58801 | Attn: Sheldon Van Vost Title: CEO Phone: (833) 356-5924 Email: | Trade Payables | | | | $   1,413,341 |
| 20 | McKenzie Energy Partners LLC PO Box 1037 Watford City, ND 58854 | Attn: Thomas McKenzie Title: CEO Phone: (888) 858-7747 Email: | Trade Payables | | | | $   1,374,319 |
| 21 | CTAP, LLC 2585 Trailridge Dr East Lafayette, CO 80026 | Attn: Seth Merrill Title: President Phone: (844) 488-2827 Email: Fax: (303) 661-0809 | Trade Payables | | | | $   1,127,198 |
| 22 | Rusco Operating LLC 98 San Jacinto Blvd Suite 550 Austin, TX 78701 | Attn: Xuan Yong Title: Owner Phone: (713) 355-6695 Email: | Trade Payables | | | | $   1,100,399 |

Debtor ___Whiting Petroleum Corporation et al.___                                                    Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 23 | Atlas Oil Company<br>24501 Ecorse Rd<br>Taylor, MI 48180 | Attn: Joseph E. Rivera<br>Title: CFO<br>Phone: (313) 292-5500<br>Email: jrivera@atlasoil.com<br>Fax: (313) 292-4580 | Trade Payables | | | | $     1,078,209 |
| 24 | Key Energy Services LLC<br>1301 McKinney St<br>Suite 1800<br>Houston, TX 77010 | Attn: J. Marshall Dodson<br>Title: President & CEO<br>Phone: (713) 365-4300<br>Email: rsaltiel@keyenergy.com | Trade Payables | | | | $        924,610 |
| 25 | Chemoil Corporation<br>40 E. Sheridan Avenue<br>Suite 400<br>Oklahoma City, OK 73104 | Attn: Chad O'Neil<br>Title: Vice President<br>Phone: (405) 560-5436<br>Email: chad.oneil@chemoil.com<br>Fax: (405) 605-5499 | Trade Payables | | | | $        843,215 |
| 26 | NexTier Completion Solutions, Inc.<br>3990 Rogerdale<br>Houston, TX 77042 | Attn: Robert Drummond<br>Title: President & CEO<br>Phone: (713) 332-6000<br>Email: | Trade Payables | | | | $        824,789 |
| 27 | Jmac Resources Inc<br>121 48th Ave SW<br>Williston, ND 58801 | Attn: Darla Miller<br>Title: CFO<br>Phone: (701) 177-8511<br>Email: darlam@jmacresources.com | Trade Payables | | | | $        789,776 |
| 28 | Chevron USA Inc<br>6001 Bollinger Canyon Road<br>San Ramon, CA 94583 | Attn: Michael K. Wirth<br>Title: CEO<br>Phone: (925) 584-1000<br>Email: mkwirth@chevron.com | Trade Payables | | | | $        770,648 |
| 29 | Perfx Wireline Services LLC<br>1525 Raleigh Ave<br>#500<br>Denver, CO 80204 | Attn: Charlie Thomas<br>Title: President<br>Phone: (832) 242-0097<br>Email: | Trade Payables | | | | $        767,139 |
| 30 | Jamex Marketing, LLC<br>C/o Reese Marketos LLP<br>750 N. Saint Paul St., Suite 600<br>Dallas, TX 75201 | Attn: Joel Reese<br>Title: Partner<br>Phone: (214) 382-9801<br>Email: Joel.Reese@rm-firm.com | Litigation Claim | Contingent<br>Unliquidated<br>Disputed | | | Undetermined |

Note: Unsecured amounts contain projected estimates of pre-petition liability as of the Petition Date and are subject to change as accrued liabilities are invoiced.

Official Form 201A (12/15)

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WHITING PETROLEUM CORPORATION, | ) | Case No. 20-_____(____) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11**

If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is    **001-31899**

The following financial data is the latest available information and refers to the debtor's condition on **December 31, 2019**

Total assets                                                                         $    **$7,636,721,000**

Total debts (including debts listed in 2.c., below)          $    **$3,611,750,000**

Debt securities held by more than 500 holders

|  |  |  |  |  |  |  | Approximate number of holders: |
|---|---|---|---|---|---|---|---|
| secured | ☐ | unsecured | ☒ | subordinated | ☐ | $ 773,600,000 | 760 Holders (5.75% Senior Notes due 2021) |
| secured | ☐ | unsecured | ☒ | subordinated | ☐ | $ 408,300,000 | 1,000 Holders (6.25% Notes due 2023) |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ | |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ | |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ | |

Number of shares of preferred stock                                     **None outstanding[1]**

Number of shares of common stock                                        **91,773,739[2]**

Comments, if any: 

Brief description of debtor's business:     **We are an independent exploration and production company with an oil focused asset base.  Our primary production and development activities are located in North Dakota and the Rocky Mountain region, with additional oil and gas properties located in Texas.**

List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
**Black Rock, Inc.; Dimensional Fund Advisors LP; FMR LLC; Hotchkis and Wiley Capital Management, LLC; State Street Corporation - SSGA Funds Management, Inc.; The Vanguard Group**

---

[1]    As of March 6, 2020.

[2]    As of March 27, 2020.

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| WHITING PETROLEUM CORPORATION, | ) | Case No. 20-_____(____) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

### LIST OF EQUITY SECURITY HOLDERS[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Whiting Petroleum Corporation | State Street Corporation - SSGA Funds Management, Inc. | State Street Financial Center Once Lincoln Street Boston, MA 02111 | 16.3% |
| Whiting Petroleum Corporation | Black Rock, Inc. | 55 East 52nd Street New York, NY 10055 | 15.5% |
| Whiting Petroleum Corporation | The Vanguard Group | 100 Vanguard Boulevard Malvern, PA 19355 | 10.72% |
| Whiting Petroleum Corporation | FMR LLC | 245 Summer Street Boston, MA 02210 | 8.731% |
| Whiting Petroleum Corporation | Dimensional Fund Advisor LP | Building One 6300 Bee Cave Road Austin, TX 78746 | 7.52% |
| Whiting Petroleum Corporation | Hotchkis and Wiley Capital Management, LLC | 600 S. Figueroa Street 39th Floor Los Angeles, CA | 5.46% |

---

[1]   This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as disclosed in Schedule 13G filed prior to February 15, 2020 with the Securities and Exchange Commission.

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WHITING PETROLEUM CORPORATION, | ) | Case No. 20-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

### <u>CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| State Street Corporation - SSGA Funds Management, Inc. | 16.3% |
| Black Rock, Inc. | 15.5% |
| The Vanguard Group | 10.72% |

**WHITING PETROLEUM CORPORATION**

<u>OFFICER'S CERTIFICATE</u>

<u>April 1, 2020</u>

The undersigned, solely in his capacity as an officer of Whiting Petroleum Corporation, a Delaware corporation (the "<u>Company</u>"), and not in his individual or any other capacity, and without personal liability, hereby certifies in the name and on behalf of the Company that attached hereto as <u>Annex A</u> is a true, correct and complete copy of the resolutions adopted by the board of directors of the Company, authorizing the Company to file voluntary petitions for relief commencing cases under chapter 11 of title 11 of the United States Code, sections 101, *et seq.*

[*Signature Page Follows*]

**IN WITNESS WHEREOF**, the undersigned has executed this consent as of the date first written above.

/s/ Bradley J. Holly
Bradley J. Holly
Chief Executive Officer

**<u>Annex A</u>**

Resolutions

[Attached]

# RESOLUTIONS
## OF THE
## BOARD OF DIRECTORS
## OF
## WHITING PETROLEUM CORPORATION

### April 1, 2020

WHEREAS, a telephonic meeting (the "Meeting") of the Board of Directors (the "Board") of Whiting Petroleum Corporation (the "Company") on behalf of the Company and the direct and indirect subsidiaries identified on **Schedule 1** attached hereto (together with the Company, the "Filing Entities") was concluded on April 1, 2020.

WHEREAS, as set forth above, a requisite number of the members of the Board, constituting a quorum, participated throughout the Meeting.  After it was confirmed that the Meeting was duly convened (and each member of the Board waived any notice requirements in connection therewith), those participating could hear each other and a quorum of the Board was in attendance, the Meeting was called to order.

WHEREAS, the Board has considered presentations by the Company's management (the "Management") and financial and legal advisors (collectively, the "Advisors") regarding the liabilities and liquidity of each Filing Entity, the strategic alternatives available to it, and the effect of the foregoing on each Filing Entity's business;

WHEREAS, following discussion, upon a motion duly made and seconded, the members of the Board at the Meeting (acting on behalf of the Company, in its own capacity) unanimously adopted and approved the following recitals and/or resolutions (the "Resolutions") pursuant to the organizational documents of the Company and the laws of the state of Delaware; and

WHEREAS, the Board has consulted with Management and the Advisors and has fully considered each of the strategic alternatives available to each Filing Entity.

NOW, THEREFORE, BE IT:

### Chapter 11 Filing

RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of the Filing Entities, their creditors, and other parties in interest, that each Filing Entity shall be, and hereby is, authorized to file or cause to be filed a voluntary petition for relief commencing a case (the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") or other court of competent jurisdiction; and

RESOLVED, that the President and Chief Executive Officer, Chief Financial Officer, Chief Restructuring Officer, Chief Operating Officer, Chief Administrative Officer General Counsel and Secretary, any Vice President, or any other duly appointed officer of any Filing Entity (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of the Filing Entities all petitions, schedules, lists, and other motions, papers, or documents (including the filing of financing statements), and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of the Filing Entities' businesses.

## Cash Collateral and Adequate Protection

RESOLVED, that the Filing Entities will obtain benefits from (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security pursuant to that certain Seventh Amended and Restated Credit Agreement, by and among Whiting Oil and Gas Corporation, as borrower, the Company, as parent guarantor, the lenders party thereto from time to time (the "RBL Lenders"), and JPMorgan Chase Bank, N.A., as the administrative agent (as amended, supplemented, or modified from time to time in accordance with the terms therein, the "Credit Agreement"), which provides for the Company's reserve-based lending facility (the "RBL Facility").

RESOLVED, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Filing Entities will provide certain adequate protection to the RBL Lenders (the "Adequate Protection Obligations"), as documented in a proposed order in interim and final form (the "Cash Collateral Order") and submitted for approval to the Bankruptcy Court.

RESOLVED, that the form, terms, and provisions of the Cash Collateral Order to which the Filing Entities are or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved, and each of the Authorized Officers of any Filing Entity be, and hereby is, authorized and empowered, in the name of and on behalf of the Filing Entities, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Cash Collateral Order, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which the Filing Entities will be parties, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively with the Cash Collateral Order, the "Cash Collateral Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board, with such changes, additions, and modifications thereto as the officers of any Filing Entity executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof.

RESOLVED, that the Filing Entities, as debtors and debtors in possession under the Bankruptcy Code be, and hereby are, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under

the Cash Collateral Documents (collectively, the "Cash Collateral Transactions"), including granting liens on its assets to secure such obligations.

### Restructuring Term Sheet

WHEREAS, in connection with the Chapter 11 Cases, the Filing Entities have engaged in good-faith negotiations with certain holders of the Company's convertible notes and senior unsecured notes (the "Ad Hoc Group") regarding the terms of a comprehensive restructuring as set forth in that certain Restructuring Term Sheet, dated as of April 1, 2020 (as may be amended in accordance with its terms, the "Restructuring Term Sheet").

NOW, THEREFORE, BE IT,

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or certificates) necessary to enter into a restructuring support agreement consistent with the Restructuring Term Sheet and to consummate the transactions contemplated thereby in connection with the Chapter 11 Cases and that each Filing Entity's performance of its obligations under the Restructuring Term Sheet hereby is, in all respects, authorized and approved.

### Retention of Professionals

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland"), as counsel, to represent and assist the Filing Entities in carrying out their duties under the Bankruptcy Code and to take any and all actions to advance the Filing Entities' rights and remedies, including filing any motions, objections, replies, applications, or pleadings and conducting any potential sale process on behalf of the Filing Entities; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, to pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Kirkland in accordance with applicable law;

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the law firm of Jackson Walker LLP ("Jackson Walker"), as co-bankruptcy counsel, to represent and assist the Filing Entities in carrying out their duties under the Bankruptcy Code and to take any and all actions to advance the Filing Entities' rights and remedies, including filing any motions, objections, replies, applications, or pleadings and conducting any potential sale process on behalf of the Filing Entities; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, to pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Jackson Walker in accordance with applicable law;

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Moelis & Company ("Moelis"), as financial advisor and investment banker, to represent and assist the Filing Entities in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Filing Entities' rights and remedies; and, in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, to pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Moelis in accordance with applicable law;

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Alvarez & Marsal (A&M), as restructuring advisor, to represent and assist the Filing Entities in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Filing Entities' rights and remedies; and, in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, to pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain A&M in accordance with applicable law;

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ Bankruptcy Management Solutions, Inc. d/b/a/ Stretto ("Stretto"), as notice, claims, and solicitation agent, and as administrative advisor, to represent and assist the Filing Entities in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Filing Entities' rights and remedies; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, to pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Stretto in accordance with applicable law;

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ any other professionals to assist the Filing Entities in carrying out their duties under the Bankruptcy Code; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, to pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary, appropriate, or desirable, including (without limitation) special counsel to the extent determined necessary, appropriate, or desirable; and

RESOLVED, that each of the Authorized Officers be, and hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain legal counsel, accountants, financial advisors, restructuring advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, appropriate, or desirable in connection with the Chapter 11 Cases.

**General Resolutions**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Filing Entity, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Officer's or Authorized Officers' judgment, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein;

RESOLVED, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing Resolutions, as may be required by the organizational documents of any Filing Entity, or hereby waives any right to have received such notice;

RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the Filing Entities, which acts would have been approved by the foregoing Resolutions except that such acts were taken before the adoption of these Resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of the Filing Entities with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Board;

RESOLVED, that each of the Authorized Officers (and their designees and delegates) be and hereby is, authorized and empowered to take all actions or to not take any action in the name of and on behalf of the Filing Entities with respect to the transactions contemplated by these Resolutions hereunder as such Authorized Officer shall deem necessary, appropriate, or desirable in such Authorized Officer's reasonable business judgment as may be necessary, appropriate, or desirable to effectuate the purposes of the transactions contemplated herein; and

*       *       *       *       *

## Schedule 1

### Filing Subsidiaries of Whiting Petroleum Corporation

| Subsidiary | Jurisdiction of Formation |
|---|---|
| Whiting Canadian Holding Company Unlimited Liability Corporation | British Columbia, Canada |
| Whiting US Holding Company | Delaware (U.S.) |
| Whiting Oil and Gas Corporation | Delaware (U.S.) |
| Whiting Resources Corporation | Colorado (U.S.) |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | Whiting Petroleum Corporation |
| United States Bankruptcy Court for the: | Southern District of Texas |
| | (State) |
| Case number (If known): | |

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration_____ **List of Equity Security Holders and Corporate Ownership Statement**_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **04/01/2020** | ☒ */s/ Correne S. Loeffler* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Correne S. Loeffler** |
| | Printed name |
| | **Chief Financial Officer** |
| | Position or relationship to debtor |

**Official Form 202**          **Declaration Under Penalty of Perjury for Non-Individual Debtors**