**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| WHITING PETROLEUM CORPORATION, *et al.*,[1] | ) Case No. 20-32021 (DRJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**DEBTORS' APPLICATION TO
EMPLOY AND RETAIN ALVAREZ & MARSAL
NORTH AMERICA, LLC AS FINANCIAL ADVISORS
PURSUANT TO SECTIONS 327(a) AND 328 OF THE BANKRUPTCY CODE**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN 21 DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[2]

respectfully state the following in support of this motion:

---

1   The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are:  Whiting Canadian Holding Company Unlimited Liability Corporation (3662); Whiting Petroleum Corporation (8515); Whiting US Holding Company (2900); Whiting Oil and Gas Corporation (8829); and Whiting Resources Corporation (1218). The location of the debtors' service address is: 1700 Lincoln Street, Suite 4700, Denver, Colorado 80203.

2   A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this application the Debtors' chapter 11 cases, are set forth in the *Declaration of Jeffrey S. Stein, Chief Restructuring Officer of Whiting Petroleum Corporation., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 23] and the *Declaration of Correne S. Loeffler, Chief Financial Officer of Whiting Petroleum Corporation and Whiting Oil and Gas Corporation, in Support of the Debtors' First Day Motions* [Docket No. 33] (the "First Day Declarations").

**Relief Requested**

1.      The Debtors seek entry of an order, substantially in the form attached hereto (the "Order"):  (a) authorizing the Debtors to employ and retain Alvarez & Marsal North America, LLC, together with employees of its affiliates (all of which are wholly owned by its parent company and employees), its wholly owned subsidiaries, and independent contractors (collectively, "A&M") as their financial advisors, pursuant to sections 327(a) and 328 of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, to perform the services set forth more fully herein, effective as of the Petition Date (as hereinafter defined); and (b) granting related relief.

**Jurisdiction and Venue**

2.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 327(a), 328, and 330 of title 11 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

**Background**

2

5.     Whiting Petroleum Corporation ("WLL") and its Debtor affiliates are an independent exploration and production company with an oil focused asset base.  The Debtors' primary production and development activities are located in North Dakota and the Rocky Mountain region, with additional oil and gas properties located in Texas.  The Debtors' assets predominately are mature properties with stable, high-quality, oil-weighted production. Headquartered in Denver, Colorado, the Debtors have approximately 500 employees. The Debtors' operating revenue for the twelve-month period that ended December 31, 2019 was approximately $1.6 billion, and, as of the Petition Date, the Debtors have approximately $3.4 billion in total funded debt obligations.

6.     On April 1, 2020 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On April 1, 2020, the Court entered an order [Docket No. 15] authorizing procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  On April 10, 2020, the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 127].

**Relief Requested**

7.     In consideration of the size and complexity of their businesses, as well as the exigencies of the circumstances, the Debtors have determined that the services of experienced financial advisors will substantially enhance their attempts to maximize the value of their estates. A&M is well qualified to provide these services in light of their extensive knowledge and expertise with respect to chapter 11 proceedings.

8.    A&M specializes in interim management, crisis management, turnaround consulting, operational due diligence, creditor advisory services, and financial and operational restructuring.  A&M's debtor advisory services have included a wide range of activities targeted at stabilizing and improving a company's financial position, including developing or validating forecasts, business plans and related assessments of a business's strategic position; monitoring and managing cash, cash flow and supplier relationships; assessing and recommending cost reduction strategies; and designing and negotiating financial restructuring packages.

9.    Since its inception in 1983, A&M has been a global provider of turnaround advisory services to companies in crisis or those in need of performance improvement in specific financial and operational areas. A&M has been retained as restructuring or financial advisor in numerous recent chapter 11 cases, including *In re Sanchez Energy Corporation*, No. 19-34508 (MI) (Bankr. S.D. Tex. Aug. 11, 2019); *In re Legacy Reserves Inc.*, No. 19-33395 (MI) (Bankr. S.D Tex. June 19, 2019); *In re Jones Energy, Inc.*, No. 19-32112 (DRJ) (Bankr. S.D. Tex. May 6, 2019); *In re Parker Drilling Company*, No. 18-36958 (MI) (Bankr. S.D. Tex. Jan. 15, 2019); *In re iHeart Media, Inc.*, No. 18-31274 (MI) (Bankr. S.D. Tex. Apr. 12, 2018); *In re EXCO Resources, Inc.*, No. 18-30155 (MI) (Bankr. S.D. Tex. Jan. 15, 2018); *In re Expro Holdings US, Inc.*, No. 17-60179 (DRJ) (Bankr. S.D. Tex. Dec. 18, 2017); *In re Seadrill Ltd.*, No. 17-60079 (DJR) (Bankr. S.D. Tex. Sept. 12, 2017); *In re Ameriforge Grp. Inc.*, No. 17-32660 (DRJ) (Bankr. S.D. Tex. June 9, 2017); *In re Forbes Energy Services Ltd.*, No. 17-20023 (DRJ) (Bankr. S.D. Tex. Jan. 22, 2017); *In re SandRidge Energy, Inc.*, No. 16-32488 (DRJ) (Bankr. S.D. Tex. June 23, 2016); *In re Southcross Holdings, LP*, No. 16-20111 (MI) (Bankr S.D. Tex. May 6, 2016); *In re Key Energy Services, Inc.*, No. 16-12306 (BLS) (Bankr. D. Del. Oc. 24, 2016); *In re Halcón Resources Corporation*, No. 16-11724 (BLS) (Bankr. D. Del. July 28, 2016); *In re Seventy Seven Finance,*

4

*Inc.*, No. 16-11409 (LSS) (Bankr. D. Del. June 7, 2016); *In re Penn Virginia Corp.*, No. 16-32395 (LSS) (Bankr. E.D. Va. May 12, 2016); In re Swift Energy Co., No. 15-12670 (Bankr. D. Del. Dec. 31, 2015); *In re Magnum Hunter Resources Corp.*, No. 15-12533 (KG) (Bankr. D. Del. Dec. 2, 2105); *In re Offshore Group Investment Ltd.*, No. 15-12422 (Bankr. D. Del. Dec. 2, 2015); *In re Samson Res. Corp.*, No. 15-11934 (CSS) (Bankr. D. Del. Sept. 16, 2015); and *In re Hercules Offshore, Inc.*, No. 15-11685 (Bankr. D. Del. Aug. 13, 2015).  In addition, A&M is familiar with the Debtors' businesses, financial affairs, and capital structure.  Since the firm's initial engagement on March 20, 2020, the A&M personnel providing services to the Debtors (the "A&M Professionals") have worked closely with the Debtors' management and other professionals in assisting with the myriad requirements of these chapter 11 cases.  Consequently, the Debtors believe that A&M has developed significant relevant experience and expertise regarding the Debtors and the unique circumstances of this case.  For these reasons, A&M is both well qualified and uniquely suited to deal effectively and efficiently with matters that may arise in the context of these cases.  Accordingly, the Debtors submit that the retention of A&M on the terms and conditions set forth herein is necessary and appropriate, is in the best interests of the Debtors' estates, creditors, and all other parties in interest, and should be granted in all respects.

## Scope of Services

10.     The Debtors' prepetition engagement letter (the "Engagement Letter") with A&M is attached hereto as Exhibit 1 to the Order, the terms of which shall govern the Debtors' retention of A&M except as explicitly set forth herein or in any order granting this Application.

11.     It is our understanding that the Debtors have retained Moelis & Company ("Moelis") to act as its investment banker.  A&M will work closely with Moelis to prevent any duplication of efforts in the course of advising the Debtors.

12.     Among other things, A&M will provide assistance to the Debtors with respect to management of the overall restructuring process, the development of ongoing business and financial plans and supporting restructuring negotiations among the debtors, their advisors and their creditors with respect to an overall exit strategy for their chapter 11 cases.

13.     A&M will provide such restructuring support services as A&M and the Debtors shall deem appropriate and feasible in order to manage and advise the Debtors in the course of these chapter 11 cases, including, but not limited to:

(a)     assistance to the Debtors in the preparation of financial-related disclosures required by the Court, including the Debtors' Schedules of Assets and Liabilities, Statements of Financial Affairs and Monthly Operating Reports;

(b)     assistance with the identification and implementation of short-term cash management procedures;

(c)     assistance with the identification of executory contracts and leases and performance of cost/benefit evaluations with respect to the affirmation or rejection of each;

(d)     assistance to Debtors' management team and counsel focused on the coordination of resources related to the ongoing reorganization effort;

(e)     assistance in the preparation of financial information for distribution to creditors and others, including, but not limited to, cash flow projections and budgets, cash receipts and disbursement analysis, analysis of various asset and liability accounts, and analysis of proposed transactions for which Court approval is sought;

(f)     attendance at meetings and assistance in discussions with potential investors, banks, and other secured lenders, any official committee(s) appointed in these chapter 11 cases, the United States Trustee, other parties in interest and professionals hired by same, as requested;

(g)     analysis of creditor claims by type, entity, and individual claim, including assistance with development of databases, as necessary, to track such claims;

(h)     assistance in the preparation of information and analysis necessary for the confirmation of a plan of reorganization in these chapter 11 cases, including information contained in the disclosure statement;

(i)     assistance in the evaluation and analysis of avoidance actions, including fraudulent conveyances and preferential transfers;

6

(j) assistance in the analysis / preparation of information necessary to assess the tax attributes related to the confirmation of a plan of reorganization in these Chapter 11 Cases, including the development of the related tax consequences contained in the disclosure statement;

(k) advisory services with respect to accounting and tax matters, along with expert witness testimony on case related issues as required by the Debtors;

(l) Assist management in identifying potential additional opportunities to reduce costs and implementing its cost reduction and operational improvement initiatives; and

(m) rendering such other general business consulting or such other assistance as Debtors' management or counsel may deem necessary consistent with the role of a financial advisor to the extent that it would not be duplicative of services provided by other professionals in this proceeding.

### **A&M's Disinterestedness**

14. To the best of the Debtors' knowledge, information, and belief, other than as set forth in the Declaration of Marc Liebman (the "Liebman Declaration"), annexed hereto as **Exhibit A**, A&M: (i) has no connection with the Debtors, their creditors, other parties in interest, or the attorneys or accountants of any of the foregoing, or United States Trustee for the Southern District of Texas (the "U.S. Trustee") or any person employed by the U.S. Trustee; (ii) does not hold any interest adverse to the Debtors' estates; and (iii) believes it is a "disinterested person" as defined by section 101(14) of the Bankruptcy Code.

15. Accordingly, the Debtors believe that A&M is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code.

16. In addition, as set forth in the Liebman Declaration, if any new material facts or relationships are discovered or arise, A&M will provide the Court with a supplemental declaration.

**Terms of Retention**

17.     Subject to approval by the Court, the Debtors propose to employ and retain A&M to serve as the Debtors' financial advisors on the terms and conditions set forth in the Engagement Letter.

18.     In accordance with the terms of the Engagement Letter, A&M will be paid by the Company for the services of the A&M Professionals at their customary hourly billing rates which shall be subject to the following ranges:

| Restructuring | |
|---|---|
| Managing Director | $900-1,150 |
| Director | $700-875 |
| Analyst/Associate | $400-675 |
| Case Management | |
| Managing Director | $850-1,000 |
| Director | $675-825 |
| Analyst/Associate | $400-625 |

19.     Such rates and ranges shall be subject to adjustment annually at such time as A&M adjusts its rates generally.

20.     In addition, A&M will be reimbursed for the reasonable out-of-pocket expenses of the A&M Professionals incurred in connection with this assignment, such as travel, lodging, third

25624590v.1 002715/00003

party duplications, messenger and telephone charges.  In addition, A&M shall be reimbursed for the reasonable fees and expenses of its counsel incurred in connection with the preparation and approval of this Application.  All fees and expenses due to A&M will be billed billed in accordance with any interim compensation orders entered by this Court, and the relevant sections of the Bankruptcy Code, Bankruptcy Rules and local rules of this Court.

21.    As a material part of the consideration for which the A&M Professionals have agreed to provide the services described herein, the Debtors have agreed to the indemnification provisions in paragraph 10 of the Engagement Letter.

**Fees**

22.    The Debtors understand that A&M intends to apply to the Court for allowance of compensation and reimbursement of expenses for its financial advisory services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding Local Rules, orders of this Court and guidelines established by the U.S. Trustee.

23.    A&M received $500,000 as a retainer in connection with preparing for and conducting the filing of these Chapter 11 cases, as described in the engagement Letter.  In the 90 days prior to the Petition Date, A&M received retainers and payments totaling $1,781,142.50 in the aggregate for services performed for the Debtors.  A&M has applied these funds to amounts due for services rendered and expenses incurred prior to the Petition Date. A precise disclosure of the amounts or credits held, if any, as of the Petition Date will be provided in A&M's first interim fee application for postpetition services and expenses to be rendered or incurred for or on behalf of the Debtors.  The unapplied residual retainer, which is estimated to total approximately $500,000, will not be segregated by A&M in a separate account, and will be held until the end of these Chapter 11 cases and applied to A&M's finally approved fees in these proceedings.

25624590v.1 002715/00003

24.     Given the numerous issues that the A&M may be required to address in the performance of their services, A&M's commitment to the variable level of time and effort necessary to address all such issues as they arise, and the market prices for such services for engagements of this nature in an out-of-court context, as well as in chapter 11, the Debtors submit that the fee arrangements set forth herein are reasonable under the standards set forth in section 328(a) of the Bankruptcy Code.

## **Supporting Authority**

25.     The Debtors submit that the retention of A&M under the terms described herein is appropriate under sections 327(a), 328, and 1107(b) of the Bankruptcy Code.  Section 327(a) of the Bankruptcy Code empowers the trustee, with the Court' s approval, to employ professionals "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."  11 U.S.C. § 327(a).  Section 101(14) of the Bankruptcy Code defines a "disinterested person" as a person that:

a.      is not a creditor, an equity security holder, or an insider;

b.      is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

c.      does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

26.     Further, section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the

case." 11 U.S.C. § 1107(b). A&M's prepetition relationship with Debtors is therefore not an impediment to A&M's retention as Debtors' postpetition financial advisor.

27.    Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including on a retainer . . . ." 11 U.S.C. § 328(a). Debtors submit that the terms and conditions of A&M's retention as described herein, including the proposed compensation and indemnification terms, are reasonable and in keeping with the terms and conditions typical for engagements of this size and character. Since Debtors will require substantial assistance with the reorganization process, it is reasonable for Debtors to seek to employ and retain A&M to serve as its financial advisor on the terms and conditions set forth herein.

**<u>Reservation of Rights</u>**

28.    Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this motion or any order granting the relief requested by this motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a

concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

### Notice

29.     The Debtors will provide notice of this motion to the following parties or their counsel:  (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the administrative agent under the Debtors' prepetition revolving credit facility; (d) the lenders under the Debtors' prepetition revolving credit facility; (e) the indenture trustee for the Debtors' unsecured notes; (f) the ad hoc group of senior noteholders; (g) the Committee; (h) the United States Attorney's Office for the Southern District of Texas; (i) the Internal Revenue Service; (j) the United States Securities and Exchange Commission; (k) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (l) the state attorneys general for states in which the Debtors conduct business; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

30.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and granting such other relief as is just and proper.

Dated:  April 16, 2020
        Houston, Texas

*/s/ Correne Loeffler*
Correne Loeffler
Chief Financial Officer
Whiting Petroleum Corporation

13

### **Certificate of Service**

I certify that on April 16, 2020 I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh

**<u>EXHIBIT A</u>**

**Liebman Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| WHITING PETROLEUM CORPORATION, *et al.*,[1] | ) Case No. 20-32021 (DRJ) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Re: Docket No. __** |

**DECLARATION OF MARC LIEBMAN IN**
**SUPPORT OF DEBTORS' APPLICATION TO**
**EMPLOY AND RETAIN ALVAREZ & MARSAL NORTH AMERICA,**
**LLC AS RESTRUCTURING ADVISORS PURSUANT TO SECTIONS**
**327(A) AND 328 OF THE BANKRUPTCY CODE EFFECTIVE AS OF APRIL 1, 2020**

I, Marc Liebman, being duly sworn, hereby states as follows:

1.    I am a Managing Director with Alvarez & Marsal North America, LLC (together with employees of its affiliates (all of which are wholly-owned by its parent company and employees), its wholly owned subsidiaries, and independent contractors, "A&M"), a restructuring advisory services firm with numerous offices throughout the country.  I submit this declaration on behalf of A&M in support of the *Debtors' Application to Employ and Retain Alvarez & Marsal North America, LLC as Restructuring Advisors to Debtors And Debtors in Possession Pursuant to Sections 327(a) and 328 of the Bankruptcy Code Effective as of April 1, 2020* (the "Application") on the terms and conditions set forth in the Application and the engagement letter between Debtors

---

1    The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are:  Whiting Canadian Holding Company Unlimited Liability Corporation (3662); Whiting Petroleum Corporation (8515); Whiting US Holding Company (2900); Whiting Oil and Gas Corporation (8829); and Whiting Resources Corporation (1218). The location of the debtors' service address is: 1700 Lincoln Street, Suite 4700, Denver, Colorado 80203.

and A&M attached as <u>Exhibit 1</u> to the application.  Except as otherwise noted,[2] I have personal knowledge of the matters set forth herein.

<u>**Disinterestedness and Eligibility**</u>

2.     A&M together with its professional service provider affiliates (the "<u>Firm</u>") utilize certain procedures ("<u>Firm Procedures</u>") to determine the Firm's relationships, if any, to parties that may have a connection to a client debtor.  In implementing the Firm Procedures, the following actions were taken to identify parties that may have connections to the Debtors, and the Firm's relationship with such parties:

     a.     A&M requested and obtained from the Debtors extensive lists of interested parties and significant creditors (the "<u>Potential Parties in Interest</u>").[3]  The list of Potential Parties in Interest that A&M reviewed is annexed hereto as **<u>Schedule 1</u>**.  The Potential Parties in Interest reviewed include, among others, the Debtors, prepetition lenders, officers, directors, the fifty (50) largest unsecured creditors of the Debtors (on a consolidated basis), significant customers and suppliers, parties holding ownership interests in the Debtors, certain professionals, significant counterparties to material agreements and significant litigation claimants..

     b.     A&M then compared the names of each of the Potential Parties in Interest to the names in its master electronic database of the Firm's current and recent clients (the "<u>Client Database</u>").  The Client Database generally includes the name of each client of the Firm, the name of each party who is or was known to be adverse to the client of the Firm in connection with the matter in which the Firm is representing such client, the name of each party that has, or had, a substantial role with regard to the subject matter of the Firm's retention, and the names of the Firm professionals who are, or were, primarily responsible for matters for such clients.

---

2   Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at A&M and are based on information provided by them.

3   The list of Potential Parties in Interest is expected to be updated during these cases.  A&M continues to review the relationships its attorneys may have with potentially interested parties and to determine whether any relationships other than those set forth herein exist.  As may be necessary, A&M will supplement this declaration if it becomes aware of a relationship that may adversely affect A&M's retention in these cases or discovers additional parties in interest through the filing of statements of financial affairs or statements under Rule 2019. A&M will update this disclosure if it is advised of any trading of claims against or interests in the Debtors that may relate to A&M's retention or otherwise requires such disclosure.

2

      c.     An email was issued to all Firm professionals requesting disclosure of information regarding:  (i) any known personal connections between the respondent and/or the Firm on the one hand, and certain significant Potential Parties in Interest or the Debtors, on the other hand,[4] (ii) any known connections or representation by the respondent and/or the Firm of any of those Potential Parties in Interest in matters relating to the Debtors; and (iii) any other conflict or reason why A&M may be unable to represent the Debtors.

      d.     Known connections between former or recent clients of the Firm and the Potential Parties in Interest were compiled for purposes of preparing this declaration.  These connections are listed in **Schedule 2** annexed hereto.

3.    As a result of the Firm Procedures, I have thus far ascertained that, except as may be set forth herein, upon information and belief, if retained, A&M:

      a.     is not a creditor of the Debtors (including by reason of unpaid fees for prepetition services), an equity security holder of the Debtors (except certain Firm employees may own de minimis amounts representing not more than 0.01% of the equity interests in the related entity, or an "insider" of the Debtors, as that term is defined in section 101(31) of the Bankruptcy Code;

      b.     is not, and has not been, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and

      c.     does not have an interest materially adverse to the interests of the Debtors' estates, or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

4.    As can be expected with respect to any international professional services firm such as A&M, the Firm provides services to many clients with interests in the Debtors' chapter 11 cases.

---

4    In reviewing its records and the relationships of its professionals, A&M did not seek information as to whether any A&M professional or member of his/her immediate family: (a) indirectly owns, through a public mutual fund or through partnerships in which certain A&M professionals have invested but as to which such professionals have no control over or knowledge of investment decisions, securities of the Debtors or any other party in interest; or (b) has engaged in any ordinary course consumer transaction with any party in interest.  If any such relationship does exist, I do not believe it would impact A&M's disinterestedness or otherwise give rise to a finding that A&M holds or represents an interest adverse to the Debtors' estates. It is also noted that in the course of our review it came to A&M's attention that A&M personnel hold de minimis investments, representing not more than 0.01% of the equity interests in the related entity, in various parties in interest, including but not limited to Bank of America, N.A., BP Energy Company, JPMorgan Chase Bank, N.A., and Verizon Business.

To the best of my knowledge, except as indicated below, the Firm's services for such clients do not relate to the Debtors' chapter 11 cases.

5.     In addition to the relationships disclosed on <u>Schedule 2</u>, I note that:

(a)     Prior to the Petition Date, A&M's affiliate, Alvarez & Marsal Valuation Services, LLC, ("<u>A&M VS</u>") provided valuation services to the Debtors pursuant to a separate engagement agreement between the Debtors and A&M VS. A&M, A&M VS and the Debtors have agreed that from and after the Petition Date, during the terms of these chapter 11 cases, such valuation services will be provided by A&M utilizing A&M VS personnel under the terms of the Engagement Letter and not pursuant to such other agreement.

(b)     A&M previously provided financial advisory services to Potential Parties in Interest, Key Energy Services, LLC (completed in March 2020), Parker Drilling Company (completed in 2019) and Global Geophysical Services, Inc. (completed in 2017) in connection with their respective chapter 11 cases.  In those matters, the Debtors are listed as customers. To the best of my knowledge, A&M did not have material dealings with, or directly related to, the Debtors in those engagements.

(c)     A&M's affiliate was engaged to provide pre-litigation consulting and support services to Slawson Exploration in a matter adverse to Whiting Petroleum Corp.  That matter was completed in 2016.

(d)     A&M is engaged as a financial advisor to Potential Party in Interest Legacy Reserves and its affiliates ("<u>Legacy Reserves</u>").  At this time, A&M's role at Legacy Reserves is limited to claims reconciliation and consulting services related to accounting processes.  A&M has an understanding with the Debtors that A&M personnel will recuse themselves from any involvement in disputes or litigation that may arise between the Debtors and Legacy Reserves.

(e)     Weatherford US LP and/or its affiliates ("<u>Weatherford</u>") are listed as vendors on the list of Potential Parties in Interest.  A&M was engaged as a financial advisor to Weatherford in its recent Chapter 11 Case and continues to provide post-emergence services.  The A&M team providing services to the Debtors will recuse itself on issues related to Weatherford's relationship with the Debtors.

(f)     A&M has made certain personnel available to provide financial advisory services to Potential Party in Interest and utility provider Windstream and its affiliated debtors and debtors-in-possession ("<u>Windstream</u>") in connection with Windstream's Chapter 11 bankruptcy cases.  A&M has an understanding with the Debtors that A&M personnel will recuse themselves from any involvement in disputes or litigation that may arise between the Debtors and Windstream.

(g)     A&M has made certain personnel available to provide financial advisory services to Potential Party in Interest Pioneer Energy and its affiliated debtors and debtors-in-possession ("<u>Pioneer</u>") in connection with Pioneer's Chapter 11 bankruptcy cases.  A&M has an

4

understanding with the Debtors that A&M personnel will recuse themselves from any involvement in disputes or litigation that may arise between the Debtors and Pioneer.

(h)     JPMorgan Chase Bank, N.A. ("JPMC") together with certain of its affiliates (collectively, "JPM") and Wells Fargo Bank, National Association ("WFBNA") together with certain of its affiliates (collectively, "Wells Fargo") are Potential Parties in Interest. Under a credit facility (the "Credit Facility") to A&M's parent company Alvarez & Marsal Holdings, LLC ("A&M Holdings"): WFBNA is administrative agent, swingline lender and issuing lender, JPMC is a syndication agent and participating lender and Wells Fargo Securities, LLC and J.P. Morgan Securities LLC are joint lead arrangers and joint book runners. In addition to the receipt of interest in their capacity as a lender under the Credit Facility, Wells Fargo and JPM have received certain customary and negotiated fees and reimbursement of expenses in connection with their roles under the Credit Facility.

(i)     Alvarez & Marsal Inc. ("A&M Inc."), an entity controlled by Bryan Marsal and Antonio Alvarez II, is the majority owner of A&M Holdings. A&M Holdings is the sole owner of A&M. Messer's Marsal and Alvarez comprise the Board of Managers of A&M Holdings and two of the Board of Managers of A&M. Messer's Marsal and Alvarez, together with A&M Inc., indirectly control a significant interest in the general partner of A&M Capital which consists of various funds including A&M Capital Partners, LP (the "A&M Capital Funds"). Also, certain A&M employees have invested in limited partnership interests in the A&M Capital Funds and, indirectly, their general partners and, from time to time, A&M and/or its professional service provider affiliates provide services to A&M Capital. The investments of the A&M Capital Funds are private equity investments in companies (all of whom are unrelated to the Debtors and these chapter 11 cases).

(j)     As set forth on Schedule B, Kirkland & Ellis LLP ("K&E") currently represents A&M and/or its affiliates in matters unrelated to the Debtors and these chapter 11 cases. In addition to Kirkland & Ellis's representations of certain A&M affiliates (including A&M Inc., A&M Capital and the A&M Capital Funds) certain partners or other persons or entities associated with K&E ("K&E Persons") have invested in the A&M Capital Funds. Each K&E Person that has invested in the A&M Capital Funds holds less than one percent of the A&M Capital Funds.

6.     Further, as part of its diverse practice, the Firm appears in numerous cases and proceedings and participates in transactions that involve many different professionals, including attorneys, accountants, and financial consultants, who represent claimants and parties-in-interest in the Debtors' chapter 11 cases. Further, the Firm has performed in the past, and may perform in the future, advisory consulting services for various attorneys and law firms, and has been represented by several attorneys and law firms, some of whom may be involved in these proceedings. Based on our current knowledge of the professionals involved, and to the best of my

5

knowledge, none of these relationships create interests materially adverse to the Debtors in matters upon which A&M is to be employed, and none are in connection with these cases.

7.     To the best of my knowledge, no employee of the Firm is a relative of, or has been connected with the United States Trustee in this district or its employees.

8.     Accordingly, to the best of my knowledge, A&M is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, in that A&M:  (a) is not a creditor, equity security holder, or insider of the Debtors; (b) was not, within two years before the date of filing of the Debtors' chapter 11 petitions, a director, officer, or employee of the Debtors; and (c) does not have an interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders.

9.     If any new material relevant facts or relationships are discovered or arise during the pendency of these chapter 11 cases, A&M will promptly file a supplemental declaration disclosing such new material facts or relationships.

## Compensation

10.     Subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, applicable United States Trustee guidelines, and the Bankruptcy Local Rules, A&M will seek from the Debtors payment for compensation on an hourly basis and reimbursement of actual and necessary expenses incurred by A&M.  A&M's customary hourly rates as charged in bankruptcy and non-bankruptcy matters of this type by the professionals assigned to this engagement are outlined in the Application.  These hourly rates are adjusted annually.

6

11.    To the best of my knowledge, (a) no commitments have been made or received by A&M with respect to compensation or payment in connection with these cases other than in accordance with applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, and (b) A&M has no agreement with any other entity to share with such entity any compensation received by A&M in connection with these chapter 11 cases.

[*Remainder of page intentionally left blank*]

7

12. By reason of the foregoing, I believe A&M is eligible for employment and retention by the Debtors pursuant to sections 327(a) (as modified by sections 1107(b)), 328, 330 and 331 of the Bankruptcy Code and the applicable Bankruptcy Rules and Bankruptcy Local Rules.

Dated:  April 16, 2020                                    Respectfully submitted,

                                                                    /s/ Marc Liebman
                                                                    Marc Liebman
                                                                    Managing Director of Alvarez & Marsal North
                                                                    America, LLC

## Schedule 1

**List of Potential Parties in Interest**

**5% or More Equity Holders**

- Black Rock, Inc.
- Dimensional Fund Advisors LP
- FMR LLC
- Hotchkis and Wiley Capital Management, LLC
- State Street Corporation - SSGA Funds Management, Inc.
- The Vanguard Group

**Bank Lenders**

- ABN AMRO Capital USA LLC
- Bank of America, N.A.
- BOKF, NA d/b/a Bank of Oklahoma
- Branch Banking and Trust Company
- Canadian Imperial Bank of Commerce
- Capital One, National Association
- Citibank, N.A.
- Comercia Bank
- Compass Bank
- Fifth Third Bank
- ING Capital LLC
- JPMorgan Chase Bank, N.A.
- Keybank National Association
- Merrill Lynch Commodities, Inc.
- Regions Bank
- Royal Bank of Canada
- Sumitomo Mitsui Banking Corporation
- SunTrust Bank
- The Bank of Nova Scotia
- U.S. Bank National Association
- Wells Fargo Bank, National Association

**Bankruptcy Judges**

- David R. Jones
- Marvin Isgur

**Bankruptcy Professionals**

- Evercore Inc.
- Jackson Walker LLP
- Kirkland & Ellis, LLP
- Moelis & Company
- Opportune LLP
- Paul, Weiss, Rifkind, Wharton & Garrison LLP
- PJT Partners
- Simpson Thatcher Bartlett
- Stein Advisors, LLC
- Stretto

**Bondholders and Indenture Trustees**

- AllianceBernstein LP
- Allianz Global Investors US LLC
- BlackRock Investment Management
- Capstone Investment Advisors LLC
- Ensign Peak Advisors
- Hudson Bay Capital Management LP
- JP Morgan Asset Management
- Loomis, Sayles & Company LP
- Robeco Institutional Asset Management
- The Bank of New York Mellon Trust Company, N.A.
- Wellington Management Company LLP
- Wells Fargo Securities

**Contract Counterparties**

- BNN WESTERN, LLC
- BP ENERGY COMPANY
- MEADOWLARK MIDSTREAM COMPANY, LLC DBA BEAR TRACKER ENERGY, LLC
- PLAINS PIPELINE, L.P.
- QEP FIELD SERVICES, LLC
- SHELL TRADING (US) COMPANY

TALLGRASS MIDSTREAM, LLC

TALLGRASS OPERATIONS, LLC

TARGA BADLANDS LLC DBA SADDLE BUTTE PIPELINE, LLC

Trailblazer Pipeline Company

UNITED ENERGY TRADING, LLC

**Debtor**

Whiting Canadian Holding Company ULC

Whiting Oil and Gas Corporation

Whiting Petroleum Corporation

Whiting Resources Corporation

Whiting US Holding Company

**Director/Officers**

Bradley J. Holly

Bruce R. DeBoer

Carin S. Knickel

Charles J. Rimer

Correne S. Loeffler

James E. Catlin

Jeffrey S. Stein

Lyne B. Andrich

Michael B. Walen

Michael G. Hutchinson

Michael J. Stevens

Philip E. Doty

Sirikka R. Lohoefener

Thomas L. Aller

Timothy M. Sulser

William (Bill) N. Hahne

**Government Agency**

Bureau of Safety and Environmental Enforcement ("BSEE")

Colorado Department of Revenue

Comptroller of Public Accounts (TX)

Mississippi Department of Revenue

Mississippi State Oil & Gas Board

Montana Department of Revenue

North Dakota Tax Commissioner

Office of Natural Resources Revenue (ONRR)

State of New Mexico Taxation & Revenue Department

State of Wyoming Department of Revenue & Taxation

Utah State Tax Commission

Weld County Oil and Gas Energy Department

Weld County Treasurer

**Insurance**

Ace American Insurance Company (Chubb)

Ascot Placement

Berkley Insurance Company

Endurance American Insurance Company (Sompo)

Federal Insurance Company (Chubb)

Gotham Insurance Company

Great American Insurance Company

Ironshore Specialty Insurance Company

Liberty Mutual Fire Insurance Co. (Liberty Mutual Group)

Old Republic Insurance Company

QBE International Markets

St Paul Fire & Marine Insurance Co. (Travelers)

StarStone Specialty Insurance Company

Syndicate TRV 5000 at Lloyd's

The IMA Financial Group, Inc.

Twin City Fire Insurance Company (Hartford)

U.S. Specialty Insurance Company

Underwriters at Lloyd's London &
Companies

Validus Specialty Insurance on behalf of
Lloyds syndicate 1183

XL Specialty Insurance Company

Zurich American Insurance Company

**Interest Holder**

CHESAPEAKE EXPLORATION LLC

DORCHESTER MINERALS

EQUINOR ENERGY LP

IRISH OIL & GAS

Jonah Energy Holdings LLC

LEGACY RESERVES OPERATING LP

LEGACY RESOURCES INC

NANTASKET PETROLEUM
CORPORATION

POLSON FAMILY MINERAL TRUST

ZAVANNA LLC

**Known Affiliates - JV**

Headlee Gas Plant Tax Partnership

Oklahoma Gas Tax Partnership

Raven Ridge Pipeline Company

Sakakawea Area Spill Response, LLC

Shaw Resources Limited, LLC

Sustainable Water Resources, LLC

Whiting Programs, Inc.

Whiting USA Trust II

**Landlord**

BCSP DENVER PROPERTY LLC

**Litigation**

Apache Louisiana Minerals LLC

Arlen A. Dean, et al.

Bepco, L.P.

Bruce Higgins

CapitalPlus Construction Services, LLC

Chad Chandler

Charles D. Wilkinson

EOG Resources, Inc.

Equinor Texas Onshore Properties, LLC

Garth L. Harmon

Izetta Hopkins

Jamex Marketing, LLC

Jesse Moore

Jolene Burr

Mark Bowen

Maynard Lund

Pioneer Drilling Services, LTD

Robert Finley

Ronald Rabbithead

The City of New Orleans

The Parish of Cameron

Wilbur D. Wilkinson

William A. Blackwell

Windsor Bakken, LLC

XTO Energy, Inc.

**Ordinary Course Professionals**

DELOITTE & TOUCHE LLP

KPMG US LLP

**Significant Competitors**

Abraxas

Bonanza Creek

Denbury

Gulfport Energy

Halcon Resources

Jones Energy

Newfield

Northern Oil & Gas Inc.

Oasis Petroleum

3

Triangle Petroleum Corporation

**Significant Creditor**

Bank of New York Mellon Trust (WHZ)

BLM-Wyoming

BUREAU OF INDIAN AFFAIRS

Chevron USA

CLAUDE HUTCHERSON FAMILY LLC

Colorado OGCC

COLORADO STATE BOARD OF LAND COMMISSIONERS

Computershare, Inc.

Enbridge Pipelines

HUTCHERSON FAMILY LIMITED PARTNERSHIP

Industrial Commission of North Dakota

JPMORGAN CHASE BANK, N.A.

Michigan Dept. of Environmental Quality

Michigan Dept. of Natural Resources

North Dakota Oil and Gas Division

RAILROAD COMMISSION OF TEXAS, OIL & GAS DIV.

RLI INSURANCE COMPANY

Southern Pipe Electric Power Association

State of Colorado

State of Mississippi

STATE OF MONTANA, OIL AND GAS BOARD

State of New Mexico

State of New Mexico Public Lands

State of North Dakota

State of Oklahoma

STATE OF WYOMING, OIL & GAS CONSERVATION COMM.

State of Wyoming, Trust Lands

Trailblazer Pipeline Company LLC

TX Railroad Commission

US/BLM

US/EPA

Weld County, CO

WY Office of State Lands

**Top 30 Creditors**

Atlas Oil Company

Baker Hughes

Black Hawk Energy Services Ltd

BNN Redtail, LLC

Chemoil Corporation

Chevron USA Inc

CS Welding, LLC

CTAP, LLC

Estvold Oilfield Services Inc

Halliburton Energy Services Inc

Jamex Marketing, LLC

Jmac Resources Inc

Key Energy Services LLC

McKenzie Energy Partners LLC

National Oilwell Varco LP

NexTier Completion Solutions, Inc.

Northern Oilfield Services, LLC

Perfx Wireline Services LLC

Pioneer Drilling Services Ltd

Polar Midstream

Purity Oilfield Services LLC

Rusco Operating LLC

Schlumberger Technology Corporation

Summit Midstream

Steel Energy Services, Ltd.

Sun Well Service Inc

Targa Resources Partners LP

The Bank of New York Mellon Trust Company, N.A.

Triangle Electric Inc

**US Trustee**

Barbara Griffin

Christine March

Christy Simmons

Clarissa Waxton

Diane Livingstone

Glenn Otto

Gwen Smith

Hector Duran

Jacqueline Boykin

Linda Motton

Luci Johnson-Davis

Patricia Schmidt

Stephen Statham

**Utilities**

BIG HORN RURAL ELECTRIC

DAKOTA CARRIER NETWORK

HIGH WEST ENERGY INC

LEA COUNTY ELECTRIC COOP INC

LOWER YELLOWSTONE RURAL

LYNTEGAR ELECTRIC COOP INC.

MCKENZIE ELECTRIC
COOPERATIVE

MORGAN COUNTY RURAL
ELECTRIC

MOUNTRAIL-WILLIAMS ELECTRIC

POWDER RIVER ENERGY

ROUGHRIDER ELECTRIC COOP INC

SOUTHERN PINE ELECTRIC POWER

TXU ENERGY

VERIZON WIRELESS

WINDSTREAM CORP

XCEL ENERGY

**Vendor**

ACE IN THE HOLE CONSTRUCTION

ALLY CONSULTING LLC

ALLY EQUIPMENT LLC

ALTITUDE ENERGY PARTNERS LLC

ANDEAVOR FIELD SERVICES LLC

APEX REMINGTON PIPE & SUPPLY

ARCHROCK PARTNERS LP

ARTIS HRA 1700 BROADWAY LP

ATLAS OIL CO

AUTOMATION & ELECTRONICS INC

B.O.S. ROUSTABOUT & BACKHOE

BADLANDS CONSULTING LLC

BADLANDS POWER FUELS LLC

Baker Hughes

BAKERSFIELD PIPE & SUPPLY INC

BALANCED ENERGY OILFIELD

BENZ OIL CO INC

BIG ROY TRUCKING INC

BJ SERVICES LLC

BLACK HAWK ENERGY SERVICES
LTD

BNN NORTH DAKOTA LLC

BNN Redtail, LLC

BOBS OILFIELD SERVICE INC

BOS SOLUTIONS INC

BRAUN TRUCKING INC

BRIDGER ENERGY LLC

BURLINGTON RESOURCES

CALIBER MIDSTREAM PARTNERS
LP

CAMERON SURFACE SYSTEMS

CANARY PRODUCTION SVCS LLC

5

CAPEX OILFIELD SERVICES INC

CAPITAL WELL SERVICES

CASEDHOLE SOLUTIONS

CHEMOIL CORP

CHEVRON USA INC

COIL TUBING PARTNERS LLC

COLDSTREAM ENERGY LLC

COLORADO DEPARTMENT OF REVENUE

COLORADO TUBULARS COMPANY

COLTER ENERGY SERVICES USA INC

CONTINENTAL RESOURCES INC

CORPAC STEEL PRODUCTS CORP

CREEDENCE ENERGY SERVICES LLC

CRESTMARK BANK

CROWELL TRUCKING LLC

CRUZ ENERGY SERVICES LLC

CS WELDING LLC

CUSTOM CHEMICAL SOLUTIONS LLC

CVH TRUCKING

CYPRESS ENERGY PARTNERS

DAKOTA DEADMAN AND ANCHOR

DAN FLADELANDS WELL SERV INC

DEAN R BAUSTE TRUCKING INC

DECCA CONSULTING INC

DNB ENERGY SERVICES

DNOW LP

DOUBLE EE SERVICE INC

E & M SERVICES LLC

EAGLE OILFIELD RENTALS LLC

EARLS ELECTRIC INC

EDI Q2 ALS LLC

ELEMENT FLEET

ELITE LIFT SOLUTIONS LLC

EMPIRE OIL COMPANY

EOG RESOURCES INC

EQUINOR ENERGY LP

ESTVOLD OILFIELD SERVICES INC

EVOLUTION MANAGEMENT INC

EXCEED OILFIELD EQUIPMENT INC

F & D OILFIELD MAINTENANCE INC

FLARE INDUSTRIES LLC

FOLLMAN CONSULTING

FRANZ CONSTRUCTION INC

FREEPORT-MCMORAN OIL & GAS LLC

FRONTLINE CONSULTING LLC

G STYLE TRANSPORT LLC

GO WIRELINE LLC

GOODNIGHT MIDSTREAM

GRANITE PEAK ENERGY SERVICES

GST CASING INC

HALL TRUCKING INC

Halliburton Energy Services Inc

HEAT WAVES HOT OIL SERVICE LLC

HEP HB 3903 LLC

HESS BAKKEN INVESTMENTS II LLC

HESS SERVICES INC

HI-LINE TRUCKING INC

HIGH WEST ENERGY INC

HILAND CRUDE LLC

HOSS RENTALS INC

HUNT OIL COMPANY

IMA OF COLORADO INC

INTEGRITY FACTORING

ION FIELD SERVICES LLC

J & A SERVICES LLC

J CUSTOM ELECTRIC

JAMES OIL WELL SERVICE INC
JMAC RESOURCES INC
JP MORGAN CHASE BANK, N.A.
KEANE FRAC LP
KEY ENERGY SERVICES LLC
KLX ENERGY SERVICES LLC
KRH INC
LEGACY TOOL & RENTAL LLC
LEGEND ENERGY SERVICES LLC
LIQUID CAPITAL EXCHANGE INC
LOCHEND ENERGY SERVICES INC
LOCKEN OILFIELD SERVICE
LOWER YELLOWSTONE RURAL
(LYREC)
LUFKIN INDUSTRIES LLC
LUND OIL INC
M & E TRUCKING LLC
M-I LLC
MBI ENERGY LOGISTICS LLC
MBI ENERGY SERVICES
MCKENZIE ELECTRIC
COOPERATIVE (MEC)
MCKENZIE ENERGY PARTNERS LLC
MERITAIN HEALTH INC
MONTANA DEPT OF REVENUE
MOUNTRAIL-WILLIAMS ELECTRIC
MULTI-CHEM GROUP LLC
NALCO CHAMPION
NATIONAL OILWELL VARCO LP
ND ENERGY SERVICES
NESET CONSULTING SERVICE INC
NETJETS AVIATION INC
NEWFIELD PRODUCTION COMPANY
NINE POINT ENERGY LLC
NOBLE CASING INC
NOBLE ENERGY WYCO LLC

Norris Production Solutions
NORTH DAKOTA STATE
NORTH DAKOTA TAX
COMMISSIONER
NORTHERN OILFIELD SERVICES
LLC
NORTHERN STATES FISHING TOOL
NOVA ENERGY LLC
NOVA OILFIELD SERVICES INC
OASIS PETROLEUM NA LLC
OFFICE OF NATURAL RESOURCES
OIL STATES ENERGY SERVICES LLC
(OSES)
OUTLAW WELL SERVICE INC
PASON SYSTEMS USA CORP
PATRIOT WELL SOLUTIONS LLC
PATTERSON UTI DRILLING CO LP
PERFX WIRELINE SERVICES LLC
PETROLEUM EXPERIENCE INC
PILOT THOMAS LOGISTICS LLC
PIONEER DRILLING SERVICES LTD
PIONEER WELL SERVICES LLC
PLAINS PIPELINE LP
POLAR MIDSTREAM
POWER SERVICE INC
POWER SOLUTIONS LLC
PREMIER PIPE LLC
PURITY OILFIELD SERVICES LLC
QUESTOR SOLUTIONS &
TECHNOLOGY
RIMROCK OIL & GAS WILLISTON
RIVIERA FINANCE
RIVIERA FINANCE OF TEXAS INC
ROLFSON OIL LLC
ROSEMOUNT INC
ROUGHRIDER ELECTRIC COOP INC
SAVANNA WELL SERVICING CORP

SCHLEGEL TRUCKING LLC

SCHLUMBERGER TECHNOLOGY

Schlumberger Technology Corporation

SECURE ENERGY SERVICES USA LLC

SENTRY CRANE SERVICES

SINCLAIR OIL & GAS CO

SIVALLS INC

SLAWSON EXPLORATION CO INC

STEFFES SOLUTIONS LLC

STICKMAN INC

SUN WELL SERVICE INC

SUND MANUFACTURING CO INC

SUPER HEATERS OF NORTH DAKOTA

TALLGRASS MIDSTREAM LLC

TALLY CONSTRUCTION LLC

TARGA RESOURCES PARTNERS LP

TCI BUSINESS CAPITAL

THE BANK OF NEW YORK MELLON

TIGER WELL SERVICE LLP

TIM W OLSON CONSTRUCTION INC

TOTAL DIRECTIONAL SVCS LLC

TRENCHLINE ENERGY SERVICES

TRIANGLE ELECTRIC INC

TROTTER CONSTRUCTION INC

TRUENORTH STEEL

UNIT DRILLING COMPANY

UNITED VISION LOGISTICS

US WATER SERVICES

USA COMPRESSION PARTNERS LP (USAC)

WEATHERFORD ARTIFICIAL LIFT

WEATHERFORD US LP

WELD COUNTY GOVERNMENT

WELLPRO INC

WESCO DISTRIBUTION INC

WEST DAKOTA WATER LLC

WEST RIVER PUMPS INC

WILDCAT TRUCKING LLC

WILLIAMS COUNTY ABSTRACT

WINN-MARION-BARBER LLC

WISCO INC

WOLLA TRUCKING LLC

YOUNGQUIST BROTHERS OIL & GAS

YSTAAS ELECTRICAL SERVICE LLC (aka - YES LLC)

ZAVANNA LLC

## Schedule 2

**Potential Connections or Related Parties**

**Whiting Petroleum Corporation**

**Current and Former Clients of A&M and/or its Affiliates** [1]

ABN AMRO Capital USA LLC
Ace American Insurance Company (Chubb)
AllianceBernstein LP
Allianz Global Investors US LLC
Baker Hughes
Bakken HBT II LP
Bank of America, N.A.
Bank of New York Mellon Trust Company
Bank of Nova Scotia
BJ Services LLC
Black Rock, Inc.
BOKF, NA dba Bank of Oklahoma
Bonanza Creek
BP Energy Company
Branch Banking & Trust Company
Canadian Imperial Bank of Commerce
Capitol One, National Association
Chemoil Corp.
Chesapeake Exploration LLC
Chevron
Citibank, N.A.
Compass Bank
Computershare, Inc.
Continental Resources Inc.
Crestmark Bank
Deloitte & Touche LLP
Denbury
DNOW LP
EOG Resources Inc.
Equinor Texas Onshore Properties, LLC
Evercore Inc.
Federal Insurance Company
Fifth Third Bank
FMR LLC
Freeport-McMoran Oil & Gas LLC
Goodnight Midstream
Halcon Resources

Halliburton Energy Services Inc.
Hess Bakken Investments II LLC
Hudson Bay Capital Management LP
IMA Financial Group, Inc.
ING Capital LLC
Jonah Energy Holdings LLC
Jones Energy
JPMorgan Chase Bank, N.A.
Keane Frac LP
Key Energy Services LLC
KLX Energy Services LLC
KPMG US LLP
Legacy Reserves Operating Co.
Liberty Mutual Fire Insurance Co.
Liquid Capital Exchange Inc.
M-I LLC
McKenzie Energy Partners LLC
Mississippi State Oil & Gas Board
Montana Department of Revenue
Moelis & Company
NALCO Champion
National Oilwell Varco LP
Newfield Production Company
NexTier Completion Solutions, Inc.
Noble Energy Wyco LLC
Norris Production Solutions
Old Republic Insurance Company
Patterson UTI Drilling Co. LP
Pioneer Drilling Services, Ltd.
Plains Pipeline LP
Premier Pipe LLC
QBE International Markets
QEP Field Services, LLC
Regions Bank
Riviera Finance
RLI Insurance Company
Royal Bank of Canada
Schlumberger Technology Corporation
Shell Trading (US) Company
Slawson Exploration Co. Inc.
St. Paul Fire & Marine Insurance (Travelers)
State of Colorado
State of Mississippi
State of New Mexico
State of Oklahoma
State Street Corporation-SSGA Funds
        Management, Inc.

---

[1] A&M and/ or an affiliate is currently providing or has previously provided certain consulting or interim management services to these parties or their affiliates (or, with respect to those parties that are investment funds or trusts, to their portfolio or asset managers or their affiliates) in wholly unrelated matters.

**Whiting Petroleum Corporation**

Sumitomo Mitsui Banking Corporation
Summit Midstream
SunTrust Bank
Targa Resources Partners LP
TXU Energy
Underwriters at Lloyd's London & Cos.
U.S. Bank National Association
U.S./EPA
U.S. Specialty Insurance Company
US Water Services
USA Compression Partners LP
Validus Specialty Insurance
Vanguard Group
Verizon Business
Weatherford Artificial Lift
Wells Fargo Bank, National Association
Windstream
Xcel Energy
XL Specialty Insurance Company
Zavanna LLC
Zurich American Insurance Company

**Significant Equity Holders of Current and Former A&M Clients**[2]
ABN AMRO Capital USA LLC
AllianceBernstein LP
Allianz Global Investors US LLC
Baker Hughes
Bank of America, N.A.
Bank of New York Mellon Trust Company
Bank of Nova Scotia
BP Energy Company
Branch Banking & Trust Company
Canadian Imperial Bank of Commerce
Capstone Investment Advisors LLC
Chevron
Citibank, N.A.
Computershare, Inc.
Dimensional Fund Advisors LP
Dorchester Minerals

Element Fleet
Endurance American Insurance Company
Equinor Texas Onshore Properties, LLC
Evercore Inc.
FMR LLC
Fifth Third Bank
Halliburton Energy Services Inc.
Hotchkis & Wiley Capital Management
Hudson Bay Capital Management LP
ING Capital LLC
JPMorgan Chase Bank, N.A.
Keybank National Association
Liberty Mutual Fire Insurance Co.
Loomis, Sayles & Company LP
Moelis & Company
National Oilwell Varco LP
Norris Production Solutions
QBE International Markets
Robeco Institutional Asset Management
Royal Bank of Canada
Schlumberger Technology Corporation
Shell Trading (US) Company
State Street Corporation-SSGA Funds
      Management, Inc.
Sumitomo Mitsui Banking Corporation
U.S. Bank National Association
Vanguard Group
Verizon Business
Wellington Management Company LLP
Wells Fargo Bank, National Association
XL Specialty Insurance Company
Zurich American Insurance Company

**Creditors/Noteholders in A&M Engagements**[3]
ABN AMRO Capital USA LLC

---

[2] These parties or their affiliates (or, with respect to those parties that are investment funds or trusts, their portfolio or asset managers or other funds or trusts managed by such managers) are significant equity holders of clients or former clients of A&M or its affiliates in wholly unrelated matters.

[3] A&M is currently advising or has previously advised these parties or their affiliates (or, with respect to those parties that are investment funds or trusts, their portfolio or asset managers or other funds managed by such managers) as noteholders or creditors or various creditors' or noteholders' committees in which these parties or their affiliates were members or which represented the interests of these parties or their affiliates.

**Whiting Petroleum Corporation**

AllianceBernstein LP
Bank of America, N.A.
Bank of New York Mellon Trust Company
Bank of Nova Scotia
BJ Services LLC
Black Rock, Inc.
Canadian Imperial Bank of Commerce
Capitol One, National Association
Citibank, N.A.
Element Fleet Management
Fifth Third Bank
ING Capital LLC
JPMorgan Chase Bank, N.A.
Keybank National Association
Rimrock Oil & Gas Williston
Rosemount Inc.
Royal Bank of Canada
State Street Corporation-SSGA Funds
        Management, Inc.
Sumitomo Mitsui Banking Corporation
SunTrust Bank
U.S. Bank National Association
Vanguard Group
Weatherford Artificial Lift
Wells Fargo Bank, National Association
Windstream Corp.
XTO Energy, Inc.

**Professionals & Advisors**[4]
Deloitte & Touche LLP
Evercore Inc.
Jackson Walker LLP
Kirkland & Ellis, LLP
KPMG US LLP
Moelis & Company
Opportune LLP
Paul Weiss Rifkind Wharton & Garrison
PJT Partners
Simpson Thatcher Bartlett

Stein Advisors, LLC

**Significant Joint Venture Partners**[5]
Bank of America, N.A.
Chesapeake Exploration LLC
Citibank, N.A.
JPMorgan Chase Bank, N.A.
Shell Trading (US) Company
Sumitomo Mitsui Banking Corporation
Wells Fargo Bank, National Association

**Board Members**[6]
Hutchinson, Michael G.
Stein, Jeffrey S.

**A&M Vendors**[7]
Ace American Insurance Company (Chubb)
Bank of New York Mellon Trust Company
Berkley Insurance Company
Citibank, N.A.
Deloitte & Touche LLP
Endurance American Insurance Company
FMR LLC
ING Capital LLC
JPMorgan Chase Bank, N.A.
KPMG US LLP
Paul Weiss Rifkind Wharton & Garrison
Premier Pipe LLC
Royal Bank of Canada
St. Paul Fire & Marine Insurance (Travelers)
U.S. Bank National Association
Underwriters at Lloyd's London & Cos.
Validus Specialty Insurance

---

[4] These professionals have represented clients in matters where A&M was also an advisor (or provided interim management services) to the same client. In certain cases, these professionals may have engaged A&M on behalf of such client.

[5] These parties or their affiliates are significant joint venture partners of other clients or former clients of A&M or its affiliates in wholly unrelated matters.

[6] These parties or their affiliates are board members of other clients or former clients of A&M or their affiliates in wholly unrelated matters.

[7] These parties or their affiliates provide or have provided products, goods and/or services (including but not limited to legal representation) to A&M and/or its affiliates

**Whiting Petroleum Corporation**

Verizon Business
Wells Fargo Bank, National Association
XL Specialty Insurance Company