**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | )   Chapter 11 |
| | ) |
| WHITING PETROLEUM CORPORATION, *et al.*,[1] | )   Case No. 20-32021 (DRJ) |
| | ) |
| Debtors. | )   (Jointly Administered) |
| | ) |

**NOTICE OF PLAN SUPPLEMENT FOR THE JOINT CHAPTER 11 PLAN OF
WHITING PETROLEUM CORPORATION AND ITS DEBTOR AFFILIATES**

**PLEASE TAKE NOTICE THAT** the debtors and debtors in possession (collectively, the "Debtors") hereby file the Plan Supplement (the "Plan Supplement"),[2] which includes the following documents:

**TABLE OF CONTENTS**

| **Exhibit** | **Description** |
|---|---|
| A | New Organizational Documents |
| B | Exit Facility Revolving Loan Commitment Letter |
| C | Exit Facility Term Loan Term Sheet |
| D | Schedule of Retained Causes of Action |
| E | Members of the Reorganized Whiting Parent Board |
| F | Schedule of Assumed Executory Contracts and Unexpired Leases |
| G | Schedule of Rejected Executory Contracts and Unexpired Leases |
| H | Restructuring Transactions Exhibit |

---

[1]   The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are:  Whiting Canadian Holding Company Unlimited Liability Corporation (3662); Whiting Petroleum Corporation (8515); Whiting US Holding Company (2900); Whiting Oil and Gas Corporation (8829); and Whiting Resources Corporation (1218). The location of the debtors' service address is: 1700 Lincoln Street, Suite 4700, Denver, Colorado 80203.

[2]   The documents contained in the Plan Supplement may be substantially revised, and these documents are not binding until final terms and conditions of the documents have been agreed to, and the parties expressly reserve all rights to amend, modify or revise these documents in accordance with the terms of the Restructuring Support Agreement.

I   New Warrants-A Agreement

J   New Warrants-B Agreement

K   Management Incentive Plan

Houston, Texas
July 18, 2020

Respectfully Submitted,

/s/  *Matthew D. Cavenaugh*
_____

**JACKSON WALKER L.L.P.**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
Veronica A. Polnick (TX Bar No. 24079148)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:      (713) 752-4200
Facsimile:      (713) 752-4221
Email:          mcavenaugh@jw.com
                jwertz@jw.com
                vpolnick@jw.com

*Co-Counsel to the Debtors*
*and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Brian Schartz, P.C. (TX Bar No. 24099361)
Anna Rotman, P.C. (TX Bar No. 24046761)
609 Main Street
Houston, Texas 77002
Telephone:      (713) 836-3600
Facsimile:      (713) 836-3601
Email:          brian.schartz@kirkland.com
                anna.rotman@kirkland.com

-and-

Gregory F. Pesce (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          gregory.pesce@kirkland.com

-and-

Stephen Hessler, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:       stephen.hessler@kirkland.com

*Co-Counsel for the Debtors and Debtors in Possession*

**Certificate of Service**

I certify that on July 18, 2020, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Matthew D. Cavenaugh*
Matthew D. Cavenaugh

**<u>Exhibit A</u>**

**New Organizational Documents**

AMENDED AND RESTATED

CERTIFICATE OF INCORPORATION

OF

WHITING PETROLEUM CORPORATION

Pursuant to Sections 242, 245 and 303 of the
Delaware General Corporation Law

Whiting Petroleum Corporation, (the "Corporation"), a corporation organized and existing under the General Corporation Law of the State of Delaware (the "DGCL"), does hereby certify as follows:

(1)     The name of the Corporation is Whiting Petroleum Corporation. The Corporation was originally incorporated under the name Whiting Petroleum Holdings, Inc. The original certificate of incorporation of the Corporation was filed with the office of the Secretary of State of the State of Delaware on the 18th day of July, 2003 (the "Original Certificate").

(2)     The Original Certificate was subsequently restated by the filing of the Restated Certificate of Incorporation with the office of the Secretary of State of the State of Delaware on November 8, 2017 (as restated, the "Existing Certificate").

(3)     This Amended and Restated Certificate of Incorporation (this "Certificate"), which amends and restates in their entirety the provisions of the Existing Certificate, was duly adopted, without the need for approval by the Board of Directors of the Corporation or the stockholders of the Corporation, in accordance with Sections 242, 245 and 303 of the DGCL and in accordance with that certain Joint Chapter 11 Plan of Reorganization of Whiting Petroleum Corporation and its debtor affiliates approved by order of the United States Bankruptcy Court for the Southern District of Texas in *In re: Whiting Petroleum Corporation, et al.*, Case No. 20-32021, under Chapter 11 of the United States Bankruptcy Code (11 U.S.C. §§ 101- 1330), as amended.

(4)     The text of the Existing Certificate is hereby amended and restated in its entirety to read as follows:

FIRST:        Name. The name of the Corporation is Whiting Petroleum Corporation (the "Corporation").

SECOND:     Agent for Service. The address of the registered office of the Corporation in the State of Delaware shall be at 1209 Orange Street, City of Wilmington, County of New Castle; and the name of its registered agent at such address shall be Corporation Trust Company.

THIRD:        Purpose. The purpose of the Corporation is to engage in any lawful act or activity for which a corporation may be organized under the DGCL.

FOURTH:     Capital Stock.

(a)     Authorized Capital Stock. The total number of shares of stock which the Corporation shall have authority to issue is [●] shares of capital stock, consisting of (i) [●] shares of common stock, each having a par value of $0.001 per share, (the "Common Stock"), and (ii) [●] shares of preferred stock, each having a par value of $0.001 per share (the "Preferred Stock").

(b)     Common Stock. The powers, preferences and rights, and the qualifications, limitations and restrictions, of each class of the Common Stock are as follows:

(1)     No Cumulative Voting. The holders of shares of Common Stock shall not have cumulative voting rights.

(2)     Dividends; Stock Splits. Subject to the rights of the holders of Preferred Stock, and subject to any other provisions of this Certificate, as it may be amended from time to time, holders of shares of Common Stock shall be entitled to receive such dividends and other distributions in cash, stock or property of the Corporation when, as and if declared thereon by the Board of Directors of the Corporation (the "Board of Directors") from time to time out of assets or funds of the Corporation legally available therefor.

(3)     Liquidation, Dissolution, etc. In the event of any liquidation, dissolution or winding up (either voluntary or involuntary) of the Corporation, the holders of shares of Common Stock shall be entitled to receive the assets and funds of the Corporation available for distribution after payments to creditors and to the holders of any Preferred Stock of the Corporation that may at the time be outstanding, in proportion to the number of shares held by them, respectively.

(4)     Merger, etc. In the event of a merger or consolidation of the Corporation with or into another entity (whether or not the Corporation is the surviving entity), the holders of each share of Common Stock shall be entitled to receive the same per share consideration on a per share basis.

(5)     No Preemptive or Subscription Rights. No holder of shares of Common Stock shall be entitled to preemptive or subscription rights.

(c)     Preferred Stock. The Board of Directors is hereby expressly authorized to provide for the issuance of all or any shares of the Preferred Stock in one or more classes or series, and to fix for each such class or series such voting powers, full or limited, or no voting powers, and such designations, preferences and relative, participating, optional or other special rights and such qualifications, limitations or restrictions thereof, as shall be stated and expressed in the resolution or resolutions adopted by the Board of Directors providing for the issuance of such class or series, including, without limitation, the authority to provide that any such class or series may be (i) subject to redemption at such time or times and at such price or prices; (ii) entitled to receive dividends (which may be cumulative or non-cumulative) at such rates (which may be fixed or variable), on such conditions, and at such times, and payable in preference to, or in such relation to, the dividends payable on any other class or classes or any other series; (iii) entitled to such rights upon the dissolution of, or upon any distribution of the assets of, the Corporation; or (iv) convertible into, or exchangeable for, shares of any other class or classes of stock, or of any other series of the same or any other class or classes of stock, of the Corporation at such price or prices

2

or at such rates of exchange and with such adjustments; all as may be stated in such resolution or resolutions.

(d)     <u>Non-Voting Equity</u>. The Corporation shall not issue nonvoting equity securities to the extent prohibited by Section 1123(a)(6) of the Bankruptcy Code; provided, however, that the foregoing restriction shall (i) have no further force and effect beyond that required under Section 1123(a)(6) of the Bankruptcy Code, (ii) only have such force and effect for so long as Section 1123(a)(6) of the Bankruptcy Code is in effect and applicable to the Corporation and (iii) in all events may be amended or eliminated in accordance with applicable law as from time to time may be in effect.

(e)     <u>Power to Sell and Purchase Shares</u>. Subject to the requirements of applicable law, the Corporation shall have the power to issue and sell all or any part of any shares of any class of stock herein or hereafter authorized to such persons, and for such consideration, as the Board of Directors shall from time to time, in its discretion, determine, whether or not greater consideration could be received upon the issue or sale of the same number of shares of another class, and as otherwise permitted by law. Subject to the requirements of applicable law, the Corporation shall have the power to purchase any shares of any class of stock herein or hereafter authorized from such persons, and for such consideration, as the Board of Directors shall from time to time, in its discretion, determine, whether or not less consideration could be paid upon the purchase of the same number of shares of another class, and as otherwise permitted by law.

FIFTH:     <u>Directors</u>. The following provisions are inserted for the management of the business and the conduct of the affairs of the Corporation, and for further definition, limitation and regulation of the powers of the Corporation and of its directors and stockholders:

(a)     <u>Business and Affairs of the Corporation</u>. The business and affairs of the Corporation shall be managed by or under the direction of the Board of Directors.

(b)     <u>Number of Directors</u>. The number of directors of the Corporation shall be as from time to time fixed by, or in the manner provided in, the by-laws of the Corporation (as in effect from time to time, the "By-Laws").

(c)     <u>Term</u>. The directors shall consist of a single class, with the initial term of office to expire at the 2021 annual meeting of stockholders, which shall be held no later than [●], 2021, and each director shall hold office until his or her successor shall be duly elected and qualified, subject, however, to prior death, resignation, retirement, disqualification or removal from office. At each annual meeting of stockholders, directors elected to succeed those directors whose terms then expire shall be elected for a term of office to expire at the next succeeding annual meeting of stockholders after their election, with each director to hold office until his or her successor shall be duly elected and qualified, subject, however, to prior death, resignation, retirement, disqualification or removal from office.

(d)     <u>Vacancies; Removal</u>. Subject to the rights of the holders of Preferred Stock, any vacancy on the Board of Directors that results from an increase in the number of directors and any other vacancy occurring on the Board of Directors may be filled only by a majority of the Board of Directors then in office, even if less than a quorum, or by a sole remaining director. Any

3

director elected to fill a vacancy shall hold office until the next annual meeting of the stockholders and until his or her successor shall be duly elected and qualified, or until his or her earlier death, resignation, retirement, disqualification or removal from office. Subject to the rights, if any, of the holders of shares of Preferred Stock then outstanding, any or all of the directors of the Corporation may be removed from office at any time, with or without cause, by the affirmative vote of the holders of at least a majority of the voting power of the Corporation's then outstanding capital stock entitled to vote generally in the election of directors. Notwithstanding the foregoing, whenever the holders of any one or more classes or series of Preferred Stock issued by the Corporation shall have the right, voting separately by class or series, to elect directors at an annual or special meeting of stockholders, the election, term of office, filling of vacancies and other features of such directorships shall be governed by the terms of this Certificate applicable thereto.

(e)      Power of the Directors. In addition to the powers and authority hereinbefore or by statute expressly conferred upon them, the directors are hereby empowered to exercise all such powers and do all such acts and things as may be exercised or done by the Corporation, subject, nevertheless, to the provisions of the DGCL, this Certificate, and the By-Laws; provided, however, that no By-Laws hereafter adopted, nor any alteration or amendment thereto or repeal thereof, shall invalidate any prior act of the directors which would have been valid if such By-Laws had not been adopted, altered, amended or repealed.

SIXTH:      Director Liability. No director shall be personally liable to the Corporation or any of its stockholders for monetary damages for breach of fiduciary duty as a director, except to the extent such exemption from liability or limitation thereof is not permitted under the DGCL as the same exists or may hereafter be amended. If the DGCL is amended hereafter to authorize the further elimination or limitation of the liability of directors, then the liability of a director of the Corporation shall be eliminated or limited to the fullest extent authorized by the DGCL, as so amended. Any repeal or modification of this Article SIXTH shall not adversely affect any right or protection of a director of the Corporation existing at the time of such repeal or modification with respect to acts or omissions occurring prior to such repeal or modification.

SEVENTH:   Indemnification. The Corporation shall indemnify its directors and officers to the fullest extent authorized or permitted by law, as now or hereafter in effect, and such right to indemnification shall continue as to a person who has ceased to be a director or officer of the Corporation and shall inure to the benefit of his or her heirs, executors and personal and legal representatives; provided, however, that, except for proceedings to enforce rights to indemnification, the Corporation shall not be obligated to indemnify any director or officer (or his or her heirs, executors or personal or legal representatives) in connection with a proceeding (or part thereof) initiated by such person unless such proceeding (or part thereof) was authorized or consented to by the Board of Directors. The right to indemnification conferred by this Article SEVENTH shall include the right to be paid by the Corporation the expenses incurred in defending or otherwise participating in any proceeding in advance of its final disposition.

The Corporation may, to the extent authorized from time to time by the Board of Directors, provide rights to indemnification and to the advancement of expenses to employees and agents of the Corporation similar to those conferred in this Article SEVENTH to directors and officers of the Corporation.

4

The rights to indemnification and to the advance of expenses conferred in this Article SEVENTH shall not be exclusive of any other right which any person may have or hereafter acquire under this Certificate, the By-Laws, any statute, agreement, vote of stockholders or disinterested directors or otherwise.

Any repeal or modification of this Article SEVENTH shall not adversely affect any rights to indemnification and to the advancement of expenses of a director or officer of the Corporation existing at the time of such repeal or modification with respect to any acts or omissions occurring prior to such repeal or modification.

EIGHTH:     Special Stockholder Meetings. Unless otherwise required by law, special meetings of stockholders, for any purpose or purposes, may be called only by (a) the Chairman of the Board of Directors, if there be one, (b) the President, (c) a majority of the entire Board of Directors or (d) the Secretary of the Corporation at the written request of a stockholder of record in accordance with the requirements and procedures provided in the By-Laws. At any special meeting of stockholders, only such business shall be conducted or considered as shall have been properly brought before the meeting pursuant to the Corporation's notice of meeting. As used in this Certificate, the term "entire Board of Directors" means the total number of directors which the Corporation would have if there were no vacancies.

NINTH:     No Action by Written Consent. Any action required or permitted to be taken by the stockholders of the Corporation must be effected at a duly called annual or special meeting of stockholders of the Corporation, and the ability of the stockholders to consent in writing to the taking of any action is hereby specifically denied.

TENTH:     Place of Stockholder Meetings and Corporate Books. Meetings of stockholders may be held within or without the State of Delaware, as the By-Laws may provide. The books of the Corporation may be kept (subject to any provision contained in the DGCL) outside the State of Delaware at such place or places as may be designated from time to time by the Board of Directors or in the By-Laws.

ELEVENTH:  Amendment of By-Laws. In furtherance and not in limitation of the powers conferred upon it by the laws of the State of Delaware, the Board of Directors shall have the power to adopt, amend, alter or repeal the By-Laws. The affirmative vote of at least a majority of the entire Board of Directors shall be required to adopt, amend, alter or repeal the By-Laws. The By-Laws also may be adopted, amended, altered or repealed by the affirmative vote of the holders of at least a majority of the voting power of the shares entitled to vote at an election of directors.

TWELFTH:   Amendment of Certificate of Incorporation. The Corporation reserves the right to amend, alter, change or repeal any provision contained in this Certificate in the manner now or hereafter prescribed in this Certificate, the By-Laws or the DGCL, and all rights herein conferred upon stockholders are granted subject to such reservation; provided, however, that, notwithstanding any other provision of this Certificate (and in addition to any other vote that may be required by law), the affirmative vote of the holders of at least a majority of the voting power of the shares entitled to vote at an election of directors shall be required to amend, alter, change or repeal, or to adopt any provisions as part of this Certificate inconsistent with the purpose

5

and intent of Articles FIFTH, SIXTH, EIGHTH, NINTH and ELEVENTH of this Certificate or this Article TWELFTH.

THIRTEENTH:        Severability. If any provision or provisions of this Certificate shall be held to be invalid, illegal or unenforceable as applied to any circumstance for any reason whatsoever: (i) the validity, legality and enforceability of such provisions in any other circumstance and of the remaining provisions of this Certificate (including, without limitation, each portion of any paragraph of this Certificate containing any such provision held to be invalid, illegal or unenforceable that is not itself held to be invalid, illegal or unenforceable) shall not, to the fullest extent permitted by applicable law, in any way be affected or impaired thereby and (ii) to the fullest extent permitted by applicable law, the provisions of this Certificate (including, without limitation, each such portion of any paragraph of this Certificate containing any such provision held to be invalid, illegal or unenforceable) shall be construed so as to permit the Corporation to protect its directors, officers, employees and agents from personal liability in respect of their good faith service to or for the benefit of the Corporation to the fullest extent permitted by law.

FOURTEENTH:        Exclusive Forum.

(a)        Unless the Corporation consents in writing to the selection of an alternative forum, the Court of Chancery of the State of Delaware (or, if and only if the Court of Chancery of the State of Delaware does not have jurisdiction, a state court located within the State of Delaware (or, if no state court located within the State of Delaware has jurisdiction, the federal district court for the District of Delaware)) shall be the sole and exclusive forum for: (i) any derivative action or proceeding brought on behalf of the Corporation; (ii) any action asserting a claim of breach of a fiduciary duty owed by any current or former director or officer or other employee of the Corporation to the Corporation or the Corporation's stockholders, including a claim alleging the aiding and abetting of such a breach of fiduciary duty; (iii) any action asserting a claim against the Corporation or any current or former director or officer or other employee of the Corporation arising pursuant to any provision of the DGCL or this Certificate or the By-Laws (as either may be amended from time to time); (iv) any action asserting a claim related to or involving the Corporation that is governed by the internal affairs doctrine; or (v) any action asserting an "internal corporate claim" as that term is defined in Section 115 of the DGCL. For the avoidance of doubt, this Article FOURTEENTH(a) shall not apply to any action or proceeding asserting a claim under the Securities Act of 1933, as amended (the "Securities Act"), and/or the Securities Exchange Act of 1934, as amended (the "Exchange Act").

(b)        Unless the Corporation consents in writing to the selection of an alternative forum, the federal district courts of the United States of America shall be the exclusive forum for the resolution of any complaint asserting a cause of action arising under the Securities Act.

(c)        To the fullest extent permitted by applicable law, any person or entity purchasing or otherwise acquiring or holding any interest in any security of the Corporation shall be deemed to have notice of and consented to this Article FOURTEENTH.

*   *   *   *   *

6

IN WITNESS WHEREOF, the Corporation has caused this Amended and Restated Certificate of Incorporation to be executed on its behalf this [●] day of [●], 2020.

**WHITING PETROLEUM CORPORATION**

By: _____

Name: Bruce R. DeBoer

Title: Chief Administrative Officer, General Counsel and Secretar

[*Signature Page to Amended and Restated Certificate of Incorporation*]

SECOND AMENDED AND RESTATED
BY-LAWS
OF
WHITING PETROLEUM CORPORATION

ARTICLE I

OFFICES

Section 1.     Registered Office. The registered office of Whiting Petroleum Corporation (the "Corporation") in the State of Delaware shall be located at such place as the board of directors of the Corporation (the "Board of Directors") may from time to time determine or as the business of the Corporation may require. The registered office and/or registered agent of the Corporation may be changed from time to time by action of the Board of Directors.

Section 2.     Other Offices. The Corporation may also have offices at such other places both within and without the State of Delaware as the Board of Directors may from time to time determine or as the business of the Corporation may require.

ARTICLE II

MEETINGS OF STOCKHOLDERS

Section 1.     Place of Meetings. Meetings of the stockholders for the election of directors or for any other purpose shall be held at such time and place, either within or without the State of Delaware as shall be designated from time to time by the Board of Directors. The Board of Directors may, in its sole discretion, determine that a meeting of the stockholders shall not be held at any place, but may instead be held solely by means of remote communication in the manner authorized by the General Corporation Law of the State of Delaware (the "DGCL").

Section 2.     Annual Meetings. The annual meeting of the stockholders (each, an "Annual Meeting") shall be held each year on such date and at such time as shall be designated from time to time by the Board of Directors. At the Annual Meeting, the stockholders shall elect directors of the Corporation and may transact any other proper business brought in accordance with Section 14 of this Article II. Any previously scheduled Annual Meeting may be postponed by resolution of the Board of Directors upon public notice given prior to the date previously scheduled for such Annual Meeting.

Section 3.     Special Meetings.

(a)     Unless otherwise required by law or by the certificate of incorporation of the Corporation, as amended and restated from time to time (the "Certificate of Incorporation"), a special meeting of the stockholders (a "Special Meeting"), for any purpose or purposes, may be called only by (i) the Chairman of the Board, if there be one, (ii) the President, (iii) a majority of the entire Board of Directors or (iv) the Secretary of the Corporation at the written request of a stockholder of record who (x) owns, or is acting on behalf of one or more beneficial owners who own as of the record date fixed in accordance with this Section 3 to determine who may deliver a written request to call such Special Meeting, capital stock representing at least thirty percent (30%)

of all outstanding shares of capital stock of the Corporation entitled to vote generally in the election of directors (the "Special Meeting Request Required Shares"), and (y) have owned the Special Meeting Request Required Shares for at least 365 consecutive days prior to such record date and continue to own the Special Meeting Request Required Shares at all times between such record date and the date of the applicable meeting of the stockholders. For purposes of this Section 3, a record or beneficial owner shall be deemed to "own" shares of capital stock of the Corporation that such record or beneficial owner would be deemed to own in accordance with Section 15(c)(iv) (without giving effect to any reference to Eligible Holder contained therein). Special Meetings (including those called by the Secretary following receipt of a written request or requests from stockholders holding the Special Meeting Request Required Shares in accordance with clause (iv) of the first sentence of this Section 3(a)) shall be held on such date, at such time, and at such place (if any) within or without the State of Delaware as shall be designated by the Board of Directors and stated in the Corporation's notice of the meeting. In the case of a Special Meeting called by the Secretary following receipt of a written request or requests from stockholders holding the Special Meeting Request Required Shares in accordance with clause (iv) of the first sentence of this Section 3(a), the date of such Special Meeting, as fixed by the Board of Directors in accordance with this Section 3(a), shall not be fewer than thirty nor more than one hundred and twenty days after the date a request or requests from stockholders holding the Special Meeting Request Required Shares have been received by the Secretary of the Corporation in accordance with this Section 3 (or, in the case of any litigation related to the validity of the requests for a Special Meeting, one hundred and twenty days after the resolution of such litigation).

(b)     Any record stockholder may, by written notice to the Secretary in accordance with Section 14(c)(v), demand that the Board of Directors fix a record date to determine the record stockholders who are entitled to deliver a written request to call a Special Meeting (such record date, the "Ownership Record Date"). A written demand to fix an Ownership Record Date shall include all of the information set forth in Section 3(d). The Board of Directors may fix the Ownership Record Date within ten days of the Secretary's receipt of a valid demand to fix the Ownership Record Date. The Ownership Record Date shall not precede, and shall not be more than ten days after, the date upon which the resolution fixing the Ownership Record Date is adopted by the Board of Directors. If an Ownership Record Date is not fixed by the Board of Directors within the period set forth above, the Ownership Record Date shall be the date that the first written request to call a Special Meeting in accordance with the requirements of this Section 3(b) is received by the Secretary.

(c)     If a record stockholder is the nominee for more than one beneficial owner of stock, the record stockholder may deliver a written request to call a Special Meeting solely with respect to the capital stock of the Corporation beneficially owned by the beneficial owner who is directing the record stockholder to sign such written request.

(d)     Each written request to call a Special Meeting shall be delivered to the Secretary of the Corporation in accordance with Section 14(c)(v) and shall include the following: (i) the signature of the record stockholder submitting such request and the date such request was signed, (ii) the text of each business proposal desired to be submitted for stockholder approval at the Special Meeting, and (iii) as to the beneficial owner, if any, directing such record stockholder to sign the written request and as to such record stockholder (unless such record stockholder is

2

acting solely as a nominee for a beneficial owner) (each such beneficial owner and each record stockholder who is not acting solely as a nominee, a "Disclosing Party"):

(i)  all of the information required to be disclosed pursuant to Section 14(a) (for proposals of business other than nomination of persons for election to the Board of Directors) and Section 14(b) (for nominations of persons for election to the Board of Directors) (which information shall be supplemented by delivery to the Secretary) by each Disclosing Party, (a) not later than five days after the record date for determining the record stockholders entitled to notice of the Special Meeting (such record date, the "Meeting Record Date"), as of the Meeting Record Date and (b) not later than the fifth day before the Special Meeting, as of the date that is ten days prior to the Special Meeting or any adjournment or postponement thereof;

(ii)  with respect to each business proposal to be submitted for stockholder approval at the Special Meeting, a statement whether any Disclosing Party (a) will deliver a proxy statement and form of proxy to holders of at least the percentage of voting power of all of the outstanding shares of capital stock of the Corporation entitled to vote generally in the election of directors required under applicable law, rule or regulation to carry such proposal and/or (b) otherwise will solicit proxies from stockholders in support of such proposal;

(iii)  any additional information reasonably requested by the Board of Directors.

Each time the Disclosing Party's ownership of outstanding shares of capital stock of the Corporation entitled to vote generally in the election of directors decreases following the delivery of the foregoing information to the Secretary, such Disclosing Party shall notify the Corporation of such decreased ownership position, together with any information reasonably requested by the Board of Directors to verify such position, within five days of such decrease or as of the fifth day before the Special Meeting, whichever is earlier.

(e)  The determination of the validity of a written request to call a Special Meeting shall be made by the Board of Directors, which determination shall be conclusive and binding on the Corporation and the stockholders. Notwithstanding anything to the contrary herein, the Corporation shall not accept, and shall consider ineffective, a written request to call a Special Meeting pursuant to Section 3(a):

(i)  that does not comply with the provisions of this Section 3;

(ii)  that relates to an item of business that is not a proper subject for stockholder action under applicable law, rule or regulation;

(iii)  if such written request is delivered between the time beginning on the sixty first day after the earliest date of signature on a written request to call a Special Meeting, that has been delivered to the Secretary, relating to an identical or substantially similar item (as determined by the Board of Directors, a "Similar Item"), other than the election or removal of directors, and ending on the one year anniversary of such earliest date;

(iv)  if a Similar Item will be submitted for stockholder approval at any stockholder meeting to be held on or before the one hundred and twentieth day after the Secretary

3

receives such written request or if a Similar Item has been presented at any meeting of the stockholders held within one hundred and twenty days prior to receipt by the Secretary of such written request (for purposes of this clause (iv), the election of directors shall be deemed to be a Similar Item with respect to all items of business involving the election or removal of directors, changing the size of the Board of Directors and the filling of vacancies or newly created directorships resulting from any increase in the authorized number of directors); or

(v)     if such written request is delivered between the time beginning on the one hundred and twentieth day prior to the date of the next annual meeting and ending on the date of the next annual meeting.

Except as otherwise provided by law, in the case of a written request to call a Special Meeting, the Chairman of the Board shall have the power and duty (i) to determine whether any business proposed to be brought before the Special Meeting was proposed in accordance with the procedures set forth in this Section 3 and (ii) if any proposed business was not proposed in compliance with this Section 3 or the stated business to be brought before the Special Meeting is not a proper subject for stockholder action under applicable law, to declare that such nomination shall be disregarded or that such proposed business shall not be transacted.

(f)     Revocations.

(i)     A record stockholder who submitted a request to call a Special Meeting may revoke such request to call a Special Meeting at any time before the Special Meeting by sending written notice to the Secretary of the Corporation.

(ii)     All written requests for a Special Meeting shall be deemed revoked:

(A)     upon the first date that, after giving effect to revocation(s) and notices of ownership position decreases, the aggregate capital stock of the Corporation ownership position of all the Disclosing Parties listed on the unrevoked written requests decreases to a number of shares of capital stock of the Corporation less than the Special Meeting Request Required Shares;

(B)     if any Disclosing Party who has provided a statement described in Section 3(d)(ii) does not act in accordance with the representations set forth therein;

(C)     if any Disclosing Party does not provide the supplemental information required by 3(d)(iii) or by the final sentence of Section 3(d); or

(D)     if none of the stockholders who submitted a request to call a Special Meeting, or their qualified representatives, appear at the Special Meeting to present the matters to be presented for consideration that were specified in the request to call such Special Meeting, the Corporation need not present such matters for a vote at such Special Meeting, notwithstanding that proxies in respect of such matter may have been received by the Corporation.

(iii)     If a deemed revocation of all written requests to call a Special Meeting has occurred after the Special Meeting has been called by the Secretary, the Board of Directors shall have the discretion to determine whether to proceed with the Special Meeting.

4

(g)     The Board of Directors may submit its own proposal or proposals for consideration at a Special Meeting called at the request of one or more stockholders.

(h)     At a Special Meeting, only such business shall be conducted as shall be have been properly brought before the meeting pursuant to the Corporation's notice of meeting. To be properly brought before a Special Meeting, proposals of business must be (1) specified in the Corporation's notice of meeting (or any supplement thereto) given by or at the direction of the Board of Directors, (2) otherwise properly brought before the Special Meeting, by or at the direction of the Board of Directors or (3) specified in the Corporation's notice of meeting (or any supplement thereto) given by the Corporation pursuant to a valid stockholder request in accordance with this Section 3, it being understood that business transacted at such Special Meeting shall be limited to the matters stated in such valid stockholder request; provided, that nothing herein shall prohibit the Board of Directors from submitting its own proposal or proposals for consideration at a Special Meeting called at the request of one or more stockholders.

(i)     Nominations of individuals for election to the Board of Directors may be made at a Special Meeting at which directors are to be elected pursuant to the Corporation's notice of meeting (a) by or at the direction of the Board of Directors or (b) provided that the Board of Directors has determined that directors shall be elected at such meeting, by any stockholder of the Corporation who (i) is a stockholder of record at the time of giving of notice of such Special Meeting and at the time of the Special Meeting, (ii) is entitled to vote at the meeting, and (iii) complies with the procedures set forth in these By-laws as to such nomination. Subject to Section 14 of these By-Laws, this Section 3 shall be the exclusive means for a stockholder to make nominations or other business proposals (other than matters properly brought under Rule 14a-8 under the Exchange Act and included in the Corporation's notice of meeting (or any supplement thereto given by or at the direction of the Board of Directors)) before a Special Meeting.

Section 4.     Notice. Whenever stockholders are required or permitted to take any action at a meeting, a written notice of the meeting, shall be given, which notice shall state the place, if any, date and hour of the meeting, the means of remote communications, if any, by which stockholders and proxyholders may be deemed to be present in person and vote at such meeting, and, in the case of a Special Meeting, the purpose or purposes for which the meeting is called. Unless otherwise required by law, the written notice of any meeting shall be given not less than ten nor more than sixty days before the date of the meeting to each stockholder entitled to vote at such meeting. If mailed, such notice shall be deemed to be delivered when deposited in the United States mail with postage thereon prepaid, addressed to the stockholder at such person's address as it appears on the records of the Corporation. Without limiting the manner by which notice otherwise may be given to stockholders, any notice to stockholders may be given by electronic transmission in the manner provided by Section 232 of the DGCL.

Section 5.     Adjournments. Any meeting of the stockholders may be adjourned from time to time to reconvene at the same or some other place, and notice need not be given of any such adjourned meeting if the time and place, if any, thereof and the means of remote communication, if any, by which stockholders and proxyholders may be deemed to be present in person and vote at such adjourned meeting are announced at the meeting at which the adjournment is taken; provided, however, that, if the adjournment is for more than thirty days, or if, after the adjournment, a new record date is fixed for the adjourned meeting, notice of the adjourned meeting

in accordance with the requirements of Section 4 of this Article II shall be given to each stockholder of record entitled to vote at the meeting. At the adjourned meeting, the Corporation may transact any business which might have been transacted at the original meeting. The chairman of any meeting of the stockholders may adjourn the meeting from time to time, whether or not there is a quorum present or represented.

Section 6.      Quorum. Unless otherwise required by applicable law or the Certificate of Incorporation, the holders of a majority of the Corporation's capital stock issued and outstanding and entitled to vote thereat, present in person or represented by proxy, shall constitute a quorum at all meetings of the stockholders for the transaction of business. A quorum, once established, shall not be broken by the withdrawal of enough votes to leave less than a quorum. If, however, such quorum shall not be present or represented at any meeting of the stockholders, the stockholders entitled to vote thereat, present in person or represented by proxy, shall have power to adjourn the meeting from time to time, in the manner provided in Section 5 of this Article II, until a quorum shall be present or represented.

Section 7.      Voting. Unless otherwise required by law, the Certificate of Incorporation or these By-Laws, any question brought before any meeting of the stockholders, other than the election of directors, shall be decided by the affirmative vote of the holders of a majority of the total number of votes of the Corporation's capital stock represented in person or by proxy and entitled to vote thereat, voting as a single class. Notwithstanding the foregoing sentence and subject to the Certificate of Incorporation, all elections of directors shall be determined by a plurality of the votes cast in respect of the shares present in person or represented by proxy at the meeting and entitled to vote on the election of directors. Unless otherwise provided in the Certificate of Incorporation, and subject to Section 10 of this Article II, each stockholder represented in person or by proxy at a meeting of the stockholders shall be entitled to cast one vote for each share of the capital stock entitled to vote thereat held by such stockholder. Such votes may be cast in person or by proxy as provided in Section 8 of this Article II but no proxy shall be voted on or after three years from its date, unless such proxy provides for a longer period. The Board of Directors, in its discretion, or the officer of the Corporation presiding at a meeting of the stockholders, in such officer's discretion, may require that any votes cast at such meeting shall be cast by written ballot.

Section 8.      Proxies. Each stockholder entitled to vote at a meeting of the stockholders may authorize another person or persons to act for such stockholder as proxy, but no such proxy shall be voted upon after three years from its date, unless such proxy provides for a longer period. Without limiting the manner in which a stockholder may authorize another person or persons to act for such stockholder as proxy, the following shall constitute a valid means by which a stockholder may grant such authority:

(a)      A stockholder may execute a writing authorizing another person or persons to act for such stockholder as proxy. Execution may be accomplished by the stockholder or such stockholder's authorized officer, director, employee or agent signing such writing or causing such person's signature to be affixed to such writing by any reasonable means, including, but not limited to, by facsimile signature.

6

(b)      A stockholder may authorize another person or persons to act for such stockholder as proxy by transmitting or authorizing the transmission of a telegram, cablegram or other means of electronic transmission to the person who will be the holder of the proxy or to a proxy solicitation firm, proxy support service organization or like agent duly authorized by the person who will be the holder of the proxy to receive such transmission, provided that any such telegram, cablegram or other means of electronic transmission must either set forth or be submitted with information from which it can be determined that the telegram, cablegram or other electronic transmission was authorized by the stockholder. If it is determined that such telegrams, cablegrams or other electronic transmissions are valid, the inspectors, or if there are no inspectors, such other persons making that determination shall specify the information on which they relied.

Any copy, facsimile telecommunication or other reliable reproduction of the writing or transmission authorizing another person or persons to act as proxy for a stockholder may be substituted or used in lieu of the original writing or transmission for any and all purposes for which the original writing or transmission could be used; provided, however, that such copy, facsimile telecommunication or other reproduction shall be a complete reproduction of the entire original writing or transmission.

Section 9.      List of Stockholders Entitled to Vote. The officer of the Corporation who has charge of the stock ledger of the Corporation shall prepare and make, at least ten days before every meeting of the stockholders, a complete list of the stockholders entitled to vote at the meeting, arranged in alphabetical order, and showing the address of each stockholder and the number of shares registered in the name of each stockholder. Such list shall be open to the examination of any stockholder, for any purpose germane to the meeting, during ordinary business hours, for a period of at least ten days prior to the meeting (a) on a reasonably accessible electronic network, provided that the information required to gain access to such list is provided with the notice of the meeting, or (b) at the principal place of business of the Corporation. In the event that the Corporation determines to make the list available on an electronic network, the Corporation may take reasonable steps to ensure that such information is available only to stockholders of the Corporation. If the meeting is to be held at a place, then the list shall be produced and kept at the time and place of the meeting during the whole time thereof, and may be inspected by any stockholder of the Corporation who is present. If the meeting is to be held solely by means of remote communication then the list shall also be open to the examination of any stockholder during the whole time of the meeting on a reasonably accessible electronic network, and the information required to access such list shall be provided with the notice of the meeting.

Section 10.      Record Date. In order that the Corporation may determine the stockholders entitled to notice of or to vote at any meeting of the stockholders or any adjournment thereof, the Board of Directors may fix a record date, which record date shall not precede the date upon which the resolution fixing the record date is adopted by the Board of Directors, and which record date shall not be more than sixty nor less than ten days before the date of such meeting. If no record date is fixed by the Board of Directors, the record date for determining stockholders entitled to notice of or to vote at a meeting of the stockholders shall be at the close of business on the day next preceding the date on which notice is given, or, if notice is waived, at the close of business on the next preceding the day on which the meeting is held. A determination of stockholders of record entitled to notice of or to vote at a meeting of the stockholders shall apply to any

adjournment of the meeting; provided, however, that the Board of Directors may fix a new record date for the adjourned meeting.

Section 11.  Stock Ledger. The stock ledger of the Corporation shall be the only evidence as to who are the stockholders entitled to examine the stock ledger, the list required by Section 9 of this Article II or the books of the Corporation, or to vote in person or by proxy at any meeting of the stockholders.

Section 12.  Conduct of Meetings. The Board of Directors may adopt by resolution such rules and regulations for the conduct of any meeting of the stockholders as it shall deem appropriate. Except to the extent inconsistent with such rules and regulations as adopted by the Board of Directors, the chairman of any meeting of the stockholders shall have the right and authority to prescribe such rules, regulations and procedures and to do all such acts as, in the judgment of such chairman, are appropriate for the proper conduct of the meeting. Such rules, regulations or procedures, whether adopted by the Board of Directors or prescribed by the chairman of the meeting, may include, without limitation, the following: (a) the establishment of an agenda or order of business for the meeting; (b) the determination of when the polls shall open and close for any given matter to be voted on at the meeting; (c) rules and procedures for maintaining order at the meeting and the safety of those present; (d) limitations on attendance at or participation in the meeting to stockholders of record of the Corporation, their duly authorized and constituted proxies or such other persons as the chairman of the meeting shall determine; (e) restrictions on entry to the meeting after the time fixed for the commencement thereof; (f) limitations on the time allotted to questions or comments by participants; (e) limitations on the time allotted to questions or comments by participants; (f) the adoption of procedures (if any) requiring attendees to provide the Corporation advance notice of their intent to attend the meeting; and (g) restrictions on the use of cell phones, audio or video recording devices and similar devices at the meeting. The chairman of the meeting's rulings on procedural matters shall be final. The chairman of the meeting may adjourn or recess any meeting of the stockholders whether pursuant to Section 6 of this Article II or otherwise, and notice of such adjournment or recess need be given only if required by law.

Section 13.  Inspectors of Election. In advance of any meeting of the stockholders, the Board of Directors, by resolution, the Chairman of the Board or the President shall appoint one or more inspectors to act at the meeting and make a written report thereof. One or more persons may be designated as alternate inspectors to replace any inspector who fails to act. If no inspector or alternate is able to act at a meeting of the stockholders, the chairman of the meeting shall appoint one or more inspectors to act at the meeting. Unless otherwise required by applicable law, inspectors may be officers, employees or agents of the Corporation. Each inspector, before entering upon the discharge of the duties of inspector, shall take and sign an oath faithfully to execute the duties of inspector with strict impartiality and according to the best of such inspector's ability. The inspector shall have the duties prescribed by law and shall take charge of the polls and, when the vote is completed, shall make a certificate of the result of the vote taken and such other facts as may be required by applicable law.

Section 14.  Notice of Stockholder Nominations and Other Business.

(a)  Other Business.

8

(i)        The proposal of business other than a nomination of a director or directors (it being understood that nominations of directors shall be governed by Section 14(b) and Section 15) to be considered by the stockholders may be made at an Annual Meeting or Special Meeting only (A) pursuant to the Corporation's notice of meeting (or any supplement thereto) given by or at the direction of the Board of Directors (or any duly authorized committee thereof), (B) by or at the direction of the Board of Directors (or any duly authorized committee thereof) or (C) by any stockholder of the Corporation who (I) is a stockholder of record at the time of giving of notice provided for in this Section 14(a), on the record date for the determination of stockholders entitled to vote at such Annual Meeting or Special Meeting and at the time of the Annual Meeting or Special Meeting, (II) is entitled to vote with respect to such other business at the Annual Meeting or Special Meeting and (III) complies with the notice procedures set forth in this Section 14(a) as to such other business. The preceding clause (C) shall be the exclusive means for a stockholder to submit other business (other than matters properly brought under Rule 14a-8 under the Securities Exchange Act of 1934, as amended (the "Exchange Act"), and included in the Corporation's notice of meeting) before an Annual Meeting or Special Meeting.

(ii)        For any business other than a nomination of a director or directors to be properly brought before an Annual Meeting by a stockholder pursuant to Section 14(a)(i)(C), the stockholder must have given timely notice thereof in proper written form to the Secretary of the Corporation in accordance with Section 14(c)(v) and such other business must otherwise be a proper matter for stockholder action. To be timely, a stockholder's notice shall be delivered to the Secretary not earlier than the Close of Business on the 120th day and not later than the Close of Business on the 90th day prior to the date of the first anniversary of the preceding year's Annual Meeting; provided, however, that in the event that the date of the Annual Meeting is more than 30 days before or more than 70 days after such anniversary date, or if no Annual Meeting was held in the preceding year, notice by the stockholder to be timely must be so delivered not earlier than the Close of Business on the 120th day prior to the date of such Annual Meeting and not later than the Close of Business on the later of the 90th day prior to the date of such Annual Meeting or, if the first public announcement of the date of such Annual Meeting is less than 100 days prior to the date of such Annual Meeting, the 10th day following the day on which public announcement of the date of such Annual Meeting is first made by the Corporation. In no event shall any adjournment or postponement of an Annual Meeting or the announcement thereof commence a new time period for the giving of a stockholder's notice as described above. To be in proper form, a stockholder's notice to the Secretary must set forth: (A) as to each matter such stockholder proposes to bring before the Annual Meeting, (I) a brief description of the business desired to be brought before the Annual Meeting, the reasons for conducting such business at the Annual Meeting and the text, if any, of the proposal or business (including the text of any resolutions proposed for consideration and, in the event that such business includes a proposal to amend these By-Laws, the language of the proposed amendment) and (II) a description of all agreements, arrangements and understandings between such stockholder (the "Noticing Stockholder") and the beneficial owner, if any, on whose behalf the proposal is made (collectively with the Noticing Stockholder, the "Holders" and each, a "Holder") and any Stockholder Associated Person (as defined below) and any other person or persons (including their names) in connection with the proposal of such business by such Holder and any material interest of each Holder and Stockholder Associated Person in such business; and (B) as to each Holder, (I) the name and address as they appear on the Corporation's books of each Holder and the name and address of any Stockholder Associated Person, (II) the Share Information (as defined below), (III) a representation by the

9

Noticing Stockholder that such stockholder is a holder of record of shares of the Corporation entitled to vote at such Annual Meeting with respect to such other business, will continue to be a holder of record of shares of the Corporation entitled to vote at such Annual Meeting with respect to such other business through the date of such Annual Meeting and intends to appear in person or by proxy at the Annual Meeting to bring such other business before the Annual Meeting, (IV) a representation whether any Holder and/or any Stockholder Associated Person intends or is part of a group which intends (a) to deliver a proxy statement and/or form of proxy to holders of at least the percentage of the Corporation's outstanding capital stock required to approve or adopt the proposal and/or (b) otherwise to solicit proxies from stockholders in support of such proposal, (V) any other information relating to each Holder that would be required to be disclosed in a proxy statement or other filings required to be made in connection with solicitations of proxies for the proposal pursuant to Section 14 of the Exchange Act and the rules and regulations promulgated thereunder, and (VI) a representation as to the accuracy of the information set forth in the notice.

(iii)     Only such other business shall be conducted at an Annual Meeting as shall have been brought before the meeting by the Board of Directors or in accordance with the procedures set forth in this Section 14(a). Except as otherwise provided by law, the Certificate of Incorporation or these By-Laws, the chairman of the meeting shall have the power and duty to determine whether any business proposed to be brought before the meeting was proposed in accordance with the procedures set forth in this Section 14(a) and, if any proposed business is not in compliance with this Section 14(a), to declare that such defective proposal shall be disregarded and that such proposed business shall not be transacted.

(b)     Nominations of Directors.

(i)     Nominations of persons for election to the Board of Directors may be made at any Annual Meeting or at a Special Meeting at which the Board of Directors has determined that directors are to be elected pursuant to the Corporation's notice of meeting, only (A) by or at the direction of the Board of Directors (or any duly authorized committee thereof), (B) by any stockholder of the Corporation who (I) is a stockholder of record at the time of giving of notice provided for in this Section 14(b), on the record date for the determination of stockholders entitled to vote at such Annual Meeting or Special Meeting and at the time of the Annual Meeting or Special Meeting, (II) is entitled to vote with respect to such nomination at the Annual Meeting or Special Meeting and (III) complies with the notice procedures set forth in this Section 14(b) as to such nomination or (C) by any stockholder of the Corporation who is eligible under, and complies with the notice procedures set forth in, Section 15 as to such nomination. The preceding clauses (B) and (C) shall be the exclusive means for a stockholder to make nominations before an Annual Meeting or Special Meeting.

(ii)     For any nominations to be properly brought before an Annual Meeting or a Special Meeting by a stockholder pursuant to Section 14(b)(i)(B), the stockholder must have given timely notice thereof in proper written form to the Secretary of the Corporation in accordance with Section 14(c)(v). To be timely, a stockholder's notice shall be delivered to the Secretary (A) in the case of an Annual Meeting, not earlier than the Close of Business on the 120th day and not later than the Close of Business on the 90th day prior to the date of the first anniversary of the preceding year's Annual Meeting; provided, however, that in the event that the date of the Annual Meeting is more than 30 days before or more than 70 days after such anniversary date, or if no Annual

10

Meeting was held in the preceding year, notice by the stockholder to be timely must be so delivered not earlier than the Close of Business on the 120th day prior to the date of such Annual Meeting and not later than the Close of Business on the later of the 90th day prior to the date of such Annual Meeting or, if the first public announcement of the date of such Annual Meeting is less than 100 days prior to the date of such Annual Meeting, the 10th day following the day on which public announcement of the date of such Annual Meeting is first made by the Corporation; and (B) in the case of a Special Meeting called for the purpose of electing one or more directors to the Board of Directors, not earlier than the close of business on the 120th day prior to the date of such Special Meeting and not later than the close of business on the later of the 90th day prior to the date of such Special Meeting or, if the first public announcement of the date of such Special Meeting is less than 100 days prior to the date of such Special Meeting, the 10th day following the day on which public announcement is first made of the date of the Special Meeting and of the nominees proposed by the Board of Directors to be elected at such meeting. In no event shall any adjournment or postponement of an Annual Meeting or Special Meeting or the announcement thereof commence a new time period for the giving of a stockholder's notice as described above. For the avoidance of doubt, a stockholder shall not be entitled to make additional or substitute nominations following the expiration of the time periods set forth in these By-Laws. To be in proper form, a stockholder's notice to the Secretary must set forth: (A) as to each person whom the Noticing Stockholder proposes to nominate for election or reelection as a director (I) the name, age, business address and residence address of such person, (II) the principal occupation or employment of such person (present and for the past five years), (III) the ownership information specified in Section 14(b)(ii)(B)(II) for such person and any member of the immediate family of such person, or any affiliate or associate of such person, or any person acting in concert therewith, (IV) all information relating to such person that would be required to be disclosed in a proxy statement or other filings required to be made in connection with solicitations of proxies for election of directors in a contested election pursuant to Section 14 of the Exchange Act and the rules and regulations promulgated thereunder (including such person's written consent to being named in the proxy statement as a nominee and to serving as a director if elected) and (V) a complete and accurate description of all direct and indirect compensation and other material monetary agreements, arrangements and understandings (whether written or oral) during the past three years, and any other material relationships, between or among the Holders and/or any Stockholder Associated Person, on the one hand, and each proposed nominee and any member of the immediate family of such proposed nominee, and his or her respective affiliates and associates, or others acting in concert therewith, on the other hand, including, without limitation all biographical and related party transaction and other information that would be required to be disclosed pursuant to the federal and state securities laws, including information that would be required to be disclosed pursuant to Rule 404 promulgated under Regulation S-K if any Holder and/or any Stockholder Associated Person were the "registrant" for purposes of such rule and the nominee were a director or executive officer of such registrant; (B) as to the Holders (I) the name and address as they appear on the Corporation's books of each Holder and the name and address of any Stockholder Associated Person, (II) the Share Information (as defined below), (III) a representation by the Noticing Stockholder that such stockholder is a holder of record of shares of the Corporation entitled to vote at such Annual Meeting or Special Meeting with respect to such nomination, will continue to be a holder of record of shares of the Corporation entitled to vote at such Annual Meeting or Special Meeting with respect to such nomination through the date of such Annual Meeting or Special Meeting and intends to appear in person or by proxy at the Annual

11

Meeting or Special Meeting to nominate the persons named in such stockholder's notice, (IV) a representation whether any Holder and/or any Stockholder Associated Person intends or is part of a group which intends (a) to deliver a proxy statement and/or form of proxy to holders of at least the percentage of the Corporation's outstanding capital stock required to elect any nominee and/or (b) otherwise to solicit proxies from stockholders in support of any such nomination, (V) any other information relating to each Holder that would be required to be disclosed in a proxy statement or other filings required to be made in connection with solicitations of proxies for the election of directors in a contested election pursuant to Section 14 of the Exchange Act and the rules and regulations promulgated thereunder, and (VI) a representation as to the accuracy of the information set forth in the notice; and (C) with respect to each nominee for election or reelection to the Board, include a completed and signed questionnaire, representation and agreement and any and all other information required by Section 14(b)(iii). The Corporation may also, as a condition to any such nomination being deemed properly brought before an Annual Meeting or Special Meeting, require any Holder or proposed nominee to deliver to the Secretary, within five Business Days of any such request, such other information as may reasonably be requested by the Corporation, including such other information as may be reasonably required by the Board, in its sole discretion, to determine (x) the eligibility of such proposed nominee to serve as a director of the Corporation, (y) whether such nominee qualifies as an "independent director" or "audit committee financial expert" under applicable law, securities exchange rule or regulation, or any publicly disclosed corporate governance guideline or committee charter of the Corporation and (z) such other information that the Board determines, in its sole discretion, could be material to a reasonable stockholder's understanding of the independence, or lack thereof, of such nominee.

(iii)     To be eligible to be a nominee for election or reelection as a director of the Corporation pursuant to this Section 14(b), a proposed nominee must deliver in writing (in accordance with the time periods prescribed for delivery of notice under this Section 14(b)(iii)) to the Secretary (i) a written questionnaire with respect to the background and qualification of such person and the background of any other person or entity on whose behalf the nomination is being made (which questionnaire shall be provided by the Secretary upon written request of any stockholder of record identified by name within two Business Days of such written request) and (ii) a written representation and agreement (in the form provided by the Secretary upon written request of any stockholder of record identified by name within two Business Days of such request) that such person (A) is not and will not become a party to (1) any agreement, arrangement or understanding (whether written or oral) with, and has not given any commitment or assurance to, any person or entity as to how such person, if elected as a director of the Corporation, will act or vote on any issue or question (a "Voting Commitment") that has not been disclosed to the Corporation or (2) any Voting Commitment that could limit or interfere with such person's ability to comply, if elected as a director of the Corporation, with such person's fiduciary duties under applicable law, (B) is not and will not become a party to any agreement, arrangement or understanding with any person or entity other than the Corporation with respect to any direct or indirect compensation, reimbursement or indemnification in connection with service or action as a director that has not been disclosed therein, (C) in such person's individual capacity and on behalf of any person or entity on whose behalf the nomination is being made, would be in compliance, if elected as a director of the Corporation, and will comply with all applicable rules of the exchanges upon which the securities of the Corporation are listed and all applicable publicly disclosed corporate governance, conflict of interest, confidentiality and stock ownership and trading policies and guidelines of the Corporation and (D) in such person's individual capacity and

12

on behalf of any Holder on whose behalf the nomination is being made, intends to serve a full term if elected as a director of the Corporation.

(iv)    Only such persons who are nominated by the Board of Directors or in accordance with the procedures set forth in this Section 14(b) or Section 15 shall be eligible to be elected as directors at an Annual Meeting or Special Meeting. Except as otherwise provided by law, the Certificate of Incorporation or these By-Laws, the chairman of the meeting shall have the power and duty to determine whether a nomination proposed to be brought before the meeting was made in accordance with the procedures set forth in this Section 14(b) or Section 15 and, if any proposed nomination is not in compliance with this Section 14(b) or Section 15, as the case may be, to declare that such defective nomination shall be disregarded.

(v)    Notwithstanding anything in the second sentence of Section 14(b)(ii) to the contrary, in the event that the number of directors to be elected to the Board of Directors is increased and there is no public announcement by the Corporation naming all of the nominees for director or specifying the size of the increased Board of Directors at least 100 days prior to the first anniversary of the preceding year's Annual Meeting, a stockholder's notice required by this Section 14(b) shall also be considered timely, but only with respect to nominees for any new positions created by such increase, if it shall be delivered to the Secretary not later than the Close of Business on the 10th day following the day on which such public announcement is first made by the Corporation.

(c)    General.

(i)    For purposes of this Section 14, "Share Information" shall mean (A) the class or series and number of shares of the Corporation that are, directly or indirectly, owned beneficially and/or of record by each Holder giving the notice under Section 14(a)(ii) or Section 14(b)(ii), as the case may be, and any Stockholder Associated Person (provided, however, that for purposes of this Section 14(c)(i), any such person shall in all events be deemed to beneficially own any shares of the Corporation as to which such person has a right to acquire beneficial ownership of at any time in the future), (B) any option, warrant, convertible security, stock appreciation right, or similar right with an exercise or conversion privilege or a settlement payment or mechanism at a price related to any class or series of shares of the Corporation or with a value derived in whole or in part from the value of any class or series of shares of the Corporation or any derivative or synthetic arrangement having characteristics of a long position in any class or series of shares of the Corporation, whether or not such instrument or right shall be subject to settlement in the underlying class or series of capital stock of the Corporation or otherwise (a "Derivative Instrument") directly or indirectly owned beneficially by each Holder and any Stockholder Associated Person and any other direct or indirect opportunity to profit or share in any profit derived from any increase or decrease in the value of shares of the Corporation, (C) any proxy, contract, arrangement, understanding, or relationship pursuant to which each Holder and any Stockholder Associated Person has a right to vote or has granted a right to vote any shares of any security of the Corporation, (D) any short interest held by each Holder any Stockholder Associated Person presently or within the last 12 months in any security of the Corporation (for purposes of this Section 14 a person shall be deemed to have a "short interest" in a security if such person, directly or indirectly, through any contract, arrangement, understanding, relationship or otherwise, has the opportunity to profit or share in any profit derived from any decrease in the value of the

13

subject security), (E) any rights to dividends on the shares of the Corporation owned beneficially by each Holder and any Stockholder Associated Person that are separated or separable from the underlying shares of the Corporation, (F) any proportionate interest in shares of the Corporation or Derivative Instruments held, directly or indirectly, by a general or limited partnership or any limited liability company or similar entity in which any Holder and any Stockholder Associated Person is a general partner or, directly or indirectly, beneficially owns an interest in a general partner or is the manager or managing member or, directly or indirectly, beneficially owns any interest in the manager or managing member of a limited liability company or similar entity and (G) any performance-related fees (other than an asset-based fee) that each Holder and any Stockholder Associated Person is entitled to based on any increase or decrease in the value of shares of the Corporation or Derivative Instruments, if any, as of the date of such notice.

(ii)     For purposes of this Section 14, "public announcement" shall mean disclosure in a press release reported by a national news service or in a document publicly filed by the Corporation with the Securities and Exchange Commission ("SEC") pursuant to Section 13, 14 or 15(d) of the Exchange Act and the rules and regulations promulgated thereunder.

(iii)     For purposes of this Section 14, "Business Day" shall mean each Monday, Tuesday, Wednesday, Thursday and Friday that is not a day on which banking institutions in Denver, Colorado or New York, NY are authorized or obligated by law or executive order to close.

(iv)     For purposes of this Section 14, "Close of Business" shall mean 5:00 p.m. local time at the principal executive offices of the Corporation, and if an applicable deadline falls on the Close of Business on a day that is not a Business Day, then the applicable deadline shall be deemed to be the Close of Business on the immediately preceding Business Day.

(v)     For purposes of this Section 14 and Section 3 and Section 15 of this Article II, delivery of any notice or materials by a stockholder as required under this Section 14 shall be made by both (A) hand delivery, overnight courier service, or by certified or registered mail, return receipt required, in each case, to the Secretary at the principal executive offices of the Corporation, and (B) electronic mail to the Secretary at notices@whiting.com or such other email address for the Secretary as may be specified in the Corporation's proxy statement for the Annual Meeting immediately preceding such delivery of notice or materials.

(vi)     For purposes of this Section 14, "Stockholder Associated Person" shall mean as to any Holder (A) any person acting in concert with such Holder, (B) any person controlling, controlled by or under common control with such Holder or any of their respective affiliates and associates, or person acting in concert therewith and (C) any member of the immediate family of such Holder or an affiliate or associate of such Holder.

(vii)     For purposes of this Section 14, "affiliate(s)" and "associate(s)" shall have the meanings attributed to such terms in Rule 12b-2 under the Exchange Act and the rules and regulations promulgated thereunder.

(viii)     A Noticing Stockholder shall further update and supplement its notice of any nomination or other business proposed to be brought before a meeting, if necessary, so that the information provided or required to be provided in such notice pursuant to this Section 14 shall

14

be true and correct (A) as of the record date for the meeting and (B) as of the date that is ten Business Days prior to the meeting or any adjournment, recess, rescheduling or postponement thereof. Such update and supplement shall be delivered to the Secretary not later than three Business Days after the later of the record date or the date notice of the record date is first publicly announced (in the case of the update and supplement required to be made as of the record date for the meeting) and not later than seven Business Days prior to the date for the meeting, if practicable (or, if not practicable, on the first practicable date prior to the meeting), or any adjournment, recess, rescheduling or postponement thereof (in the case of the update and supplement required to be made as of ten Business Days prior to the meeting or any adjournment, recess, rescheduling or postponement thereof).

(ix) Notwithstanding the foregoing provisions of this Section 14, unless otherwise required by law, if the Noticing Stockholder (or a qualified representative thereof) does not appear at the Annual Meeting or Special Meeting to present a nomination or proposed business, such nomination shall be disregarded and such proposed business shall not be transacted, notwithstanding that proxies in respect of such vote may have been received by the Corporation.

(x) Notwithstanding the foregoing provisions of this Section 14, a stockholder shall also comply with all applicable requirements of the Exchange Act and the rules and regulations thereunder with respect to the matters set forth in this Section 14; provided, however, that any references in this Section 14 to the Exchange Act or the rules promulgated thereunder are not intended to and shall not limit the requirements applicable to nominations or proposals as to any other business to be considered pursuant to Section 14(a)(i)(C) or Section 14(b)(i)(B). Nothing in this Section 14 shall be deemed to affect any rights of stockholders to request inclusion of proposals in the Corporation's proxy statement pursuant to Rule 14a-8 under the Exchange Act.

Section 15.    Stockholder Nominations Included in the Corporation's Proxy Materials.

(a)    Inclusion of Nominee in Proxy Statement. Subject to the provisions of this Section 15, if expressly requested in the relevant Nomination Notice (as defined below), the Corporation shall include in its proxy statement for any Annual Meeting:

(i) the name of any person nominated for election (the "Nominee") to the Board of Directors, which shall also be included on the Corporation's form of proxy and ballot for the relevant Annual Meeting, by any Eligible Holder (as defined below) or group of up to 25 Eligible Holders that has (individually and collectively, in the case of a group) satisfied, as determined by the Board of Directors or its designee, acting in good faith, all applicable conditions and complied with all applicable procedures set forth in this Section 15 (such Eligible Holder or group of Eligible Holders being a "Nominating Stockholder");

(ii) disclosure about the Nominee and the Nominating Stockholder required under SEC rules or any other applicable law, rule or regulation to be included in the proxy statement; and

(iii) any statement included by the Nominating Stockholder in the Nomination Notice for inclusion in the proxy statement in support of the Nominee's election to the Board of

15

Directors (subject, without limitation, to Section 15(e)(ii)), if such statement does not exceed 500 words.

Notwithstanding anything herein to the contrary, the Corporation may solicit stockholders against any Nominee and include in its proxy statement for any Annual Meeting any other information that the Corporation or the Board of Directors determines, in their discretion, to include in the proxy statement relating to the nomination of the Nominee, including without limitation any statement in opposition to the nomination and any of the information provided pursuant to this Section 15.

(b)     Maximum Number of Nominees.

(i)     The Corporation shall not be required to include in the proxy statement for an Annual Meeting more Nominees than that number of directors constituting 25% of the total number of directors of the Corporation on the last day on which a Nomination Notice may be submitted pursuant to Section 15(d) (the "Final Nomination Date"), rounded down to the nearest whole number (the "Maximum Number"). The Maximum Number for a particular Annual Meeting shall be reduced by (A) Nominees nominated by a Nominating Stockholder for that Annual Meeting whose nomination is subsequently withdrawn after the Nominating Stockholder is notified by the Corporation that the Nominees will be included in the Corporation's proxy statement and proxy card for the Annual Meeting, (B) Nominees nominated by a Nominating Stockholder for such Annual Meeting pursuant to this Section 15 that the Board of Directors itself decides to nominate for election at such Annual Meeting, (C) the number of directors in office as of the Final Nomination Date who had been Nominees nominated by a Nominating Stockholder with respect to any Annual Meetings or Special Meetings in the preceding two years (including any Nominee who had been counted at any such Annual Meeting pursuant to the immediately preceding clause (B)) and (1) if Section 1 of Article III provides for a classified Board of Directors, whose term as a director extends past such Annual Meeting or (2) if Section 1 of Article III provides for annual elections of the entire Board of Directors, whose reelection at the upcoming Annual Meeting is being recommended by the Board of Directors, (D) any director candidate for which the Corporation shall have received one or more valid stockholder notices (whether or not subsequently withdrawn) nominating such person for election to the Board of Directors pursuant to Section 14(b), other than any such director referred to in this clause (D) who at the time of such Annual Meeting will have served as a director continuously, as a nominee of the Board of Directors, for at least two annual terms, but only to the extent the Maximum Number after such reduction with respect to this clause (D) equals one, and, without duplication, (E) the number of incumbent directors who are not Stockholder Nominees and who will be included in the Corporation's proxy materials with respect to such Annual Meeting as an unopposed (by the Board of Directors) nominee pursuant to any agreement, arrangement or other understanding between the Corporation and any stockholder or group of stockholders. If one or more vacancies for any reason occurs on the Board of Directors after the Final Nomination Date but before the date of the Annual Meeting and the Board of Directors resolves to reduce the size of the Board of Directors in connection with the occurrence of the vacancy or vacancies, then the Maximum Number shall be calculated based on the number of directors in office as so reduced.

(ii)     Any Nominating Holder submitting more than one Nominee pursuant to this Section 15 for an Annual Meeting shall rank such Nominees based on the order in which the

16

Nominating Holder desires such Nominees to be selected for inclusion in the Corporation's proxy statement for such Annual Meeting if the number of Nominees pursuant to this Section 15 exceeds the Maximum Number. If the number of Nominees pursuant to this Section 15 for any Annual Meeting exceeds the Maximum Number, then the highest ranking Nominee who meets the requirements of this Section 15 from each Nominating Holder will be selected for inclusion in the Corporation's proxy statement until the Maximum Number is reached, going in order of the amount (largest to smallest) of the shares of common stock of the Corporation disclosed as owned in each Nominating Stockholder's Nomination Notice.

(iii)    If, after the Final Nomination Date, (A) the Corporation is notified, or the Board of Directors or its designee, acting in good faith, determines that (1) a Nominating Stockholder has failed to satisfy or to continue to satisfy the eligibility requirements described in Section 15(c), (2) any of the representations and warranties made in the Nomination Notice cease to be true and accurate in all material respects (or omit a material fact necessary to make the statements therein not misleading) or (3) any material violation or breach occurs of the obligations, agreements, representations or warranties of the Nominating Stockholder or the Nominee under this Section 15, (B) a Nominating Stockholder or any qualified representative thereof does not appear at the Annual Meeting to present any nomination submitted pursuant to this Section 15, or the Nominating Stockholder withdraws its nomination, or (C) a Nominee becomes ineligible for inclusion in the Corporation's proxy statement pursuant to this Section 15 or dies, becomes disabled or is otherwise disqualified from being nominated for election or serving as a director of the Corporation or is unwilling or unable to serve as a director of the Corporation, in each case as determined by the Board of Directors or its designee, acting in good faith, whether before or after the Corporation's definitive proxy statement for such Annual Meeting is made available to stockholders, then the nomination of the Nominating Stockholder or such Nominee, as the case may be, shall be disregarded and no vote on such Nominee will occur (notwithstanding that proxies in respect of such vote may have been received by the Corporation), the Nominating Stockholder may not cure in any way any defect preventing the nomination of the Nominee, and the Corporation (1) may omit from its proxy statement and any ballot or form of proxy the disregarded Nominee and any information concerning such Nominee (including a Nominating Stockholder's statement in support) or any successor or replacement nominee proposed by the Nominating Stockholder or by any other Nominating Stockholder and (2) may otherwise communicate to its stockholders, including without limitation by amending or supplementing its proxy statement or ballot or form of proxy, that the Nominee will not be included as a Nominee in the proxy statement or on any ballot or form of proxy and will not be voted on at the Annual Meeting.

(c)    Eligibility of Nominating Stockholder.

(i)    An "Eligible Holder" is a person who has either (A) been a record holder of the shares of the Corporation's common stock used to satisfy the eligibility requirements in this Section 15(c) continuously for the three-year period specified in Section 15(c)(ii) or (B) provides to the Secretary of the Corporation, within the time period referred to in Section 15(d), evidence of continuous ownership of such shares for such three-year period from one or more securities intermediaries in a form and in substance that the Board of Directors or its designee, acting in good faith, determines would be deemed acceptable for purposes of a stockholder proposal under Rule 14a-8(b)(2) under the Exchange Act (or any successor rule).

17

(ii)     An Eligible Holder or group of up to 25 Eligible Holders may submit a nomination in accordance with this Section 15 only if the person or group (in the aggregate) has continuously owned at least the Minimum Number (as defined below) of shares of the Corporation's common stock throughout the three-year period preceding and including the date of submission of the Nomination Notice and continues to own at least the Minimum Number through the date of the Annual Meeting. For purposes of such limitation, two or more funds that are (A) under common management and investment control, (B) under common management and funded primarily by the same employer, or (C) a "group of investment companies," as such term is defined in Section 12(d)(1)(G)(ii) of the Investment Company Act of 1940, as amended, shall be treated as one Eligible Holder if such Eligible Holder shall provide together with the Nomination Notice documentation reasonably satisfactory to the Corporation that demonstrates that such funds meet one of the forgoing standards. For the avoidance of doubt, in the event of a nomination by a group of Eligible Holders, any and all requirements and obligations applicable to an individual Eligible Holder that are set forth in this Section 15, including the minimum holding period, shall apply to each member of such group; provided, however, that the Minimum Number shall apply to the ownership of the group in the aggregate, and a breach of any obligation, agreement, representation or warranty under this Section 15 by any member of a group shall be deemed a breach by the Nominating Stockholder. If any stockholder withdraws from a group of Eligible Holders at any time prior to the Annual Meeting, then the group of Eligible Stockholders shall only be deemed to own the shares held by the remaining members of the group and if, as a result of such withdrawal, the Nominating Stockholder no longer owns the Minimum Number of shares of the Corporation's common stock, then the nomination shall be disregarded as provided in Section 15(b)(iii).

(iii)     The "Minimum Number" of shares of the Corporation's common stock means 3% of the number of outstanding shares of the Corporation's common stock as of the most recent date for which such amount is given in any filing by the Corporation with the SEC prior to the submission of the Nomination Notice.

(iv)     For purposes of this Section 15, an Eligible Holder "owns" only those outstanding shares of common stock of the Corporation as to which the Eligible Holder possesses both:

(A)     the full voting and investment rights pertaining to such shares; and

(B)     the full economic interest in (including the opportunity for profit and risk of loss on) such shares;

provided that the number of shares calculated in accordance with clauses (A) and (B) shall not include any shares (1) sold by such Eligible Holder or any of its affiliates in any transaction that has not been settled or closed, (2) borrowed by such Eligible Holder or any of its affiliates for any purpose or purchased by such Eligible Holder or any of its affiliates pursuant to an agreement to resell or (3) subject to any option, warrant, forward contract, swap, contract of sale, other derivative or similar instrument or agreement entered into by such Eligible Holder or any of its affiliates, whether any such instrument or agreement is to be settled with shares or with cash based on the notional amount or value of outstanding shares of common stock of the Corporation, in any such case which instrument or agreement has, or is intended to have, the purpose or effect of (x) reducing in any manner, to any extent or at any time in the future, such Eligible Holder's or any

18

of its affiliates' full right to vote or direct the voting of any such shares and/or (y) hedging, offsetting, or altering to any degree gain or loss arising from maintaining the full economic ownership of such shares by such Eligible Holder or any of its affiliates. An Eligible Holder "owns" shares held in the name of a nominee or other intermediary so long as the Eligible Holder retains the right to instruct how the shares are voted with respect to the election of directors and possesses the full economic interest in the shares. An Eligible Holder's ownership of shares shall be deemed to continue during any period in which the Eligible Holder has delegated any voting power by means of a proxy, power of attorney or other similar instrument or arrangement that is revocable at any time by the Eligible Holder. An Eligible Holder's ownership of shares shall be deemed to continue during any period in which the Eligible Holder has loaned such shares provided that the Eligible Holder has the power to recall such loaned shares on five business days' notice, recalls such loaned shares upon being notified by the Corporation that any of the Eligible Holder's Nominees will be included in the Corporation's proxy statement and proxy card for the Annual Meeting (subject to the provisions of this Section 15) and holds such shares through the date of the Annual Meeting. The terms "owned," "owning," "ownership" and other variations of the word "own" shall have correlative meanings. Whether outstanding shares of the Corporation are "owned" for these purposes shall be determined by the Board. For purposes of this Section 15, the term "affiliate" or "affiliates" shall have the meaning ascribed thereto under the General Rules and Regulations under the Exchange Act.

(v)     No person shall be permitted to be in more than one group constituting a Nominating Stockholder, and if any person appears as a member of more than one group, then it shall be deemed to be a member of the group that has the largest amount of shares of common stock of the Corporation disclosed as owned in the Nomination Notice.

(d)     Nomination Notice. To nominate a Nominee for purposes of this Section 15, the Nominating Stockholder must have given timely notice thereof in proper written form to the Secretary of the Corporation in accordance with Section 14(c)(v). To be timely, a Nominating Stockholder's notice shall be delivered to the Secretary at the principal executive offices of the Corporation not less than 120 days nor more than 150 days prior to the first annual anniversary of the date set forth in the Corporation's proxy statement for the immediately preceding Annual Meeting as the date on which the Corporation first made available to its stockholders definitive proxy materials for the immediately preceding Annual Meeting; provided, however, that if the date for which the Annual Meeting is called is more than 30 days before or more than 30 days after the first annual anniversary of the immediately preceding Annual Meeting, then notice by the Nominating Stockholder to be timely must be received by the Secretary by the later of the close of business on the date that is 180 days prior to the date of such Annual Meeting or the 10th day following the day on which public announcement of such Annual Meeting is first made by the Corporation. In no event shall any adjournment or postponement of any Annual Meeting or the announcement thereof commence a new time period for the giving of a Nomination Notice. To be in proper written form, a Nominating Stockholder's notice to the Secretary for purposes of this Section 15 shall include all of the following information and documents (collectively, the "Nomination Notice"):

(i)     A Schedule 14N (or any successor form) relating to the Nominee, completed and filed with the SEC by the Nominating Stockholder as applicable, in accordance with SEC rules;

19

(ii)    A written notice of the nomination of such Nominee that includes the following additional information, agreements, representations and warranties by the Nominating Stockholder (including each group member):

(A)    the information and representations that would be required to be set forth in a stockholder's notice of a nomination for the election of directors pursuant to Section 14(b);

(B)    the details of any relationship that existed within the past three years and that would have been described pursuant to Item 6(e) of Schedule 14N (or any successor item) if it existed on the date of submission of the Schedule 14N;

(C)    a representation and warranty that the shares of common stock of the Corporation owned by the Nominating Stockholder were acquired in the ordinary course of business and not with the intent or objective to influence or change control of the Corporation and that neither the Nominating Stockholder, the Nominee(s) nor their respective affiliates and associates is holding any securities of the Corporation for the purpose or effect of changing control of the Corporation or to gain a number of seats on the Board of Directors that exceeds the maximum number of nominees that stockholders may nominate pursuant to this Section 15;

(D)    a representation and warranty that the Nominating Stockholder satisfies the eligibility requirements set forth in Section 15(c) and has provided evidence of ownership to the extent required by Section 15(c)(i);

(E)    a representation and warranty that the Nominating Stockholder will continue to satisfy the eligibility requirements described in Section 15(c) through the date of the Annual Meeting;

(F)    a representation and warranty that the Nominating Stockholder has not nominated and will not nominate for election to the Board of Directors at the Annual Meeting any person other than the Nominees it is nominating pursuant to this Section 15;

(G)    a representation and warranty as to the Nominating Stockholder's intentions with respect to continuing to own the Minimum Number of shares of common stock of the Corporation for at least one year following the Annual Meeting;

(H)    a representation and warranty that the Nominating Stockholder will not engage in, and will not be a "participant" in another person's, "solicitation" within the meaning of Rule 14a-1(l) (without reference to the exception in Rule 14a-1(l)(2)(iv)) (or any successor rules) under the Exchange Act with respect to the Annual Meeting, other than with respect to its Nominees or any nominees of the Board of Directors;

(I)    a representation and warranty that the Nominating Stockholder will not use any proxy card other than the Corporation's proxy card in soliciting stockholders in connection with the election of a Nominee at the Annual Meeting;

(J)    a representation and warranty that the Nominee's nomination for election to the Board of Directors or, if elected, Board membership would not violate applicable

20

state or federal law or the rules of any stock exchange on which the Corporation's securities are traded;

(K)     a representation and warranty that the Nominee (1) qualifies as independent under the rules of any stock exchange on which the Corporation's securities are traded, (2) meets the audit committee and compensation committee independence requirements under the rules of any stock exchange on which the Corporation's securities are traded, (3) is a "non-employee director" for the purposes of Rule 16b-3 under the Exchange Act (or any successor rule), (4) is an "outside director" for the purposes of Section 162(m) of the Internal Revenue Code (or any successor provision), (5) meets the director qualifications set forth in Section 6 of Article III, and (6) is not and has not been subject to any event specified in Rule 506(d)(1) of Regulation D (or any successor rule) under the Securities Act of 1933, as amended (the "Securities Act"), or Item 401(f) of Regulation S-K (or any successor rule) under the Exchange Act, without reference to whether the event is material to an evaluation of the ability or integrity of the Nominee;

(L)     details of any position of the Nominee as an officer or director of any competitor of the Corporation (that is, any entity whose principal business is the exploration, development, acquisition and/or production of oil, natural gas liquids and/or natural gas), within the three years preceding the submission of the Nomination Notice;

(M)     if desired, a statement for inclusion in the proxy statement in support of the Nominee's election to the Board of Directors, provided that such statement shall not exceed 500 words and shall fully comply with Section 14 of the Exchange Act and the rules and regulations thereunder, including Rule 14a-9; and

(N)     in the case of a nomination by a group, the designation by all group members of one group member for purposes of receiving communications, notices and inquiries from the Corporation and that is authorized to act on behalf of all group members with respect to matters relating to the nomination, including withdrawal of the nomination.

(iii)     An executed agreement, in a form deemed satisfactory by the Board of Directors or its designee, acting in good faith, pursuant to which the Nominating Stockholder (including each group member) agrees:

(A)     to comply with all applicable laws, rules and regulations in connection with the nomination, solicitation and election;

(B)     to file any written solicitation or other written communication with the Corporation's stockholders relating to one or more of the Corporation's directors or director nominees or any Nominee with the SEC, regardless of whether any such filing is required under rule or regulation or whether any exemption from filing is available for such materials under any rule or regulation;

(C)     to assume all liability (jointly and severally by all group members in the case of a nomination by a group) stemming from any action, suit or proceeding concerning any actual or alleged legal or regulatory violation arising out of any communication by the Nominating Stockholder, its affiliates and associates or their respective agents and representatives with the Corporation, its stockholders or any other person in connection with the nomination or election of

directors, including without limitation the Nomination Notice, or out of the facts, statements or other information that the Nominating Stockholder or its Nominees provided to the Corporation in connection with the inclusion of such Nominees in the Corporation's proxy statement;

(D) to indemnify and hold harmless (jointly with all other group members, in the case of a group member) the Corporation and each of its directors, officers and employees individually against any liability, loss, damages, expenses or other costs (including attorneys' fees) incurred in connection with any threatened or pending action, suit or proceeding, whether legal, administrative or investigative, against the Corporation or any of its directors, officers or employees arising out of or relating to any nomination submitted by the Nominating Stockholder pursuant to this Section 15 or a failure or alleged failure of the Nominating Stockholder to comply with, or any breach or alleged breach of, its obligations, agreements or representations under this Section 15; and

(E) in the event that any information included in the Nomination Notice, or any other communication by the Nominating Stockholder (including with respect to any group member) with the Corporation, its stockholders or any other person in connection with the nomination or election ceases to be true and accurate in all material respects or omits a material fact necessary to make the statements made not misleading or that the Nominating Stockholder (including any group member) has failed to continue to satisfy the eligibility requirements described in Section 15(c), to promptly (and in any event within 48 hours of discovering such misstatement, omission or failure) notify the Corporation and any other recipient of such communication of the misstatement or omission in such previously provided information and of the information that is required to correct the misstatement or omission and/or notify the Corporation of the failure to continue to satisfy the eligibility requirements described in Section 15(c), as the case may be.

(iv) An executed agreement, in a form deemed satisfactory by the Board of Directors or its designee, acting in good faith, by the Nominee:

(A) to make such other acknowledgments, enter into such agreements and provide such other information as the Board of Directors requires of all directors, including promptly completing the Corporation's director questionnaire;

(B) that the Nominee has read and agrees, if elected as a director of the Corporation, to sign and adhere to the Corporation's corporate governance guidelines and codes of ethics and any other Corporation policies and guidelines applicable to directors; and

(C) that the Nominee is not and will not become a party to (1) any compensatory, payment, reimbursement, indemnification or other financial agreement, arrangement or understanding with any person or entity in connection with service or action as a director of the Corporation that has not been disclosed to the Corporation, (2) any agreement, arrangement or understanding with any person or entity as to how the Nominee would vote or act on any issue or question as a director (a "Voting Commitment") that has not been disclosed to the Corporation or (3) any Voting Commitment that could limit or interfere with the Nominee's ability to comply, if elected as a director of the Corporation, with his or her fiduciary duties under applicable law.

The information and documents required by this Section 15(d) shall be (i) provided with respect to and executed by each group member in the case of information applicable to group members and (ii) provided with respect to the persons specified in Instruction 1 to Items 6(c) and (d) of Schedule 14N (or any successor item) in the case of a Nominating Stockholder or group member that is an entity. The Nomination Notice shall be deemed submitted on the date on which all the information and documents referred to in this Section 15(d) (other than such information and documents contemplated to be provided after the date the Nomination Notice is provided) have been delivered to or, if sent by mail, received by the Secretary of the Corporation.

(e)     Exceptions.

(i)     Notwithstanding anything to the contrary contained in this Section 15, the Corporation may omit from its proxy statement and any ballot or form of proxy any Nominee and any information concerning such Nominee (including a Nominating Stockholder's statement in support), and no vote on such Nominee will occur (notwithstanding that proxies in respect of such vote may have been received by the Corporation), and the Nominating Stockholder may not, after the Final Nomination Date, cure in any way any defect preventing the nomination of the Nominee, if:

(A)     the Board of Directors or its designee, acting in good faith, determines that such Nominee's nomination or election to the Board of Directors would result in the Corporation violating or failing to be in compliance with these By-Laws, the Certificate of Incorporation or any applicable law, rule or regulation to which the Corporation is subject, including any rules or regulations of any stock exchange on which the Corporation's securities are traded;

(B)     the Nominee was nominated for election to the Board of Directors pursuant to this Section 15 at one of the Corporation's two preceding Annual Meetings and either (i) withdrew or became ineligible or unavailable for election at any such Annual Meeting or (ii) received a vote of less than 25% of the shares of common stock of the Corporation entitled to vote for such Nominee; or

(C)     the Nominee has been, within the past three years, an officer or director of a competitor, as defined for purposes of Section 8 of the Clayton Antitrust Act of 1914, as amended.

(ii)     Notwithstanding anything to the contrary contained in this Section 15, the Corporation may omit from its proxy statement, or may supplement or correct, any information, including all or any portion of the statement in support of the Nominee included in the Nomination Notice, if the Board of Directors or its designee, acting in good faith, determines that:

(A)     such information is not true in all material respects or omits a material statement necessary to make the statements made not misleading;

(B)     such information directly or indirectly impugns character, integrity or personal reputation of, or directly or indirectly makes charges concerning improper, illegal or immoral conduct or associations, without factual foundation, with respect to, any person; or

23

(C)     the inclusion of such information in the proxy statement would otherwise violate SEC rules or any other applicable law, rule or regulation.

Section 16.     Exclusive Forum.

(a)     Unless the Corporation consents in writing to the selection of an alternative forum, the Court of Chancery of the State of Delaware (or, if and only if the Court of Chancery of the State of Delaware does not have jurisdiction, a state court located within the State of Delaware (or, if no state court located within the State of Delaware has jurisdiction, the federal district court for the District of Delaware)) shall be the sole and exclusive forum for: (i) any derivative action or proceeding brought on behalf of the Corporation; (ii) any action asserting a claim of breach of a fiduciary duty owed by any current or former director or officer or other employee of the Corporation to the Corporation or the Corporation's stockholders, including a claim alleging the aiding and abetting of such a breach of fiduciary duty; (iii) any action against the Corporation or any current or former director or officer or other employee of the Corporation asserting a claim arising pursuant to any provision of the DGCL or the Certificate of Incorporation or these By-Laws (as either may be amended from time to time); (iv) any action asserting a claim related to or involving the Corporation that is governed by the internal affairs doctrine or (v) any action asserting an "internal corporate claim" as that term is defined in Section 115 of the DGCL. For the avoidance of doubt, this Section 16(a) shall not apply to any action or proceeding asserting a claim under the Securities Act and/or the Exchange Act.

(b)     Unless the Corporation consents in writing to the selection of an alternative forum, the federal district courts of the United States of America shall be the exclusive forum for the resolution of any complaint asserting a cause of action arising under the Securities Act.

(c)     To the fullest extent permitted by applicable law, any person or entity purchasing or otherwise acquiring or holding any interest in any security of the Corporation shall be deemed to have notice of and consented to this Section 16.

ARTICLE III

DIRECTORS

Section 1.     Number and Election of Directors. The entire Board of Directors shall consist of not less than one nor more than twelve members, the exact number of which shall be determined from time to time exclusively by resolution adopted by the Board of Directors. Except as provided in Section 2 of this Article III, directors shall be elected by the stockholders at the Annual Meetings, the term of each director shall be as set forth in the Certificate of Incorporation, and each director so elected shall hold office until such director's successor is duly elected and qualified, or until such director's death, or until such director's earlier resignation, retirement, disqualification or removal. Directors need not be stockholders.

Section 2.     Vacancies. Unless otherwise required by law or the Certificate of Incorporation, vacancies arising through death, resignation, retirement, disqualification or removal, an increase in the number of directors or otherwise may be filled only by a majority of the directors then in office, though less than a quorum, or by a sole remaining director, and the

24

directors so chosen shall hold office until the next Annual Meeting and until their successors are duly elected and qualified, or until their earlier death, resignation, retirement, disqualification or removal.

Section 3.     Duties and Powers. The business and affairs of the Corporation shall be managed by or under the direction of the Board of Directors which may exercise all such powers of the Corporation and do all such lawful acts and things as are not by statute or by the Certificate of Incorporation or by these By-Laws required to be exercised or done by the stockholders.

Section 4.     Meetings. The Board of Directors may hold meetings, both regular and special, either within or without the State of Delaware. Regular meetings of the Board of Directors may be held without notice at such time and at such place as may from time to time be determined by the Board of Directors. Special meetings of the Board of Directors (a) may be called by the Chairman of the Board, if there be one, or the President (if the President is a director of the Corporation) and (b) shall be called by the Chairman of the Board, if there be one, the President (if the President is a director of the Corporation) or the Secretary on the written request of a majority of the directors then in office (or the sole director if there be one director then in office). Notice thereof stating the place, date and hour of the meeting shall be given to each director either by mail not less than forty-eight hours before the date of the meeting, by telephone or telegram or electronic means on twenty-four hours' notice, or on such shorter notice as the person or persons calling such meeting may deem necessary or appropriate in the circumstances. If the Secretary shall fail or refuse to give such notice, then the notice may be given by the officer who called the meeting or the directors who requested the meeting. Any and all business that may be transacted at a regular meeting of the Board of Directors may be transacted at a special meeting. Except as may be otherwise expressly provided by applicable law, the Certificate of Incorporation or these By-Laws, neither the business to be transacted at, nor the purpose of, any special meeting need be specified in the notice or waiver of notice of such meeting. A special meeting may be held at any time without notice if all the directors are present or if those not present waive notice of the meeting.

Section 5.     Organization. The Board of Directors shall annually choose, from among them, a Chairman of the Board, who shall serve as such until a successor is elected. The Chairman of the Board must be a director, but need not be an employee or officer of the Corporation. The Chairman of the Board shall preside at all meetings of the stockholders and of the Board of Directors. The Chairman of the Board shall perform such other duties and shall have such authority as are specified in these By-Laws and as the Board of Directors may from time to time assign to him or her. At each meeting of the Board of Directors, the Chairman of the Board, or, in his or her absence, a director chosen by a majority of the directors present, shall act as chairman. The Secretary of the Corporation shall act as secretary at each meeting of the Board of Directors. In case the Secretary shall be absent from any meeting of the Board of Directors, an Assistant Secretary shall perform the duties of secretary at such meeting; and in the absence from any such meeting of the Secretary and all the Assistant Secretaries, the chairman of the meeting may appoint any person to act as secretary of the meeting.

Section 6.     Term, Resignation and Removal of Directors. Any director of the Corporation may resign at any time, by giving notice in writing or by electronic transmission to the Chairman of the Board, the President or the Secretary of the Corporation. Such resignation

25

shall take effect at the time therein specified or, if no time is specified, immediately; and, unless otherwise specified in such notice, the acceptance of such resignation shall not be necessary to make it effective. If any director of the Corporation experiences a material change in employment status (including termination of employment, retirement or a material decrease in job responsibilities) from that when the director was most recently elected to the Board of Directors, then such director shall be deemed to have automatically tendered his or her resignation as a director of the Corporation, which may be accepted by the remainder of the Board of Directors, in its sole discretion, and, if so accepted, shall be effective as of such acceptance. Except as otherwise required by applicable law, any director or the entire Board of Directors may be removed from office at any time, with or without cause, by the affirmative vote of the holders of at least a majority in voting power of the issued and outstanding capital stock of the Corporation entitled to vote in the election of directors.

Section 7.　　Quorum. Except as otherwise required by law or the Certificate of Incorporation, at all meetings of the Board of Directors, a majority of the entire Board of Directors shall constitute a quorum for the transaction of business and the act of a majority of the directors present at any meeting at which there is a quorum shall be the act of the Board of Directors. If a quorum shall not be present at any meeting of the Board of Directors, the directors present thereat may adjourn the meeting from time to time, without notice other than announcement at the meeting of the time and place of the adjourned meeting, until a quorum shall be present.

Section 8.　　Actions of the Board by Written Consent. Unless otherwise provided in the Certificate of Incorporation or these By-Laws, any action required or permitted to be taken at any meeting of the Board of Directors, or of any committee thereof, may be taken without a meeting, if all the members of the Board of Directors or committee, as the case may be, consent thereto in writing or by electronic transmission, and the writing or writings or electronic transmission or transmissions are filed with the minutes of proceedings of the Board of Directors or committee. Such filing shall be in paper form if the minutes are maintained in paper form and shall be in electronic form if the minutes are maintained in electronic form.

Section 9.　　Meetings by Means of Conference Telephone. Unless otherwise provided in the Certificate of Incorporation or these By-Laws, members of the Board of Directors, or any committee thereof, may participate in a meeting of the Board of Directors or such committee by means of a conference telephone or similar communications equipment by means of which all persons participating in the meeting can hear each other, and participation in a meeting pursuant to this Section 9 shall constitute presence in person at such meeting.

Section 10.　　Committees. The Board of Directors may designate one or more committees, each committee to consist of one or more of the directors of the Corporation. The Board of Directors may designate one or more directors as alternate members of any committee, who may replace any absent or disqualified member at any meeting of any such committee. In the absence or disqualification of a member of a committee, and in the absence of a designation by the Board of Directors of an alternate member to replace the absent or disqualified member, the member or members thereof present at any meeting and not disqualified from voting, whether or not such member or members constitute a quorum, may unanimously appoint another member of the Board of Directors to act at the meeting in the place of any absent or disqualified member. Any committee, to the extent permitted by law and provided in the resolution establishing such

committee, shall have and may exercise all the powers and authority of the Board of Directors in the management of the business and affairs of the Corporation. Each committee shall keep regular minutes and report to the Board of Directors when required. The Board of Directors shall have the power at any time to fill vacancies in, to change the membership of, or to dissolve any such committee. Unless the Board of Directors otherwise provides, the time, date and place of each committee meeting, if any, shall be determined by each committee. Notice of each committee meeting shall be given in the manner provided in Section 4 of Article III. Neither the business to be transacted at, nor the purpose of, any committee meeting need be specified in the notice or waiver of notice of such meeting. At any meeting of a committee, a majority of the number of members of the committee (but not including any alternate member, unless such alternate member has replaced any absent or disqualified member at the time of, or in connection with, such meeting) shall constitute a quorum for the transaction of business. The act of a majority of the members present at any meeting at which a quorum is present shall be the act of the committee, except as otherwise specifically provided by applicable law, the Certificate of Incorporation, these By-Laws or the Board of Directors. If a quorum is not present at a meeting of a committee, the members present may adjourn the meeting from time to time, without notice other than an announcement at the meeting, until a quorum is present. Unless the Board of Directors otherwise provides and except as provided in these By-Laws, each committee designated by the Board of Directors may make, alter, amend and repeal rules for the conduct of its business.

Section 11.    Compensation. The directors may be paid their expenses, if any, of attendance at each meeting of the Board of Directors and may be paid a fixed sum for attendance at each meeting of the Board of Directors or a stated salary for service as director, payable in cash or securities. No such payment shall preclude any director from serving the Corporation in any other capacity and receiving compensation therefor. Members of special or standing committees may be allowed like compensation for attending committee meetings.

Section 12.    Interested Directors. No contract or transaction between the Corporation and one or more of its directors or officers, or between the Corporation and any other corporation, partnership, association, or other organization in which one or more of its directors or officers are directors or officers or have a financial interest, shall be void or voidable solely for this reason, or solely because the director or officer is present at or participates in the meeting of the Board of Directors or committee thereof which authorizes the contract or transaction, or solely because the director or officer's vote is counted for such purpose if (a) the material facts as to the director or officer's relationship or interest and as to the contract or transaction are disclosed or are known to the Board of Directors or the committee, and the Board of Directors or committee in good faith authorizes the contract or transaction by the affirmative votes of a majority of the disinterested directors, even though the disinterested directors be less than a quorum; or (b) the material facts as to the director or officer's relationship or interest and as to the contract or transaction are disclosed or are known to the stockholders entitled to vote thereon, and the contract or transaction is specifically approved in good faith by vote of the stockholders; or (c) the contract or transaction is fair as to the Corporation as of the time it is authorized, approved or ratified by the Board of Directors, a committee thereof or the stockholders. Common or interested directors may be counted in determining the presence of a quorum at a meeting of the Board of Directors or of a committee which authorizes the contract or transaction.

ARTICLE IV

OFFICERS

Section 1.      General. The officers of the Corporation shall be chosen by the Board of Directors and shall include a President, a Secretary and a Treasurer. The Board of Directors, in its discretion, also may choose one or more Vice Presidents, Assistant Secretaries, Assistant Treasurers and other officers and, if the Chairman of the Board chosen pursuant to these By-Laws is an employee of the Corporation, choose such person as an officer with the title Executive Chairman of the Board. Any number of offices may be held by the same person, unless otherwise prohibited by law or the Certificate of Incorporation or these By-Laws. The officers of the Corporation need not be stockholders of the Corporation nor, except in the case of any Executive Chairman of the Board, need such officers be directors of the Corporation.

Section 2.      Election. The Board of Directors, at its first meeting held after each Annual Meeting, shall elect the officers of the Corporation who shall hold their offices for such terms and shall exercise such powers and perform such duties as shall be determined from time to time by the Board of Directors; and all officers of the Corporation shall hold office until their successors are chosen and qualified, or until their earlier death, resignation, retirement, disqualification or removal. Any officer elected by the Board of Directors may be removed at any time by the affirmative vote of the Board of Directors. Any vacancy occurring in any office of the Corporation shall be filled by the Board of Directors.

Section 3.      Voting Securities Owned by the Corporation. Powers of attorney, proxies, waivers of notice of meeting, consents and other instruments relating to securities owned by the Corporation may be executed in the name of and on behalf of the Corporation by the President or any Vice President or any other officer authorized to do so by the Board of Directors and any such officer may, in the name of and on behalf of the Corporation, take all such action as any such officer may deem advisable to vote in person or by proxy at any meeting of security holders of any corporation in which the Corporation may own securities and at any such meeting shall possess and may exercise any and all rights and power incident to the ownership of such securities and which, as the owner thereof, the Corporation might have exercised and possessed if present. The Board of Directors may, by resolution, from time to time confer like powers upon any other person or persons.

Section 4.      Executive Chairman of the Board. Except where by law the signature of the President is required, any Executive Chairman of the Board shall possess the same power as the President to sign all contracts, certificates and other instruments of the Corporation which may be authorized by the Board of Directors. Any Executive Chairman of the Board shall also perform such other duties and may exercise such other powers as may from time to time be assigned by these By-Laws or by the Board of Directors.

Section 5.      President. The President shall, subject to the control of the Board of Directors, have general supervision of the business of the Corporation and shall see that all orders and resolutions of the Board of Directors are carried into effect. The President shall execute all bonds, mortgages, contracts and other instruments of the Corporation except where required or permitted by law to be otherwise signed and executed and except that the other officers of the

28

Corporation may sign and execute documents when so authorized by these By-Laws, the Board of Directors or the President. In the absence or disability of the Chairman of the Board, or if there be none, the President shall preside at all meetings of the stockholders and, provided the President is also a director, the Board of Directors. If the Board of Directors shall so designate, the President shall be the Chief Executive Officer of the Corporation. The President shall also perform such other duties and may exercise such other powers as may from time to time be assigned to such officer by these By-Laws or by the Board of Directors.

Section 6.    Vice Presidents. At the request of the President or in the President's absence or in the event of the President's inability or refusal to act, the Vice President, or the Vice Presidents if there is more than one (in the order designated by the Board of Directors), shall perform the duties of the President, and when so acting, shall have all the powers of and be subject to all the restrictions upon the President. Each Vice President shall perform such other duties and have such other powers as the Board of Directors from time to time may prescribe. If there be no Vice President, the Board of Directors shall designate the officer of the Corporation who, in the absence of the President or in the event of the inability or refusal of the President to act, shall perform the duties of the President, and when so acting, shall have all the powers of and be subject to all the restrictions upon the President.

Section 7.    Secretary. The Secretary shall attend all meetings of the Board of Directors and all meetings of stockholders and record all the proceedings thereat in a book or books to be kept for that purpose; the Secretary shall also perform like duties for committees of the Board of Directors when required. The Secretary shall give, or cause to be given, notice of all meetings of the stockholders and special meetings of the Board of Directors, and shall perform such other duties as may be prescribed by the Board of Directors, the Chairman of the Board or the President, under whose supervision the Secretary shall be. If the Secretary shall be unable or shall refuse to cause to be given notice of all meetings of the stockholders and special meetings of the Board of Directors, and if there be no Assistant Secretary, then either the Board of Directors or the President may choose another officer to cause such notice to be given. The Secretary shall see that all books, reports, statements, certificates and other documents and records required by law to be kept or filed are properly kept or filed, as the case may be.

Section 8.    Treasurer. The Treasurer shall have the custody of the corporate funds and securities and shall keep full and accurate accounts of receipts and disbursements in books belonging to the Corporation and shall deposit all moneys and other valuable effects in the name and to the credit of the Corporation in such depositories as may be designated by the Board of Directors. The Treasurer shall disburse the funds of the Corporation as may be ordered by the Board of Directors, taking proper vouchers for such disbursements, and shall render to the President and the Board of Directors, at its regular meetings, or when the Board of Directors so requires, an account of all transactions as Treasurer and of the financial condition of the Corporation. If required by the Board of Directors, the Treasurer shall give the Corporation a bond in such sum and with such surety or sureties as shall be satisfactory to the Board of Directors for the faithful performance of the duties of the office of the Treasurer and for the restoration to the Corporation, in case of the Treasurer's death, resignation, retirement, disqualification or removal from office, of all books, papers, vouchers, money and other property of whatever kind in the Treasurer's possession or under the Treasurer's control belonging to the Corporation.

29

Section 9.     Assistant Secretaries. Assistant Secretaries, if there be any, shall perform such duties and have such powers as from time to time may be assigned to them by the Board of Directors, the President, any Vice President, if there be one, or the Secretary, and in the absence of the Secretary or in the event of the Secretary's disability or refusal to act, shall perform the duties of the Secretary, and when so acting, shall have all the powers of and be subject to all the restrictions upon the Secretary.

Section 10.     Assistant Treasurers. Assistant Treasurers, if there be any, shall perform such duties and have such powers as from time to time may be assigned to them by the Board of Directors, the President, any Vice President, if there be one, or the Treasurer, and in the absence of the Treasurer or in the event of the Treasurer's disability or refusal to act, shall perform the duties of the Treasurer, and when so acting, shall have all the powers of and be subject to all the restrictions upon the Treasurer. If required by the Board of Directors, an Assistant Treasurer shall give the Corporation a bond in such sum and with such surety or sureties as shall be satisfactory to the Board of Directors for the faithful performance of the duties of the office of Assistant Treasurer and for the restoration to the Corporation, in case of the Assistant Treasurer's death, resignation, retirement, disqualification or removal from office, of all books, papers, vouchers, money and other property of whatever kind in the Assistant Treasurer's possession or under the Assistant Treasurer's control belonging to the Corporation.

Section 11.     Other Officers. Such other officers as the Board of Directors may choose shall perform such duties and have such powers as from time to time may be assigned to them by the Board of Directors. The Board of Directors may delegate to any other officer of the Corporation the power to choose such other officers and to prescribe their respective duties and powers.

ARTICLE V

STOCK

Section 1.     Form of Certificates. Every holder of stock in the Corporation shall be entitled to have a certificate signed by, or in the name of the Corporation (a) by the President or a Vice President and (b) by the Treasurer or an Assistant Treasurer, or the Secretary or an Assistant Secretary of the Corporation, certifying the number of shares owned by such stockholder in the Corporation.

Section 2.     Signatures. Any or all of the signatures on a certificate may be a facsimile. In case any officer, transfer agent or registrar who has signed or whose facsimile signature has been placed upon a certificate shall have ceased to be such officer, transfer agent or registrar before such certificate is issued, it may be issued by the Corporation with the same effect as if such person were such officer, transfer agent or registrar at the date of issue.

Section 3.     Lost Certificates. The Board of Directors may direct a new certificate to be issued in place of any certificate theretofore issued by the Corporation alleged to have been lost, stolen or destroyed, upon the making of an affidavit of that fact by the person claiming the certificate of stock to be lost, stolen or destroyed. When authorizing such issue of a new certificate, the Board of Directors may, in its discretion and as a condition precedent to the issuance thereof, require the owner of such lost, stolen or destroyed certificate, or the owner's legal representative,

30

to advertise the same in such manner as the Board of Directors shall require and/or to give the Corporation a bond in such sum as it may direct as indemnity against any claim that may be made against the Corporation with respect to the certificate alleged to have been lost, stolen or destroyed or the issuance of such new certificate.

Section 4.      Transfers. Stock of the Corporation shall be transferable in the manner prescribed by applicable law and in these By-Laws. Transfers of stock shall be made on the books of the Corporation only by the person named in the certificate or by such person's attorney lawfully constituted in writing and upon the surrender of the certificate therefor, properly endorsed for transfer and payment of all necessary transfer taxes; provided however, that such surrender and endorsement or payment of taxes shall not be required in any case in which the officers of the corporation shall determine to waive such requirement. Every certificate exchanged, returned or surrendered to the Corporation shall be marked "cancelled" with the date of cancellation, by the Secretary of the Corporation or the transfer agent thereof. No transfer of stock shall be valid as against the Corporation for any purpose until it shall have been entered in the stock records of the Corporation by an entry showing from and to whom transferred.

Section 5.      Dividend Record Date. In order that the Corporation may determine the stockholders entitled to receive payment of any dividend or other distribution or allotment of any rights or the stockholders entitled to exercise any rights in respect of any change, conversion or exchange of stock, or for the purpose of any other lawful action, the Board of Directors may fix a record date, which record date shall not precede the date upon which the resolution fixing the record date is adopted, and which record date shall be not more than sixty days prior to such action. If no record date is fixed, the record date for determining stockholders for any such purpose shall be at the close of business on the day on which the Board of Directors adopts the resolution relating thereto.

Section 6.      Record Owners. The Corporation shall be entitled to recognize the exclusive right of a person registered on its books as the owner of shares to receive dividends, and to vote as such owner, and to hold liable for calls and assessments a person registered on its books as the owner of shares, and shall not be bound to recognize any equitable or other claim to or interest in such share or shares on the part of any other person, whether or not it shall have express or other notice thereof, except as otherwise required by law.

Section 7.      Transfer and Registry Agents. The Corporation may from time to time maintain one or more transfer offices or agencies and registry offices or agencies at such place or places as may be determined from time to time by the Board of Directors.

ARTICLE VI

NOTICES

Section 1.      Notices. Whenever written notice is required by law, the Certificate of Incorporation or these By-Laws, to be given to any director, member of a committee or stockholder, such notice may be given by mail, addressed to such director, member of a committee or stockholder, at such person's address as it appears on the records of the Corporation, with postage thereon prepaid, and such notice shall be deemed to be given at the time when the same

31

shall be deposited in the United States mail. Without limiting the manner by which notice otherwise may be given effectively to stockholders, any notice to stockholders given by the Corporation under applicable law, the Certificate of Incorporation or these By-Laws shall be effective if given by a form of electronic transmission if consented to by the stockholder to whom the notice is given. Any such consent shall be revocable by the stockholder by written notice to the Corporation. Any such consent shall be deemed to be revoked if (a) the Corporation is unable to deliver by electronic transmission two consecutive notices by the Corporation in accordance with such consent and (b) such inability becomes known to the Secretary or Assistant Secretary of the Corporation or to the transfer agent, or other person responsible for the giving of notice; provided, however, that the inadvertent failure to treat such inability as a revocation shall not invalidate any meeting or other action. Notice given by electronic transmission, as described above, shall be deemed given: (a) if by facsimile telecommunication, when directed to a number at which the stockholder has consented to receive notice; (b) if by electronic mail, when directed to an electronic mail, at which the stockholder has consented to receive notice; (c) if by a posting on an electronic network, together with separate notice to the stockholder of such specific posting, upon the later of (i) such posting and (ii) the giving of such separate notice; and (d) if by any other form of electronic transmission, when directed to the stockholder. Notice to directors or committee members may also be given personally by telegram, telex or cable or by means of electronic transmission.

Section 2.    Waivers of Notice. Whenever any notice is required by applicable law, the Certificate of Incorporation or these By-Laws, to be given to any director, member of a committee or stockholder, a waiver thereof in writing, signed by the person or persons entitled to notice, or a waiver by electronic transmission, by the person or persons entitled to said notice, whether before or after the time stated therein, shall be deemed equivalent thereto. Attendance of a person at a meeting, present in person or represented by proxy, shall constitute a waiver of notice of such meeting, except where the person attends the meeting for the express purpose of objecting at the beginning of the meeting to the transaction of any business because the meeting is not lawfully called or convened. Neither the business to be transacted at, nor the purpose of, any Annual Meeting or Special Meeting or any regular or special meeting of the Board of Directors or committee of the Board of Directors need be specified in any written waiver of notice unless so required by law, the Certificate of Incorporation or these By-Laws.

ARTICLE VII

GENERAL PROVISIONS

Section 1.    Dividends. Dividends upon the capital stock of the Corporation, subject to the requirements of the DGCL and the provisions of the Certificate of Incorporation, if any, may be declared by the Board of Directors at any regular or special meeting of the Board of Directors (or any action by written consent in lieu thereof in accordance with Section 8 of Article III hereof), and may be paid in cash, in property, or in shares of the Corporation's capital stock. Before payment of any dividend, there may be set aside out of any funds of the Corporation available for dividends such sum or sums as the Board of Directors from time to time, in its absolute discretion, deems proper as a reserve or reserves to meet contingencies, or for purchasing any of the shares of capital stock, warrants, rights, options, bond, debentures, notes, scrip or other securities or evidences of indebtedness of the Corporation, or for equalizing dividends, or for repairing or

32

maintaining any property of the Corporation, or for any proper purpose, and the Board of Directors may modify or abolish any such reserve.

Section 2.        Disbursements. All checks or demands for money and notes of the Corporation shall be signed by such officer or officers or such other person or persons as the Board of Directors may from time to time designate.

Section 3.        Fiscal Year. The fiscal year of the Corporation shall be fixed by resolution of the Board of Directors.

Section 4.        Corporate Seal. The Corporation shall not be required to have a corporate seal.

Section 5.        Section Headings. Section headings in these By-Laws are for convenience of reference only and shall not be given any substantive effect in limiting or otherwise construing any provision herein.

Section 6.        Inconsistent Provisions. In the event that any provision of these By-Laws is or becomes inconsistent with any provision of the Certificate of Incorporation, the DGCL or any other applicable law, such provision of these By-Laws shall not be given any effect to the extent of such inconsistency but shall otherwise be given full force and effect.

Section 7.        Audits of Books and Accounts. The Corporation's books and accounts shall be audited at such times and by such auditors as shall be specified and designated by the Board of Directors.

ARTICLE VIII

INDEMNIFICATION

Section 1.        Power to Indemnify in Actions, Suits or Proceedings other than Those by or in the Right of the Corporation. Subject to Section 3 of this Article VIII, the Corporation shall indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative (other than an action by or in the right of the Corporation) by reason of the fact that such person is or was a director or officer of the Corporation, or is or was a director or officer of the Corporation serving at the request of the Corporation as a director or officer, employee or agent of another corporation, partnership, joint venture, trust, employee benefit plan or other enterprise, against expenses (including attorneys' fees), judgments, fines and amounts paid in settlement actually and reasonably incurred by such person in connection with such action, suit or proceeding if such person acted in good faith and in a manner such person reasonably believed to be in or not opposed to the best interests of the Corporation, and, with respect to any criminal action or proceeding, had no reasonable cause to believe such person's conduct was unlawful. The termination of any action, suit or proceeding by judgment, order, settlement, conviction, or upon a plea of nolo contendere or its equivalent, shall not, of itself, create a presumption that the person did not act in good faith and in a manner which such person reasonably believed to be in or not opposed to the best interests of the Corporation, and, with respect to any criminal action or proceeding, had reasonable cause to believe that such person's conduct was unlawful.

33

Section 2.    Power to Indemnify in Actions, Suits or Proceedings by or in the Right of the Corporation. Subject to Section 3 of this Article VIII, the Corporation shall indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action or suit by or in the right of the Corporation to procure a judgment in its favor by reason of the fact that such person is or was a director or officer of the Corporation, or is or was a director or officer of the Corporation serving at the request of the Corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust, employee benefit plan or other enterprise against expenses (including attorneys' fees) actually and reasonably incurred by such person in connection with the defense or settlement of such action or suit if such person acted in good faith and in a manner such person reasonably believed to be in or not opposed to the best interests of the Corporation; except that no indemnification shall be made in respect of any claim, issue or matter as to which such person shall have been adjudged to be liable to the Corporation unless and only to the extent that the Court of Chancery of the State of Delaware or the court in which such action or suit was brought shall determine upon application that, despite the adjudication of liability but in view of all of the circumstances of the case, such person is fairly and reasonably entitled to indemnity for such expenses which the Court of Chancery or such other court shall deem proper.

Section 3.    Authorization of Indemnification. Any indemnification under this Article VIII (unless ordered by a court) shall be made by the Corporation only as authorized in the specific case upon a determination that indemnification of the present or former director or officer is proper in the circumstances because such person has met the applicable standard of conduct set forth in Section 1 or Section 2 of this Article VIII, as the case may be. Such determination shall be made, with respect to a person who is a director or officer at the time of such determination, (a) by a majority vote of the directors who are not parties to such action, suit or proceeding, even though less than a quorum, or (b) by a committee of such directors designated by a majority vote of such directors, even though less than a quorum, or (c) if there are no such directors, or if such directors so direct, by independent legal counsel in a written opinion or (d) by the stockholders. Such determination shall be made, with respect to former directors and officers, by any person or persons having the authority to act on the matter on behalf of the Corporation. To the extent, however, that a present or former director or officer of the Corporation has been successful on the merits or otherwise in defense of any action, suit or proceeding described above, or in defense of any claim, issue or matter therein, such person shall be indemnified against expenses (including attorneys' fees) actually and reasonably incurred by such person in connection therewith, without the necessity of authorization in the specific case.

Section 4.    Good Faith Defined. For purposes of any determination under Section 3 of this Article VIII, a person shall be deemed to have acted in good faith and in a manner such person reasonably believed to be in or not opposed to the best interests of the Corporation, or, with respect to any criminal action or proceeding, to have had no reasonable cause to believe such person's conduct was unlawful, if such person's action is based on the records or books of account of the Corporation or another enterprise, or on information supplied to such person by the officers of the Corporation or another enterprise in the course of their duties, or on the advice of legal counsel for the Corporation or another enterprise or on information or records given or reports made to the Corporation or another enterprise by an independent certified public accountant or by an appraiser or other expert selected with reasonable care by the Corporation or another enterprise. The provisions of this Section 4 shall not be deemed to be exclusive or to limit in any way the

34

circumstances in which a person may be deemed to have met the applicable standard of conduct set forth in Section 1 or Section 2 of this Article VIII, as the case may be.

Section 5.     Indemnification by a Court. Notwithstanding any contrary determination in the specific case under Section 3 of this Article VIII, and notwithstanding the absence of any determination thereunder, any director or officer may apply to the Court of Chancery of the State of Delaware or any other court of competent jurisdiction in the State of Delaware for indemnification to the extent otherwise permissible under Sections 1 and 2 of this Article VIII. The basis of such indemnification by a court shall be a determination by such court that indemnification of the director or officer is proper in the circumstances because such person has met the applicable standards of conduct set forth in Section 1 or Section 2 of this Article VIII, as the case may be. Neither a contrary determination in the specific case under Section 3 of this Article VIII nor the absence of any determination thereunder shall be a defense to such application or create a presumption that the director or officer seeking indemnification has not met any applicable standard of conduct. Notice of any application for indemnification pursuant to this Section 5 shall be given to the Corporation promptly upon the filing of such application. If successful, in whole or in part, the director or officer seeking indemnification shall also be entitled to be paid the expense of prosecuting such application.

Section 6.     Expenses Payable in Advance. Expenses incurred by a director or officer in defending any civil, criminal, administrative or investigative action, suit or proceeding shall be paid by the Corporation in advance of the final disposition of such action, suit or proceeding upon receipt of an undertaking by or on behalf of such director or officer to repay such amount if it shall ultimately be determined that such person is not entitled to be indemnified by the Corporation as authorized in this Article VIII. Such expenses (including attorneys' fees) incurred by former directors and officers or other employees and agents may be so paid upon such terms and conditions, if any, as the Corporation deems appropriate.

Section 7.     Nonexclusivity of Indemnification and Advancement of Expenses. The indemnification and advancement of expenses provided by or granted pursuant to this Article VIII shall not be deemed exclusive of any other rights to which those seeking indemnification or advancement of expenses may be entitled under the Certificate of Incorporation, any By-Law, agreement, vote of stockholders or disinterested directors or otherwise, both as to action in such person's official capacity and as to action in another capacity while holding such office, it being the policy of the Corporation that indemnification of the persons specified in Section 1 and Section 2 of this Article VIII shall be made to the fullest extent permitted by law. The provisions of this Article VIII shall not be deemed to preclude the indemnification of any person who is not specified in Section 1 or Section 2 of this Article VIII but whom the Corporation has the power or obligation to indemnify under the provisions of the DGCL, or otherwise.

Section 8.     Insurance. The Corporation may purchase and maintain insurance on behalf of any person who is or was a director or officer of the Corporation, or is or was a director or officer of the Corporation serving at the request of the Corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust, employee benefit plan or other enterprise against any liability asserted against such person and incurred by such person in any such capacity, or arising out of such person's status as such, whether or not the Corporation would

35

have the power or the obligation to indemnify such person against such liability under the provisions of this Article VIII.

Section 9.      Certain Definitions. For purposes of this Article VIII, references to "the Corporation" shall include, in addition to the resulting corporation, any constituent corporation (including any constituent of a constituent) absorbed in a consolidation or merger which, if its separate existence had continued, would have had power and authority to indemnify its directors or officers, so that any person who is or was a director or officer of such constituent corporation, or is or was a director or officer of such constituent corporation serving at the request of such constituent corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust, employee benefit plan or other enterprise, shall stand in the same position under the provisions of this Article VIII with respect to the resulting or surviving corporation as such person would have with respect to such constituent corporation if its separate existence had continued. The term "another enterprise" as used in this Article VIII shall mean any other corporation or any partnership, joint venture, trust, employee benefit plan or other enterprise of which such person is or was serving at the request of the Corporation as a director, officer, employee or agent. For purposes of this Article VIII, references to "fines" shall include any excise taxes assessed on a person with respect to an employee benefit plan; and references to "serving at the request of the Corporation" shall include any service as a director, officer, employee or agent of the Corporation which imposes duties on, or involves services by, such director or officer with respect to an employee benefit plan, its participants or beneficiaries; and a person who acted in good faith and in a manner such person reasonably believed to be in the interest of the participants and beneficiaries of an employee benefit plan shall be deemed to have acted in a manner "not opposed to the best interests of the Corporation" as referred to in this Article VIII.

Section 10.      Survival of Indemnification and Advancement of Expenses. The indemnification and advancement of expenses provided by, or granted pursuant to, this Article VIII shall, unless otherwise provided when authorized or ratified, continue as to a person who has ceased to be a director or officer and shall inure to the benefit of the heirs, executors and administrators of such a person.

Section 11.      Limitation on Indemnification. Notwithstanding anything contained in this Article VIII to the contrary, except for proceedings to enforce rights to indemnification (which shall be governed by Section 5 of this Article VIII), the Corporation shall not be obligated to indemnify any director or officer (or his or her heirs, executors or personal or legal representatives) or advance expenses in connection with a proceeding (or part thereof) initiated by such person unless such proceeding (or part thereof) was authorized or consented to by the Board of Directors.

Section 12.      Indemnification of Employees and Agents. The Corporation may, to the extent authorized from time to time by the Board of Directors, provide rights to indemnification and to the advancement of expenses to employees and agents of the Corporation similar to those conferred in this Article VIII to directors and officers of the Corporation.

Section 13.      Contractual Nature of Article VIII; Repeal or Limitation of Rights. This Article VIII shall be deemed to be a contract between the Corporation and each director or officer of the Corporation and any repeal or other limitation of this Article VIII or any repeal or limitation of Section 145 of the DGCL or any other applicable law shall not limit any rights of

indemnification or advancement of expenses under this Article VIII then existing or arising out of events, acts or omissions occurring prior to such repeal or limitation, including, without limitation, the right to indemnification or advancement of expenses under this Article VIII for actions, suits or proceedings commenced after such repeal or limitation to enforce this Article VIII with regard to acts, omissions or events arising prior to such repeal or limitation. If Section 145 of the DGCL is amended to permit or require the Corporation to provide broader indemnification rights than this Article VIII permits or requires, then this Article VIII shall be automatically amended and deemed to incorporate such broader indemnification rights.

Section 14.    Severability. If any provision of these By-Laws shall be deemed invalid, illegal or inoperative, or if a court of competent jurisdiction determines that any of the provisions of these By-Laws contravene public policy, then these By-Laws shall be construed so that the remaining provisions shall not be affected, but shall remain in full force and effect, and any such provisions which are invalid, illegal or inoperative or which contravene public policy shall be deemed, without further action or deed by or on behalf of the Corporation, to be modified, amended and/or limited, but only to the extent necessary to render the same valid and enforceable; it being understood that it is the Corporation's intention to provide the directors and officers of the Corporation with the broadest possible protection against personal liability allowable under Section 145 of the DGCL.

## ARTICLE IX

## AMENDMENTS

Section 1.    Amendments. In furtherance and not in limitation of the powers conferred upon it by the laws of the State of Delaware, the Board of Directors shall have the power to adopt, amend, alter or repeal these By-Laws. The affirmative vote of at least a majority of the entire Board of Directors shall be required to adopt, amend, alter or repeal these By-Laws. These By-Laws also may be adopted, amended, altered or repealed by the affirmative vote of the holders of at a majority of the voting power of the shares entitled to vote at an election of directors.

Section 2.    Entire Board of Directors. As used in this Article IX and in these By-Laws generally, the term "entire Board of Directors" means the total number of directors which the Corporation would have if there were no vacancies.

## ARTICLE X

## EMERGENCY BY-LAWS

Section 1.    Emergency By-Laws.

(a)    During periods of emergency resulting from an attack on the United States or on a locality in which the Corporation conducts its business or customarily holds meetings of its Board of Directors or its stockholders, or during any nuclear or atomic disaster, or during the existence of any emergency, catastrophe, as referred to in Section 110 of the DGCL or other similar emergency condition, and a quorum of the Board of Directors cannot readily be convened, the provisions of this Article X shall apply.

37

(b)     Whenever, during such emergency and as a result thereof, a quorum of the Board of Directors or a standing or special committee thereof cannot readily be convened for action, a meeting of such Board of Directors or committee thereof may be called by any officer of the Corporation or director by a notice of the time and place given only to such of the directors as it may be feasible to reach at the time and by such means as may be feasible at the time, including publications or radio. Three directors in attendance at the meeting shall constitute a quorum; provided, however, that the officers of the Corporation or other persons present who have been designated on a list approved by the Board of Directors before the emergency, all in such order of priority and subject to such conditions and for such period of time as may be provided in the resolution approving such list, or in the absence of such a resolution, the officers of the Corporation who are present, in order of rank, and within the same rank in order of seniority, shall to the extent required to provide a quorum be deemed directors for such meeting.

(c)     The Board of Directors, both before or during any such emergency, may provide and modify lines of succession in the event that during such emergency any or all officers or agents of the Corporation shall for any reason be rendered incapable of discharging their duties.

(d)     The Board of Directors, both before or during any such emergency, may, effective as of the emergency, change the principal executive office or designate several alternative principal executive offices or regional offices or authorize the officers of the Corporation so to do.

(e)     No director or officer or employee of the Corporation acting in accordance with this Article XI shall be liable for any act or failure to act, except for willful misconduct.

(f)     To the extent that it considers it practical to do so, the Board of Directors shall manage the business of the Corporation during an emergency in a manner that is consistent with the Certificate and these By-Laws. It is recognized, however, that in an emergency it may not always be practical to act in this manner and this Article X is intended to and does hereby empower the Board of Directors with the maximum authority possible under the DGCL, and all other applicable law, to conduct the interim management of the affairs of the Corporation in an emergency in what it considers to be the best interests of the Corporation.

(g)     This Article X shall continue to apply until such time following the emergency when it is feasible for at least a majority of the directors of the Corporation immediately prior to the emergency to resume management of the business of the Corporation.

(h)     To the extent not inconsistent with this Article X, all other Articles of these By-Laws shall remain in effect during any emergency described in this Article X and, upon termination of the emergency (to be determined by the Board of Directors in its sole discretion), the provisions of this Article X shall cease to be operative.

* * *

Last amended as of [●], 2020.

38

## Exhibit B

**Exit Facility Revolving Loan Commitment Letter**

*Execution Version*

JPMORGAN CHASE BANK, N.A.
270 PARK AVENUE
NEW YORK, NEW YORK 10017

July 18, 2020

Whiting Oil and Gas Corporation
1700 Broadway Street, Suite 2300
Denver, Colorado 80290
Attention:  Correne Loeffler, Chief Financial Officer

<u>Whiting Oil and Gas Corporation</u>
<u>Senior Secured Reserve-Based Exit Revolving Credit Facility</u>
<u>Commitment Letter</u>

Ladies and Gentlemen:

JPMorgan Chase Bank, N.A. ("<u>JPMorgan</u>", the "<u>Commitment Party</u>", "<u>we</u>" or "<u>us</u>") understand that, on April 1, 2020, Whiting Oil and Gas Corporation, a Delaware corporation ("<u>you</u>" or the "<u>Borrower</u>"), Whiting Petroleum Corporation, a Delaware corporation (the "<u>Parent</u>") and certain of the Borrower's subsidiaries (together with the Borrower and the Parent, collectively, the "<u>Debtors</u>") filed voluntary petitions to commence cases (jointly administered under Case No. 20-32021 (DRJ), the "<u>Chapter 11 Cases</u>") under title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Southern District of Texas (the "<u>Bankruptcy Court</u>"), in order to implement a restructuring of the Debtors pursuant to  Joint Chapter 11 Plan of Reorganization of Whiting Petroleum Corporation Its Debtor Affiliates, filed July 1, 2020 Docket No. 576 substantially in the form of <u>Exhibit A</u> attached hereto (the "<u>Plan</u>").

Reference is made in this letter to that certain Seventh Amended and Restated Credit Agreement, dated as of April 12, 2018, among the Parent, the Borrower, JPMorgan, as administrative agent, the lenders from time to time party thereto (the "<u>Existing RBL Lenders</u>") and the other parties from time to time party thereto (as amended, amended and restated, supplemented or otherwise modified prior to the date hereof, the "<u>Existing RBL Credit Agreement</u>").

In connection with the foregoing, the Borrower has (a) advised JPMorgan that it seeks to obtain a $1.50 billion senior secured reserve-based exit revolving credit facility on terms and conditions set forth on <u>Exhibit B</u> attached hereto (the "<u>RBL Facility Term Sheet</u>") and otherwise satisfactory to it and the Commitment Party (the "<u>RBL Facility</u>") with an initial borrowing base in an amount no greater than $750.0 million (the "<u>Initial Borrowing Base</u>"), (b) requested that Commitment Party commit to provide a portion of the RBL Facility as set forth herein and (c) requested that JPMorgan serve as sole administrative agent for the RBL Facility. This letter, <u>Exhibit A</u> attached hereto, the RBL Facility Term Sheet and <u>Exhibit C</u> attached hereto, are hereinafter collectively referred to as the "<u>Commitment Letter</u>". Capitalized terms used in this letter but not defined herein shall have the meanings given to them in the Exhibits attached hereto. The transactions contemplated by this Commitment Letter shall be hereinafter referred to as the "<u>Transactions</u>".

1

1.  <u>Commitments</u>

In connection with the Transactions, the Commitment Party is pleased to advise you of its (a) commitment to provide $64,285,713.32 of the Elected Commitment Amount under the RBL Facility (the Commitment Party, in such capacity, the "<u>Initial Lender</u>") and (b) agreement (i) to use commercially reasonable efforts to obtain commitments to the Elected Commitment Amount from each Existing RBL Lender, in each case, in an amount such that its ratable share of the Elected Commitment Amount under the RBL Facility is equal to its ratable share of the commitments under the Existing RBL Credit Agreement (as in effect immediately prior to the commencement of the Chapter 11 Cases) and (ii) if the commitments to the Elected Commitment Amount described in <u>clause (i)</u> cannot be obtained, to use commercially reasonable efforts to assemble a syndicate of Lenders (as defined below) to provide the balance of the necessary commitments to the Elected Commitment Amount for the RBL Facility, in the case of each of <u>clauses (a)</u> and <u>(b)</u>, upon the terms and subject to the conditions set forth or referred to in this Commitment Letter. It is a condition to the Commitment Party's commitment in <u>clause (a)</u> above that the portion of the RBL Facility not being provided by the Commitment Party shall be provided by the other Lenders (including any Existing RBL Lenders). Nothing herein should be construed as a guarantee that the RBL Facility will be successfully arranged and consummated and that any additional commitments to the Elected Commitment Amount can be obtained.

2.  <u>Titles and Roles</u>

It is agreed that JPMorgan will act as a lead arranger and bookrunner for the RBL Facility (acting in such capacities, the "<u>Lead Arranger</u>"); <u>provided</u> that the Borrower agrees that JPMorgan may perform its responsibilities hereunder through its affiliate, J.P. Morgan Securities LLC and (b) JPMorgan will act as sole administrative agent (acting in such capacity, the "<u>Administrative Agent</u>") for the RBL Facility.

It is further agreed that JPMorgan shall have "left side" designation and shall appear on the top left in any and all marketing materials or other documentation used in connection with the RBL Facility and shall hold the leading role and responsibilities conventionally associated with such "top left" placement, including maintaining the sole physical books for the RBL Facility. You agree that no other agents, co-agents, arrangers, co-arrangers, bookrunners, co-bookrunners, managers or co-managers will be appointed, no other titles will be awarded and no compensation (other than as expressly contemplated by this Commitment Letter (including as set forth under the heading "Joint Lead Arrangers and Bookrunners" in the RBL Facility Term Sheet) and the Fee Letters referred to below) will be paid in connection with the RBL Facility unless you and the Lead Arranger shall so agree (it being understood and agreed that no other agent, co-agent, arranger, co-arranger, bookrunner, co-bookrunner, manager or co-manager shall be entitled to greater economics in respect of the RBL Facility than the Commitment Party).

3.  <u>Syndication; Information</u>

The Lead Arranger intends to syndicate the RBL Facility (including, in our discretion, all or part of the Commitment Party's commitment hereunder) to a group of financial institutions (including the Existing RBL Lenders) identified by us in consultation with you, and, other than in the case of any Existing RBL Lender, subject to your consent (not to be unreasonably withheld, conditioned or delayed) (together with the Initial Lender, the "<u>Lenders</u>").

The Lead Arranger intends to commence syndication efforts promptly upon the execution of this Commitment Letter, and you agree to actively assist the Lead Arranger in completing a syndication reasonably satisfactory to it and you. Such assistance shall include (a) your using commercially reasonable efforts to ensure that the syndication efforts benefit materially from your existing lending relationships, (b) direct contact between senior management and advisors of the Borrower and the proposed Lenders, (c) the

2

hosting, with the Lead Arranger, of one or more meetings of prospective Lenders at reasonable times and upon reasonable notice and (d) your assistance in the preparation of customary materials to be used in connection with the syndication (collectively with the RBL Facility Term Sheet, the "Information Materials"). You hereby authorize the Lead Arranger to download copies of the Borrower's trademark logos from its website and post copies thereof and any Information Materials to a deal site on IntraLinks™, DebtDomain, SyndTrak, ClearPar or any other electronic platform chosen by the Lead Arranger to be its electronic transmission system  (an "Electronic Platform") established by the Lead Arranger to syndicate the RBL Facility, and to use the Borrower's trademark logos on any confidential information memoranda, presentations and other marketing materials prepared in connection with the syndication of the RBL Facility or, with your consent (which consent not to be unreasonably withheld, conditioned or delayed),  in any advertisements that we may place after the Closing Date in financial and other newspapers, journals, the World Wide Web, home page or otherwise, at their own expense describing its services to the Borrower hereunder.  You also understand and acknowledge that we may provide to market data collectors, such as league table, or other service providers to the lending industry, information regarding the Closing Date, size, type, purpose of, and parties to, the RBL Facility.

The Lead Arranger will manage all aspects of the syndication in consultation with you, including decisions as to (a) the selection of institutions to be approached and when they will be approached (subject, other than in the case of any Existing RBL Lender, to your consent, not to be unreasonably withheld, conditioned or delayed), (b) when commitments will be accepted, (c) which institutions will participate (subject, other than in the case of any Existing RBL Lender, to your consent, not to be unreasonably withheld, conditioned or delayed), (d) the allocation of the commitments among the Lenders and (e) the amount and distribution of fees among the Lenders. You hereby acknowledge and agree that the Lead Arranger will have no responsibility other than to arrange the syndication of the RBL Facility as set forth herein and to perform the other obligations to be performed by the Lead Arranger as set forth herein, and the Lead Arranger is acting solely in the capacity of an arm's length contractual counterparty to you with respect to the arrangement of the RBL Facility (including in connection with determining the terms of the RBL Facility) and not as a financial advisor or a fiduciary to, or an agent of, the Borrower or any other person.

To assist the Lead Arranger in its syndication efforts, you agree promptly to prepare and provide to the Lead Arranger all information with respect to the Parent, the Borrower, its subsidiaries and the Transactions, including all financial information and projections (such projections and all other forward-looking information, the "Projections"), as we may reasonably request in connection with the arrangement and syndication of the RBL Facility (for the avoidance of doubt, you will not be required to provide any such information to the extent the provision thereof would violate any applicable law, rule or regulation or any obligation of confidentiality owed to a third party with respect to such information that is binding you or your affiliates).  You hereby represent and warrant to the Commitment Party that (a) all written information other than the Projections and information of a general economic or general industry nature (such non-excluded information, the "Information") that has been or will be made available to the Lead Arranger by you or any of your representatives in connection with the transactions contemplated hereby, when taken as a whole, does not or will not, when furnished, contain any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements contained therein not materially misleading in light of the circumstances under which such statements are made (giving effect to all supplements thereto from time to time furnished prior to the launch of general solicitation and syndication efforts) and (b) the Projections that have been or will be made available to the Lead Arranger by you or any of your representatives in connection with the transaction contemplated hereby have been or will be prepared in good faith based upon reasonable assumptions believed by you to be reasonable at the time furnished to us (it being recognized by the Lead Arranger that such Projections are not to be viewed as facts and that actual results during the period or periods covered by any such Projections may differ from the projected results, and such differences may be material). If, at any time prior to the Closing Date, you

3

become aware that any of the representations and warranties in the preceding sentence would be incorrect in any material respect if the Information or Projections were being furnished at such time, and such representations and warranties were being made at such time, then you agree to promptly supplement the Information and/or Projections so that the representations when remade would be correct in all material respects under those circumstances. You understand that in arranging and syndicating the RBL Facility we may use and rely on the Information and Projections without independent verification thereof.

If requested, you also will assist us in preparing an additional version of the Information Materials (the "Public-Side Version") to be used by prospective Lenders' public-side employees and representatives ("Public-Siders") who do not wish to receive material non-public information (within the meaning of United States federal securities laws) with respect to the Borrower, its affiliates and any of their respective securities ("MNPI") and who may be engaged in investment and other market related activities with respect to the Borrower's or its affiliates' securities or loans. Before distribution of any Information Materials, you agree to execute and deliver to us (a) a customary letter in which you authorize distribution of the Information Materials to a prospective Lender's employees willing to receive MNPI ("Private-Siders") and (b) a separate customary letter in which you authorize distribution of the Public-Side Version to Public-Siders and represent that either (i) no MNPI is contained therein or (ii) neither the Borrower, nor any of its controlling or controlled entities has any debt or equity securities issued pursuant to a public offering or Rule 144A private placement and agree that if the Borrower, or any of its controlling or controlled entities is the issuer of any debt or equity securities issued pursuant to a public offering or Rule 144A private placement thereafter, you will publicly disclose any information contained in the Information Materials delivered to Public-Siders that constitutes MNPI at such time and, in the case of both clauses (a) and (b), exculpating us and our affiliates and the Borrower and its affiliates from any liability related to the use of the contents of the Information Materials by the recipients thereof. You also acknowledge that publishing debt analysts employed by JPMorgan and its affiliates who are Public-Siders may participate in any meetings or telephone conference calls held pursuant to clause (c) of the first paragraph of this Section 3; provided that such analysts shall not publish any information obtained from such meetings or calls in violation of any confidentiality agreement between you and the Lead Arranger.

The Borrower agrees that the following documents may be distributed to both Private-Siders and Public-Siders, unless the Borrower advises the Lead Arranger in writing (including by email) within a reasonable time prior to their intended distribution that such materials should only be distributed to Private-Siders: (a) administrative materials prepared by the Lead Arranger for prospective Lenders (such as a lender meeting invitation, bank allocation, if any, and funding and closing memoranda), (b) term sheets summarizing the RBL Facility's terms and notification of changes in the RBL Facility's terms and (c) drafts and final versions of the Loan Documents and other materials prepared by the Lead Arranger for prospective Lenders (such as lender meeting invitations, allocations and funding and closing memoranda). If you advise us that any of the foregoing should be distributed only to Private-Siders, then Public-Siders will not receive such materials without further discussions with you.

4.  Fees

As consideration for the commitment and agreements of the Commitment Party hereunder and the Lead Arranger's agreement to perform the services described herein, you agree to pay or cause to be paid the nonrefundable fees described in the Arranger Fee Letter and Upfront Fee Letter, each dated as of the date hereof and delivered herewith (collectively, the "Fee Letters") on the terms and subject to the conditions set forth therein.

You agree that, once paid, the fees or any part thereof payable under the Fee Letters shall not be refundable under any circumstances, regardless of whether the transactions contemplated by this Commitment Letter are consummated, except as otherwise agreed in writing by you and JPMorgan. All

4

fees payable hereunder and under the Fee Letters shall be paid in immediately available funds in U.S. Dollars and shall not be subject to reduction by way of withholding, setoff or counterclaim or be otherwise affected by any claim or dispute related to any other matter. In addition, all fees payable hereunder shall be paid without deduction for any taxes, levies, imposts, duties, deductions, charges or withholdings imposed by any national, state or local taxing authority.

5.   Conditions

JPMorgan's commitment hereunder and its agreement to perform the services described herein are subject to (a) our not becoming aware after the date hereof of any information or other matter affecting the Borrower or the transactions contemplated hereby which is inconsistent in a material and adverse manner with any such information or other matter disclosed to us prior to the date hereof, (b) there having not occurred a material disruption of or material adverse change in financial, banking or capital market conditions that, in our reasonable judgment, could materially impair the primary syndication of the RBL Facility, (c) our satisfaction that prior to and during the syndication of the RBL Facility there shall be no competing offering, placement or arrangement of any debt securities or bank financing by or on behalf of the Borrower or any affiliate thereof, (d) obtaining the balance of the Elected Commitment Amount for the RBL Facility from Lenders other than the Initial Lender and (e) the other conditions set forth or referred to in Exhibit C attached hereto. The terms and conditions of the Commitment Party's commitments hereunder and of the RBL Facility are not limited to those set forth in this Commitment Letter. Those matters that are not covered by the provisions of this Commitment Letter are subject to the approval of the Commitment Party and the Borrower.

6.   Indemnification and Expenses

You agree that (a) in no event shall any of the Commitment Party, the Lead Arranger and any other arrangers or agents in respect of the RBL Facility appointed pursuant to this Commitment Letter, and their respective affiliates and their respective officers, directors, employees, advisors, and agents (each, and including, without limitation, JPMorgan, an "Arranger-Related Person") have any Liabilities, on any theory of liability, for any special, indirect, consequential or punitive damages incurred by you, your affiliates or your respective equity holders arising out of, in connection with, or as a result of, this Commitment Letter, the Fee Letters or any other agreement or instrument contemplated hereby and (b) no Arranger-Related Person shall have any Liabilities arising from, or be responsible for, the use by others of Information or other materials (including, without limitation, any personal data) obtained through electronic, telecommunications or other information transmission systems, including any electronic platform or otherwise via the internet; provided that, nothing in this paragraph shall relieve you of any obligation you may have to indemnify an Indemnified Person, as provided in the immediately subsequent paragraph below, against any special, indirect, consequential or punitive damages asserted against such Indemnified Person by a third party.  You agree, to the extent permitted by applicable law, to not assert any claims against any Arranger-Related Person with respect to any of the foregoing.  As used herein, the term "Liabilities" shall mean any losses, claims (including intraparty claims), demands, damages or liabilities of any kind.

You agree (a) to indemnify and hold harmless the Commitment Party, the Lead Arranger and any other arrangers or agents in respect of the RBL Facility appointed pursuant to the Commitment Letter, their affiliates and their respective directors, officers, employees, advisors, agents and other representatives (each, including, without limitation, JPMorgan, an "indemnified person") from and against any and all Liabilities and related expenses to which any such indemnified person may become subject arising out of or in connection with this Commitment Letter, the Chapter 11 Cases, the Fee Letters, the RBL Facility, the use of the proceeds thereof or the Transactions (or any related transaction) or the activities performed or the commitments or services furnished pursuant to this Commitment Letter or the role of the Commitment Party or the Lead Arranger in connection therewith or in connection with any prospective or actual claim,

5

litigation, investigation, arbitration or administrative, judicial or regulatory action or proceeding in any jurisdiction relating to the foregoing (including in relation to enforcing the terms of the preceding paragraph above and the terms of this paragraph, each a "Proceeding") regardless of whether or not any indemnified person is a party thereto, whether or not such Proceedings are brought by you, your equity holders, affiliates, creditors or any other person, and to reimburse each indemnified person upon written demand with customary backup documentation for any reasonable and documented out-of-pocket expenses incurred in connection with investigating or defending any of the foregoing (limited, in the case of legal counsel, to the reasonable fees, disbursements and other charges of a single outside counsel to all such indemnified persons, taken as a whole, including (if necessary) one local counsel for all such indemnified persons in each relevant jurisdiction and one regulatory counsel to all such indemnified persons, taken as a whole, and, solely in the event of an actual or perceived conflict of interest, one additional counsel (and, if necessary, one regulatory counsel and one local counsel in each relevant jurisdiction) to each group of similarly situated affected indemnified persons), provided that the foregoing indemnity will not, as to any indemnified person, apply (i) to Liabilities or related expenses to the extent they are found by a final, nonappealable judgment of a court of competent jurisdiction to primarily result from the willful misconduct or gross negligence of such indemnified person or any of its controlled affiliates, directors, officers or employees in performing its activities or in furnishing its commitments or services under this Commitment Letter, (ii) to Liabilities or related expenses to the extent they are found by a final, nonappealable judgment of a court of competent jurisdiction to arise from a material breach of the funding obligations of such indemnified person or any of its controlled affiliates under this Commitment Letter or (iii) to the extent arising from any dispute solely among indemnified persons (other than a Proceeding against any indemnified person in its capacity or in fulfilling its role as Lead Arranger, administrative agent, bookrunner, lender or any other similar role in connection with this Commitment Letter, the Fee Letters, the RBL Facility or the use of the proceeds thereof) not arising out of any act or omission on the part of you or your affiliates and (b) regardless of whether the Closing Date occurs, to reimburse the Commitment Party and its affiliates for all reasonable and documented out-of-pocket expenses (including, without limitation, due diligence expenses, syndication expenses, consultant's fees and expenses, travel expenses, and fees, charges, expenses and disbursements of legal counsel; but limited, in the case of legal counsel, to the reasonable fees, disbursements and other charges of a single outside counsel to the Commitment Party and its affiliates, taken as a whole, and (if necessary) one local counsel in each relevant jurisdiction and one regulatory counsel to all such persons, taken as a whole, and, solely in the event of an actual or perceived conflict of interest, one additional outside counsel (and, if necessary, one regulatory counsel and one local counsel in each relevant jurisdiction) to each group of similarly situated affected persons) incurred in connection with the Chapter 11 Cases, the RBL Facility and any related documentation (including this Commitment Letter, the Fee Letters and the definitive financing documentation in connection with the RBL Facility) or the administration, amendment, modification or waiver thereof.  You further agree to pay all reasonable and documented out-of-pocket costs and expenses of the Commitment Party and its affiliates (including, without limitation, reasonable and documented fees and disbursements of counsel) incurred in connection with the enforcement of any of its rights and remedies hereunder. It is further agreed that the Commitment Party shall only have liability to you (as opposed to any other person) and that the Commitment Party shall be liable solely in respect of its own commitment to the RBL Facility on a several, and not joint, basis with any other party committing to the RBL Facility.

You shall not, without the prior written consent of an indemnified person (which consent shall not be unreasonably withheld, denied, conditioned or delayed), effect any settlement of any pending or threatened Proceedings in respect of which indemnity could have been sought hereunder by such indemnified person unless (a) such settlement includes an unconditional release of such indemnified person in form and substance reasonably satisfactory to such indemnified person from all liability on claims that are the subject matter of such Proceedings and (b) does not include any statement as to or any admission of fault, culpability or a failure to act by or on behalf of any indemnified person or any injunctive relief or other non-monetary remedy.  You acknowledge that any failure to comply with your obligations under the

6

preceding sentence may cause irreparable harm to the indemnified persons. In case any Proceeding is instituted involving any indemnified person for which indemnification is to be sought hereunder by such indemnified person, then such indemnified person will promptly notify you of the commencement of any Proceeding; provided that the failure to provide such notice shall not relive you of your obligations under this Section 6.

The expense reimbursements and indemnification provisions of this Commitment Letter shall constitute administrative expenses under Sections 503(b)(1) and 507(a)(2) of the Bankruptcy Code in the Chapter 11 Cases without the need to file any motion (other than any motion as may be necessary to obtain the approvals of this Commitment Letter and the Fee Letters), application or proof of claim and notwithstanding any administrative claims bar date, and shall be immediately payable in accordance with the terms hereof upon the entry of an order of the Bankruptcy Court approving this Commitment Letter and the Fee Letters (which may be the Confirmation Order (as defined in the Plan)).

7.   Sharing of Information, Affiliate Activities, Absence of Fiduciary Relationships

The Commitment Party may employ the services of its affiliates in providing certain services hereunder and, in connection with the provision of such services, may exchange with such affiliates information concerning you and the other companies that may be the subject of the transactions contemplated by this Commitment Letter, and, to the extent so employed, such affiliates shall be entitled to the benefits, and be subject to the obligations, of the Commitment Party hereunder.  The Commitment Party shall be responsible for its affiliates' failure to comply with such obligations under this Commitment Letter.

You acknowledge that the Commitment Party and its affiliates may be providing debt financing, equity capital or other services (including financial advisory services) to other companies in respect of which you may have conflicting interests regarding the transactions described herein and otherwise. The Commitment Party will not use confidential information obtained from, or provided on behalf of, you or any of your affiliates and subsidiaries by virtue of the transactions contemplated by this Commitment Letter or its other relationships with you in connection with the performance by the Commitment Party of services for other companies, and neither the Commitment Party nor any of its affiliates will furnish any such information to other companies. You also acknowledge that the Commitment Party does not have any obligation to use in connection with the transactions contemplated by this Commitment Letter, or to furnish to you, confidential information obtained from other companies.

You agree that the Commitment Party will act under this Commitment Letter as an independent contractor and that nothing in this Commitment Letter will be deemed to create an advisory, fiduciary or agency relationship or fiduciary or other implied duty between the Commitment Party, on the one hand, and you and your respective equity holders or your and their respective affiliates on the other hand.  You acknowledge and agree that (a) the transactions contemplated by this Commitment Letter are arm's-length commercial transactions between the Commitment Party and, if applicable, its affiliates, on the one hand, and you, on the other, (b) in connection therewith and with the process leading to such transaction the Commitment Party and, if applicable, each of its affiliates, is acting solely as a principal and has not been, is not and will not be acting as an advisor, agent or fiduciary of you, your management, equity holders, creditors, affiliates or any other person and (c) with respect to the transactions contemplated hereby or the process leading thereto, the Commitment Party and, if applicable, its affiliates, has not assumed (i) an advisory or fiduciary responsibility in favor of you or your affiliates (irrespective of whether the Commitment Party or any of its affiliates has advised or is currently advising you or your affiliates on other matters (which, for the avoidance of doubt, includes acting as a financial advisor to the Borrower or any of its affiliates in respect of any transaction related hereto)) or (ii) any other obligation except the obligations expressly set forth in this Commitment Letter.  You further acknowledge and agree that (1) you are responsible for making your own independent judgment with respect to such transactions and the process

7

leading thereto, (2) you are capable of evaluating and understand and accept the terms, risks and conditions of the transactions contemplated hereby, and the Commitment Party shall have no responsibility or liability to you with respect thereto, and (3) the Commitment Party is not advising the Borrower as to any legal, tax, investment, accounting, regulatory or any other matters in any jurisdiction, and you shall consult with your own advisors concerning such matters and you shall be responsible for making your own independent investigation and appraisal of the transactions contemplated hereby.  Any review by the Commitment Party or any of its affiliates of the Borrower, the transactions contemplated hereby or other matters relating to such transactions will be performed solely for the benefit of the Commitment Party and shall not be on behalf of the Borrower.  The Borrower agrees that it will not claim that the Commitment Party has rendered any advisory services or assert any claim against the Commitment Party based on an alleged breach of fiduciary duty by the Commitment Party in connection with this Commitment Letter and the transactions contemplated hereby or assert any claim based on any actual or potential conflict of interest that might be asserted to arise or result from the engagement of the Commitment Party or any of its affiliates acting as a financial advisor to the Borrower or any of its affiliates, on the one hand, and the engagement of the Commitment Party hereunder and the transactions contemplated hereby, on the other hand.

You further acknowledge that the Commitment Party is a full service securities and banking firm engaged in securities trading and brokerage activities as well as providing investment banking and other financial services. In the ordinary course of business, the Commitment Party and/or its affiliates may provide investment banking and other financial services to, and/or acquire, hold or sell, for its own accounts and the accounts of customers, equity, debt and other securities and financial instruments (including bank loans and other obligations) of, you and other companies with which you may have commercial or other relationships. With respect to any securities and/or financial instruments so held by the Commitment Party, its affiliates or any of its respective customers, all rights in respect of such securities and financial instruments, including any voting rights, will be exercised by the holder of the rights, in its sole discretion.

8.  Confidentiality

This Commitment Letter is delivered to you on the understanding that neither this Commitment Letter nor any Fee Letter nor any of their terms or substance shall be disclosed by you, directly or indirectly, to any other person, except (a) to you and your officers, directors, employees, affiliates, members, partners, stockholders, attorneys, accountants, agents and advisors, in each case on a confidential and need-to-know basis, (b) in any legal, judicial or administrative proceeding or as otherwise required by law or regulation or as requested by a governmental or regulatory authority (in which case you agree, to the extent permitted by law, to inform us promptly in advance thereof), in each case excluding disclosure in the context of the Chapter 11 Cases, which shall be governed by the last sentence of this paragraph, (c) if the Commitment Party consents in writing to such proposed disclosure (which may include through electronic means), (d) to the extent reasonably necessary in connection with the enforcement of your rights hereunder or under the Fee Letters, and (e) upon notice to us, this Commitment Letter and the existence and contents hereof (but not the Fee Letters or the contents thereof other than the existence thereof and the contents thereof as part of projections, pro forma information and a generic disclosure of aggregate sources and uses to the extent customary in required filings) may be disclosed in connection with the arrangement or syndication of the RBL Facility or in connection with any public filing. Notwithstanding anything to the contrary in the foregoing, you shall be permitted to file the Fee Letters with the Bankruptcy Court under seal in form and substance reasonably satisfactory to JPMorgan or in a redacted manner in form and substance reasonably satisfactory to JPMorgan and provide an unredacted copy of the Fee Letters to the Bankruptcy Court, the Office of the United States Trustee and (x) advisors to the official committee of unsecured creditors appointed in the Chapter 11 Cases and (y) Paul, Weiss, Rifkind, Wharton and Garrison LLP, as counsel to the holders of the Notes (as defined in the Plan); provided, that the disclosure to the advisors described in the foregoing clauses (x) and (y) is on a confidential, "professionals only" basis.

The Commitment Party will treat all non-public information provided to it by or on behalf of you in connection with the transactions contemplated hereby confidentially and shall not publish, disclose or otherwise divulge, such information; provided that nothing herein shall prevent the Commitment Party and its affiliates from disclosing any such information (a) pursuant to the order of any court or administrative agency or in any pending legal, judicial or administrative proceeding, or otherwise as required by applicable law, rule or regulation, subpoena or compulsory legal process or upon the request or demand of any regulatory authority (including any self-regulatory authority) or other governmental authority purporting to have jurisdiction over the Commitment Party or any of its affiliates (in which case the Commitment Party agrees (except with respect to any audit or examination conducted by bank accountants or any self-regulatory authority or governmental or regulatory authority exercising examination or regulatory authority), to the extent practicable and not prohibited by applicable law or regulation, to inform you promptly thereof prior to disclosure), (b) to the extent that such information becomes publicly available other than by reason of improper disclosure by the Commitment Party or any of its affiliates in violation of any confidentiality obligations owing to you hereunder, (c) to the extent that such information is received by the Commitment Party from a third party that is not, to the Commitment Party's knowledge, subject to contractual or fiduciary confidentiality obligations owing to you with respect to such information, (d) to the extent that such information is independently developed by the Commitment Party or any of its affiliates, (e) to the Commitment Party's affiliates and its and their respective employees, directors, officers, independent auditors, professional advisors and other experts and agents who need to know such information in connection with the transactions contemplated hereby and who are informed of the confidential nature of such information (with the Commitment Party responsible for its affiliates' compliance with this paragraph), (f) in connection with the exercise of any remedies hereunder or under the Fee Letters or any suit, action or proceeding relating to this Commitment Letter, the Fee Letters or the RBL Facility, (g) to any other agent, co-agent, arranger, co-arranger, bookrunner, co-bookrunner, manager or co-manager for the RBL Facility and/or (h) to prospective Lenders, hedge providers, participants or assignees (collectively, "Prospective Parties"); provided that for purposes of clause (h) above, the disclosure of any such information to any Prospective Party shall be made subject to such Prospective Party written agreement to treat such information confidentially on substantially the terms set forth in this paragraph. If the Closing Date occurs, the Commitment Party's obligations under this paragraph shall terminate and be superseded by the confidentiality provisions in the Loan Documents.  Otherwise, the provisions of this paragraph shall expire one year after the date hereof.

9.   Miscellaneous

This Commitment Letter shall not be assignable by you without the prior written consent of the Commitment Party (and any purported assignment without such consent shall be null and void), is intended to be solely for the benefit of the parties hereto and the indemnified persons and is not intended to and does not confer any benefits upon, or create any rights in favor of, any person other than the parties hereto and the indemnified persons to the extent expressly set forth herein. The Commitment Party reserves the right to employ the services of its affiliates in providing services contemplated hereby and to allocate, in whole or in part, to its affiliates certain fees payable to the Commitment Party in such manner as the Commitment Party and its affiliates may agree in their sole discretion. This Commitment Letter may not be amended or waived except by an instrument in writing signed by you and the Commitment Party. This Commitment Letter may be executed in any number of counterparts, each of which shall be an original, and all of which, when taken together, shall constitute one agreement. Delivery of an executed counterpart of a signature page of this Commitment Letter by facsimile transmission or electronic transmission (*e.g.*, "pdf" or "tif") shall be effective as delivery of a manually executed counterpart of this Commitment Letter. The words "execution," "signed," "signature," "delivery," and words of like import in or relating to this Commitment Letter, the Fee Letters and/or any document to be signed in connection with this Commitment Letter and the transactions contemplated hereby shall be deemed to include Electronic Signatures (as defined below), deliveries or the keeping of records in electronic form, each of which shall be of the same legal effect,

9

validity or enforceability as a manually executed signature, physical delivery thereof or the use of a paper-based recordkeeping system, as the case may be. "Electronic Signatures" means any electronic symbol or process attached to, or associated with, any contract or other record and adopted by a person with the intent to sign, authenticate or accept such contract or record. This Commitment Letter and the Fee Letters are the only agreements that have been entered into among us and you with respect to the RBL Facility and set forth the entire understanding of the parties with respect thereto. This Commitment Letter and any claim or controversy arising hereunder or related hereto shall be governed by, and construed and interpreted in accordance with, the laws of the State of New York and, to the extent applicable, the Bankruptcy Code.

You and we hereby irrevocably and unconditionally submit to the exclusive jurisdiction of the Bankruptcy Court or any other Federal court having jurisdiction over the Chapter 11 Cases, and, to the extent that the Bankruptcy Court or Federal court do not have jurisdiction, any state or Federal court sitting in the Borough of Manhattan in the City of New York, over any suit, action or proceeding arising out of or relating to the Transactions or the other transactions contemplated hereby, this Commitment Letter or the Fee Letters or the performance of services hereunder or thereunder. You and we agree that service of any process, summons, notice or document by registered mail addressed to you or us shall be effective service of process for any suit, action or proceeding brought in any such court. You and we hereby irrevocably and unconditionally waive any objection to the laying of venue of any such suit, action or proceeding brought in any such court and any claim that any such suit, action or proceeding has been brought in any inconvenient forum. You and we hereby irrevocably waive, to the fullest extent permitted by applicable law, trial by jury in any suit, action, proceeding, claim or counterclaim brought by or on behalf of any party related to or arising out of the Transactions, this Commitment Letter or the Fee Letters or the transactions contemplated hereby or thereby (whether based on contract, tort or any other theory) or the performance of services hereunder or thereunder.

The Commitment Party hereby notifies you that, pursuant to the requirements of the USA PATRIOT Act, Title III of Pub. L. 107-56 (signed into law on October 26, 2001) (the "PATRIOT Act") and 31 C.F.R. § 1010.230 (the "Beneficial Ownership Regulation"), it is required to obtain, verify and record information that identifies the Borrower and each Guarantor, which information includes names, addresses, tax identification numbers and other information that will allow such Lender to identify the Borrower and each Guarantor in accordance with the PATRIOT Act and the Beneficial Ownership Regulation. This notice is given in accordance with the requirements of the PATRIOT Act and the Beneficial Ownership Regulation and is effective for the Commitment Party and each of its affiliates.

The limitation of liability, indemnification, settlement, affiliate activities, absence of fiduciary relationships, fee, expense, jurisdiction, information and confidentiality provisions contained herein and the provisions of the Fee Letters shall remain in full force and effect regardless of whether the Loan Documents shall be executed and delivered and notwithstanding the termination of this Commitment Letter or the commitments hereunder; provided that your obligations under this Commitment Letter (other than your obligations with respect to confidentiality) shall automatically terminate and be superseded, to the extent comparable, by the provisions of the RBL Facility upon the occurrence of the Closing Date thereunder.

If the foregoing correctly sets forth our agreement, please indicate your acceptance of the terms of this Commitment Letter and the Fee Letters by returning to us executed counterparts of this Commitment Letter and the Fee Letters not later than 11:59 p.m., New York City time, on July 18, 2020. This offer will automatically expire at such time if we have not received such executed counterparts in accordance with the preceding sentence. In the event that the initial borrowing under the RBL Facility does not occur on or before the Expiration Date (as defined below), then the commitments with respect to the RBL Facility shall automatically terminate unless the Commitment Party shall, in its sole discretion, agree to an extension.

10

For purposes of this Commitment Letter, "Expiration Date" means the earliest to occur of: (a) the date of entry of the Confirmation Order (as defined in the Plan) if and to the extent the Bankruptcy Court has not entered an order, in form and substance reasonably satisfactory to the Lead Arranger (which order is final, is in full force and effect, is unstayed and has not been amended, supplemented or otherwise modified without the consent of the Lead Arranger) approving this Commitment Letter, the Fee Letters and the transactions contemplated hereby and thereby (including the fees, payments, expenses and indemnities and other obligations set forth in this Commitment Letter and the Fee Letters) on or prior to such date, (b) on any date after which an order described in the immediately preceding clause (a) has been entered but ceases to be in full force and effect, is stayed, is vacated, or is amended or modified without the consent of the Lead Arranger, (c) the occurrence of the Effective Date (as defined in the Plan) under the Plan without the closing of the RBL Facility, (d) the dismissal or conversion of the Chapter 11 Cases to proceedings under Chapter 7 of the Bankruptcy Code and (e) September 4, 2020.

[*Signature Pages Follow*]

11

We are pleased to have been given the opportunity to assist you in connection with this important financing.

Very truly yours,

JPMORGAN CHASE BANK, N.A.

By: _____
Name: Dalton Harris
Title:  Authorized Officer

[*Signature Page to Commitment Letter*]

Accepted and agreed to as of the date first written above:

WHITING OIL AND GAS CORPORATION

By: _____
Name: Correne S. Loeffler
Title: Chief Financial Officer


WHITING PETROLEUM CORPORATION

By: _____
Name: Correne S. Loeffler
Title: Chief Financial Officer

*[Signature Page to Commitment Letter]*

Plan

[See Attached]

**THIS PLAN IS BEING SUBMITTED FOR APPROVAL BUT HAS NOT BEEN APPROVED BY THE BANKRUPTCY COURT. THIS IS NOT A SOLICITATION OF ACCEPTANCE OR REJECTION OF THE PLAN. THIS PLAN IS NOT AN OFFER TO SELL ANY SECURITIES AND IS NOT SOLICITING AN OFFER TO BUY ANY SECURITIES.**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WHITING PETROLEUM CORPORATION, *et al.*,[1] | ) | Case No. 20-32021 (DRJ) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**JOINT CHAPTER 11 PLAN OF REORGANIZATION OF
WHITING PETROLEUM CORPORATION AND ITS DEBTOR AFFILIATES**

**JACKSON WALKER L.L.P.**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
Veronica A. Polnick (TX Bar No. 24079148)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:     (713) 752-4200
Facsimile:     (713) 752-4221
Email:     mcavenaugh@jw.com
     jwertz@jw.com
     vpolnick@jw.com

-and-

**KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP**
Brian E. Schartz, P.C. (TX Bar No. 24099361)
Anna Rotman, P.C. (TX Bar No. 24046761)
609 Main Street
Houston, Texas 77002
Telephone:     (713) 836-3600
Facsimile:     (713) 836-3601
Email:     brian.schartz@kirkland.com
     anna.rotman@kirkland.com

**KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP**
Gregory F. Pesce (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:     gregory.pesce@kirkland.com

-and-

Stephen E. Hessler, P.C. (admitted *pro hac vice)*
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:     stephen.hessler@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

Dated:  June 30, 2020

---

[1]     The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Whiting Canadian Holding Company Unlimited Liability Corporation (3662); Whiting Petroleum Corporation (8515); Whiting US Holding Company (2900); Whiting Oil and Gas Corporation (8829); and Whiting Resources Corporation (1218). The location of the debtors' service address is:  1700 Lincoln Street, Suite 4700, Denver, Colorado 80203.

**TABLE OF CONTENTS**

**Page**

**INTRODUCTION** ..........................................................................................................................4

**ARTICLE I. DEFINED TERMS, RULES OF INTERPRETATION, COMPUTATION OF TIME, GOVERNING LAW, AND OTHER REFERENCES**....................................................4

    A.    *Defined Terms.* ......................................................................................................4
    B.    *Rules of Interpretation* ........................................................................................17
    C.    *Computation of Time*...........................................................................................17
    D.    *Governing Law*....................................................................................................17
    E.    *Reference to Monetary Figures*...........................................................................17
    F.    *Reference to the Debtors or the Reorganized Debtors*........................................18
    G.    *Controlling Document*.........................................................................................18
    H.    Consultation, Information, Notice, and Consent Rights........................................18

**ARTICLE II. ADMINISTRATIVE AND PRIORITY CLAIMS**.............................................18

    A.    *Administrative Claims*.........................................................................................18
    B.    *Final Fee Applications and Payment of Professional Fee Claims*.......................19
    C.    *Professional Fee Escrow Amount* .......................................................................19
    D.    *Allocation and Estimation of Professional Fees and Expenses* ..........................19
    E.    *Post-Confirmation Date Fees and Expenses*.......................................................19
    F.    *Priority Tax Claims*............................................................................................20
    G.    *Statutory Fees* .....................................................................................................20

**ARTICLE III. CLASSIFICATION, TREATMENT, AND VOTING OF CLAIMS AND INTERESTS**..........20

    A.    *Classification of Claims and Interests* ...............................................................20
    B.    *Treatment of Classes of Claims and Interests*....................................................21
    C.    *Special Provision Governing Unimpaired Claims* ..............................................24
    D.    *Elimination of Vacant Classes* ...........................................................................24
    E.    *Voting Classes; Presumed Acceptance by Non-Voting Classes* ..........................24
    F.    *Confirmation Pursuant to Sections 1129(a)(10) and 1129(b) of the Bankruptcy Code* ..................24
    G.    *Intercompany Interests*.......................................................................................24
    H.    *Substantive Consolidation*..................................................................................25
    I.    *Subordinated Claims and Interests* ....................................................................25

**ARTICLE IV. PROVISIONS FOR IMPLEMENTATION OF THE PLAN**..............................25

    A.    *General Settlement of Claims, Interests, and Causes of Action* ..........................25
    B.    *Restructuring Transactions*.................................................................................25
    C.    *Employee and Retiree Benefits*............................................................................26
    D.    *Issuance and Distribution of New Common Stock and Warrants* ........................26
    E.    *The Exit Facility*.................................................................................................26
    F.    *Management Incentive Plan*.................................................................................27
    G.    *Management of Reorganized Whiting* .................................................................27
    H.    *Exemption from Registration Requirements*........................................................27
    I.    *Vesting of Assets* .................................................................................................27
    J.    *Cancellation of Instruments, Certificates, and Other Documents*.......................28
    K.    *Holders of Working and Similar Interests.*..........................................................28
    L.    *Corporate Action* ...............................................................................................29
    M.    *Corporate Existence*...........................................................................................29
    N.    *New Organizational Documents* .........................................................................29
    O.    *Effectuating Documents; Further Transactions*..................................................30
    P.    *Section 1146(a) Exemption* .................................................................................30
    Q.    *Directors and Officers* ........................................................................................30

**TABLE OF CONTENTS (CONT'D)**

**Page**

| | | |
|---|---|---|
| R. | *Potential Wind-Down of Canadian Debtor Entity* | 31 |
| S. | *Preservation of Causes of Action* | 31 |
| T. | *Indenture Trustee Expenses* | 31 |
| U. | *Transaction Expenses* | 32 |
| V. | *Closing the Chapter 11 Cases* | 32 |
| W. | *Settlement of Existing Employee Awards* | 32 |

**ARTICLE V. TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES** ... **32**
| | | |
|---|---|---|
| A. | *Assumption or Rejection of Executory Contracts and Unexpired Leases* | 32 |
| B. | *Claims Based on Rejection of Executory Contracts or Unexpired Leases* | 33 |
| C. | *Cure of Defaults for Assumed Executory Contracts and Unexpired Leases* | 33 |
| D. | *Indemnification* | 34 |
| E. | *Insurance Policies* | 34 |
| F. | *Employee Compensation and Benefits* | 35 |
| G. | *Contracts and Leases After the Petition Date* | 35 |
| H. | *Reservation of Rights* | 36 |
| I. | *Nonoccurrence of Effective Date* | 36 |

**ARTICLE VI. PROVISIONS GOVERNING DISTRIBUTIONS** ... **36**
| | | |
|---|---|---|
| A. | *Distributions on Account of Claims and Interests Allowed as of the Effective Date* | 36 |
| B. | *Rights and Powers of the Distribution Agent* | 36 |
| C. | *Special Rules for Distributions to Holders of Disputed Claims* | 36 |
| D. | *Delivery of Distributions* | 37 |
| E. | *Compliance with Tax Requirements/Allocations* | 38 |
| F. | *Claims Paid or Payable by Third Parties* | 39 |
| G. | *Setoffs* | 39 |
| H. | *Indefeasible Distributions* | 40 |
| I. | *Allocation Between Principal and Accrued Interest* | 40 |

**ARTICLE VII. PROCEDURES FOR RESOLVING DISPUTED CLAIMS** ... **40**
| | | |
|---|---|---|
| A. | *Allowance of Claims* | 40 |
| B. | *Claims Administration Responsibilities* | 40 |
| C. | *Estimation of Claims* | 40 |
| D. | *Disputed Claims Reserve* | 41 |
| E. | *Adjustment to Claims Without Objection* | 41 |
| F. | *Time to File Objections to Claims* | 41 |
| G. | *Disallowance of Claims* | 41 |
| H. | *Amendments to Claims* | 42 |
| I. | *No Distributions Pending Allowance* | 42 |
| J. | *Distributions After Allowance* | 42 |
| K. | *Single Satisfaction of Claims* | 42 |

**ARTICLE VIII. DISCHARGE, RELEASE, INJUNCTION AND RELATED PROVISIONS** ... **42**
| | | |
|---|---|---|
| A. | ***Discharge of Claims and Termination of Interests*** | 42 |
| B. | ***Releases by the Debtors*** | 43 |
| C. | ***Releases by Releasing Parties*** | 44 |
| D. | ***Exculpation*** | 44 |
| E. | ***Injunction*** | 44 |
| F. | *Protection Against Discriminatory Treatment* | 45 |
| G. | *Release of Liens* | 45 |
| H. | *Reimbursement or Contribution* | 46 |
| I. | *Recoupment* | 46 |
| J. | *Subordination Rights* | 46 |
| K. | *Reservation of Rights of the United States* | 46 |

**TABLE OF CONTENTS (CONT'D)**

**Page**

**ARTICLE IX. EFFECT OF CONFIRMATION OF THE PLAN** ...................................................................**47**
- A. *Jurisdiction and Venue* ...................................................................47
- B. *Order Approving the Disclosure Statement* ...................................................................47
- C. *Voting Report* ...................................................................47
- D. *Judicial Notice* ...................................................................47
- E. *Transmittal and Mailing of Materials; Notice* ...................................................................48
- F. *Solicitation* ...................................................................48
- G. *Burden of Proof* ...................................................................48
- H. *Bankruptcy Rule 3016(a) Compliance* ...................................................................48
- I. *Compliance with the Requirements of Section 1129 of the Bankruptcy Code* ...................................................................48
- J. *Securities Under the Plan* ...................................................................53
- K. *Releases and Discharges* ...................................................................53
- L. *Release and Retention of Causes of Action* ...................................................................53
- M. *Approval of Restructuring Support Agreement and Other Restructuring Documents and Agreements* ...................................................................53
- N. *Confirmation Hearing Exhibits* ...................................................................54
- O. *Objections to Confirmation of the Plan* ...................................................................54
- P. *Retention of Jurisdiction* ...................................................................54
- Q. *Plan Supplement* ...................................................................54

**ARTICLE X. CONDITIONS PRECEDENT TO THE EFFECTIVE DATE** ...................................................................**54**
- A. *Conditions Precedent to the Effective Date* ...................................................................54
- B. *Waiver of Conditions* ...................................................................55
- C. *Effect of Non-Occurrence of Conditions to Consummation* ...................................................................55
- D. *Substantial Consummation* ...................................................................55

**ARTICLE XI. MODIFICATION, REVOCATION, OR WITHDRAWAL OF THE PLAN** ...................................................................**55**
- A. *Modification of Plan* ...................................................................55
- B. *Effect of Confirmation on Modifications* ...................................................................56
- C. *Revocation or Withdrawal of Plan* ...................................................................56

**ARTICLE XII. RETENTION OF JURISDICTION** ...................................................................**56**

**ARTICLE XIII. MISCELLANEOUS PROVISIONS** ...................................................................**57**
- A. *Immediate Binding Effect* ...................................................................57
- B. *Additional Documents* ...................................................................58
- C. *Dissolution of the Statutory Committees* ...................................................................58
- D. *Payment of Statutory Fees* ...................................................................58
- E. *Reservation of Rights* ...................................................................58
- F. *Successors and Assigns* ...................................................................58
- G. *Service of Documents* ...................................................................58
- H. *Term of Injunctions or Stays* ...................................................................60
- I. *Entire Agreement* ...................................................................60
- J. *Plan Supplement* ...................................................................60
- K. *Non-Severability* ...................................................................61
- L. *Votes Solicited in Good Faith* ...................................................................61
- M. *Waiver or Estoppel* ...................................................................61

**INTRODUCTION**

Whiting Petroleum Corporation and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases propose this joint chapter 11 plan of reorganization pursuant to chapter 11 of title 11 of the United States Code.  Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in Article I.A hereof.  Although proposed jointly for administrative purposes, the Plan constitutes a separate plan for each of the foregoing entities and each of the foregoing entities is a proponent of the Plan within the meaning of section 1129 of the Bankruptcy Code.  The Plan does not contemplate substantive consolidation for any of the Debtors; *provided that* the Debtors and the Reorganized Debtors, as applicable, shall consolidate Allowed Claims into one Estate for purposes of distributions for Class 5.  The classification of Claims and Interests set forth in Article III of the Plan should be deemed to apply separately to each Debtor, as applicable.

Reference is made to the accompanying *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of Whiting Petroleum Corporation and Its Debtor Affiliates* for a discussion of the Debtors' history, business, properties and operations, valuation, projections, risk factors, a summary and analysis of the Plan and the transactions contemplated thereby, and certain related matters.

ALL HOLDERS OF CLAIMS AND INTERESTS, TO THE EXTENT APPLICABLE, ARE ENCOURAGED TO READ THIS PLAN AND THE DISCLOSURE STATEMENT IN THEIR ENTIRETY BEFORE VOTING TO ACCEPT OR REJECT THIS PLAN.

**ARTICLE I.**
**DEFINED TERMS, RULES OF INTERPRETATION,**
**COMPUTATION OF TIME, GOVERNING LAW, AND OTHER REFERENCES**

A.      *Defined Terms.*

1.      "*2021 Senior Notes*" means the 5.750% senior notes due 2021 issued by Whiting Parent pursuant to the 2021 Senior Notes Indenture.

2.      "*2021 Senior Notes Claim*" means any Claim against any of the Debtors arising from or based upon the 2021 Senior Notes or the 2021 Senior Notes Indenture.

3.      "*2021 Senior Notes Indenture*" means the Base Indenture, as supplemented by the Second Supplemental Indenture, dated as of September 12, 2013, by and among Whiting Parent, as issuer, the subsidiary guarantors named therein, as guarantors, and the Senior Notes Indenture Trustee, as amended, restated, supplemented, or otherwise modified from time to time.

4.      "*2023 Senior Notes*" means the 6.250% senior notes due 2023 issued by Whiting Parent pursuant to the 2023 Senior Notes Indenture.

5.      *"2023 Senior Notes Claim"* means any Claim against any of the Debtors arising from or based upon the 2023 Senior Notes or the 2023 Senior Notes Indenture.

6.      "*2023 Senior Notes Indenture*" means the Base Indenture, as supplemented by the Fourth Supplemental Indenture, dated as of March 27, 2015, by and among Whiting Parent, as issuer, the subsidiary guarantors named therein, as guarantors, and the Senior Notes Indenture Trustee, as amended, restated, supplemented, or otherwise modified from time to time.

7.      "*2026 Senior Notes*" means the 6.625% senior notes due 2026 issued by Whiting Parent pursuant to the 2026 Senior Notes Indenture.

8.      *"2026 Senior Notes Claim"* means any Claim against any of the Debtors arising from or based upon the 2026 Senior Notes or the 2026 Senior Notes Indenture.

9.  "*2026 Senior Notes Indenture*" means the Base Indenture, as supplemented by the Fifth Supplemental Indenture, dated as of December 27, 2017, by and among Whiting Parent, as issuer, the subsidiary guarantors named therein, as guarantors, and the Senior Notes Indenture Trustee, as amended, restated, supplemented, or otherwise modified from time to time.

10.  "*Ad Hoc Committee of Noteholders*" means, collectively, those certain institutions comprising the ad hoc committee of Holders of Notes represented by Paul, Weiss, Rifkind, Wharton & Garrison LLP, Porter Hedges LLP, and PJT Partners LP.

11.  "*Administrative Claim*" means a Claim against any of the Debtors arising on or after the Petition Date and before the Effective Date for a cost or expense of administration of the Chapter 11 Cases entitled to priority under sections 503(b), 507(a)(2), 507(b), or 1114(e)(2) of the Bankruptcy Code, including:  (a) the actual and necessary costs and expenses incurred on or after the Petition Date until and including the Effective Date of preserving the Estates and operating the Debtors' businesses; (b) Allowed Professional Fee Claims; (c) all Transaction Expenses; and (d) all fees and charges assessed against the Estates pursuant to section 1930 of chapter 123 of title 28 of the United States Code.

12.  "*Administrative Claims Bar Date*" means the deadline for Filing requests for payment of Administrative Claims, which: (a) with respect to Administrative Claims other than Professional Fee Claims, shall be 30 days after the Effective Date; and (b) with respect to Professional Fee Claims, shall be 45 days after the Effective Date.

13.  "*Affiliate*" has the meaning set forth in section 101(2) of the Bankruptcy Code.  With respect to any Person that is not a Debtor, the term "Affiliate" shall apply to such Person as if the Person were a Debtor.

14.  "*Allowed*" means, with respect to any Claim against any of the Debtors, except as otherwise provided herein: (a) a Claim that is evidenced by a Proof of Claim Filed by the Claims Bar Date (or such other date as agreed by the Debtors pursuant to the Bar Date Order) or a request for payment of an Administrative Claim Filed by the Administrative Claims Bar Date, as applicable (or for which Claim under the Plan, the Bankruptcy Code, or pursuant to a Final Order, a Proof of Claim or request for payment of Administrative Claim is not or shall not be required to be Filed); (b) a Claim that is listed in the Schedules as not contingent, not unliquidated, and not Disputed, and for which no contrary or superseding Proof of Claim, as applicable, has been timely Filed; or (c) a Claim allowed pursuant to the Plan, the Cash Collateral Orders, or a Final Order; *provided*, that with respect to a Claim described in clauses (a) and (b) above, such Claim shall be considered Allowed only if and to the extent that with respect to such Claim no objection to the allowance thereof is interposed within the applicable period of time fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court, or such an objection is so interposed and the Claim has been Allowed by a Final Order.  Any Claim that has been or is hereafter listed in the Schedules as contingent, unliquidated, or disputed, and for which no contrary or superseding Proof of Claim is or has been timely Filed, or that is not or has not been Allowed by a Final Order, is not considered Allowed and shall be expunged without further action by the Debtors and without further notice to any party or action, approval, or order of the Bankruptcy Court. Notwithstanding anything to the contrary herein, no Claim of any Entity subject to section 502(d) of the Bankruptcy Code shall be deemed Allowed unless and until such Entity pays in full the amount that it owes the applicable Debtor or Reorganized Debtor, as applicable.  For the avoidance of doubt, a Proof of Claim Filed after the Claims Bar Date or a request for payment of an Administrative Claim Filed after the Administrative Claims Bar Date, as applicable, shall not be Allowed for any purposes whatsoever absent entry of a Final Order allowing such late-Filed Claim. "*Allow*" and "*Allowing*" shall have correlative meanings.

15.  "*Avoidance Actions*" means any and all avoidance, recovery, subordination, or other Claims and Causes of Actions that may be brought by or on behalf of the Debtors or their Estates or other authorized parties in interest under the Bankruptcy Code or applicable non-bankruptcy law, including actions or remedies under chapter 5 of the Bankruptcy Code or under similar or related state or federal statutes and common law.

16.  "*Bankruptcy Code*" means title 11 of the United States Code, 11 U.S.C. §§ 101–1532, as amended from time to time.

17.     "*Bankruptcy Court*" means the United States Bankruptcy Court for the Southern District of Texas, Houston Division or such other court having jurisdiction over the Chapter 11 Cases, including, to the extent of the withdrawal of reference under 28 U.S.C. § 157 and/or the General Order of the District Court pursuant to section 151 of title 28 of the United States Code, the United States District Court for the Southern District of Texas.

18.     "*Bankruptcy Rules*" means the Federal Rules of Bankruptcy Procedure promulgated under section 2075 of title 28 of the United States Code, and the general, local, and chambers rules of the Bankruptcy Court.

19.     "*Bar Date Order*" means the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(b)(9) Requests, (IV) Approving Notice of Bar Dates, and (V) Granting Related Relief* [Docket No. 278] (as amended, modified, or supplemented from time to time in accordance with the terms thereof).

20.     "*Base Indenture*" means the Indenture, dated as of September 13, 2013, by and among Whiting Parent, as issuer, the subsidiary guarantors named therein, as guarantors, and the Senior Notes Indenture Trustee.

21.     "*Business Day*" means a day, other than a Saturday, Sunday, or "legal holiday" (as defined in Bankruptcy Rule 9006(a)).

22.     "*Canadian HoldCo*" means Whiting Canadian Holding Company Unlimited Liability Corporation.

23.     "*Cash*" means the legal tender of the United States of America or the equivalent thereof, including bank deposits and checks.

24.     "*Cash Collateral Orders*" means, collectively, the Interim Cash Collateral Orders and the Final Cash Collateral Order.

25.     "*Causes of Action*" means any and all claims, controversies, actions, proceedings, controversies, reimbursement claims, contribution claims, recoupment rights, interests, debts, third-party claims, indemnity claims, damages, remedies, causes of action, demands, rights, suits, obligations, liabilities, accounts, judgments, defenses, affirmative defenses, offsets, powers, privileges, licenses, franchises, Avoidance Actions, counterclaims and cross-claims, of any kind or character whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, contingent or non-contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, asserted or unasserted, direct or indirect, assertible directly or derivatively, choate or inchoate, reduced to judgment or otherwise, secured or unsecured, whether arising before, on, or after the Petition Date, in tort, law, equity, or otherwise pursuant to any theory of law.  Causes of Action also include:  (a) all rights of setoff, counterclaim, or recoupment and claims on contracts or for breaches of duties imposed by law or equity; (b) the right to object to or otherwise contest Claims or Interests; (c) claims pursuant to sections 362, 510, 542, 543, 544 through 550, or 553 of the Bankruptcy Code; (d) such claims and defenses as fraud, mistake, duress, and usury and any other defenses set forth in section 558 of the Bankruptcy Code; and (e) any claim for fraudulent transfer or similar claim pursuant to any state or foreign law.

26.     "*Certificate*" means any instrument evidencing a Claim or an Interest.

27.     "*Chapter 11 Cases*" means, when used with reference to a particular Debtor, the case pending for that Debtor under chapter 11 of the Bankruptcy Code in the Bankruptcy Court, and when used with reference to all the Debtors, the procedurally consolidated and jointly administered chapter 11 cases pending for the Debtors in the Bankruptcy Court.

28.     "*Claim*" has the meaning set forth in section 101(5) of the Bankruptcy Code.

29.     "*Claims Bar Date*" means the applicable deadline by which Proofs of Claim must be Filed, as established by: (a) the Bar Date Order; (b) a Final Order of the Bankruptcy Court; or (c) the Plan.

30.    "*Claims Equity Pool*" means New Common Stock in an amount equal to 97% of all New Common Stock, subject to dilution by the New Common Stock to be issued pursuant to the New Warrants-A, the New Warrants-B, and the Management Incentive Plan.

31.    "*Claims Register*" means the official register of Claims maintained by the Solicitation Agent or the clerk of the Bankruptcy Court.

32.    "*Class*" means a category of Holders of Claims or Interests pursuant to section 1122(a) of the Bankruptcy Code.

33.    "*Collateral*" means any property or interest in property of the Estate of any Debtor subject to a Lien, charge, or other encumbrance to secure the payment or performance of a Claim, which Lien, charge, or other encumbrance is not subject to a Final Order ordering the remedy of avoidance of any such Lien, charge, or other encumbrance under the Bankruptcy Code.

34.    "*Compensation and Benefits Programs*" means all employment and severance agreements and policies, and all employment, compensation, and benefit plans, policies, workers' compensation programs, savings plans, retirement plans, deferred compensation plans, supplemental executive retirement plans, healthcare plans, disability plans, severance benefit plans, incentive and retention plans, programs and payments, life and accidental death and dismemberment insurance plans, and programs of the Debtors, and all amendments and modifications thereto, applicable to the Debtors' and their Affiliates' employees, former employees, retirees, and non-employee directors and the employees, former employees and retirees of their subsidiaries.

35.    "*Confirmation*" means the entry of the Confirmation Order on the docket of the Chapter 11 Cases.

36.    "*Confirmation Date*" means the date on which the Bankruptcy Court enters the Confirmation Order on the docket of the Chapter 11 Cases within the meaning of Bankruptcy Rules 5003 and 9021.

37.    "*Confirmation Hearing*" means the hearing held by the Bankruptcy Court to (a) consider Confirmation of the Plan pursuant to section 1129 of the Bankruptcy Code and (b) consider final approval of the Disclosure Statement and the Solicitation Materials.

38.    "*Confirmation Order*" means the order of the Bankruptcy Court confirming the Plan pursuant to section 1129 of the Bankruptcy Code and providing final approval of the Disclosure Statement and the Solicitation Materials.

39.    "*Consenting Creditors*" means those holders of Notes that are signatories to the Restructuring Support Agreement, and any subsequent holder of Notes that becomes party thereto in accordance with the terms of the Restructuring Support Agreement.

40.    "*Consenting Creditor Consent Right*" means, with respect to each Definitive Document, the applicable consent right of the Requisite Creditors with respect to such Definitive Document as set forth in the Restructuring Support Agreement.

41.    "*Consummation*" or "*Consummated*" means the occurrence of the Effective Date.

42.    "*Convertible Notes*" means the 1.25% convertible senior notes due 2020 issued by Whiting Parent pursuant to the Convertible Notes Indenture.

43.    "*Convertible Notes Indenture*" means the Indenture, dated as of March 27, 2015, by and among Whiting Parent, as issuer, the subsidiary guarantors named therein, as guarantors, and the Convertible Notes Indenture Trustee, as may be amended, restated, supplemented, or otherwise modified from time to time.

44.    "*Convertible Notes Claim*" means any Claim against any of the Debtors arising from or based upon the Convertible Notes or the Convertible Notes Indenture.

45.      "*Convertible Notes Indenture Trustee*" means Delaware Trust Company, solely in its capacity as successor trustee under the Convertible Notes Indenture, and any successor thereto, in its capacity as such.

46.      "*Creditors' Committee*" means the official committee of unsecured creditors appointed in the Chapter 11 Cases pursuant to the *Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 127], as may be reconstituted from time to time.

47.      "*Cure Costs*" means all amounts, including an amount of $0.00, required to cure any monetary defaults under any Executory Contract or Unexpired Lease (or such lesser amount as may be agreed upon by the parties to such Executory Contract or Unexpired Lease) that is to be assumed by the Debtors pursuant to sections 365 or 1123 of the Bankruptcy Code.

48.      "*Cure Notice*" means any notice that sets forth the proposed Cure Costs under any Executory Contract or Unexpired Lease at the time such contract or lease is assumed by the applicable Debtors under the Plan, which notice shall include (a) procedures for objecting to proposed assumptions or assignments of the applicable Executory Contracts and/or Unexpired Leases, (b) the Cure Costs proposed to be paid in connection therewith, and (c) procedures for resolution by the Bankruptcy Court of any related dispute.

49.      "*D&O Liability Insurance Policies*" means all insurance policies (including any "tail policy") of any of the Debtors for current or former directors', managers', officers', and/or employees' liability.

50.       "*Debtors*" means, collectively, Whiting Parent, Whiting Oil and Gas Corporation, Whiting US Holding Company, Whiting Canadian Holding Company Unlimited Liability Corporation, and Whiting Resources Corporation.

51.      "*Definitive Documents*" has the meaning ascribed to such term in the Restructuring Support Agreement.  Each Definitive Document shall be subject to the Consenting Creditor Consent Right.

52.      "*Disclosure Statement*" means the disclosure statement for the Plan, including all exhibits and schedules thereto as approved by the Bankruptcy Court pursuant to the Disclosure Statement Order.

53.      "*Disclosure Statement Order*" means the order (and all exhibits thereto) entered by the Bankruptcy Court approving the Disclosure Statement and the Solicitation Materials, and allowing solicitation of the Plan to commence, entered on [June [●], 2020 [Docket No. [●]], (as amended, modified, or supplemented from time to time in accordance with the terms thereof).

54.      "*Disputed*" means, as to any Claim or Interest (or any portion thereof), a Claim or Interest:  (a) that is not Allowed; (b) that is not disallowed by the Plan, the Bankruptcy Code, or a Final Order, as applicable; (c) as to which a dispute is being adjudicated by a court of competent jurisdiction in accordance with non-bankruptcy law; (d) as to which a timely objection or request for estimation has been Filed and not withdrawn; or (e) with respect to which a party in interest has Filed a Proof of Claim or otherwise made a written request to a Debtor for payment, without any further notice to or action, order, or approval of the Bankruptcy Court.

55.      "*Distribution Agent*" means, as applicable, the Reorganized Debtors or any Entity the Reorganized Debtors select, and which Entity agrees, to make or to facilitate distributions in accordance with the Plan.

56.      "*Distribution Date*" means, except as otherwise set forth herein and except distributions to holders of public securities, the date or dates determined by the Debtors or the Reorganized Debtors, on or after the Effective Date, upon which the Distribution Agent shall make distributions to Holders of Allowed Claims and Interests entitled to receive distributions under the Plan.

57.      "*Distribution Record Date*" means, other than with respect to those Notes deposited with DTC, the record date for purposes of determining which Holders of Allowed Claims against or Allowed Interests in the Debtors are eligible to receive distributions under the Plan, which date shall be the Confirmation Date, or such other date as is agreed to by the Debtors and the Requisite Creditors, or designated in a Final Order.  The Distribution Record Date

8

shall not apply to any Notes deposited with DTC, the Holders of which shall receive a distribution in accordance with the customary procedures of DTC.

58.     "*DTC*" means The Depository Trust Company.

59.     "*Effective Date*" means the date that is the first Business Day after the Confirmation Date on which all conditions precedent to the occurrence of the Effective Date set forth in Article X.A of the Plan have been satisfied or waived in accordance with Article X.B of the Plan, and the Plan is deemed effective by the Debtors.

60.     "*Entity*" has the meaning set forth in section 101(15) of the Bankruptcy Code.

61.     "*Estate*" means, as to each Debtor, the estate created for such Debtor pursuant to section 541 of the Bankruptcy Code upon the commencement of the applicable Debtor's Chapter 11 Case.

62.     "*Exculpated Parties*" means, collectively, and in each case in its capacity as such:  (a) the Debtors and the Reorganized Debtors; (b) holders of RBL Claims; (c) the RBL Agent; (d) the Consenting Creditors; (e) The Bank of New York Mellon Trust Company, N.A., as trustee; (f) any Issuing Bank; (g) the Treasury Management Service Providers; (h) the Creditors' Committee and its members; (i) with respect to each of the foregoing entities in clauses (a) through (h), each such Entity's current and former predecessors, successors, Affiliates (regardless of whether such interests are held directly or indirectly), subsidiaries, direct and indirect equity holders, funds, portfolio companies, and management companies; and (j) with respect to each of the foregoing Entities in clauses (a) through (i), each of their respective current and former directors, officers, members, employees, partners, managers, independent contractors, agents, representatives, principals, professionals, consultants, financial advisors, attorneys, accountants, investment bankers, and other professional advisors, each in their capacity as such; *provided that* no current or former Holder of Existing Interests, each in their capacity as such, is an Exculpated Party unless such Holder is also a current director, officer or employee of a Debtor or an Affiliate of a Debtor.

63.     "*Executory Contract*" means a contract or lease to which one or more of the Debtors is a party that is subject to assumption or rejection under section 365 or 1123 of the Bankruptcy Code.

64.     "*Existing Interests*" means the Interests in Whiting Parent.

65.     "*Existing Interests Equity Pool*" means New Common Stock in an amount equal to 3% of all New Common Stock, subject to dilution by the New Common Stock to be issued pursuant to the New Warrants-A, the New Warrants-B, and the Management Incentive Plan.

66.     "*Exit Facility*" means the financing to be provided to the Reorganized Debtors on the Effective Date in accordance with the Exit Facility Credit Agreement.

67.     "*Exit Facility Agent*" means the financial institution identified in the Plan Supplement as administrative agent under the Exit Facility Credit Agreement, solely in its capacity as such.

68.     "*Exit Facility Arranger*" means the financial institution(s), if any, arranging, acting as lead arranger and/or book runners for the Exit Facility.

69.     "*Exit Facility Credit Agreement*" means that certain credit agreement among the Reorganized Debtors, as borrower, the Exit Facility Agent, as administrative agent, and the Exit Facility Lenders from time to time party thereto.

70.     "*Exit Facility Documents*" means, collectively, the Exit Facility Credit Agreement and any and all other agreements, documents, and instruments delivered or entered into in connection therewith, including any guarantee agreements, pledge and collateral agreements, mortgages, and other security documents, each of which shall be in form and substance satisfactory to the Debtors, the Exit Facility Arranger, and the Exit Facility Agent.

9

71.     "*Exit Facility Effective Date Cash Amount*" means an amount of Cash paid pursuant to the terms of the Exit Facility to Exit Facility Lenders that provide Exit Facility Revolving Loans.

72.     "*Exit Facility Lenders*" means those certain lenders from time to time party to the Exit Facility Credit Agreement, solely in their capacity as such.

73.     "*Exit Facility Revolving Loans*" means the loans to be provided to the Reorganized Debtors pursuant to the Exit Facility Credit Agreement.

74.     "*Exit Facility Revolving Loans Term Sheet*" means the term sheet for the Exit Facility Revolving Loans attached to the Disclosure Statement as **Exhibit G**.

75.     "*Exit Facility Revolving Loan Commitments*" means commitments by Exit Facility Lenders to provide the Exit Facility Revolving Loans pursuant to the Exit Facility, as set forth in the Exit Facility Revolving Loan Commitment Letter to be filed in the Plan Supplement.

76.     "*Exit Facility Revolving Loan Commitment Letter*" means a "best efforts" commitment letter from the Exit Facility Agent and certain Exit Facility Lenders with respect to the syndication of the Exit Facility Revolving Commitments.

77.     "*Exit Facility Term Loan*" means the term loan to be issued by the Reorganized Debtors pursuant to the Exit Facility Credit Agreement.

78.     "*Exit Facility Term Loan Term Sheet*" means a term sheet describing the material terms of the Exit Facility Term Loan, which shall be in form and substance satisfactory to the Debtors, the Exit Facility Arranger, and the Exit Facility Agent.

79.     "*Federal Judgment Rate*" means the federal judgment rate in effect pursuant to 28 U.S.C. § 1961 as of the Petition Date, compounded annually.

80.     "*File*," "*Filed*," and "*Filing*" means file, filed, or filing in the Chapter 11 Cases with the Bankruptcy Court.

81.     "*Final Cash Collateral Order*" means the *Final Order Under 11 U.S.C. §§ 105, 361, 362, 363 And 507, and Bankruptcy Rules 2002, 4001 and 9014 (I) Authorizing Debtors to Use Cash Collateral and (II) Granting Adequate Protection to Prepetition Secured Parties* [Docket No. 476], (as amended, modified, or supplemented from time to time in accordance with the terms thereof).

82.     "*Final Decree*" means the decree contemplated under Bankruptcy Rule 3022.

83.     "*Final Order*" means an order or judgment of the Bankruptcy Court or other court of competent jurisdiction with respect to the relevant subject matter that has not been reversed, stayed, modified, or amended, and as to which the time to appeal or seek certiorari has expired and no appeal or petition for certiorari has been timely taken, or as to which any appeal that has been taken or any petition for certiorari that has been or may be Filed has been resolved by the highest court to which the order or judgment could be appealed or from which certiorari could be sought or the new trial, reargument, or rehearing shall have been denied, resulted in no modification of such order, or has otherwise been dismissed with prejudice.

84.     "*General Unsecured Claim*" means any Claim against any of the Debtors that is not Secured and is not: (a) an Administrative Claim; (b) a Professional Fee Claim; (c) a Priority Tax Claim; (d) an Other Priority Claim; (e) a Trade Claim; (f) an Intercompany Claim; or (g) a Section 510(b) Claim. For the avoidance of doubt, all (i) Notes Claims, (ii) Claims resulting from the rejection of Executory Contracts and Unexpired Leases, and (iii) Claims that are not Secured resulting from litigation against one or more of the Debtors are General Unsecured Claims.

85.     "*Governmental Unit*" has the meaning set forth in section 101(27) of the Bankruptcy Code.

10

86.    "*Hedge Counterparty*" means any non-Debtor Entity or Person party to a financial derivative contract entered into with certain Debtor entities pursuant to the RBL Credit Agreement or the Hedge Orders to hedge the Debtors' exposure to pricing risk in oil, natural gas, natural gas liquid components, or interest rates, as applicable.

87.    "*Hedge Orders*" means, collectively, the *Interim Order (I) Authorizing the Debtors to Perform Under Prepetition Hedging Arrangements, and (II) Granting Related Relief* [Docket No. 49] and the *Final Order (I) Authorizing the Debtors to (A) Perform Under and Amend Prepetition Hedging Agreements, (B) Enter Into, and Perform Under, Postpetition Hedging Agreements, (C) Grant Liens and Superpriority Administrative Expense Claims, and (II) Granting Related Relief* [Docket No. 279].

88.    "*Holder*" means an Entity holding a Claim or Interest, as applicable.

89.    "*Impaired*" means, with respect to any Class of Claims or Interests, a Class of Claims or Interests that is impaired within the meaning of section 1124 of the Bankruptcy Code.

90.    "*Indemnification Obligations*" means each of the Debtors' indemnification provisions in place, whether in the Debtors' bylaws, certificates of incorporation, other formation documents, board resolutions, management or indemnification agreements, employment contracts, or otherwise, for the current and former directors, officers, managers, employees, attorneys, other professionals, and agents of the Debtors and such current and former directors', officers', and managers' respective Affiliates.

91.    "*Indentures*" means, collectively, the Convertible Notes Indenture, the 2021 Senior Notes Indenture, the 2023 Senior Notes Indenture, and the 2026 Senior Notes Indenture.

92.    "*Intercompany Claim*" means any Claim held by a Debtor against another Debtor.

93.    "*Intercompany Interest*" means, other than an Interest in Whiting Parent, an Interest in one Debtor held by another Debtor.

94.    "*Interest*" means any equity security (as defined in section 101(16) of the Bankruptcy Code) in any Debtor, including options, warrants, rights, restricted stock awards, performance share awards, performance share units, stock-settled restricted stock units, cash-settled restricted stock units or other securities or agreements to acquire the common stock, preferred stock, limited liability company interests, or other equity, ownership or profits interests of any Debtor (whether or not arising under or in connection with any employment agreement, separation agreement or employee incentive plan or program of a Debtor as of the Petition Date).

95.    "*Interim Cash Collateral Orders*" means, collectively, the *Interim Order Under 11 U.S.C. §§ 105, 361, 362, 363 and 507, and Bankruptcy Rules 2002, 4001 and 9014 (I) Authorizing Debtors to Use Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 61] and the *Second Interim Order Under 11 U.S.C. §§ 105, 361, 362, 363 and 507, and Bankruptcy Rules 2002, 4001 and 9014 (I) Authorizing Debtors to Use Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 144].

96.    "*Interim Compensation Order*" means the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 275] (as amended, modified, or supplemented from time to time in accordance with the terms thereof).

97.    "*Issuing Bank*" means any issuer of a letter of credit issued pursuant to the RBL Credit Agreement.

98.    "*Lien*" has the meaning set forth in section 101(37) of the Bankruptcy Code.

99.    "*Management Incentive Plan*" means a post-Effective Date management incentive plan for certain participating employees of the Reorganized Debtors and their Affiliates, to be established and implemented in

11

accordance with <u>Article IV.F</u> of the Plan, which shall provide for the terms and conditions under which the MIP Pool may be allowed and distributed to certain participating employees of the Reorganized Debtors and Affiliates.

100. "*MIP Pool*" means a pool of stock-based awards, in the form of options, appreciation rights, restricted stock units, restricted stock, or similar awards, as applicable, representing 7.70% of the aggregate amount of New Common Stock, determined on a fully diluted and fully distributed basis and assuming the exercise of all of the Warrants (the "*MIP Equity*"), which shall be reserved for distribution to certain participating employees of the Reorganized Debtors or their Affiliates pursuant to the Management Incentive Plan and shall be in accordance with the Restructuring Support Agreement.  No less than 50% of the MIP Equity (the "*Effective Date MIP Equity Allocation*") will be granted on the Effective Date to such employees in the form of restricted stock units (or the economic equivalent), on other customary terms and conditions for similar type awards, and which shall vest ratably over three years with the breakdown between time and performance based awards being determined by the Reorganized Whiting Parent Board; *provided, however*, that the Effective Date MIP Equity Allocation granted on the Effective Date shall be reduced by subtracting a percentage equal to the quotient of $13.5 million divided by 7.70% of the stipulated equity value as set forth in the Plan Supplement, which stipulated equity value is subject to the Consenting Creditor Consent Right.

101. "*New Common Stock*" means the common stock of Reorganized Whiting Parent.

102. "*New Organizational Documents*" means the form of the certificates or articles of incorporation, bylaws, or such other applicable formation documents, of each of the Reorganized Debtors.

103. "*New Warrants-A*" means warrants to purchase up to 10% of the New Common Stock (subject to dilution only by the New Common Stock issued pursuant to the Management Incentive Plan), exercisable on a non-cash basis for a 4-year period after the Effective Date, in an amount equal to an implied 110% recovery to Holders of Notes Claims, inclusive of non-default interest under the Notes through the Effective Date, calculated as though the Notes remained outstanding through the Effective Date and all accrued and unpaid interest had been added to the outstanding principal amount of the Notes daily, and otherwise on the terms and conditions set forth in the New Warrants-A Agreement; provided, however, that to the extent DTC requirements are applicable, if DTC is not able to provide for daily accretion, the Consenting Creditors agree to negotiate in good faith with the Debtors on alternative accretion schedules to address any such impediment.

104. "*New Warrants-A Agreement*" means the definitive agreement governing the terms of the New Warrants-A.

105. "*New Warrants-B*" means warrants to purchase up to 5% of the New Common Stock (subject to dilution only by the New Common Stock issued pursuant to the Management Incentive Plan), exercisable on a non-cash basis for a 5-year period after the Effective Date, in an amount equal to an implied 125% recovery to Holders of Notes Claims, inclusive of non-default interest under the Notes through the Effective Date, calculated as though the Notes remained outstanding through the Effective Date and all accrued and unpaid interest had been added to the outstanding principal amount of the Notes daily, and otherwise on the terms and conditions set forth in the New Warrants-B Agreement; *provided*, *however*, that to the extent DTC requirements are applicable, if DTC is not able to provide for daily accretion, the Consenting Creditors agree to negotiate in good faith with the Debtors on alternative accretion schedules to address any such impediment.

106. "*New Warrants-B Agreement*" means the definitive agreement governing the terms of the New Warrants-B.

107. "*Notes*" means, collectively, the Convertible Notes and the Senior Notes.

108. "*Notes Claims*" means, collectively, the Convertible Notes Claims and the Senior Notes Claims.

109. "*Other Priority Claim*" means any Claim other than an Administrative Claim or a Priority Tax Claim entitled to priority in right of payment under section 507(a) of the Bankruptcy Code.

12

110. "*Other Secured Claim*" means any Secured Claim against any of the Debtors, other than an RBL Claim.

111. "*Person*" has the meaning set forth in section 101(41) of the Bankruptcy Code.

112. "*Petition Date*" means April 1, 2020, the date on which the Debtors commenced the Chapter 11 Cases.

113. "*Plan*" means this joint chapter 11 plan (as it may be amended or supplemented from time to time, including all exhibits, schedules, supplements, appendices, annexes and attachments hereto).

114. "*Plan Supplement*" means the compilation of documents and forms of documents, schedules, and exhibits to the Plan, to be Filed by the Debtors on or before July 18, 2020, or such later date as may be approved by the Bankruptcy Court on notice to parties in interest (as such documents may be amended prior to the Effective Date by Filing such amended documents), including: (a) the material New Organizational Documents; (b) the Exit Facility Revolving Loan Commitment Letter; (c) the Exit Facility Term Loan Term Sheet; (d) the schedule of Retained Causes of Action; (e) a disclosure of the members of the Reorganized Whiting Parent Board and their compensation; (f) the Schedule of Assumed Executory Contracts and Unexpired Leases; (g) the Schedule of Rejected Executory Contracts and Unexpired Leases; (h) the Restructuring Transactions Exhibit; (i) the New Warrants-A Agreement; (j) the New Warrants-B Agreement; and (k) a description of the material terms of the Management Incentive Plan. The Debtors shall have the right to amend the documents contained in, and exhibits to, the Plan Supplement through the Effective Date, subject to the terms of the Plan.

115. "*Priority Tax Claim*" means any Claim of a Governmental Unit against any of the Debtors of the kind specified in section 507(a)(8) of the Bankruptcy Code.

116. "*Pro Rata*" means the proportion that an Allowed Claim or Allowed Interest in a particular Class bears to the aggregate amount of the Allowed Claims or Allowed Interests in that respective Class, or the proportion of the Allowed Claims or Allowed Interests in a particular Class and other Classes entitled to share in the same recovery as such Allowed Claim or Allowed Interests under the Plan.

117. "*Professional*" means an Entity employed in the Chapter 11 Cases pursuant to a Bankruptcy Court order in accordance with sections 327, 363, or 1103 of the Bankruptcy Code and to be compensated for services rendered before or on the Effective Date, pursuant to sections 327, 328, 329, 330, or 331 of the Bankruptcy Code.

118. "*Professional Fee Amount*" means the aggregate amount of Professional Fee Claims and other unpaid fees and expenses that Professionals estimate they have incurred or will incur in rendering services to the Debtors prior to and as of the Confirmation Date, which estimates Professionals shall deliver to the Debtors as set forth in Article II.B of the Plan.

119. "*Professional Fee Claim*" means any Administrative Claim for the compensation of Professionals and the reimbursement of expenses incurred by such Professionals through and including the Confirmation Date to the extent such fees and expenses have not been paid pursuant to an order of the Bankruptcy Court. To the extent the Bankruptcy Court denies or reduces by a Final Order any amount of a Professional's requested fees and expenses, then the amount by which such fees or expenses are reduced or denied shall reduce the applicable Professional Fee Claim.

120. "*Professional Fee Escrow Account*" means an account funded by the Debtors with Cash on the Effective Date in an amount equal to the total estimated amount of the Professional Fee Amount as set forth in 0 of the Plan.

121. "*Proof of Claim*" means a proof of Claim Filed against any of the Debtors in the Chapter 11 Cases by the applicable Claims Bar Date.

13

122.      "*RBL Agent*" means JPMorgan Chase Bank, N.A., and any successor thereto, solely in its capacity as successor agent under the RBL Credit Agreement.

123.      "*RBL Credit Agreement*" means that certain Seventh Amended and Restated Credit Agreement, dated as of April 12, 2018, by and among Whiting Oil and Gas Corporation, as borrower, Whiting Parent, as parent guarantor, the RBL Lender, and the RBL Agent, as the administrative agent, as amended, supplemented, or otherwise modified from time to time.

124.      "*RBL Claim*" means any Claim against any of the Debtors arising from or based upon the RBL Credit Agreement and shall include, without limitation, the "Credit Agreement Obligations" as defined in the Final Cash Collateral Order.

125.      "*RBL Lenders*" means the lenders under the RBL Credit Agreement from time to time.

126.      "*Reinstate*," "*Reinstated*," or "*Reinstatement*" means, with respect to Claims or Interests, that the Claim or Interest shall be rendered Unimpaired in accordance with section 1124 of the Bankruptcy Code.

127.      "*Related Party*" means, collectively, with respect to an Entity, such Entity's current and former directors, managers, officers, shareholders, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, predecessors, participants, successors, assigns (whether by operation of law or otherwise), subsidiaries, current, former, and future affiliates, associated entities, managed entities, accounts or funds, partners, limited partners, general partners, principals, members, management companies, fund advisors, fiduciaries, trustees,  employees, agents (including any Distribution Agent), advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, other representatives, and other professionals, representatives, advisors, predecessors, successors, and assigns, each solely in their capacities as such, solely in their capacity as such, and the respective heirs, executors, estates, servants and nominees of the foregoing.

128.      "*Released Parties*" means, collectively, and in each case in its capacity as such:  (a) the holders of RBL Claims; (b) the RBL Agent; (c) the Consenting Creditors; (d) The Bank of New York Mellon Trust Company, N.A., as trustee; (e) the Exit Facility Lenders; (f) the Exit Facility Agent and the Exit Facility Arranger; (g) the Treasury Management Service Providers; (h) any Issuing Bank; (i) any Hedge Counterparty; (j) all Releasing Parties; (k) each current and former Affiliate of each Entity in clause (a) through (j); and (l) each Related Party of each Debtor, each Reorganized Debtor and each Entity in clause (a) through (k); *provided that* any holder of a Claim or Interest that (x) validly opts out of the releases contained in the Plan or (y) files an objection to the releases contained in the Plan shall not be a "Released Party."

129.      "*Releasing Parties*" means, collectively, and in each case in its capacity as such:  (a) the holders of RBL Claims; (b) the RBL Agent; (c) the Consenting Creditors; (d) The Bank of New York Mellon Trust Company, N.A., as trustee; (e) the Exit Facility Lenders; (f) the Exit Facility Agent and the Exit Facility Arranger; (g) the Treasury Management Service Providers; (h) any Issuing Bank; (i) any Hedge Counterparty; (j) all Holders of Claims or Interests, solely in their capacities as such, that are presumed to accept the Plan *and* who do not opt out of the releases in the Plan; (k) all Holders of Claims or Interests, solely in their capacities as such, that (w) vote to accept the Plan *and* who do not opt out of the releases in the Plan, (x) abstain from voting on the Plan *and* who do not opt out of the releases in the Plan, (y) vote to reject the Plan *and* who do not opt out of the releases in the Plan, or (z) are deemed to reject the Plan *and* who do not opt out of the releases in the Plan; (l) each current and former Affiliate of each Entity in clause (a) through (k); and (m) each Related Party of each Debtor, each Reorganized Debtor, and each Entity in clause (a) through (l); *provided that* any holder of a Claim or Interest that (x) validly opts out of the releases contained in the Plan or (y) files an objection to the releases contained in the Plan shall not be a "Releasing Party"; *provided*, *further*, that for the avoidance of doubt, no Holder of a Claim that is party to or has otherwise signed the Restructuring Support Agreement may opt out of the releases.

130.      "*Reorganized Debtors*" means the Debtors, as reorganized pursuant to and under the Plan, on and after the Effective Date, or any successors or assigns thereto.

131.     "*Reorganized Whiting Parent*" means Whiting Parent, as reorganized pursuant to and under the Plan, on and after the Effective Date, or any successor or assign thereto.

132.     "*Reorganized Whiting Parent Board*" means the board of directors of Reorganized Whiting Parent on and after the Effective Date.

133.     "*Requisite Creditors*" means, as of the applicable date of determination, at least two (2) members of the Ad Hoc Committee of Noteholders that have signed the Restructuring Support Agreement, that hold a majority of the outstanding Notes held by the Ad Hoc Committee of Noteholders, and that have signed the Restructuring Support Agreement as of such date.

134.     "*Restructuring Support Agreement*" means that certain Restructuring Support Agreement, entered into and dated as of April 23, 2020, by and among the Debtors and the Consenting Creditors, including all exhibits, schedules and other attachments thereto, as such agreement may be amended from time to time in accordance with the terms thereof and which shall only be amended in accordance with the terms thereof, a copy of which is attached to the Disclosure Statement as **Exhibit B**.

135.     "*Restructuring Transactions*" mean those mergers, amalgamations, consolidations, arrangements, continuances, restructurings, transfers, conversions, dispositions, liquidations, dissolutions, or other corporate transactions that the Debtors reasonably determine to be necessary to implement the Plan.

136.     "*Restructuring Transactions Exhibit*" means an exhibit that sets forth the steps to be carried out to effectuate the Restructuring Transactions on and after the Effective Date.

137.     "*Retained Causes of Action*" means those Causes of Action that shall vest in the Reorganized Debtors on the Effective Date, which, for the avoidance of doubt, shall not include any of the Causes of Action that are settled, released or exculpated under the Plan.

138.     "*Schedule of Assumed Executory Contracts and Unexpired Leases*" means the schedule (including any modifications or amendments thereto) of certain Executory Contracts and Unexpired Leases to be assumed by the Debtors, subject to the consent of the Requisite Creditors (such consent not to be unreasonably withheld) pursuant to the Plan.

139.     "*Schedule of Rejected Executory Contracts and Unexpired Leases*" means the schedule (including any amendments or modifications thereto), if any, of certain Executory Contracts and Unexpired Leases to be rejected by the Debtors, subject to the consent of the Requisite Creditors (such consent not to be unreasonably withheld) pursuant to the Plan.

140.     "*Schedules*" means, collectively, the schedules of assets and liabilities and statements of financial affairs Filed by the Debtors pursuant to section 521 of the Bankruptcy Code.

141.     "*SEC*" means the Securities and Exchange Commission.

142.     "*Section 510(b) Claim*" means any Claim against any of the Debtors that is subject to subordination under section 510(b) of the Bankruptcy Code, including any Claim arising from or related to the purchase or ownership of Existing Interests.

143.     "*Secured*" or "*Secured Claim*" means, when referring to a Claim against any of the Debtors, a Claim that is: (a) secured by a lien on property in which any of the Debtors has an interest, which lien is valid, perfected, and enforceable pursuant to applicable law or by reason of a Bankruptcy Court order, or that is subject to a valid right of setoff pursuant to section 553 of the Bankruptcy Code, to the extent of the value of the creditor's interest in the Debtors' interest in such property or to the extent of the amount subject to setoff, as applicable, as determined pursuant to section 506(a) of the Bankruptcy Code; or (b) Allowed pursuant to the Plan, or separate order of the Bankruptcy Court, as a secured claim. The "Credit Agreement Obligations," as defined in the Final Cash Collateral Order, are Secured Claims under this Plan.

15

144.    "*Securities Act*" means the Securities Act of 1933, 15 U.S.C. §§ 77a–77aa, together with the rules and regulations promulgated thereunder, as amended from time to time, or any similar federal, state, or local law.

145.    "*Security*" has the meaning set forth in section 2(a)(1) of the Securities Act.  "*Securities*" shall have a correlative meaning.

146.    "*Senior Notes*" means, collectively, the 2021 Senior Notes, the 2023 Senior Notes, and the 2026 Senior Notes.

147.    "*Senior Notes Claims*" means, collectively, the 2021 Senior Notes Claims, the 2023 Senior Notes Claims, and the 2026 Senior Notes Claims.

148.    "*Senior Notes Indenture Trustee*" means The Bank of New York Mellon Trust Company, N.A., solely in its capacity as trustee under each of the 2021 Senior Notes Indenture, the 2023 Senior Notes Indenture, and the 2026 Senior Notes Indenture, as applicable, and any successor thereto, in its capacity as such.

149.     "*Servicer*" means an agent or other authorized representative of Holders of Claims or Interests.

150.    "*Solicitation Agent*" means Stretto, the notice, claims, and solicitation agent retained by the Debtors in the Chapter 11 Cases.

151.    "*Solicitation Materials*" means, collectively, the solicitation materials with respect to the Plan.

152.    "*Trade Claim*" means any Claim held by an ordinary course trade vendor of the Debtors against any of the Debtors on account of ordinary course goods and/or services provided to any of the Debtors.  For the avoidance of doubt, Trade Claims shall not include any Claim arising from or based upon rejection of any Executory Contract or Unexpired Lease, nor any Claim that is not Secured resulting from litigation against one or more of the Debtors.

153.    "*Transaction Expenses*" means, collectively, all reasonable and documented fees and expenses of the Consenting Creditors, including:  (a) Paul, Weiss, Rifkind, Wharton & Garrison LLP; (b) PJT Partners LP; and (c) Porter Hedges LLP; and the reasonable and documented fees, costs and, expenses of the RBL Agent, including the fees, costs, and expenses of:  (i) Simpson Thacher & Bartlett LLP; (ii) Opportune, LLP; (iii) local counsel in each applicable jurisdiction; and (iv) other professionals, advisors and experts engaged from time to time by or on behalf of the RBL Agent.

154.    "*Treasury Management Service Providers*" means a party to any Treasury Management Agreement (as defined in the RBL Credit Agreement).

155.    "*Unclaimed Distribution*" means any distribution under the Plan on account of an Allowed Claim to a Holder that has not:  (a) accepted a particular distribution or, in the case of distributions made by check, negotiated such check; (b) given notice to the Reorganized Debtors of an intent to accept a particular distribution; (c) responded to the Debtors' or Reorganized Debtors' requests for information necessary to facilitate a particular distribution; or (d) taken any other action necessary to facilitate such distribution.

156.    "*Unexpired Lease*" means a lease of nonresidential real property to which one or more of the Debtors is a party that is subject to assumption or rejection under section 365 of the Bankruptcy Code.

157.    "*Unimpaired*" means, with respect to a Class of Claims or Interests, a Class of Claims or Interests that is not impaired within the meaning of section 1124 of the Bankruptcy Code.

158.    "*U.S. Trustee*" means the Office of the United States Trustee for the Southern District of Texas.

159.    "*Voting Classes*" has the meaning ascribed to such term in the Disclosure Statement Order.

16

160.    "*Voting Report*" means the report certifying the methodology for the tabulation of votes and result of voting under the Plan.

161.    "*Warrants*" means the New Warrants-A and New Warrants-B, collectively and as applicable.

162.    "*Whiting Parent*" means Whiting Petroleum Corporation.

B.    *Rules of Interpretation*

For purposes herein:  (1) in the appropriate context, each term, whether stated in the singular or the plural, shall include both the singular and the plural, and pronouns stated in the masculine, feminine, or neuter gender shall include the masculine, feminine, and the neuter gender; (2) unless otherwise specified, any reference herein to a contract, lease, instrument, release, indenture, or other agreement or document being in a particular form or on particular terms and conditions means that such document shall be substantially in such form or substantially on such terms and conditions; (3) unless otherwise specified, all references herein to "Articles" and "Sections" are references to Articles and Sections, respectively, hereof or hereto; (4) the words "herein," "hereof," and "hereto" refer to the Plan in its entirety rather than to any particular portion of the Plan; (5) captions and headings to Articles and Sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of the Plan; (6) unless otherwise specified herein, the rules of construction set forth in section 102 of the Bankruptcy Code shall apply; (7) any term used in capitalized form herein that is not otherwise defined but that is used in the Bankruptcy Code or the Bankruptcy Rules shall have the meaning assigned to such term in the Bankruptcy Code or the Bankruptcy Rules, as applicable; (8) references to docket numbers of documents Filed in the Chapter 11 Cases are references to the docket numbers under the Bankruptcy Court's CM/ECF system; (9) any immaterial effectuating provisions may be interpreted by the Debtors or the Reorganized Debtors in such a manner that is consistent with the overall purpose and intent of the Plan and without further notice to or action, order, or approval of the Bankruptcy Court or any other Entity; (10) all references to statutes, regulations, orders, rules of courts, and the like shall mean as amended from time to time, and as applicable to the Chapter 11 Cases, unless otherwise stated; (11) references to "shareholders," "directors," and/or "officers" shall also include "members" and/or "managers," as applicable, as such terms are defined under the applicable state limited liability company laws; and (12) the words "include" and "including" and variations thereof shall not be deemed to be terms of limitation, and shall be deemed to be followed by the words "without limitation."

C.    *Computation of Time*

Unless otherwise specifically stated herein, the provisions of Bankruptcy Rule 9006(a) shall apply in computing any period of time prescribed or allowed herein.  If the date on which a transaction may occur pursuant to the Plan shall occur on a day that is not a Business Day, then such transaction shall instead occur on the next succeeding Business Day.  Any action to be taken on the Effective Date may be taken on or soon as reasonably practicable after the Effective Date, provided that the distributions to Class 3 shall be made on the Effective Date.

D.    *Governing Law*

Except to the extent a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or Bankruptcy Rules), and subject to the provisions of any contract, lease, instrument, release, indenture, or other agreement or document entered into expressly in connection herewith, the rights and obligations arising hereunder shall be governed by, and construed and enforced in accordance with, the laws of the State of New York, without giving effect to conflict of laws principles.

E.    *Reference to Monetary Figures*

All references in the Plan to monetary figures refer to currency of the United States of America, unless otherwise expressly provided.

17

F.       *Reference to the Debtors or the Reorganized Debtors*

Except as otherwise specifically provided in the Plan to the contrary, references in the Plan to the Debtors or to the Reorganized Debtors mean the Debtors and the Reorganized Debtors, as applicable, to the extent the context requires.

G.       *Controlling Document*

In the event of an inconsistency between the Plan and the Disclosure Statement, the terms of the Plan shall control in all respects.  In the event of an inconsistency between the Plan and any document included in the Plan Supplement, the applicable Plan Supplement document shall control.  In the event of an inconsistency between the Confirmation Order and any of the Plan, the Disclosure Statement, or the Plan Supplement, the Confirmation Order shall control.

H.       *Consultation, Information, Notice, and Consent Rights*

Notwithstanding anything herein to the contrary, any and all consultation, information, notice, and consent rights of the parties to the Restructuring Support Agreement set forth in the Restructuring Support Agreement (including the exhibits thereto) with respect to the form and substance of this Plan, all exhibits to the Plan, and the Plan Supplement, and all other Definitive Documents (as defined in the Restructuring Support Agreement), including any amendments, restatements, supplements, or other modifications to such agreements and documents, and any consents, waivers, or other deviations under or from any such documents, shall be incorporated herein by this reference (including to the applicable definitions in Article I.A hereof) and fully enforceable as if stated in full herein.

Failure to reference the rights referred to in the immediately preceding paragraph as such rights relate to any document referenced in the Restructuring Support Agreement shall not impair such rights and obligations.

**ARTICLE II.**
**ADMINISTRATIVE AND PRIORITY CLAIMS**

In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Claims, Professional Fee Claims, Priority Tax Claims, and Other Priority Claims have not been classified and thus are excluded from the Classes of Claims and Interests set forth in Article III of the Plan.

A.       *Administrative Claims*

Except with respect to the Professional Fee Claims and Claims for fees and expenses pursuant to section 1930 of chapter 123 of title 28 of the United States Code, and except to the extent that a Holder of an Allowed Administrative Claim and the Debtors against which such Allowed Administrative Claim is asserted agree to less favorable treatment for such Holder, or such Holder has been paid by any Debtor on account of such Allowed Administrative Claim prior to the Effective Date, each Holder of such an Allowed Administrative Claim will receive in full and final satisfaction of its Allowed Administrative Claim an amount of Cash equal to the amount of such Allowed Administrative Claim in accordance with the following:  (1) if an Administrative Claim is Allowed on or prior to the Effective Date, on the Effective Date or as soon as reasonably practicable thereafter (or, if not then due, when such Allowed Administrative Claim is due or as soon as reasonably practicable thereafter); (2) if such Administrative Claim is not Allowed as of the Effective Date, no later than 30 days after the date on which the Reorganized Debtors Allow such Allowed Administrative Claim or the date on which an order Allowing such Administrative Claim becomes a Final Order, or as soon as reasonably practicable thereafter, as applicable; (3) if such Allowed Administrative Claim is based on liabilities incurred by the Debtors in the ordinary course of their business after the Petition Date, in accordance with the terms and conditions of the particular transaction giving rise to such Allowed Administrative Claim without any further action by the Holder of such Allowed Administrative Claim; (4) at such time and upon such terms as may be agreed upon by such Holder and the Debtors or the Reorganized Debtors, as applicable; or (5) at such time and upon such terms as set forth in an order of the Bankruptcy Court.

Holders of Administrative Claims that are required to File and serve a request for payment of such Administrative Claims by the Administrative Claims Bar Date that do not File and serve such a request by the Administrative Claims Bar Date shall be forever barred, stopped, and enjoined from asserting such Administrative Claims against the Debtors or the Reorganized Debtors, and such Administrative Claims shall be deemed compromised, settled, and released as of the Effective Date.  For the avoidance of doubt, Holders of Transaction Expenses Claims shall not be required to File or serve any request for payment of such Transaction Expenses Claim.

Notwithstanding anything to the contrary contained herein, any unpaid Claim payable to the Consenting Creditors or the RBL Agent on account of Transaction Expenses shall constitute Allowed Administrative Claims and shall be paid on a current basis in full in Cash on the Effective Date, or to the extent accrued after the Effective Date, on a current basis in full in Cash as invoiced; *provided that* upon the payment of all fees and expenses due to the RBL Agent as adequate protection under the Final Cash Collateral Order, all other Claims for diminution of value under the Final Cash Collateral Order shall be irrevocably released, waived and discharged on the Effective Date unless the RBL Claims are not paid in full under the Plan.  Nothing herein shall require the Consenting Creditors or the RBL Agent or their respective professionals to file applications, a Proof of Claim or otherwise seek approval of the Bankruptcy Court as a condition to the payment of such Allowed Administrative Claims.

B.      *Final Fee Applications and Payment of Professional Fee Claims*

All final requests for payment of Professional Fee Claims incurred during the period from the Petition Date through the Confirmation Date shall be Filed no later than 45 days after the Effective Date.  All such final requests will be subject to approval by the Bankruptcy Court after notice and a hearing in accordance with the procedures established by the Bankruptcy Code, Bankruptcy Rules, and prior orders of the Bankruptcy Court, including the Interim Compensation Order, and once approved by the Bankruptcy Court, shall be promptly paid from the Professional Fee Escrow Account up to the full Allowed amount.  To the extent that funds held in the Professional Fee Escrow Account are insufficient to satisfy the amount of Professional Fee Claims owing to the Professionals, such Professionals shall have an Allowed Administrative Claim for any such deficiency, which shall be satisfied in accordance with Article II.A of the Plan.

C.      *Professional Fee Escrow Amount*

As soon as possible after Confirmation and not later than the Effective Date, the Debtors shall establish and fund the Professional Fee Escrow Account with Cash equal to the Professional Fee Escrow Amount.  The Professional Fee Escrow Account shall be maintained in trust for the Professionals.  Such funds shall not be considered property of the Debtors' Estates.  The amount of Professional Fee Claims owing to the Professionals shall be paid in Cash to such Professionals from funds held in the Professional Fee Escrow Account as soon as reasonably practicable after such Claims are Allowed by a Final Order.  When all such Allowed amounts owing to Professionals have been paid in full, any remaining amount in the Professional Fee Escrow Account shall promptly be transferred to the Reorganized Debtors, subject to the Liens of the Exit Facility and such other Liens or other encumbrances as may be permitted thereby.

D.      *Allocation and Estimation of Professional Fees and Expenses*

Professionals shall reasonably estimate their unpaid Professional Fee Claims and other unpaid fees and expenses incurred before and as of the Confirmation Date, and shall deliver such estimate to the Debtors by the earlier of (a) five Business Days after the Confirmation Date and (b) two Business Days prior to the Effective Date; *provided that* such estimate shall not be considered an admission with respect to the fees and expenses of such Professional and such Professionals are not bound to any extent by the estimates.  If a Professional does not provide an estimate, the Debtors may estimate the unbilled fees and expenses of such Professional.

E.      *Post-Confirmation Date Fees and Expenses*

Except as otherwise specifically provided in the Plan, from and after the Confirmation Date, the Debtors will, in the ordinary course of business and without any further notice to or action, order, or approval of the Bankruptcy Court, pay in Cash the reasonable and documented legal, professional, or other fees and expenses incurred by the

19

Debtors. Upon the Confirmation Date, any requirement that Professionals and Ordinary Course Professionals comply with sections 327 through 331 and 1103 of the Bankruptcy Code, the Interim Compensation Order, or the Ordinary Course Professionals Order, in seeking retention or compensation for services rendered after such date shall terminate, and the Debtors may employ and pay any Professional or Ordinary Course Professional in the ordinary course of business without any further notice to or action, order, or approval of the Bankruptcy Court.

F.        *Priority Tax Claims*

Except to the extent that a Holder of an Allowed Priority Tax Claim and the Debtors against which such Allowed Priority Tax Claim is asserted agree to a less favorable treatment for such Holder, in full and final satisfaction, settlement, release, and discharge of and in exchange for each Allowed Priority Tax Claim, each Holder of such Allowed Priority Tax Claim shall be treated in accordance with the terms set forth in section 1129(a)(9)(C) of the Bankruptcy Code and, for the avoidance of doubt, Holders of Allowed Priority Tax Claims will receive interest on such Allowed Priority Tax Claims after the Effective Date in accordance with sections 511 and 1129(a)(9)(C) of the Bankruptcy Code.

G.        *Statutory Fees*

All fees due and payable pursuant to section 1930 of title 28 of the United States Code prior to the Effective Date shall be timely paid by the Debtors. On and after the Effective Date, the Reorganized Debtors shall timely pay any and all such fees when due and payable, and shall File with the Bankruptcy Court quarterly reports in a form reasonably acceptable to the U.S. Trustee. Each Debtor shall remain obligated to pay such quarterly fees to the U.S. Trustee until the earliest of that particular Debtor's case being closed, dismissed, or converted to a case under chapter 7 of the Bankruptcy Code.

## ARTICLE III.
### CLASSIFICATION, TREATMENT, AND VOTING OF CLAIMS AND INTERESTS

A.        *Classification of Claims and Interests*

The Plan constitutes a separate plan proposed by each Debtor within the meaning of section 1121 of the Bankruptcy Code; *provided that* the Debtors and the Reorganized Debtors, as applicable, shall consolidate Allowed Claims into one Estate for purposes of distributions for Class 5. Except for the Claims addressed in Article II of the Plan, all Claims and Interests are classified in the Classes set forth below for all purposes, including voting, Confirmation, and distribution pursuant to the Plan, all in accordance with sections 1122 and 1123(a)(1) of the Bankruptcy Code. A Claim or an Interest is classified in a particular Class only to the extent that the Claim or Interest qualifies within the description of that Class and is classified in other Classes to the extent that any portion of the Claim or Interest qualifies within the description of such other Classes. A Claim or an Interest also is classified in a particular Class for the purpose of receiving distributions under the Plan only to the extent that such Claim or Interest is an Allowed Claim or Existing Interest in that Class and has not been paid, released, or otherwise satisfied or disallowed by Final Order prior to the Effective Date.

Unless otherwise indicated, except to the extent that the Debtors and a Holder of such Allowed Claim or Interest, as applicable, agree to a less favorable treatment (subject to the consent of the Requisite Creditors, such consent not to be unreasonably withheld), each Holder of an Allowed Claim or Interest, as applicable, shall receive such treatment on the Effective Date (or, if payment is not then due, in accordance with its terms in the ordinary course of business) or as soon as reasonably practicable thereafter. For all purposes under the Plan, each Class will contain sub-Classes for each of the Debtors, as applicable; *provided*, that any Class that does not contain any Allowed Claims or Existing Interests with respect to a particular Debtor will be treated in accordance with Article III.D below.

Below is a chart assigning each Class a number for purposes of identifying each separate Class.

| Class | Claim or Interest | Status | Voting Rights |
| --- | --- | --- | --- |
| 1 | Other Secured Claims | Unimpaired | Deemed to Accept |

20

| Class | Claim or Interest | Status | Voting Rights |
|-------|-------------------|--------|---------------|
| 2 | Other Priority Claims | Unimpaired | Deemed to Accept |
| 3 | RBL Claims | Impaired | Entitled to Vote |
| 4 | Trade Claims | Unimpaired | Deemed to Accept |
| 5 | General Unsecured Claims | Impaired | Entitled to Vote |
| 6 | Intercompany Claims | Unimpaired, or Impaired | Deemed to Accept, or Presumed to Reject |
| 7 | Intercompany Interests | Unimpaired, or Impaired | Deemed to Accept, or Presumed to Reject |
| 8 | Existing Interests | Impaired | Entitled to Vote |
| 9 | Section 510(b) Claims | Impaired | Entitled to Vote |

B.  *Treatment of Classes of Claims and Interests*

1.  <u>Class 1 — Other Secured Claims</u>

a.  *Classification*:  Class 1 consists of all Other Secured Claims.

b.  *Treatment*:  Each Holder of an Allowed Other Secured Claim shall receive, in full and final satisfaction of such Allowed Other Secured Claim, at the option of the applicable Debtor, either:

   i.  payment in full in Cash;

   ii.  delivery of the Collateral securing any such Allowed Other Secured Claim;

   iii.  Reinstatement of such Allowed Other Secured Claim, notwithstanding any contractual provision or applicable non-bankruptcy law that entitles the holder of such claim to demand or to receive payment prior to the stated maturity of such Allowed Other Secured Claim from and after the occurrence of default; or

   iv.  such other treatment rendering such Allowed Other Secured Claim Unimpaired.

c.  *Voting*:  Class 1 is Unimpaired.  Holders of Allowed Other Secured Claims in Class 1 are conclusively deemed to have accepted the Plan under section 1126(f) of the Bankruptcy Code.  Holders of Allowed Other Secured Claims in Class 1 are not entitled to vote to accept or reject the Plan.

2.  <u>Class 2 — Other Priority Claims</u>

a.  *Classification*:  Class 2 consists of all Other Priority Claims.

b.  *Treatment*:  Each Holder of an Allowed Other Priority Claim shall receive, in full and final satisfaction of such Allowed Other Priority Claim, at the option of the applicable Debtors, either:

   i.  Cash in an amount equal to such Allowed Other Priority Claim; or

21

ii.     such other treatment rendering such Allowed Other Priority Claim Unimpaired.

c.    *Voting*:  Class 2 is Unimpaired.  Holders of Allowed Other Priority Claims in Class 2 are conclusively deemed to have accepted the Plan under section 1126(f) of the Bankruptcy Code.  Holders of Allowed Other Priority Claims in Class 2 are not entitled to vote to accept or reject the Plan.

3.    Class 3 — RBL Claims

a.    *Classification*:  Class 3 consists of all RBL Claims.

b.    *Treatment*:  The RBL Claims shall be Allowed and deemed to be Allowed Claims in the full amount outstanding under the RBL Credit Agreement and the Cash Collateral Orders, including all principal, accrued and unpaid interest, and all accrued and unpaid fees, expenses, and noncontingent or asserted indemnification claims payable under the RBL Credit Agreement and the Cash Collateral Orders.  In full and final satisfaction of such Allowed RBL Claim, each Holder of an Allowed RBL Claim shall receive, at the option of each Holder:

(1)    if such Holder votes to accept the Plan ***and*** elects to participate in the Exit Facility, its Pro Rata share of:  (i) the Exit Facility Revolving Loan Commitments and (ii) the Exit Facility Effective Date Cash Amount; or

(2)    if such Holder does not vote to accept the Plan (including by voting against the Plan or failing to timely return a ballot) ***or*** does not elect to participate in the Exit Facility (including by not making any election with respect to the Exit Facility on the ballot), its Pro Rata share of the Exit Facility Term Loans.

For the avoidance of doubt, in either case, contingent or unasserted indemnification obligations under the RBL Credit Agreement shall remain in full force and effect to the maximum extent permitted by applicable law and shall not be discharged, impaired, or otherwise affected by this Plan.

c.    *Voting*:  Class 3 is Impaired.  Holders of Allowed RBL Claims in Class 3 are entitled to vote to accept or reject the Plan.

4.    Class 4 — Trade Claims

a.    *Classification*:  Class 4 consists of all Trade Claims.

b.    *Treatment*:  Each Holder of an Allowed Trade Claim shall receive, in full and final satisfaction of such Allowed Trade Claim, payment in full of such Allowed Trade Claim on the Effective Date or otherwise in the ordinary course of the Debtors' business.

c.    *Voting*:  Class 4 is Unimpaired.  Holders of Allowed Trade Claims in Class 4 are conclusively deemed to have accepted the Plan under section 1126(f) of the Bankruptcy Code.  Holders of Allowed Trade Claims in Class 4 are not entitled to vote to accept or reject the Plan.

5.    Class 5 — General Unsecured Claims

a.    *Classification*:  Class 5 consists of all General Unsecured Claims.

b. *Treatment*:  Each Holder of a General Unsecured Claim shall receive, in full and final satisfaction of such Allowed General Unsecured Claim, its Pro Rata share of the Claims Equity Pool; *provided that* if either Class 3 or Class 5 vote to reject the Plan, each Holder of an Allowed General Unsecured Claim shall receive, in full and final satisfaction of such Allowed General Unsecured Claim, its Pro Rata share of 100% of the New Common Stock, subject to dilution by the New Common Stock to be issued pursuant to the Management Incentive Plan.

c. *Voting*:  Class 5 is Impaired.  Holders of Allowed General Unsecured Claims in Class 5 are entitled to vote to accept or reject the Plan.

6. Class 6 — Intercompany Claims

a. *Classification*:  Class 6 consists of all Intercompany Claims.

b. *Treatment*:  Unless otherwise provided for under the Plan, Intercompany Claims shall be Reinstated or modified as agreed by the Debtors and the Requisite Creditors.

c. *Voting*:  Class 6 is either Unimpaired, in which case the Holders of Allowed Intercompany Claims in Class 6 are conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, or Impaired and not receiving any distribution under the Plan, in which case the Holders of such Allowed Intercompany Claims in Class 6 are presumed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. Therefore, each Holder of an Allowed Intercompany Claim in Class 6 will not be entitled to vote to accept or reject the Plan.

7. Class 7 — Intercompany Interests

a. *Classification*:  Class 7 consists of all Intercompany Interests.

b. *Treatment*:  Unless otherwise provided for under the Plan, Intercompany Claims shall be Reinstated or modified as agreed by the Debtors and the Requisite Creditors.

c. *Voting*:  Class is either Unimpaired, in which case the Holders of Allowed Intercompany Interests in Class 7 are conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, or Impaired and not receiving any distribution under the Plan, in which case the Holders of such Allowed Intercompany Interests in Class 7 are presumed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code.  Therefore, each Holder of an Allowed Intercompany Interest in Class 7 will not be entitled to vote to accept or reject the Plan.

8. Class 8 — Existing Interests

a. *Classification*: Class 8 consists of all Existing Interests.

b. *Treatment*:  Each Existing Interest shall be canceled, released, and expunged and shall be of no further force and effect.  To the extent Class 3 and Class 5 vote to accept the Plan, each Holder of an Allowed Existing Interest shall receive its Pro Rata[2] share of (i) the Existing Interests Equity Pool, (ii) the New Warrants-A, and (iii) the New Warrants-B; *provided that* if either Class 3 or Class 5 vote to reject the Plan, Holders of Allowed Existing Interests shall receive no distribution.

---

[2] For the treatment set forth in this Article III.B.8.b, the Pro Rata amounts shall be calculated as the Pro Rata share of all Allowed Existing Interests and Allowed Section 510(b) Claims.

       c.      *Voting*: Class 8 is Impaired.  Holders of Existing Interests in Class 8 are entitled to vote to accept or reject the Plan.

9.      <u>Class 9 — Section 510(b) Claims</u>

       a.      *Classification*: Class 9 consists of all Section 510(b) Claims.

       b.      *Treatment*:  Section 510(b) Claims will be canceled, released, and expunged and shall be of no further force and effect.  To the extent Class 3 and Class 5 vote to accept the Plan, each Holder of an Allowed Section 510(b) Claim shall receive its Pro Rata[3] share of (i) the Existing Interests Equity Pool, (ii) the New Warrants-A, and (iii) the New Warrants-B; *provided that* if either Class 3 or Class 5 vote to reject the Plan, Holders of Allowed Section 510(b) Claims shall receive no distribution.

       c.      *Voting*: Class 9 is Impaired.  Holders of Section 510(b) Claims in Class 9 are presumed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code.  Holders of Section 510(b) Claims in Class 9 are entitled to vote to accept or reject the Plan.

C.      *Special Provision Governing Unimpaired Claims*

Except as otherwise provided in the Plan, nothing under the Plan shall affect the Debtors' or the Reorganized Debtors' rights regarding any Unimpaired Claim, including all rights regarding legal and equitable defenses to, or setoffs or recoupments against, any such Unimpaired Claim.

D.      *Elimination of Vacant Classes*

Any Class of Claims or Interests that does not have a Holder of an Allowed Claim or Allowed Interest, or a Claim or Interest temporarily Allowed by the Bankruptcy Court as of the date of the Confirmation Hearing, shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code.

E.      *Voting Classes; Presumed Acceptance by Non-Voting Classes*

If a Class contains Claims eligible to vote on the Plan and no Holder of Claims eligible to vote in such Class votes to accept or reject the Plan, the Plan shall be presumed accepted by the Holders of such Claims in such Class.

F.      *Confirmation Pursuant to Sections 1129(a)(10) and 1129(b) of the Bankruptcy Code*

Section 1129(a)(10) of the Bankruptcy Code shall be satisfied for purposes of Confirmation by acceptance of the Plan by at least one Impaired Class of Claims.  The Debtors shall seek Confirmation of the Plan pursuant to section 1129(b) of the Bankruptcy Code with respect to any rejecting Class(es) of Claims or Interests.  The Debtors reserve the right to modify the Plan in accordance with <u>Article XI</u> of the Plan to the extent, if any, that Confirmation pursuant to section 1129(b) of the Bankruptcy Code requires modification, including by modifying the treatment applicable to a Class of Claims or Interests to render such Class of Claims or Interests Unimpaired to the extent permitted by the Restructuring Support Agreement, the Bankruptcy Code, and the Bankruptcy Rules.

G.      *Intercompany Interests*

To the extent Reinstated under the Plan, the Intercompany Interests shall be Reinstated for the ultimate benefit of the Holders of Claims and Interests that receive New Common Stock under the Plan, and the Intercompany Interests shall receive no recovery or distribution.  For the avoidance of doubt, to the extent Reinstated pursuant to the Plan, on and after the Effective Date, all Intercompany Interests shall be owned by the same Reorganized Debtor that

---

[3]    For the treatment set forth in this <u>Article III.B.9.b</u>, the Pro Rata amounts shall be calculated as the Pro Rata share of all Allowed Existing Interests and Allowed Section 510(b) Claims.

corresponds with the Debtor that owned such Intercompany Interests prior to the Effective Date (subject to any modifications in the Restructuring Transactions Exhibit).

H.      *Substantive Consolidation*

The Plan is being proposed as a joint plan of reorganization of the Debtors for administrative purposes only and constitutes a separate chapter 11 plan of reorganization for each Debtor. The Plan is not premised upon the substantive consolidation of the Debtors with respect to the Classes of Claims or Interests set forth in the Plan; *provided that* the Debtors and the Reorganized Debtors, as applicable, shall consolidate Allowed Claims into one Estate for purposes of distributions for Class 5.

I.      *Subordinated Claims and Interests*

The allowance, classification, and treatment of all Allowed Claims and Allowed Interests and their respective distributions and treatments under the Plan take into account and conform to the relative priority and rights of the Claims and Interests in each Class in connection with any contractual, legal, and equitable subordination rights relating thereto, whether arising under general principles of equitable subordination, section 510(b) of the Bankruptcy Code, or otherwise.  Pursuant to section 510 of the Bankruptcy Code, the Debtors or Reorganized Debtors, as applicable, reserve the right to re-classify any Allowed Claim or Interest in accordance with any contractual, legal, or equitable subordination relating thereto.

## ARTICLE IV.
## PROVISIONS FOR IMPLEMENTATION OF THE PLAN

A.      *General Settlement of Claims, Interests, and Causes of Action*

Pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for the classification, distributions, releases, and other benefits provided under the Plan, upon the Effective Date, the provisions of the Plan shall constitute a good faith compromise and settlement of all Claims, Interests, Causes of Action, and controversies released, settled, compromised, discharged, satisfied, or otherwise resolved pursuant to the Plan.  The Plan shall be deemed a motion, proposed by the Debtors and joined by the Consenting Creditors to approve the good-faith compromise and settlement of all Claims, Interests, Causes of Action, and controversies pursuant to Bankruptcy Rule 9019, and the entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the compromise and settlement of all such Claims, Interests, Causes of Action, and controversies, as well as a finding by the Bankruptcy Court that such compromise and settlement is in the best interests of the Debtors, their Estates, and Holders of Claims and Interests and is fair, equitable, reasonable, and in the best interests of the Debtors and their Estates.

B.      *Restructuring Transactions*

On the Effective Date or as soon as reasonably practicable thereafter, the Reorganized Debtors shall consummate the Restructuring Transactions and take all actions to effectuate the Restructuring Transactions, including:  (1) the execution and delivery of any appropriate agreements or other documents of merger, consolidation, restructuring, conversion, disposition, transfer, formation, organization, dissolution, or liquidation containing terms that are consistent with the terms of the Plan and the Restructuring Support Agreement, and that satisfy the requirements of applicable law and any other terms to which the applicable Entities may agree, including the documents comprising the Plan Supplement and the New Organizational Documents; (2) the execution and delivery of appropriate instruments of transfer, assignment, assumption, or delegation of any asset, property, right, liability, debt, or obligation on terms consistent with the terms of the Plan and the Restructuring Support Agreement and having other terms for which the applicable Entities may agree; (3) the execution, delivery and filing, if applicable, of appropriate certificates or articles of incorporation, formation, reincorporation, merger, consolidation, conversion, or dissolution pursuant to applicable state law, including any applicable New Organizational Documents; (4) such other transactions that are required to effectuate the Restructuring Transactions; and (5) all other actions that the applicable Entities determine to be necessary or appropriate, including making filings or recordings that may be required by applicable law.

25

C.      *Employee and Retiree Benefits*

Unless otherwise provided herein, and subject to Article V hereof, all employee wages and Compensation and Benefits Programs in place as of the Effective Date with the Debtors shall be assumed by the Reorganized Debtors and shall remain in place as of the Effective Date, and the Reorganized Debtors will continue to honor such agreements, arrangements, programs, and plans.  For the avoidance of doubt, pursuant to section 1129(a)(13) of the Bankruptcy Code, from and after the Effective Date, all retiree benefits (as such term is defined in section 1114 of the Bankruptcy Code), if any, shall continue to be paid in accordance with applicable law.

D.      *Issuance and Distribution of New Common Stock and Warrants*

All Existing Interests shall be canceled on the Effective Date and Reorganized Whiting Parent shall issue the New Common Stock, the New Warrants-A, and the New Warrants-B to Holders of Claims and Interests entitled to receive the New Common Stock, the New Warrants-A, and the New Warrants-B, as applicable, pursuant to the Plan in the proportions set forth in the Plan.  The issuance of New Common Stock, including any New Common Stock to be issued upon exercise of the New Warrants-A and the New Warrants-B, shall be duly authorized without the need for any further corporate action and without any further action by the Debtors or the Reorganized Debtors or by Holders of any Claims or Interests, as applicable.  All New Common Stock, New Warrants-A, and New Warrants-B issued under the Plan shall be duly authorized, validly issued, fully paid, and non-assessable.

E.      *The Exit Facility*

On the Effective Date, the applicable Reorganized Debtors shall enter into the Exit Facility, including any documents required in connection with the creation, continuation, or perfection of Liens in connection therewith.  The Confirmation Order shall include approval of the Exit Facility and the Exit Facility Documents, subject to the consent of the Requisite Creditors (such consent not to be unreasonably withheld), all transactions contemplated thereby, and all actions to be taken, undertakings to be made, and obligations to be incurred and fees paid by the Reorganized Debtors in connection therewith, and authorization of the Reorganized Debtors to enter into, execute, and perform under the Exit Facility Documents and all related documents and agreements to the extent a party thereto, and authorization for the Reorganized Debtors to create or perfect the Liens in connection therewith.

The Exit Facility Documents shall constitute legal, valid, binding, and authorized obligations of the Reorganized Debtors, enforceable in accordance with their terms.  The financial accommodations to be extended pursuant to the Exit Facility Documents are being extended, and shall be deemed to have been extended, in good faith, for legitimate business purposes, are reasonable, shall not be subject to any Claims, Causes of Action, avoidance, reduction, recharacterization, subordination (whether contractual or otherwise), cross claim, disallowance, impairment, objection, or challenges under any applicable law or regulation by any Person for any purposes whatsoever, and shall not constitute preferential transfers, fraudulent transfers, obligations, or conveyances, or other voidable transfers or obligations under the Bankruptcy Code or any other applicable non-bankruptcy law.

The Exit Facility Lenders shall have valid, binding, and enforceable Liens on the Collateral (or other property identified as "Collateral" therein) specified in, and to the extent required by, the Exit Facility Documents.  To the extent granted, the guarantees, mortgages, pledges, Liens and other security interests granted pursuant to the Exit Facility Documents are granted in good faith as an inducement to the Exit Facility Lenders to extend credit thereunder and shall be deemed not to constitute a fraudulent conveyance or fraudulent transfer, shall not otherwise be subject to avoidance, recharacterization, or subordination (whether contractual or otherwise) for any purposes whatsoever, and the priorities of any such Liens and security interests shall be as set forth in the relevant Exit Facility Documents.  The Reorganized Debtors and the persons and entities granted such Liens are authorized to make all filings and recordings, and to obtain all governmental approvals and consents necessary to establish and perfect such Liens under the provisions of the applicable state, provincial, federal, or other law (whether domestic or foreign) that would be applicable in the absence of the Plan and the Confirmation Order, and will thereafter cooperate to make all other filings and recordings that otherwise would be necessary under applicable law to give notice of such Liens to third parties.

26

F. *Management Incentive Plan*

On the Effective Date, the Reorganized Whiting Parent Board shall implement the MIP Pool, and following the Effective Date, the Reorganized Whiting Parent Board shall determine the other terms and conditions of the Management Incentive Plan.

G. *Management of Reorganized Whiting*

The Debtors' current management team shall remain in their current positions after consummation of the Restructuring Transactions, and the Debtors shall enter into new employment agreements with their current management team in connection with the Restructuring Transactions.

H. *Exemption from Registration Requirements*

The offering, issuance, and distribution of any Securities pursuant to the Plan, including the New Common Stock, the New Warrants-A and the New Warrants-B, will be exempt from the registration requirements of section 5 of the Securities Act or any similar federal, state, or local law in reliance on section 1145 of the Bankruptcy Code.

Pursuant to section 1145 of the Bankruptcy Code, the New Common Stock, the New Warrants-A and the New Warrants-B issued under the Plan may be sold without registration under the Securities Act by the recipients thereof, subject to: (1) the provisions of section 1145(b)(1) of the Bankruptcy Code relating to the definition of an underwriter in section 2(a)(11) of the Securities Act and compliance with any applicable state or foreign securities laws, if any, and the rules and regulations of the SEC, if any, applicable at the time of any future transfer of such Securities or instruments; (2) any other applicable regulatory approval; and (3) the transfer restrictions set forth in the New Organizational Documents, if any.

The New Common Stock, the New Warrants-A, the New Warrants-B and the New Common Stock issued upon the exercise of the New Warrants-A or the New Warrants-B shall be reflected through the facilities of DTC, and neither the Debtors, the Reorganized Debtors, nor any other Person shall be required to provide any further evidence other than the Plan or the Confirmation Order with respect to the treatment of such New Common Stock, New Warrants-A, New Warrants-B or New Common Stock issued upon the exercise of the New Warrants-A or the New Warrants-B under applicable securities laws.

DTC shall be required to accept and conclusively rely upon the Plan or Confirmation Order in lieu of a legal opinion regarding whether the New Common Stock, the New Warrants-A, the New Warrants-B and the New Common Stock issued upon exercise of the New Warrants-A or New Warrants-B are exempt from registration and/or eligible for DTC book-entry delivery, settlement, and depository services.

Notwithstanding anything to the contrary in the Plan, no entity (including, for the avoidance of doubt, DTC) shall be entitled to require a legal opinion regarding the validity of any transaction contemplated by the Plan, including, for the avoidance of doubt, whether New Common Stock, the New Warrants-A, the New Warrants-B and the New Common Stock issued upon exercise of the New Warrants-A or New Warrants-B are exempt from registration and/or eligible for DTC book-entry delivery, settlement, and depository services.

I. *Vesting of Assets*

Except as otherwise provided in the Plan or in any agreement, instrument, or other document incorporated in the Plan or the Plan Supplement, on the Effective Date, all property in each Debtor's Estate, all Causes of Action, and any property acquired by each of the Debtors under the Plan shall vest in each respective Reorganized Debtor, free and clear of all Liens, Claims, charges, or other encumbrances other than the Liens of the Exit Facility and such other Liens or other encumbrances as may be permitted thereby. On and after the Effective Date, except as otherwise provided in the Plan, each Reorganized Debtor may operate its business and may use, acquire, or dispose of property and pursue, compromise or settle any Claims, Interests, or Causes of Action without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules.

27

J.        *Cancellation of Instruments, Certificates, and Other Documents*

Except as otherwise provided in this Plan or any agreement, instrument, or other document incorporated in this Plan or the Plan Supplement, on the Effective Date, (a) all notes, instruments, Certificates, and other documents evidencing Claims or Interests, including the Indentures and the RBL Credit Agreement, and (b) any other credit agreements and indentures, shall be terminated and canceled and the obligations of the Debtors thereunder or in any way related thereto shall be deemed satisfied in full and discharged and the Senior Notes Indenture Trustee, the Convertible Notes Indenture Trustee, and the RBL Agent shall be released from all duties thereunder without any need for further action or approval by the Bankruptcy Court or any Holder or other person, provided that any contingent indemnification obligations relating to unasserted claims under the RBL Credit Agreement shall survive in accordance with their terms.   In addition to the foregoing, the Indentures and the RBL Credit Agreement shall survive the occurrence of the Effective Date and shall continue in effect solely to the extent necessary to: (i) allow a Disbursing Agent, the RBL Agent, the Senior Notes Indenture Trustee, or the Convertible Notes Indenture Trustee to make distributions under the Plan to the Holders of RBL Claims and Notes Claims, as applicable; (ii) allow the Debtors, the Reorganized Debtors,  the Senior Notes Indenture Trustee, the Convertible Notes Indenture Trustee, and the RBL Agent to make post-Effective Date distributions or take such other action pursuant to the Plan on account of Allowed Notes Claims and Allowed RBL Claims, as applicable, and to otherwise exercise their rights and discharge their obligations relating to the interests of the Holders of such Claims in accordance with the Plan; (iii) allow the Senior Notes Indenture Trustee, the Convertible Notes Indenture Trustee, and the RBL Agent to enforce their rights, claims and interests vis-à-vis any parties other than the Debtors; (iv) allow the Senior Notes Indenture Trustee, the Convertible Notes Indenture Trustee, and the RBL Agent to maintain or assert any rights it may have against the distributions to Holders of Notes Claims and RBL Claims, as applicable, pursuant to the terms of the Indentures or RBL Credit Agreement, as applicable, for the payment of outstanding fees, expenses and indemnification obligations arising under (and due pursuant to the terms of) the Indentures; *provided that* except as expressly provided in this Article IV.J, nothing in this Article IV.J shall affect the discharge of Claims pursuant to the Bankruptcy Code, the Confirmation Order or the Plan or result in any liability or expense to the Reorganized Debtors; (v) permit the Senior Notes Indenture Trustee, the Convertible Notes Indenture Trustee and the RBL Agent to assert their respective charging liens; (vi) permit the Senior Notes Indenture Trustee, the Convertible Notes Indenture Trustee and the RBL Agent to appear in the Chapter 11 Cases; and (vii) allow the Senior Notes Indenture Trustee, the Convertible Notes Indenture Trustee, and the RBL Agent to maintain any right of indemnification, contribution, subrogation or any other claim or entitlement they may have under the applicable Indentures and the RBL Credit Agreement.  Except for the foregoing with respect to such other rights of the Senior Notes Indenture Trustee or the Convertible Notes Indenture Trustee that survive the Indentures, as applicable, the Senior Notes Indenture Trustee, the Convertible Notes Indenture Trustee, the RBL Agent, and their respective agents shall be relieved of all further duties and responsibilities related to the Indentures, the RBL Credit Agreement, and the Plan, as applicable.

If the record holder of the Notes is DTC or its nominee or another securities depository or custodian thereof, and such Notes are represented by a global security held by or on behalf of DTC or such other securities depository or custodian, then each such Holder of the Notes shall be deemed to have surrendered such Holder's note, debenture or other evidence of indebtedness upon surrender of such global security by DTC or such other securities depository or custodian thereof.

K.        *Holders of Working and Similar Interests.*

The legal and equitable rights, interests, defenses, and obligations of lessors under the Debtors' oil and gas leases, holders of certain other mineral interests related to the Debtors' oil and gas properties, owners of non-operating working interests in the Debtors' oil and gas properties, counterparties to the Debtors' joint operating agreements, and holders of claims related to joint-interest billings and other similar working interests shall not be impaired in any manner by the provisions of this Plan.  Nor shall anything in this Plan impair the related legal and equitable rights, interests, defenses, or obligations of the Debtors or the Reorganized Debtors.  To the extent applicable, such Claims or Interests shall be Reinstated pursuant to this Plan.

Notwithstanding the foregoing, nothing in this Article IV.K shall limit the Debtors' rights to reject any Executory Contract or Unexpired Lease in accordance with the Bankruptcy Code or pursuant to Article V hereof; *provided* that overriding royalty interests and joint-interest billings shall not constitute Executory Contracts or Unexpired Leases. Accordingly, for the avoidance of doubt, overriding royalty interests and joint-interest billings are

not eligible to be assumed or rejected pursuant to the Plan.  All parties' rights are reserved to timely object to any proposed rejection of a joint operating agreement and with respect to the classification of any rejection damages claim resulting therefrom.

L.    *Corporate Action*

On and after the Effective Date, all actions contemplated by the Plan are and shall be deemed authorized and approved by the Bankruptcy Court in all respects without any further corporate or equity holder action, including, as applicable:  (1) the adoption, execution, and/or filing of the New Organizational Documents; (2) the selection of the directors, managers, and officers for the Reorganized Debtors, including the appointment of the Reorganized Whiting Parent Board; (3) the authorization, issuance, entry into and distribution, as applicable, of the Exit Facility and the New Common Stock, and the execution, delivery, and filing of any documents pertaining thereto, as applicable; (4) the rejection, assumption, or assumption and assignment, as applicable, of Executory Contracts and Unexpired Leases; (5) the formation of any Entities pursuant to the Restructuring Transactions; (6) the implementation of the Restructuring Transactions, including any transaction contemplated by the Restructuring Transactions Exhibit;  (7) the adoption of the Management Incentive Plan by the Reorganized Whiting Parent Board; and (8) all other actions contemplated by the Plan (whether to occur before, on, or after the Effective Date).  Upon the Effective Date, all matters provided for in the Plan involving the corporate structure of the Reorganized Debtors, and any corporate, partnership, limited liability company, or other governance action required by the Debtors or the Reorganized Debtors in connection with the Plan shall be deemed to have occurred and shall be in effect, without any requirement of further corporate or other action by any Security holders, members, directors, or officers of the Debtors or Reorganized Debtors, as applicable.

On or before the Effective Date, as applicable, the appropriate directors and officers of the Debtors or the Reorganized Debtors shall be (or shall be deemed to have been) authorized and (as applicable) directed to issue, execute, and deliver the agreements, documents, Securities, and instruments contemplated by the Plan (or necessary or desirable to effectuate the Restructuring Transactions) in the name of and on behalf of the Reorganized Debtors, including and any and all other agreements, documents, Securities, and instruments relating to the foregoing, to the extent not previously authorized by the Bankruptcy Court.  The authorizations and approvals contemplated by this <u>Article IV.L</u> shall be effective notwithstanding any requirements under non-bankruptcy law.

M.    *Corporate Existence*

Except as otherwise provided in the Plan or any agreement, instrument, or other document incorporated in the Plan or the Plan Supplement, on the Effective Date, or as otherwise may be agreed between the Debtors and the Requisite Creditors, each Debtor shall continue to exist on and after the Effective Date as a separate corporation, limited liability company, partnership, or other form of entity, as the case may be, with all the powers of a corporation, limited liability company, partnership, or other form of entity, as the case may be, pursuant to the applicable law in the jurisdiction in which each applicable Debtor is incorporated or formed and pursuant to the respective certificate of incorporation and by-laws (or other analogous formation documents) in effect before the Effective Date, except to the extent such certificate of incorporation or bylaws (or other analogous formation, constituent or governance documents) is amended by the Plan or otherwise, and to the extent any such document is amended, such document is deemed to be amended pursuant to the Plan and requires no further action or approval (other than any requisite filings required under applicable state or federal law).

N.    *New Organizational Documents*

On the Effective Date, or as soon thereafter as is reasonably practicable, the Reorganized Debtors' certificates of incorporation and bylaws (and other formation and constituent documents relating to limited liability companies) shall be amended or amended and restated, as applicable, as may be required to be consistent with the provisions of the Plan, the New Organizational Documents, as applicable, and the Bankruptcy Code.  To the extent required under the Plan or applicable nonbankruptcy law, the Reorganized Debtors will file their respective New Organizational Documents with the applicable Secretaries of State and/or other applicable authorities in their respective states, provinces, or countries of incorporation in accordance with the corporate laws of the respective states, provinces, or countries of incorporation.  The New Organizational Documents shall, among other things:  (1) authorize the issuance of the New Common Stock, the New Warrants-A, and the New Warrants-B; and (2) pursuant to and only to the extent

required by section 1123(a)(6) of the Bankruptcy Code, include a provision prohibiting the issuance of non-voting equity Securities.  After the Effective Date, each Reorganized Debtor may amend and restate its certificate of incorporation and other formation and constituent documents as permitted by the laws of its respective jurisdiction of formation and the terms of the New Organizational Documents.

O.      *Effectuating Documents; Further Transactions*

On and after the Effective Date, the Reorganized Debtors and the officers and members of the boards of directors and managers (or other relevant governing body) thereof, including the Reorganized Whiting Parent Board, shall be authorized to and may issue, execute, deliver, file, or record such contracts, Securities, instruments, releases, and other agreements or documents and take such actions as may be necessary or appropriate to effectuate, implement, and further evidence the terms and conditions of the Plan including the Exit Facility Documents and the Securities issued pursuant to the Plan in the name of and on behalf of the Reorganized Debtors, without the need for any approvals, authorizations, or consents except for those expressly required under the Plan.

P.      *Section 1146(a) Exemption*

To the fullest extent permitted by section 1146(a) of the Bankruptcy Code, any transfers (whether from a Debtor to a Reorganized Debtor or to any other Person) of property under the Plan (including the Restructuring Transactions) or pursuant to:  (1) the issuance, distribution, transfer, or exchange of any debt, equity Security, or other interest in the Debtors or the Reorganized Debtors; (2) the creation, modification, consolidation, termination, refinancing, and/or recording of any mortgage, deed of trust, or other security interest, or the securing of additional indebtedness by such or other means; (3) the making, assignment, or recording of any lease or sublease; (4) the grant of Collateral (or other property identified as "Collateral" therein) as security for the Exit Facility; or (5) the making, delivery, or recording of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan, including any deeds, bills of sale, assignments, or other instrument of transfer executed in connection with any transaction arising out of, contemplated by, or in any way related to the Plan (including the Restructuring Transactions), shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, regulatory filing or recording fee, or other similar tax or governmental assessment, and upon entry of the Confirmation Order, the appropriate state or local governmental officials or agents shall forego the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax, recordation fee, or governmental assessment.  All filing or recording officers (or any other Person with authority over any of the foregoing), wherever located and by whomever appointed, shall comply with the requirements of section 1146(a) of the Bankruptcy Code, shall forego the collection of any such tax or governmental assessment, and shall accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

Q.      *Directors and Officers*

As of the Effective Date, the term of the current members of the boards of directors of the Debtors shall expire, and the initial boards of directors, including the Reorganized Whiting Parent Board, as well as the officers of each of the Reorganized Debtors, shall be appointed in accordance with the New Organizational Documents and other constituent documents of each Reorganized Debtor.  The Reorganized Whiting Parent Board will consist of (i) the Reorganized Debtors' chief executive officer and (ii) the other directors selected by the Requisite Creditors, whose identities shall be disclosed in the Plan Supplement.

The New Organizational Documents shall provide that any independent director appointed to the Reorganized Whiting Parent Board shall be unaffiliated with any person that has designation rights for the Reorganized Whiting Parent Board.

Pursuant to section 1129(a)(5) of the Bankruptcy Code, the Debtors will, to the extent reasonably practicable, disclose in advance of the Confirmation Hearing the identity and affiliations of any Person proposed to serve on the Reorganized Whiting Parent Board, as well as those Persons that will serve as officers of the Reorganized Debtors. To the extent any such director or officer is an "insider" under the Bankruptcy Code, the nature of any compensation to be paid to such director or officer will also be disclosed.  Provisions regarding the removal, appointment, and

30

replacement of members of the Reorganized Whiting Parent Board will be disclosed in the New Organizational Documents.

R.       *Potential Wind-Down of Canadian Debtor Entity*

The Debtors may, in their discretion, determine to transfer and/or sell the assets of Canadian HoldCo to the other Debtors on or after the Effective Date without any further approval from the Court, and in connection therewith, take steps to wind down Canadian HoldCo in accordance with applicable law.  To the extent the Debtors determine to wind down Canadian HoldCo in connection with the Plan, the detailed steps will be included in the Restructuring Transactions Exhibit to be included in the Plan Supplement.

S.       *Preservation of Causes of Action*

Unless any Causes of Action against an Entity are expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan, including pursuant to Article VIII of the Plan or a Final Order, in accordance with section 1123(b) of the Bankruptcy Code, such Causes of Action shall be Retained Causes of Action, whether arising before or after the Petition Date, including any actions specifically enumerated in the Plan Supplement, and the Reorganized Debtors' rights to commence, prosecute, or settle such Retained Causes of Action shall be preserved notwithstanding the occurrence of the Effective Date. **No Entity may rely on the absence of a specific reference in the Plan, the Plan Supplement, or the Disclosure Statement to any Cause of Action against them as any indication that the Debtors or the Reorganized Debtors will not pursue any and all available Causes of Action against them.  The Debtors and the Reorganized Debtors expressly reserve all rights to prosecute any and all Causes of Action against any Entity, except as otherwise expressly provided herein.** Unless any Causes of Action against an Entity are expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan, including pursuant to Article VIII of the Plan or a Final Order, the Reorganized Debtors expressly reserve all Causes of Action, for later adjudication, and, therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise), or laches, shall apply to such Causes of Action upon, after, or as a consequence of the Confirmation or Consummation.  For the avoidance of doubt, in no instance will any Cause of Action preserved pursuant to this Article IV.R include any claim or Cause of Action with respect to, or against, a Released Party that is released under Article VIII of the Plan.

In accordance with section 1123(b)(3) of the Bankruptcy Code, any Causes of Action preserved pursuant to the first paragraph of this Article IV.R that a Debtor may hold against any Entity shall vest in the Reorganized Debtors. The applicable Reorganized Debtor, through its authorized agents or representatives, shall retain and may exclusively enforce any and all such Causes of Action.  The Reorganized Debtors shall have the exclusive right, authority, and discretion to determine and to initiate, file, prosecute, enforce, abandon, settle, compromise, release, withdraw, or litigate to judgment any such Causes of Action, or to decline to do any of the foregoing, without the consent or approval of any third party or any further notice to or action, order, or approval of the Bankruptcy Court.

T.       *Indenture Trustee Expenses*

On the Effective Date, and without any further notice to or action, order or approval of the Bankruptcy Court, the Debtors or Reorganized Debtors shall pay the reasonable fees and expenses of The Bank of New York Mellon Trust Company, N.A., as trustee, in Cash; *provided that* The Bank of New York Mellon Trust Company, N.A., as trustee, shall provide the Debtors with the invoices (subject to redaction to preserve attorney-client privilege) for which it seeks payment no later than fifteen (15) days prior to the Effective Date.  If the Debtors dispute any such invoice, the Debtors shall (i) pay the undisputed portion of such invoices, (ii) notify The Bank of New York Mellon Trust Company, N.A., as trustee, with respect to any disputed portion within ten (10) days after presentation of the invoices to the Debtors, and (iii) escrow the amount of any disputed portion of such invoices pending any resolution.  Upon such notification, The Bank of New York Mellon Trust Company, N.A., as trustee, may submit such dispute for resolution by the Bankruptcy Court.  For the avoidance of doubt, nothing herein affects the rights of The Bank of New York Mellon Trust Company, N.A., as trustee, to exercise its charging liens pursuant to the terms of the applicable Indentures.

To the extent The Bank of New York Mellon Trust Company, N.A., as trustee, provides services or incurs costs or expenses, including professional fees, related to or in connection with the Plan, the Confirmation Order or the

31

Indentures after the Effective Date, The Bank of New York Mellon Trust Company, N.A., as trustee, shall be entitled to receive from the Reorganized Debtors, without further Bankruptcy Court approval, reasonable compensation for such services and reimbursement of reasonable out-of-pocket expenses incurred with such services.  The payment of such compensation and expenses will be made promptly or as otherwise agreed to by The Bank of New York Mellon Trust Company, N.A., as trustee, and the Reorganized Debtors, subject to the consent of the Requisite Creditors (such consent not to be unreasonably withheld).

The payment of The Bank of New York Mellon Trust Company, N.A., as trustee, as set forth in the applicable Indenture shall be considered a distribution on account of Notes Claims.

U.      *Transaction Expenses*

The Debtors and Reorganized Debtors, as applicable, will, on the Effective Date (or, to the extent not known or submitted to the Debtors for payment as of the Effective Date, promptly following receipt of an invoice therefor, whether incurred before or after the Effective Date) and to the extent invoiced in accordance with the terms of the applicable engagement letter (and, for the avoidance of doubt, no invoices shall be required to include itemized time detail), pay the Transaction Expenses (whether accrued prepetition or postpetition and to the extent not otherwise paid during the Chapter 11 Cases), without the need for application by any such parties to the Bankruptcy Court, and without notice and a hearing pursuant to section 1129(a)(4) of the Bankruptcy Code or otherwise.  For the avoidance of doubt, all fees and expenses set forth in any engagement letter of any of the foregoing professionals executed by Whiting Parent or any of its subsidiaries prior to or during the Chapter 11 Cases shall be deemed reasonable by the Debtors and the Consenting Creditors for purposes of determining what constitutes Transaction Expenses.

V.      *Closing the Chapter 11 Cases*

On and after the Effective Date, the Debtors or Reorganized Debtors shall be permitted to close all of the Chapter 11 Cases of the Debtors except for the Chapter 11 Case of Whiting Parent and any other Debtor identified in the Restructuring Transactions Exhibit as having its Chapter 11 Case remain open following the Effective Date, and all contested matters relating to any of the Debtors, including objections to Claims, shall be administered and heard in the Chapter 11 Case of Whiting Parent, irrespective of whether such Claim(s) were Filed against a Debtor whose Chapter 11 Case was closed.

When all Disputed Claims have become Allowed or disallowed and all distributions have been made in accordance with the Plan, the Reorganized Debtors shall seek authority to close any remaining Chapter 11 Cases in accordance with the Bankruptcy Code and the Bankruptcy Rules.

W.      *Settlement of Existing Employee Awards*

As part of their ordinary course compensation practices, the Debtors have historically awarded certain equity incentives, including restricted stock awards, performance share awards, performance share units, stock-settled restricted stock units and cash-settled restricted stock units to eligible employees.  Prior to the Effective Date, the compensation committee of Whiting Petroleum Corporation's Board of Directors, as permitted by the governing equity incentive plan documents, may elect to settle outstanding cash-settled restricted stock awards in existing common stock in the Debtors, rather than in cash.  To the extent that such restricted stock units are settled in existing common stock, such restricted stock units, along with any other equity incentives designed to be settled in common stock, shall receive the treatment as Existing Interests as provided in Article III.A.8 of the Plan.

## ARTICLE V.
### TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

A.      *Assumption or Rejection of Executory Contracts and Unexpired Leases*

Unless an Executory Contract or Unexpired Lease:  (i) was previously assumed or rejected by the Debtors, pursuant to a Final Order of the Bankruptcy Court entered prior to the Effective Date; (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto; (iii) is the subject of a motion to reject

32

filed by the Debtors on or before the Confirmation Date, (iv) contains a change of control or similar provision that would be triggered by the Chapter 11 Cases (unless such provision has been irrevocably waived); or (v) is specifically designated as a contract or lease to be rejected on the Schedule of Rejected Executory Contracts and Unexpired Leases, on the Effective Date, each Executory Contract and Unexpired Lease shall be deemed assumed pursuant to section 365 of the Bankruptcy Code, without the need for any further notice to or action, order, or approval of the Bankruptcy Court, unless such Executory Contract or Unexpired Lease is listed on the Schedule of Rejected Executory Contracts and Unexpired Leases, if any; *provided* that notwithstanding anything to the contrary herein, no Executory Contract or Unexpired Lease shall be assumed, assumed and assigned, or rejected without the written consent of the Requisite Creditors (such consent not to be unreasonably withheld). The assumption of Executory Contracts and Unexpired Leases hereunder may include the assignment of certain of such contracts to Affiliates.  The Confirmation Order will constitute an order of the Bankruptcy Court approving the above-described assumptions, rejections, and assumptions and assignments.

Except as otherwise provided herein or agreed to by the Debtors and the applicable counterparty, each assumed Executory Contract or Unexpired Lease shall include all modifications, amendments, supplements, restatements, or other agreements related thereto, and all rights related thereto, if any, including all easements, licenses, permits, rights, privileges, immunities, options, rights of first refusal, and any other interests.  Modifications, amendments, supplements, and restatements to prepetition Executory Contracts and Unexpired Leases that have been executed by the Debtors during the Chapter 11 Cases shall not be deemed to alter the prepetition nature of the Executory Contract or Unexpired Lease or the validity, priority, or amount of any Claims that may arise in connection therewith.  To the extent applicable, no change of control (or similar provision) will be deemed to occur under any such Executory Contract or Unexpired Lease.

If certain, but not all, of a contract counterparty's Executory Contracts and/or Unexpired Leases are assumed pursuant to the Plan, the Confirmation Order shall be a determination that such counterparty's Executory Contracts and/or Unexpired Leases that are being rejected pursuant to the Plan are severable agreements that are not integrated with those Executory Contracts and/or Unexpired Leases that are being assumed pursuant to the Plan.  Parties seeking to contest this finding with respect to their Executory Contracts and/or Unexpired Leases must file a timely objection to the Plan on the grounds that their agreements are integrated and not severable, and any such dispute shall be resolved by the Bankruptcy Court at the Confirmation Hearing (to the extent not resolved by the parties prior to the Confirmation Hearing).

B.      *Claims Based on Rejection of Executory Contracts or Unexpired Leases*

Counterparties to Executory Contracts or Unexpired Leases listed on the Schedule of Rejected Executory Contracts and Unexpired Leases, if any, shall be served with a notice of rejection of Executory Contracts and Unexpired Leases with the Plan Supplement.  Proofs of Claim with respect to Claims arising from the rejection of Executory Contracts and Unexpired Leases, if any, must be Filed with the Bankruptcy Court within 30 days after the date of the order of the Bankruptcy Court approving such rejection.  Any Claims arising from the rejection of an Executory Contract or Unexpired Lease that are not Filed within such time will be automatically disallowed, forever barred from assertion, and shall not be enforceable against, as applicable, the Debtors, the Reorganized Debtors, the Estates, or property of the foregoing parties, without the need for any objection by the Debtors or Reorganized Debtors, as applicable, or further notice to, or action, order, or approval of the Bankruptcy Court or any other Entity, and any Claim arising out of the rejection of the Executory Contract or Unexpired Lease shall be deemed fully satisfied, released, and discharged, notwithstanding anything in a Proof of Claim to the contrary.  Claims arising from the rejection of the Debtors' Executory Contracts and Unexpired Leases shall be classified as General Unsecured Claims and shall be treated in accordance with Article III of the Plan.

C.      *Cure of Defaults for Assumed Executory Contracts and Unexpired Leases*

On the Effective Date or as soon as reasonably practicable thereafter, the Debtors or the Reorganized Debtors, as applicable, shall pay all Cure Costs relating to Executory Contracts and Unexpired Leases that are being assumed under the Plan.  Unless otherwise agreed upon in writing by the parties to the applicable Executory Contract or Unexpired Lease, all requests for payment of Cure Costs that differ from the amounts paid or proposed to be paid by the Debtors or the Reorganized Debtors to a counterparty must be Filed with the Solicitation Agent on or before 14 days after receiving the applicable Cure Notice.  Any such request that is not timely Filed shall be disallowed and

forever barred, estopped, and enjoined from assertion, and shall not be enforceable against any Debtor or Reorganized Debtor, without the need for any objection by the Debtors or Reorganized Debtors or any other party in interest or any further notice to or action, order, or approval of the Bankruptcy Court. Any Cure Costs shall be deemed fully satisfied, released, and discharged upon payment by the Debtors or the Reorganized Debtors of the applicable Cure Costs; *provided*, *however*, that nothing herein shall prevent the Reorganized Debtors from paying any Cure Costs despite the failure of the relevant counterparty to file such request for payment of such Cure Costs. The Reorganized Debtors also may settle any Cure Costs without any further notice to or action, order, or approval of the Bankruptcy Court. In addition, any objection to the assumption of an Executory Contract or Unexpired Lease under the Plan must be Filed with the Bankruptcy Court on or before the Confirmation Hearing. Any such objection will be scheduled to be heard by the Bankruptcy Court at the Confirmation Hearing or at the Debtors' or Reorganized Debtors', as applicable, first scheduled omnibus hearing for which such objection is timely Filed. Any counterparty to an Executory Contract or Unexpired Lease that fails to timely object to the proposed assumption of any Executory Contract or Unexpired Lease will be deemed to have consented to such assumption.

If there is any dispute regarding any Cure Costs, the ability of the Reorganized Debtors or any assignee to provide "adequate assurance of future performance" within the meaning of section 365 of the Bankruptcy Code, or any other matter pertaining to assumption, then payment of any Cure Costs shall occur as soon as reasonably practicable after entry of a Final Order resolving such dispute, approving such assumption (and, if applicable, assignment), or as may be agreed upon by the Debtors or the Reorganized Debtors, as applicable, and the counterparty to the Executory Contract or Unexpired Lease. The Debtors and Reorganized Debtors, as applicable, reserve the right at any time to move to reject any Executory Contract or Unexpired Lease based upon the existence of any such unresolved dispute. If the Bankruptcy Court determines that the Allowed Cure Cost with respect to any Executory Contract or Unexpired Lease is greater than the amount set forth in the applicable Cure Notice, the Debtors shall have the right to add such Executory Contract or Unexpired Lease to the Schedule of Rejected Executory Contracts and Unexpired Leases, in which case such Executory Contract or Unexpired Lease will be deemed rejected as of the Effective Date subject to the applicable counterparty's right to object to such rejection.

Assumption of any Executory Contract or Unexpired Lease pursuant to the Plan or otherwise and full payment of any applicable Cure Costs pursuant to this Article V.C shall result in the full release and satisfaction of any Cures, Claims, or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any assumed Executory Contract or Unexpired Lease at any time prior to the effective date of assumption. **Any and all Proofs of Claim based upon Executory Contracts or Unexpired Leases that have been assumed in the Chapter 11 Cases, including pursuant to the Confirmation Order, and for which any Cure Costs have been fully paid pursuant to this Article V.C, shall be deemed disallowed and expunged as of the Effective Date without the need for any objection thereto or any further notice to or action, order, or approval of the Bankruptcy Court.**

D.      *Indemnification*

On and as of the Effective Date, the Indemnification Obligations will be assumed, irrevocable with respect to any claims relating to acts or omissions occurring at or prior to the Effective Date, and will survive the effectiveness of the Plan, and the New Organizational Documents will provide for the indemnification, defense, reimbursement, exculpation, and/or limitation of liability of, and advancement of fees and expenses to the Debtors' and the Reorganized Debtors' directors, officers, employees, or agents that were employed by, or serving on the board of directors (or similar governing body) of, any of the Debtors as of the Petition Date and/or at any time in the period between the Petition Date and the Effective Date, to the fullest extent permitted by law and at least to the same extent as the organizational documents of each of the respective Debtors on the Petition Date or the applicable period between the Petition Date and the Effective Date, against any Claims or Causes of Action whether direct or derivative, liquidated or unliquidated, fixed or contingent, disputed or undisputed, matured or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, and, notwithstanding anything in the Plan to the contrary, none of the Reorganized Debtors will amend and/or restate the New Organizational Documents before or after the Effective Date to terminate or adversely affect any of the Reorganized Debtors' obligations to provide such indemnification rights or such directors', officers', employees', or agents' indemnification rights with respect to any claims relating to acts or omissions occurring at or prior to the Effective Date.

E.      *Insurance Policies*

34

Notwithstanding anything in the Plan to the contrary, all of the Debtors' insurance policies and any agreements, documents, or instruments relating thereto, are treated as and deemed to be Executory Contracts under the Plan. On the Effective Date, pursuant to section 365(a) of the Bankruptcy Code, the Debtors shall be deemed to have assumed all insurance policies and any agreements, documents, and instruments related thereto, including all D&O Liability Insurance Policies (including tail coverage liability insurance). Entry of the Confirmation Order will constitute the Bankruptcy Court's approval of the Reorganized Debtors' assumption of all such insurance policies, including the D&O Liability Insurance Policies. Notwithstanding anything to the contrary contained in the Plan, Confirmation of the Plan shall not discharge, impair, or otherwise modify any indemnity obligations assumed by the foregoing assumption of insurance policies, including the D&O Liability Insurance Policies, and each such indemnity obligation will be deemed and treated as an Executory Contract that has been assumed by the Reorganized Debtors under the Plan as to which no Proof of Claim or Claim for Cure Costs need be Filed, and shall survive the Effective Date.

F.      *Employee Compensation and Benefits*

1.      Compensation and Benefits Programs

Subject to the provisions of the Plan, all Compensation and Benefits Programs shall be treated as Executory Contracts under the Plan and deemed assumed on the Effective Date pursuant to the provisions of sections 365 and 1123 of the Bankruptcy Code, except for:

(a) all employee equity or equity-based incentive plans, and any provisions set forth in the Compensation and Benefits Programs that provide for rights to acquire Interests in any of the Debtors;

(b) any Compensation and Benefits Programs that, as of the entry of the Confirmation Order, have been specifically waived by the beneficiaries of any employee benefit plan or contract; and

(e) Compensation and Benefits Programs that have been rejected pursuant to an order of the Bankruptcy Court or is listed on the Schedule of Rejected Executory Contracts and Unexpired Leases.

Any assumption of Compensation and Benefits Programs pursuant to the terms herein shall not be deemed to trigger any applicable change of control, immediate vesting, termination, or similar provisions therein. No counterparty shall have rights under a Compensation and Benefits Programs assumed pursuant to the Plan other than those applicable immediately prior to such assumption.

2.      Workers' Compensation Programs.

As of the Effective Date, except as set forth in the Plan Supplement, the Debtors and the Reorganized Debtors shall continue to honor their obligations under: (a) all applicable workers' compensation laws in states in which the Reorganized Debtors operate; and (b) the Debtors' written contracts, agreements, agreements of indemnity, self-insured workers' compensation bonds, policies, programs, and plans for workers' compensation and workers' compensation insurance. All Proofs of Claim on account of workers' compensation shall be deemed withdrawn automatically and without any further notice to or action, order, or approval of the Bankruptcy Court; *provided that* nothing in the Plan shall limit, diminish, or otherwise alter the Debtors' or Reorganized Debtors' defenses, Causes of Action, or other rights under applicable non-bankruptcy law with respect to any such contracts, agreements, policies, programs, and plans; *provided further* that nothing herein shall be deemed to impose any obligations on the Debtors in addition to what is provided for under applicable state law.

G.      *Contracts and Leases After the Petition Date*

Contracts and leases entered into after the Petition Date by any Debtor, including any Executory Contracts and Unexpired Leases assumed under section 365 of the Bankruptcy Code, will be performed by the applicable Debtor or Reorganized Debtor liable thereunder in the ordinary course of its business. Such contracts and leases that are not rejected under the Plan shall survive and remain unaffected by entry of the Confirmation Order.

35

H.      *Reservation of Rights*

Nothing contained in the Plan or the Plan Supplement shall constitute an admission by the Debtors or any other party that any contract or lease is in fact an Executory Contract or Unexpired Lease or that any Debtor or Reorganized Debtor has any liability thereunder.  If there is a dispute regarding whether a contract or lease is or was executory or unexpired at the time of assumption, the Debtors or the Reorganized Debtors, as applicable, shall have 45 days following entry of a Final Order resolving such dispute to alter their treatment of such contract or lease.

I.      *Nonoccurrence of Effective Date*

In the event that the Effective Date does not occur, the Bankruptcy Court shall retain jurisdiction with respect to any request to extend the deadline for assuming or rejecting Unexpired Leases pursuant to section 365(d)(4) of the Bankruptcy Code.

## ARTICLE VI.
## PROVISIONS GOVERNING DISTRIBUTIONS

A.      *Distributions on Account of Claims and Interests Allowed as of the Effective Date*

Except as otherwise provided herein, in a Final Order, or as otherwise agreed to by the Debtors (or the Reorganized Debtors) and the Holder of the applicable Claim or Interest, on the first Distribution Date, the Distribution Agent shall make initial distributions under the Plan on account of Claims and Interests Allowed on or before the Effective Date; *provided*, *however*, that (1) Allowed Administrative Claims with respect to liabilities incurred by the Debtors in the ordinary course of business shall be paid or performed in the ordinary course of business in accordance with the terms and conditions of any controlling agreements, course of dealing, course of business, or industry practice, and (2) Allowed Priority Tax Claims shall be paid in accordance with Article II.C.  To the extent any Allowed Priority Tax Claim is not due and owing on the Effective Date, such Claim shall be paid in full in Cash in accordance with the terms of any agreement between the Debtors and the Holder of such Claim or as may be due and payable under applicable non-bankruptcy law or in the ordinary course of business.  A Distribution Date shall occur no more frequently than once in every 90-day period after the Effective Date, as necessary, in the Reorganized Debtors' sole discretion.

B.      *Rights and Powers of the Distribution Agent*

    1.      Powers of Distribution Agent

The Distribution Agent shall be empowered to:  (a) effect all actions and execute all agreements, instruments, and other documents necessary to perform its duties under the Plan; (b) make all distributions contemplated hereby; (c) employ professionals to represent it with respect to its responsibilities; and (d) exercise such other powers as may be vested in the Distribution Agent by order of the Bankruptcy Court, pursuant to the Plan, or as deemed by the Distribution Agent to be necessary and proper to implement the provisions hereof.

    2.      Expenses Incurred On or After the Effective Date

Except as otherwise ordered by the Bankruptcy Court, the amount of any reasonable fees and expenses incurred by the Distribution Agent on or after the Effective Date (including taxes) and any reasonable compensation and expense reimbursement claims (including reasonable attorney fees and expenses) made by the Distribution Agent shall be paid in Cash by the Reorganized Debtors.

C.      *Special Rules for Distributions to Holders of Disputed Claims*

Except as otherwise agreed by the relevant parties:  no partial payments and no partial distributions shall be made with respect to a Disputed Claim until all such disputes in connection with such Disputed Claim have been resolved by settlement or Final Order.  Any dividends or other distributions arising from property distributed to Holders of Allowed Claims in a Class and paid to such Holders under the Plan shall also be paid, in the applicable

amounts, to any Holder of a Disputed Claim in such Class that becomes an Allowed Claim after the date or dates that such dividends or other distributions were earlier paid to Holders of Allowed Claims in such Class.

Any fund established to hold consideration to be received under the Plan pending resolution of Disputed Claims shall be treated as a "disputed ownership fund" pursuant to Treasury Regulation section 1.468B-9. Any such fund shall, therefore, be subject to entity-level taxation. For the avoidance of doubt, any New Common Stock shall not be issued to such fund; rather, Reorganized Whiting Parent shall retain sufficient authorized, but unissued, New Common Stock and issue them directly to Holders of Claims following the resolution of Disputed Claims.

D.      *Delivery of Distributions*

1.      Record Date for Distributions

Except as provided herein, on the Distribution Record Date, the Claims Register shall be closed and the Debtors, the Reorganized Debtors, or any other party responsible for making distributions under the Plan shall be authorized and entitled to recognize only those record Holders listed on the Claims Register or any other transfer register for each Class of Claims as maintained by the Debtors or their agents, each of which shall be deemed closed as of the close of business on the Distribution Record Date, and there shall be no further changes in the record Holders of the applicable Claims. In addition, with respect to payment of any Cure Costs or disputes over any Cure Costs, neither the Debtors nor the Distribution Agent shall have any obligation to recognize or deal with any party other than the non-Debtor party to the applicable Executory Contract or Unexpired Lease as of the Effective Date, even if such non-Debtor party has thereafter sold, assigned, or otherwise transferred its Claim for Cure Costs. The Distribution Record Date shall not apply to Notes deposited with DTC, the Holders of which shall receive distributions in accordance with the customary procedures of DTC.

2.      Distribution Process

The Distribution Agent shall make all distributions required under the Plan, except that with respect to distributions to Holders of Allowed Claims governed by a separate agreement, shall exercise commercially reasonable efforts to implement appropriate mechanics governing such distributions in accordance with the Plan and the terms of the relevant governing agreement. Except as otherwise provided herein, and notwithstanding any authority to the contrary, distributions to Holders of Allowed Claims and Allowed Interests, including Claims and Interests that become Allowed after the Effective Date, shall be made to Holders of record or their respective designees as of the Distribution Record Date: (a) to the address of such Holder or designee as set forth in the applicable register (or if the appropriate notice has been provided pursuant to the governing agreement in writing, on or before the date that is 10 calendar days before the Effective Date, of a change of address or an identification of designee, to the changed address or to such designee, as applicable); or (b) in accordance with Federal Rule of Civil Procedure 4, as modified and made applicable by Bankruptcy Rule 7004, if no address exists in the applicable register, no Proof of Claim has been Filed, and the Distribution Agent has not received a written notice of a change of address on or before the date that is 10 calendar days before the Effective Date. The Debtors, the Reorganized Debtors, and the Distribution Agent, as applicable, shall not incur any liability whatsoever on account of any distributions under the Plan. Except as otherwise provided in the Plan, Holders of Claims and Holders of Interests shall not be entitled to interest, dividends, or accruals on the distributions provided for in the Plan, regardless of whether such distributions are delivered on or at any time after the Effective Date.

3.      Delivery of Distributions to Holders of Notes Claims

Except as otherwise provided in the Plan or reasonably requested by either the Senior Notes Indenture Trustee or the Convertible Notes Indenture Trustee, as applicable, all distributions to Holders of Notes Claims shall be made to and deemed completed when received by the Senior Notes Indenture Trustee or the Convertible Notes Indenture Trustee, as applicable.

37

4.      Foreign Currency Exchange Rate

Except as otherwise provided in a Bankruptcy Court order, as of the Effective Date, any Claim asserted in currency other than U.S. dollars shall be automatically deemed converted to the equivalent U.S. dollar value using the exchange rate for the applicable currency as published in *The Wall Street Journal, National Edition*, on the Effective Date.

5.      Fractional, Undeliverable, and Unclaimed Distributions

a.      *Fractional Distributions*.  Whenever any distribution of fractional shares of New Common Stock or Cash would otherwise be required pursuant to the Plan, the actual distribution shall reflect a rounding of such fraction to the nearest interest or share or dollar, as applicable, with half interests of shares, or any amount equal to $0.50, or less being rounded down.  The total number of authorized shares of New Common Stock to be distributed pursuant to the Plan shall be adjusted as necessary to account for the foregoing rounding.

b.      *Undeliverable Distributions*.  If any distribution to a Holder of an Allowed Claim is returned to the Distribution Agent as undeliverable, no further distributions shall be made to such Holder unless and until the Distribution Agent is notified in writing of such Holder's then-current address or other necessary information for delivery, at which time all currently due missed distributions shall be made to such Holder on the next Distribution Date.  Undeliverable distributions shall remain in the possession of the Reorganized Debtors until such time as a distribution becomes deliverable, or such distribution reverts to the Reorganized Debtors or is canceled pursuant to Article VI.D.5.c of the Plan, and shall not be supplemented with any interest, dividends, or other accruals of any kind.

c.      *Reversion*.  Any distribution under the Plan that is an Unclaimed Distribution for a period of 6 months after distribution shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code and such Unclaimed Distribution shall revest in the applicable Reorganized Debtor and, to the extent such Unclaimed Distribution is comprised of New Common Stock, such New Common Stock shall be canceled.  Upon such revesting, the Claim of the Holder or its successors with respect to such property shall be canceled, discharged, and forever barred notwithstanding any applicable federal or state escheat, abandoned, or unclaimed property laws, or any provisions in any document governing the distribution that is an Unclaimed Distribution, to the contrary.

6.      Minimum; *De Minimis* Distributions

No Cash payment of less than $250 shall be made to a Holder of an Allowed Claim on account of such Allowed Claim.

7.      Surrender of Canceled Instruments or Securities

On the Effective Date, each Holder of a Certificate shall be deemed to have surrendered such Certificate to the Distribution Agent or a Servicer (to the extent the relevant Claim is governed by an agreement and administered by a Servicer).  Such Certificate shall be canceled solely with respect to the Debtors, and such cancelation shall not alter the obligations or rights of any non-Debtor third parties vis-à-vis one another with respect to such Certificate. Notwithstanding the foregoing paragraph, this Article VI.D.6 shall not apply to any Claims and Interests that are Reinstated pursuant to the terms of the Plan.

E.      *Compliance with Tax Requirements/Allocations*

In connection with the Plan, to the extent applicable, the Distribution Agent shall request distributees to provide appropriate documentation that may be required for an exemption from withholding or reporting, and shall comply with all tax withholding and reporting requirements imposed on it by any Governmental Unit, and all

distributions pursuant to the Plan shall be subject to such withholding and reporting requirements unless an exception applies. Notwithstanding any provision in the Plan to the contrary, the Distribution Agent shall take all actions necessary or appropriate to comply with such withholding and reporting requirements, including liquidating a portion of the distribution to be made under the Plan to generate sufficient funds to pay applicable withholding taxes, or withholding distributions pending receipt of information necessary to facilitate such distributions. The Reorganized Debtors and the Distribution Agent reserves the right to allocate all distributions made under the Plan in compliance with all applicable wage garnishments, alimony, child support, and other spousal awards, liens, and encumbrances. All Persons holding Claims shall be required to provide any information necessary to effect information reporting and the withholding of such taxes. Notwithstanding any other provision of the Plan to the contrary, each Holder of an Allowed Claim shall have the sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed by any Governmental Unit, including income, withholding, and other tax obligations, on account of such distribution.

F.       *Claims Paid or Payable by Third Parties*

     1.        <u>Claims Paid by Third Parties</u>

Subject to the last sentence of this paragraph, to the extent a Holder of a Claim receives a distribution on account of such Claim and receives payment from a party that is not a Debtor or a Reorganized Debtor on account of such Claim, such Holder shall, within 14 calendar days of receipt thereof, repay or return the distribution to the Reorganized Debtors to the extent the Holder's total recovery on account of such Claim from the third party and under the Plan exceeds the amount of such Claim as of the date of any such distribution under the Plan. The failure of such Holder to timely repay or return such distribution shall result in the Holder owing the Reorganized Debtors annualized interest at the Federal Judgment Rate on such amount owed for each Business Day after the 14-day grace period specified above until the amount is repaid.

     2.        <u>Claims Payable by Insurance Carriers</u>

No distributions under the Plan shall be made on account of an Allowed Claim that is payable pursuant to one of the Debtors' insurance policies until the Holder of such Allowed Claim has exhausted all remedies with respect to such insurance policy. To the extent that one or more of the Debtors' insurers agrees to satisfy in full or in part a Claim (if and to the extent adjudicated by a court of competent jurisdiction), then immediately upon such insurers' agreement, the applicable portion of such Claim may be expunged without a Claim objection having to be Filed and without any further notice to or action, order, or approval of the Bankruptcy Court; *provided that* the Debtors shall provide 21 calendar days' notice to the Holder of such Claim prior to any disallowance of such Claim during which period the Holder may object to such disallowance, and if the parties cannot reach an agreed resolution, the matter shall be decided by the Bankruptcy Court.

     3.        <u>Applicability of Insurance Policies</u>

Except as otherwise provided in the Plan, distributions to Holders of Allowed Claims shall be in accordance with the provisions of any applicable insurance policy. Notwithstanding anything to the contrary contained herein (including <u>Article VIII</u> of the Plan), nothing contained in the Plan shall constitute or be deemed a release, settlement, satisfaction, compromise, or waiver of any Cause of Action that the Debtors or any other Entity may hold against any other Entity, including insurers, under any policies of insurance or applicable indemnity, nor shall anything contained herein constitute or be deemed a waiver by such insurers of any defenses, including coverage defenses, held by such insurers.

G.       *Setoffs*

Except as otherwise expressly provided for herein, each Reorganized Debtor, pursuant to the Bankruptcy Code (including section 553 of the Bankruptcy Code), applicable non-bankruptcy law, or as may be agreed to by the Holder of a Claim, may (but shall not be required to) set off against any Allowed Claim and the distributions to be made pursuant to the Plan on account of such Allowed Claim (before any distribution is made on account of such Allowed Claim), any claims, rights, and Causes of Action of any nature that such Debtor or Reorganized Debtor, as

applicable, may hold against the Holder of such Allowed Claim, to the extent such claims, rights, or Causes of Action against such Holder have not been otherwise compromised or settled on or prior to the Effective Date (whether pursuant to the Plan or otherwise); *provided*, *however*, that neither the failure to effect such a setoff nor the allowance of any Claim pursuant to the Plan shall constitute a waiver or release by such Reorganized Debtor of any such claims, rights, and Causes of Action that such Reorganized Debtor may possess against such Holder.  Other than as permitted under the Bankruptcy Code, in no event shall any Holder of Claims be entitled to set off any such Claim against any claim, right, or Cause of Action of the Debtor or Reorganized Debtor (as applicable), unless such Holder has Filed a motion with the Bankruptcy Court requesting the authority to perform such setoff on or before the Confirmation Date, and notwithstanding any indication in any Proof of Claim or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to section 553 of the Bankruptcy Code or otherwise.

H.      *Indefeasible Distributions*

Any and all distributions made under the Plan shall be indefeasible and not subject to clawback.

I.      *Allocation Between Principal and Accrued Interest*

Distributions in respect of Allowed Claims shall be allocated first to the principal amount of such Claims (as determined for U.S. federal income tax purposes) and then, to the extent the consideration exceeds the principal amount of the Allowed Claims, to any portion of such Claims for accrued but unpaid interest.

## ARTICLE VII.
## PROCEDURES FOR RESOLVING DISPUTED CLAIMS

A.      *Allowance of Claims*

After the Effective Date, each of the Reorganized Debtors shall have and retain any and all rights and defenses the applicable Debtor had with respect to any Claim immediately before the Effective Date. Except as expressly provided in the Plan or in any order entered in the Chapter 11 Cases before the Effective Date (including the Confirmation Order), no Claim shall become an Allowed Claim unless and until such Claim is deemed Allowed under the Plan or the Bankruptcy Code, or the Bankruptcy Court has entered a Final Order, including the Confirmation Order (when it becomes a Final Order), in the Chapter 11 Cases allowing such Claim.

B.      *Claims Administration Responsibilities*

Except as otherwise specifically provided in the Plan and notwithstanding any requirements that may be imposed pursuant to Bankruptcy Rule 9019, after the Effective Date, the Reorganized Debtors shall have the sole authority to: (1) File and prosecute objections to Claims; (2) settle, compromise, withdraw, litigate to judgment, or otherwise resolve objections to any and all Claims, regardless of whether such Claims are in a Class or otherwise; (3) settle, compromise, or resolve any Disputed Claim without any further notice to or action, order, or approval by the Bankruptcy Court; and (4) administer and adjust the Claims Register to reflect any such settlements or compromises without any further notice to or action, order, or approval by the Bankruptcy Court.  After the Effective Date, the Reorganized Debtors shall resolve Disputed Claims in accordance with their fiduciary duties and pursuant to the terms of the Plan.

C.      *Estimation of Claims*

Before, on, or after the Effective Date, the Debtors or the Reorganized Debtors, as applicable, may (but are not required to) at any time request that the Bankruptcy Court estimate any Claim pursuant to applicable law, including pursuant to section 502(c) of the Bankruptcy Code and/or Bankruptcy Rule 3012 for any reason, regardless of whether any party previously has objected to such Claim or whether the Bankruptcy Court has ruled on any such objection, and the Bankruptcy Court shall retain jurisdiction to estimate any such Claim, including during the litigation of any objection to any Claim or during the pendency of any appeal relating to such objection.  Notwithstanding any provision to the contrary in the Plan, a Claim that has been expunged from the Claims Register, but that either is subject to appeal or has not been the subject of a Final Order, shall be deemed to be estimated at zero dollars, unless otherwise

40

ordered by the Bankruptcy Court.  In the event that the Bankruptcy Court estimates any Claim and does not provide otherwise, such estimated amount shall constitute a maximum limitation on such Claim for all purposes under the Plan (including for purposes of distributions and discharge) and may be used as evidence in any supplemental proceedings, and the Debtors or Reorganized Debtors may elect to pursue any supplemental proceedings to object to any ultimate distribution on such Claim.  Notwithstanding section 502(j) of the Bankruptcy Code, in no event shall any Holder of a Claim that has been estimated pursuant to section 502(c) of the Bankruptcy Code or otherwise be entitled to seek reconsideration of such estimation unless such Holder has Filed a motion requesting the right to seek such reconsideration on or before seven (7) days after the date on which such Claim is estimated.  Each of the foregoing Claims and objection, estimation, and resolution procedures are cumulative and not exclusive of one another.  Claims may be estimated and subsequently compromised, settled, withdrawn, or resolved by any mechanism approved by the Bankruptcy Court.

D.      *Disputed Claims Reserve*

On or before the Effective Date, the Reorganized Debtors shall establish one or more reserves of New Common Stock for those General Unsecured Claims that are Disputed Claims as of the Distribution Record Date (for the avoidance of doubt, deducting such amounts from the Claims Equity Pool), which reserves shall be administered by the Reorganized Debtors or the Distribution Agent, as applicable.  After the Effective Date, the Reorganized Debtors or the Distribution Agent shall hold such New Common Stock in such reserve(s) in trust for the benefit of the Holders of General Unsecured Claims that are Disputed Claims as of the Distribution Record Date, that are ultimately determined to be Allowed after the Distribution Record Date.  The Reorganized Debtors or the Distribution Agent shall distribute such amounts (net of any expenses, including any taxes relating thereto), as provided herein, as such Claims are resolved by a Final Order or agreed to by settlement, and such amounts will be distributable on account of such Claims as such amounts would have been distributable had such Claims been Allowed Claims as of the Effective Date under Article III of the Plan solely to the extent of the amounts available in the applicable reserve(s).

Upon a Disputed Claim becoming disallowed by a Final Order, the applicable amount of New Common Stock that was in the disputed claims reserve on account of such Disputed Claim shall be canceled by the Reorganized Debtors.

Any assets held in a disputed claims reserve shall be subject to the tax rules that apply to "disputed ownership funds" under 26 C.F.R. 1.468B–9.  As such, such assets will be subject to entity-level taxation, and the Reorganized Debtors shall be required to comply with the relevant rules.

E.      *Adjustment to Claims Without Objection*

Any Claim that has been paid or satisfied, or any Claim that has been amended or superseded, may be adjusted or expunged on the Claims Register by the Debtors or the Reorganized Debtors without an objection having to be Filed and without any further notice to or action, order, or approval of the Bankruptcy Court.

F.      *Time to File Objections to Claims*

Any objections to Claims shall be Filed on or before the later of (1) 180 days after the Effective Date and (2) such other period of limitation as may be specifically fixed by the Bankruptcy Court upon a motion by the Debtors or the Reorganized Debtors.

G.      *Disallowance of Claims*

Any Claims held by Entities from which property is recoverable under sections 542, 543, 550, or 553 of the Bankruptcy Code or that is a transferee of a transfer avoidable under sections 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of the Bankruptcy Code, shall not be Allowed or deemed Allowed, and Holders of such Claims may not receive any distributions on account of such Claims until such time as such Causes of Action against that Entity have been settled or a Bankruptcy Court order with respect thereto has been entered and all sums due, if any, to the Debtors by that Entity have been turned over or paid to the Debtors or the Reorganized Debtors.  All Proofs of Claim Filed on account of an Indemnification Obligation shall be deemed satisfied and expunged from the Claims Register as of the

41

Effective Date to the extent such Indemnification Obligation is assumed (or honored or reaffirmed, as the case may be) pursuant to the Plan, without any further notice to or action, order, or approval of the Bankruptcy Court. Notwithstanding anything to the contrary in this Plan, any Holder of an Allowed Claim under section 502(h) of the Bankruptcy Code arising from an Avoidance Action shall, in lieu of any distribution to Holders of Allowed General Unsecured Claims, solely receive Cash from the proceeds of such Avoidance Action in an amount reasonably equivalent to the percentage recovery received by Holders of General Unsecured Claims based on the enterprise value of the Debtors for purposes of Confirmation; *provided that* the Reorganized Debtors may elect in their sole discretion (and without any further approval from the Court) to instead have such amount of Cash set off against the recovery from the applicable Avoidance Action.

**Except as otherwise provided herein or as agreed to by the Debtors or the Reorganized Debtors, any and all Proofs of Claim Filed after the Claims Bar Date shall be deemed disallowed and expunged as of the Effective Date without any further notice to or action, order, or approval of the Bankruptcy Court, and Holders of such Claims may not receive any distributions on account of such Claims, unless such late Proof of Claim has been deemed timely Filed by a Final Order.**

H.      *Amendments to Claims*

On or after the Effective Date, a Claim may not be Filed or amended without the prior authorization of the Bankruptcy Court or the Reorganized Debtors, and any such new or amended Claim Filed shall be deemed disallowed in full and expunged without any further notice to or action, order, or approval of the Bankruptcy Court to the maximum extent provided by applicable law.

I.      *No Distributions Pending Allowance*

If an objection to a Claim or portion thereof is Filed, no payment or distribution provided under the Plan shall be made on account of such Claim or portion thereof unless and until such Disputed Claim becomes an Allowed Claim, unless otherwise determined by the Reorganized Debtors.

J.      *Distributions After Allowance*

To the extent that a Disputed Claim ultimately becomes an Allowed Claim, distributions shall be made to the Holder of such Allowed Claim in accordance with the provisions of the Plan. As soon as reasonably practicable after the date that the order or judgment of the Bankruptcy Court allowing any Disputed Claim becomes a Final Order, the Reorganized Debtors shall provide to the Holder of such Claim the distribution to which such Holder is entitled under the Plan as of the Effective Date, less any previous distribution (if any) that was made on account of the undisputed portion of such Claim, without any interest, dividends, or accruals to be paid on account of such Claim unless required under applicable bankruptcy law or as otherwise provided herein.

K.      *Single Satisfaction of Claims*

Holders of Allowed Claims may assert such Claims against the Debtors obligated with respect to such Claims, and such Claims shall be entitled to share in the recovery provided for the applicable Class of Claims against the Debtors based upon the full Allowed amount of such Claims.  Notwithstanding the foregoing, in no case shall the aggregate value of all property received or retained under the Plan on account of any Allowed Claim exceed 100 percent of the underlying Allowed Claim (including applicable interest, if any such interest is Allowed).

## ARTICLE VIII.
## DISCHARGE, RELEASE, INJUNCTION AND RELATED PROVISIONS

A.      *Discharge of Claims and Termination of Interests*

**Pursuant to section 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan or in any contract, instrument, or other agreement or document created pursuant to the Plan, the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge,**

and release, effective as of the Effective Date, of Claims (including any Intercompany Claims resolved or compromised after the Effective Date by the Reorganized Debtors), Interests, and Causes of Action of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, Liens on, obligations of, rights against, and Interests in, the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests, including demands, liabilities, and Causes of Action that arose before the Effective Date, any liability (including withdrawal liability) to the extent such Claims or Interests relate to services performed by employees of the Debtors before the Effective Date and that arise from a termination of employment, any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not: (1) a Proof of Claim based upon such debt or right is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code; (2) a Claim or Interest based upon such debt, right, or Interest is Allowed pursuant to section 502 of the Bankruptcy Code; or (3) the Holder of such a Claim or Interest has accepted the Plan. Any default or "event of default" by the Debtors or Affiliates with respect to any Claim or Interest that existed immediately before or on account of the Filing of the Chapter 11 Cases shall be deemed cured (and no longer continuing) as of the Effective Date. The Confirmation Order shall be a judicial determination of the discharge of all Claims and Interests subject to the Effective Date occurring.

B.       *Releases by the Debtors*

Pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the Debtors, the Reorganized Debtors, and their Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Causes of Action, including any derivative claims, asserted on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort or otherwise, that the Debtors, the Reorganized Debtors, or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the Debtors' capital structure, management, ownership, or operation thereof, including any draws under the RBL Credit Agreement), the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, any avoidance actions, intercompany transactions between or among a Debtor or an affiliate of a Debtor and another Debtor or affiliate of a Debtor, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan (including, for the avoidance of doubt, the plan supplement), or any aspect of the Restructuring, including any contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to any of the foregoing.

Notwithstanding anything contained herein to the contrary, the foregoing release does not release any obligations of any party under the Plan or any document, instrument, or agreement executed to implement the Plan. Notwithstanding anything contained herein to the contrary, the foregoing release does not release (i) any obligations of any party under the Plan or any document, instrument, or agreement executed to implement the Plan, (ii) the rights of any current employee of the Debtors under any employment agreement or plan, (iii) the rights of the Debtors with respect to any confidentiality provisions or covenants restricting competition in favor of the Debtors under any employment agreement with a current or former employee of the Debtors, or (iv) the rights of Holders of Allowed Claims or Interests to receive distributions under the Plan.

43

C.      *Releases by Releasing Parties*

Except as otherwise expressly set forth in the Plan or the Confirmation Order, on and after the **Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged by each Releasing Party from any and all Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, including any derivative claims asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the Debtors' capital structure, management, ownership, or operation thereof, including any draws under the RBL Credit Agreement), the Debtors' in or out of court restructuring efforts, intercompany transactions between or among a Debtor or an affiliate of a Debtor and another Debtor or affiliate of a Debtor, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan (including, for the avoidance of doubt, the plan supplement), or any aspect of the Restructuring, including any contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to any of the foregoing.**

Notwithstanding anything contained herein to the contrary, the foregoing release does not release **(i) any obligations of any party under the Plan or any document, instrument, or agreement executed to implement the Plan, (ii) any claims related to any act or omission that is determined in a Final Order to have constituted willful misconduct, gross negligence, or actual fraud, (iii) the rights of any current employee of the Debtors under any employment agreement or plan, (iv) the rights of the Debtors with respect to any confidentiality provisions or covenants restricting competition in favor of the Debtors under any employment agreement with a current or former employee of the Debtors, or (v) the rights of Holders of Allowed Claims or Interests to receive distributions under the Plan.**

D.      *Exculpation*

Except as otherwise specifically provided in the Plan, no Exculpated Party shall have or incur liability **for, and each Exculpated Party is hereby released and exculpated from any Cause of Action for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Restructuring Support Agreement and related prepetition transactions (including any draws under the RBL Credit Agreement), the Disclosure Statement, the Plan, the plan supplement, or any transaction related to the Restructuring, any contract, instrument, release or other agreement or document created or entered into before or during the Chapter 11 Cases, any preference, fraudulent transfer, or other avoidance claim arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud, gross negligence or willful misconduct, but in all respects such Exculpated Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.**

E.      *Injunction*

Except as otherwise expressly provided in the Plan or for obligations or distributions issued or **required to be paid pursuant to the Plan or the Confirmation Order, all Entities that have held, hold, or may hold Claims or Interests that have been released pursuant to the Plan, discharged pursuant to the Plan, or are subject to exculpation pursuant to the Plan, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, or the Released**

44

**Parties or the Exculpated Parties:  (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (iii) creating, perfecting, or enforcing any lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests unless such Entity has timely asserted such setoff right in a document Filed with the Bankruptcy Court explicitly preserving such setoff, and notwithstanding an indication of a claim or interest or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (v) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan.**

F.      *Protection Against Discriminatory Treatment*

In accordance with section 525 of the Bankruptcy Code, and consistent with Article VI of the United States Constitution, no Governmental Unit shall discriminate against any Reorganized Debtor, or any Entity with which a Reorganized Debtor has been or is associated, solely because such Reorganized Debtor was a Debtor under chapter 11, may have been insolvent before the commencement of the Chapter 11 Cases (or during the Chapter 11 Cases but before such Debtor was granted or denied a discharge), or has not paid a debt that is dischargeable in the Chapter 11 Cases.

G.      *Release of Liens*

Except as otherwise specifically provided in the Plan, the Exit Facility Documents or in any contract, instrument, release, or other agreement or document created pursuant to the Plan, on the Effective Date and concurrently with the applicable distributions made pursuant to the Plan and, in the case of a Secured Claim, satisfaction in full of the portion of the Secured Claim that is Allowed as of the Effective Date, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the Estates shall be fully released and discharged, and all of the right, title, and interest of any holder of such mortgages, deeds of trust, Liens, pledges, or other security interests shall revert to the Reorganized Debtors and their successors and assigns, in each case, without any further approval or order of the Bankruptcy Court and without any action or Filing being required to be made by the Debtors or the Reorganized Debtors, or any other Holder of a Secured Claim.  In addition, at the sole expense of the Debtors or the Reorganized Debtors, the Holders of Secured Claims (and the applicable agent for such Holders) shall be authorized and directed to release any collateral or other property of the Debtors (including any cash collateral and possessory collateral) held by such Holders (and the applicable agent for such Holders), and to take such actions as may be reasonably requested by the Reorganized Debtors to evidence the release of such Liens and/or security interests, including the execution and delivery of all documents reasonably requested by the Debtors, Reorganized Debtors, or the Exit Facility Agent to evidence the release of such mortgages, deeds of trust, Liens, pledges, and other security interests.  The presentation or filing of the Confirmation Order to or with any federal, state, provincial, or local agency, records office, or department shall constitute good and sufficient evidence of, but shall not be required to effect, the termination of such Liens and/or security interests.

To the extent that any Holder of a Secured Claim that has been satisfied or discharged in full pursuant to the Plan, or any agent for such Holder has filed or recorded publicly any Liens and/or security interests to secure such Holder's Secured Claim, then as soon as practicable on or after the Effective Date, such Holder (or the agent for such Holder) shall take any and all steps requested by the Debtors, the Reorganized Debtors, or Exit Facility Agent that are necessary or desirable to record or effectuate the cancellation and/or extinguishment of such Liens and/or security interests, including the making of any applicable filings or recordings, and the Reorganized Debtors shall be entitled to make any such filings or recordings on such Holder's behalf.  Notwithstanding the foregoing paragraph, this Article VIII.G shall not apply to any Secured Claims that are Reinstated pursuant to the terms of this Plan.

45

H.  *Reimbursement or Contribution*

If the Bankruptcy Court disallows a Claim for reimbursement or contribution of an Entity pursuant to section 502(e)(1)(B) of the Bankruptcy Code, then to the extent that such Claim is contingent as of the Effective Date, such Claim shall be forever disallowed notwithstanding section 502(j) of the Bankruptcy Code, unless prior to the Effective Date (1) such Claim has been adjudicated as non-contingent, or (2) the relevant Holder of a Claim has Filed a non-contingent Proof of Claim on account of such Claim and a Final Order has been entered determining such Claim as no longer contingent.

I.  *Recoupment*

In no event shall any Holder of a Claim be entitled to recoup such Claim against any claim, right, or Cause of Action of the Debtors or the Reorganized Debtors, as applicable, unless such Holder actually has performed such recoupment and provided notice thereof in writing to the Debtors on or before the Confirmation Date, notwithstanding any indication in any Proof of Claim or otherwise that such Holder asserts, has, or intends to preserve any right of recoupment.

J.  *Subordination Rights*

Any distributions under the Plan to Holders of Allowed Claims shall be received and retained free from any obligations to hold or transfer the same to any other Holder and shall not be subject to levy, garnishment, attachment, or other legal process by any Holder by reason of claimed contractual subordination rights.  On the Effective Date, any such subordination rights shall be deemed waived, and the Confirmation Order shall constitute an injunction enjoining any Entity from enforcing or attempting to enforce any contractual, legal, or equitable subordination rights to property distributed under the Plan, in each case other than as provided in the Plan; *provided*, that any such subordination rights shall be preserved in the event the Confirmation Order is vacated, the Effective Date does not occur in accordance with the terms hereunder or the Plan is revoked or withdrawn.

K.  *Reservation of Rights of the United States*

As to the United States of America, its agencies, departments, or agents (collectively, the "United States"), nothing in the Plan, the Plan Supplement, or the Confirmation Order shall expand the scope of discharge, release, or injunction to which the Debtors or Reorganized Debtors are entitled under the Bankruptcy Code, if any.  The discharge, release, and injunction provisions contained in the Plan, the Plan Supplement, and the Confirmation Order are not intended and shall not be construed to bar the United States from, subsequent to the Confirmation Order, pursuing any actions, including any police or regulatory action, against anyone.

Notwithstanding anything contained in the Plan or the Plan Supplement to the contrary, nothing in the Plan or the Plan Supplement shall discharge, release, impair, or otherwise preclude:  (a) any liability to the United States that is not a "claim" within the meaning of section 101(5) of the Bankruptcy Code; (b) any valid right of setoff or recoupment of the United States against any of the Debtors or Reorganized Debtors; or (c) the exercise of the United States' police and regulatory powers against the Debtors, the Reorganized Debtors, or any non-Debtor.  Nor shall anything in the Confirmation Order, the Plan, or the Plan Supplement:  (a) enjoin or otherwise bar the United States and/or any Governmental Unit from asserting or enforcing, outside the Bankruptcy Court, any liability described in this paragraph, (b) divest any court, commission, or tribunal of jurisdiction from resolving any matters relating to the liabilities and/or claims set forth in this paragraph, or (c) confer in the Bankruptcy Court jurisdiction over any matter as to which it would not have jurisdiction under the Bankruptcy Code.

Moreover, nothing in the Confirmation Order, the Plan, or the Plan Supplement shall release or exculpate any non-Debtor, including any Released Parties and/or Exculpated Parties, from any liability to the United States, including any liabilities arising under the Internal Revenue Code, the environmental laws, or the criminal laws against the Released Parties and/or Exculpated Parties, nor shall anything in the Confirmation Order, the Plan, or the Plan Supplement enjoin the United States from bringing any claim, suit, action, or other proceeding against the Released Parties and/or Exculpated Parties for any liability whatsoever; *provided that* nothing in this paragraph shall affect in

any way any release by the Debtors, the Reorganized Debtors, their Estates, any person exercising the rights of the Estates, or any successor to the Estates of the Released Parties provided for in Article VIII.B of the Plan.

Nothing contained in the Plan, the Plan Supplement, or the Confirmation Order shall be deemed to determine the tax liability of any person or entity, including the Debtors and the Reorganized Debtors, nor shall the Plan, the Plan Supplement, or the Confirmation Order be deemed to have determined the federal tax treatment of any item, distribution, or entity, including the federal tax consequences of the Plan, nor shall anything in the Plan, the Plan Supplement, or the Confirmation Order be deemed to have conferred jurisdiction upon the Bankruptcy Court to make determinations as to federal tax liability and federal tax treatment except as provided under 11 U.S.C. § 505.

**ARTICLE IX.**
**EFFECT OF CONFIRMATION OF THE PLAN**

Upon entry of the Confirmation Order, the Bankruptcy Court shall be deemed to have made and issued on the Confirmation Date, pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014, the following findings of fact and conclusions of law as though made after due deliberation and upon the record at the Confirmation Hearing. Upon entry of the Confirmation Order, any and all findings of fact in the Plan shall constitute findings of fact even if they are stated as conclusions of law, and any and all conclusions of law in the Plan shall constitute conclusions of law even if they are stated as findings of fact.

A.      *Jurisdiction and Venue*

On the Petition Date, the Debtors commenced the Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors were and are qualified to be debtors under section 109 of the Bankruptcy Code. Venue in the Southern District of Texas was proper as of the Petition Date and continues to be proper. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2). The Bankruptcy Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B.      *Order Approving the Disclosure Statement*

On [June [●]], 2020, the Bankruptcy Court entered the Disclosure Statement Order, which, among other things, (a) approved the Disclosure Statement as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and Bankruptcy Rule 3017 and (b) approved certain procedures and documents for soliciting and tabulating votes with respect to the Plan.

C.      *Voting Report*

Prior to the Confirmation Hearing, the Solicitation Agent filed the Voting Report. All procedures used to distribute solicitation materials to the applicable Holders of Claims and Interests and to tabulate the ballots were fair and conducted in accordance with the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, and all other applicable rules, laws, and regulations. Pursuant to sections 1124 and 1126 of the Bankruptcy Code, at least one Impaired Class entitled to vote on the Plan has voted to accept the Plan.

D.      *Judicial Notice*

The Bankruptcy Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the clerk of the Bankruptcy Court and/or its duly appointed agent, including all pleadings and other documents Filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before the Bankruptcy Court during the pendency of the Chapter 11 Cases (including the Confirmation Hearing). Resolutions of any objections to Confirmation explained on the record at the Confirmation Hearing are hereby incorporated by reference. All entries on the docket of the Chapter 11 Cases shall constitute the record before the Bankruptcy Court for purposes of the Confirmation Hearing.

E.      *Transmittal and Mailing of Materials; Notice*

Due, adequate, and sufficient notice of the Disclosure Statement, the Plan, the Plan Supplement, the Confirmation Hearing, and the release and exculpation provisions set forth in Article VIII of the Plan, along with all deadlines for voting on or objecting to the Plan, has been given to (1) all known Holders of Claims and Interests, (2) parties that requested notice in accordance with Bankruptcy Rule 2002, (3) all parties to Unexpired Leases and Executory Contracts, and (4) all taxing authorities listed on the Schedules or in the Claims Register, in compliance with Bankruptcy Rules 2002(b), 3017, 3019, and 3020(b), the Disclosure Statement Order, and such transmittal and service were appropriate, adequate, and sufficient.  Adequate and sufficient notice of the Confirmation Hearing and other dates, deadlines, and hearings described in the Disclosure Statement Order was given in compliance with the Bankruptcy Rules and such order, and no other or further notice is or shall be required.

F.      *Solicitation*

Votes for acceptance and rejection of the Plan were solicited in good faith and complied with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017, 3018, and 3019, the Disclosure Statement Order, all other applicable provisions of the Bankruptcy Code and all other applicable rules, laws, and regulations.  The Debtors and their respective directors, managers, officers, employees, agents, affiliates, representatives, attorneys, and advisors, as applicable, have solicited votes on the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code and the Disclosure Statement Order and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the exculpation provisions set forth in Article VIII of the Plan.  The Debtors and the Released Parties solicited acceptance of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code and they participated in good faith, and in compliance with the applicable provisions of the Bankruptcy Code in the offer, issuance, sale, or purchase of New Common Stock and any debt securities that were offered or sold under the Plan and, pursuant to section 1125(e) of the Bankruptcy Code, and no Released Party is or shall be liable on account of such solicitation for violation of any applicable law, rule, or regulation governing solicitation of acceptance of a chapter 11 plan or the offer, issuance, sale, or purchase of such debt securities.

G.      *Burden of Proof*

The Debtors, as proponents of the Plan, have satisfied their burden of proving the elements of sections 1129(a) and 1129(b) of the Bankruptcy Code by a preponderance of the evidence, which is the applicable evidentiary standard.  The Debtors have satisfied the elements of section 1129(a) and 1129(b) of the Bankruptcy Code by clear and convincing evidence.

H.      *Bankruptcy Rule 3016(a) Compliance*

The Plan is dated and identifies the proponents thereof, thereby satisfying Bankruptcy Rule 3016(a).

I.      *Compliance with the Requirements of Section 1129 of the Bankruptcy Code*

The plan complies with all requirements of section 1129 of the Bankruptcy Code as follows:

1.      <u>Section 1129(a)(1)–Compliance of the Plan with Applicable Provisions of the Bankruptcy Code</u>

The Plan complies with all applicable provisions of the Bankruptcy Code as required by section 1129(a)(1) of the Bankruptcy Code, including sections 1121, 1122, 1123, and 1125 of the Bankruptcy Code.

a.      Standing

Each of the Debtors has standing to file a plan and the Debtors, therefore, have satisfied section 1121 of the Bankruptcy Code.

b.      Proper Classification

48

Pursuant to sections 1122(a) and 1123(a)(1) of the Bankruptcy Code, Article III of the Plan designates Classes of Claims and Interests, other than Administrative Claims, Professional Fee Claims, and Priority Tax Claims, which are not required to be classified.  As required by section 1122(a) of the Bankruptcy Code, each Class of Claims and Interests contains only Claims or Interests that are substantially similar to the other Claims or Interests within that Class.

          c.          Specification of Unimpaired Classes

Pursuant to section 1123(a)(2) of the Bankruptcy Code, Article III of the Plan specifies all Classes of Claims and Interests that are not Impaired.

          d.          Specification of Treatment of Impaired Classes

Pursuant to section 1123(a)(3) of the Bankruptcy Code, Article III of the Plan specifies the treatment of all Classes of Claims and Interests that are Impaired.

          e.          No Discrimination

Pursuant to section 1123(a)(4) of the Bankruptcy Code, Article III of the Plan provides the same treatment for each Claim or Interest within a particular Class, as the case may be, unless the Holder of a particular Claim or Interest has agreed to less favorable treatment with respect to such Claim or Interest, as applicable.

          f.          Plan Implementation

Pursuant to section 1123(a)(5) of the Bankruptcy Code, the Plan provides adequate and proper means for the Plan's implementation.  Immediately upon the Effective Date, sufficient Cash and other consideration provided under the Plan will be available to make all payments required to be made on the Effective Date pursuant to the terms of the Plan.  Moreover, Article IV and various other provisions of the Plan specifically provide adequate means for the Plan's implementation.

          g.          Voting Power of Equity Securities; Selection of Officer, Director, or Trustee under the Plan

The New Organizational Documents comply with sections 1123(a)(6) and 1123(a)(7) of the Bankruptcy Code.

          h.          Impairment/Unimpairment of Classes of Claims and Equity Interests

Pursuant to section 1123(b)(1) of the Bankruptcy Code, (i) Class 1 (Other Secured Claims), Class 2 (Other Priority Claims), and Class 4 (Trade Claims) are Unimpaired under the Plan, (ii) Class 3 (RBL Claims), Class 5 (General Unsecured Claims), Class 8 (Existing Interests), and Class 9 (Section 510(b) Claims) are Impaired under the Plan, and (iii) Class 6 (Intercompany Claims) and Class 7 (Intercompany Interests) are either Unimpaired or Impaired under the Plan as agreed by the Debtors and the Requisite Creditors.

          i.          Assumption and Rejection of Executory Contracts and Unexpired Leases

In accordance with section 1123(b)(2) of the Bankruptcy Code, pursuant to Article V of the Plan, on the Effective Date, each Executory Contract and Unexpired Lease shall be deemed assumed unless such Executory Contract or Unexpired Lease is listed on the Schedule of Rejected Executory Contracts and Unexpired Leases, if any. The assumption of Executory Contracts and Unexpired Leases hereunder may include the assignment of certain of such contracts to Affiliates.  The Debtors' assumption and assignment of the Executory Contracts and Unexpired Leases listed on the Schedule of Assumed Executory Contracts and Unexpired Leases pursuant to Article V of the Plan governing assumption and rejection of executory contracts and unexpired leases satisfies the requirements of section 365(b) of the Bankruptcy Code and, accordingly, the requirements of section 1123(b) of the Bankruptcy Code.

The Debtors have exercised reasonable business judgment in determining whether to reject, assume, or assume and assign each of their Executory Contracts and Unexpired Leases under the terms of the Plan. Each pre- or post-Confirmation rejection, assumption, or assumption and assignment of an Executory Contract or Unexpired Lease pursuant to Article V of the Plan will be legal, valid and binding upon the applicable Debtor and all other parties to such Executory Contract or Unexpired Lease, as applicable, all to the same extent as if such rejection, assumption, or assumption and assignment had been effectuated pursuant to an appropriate order of the Court entered before the Confirmation Date under section 365 of the Bankruptcy Code. Each of the Executory Contracts and Unexpired Leases to be rejected, assumed, or assumed and assigned is deemed to be an executory contract or an unexpired lease, as applicable.

> j.   Settlement of Claims and Causes of Action

All of the settlements and compromises pursuant to and in connection with the Plan or incorporated by reference into the Plan comply with the requirements of section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019.

Pursuant to Bankruptcy Rule 9019 and section 363 of the Bankruptcy Code and in consideration for the distributions and other benefits provided under the Plan, any and all compromise and settlement provisions of the Plan constitute good-faith compromises, are in the best interests of the Debtors, the Estates, and all Holders of Claims and Interests, and are fair, equitable, and reasonable.

Specifically, the settlements and compromises pursuant to and in connection with the Plan are substantively fair based on the following factors: (a) the balance between the litigation's possibility of success and the settlement's future benefits; (b) the likelihood of complex and protracted litigation and risk and difficulty of collecting on the judgment; (c) the proportion of creditors and parties in interest that support the settlement; (d) the competency of counsel reviewing the settlement; the nature and breadth of releases to be obtained by officers and directors; and (e) the extent to which the settlement is the product of arm's-length bargaining.

> k.   Cure of Defaults

Article V of the Plan provides for the satisfaction of default claims associated with each Executory Contract and Unexpired Lease to be assumed in accordance with section 365(b)(1) of the Bankruptcy Code. The Cure Costs identified in the Schedule of Assumed Executory Contracts and Unexpired Leases and any amendments thereto, as applicable, represent the amount, if any, that the Debtors propose to pay in full and complete satisfaction of such default claims. Any disputed cure amounts will be determined in accordance with the procedures set forth in Article V of the Plan, and applicable bankruptcy and nonbankruptcy law. As such, the Plan provides that the Debtors will cure, or provide adequate assurance that the Debtors will promptly cure, defaults with Executory Contracts and Unexpired Leases in compliance with section 365(b)(1) of the Bankruptcy Code. Thus, the Plan complies with section 1123(d) of the Bankruptcy Code.

> l.   Other Appropriate Provisions

The Plan's other provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including provisions for (i) distributions to holders of Claims and Interests, (ii) objections to Claims, (iii) procedures for resolving disputed, contingent, and unliquidated claims, (iv) cure amounts, procedures governing cure disputes, and (v) indemnification obligations.

> 2.   <u>Section 1129(a)(2)–Compliance of Plan Proponents with Applicable Provisions of the Bankruptcy Code</u>

The Debtors, as proponents of the Plan, have complied with all applicable provisions of the Bankruptcy Code as required by section 1129(a)(2) of the Bankruptcy Code, including sections 1125 and 1126 of the Bankruptcy Code and Bankruptcy Rules 3017, 3018, and 3019. In particular, the Debtors are proper debtors under section 109 of the Bankruptcy Code and proper proponents of the Plan under section 1121(a) of the Bankruptcy Code. Furthermore, the solicitation of acceptances or rejections of the Plan was (i) pursuant to the Disclosure Statement Order; (ii) in

50

compliance with all applicable laws, rules, and regulations governing the adequacy of disclosure in connection with such solicitation; and (iii) solicited after disclosure to Holders of Claims or Interests of adequate information as defined in section 1125(a) of the Bankruptcy Code. Accordingly, the Debtors and their respective directors, officers, employees, agents, affiliates, and Professionals have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code.

3.      Section 1129(a)(3)–Proposal of Plan in Good Faith

The Debtors have proposed the Plan in good faith and not by any means forbidden by law based on the totality of the circumstances surrounding the filing of the Chapter 11 Cases, the Plan itself, and the process leading to its formulation. The Chapter 11 Cases were filed, and the Plan was proposed, with the legitimate purpose of allowing the Debtors to reorganize.

4.      Section 1129(a)(4)–Bankruptcy Court Approval of Certain Payments as Reasonable

Pursuant to section 1129(a)(4) of the Bankruptcy Code, the payments to be made for services or for costs in connection with the Chapter 11 Cases or the Plan are approved. The fees and expenses incurred by Professionals retained by the Debtors or the Creditors' Committee shall be payable according to the orders approving such Professionals' retentions, the Interim Compensation Order, other applicable Bankruptcy Court orders, or as otherwise provided in the Plan.

5.      Section 1129(a)(5)–Disclosure of Identity of Proposed Management, Compensation of Insiders, and Consistency of Management Proposals with the Interests of Creditors and Public Policy

Pursuant to section 1129(a)(5) of the Bankruptcy Code, information concerning the individuals proposed to serve on the Reorganized Whiting Parent Board and each such individual's compensation upon Consummation of the Plan has been fully disclosed (in the Plan Supplement) to the extent available, and the appointment to, or continuance in, such office of such person is consistent with the interests of Holders of Claims and Interests and with public policy.

6.      Section 1129(a)(6)–Approval of Rate Changes

Section 1129(a)(6) of the Bankruptcy Code is not applicable because the Plan does not provide for rate changes by any of the Debtors.

7.      Section 1129(a)(7)–Best Interests of Creditors and Interest Holders

The liquidation analysis included in the Disclosure Statement, and the other evidence related thereto that was proffered or adduced at or prior to, or in affidavits in connection with, the Confirmation Hearing, is reasonable. The methodology used and assumptions made in such liquidation analysis, as supplemented by the evidence proffered or adduced at or prior to, or in affidavits filed in connection with, the Confirmation Hearing, are reasonable. With respect to each Impaired Class, each Holder of an Allowed Claim or Interest in such Class has accepted the Plan or will receive under the Plan on account of such Claim or Interest property of a value, as of the Effective Date, that is not less than the amount such Holder would receive if the Debtors were liquidated under chapter 7 of the Bankruptcy Code.

8.      Section 1129(a)(8)–Conclusive Presumption of Acceptance by Unimpaired Classes; Acceptance of the Plan by Each Impaired Class

Certain Classes of Claims and Interests are Unimpaired and are deemed conclusively to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. In addition, at least one Impaired Class that was entitled to vote has voted to accept the Plan. Because the Plan provides that the certain Classes of Claims and Interests will be Impaired and because no distributions shall be made to Holders in such Classes, such Holders are deemed conclusively to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code and, therefore, are not entitled to vote to accept or reject the Plan.

51

9.      Section 1129(a)(9)–Treatment of Claims Entitled to Priority Pursuant to Section 507(a) of the Bankruptcy Code

The treatment of Administrative Claims, Professional Fee Claims, Other Priority Claims, and Priority Tax Claims under Article II of the Plan satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code.

10.     Section 1129(a)(10)–Acceptance by at Least One Impaired Class

At least one Impaired Class has voted to accept the Plan.  Accordingly, section 1129(a)(10) of the Bankruptcy Code is satisfied.

11.     Section 1129(a)(11)–Feasibility of the Plan

The Plan satisfies section 1129(a)(11) of the Bankruptcy Code.  Based upon the evidence proffered or adduced at, or prior to, or in affidavits filed in connection with, the Confirmation Hearing, the Plan is feasible and Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtors or any successor to the Debtors under the Plan, except as such liquidation is proposed in the Plan. Furthermore, the Debtors will have adequate assets to satisfy their respective obligations under the Plan.

12.     Section 1129(a)(12)–Payment of Bankruptcy Fees

Article II.E of the Plan provides for the payment of all fees payable under 28 U.S.C. § 1930(a) in accordance with section 1129(a)(12) of the Bankruptcy Code.

13.     Section 1129(a)(13)–Retiree Benefits

The Plan provides for the treatment of all retiree benefits in accordance with section 1129(a)(13) of the Bankruptcy Code.

14.     Section 1129(a)(14)–Domestic Support Obligations

The Debtors are not required by a judicial or administrative order, or by statute, to pay any domestic support obligations, and therefore, section 1129(a)(14) of the Bankruptcy Code is inapplicable in these Chapter 11 Cases.

15.     Section 1129(a)(15)–The Debtors Are Not Individuals

The Debtors are not individuals, and therefore, section 1129(a)(15) of the Bankruptcy Code is inapplicable in these Chapter 11 Cases.

16.     Section 1129(a)(16)–No Applicable Nonbankruptcy Law Regarding Transfers

Each of the Debtors that is a corporation is a moneyed, business, or commercial corporation or trust, and therefore, section 1129(a)(16) of the Bankruptcy Code is inapplicable in these Chapter 11 Cases.

17.     Section 1129(b)–Confirmation of Plan Over Rejection of Impaired Classes

The Plan satisfies the requirements of section 1129(b) of the Bankruptcy Code with respect to the Classes presumed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code or that have actually rejected the Plan (if any).  To determine whether a plan is "fair and equitable" with respect to a class of claims, section 1129(b)(2)(B)(ii) of the Bankruptcy Code provides in pertinent part that "the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest any property."  To determine whether a plan is "fair and equitable" with respect to a class of interests,  section 1129(b)(2)(C)(ii) of the Bankruptcy Code provides that "the holder of any interest that is junior to the interests of such class will not receive or retain under the plan on account of such junior interest any property."  There are no classes

52

junior to the deemed (or actual) rejecting classes of claims or interests that will receive any distribution under the Plan. The Plan, therefore, satisfies the requirements of section 1129(b) of the Bankruptcy Code.

18.      Section 1129(c)–Confirmation of Only One Plan With Respect to the Debtors

The Plan is the only plan that has been filed in these Chapter 11 Cases with respect to the Debtors. Accordingly, the Plan satisfies the requirements of section 1129(c) of the Bankruptcy Code.

19.      Section 1129(d)–Principal Purpose Not Avoidance of Taxes

The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act.  Accordingly, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

20.      Section 1129(e)–Small Business Case

Section 1129(e) is inapplicable because these Chapter 11 Cases do not qualify as small business cases thereunder.

J.      *Securities Under the Plan*

Pursuant to the Plan, and without further corporate or other action, the New Common Stock and any debt issued or assumed by the Reorganized Debtors will be issued or entered into, as applicable, on the Effective Date subject to the terms of the Plan.

K.      *Releases and Discharges*

The releases and discharges of Claims and Causes of Action described in the Plan, including releases by the Debtors and by Holders of Claims and Interests, constitute good faith compromises and settlements of the matters covered thereby. Such compromises and settlements are made in exchange for consideration and are in the best interest of Holders of Claims and Interests, are fair, equitable, reasonable, and are integral elements of the resolution of the Chapter 11 Cases in accordance with the Plan. Each of the discharge, release, indemnification, and exculpation provisions set forth in the Plan: (a) is within the jurisdiction of the Court under 28 U.S.C. §§ 1334(a), 1334(b), and 1334(d); (b) is an essential means of implementing the Plan pursuant to section 1123(a)(6) of the Bankruptcy Code; (c) is an integral element of the transactions incorporated into the Plan; (d) confers material benefit on, and is in the best interests of, the Debtors, their estates, and their creditors; (e) is important to the overall objectives of the Plan to finally resolve all Claims and Interests among or against the parties in interest in the Chapter 11 Cases with respect to the Debtors; (f) is consistent with sections 105, 1123, 1129, and all other applicable provisions of the Bankruptcy Code; (g) given and made after due notice and opportunity for hearing; and (h), without limiting the foregoing, with respect to the releases and injunctions in Article VIII of the Plan, are (i) essential elements of the Restructuring Transactions and Plan, terms and conditions without which the Consenting Creditors would not have entered into the Restructuring Support Agreement, and (ii) narrowly tailored.  Furthermore, the injunction set forth in Article VIII is an essential component of the Plan, the fruit of long-term negotiations and achieved by the exchange of good and valuable consideration that will enable unsecured creditors to realize distributions in the Chapter 11 Cases.

L.      *Release and Retention of Causes of Action*

It is in the best interests of Holders of Claims and Interests that the provisions in Article VIII of the Plan be approved.

M.      *Approval of Restructuring Support Agreement and Other Restructuring Documents and Agreements*

All documents and agreements necessary to implement the Plan, including the Restructuring Support Agreement, are essential elements of the Plan, are necessary to consummate the Plan and the Restructuring Transaction, and entry into and consummation of the transactions contemplated by each such document and agreement is in the best interests of the Debtors, the Estates, and Holders of Claims and Interests.  The Debtors have exercised

reasonable business judgment in determining which agreements to enter into and have provided sufficient and adequate notice of such documents and agreements. The terms and conditions of such documents and agreements have been negotiated in good faith, at arm's-length, are fair and reasonable, and are hereby reaffirmed and approved, and subject to the occurrence of the Effective Date and execution and delivery in accordance with their respective terms, shall be in full force and effect and valid, binding, and enforceable in accordance with their respective terms, without the need for any further notice to or action, order, or approval of the Bankruptcy Court, or other action under applicable law, regulation, or rule.

N.      *Confirmation Hearing Exhibits*

All of the exhibits presented at the Confirmation Hearing have been properly received into evidence and are a part of the record before the Bankruptcy Court.

O.      *Objections to Confirmation of the Plan*

Any and all objections to Confirmation have been withdrawn, settled, overruled, or otherwise resolved.

P.      *Retention of Jurisdiction*

The Bankruptcy Court may properly retain jurisdiction over the matters set forth in Article XII of the Plan and section 1142 of the Bankruptcy Code.

Q.      *Plan Supplement*

The Debtors filed the Plan Supplement. All of the documents contained in the Plan Supplement comply with the terms of the Plan, and the filing and notice of such documents was adequate, proper and in accordance with the Disclosure Statement Order, the Bankruptcy Code, and the Bankruptcy Rules.

**ARTICLE X.**
**CONDITIONS PRECEDENT TO THE EFFECTIVE DATE**

A.      *Conditions Precedent to the Effective Date*

It shall be a condition to the Effective Date that the following conditions shall have been satisfied or waived pursuant to Article X.B of the Plan:

1.      the Definitive Documents (as defined in the Restructuring Support Agreement) will contain terms and conditions consistent in all material respects with the Restructuring Support Agreement and will otherwise be subject to the consent of the Requisite Creditors (such consent not to be unreasonably withheld);

2.      The Bankruptcy Court shall have entered the Confirmation Order, in form and substance reasonably acceptable to the Requisite Creditors, and the Confirmation Order shall have become a Final Order; *provided that* in accordance with Bankruptcy Rules 3020(e), 6004(h), and 6006(d) (and notwithstanding any other provision of the Bankruptcy Code or the Bankruptcy Rules), the Confirmation Order shall not be stayed and shall be effective immediately upon its entry;

3.      Each of the Plan and all documents contained in any supplement to the Plan, including the Plan Supplement and any exhibits, schedules, amendments, or modifications thereto, shall have been executed in form and substance reasonably acceptable to the Requisite Creditors;

4.      The Exit Facility Documents shall have been duly executed, in form and substance reasonably acceptable to the Requisite Creditors, and delivered by all of the Entities that are parties thereto and all conditions precedent (other than any conditions related to the occurrence of the Effective Date) to the effectiveness of the Exit Facility shall have been satisfied or duly waived in writing;

54

5.      No court of competent jurisdiction or other competent governmental or regulatory authority shall have issued a final and non-appealable order making illegal or otherwise restricting, preventing or prohibiting, in any material respect, the consummation of the Plan, the Restructuring Support Agreement, or any of the Restructuring Transactions contemplated thereby;

6.      The Debtors shall have obtained all material authorizations, consents, regulatory approvals, rulings, or documents that are necessary to implement and effectuate the Restructuring Transactions;

7.      The Bankruptcy Court shall have authorized, and the Debtors shall have paid or reimbursed when due, all Transaction Expenses then known or submitted to the Debtors; and

8.      All Allowed Professional Fee Claims shall have been paid in full or amounts sufficient to pay such Allowed Professional Fee Claims after the Effective Date shall have been placed in the Professional Fee Escrow Account pending approval of the Professional Fee Claims by the Bankruptcy Court.

B.      *Waiver of Conditions*

The conditions to the Effective Date of the Plan set forth in Article X of the Plan may be waived by the Debtors, subject to the consent of the Requisite Creditors (such consent not to be unreasonably withheld), without notice, leave, or order of the Bankruptcy Court or any formal action other than proceedings to confirm or consummate the Plan.

C.      *Effect of Non-Occurrence of Conditions to Consummation*

If the Effective Date does not occur on or before the termination of the Restructuring Support Agreement, the Plan shall be null and void in all respects and nothing contained in the Plan or the Disclosure Statement shall: (1) constitute a waiver or release of any Claims, Interests, or Causes of Action by any Entity; (2) prejudice in any manner the rights of any Debtor, the Consenting Creditors, or any other Entity; or (3) constitute an admission, acknowledgment, offer, or undertaking of any sort by any Debtor, Consenting Creditor, or any other Entity; *provided*, that all provisions of the Restructuring Support Agreement that survive termination thereof shall remain in effect in accordance with the terms thereof.

D.      *Substantial Consummation*

"Substantial consummation" of the Plan, as defined in section 1101(2) of the Bankruptcy Code, shall be deemed to occur on the Effective Date.

**ARTICLE XI.**
**MODIFICATION, REVOCATION, OR WITHDRAWAL OF THE PLAN**

A.      *Modification of Plan*

Effective as of the date hereof:  (1) the Debtors reserve the right, subject to the consent of the Requisite Creditors (such consent not to be unreasonably withheld), in accordance with the Bankruptcy Code and the Bankruptcy Rules, to amend or modify the Plan before the entry of the Confirmation Order, consistent with the terms set forth herein, and, as appropriate, not resolicit votes on such modified Plan, including (a) modifying the treatment applicable to a Class of Claims or Interests to the extent the Bankruptcy Court indicates it will not confirm the Plan on account of such treatment, and (b) reclassifying any Claim or Interest in one particular Class together with any substantially similar Claim or Interest in a different Class, as applicable, to the extent permitted by the Bankruptcy Code and the Bankruptcy Rules; and (2) after the entry of the Confirmation Order, the Debtors or the Reorganized Debtors, as applicable, subject to the consent of the Requisite Creditors (such consent not to be unreasonably withheld), may, upon order of the Bankruptcy Court, amend or modify the Plan, in accordance with section 1127(b) of the Bankruptcy Code and Bankruptcy Rule 3019, remedy any defect or omission, or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the purpose and intent of the Plan consistent with the terms set forth herein.

55

B.      *Effect of Confirmation on Modifications*

Entry of the Confirmation Order shall constitute approval of all modifications to the Plan occurring after the solicitation of votes thereon pursuant to section 1127(a) of the Bankruptcy Code and a finding that such modifications to the Plan do not require additional disclosure or resolicitation under Bankruptcy Rule 3019.

C.      *Revocation or Withdrawal of Plan*

Subject to the terms of the Restructuring Support Agreement, the Debtors reserve the right to revoke or withdraw the Plan with respect to any or all Debtors before the Confirmation Date and to File subsequent chapter 11 plans.  If the Debtors revoke or withdraw the Plan, or if Confirmation or the Effective Date does not occur, then:  (1) the Plan will be null and void in all respects; (2) any settlement or compromise embodied in the Plan, assumption or rejection of Executory Contracts or Unexpired Leases effectuated by the Plan, and any document or agreement executed pursuant hereto will be null and void in all respects; and (3) nothing contained in the Plan shall (a) constitute a waiver or release of any Claims, Interests, or Causes of Action by any Entity, (b) prejudice in any manner the rights of any Debtor or any other Entity, or (c) constitute an admission, acknowledgement, offer, or undertaking of any sort by any Debtor or any other Entity.

### ARTICLE XII.
### RETENTION OF JURISDICTION

Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction over all matters arising out of, or related to, the Chapter 11 Cases and the Plan pursuant to sections 105(a) and 1142 of the Bankruptcy Code, including jurisdiction to:

1.      allow, disallow, determine, liquidate, classify, estimate, or establish the priority, Secured or unsecured status, or amount of any Claim against a Debtor, including the resolution of any request for payment of any Claim and the resolution of any and all objections to the Secured or unsecured status, priority, amount, or allowance of Claims;

2.      decide and resolve all matters related to the granting and denying, in whole or in part, any applications for allowance of compensation or reimbursement of expenses to Professionals authorized pursuant to the Bankruptcy Code or the Plan;

3.      resolve any matters related to Executory Contracts or Unexpired Leases, including:  (a) the assumption or assumption and assignment of any Executory Contract or Unexpired Lease to which a Debtor is party or with respect to which a Debtor may be liable and to hear, determine, and, if necessary, liquidate, any Cure Costs or Claims arising therefrom, including pursuant to section 365 of the Bankruptcy Code; (b) any potential contractual obligation under any Executory Contract or Unexpired Lease that is assumed; and (c) any dispute regarding whether a contract or lease is or was executory or expired;

4.      ensure that distributions to Holders of Allowed Claims and Allowed Interests are accomplished pursuant to the provisions of the Plan and adjudicate any and all disputes arising from or relating to distributions under the Plan;

5.      adjudicate, decide, or resolve any motions, adversary proceedings, contested or litigated matters, and any other matters, and grant or deny any applications involving a Debtor that may be pending on the Effective Date;

6.      enter and implement such orders as may be necessary or appropriate to execute, implement, or consummate the provisions of (a) contracts, instruments, releases, indentures, and other agreements or documents approved by a Final Order in the Chapter 11 Cases, and (b) the Plan, the Confirmation Order, and contracts, instruments, releases, indentures, and other agreements or documents created in connection with the Plan;

56

7.        enforce any order for the sale of property pursuant to sections 363, 1123, or 1146(a) of the Bankruptcy Code;

8.        grant any consensual request to extend the deadline for assuming or rejecting Unexpired Leases pursuant to section 365(d)(4) of the Bankruptcy Code;

9.        issue injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any Entity with Consummation or enforcement of the Plan;

10.        hear, determine, and resolve any cases, matters, controversies, suits, disputes, or Causes of Action in connection with or in any way related to the Chapter 11 Cases, including:  (a) with respect to the repayment or return of distributions and the recovery of additional amounts owed by the Holder of a Claim for amounts not timely repaid pursuant to Article VI.F.1 of the Plan; (b) with respect to the releases, injunctions, and other provisions contained in Article VIII of the Plan, including entry of such orders as may be necessary or appropriate to implement such releases, injunctions, and other provisions; (c) that may arise in connection with the Consummation, interpretation, implementation, or enforcement of the Plan, the Confirmation Order, and contracts, instruments, releases, and other agreements or documents created in connection with the Plan; or (d) related to section 1141 of the Bankruptcy Code;

11.        enter and implement such orders as are necessary or appropriate if the Confirmation Order is for any reason modified, stayed, reversed, revoked, or vacated;

12.        consider any modifications of the Plan, to cure any defect or omission, or to reconcile any inconsistency in any Bankruptcy Court order, including the Confirmation Order;

13.        hear and determine matters concerning state, local, and federal taxes in accordance with sections 346, 505, and 1146 of the Bankruptcy Code;

14.        enter an order or Final Decree concluding or closing the Chapter 11 Cases;

15.        enforce all orders previously entered by the Bankruptcy Court;

16.        hear and determine disputes involving any matter related to the implementation of the Plan, *provided*, *however*, that upon the closing of the Exit Facility and execution of the New Organizational Documents, disputes with respect to the Exit Facility and the New Organizational Documents that are not related to the Plan shall otherwise be governed by the jurisdictional, forum selection or dispute resolution clause contained in such document; and

17.        hear any other matter not inconsistent with the Bankruptcy Code.

Notwithstanding the foregoing, the Bankruptcy Court retains jurisdiction, but not exclusive jurisdiction, to determine whether environmental liabilities asserted by any Governmental Unit are discharged or otherwise barred by the Confirmation Order or the Plan, or the Bankruptcy Code.  As of the Effective Date, notwithstanding anything in this Article XII to the contrary, the Exit Facility and the New Organizational Documents shall be governed by the jurisdictional provisions contained therein.

## ARTICLE XIII.
## MISCELLANEOUS PROVISIONS

A.     *Immediate Binding Effect*

Subject to Article X.A hereof, and notwithstanding Bankruptcy Rules 3020(e), 6004(h), or 7062 or otherwise, upon the occurrence of the Effective Date, the terms of the Plan and the Plan Supplement shall be immediately effective and enforceable and deemed binding upon the Debtors, the Reorganized Debtors, and any and all Holders of Claims or Interests (irrespective of whether such Holders of Claims or Interests have accepted or are deemed to have

accepted the Plan), all Entities that are parties to or are subject to the settlements, compromises, releases, discharges, and injunctions described in the Plan, each Entity acquiring property under the Plan, and any and all non-Debtor parties to Executory Contracts and Unexpired Leases with the Debtors.  All Claims and debts shall be as fixed, adjusted, or compromised, as applicable, pursuant to the Plan regardless of whether any Holder of a Claim or debt has voted on the Plan.

B.      *Additional Documents*

On or before the Effective Date, and subject to the terms of the Restructuring Support Agreement, the Debtors may File with the Bankruptcy Court such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.  The Debtors or the Reorganized Debtors, as applicable, and all Holders of Claims receiving distributions pursuant to the Plan and all other parties in interest shall, from time to time, prepare, execute, and deliver any agreements or documents and take any other actions as may be necessary or advisable to effectuate the provisions and intent of the Plan.

C.      *Dissolution of the Statutory Committees*

On the Effective Date, the Creditors' Committee and any other statutory committee appointed in the Chapter 11 Cases shall dissolve automatically and the members thereof shall be released and discharged from all rights, duties, responsibilities, and liabilities arising from, or related to, the Chapter 11 Cases and under the Bankruptcy Code, except for the purposes of (a) prosecuting requests for payment of Professional Fee Claims for services rendered and reimbursement of expenses incurred prior to the Effective Date by the Creditors' Committee and its Professionals, (b) participating in any adversary proceeding commenced on or before the Effective Date in which the Creditors' Committee (or any member thereof in its capacity as such) is named, and (c) participating in any appeals of the Confirmation Order. The Debtors shall no longer be responsible for paying any fees or expenses incurred by the members of or advisors to the Creditors' Committee or any other statutory committee after the Effective Date except for those purposes set forth in the preceding sentence.  Upon the dissolution of the Creditors' Committee and any other statutory committee, the members of such committees and their respective professionals will cease to have any duty, obligation or role arising from or related to the Chapter 11 Cases and shall be released and discharged from all rights and duties from or related to the Chapter 11 Cases.

D.      *Payment of Statutory Fees*

All fees payable pursuant to 28 U.S.C. § 1930(a) prior to the Effective Date shall be paid by the Debtors.  On and after the Effective Date, the Reorganized Debtors shall pay any and all such fees when due and payable, and shall File with the Bankruptcy Court quarterly reports in a form reasonably acceptable to the U.S. Trustee.  Each Debtor and Reorganized Debtor shall remain obligated to pay quarterly fees to the U.S. Trustee until the earliest of that particular Debtor's or Reorganized Debtor's case being closed, dismissed, or converted to a case under chapter 7 of the Bankruptcy Code.

E.      *Reservation of Rights*

The Plan shall have no force or effect unless the Bankruptcy Court shall enter the Confirmation Order.  None of the Filing of the Plan, any statement or provision contained in the Plan, or the taking of any action by any Debtor with respect to the Plan, the Disclosure Statement, or the Plan Supplement shall be or shall be deemed to be an admission or waiver of any rights of any Debtor with respect to the Holders of Claims or Interests prior to the Effective Date.

F.      *Successors and Assigns*

The rights, benefits, and obligations of any Entity named or referred to in the Plan shall be binding on, and shall inure to the benefit of any heir, executor, administrator, successor or assign, Affiliate, officer, director, agent, representative, attorney, beneficiaries, or guardian, if any, of each Entity.

G.      *Service of Documents*

58

After the Effective Date, any pleading, notice, or other document required by the Plan to be served on or delivered to the Reorganized Debtors shall be served on:

|  |  |
|---|---|
| **Reorganized Debtors** | **Whiting Petroleum Corporation**<br>1700 Lincoln Street, Suite 4700<br>Denver, Colorado 80203<br>Attn:　Bruce R. DeBoer<br>　　　(bruced@whiting.com) |

with copies to:

|  |  |
|---|---|
| **Counsel to Debtors** | **Kirkland & Ellis LLP**<br>609 Main Street<br>Houston, Texas 77002<br>Attn:　Brian Schartz, P.C.<br>　　　(brian.schartz@kirkland.com)<br>　　　Anna Rotman, P.C.<br>　　　(anna.rotman@kirkland.com) |

**-and-**

**Kirkland & Ellis LLP**
601 Lexington Avenue
New York, New York 10022
Attn:　Stephen Hessler, P.C.
　　　(stephen.hessler@kirkland.com)

-and-

**Kirkland & Ellis LLP**
300 North LaSalle
Chicago, Illinois 60654
Attn:　Gregory F. Pesce
　　　(gregory.pesce@kirkland.com)

-and-

**Jackson Walker L.L.P.**
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Attn:　Matthew D. Cavenaugh
　　　(mcavenough@jw.com)
　　　Jennifer F. Wertz
　　　(jwertz@jw.com)
　　　Veronica A. Polnick
　　　(vpolnick@jw.com)

|  |  |
|---|---|
| **Counsel to the RBL Agent** | **Simpson Thacher & Bartlett LLP**<br>425 Lexington Avenue<br>New York, New York 10017<br>Attn:　Sandeep Qusba, Esq.<br>　　　(squsba@stblaw.com)<br>　　　Kathrine A. McLendon, Esq.<br>　　　(kmclendon@stblaw.com) |

| **Counsel to the Consenting Creditors** | **Paul, Weiss, Rifkind, Wharton & Garrison LLP**<br>1285 Avenue of the Americas<br>New York, New York 10019 |
|---|---|
| | Attn: Andrew N. Rosenberg<br>(arosenberg@paulweiss.com)<br>Alice Belisle Eaton<br>(aeaton@paulweiss.com)<br>Michael M. Turkel<br>(mturkel@paulweiss.com)<br>Omid Rahnama<br>(orahnama@paulweiss.com) |

-and-

**Porter Hedges LLP**
1000 Main Street, 36th Floor
Houston, Texas 77002
Attn:    John F. Higgins
        (jhiggins@porterhedges.com)
        Eric M. English
        (eenglish@porterhedges.com)
        Genevieve M. Graham
        (ggraham@porterhedges.com)

**Counsel to the Creditors' Committee**

**Pachulski Stang Ziehl & Jones LLP**
780 Third Avenue, 34th Floor
New York, New York 10017
Attn:    Robert J. Feinstein
        (rfeinstein@pszjlaw.com)

-and-

**Pachulski Stang Ziehl & Jones LLP**
10110 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90667
Attn:    Jeffrey N. Pomerantz
        (jpomerantz@pszjlaw.com)

H.    *Term of Injunctions or Stays*

**Unless otherwise provided herein or in the Confirmation Order, all injunctions or stays in effect in the Chapter 11 Cases (pursuant to sections 105 or 362 of the Bankruptcy Code or any order of the Bankruptcy Court) and existing on the Confirmation Date (excluding any injunctions or stays contained in the Plan or the Confirmation Order) shall remain in full force and effect until the Effective Date. All injunctions or stays contained in the Plan or the Confirmation Order shall remain in full force and effect in accordance with their terms.**

I.    *Entire Agreement*

Except as otherwise indicated, the Plan supersedes all previous and contemporaneous negotiations, promises, covenants, agreements, understandings, and representations on such subjects, all of which have become merged and integrated into the Plan.

J.    *Plan Supplement*

All exhibits and documents included in the Plan Supplement are incorporated into and are a part of the Plan as if set forth in full in the Plan.  After any of such documents included in the Plan Supplement are Filed, copies of such documents shall be made available upon written request to the Debtors' counsel at the address above or by downloading such exhibits and documents from the Solicitation Agent's website at https://cases.stretto.com/whitingpetroleum or the Bankruptcy Court's website at https://www.pacer.gov/.

K.      *Non-Severability*

If, prior to Confirmation, the Bankruptcy Court holds any term or provision of the Plan to be invalid, void, or unenforceable, the Bankruptcy Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration, or interpretation, the remainder of the terms and provisions of the Plan will remain in full force and effect and will in no way be affected, impaired, or invalidated by such holding, alteration, or interpretation.  The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is:  (1) valid and enforceable pursuant to its terms; (2) integral to the Plan and may not be deleted or modified without the consent of the Debtors and the consent of the Requisite Creditors (such consent not to be unreasonably withheld); and (3) non-severable and mutually dependent.

L.      *Votes Solicited in Good Faith*

Upon entry of the Confirmation Order, the Debtors will be deemed to have solicited votes on the Plan in good faith and in compliance with the Bankruptcy Code, and pursuant to section 1125(e) of the Bankruptcy Code, the Debtors and each of the Supporting Noteholders and each of their respective Affiliates, agents, representatives, members, principals, equity holders (regardless of whether such interests are held directly or indirectly), officers, directors, managers, employees, advisors, and attorneys will be deemed to have participated in good faith and in compliance with the Bankruptcy Code in the offer, issuance, sale, and purchase of Securities offered and sold under the Plan, and, therefore, neither any of such parties or individuals or the Reorganized Debtors will have any liability for the violation of any applicable law, rule, or regulation governing the solicitation of votes on the Plan or the offer, issuance, sale, or purchase of the Securities offered and sold under the Plan.

M.      *Waiver or Estoppel*

Each Holder of a Claim or an Interest shall be deemed to have waived any right to assert any argument, including the right to argue that its Claim or Interest should be Allowed in a certain amount, in a certain priority, Secured or not subordinated by virtue of an agreement made with the Debtors or their counsel, or any other Entity, if such agreement was not disclosed in the Plan, the Disclosure Statement, the Restructuring Support Agreement, or papers Filed with the Bankruptcy Court prior to the Confirmation Date.

62

Dated:  June 30, 2020

Whiting Petroleum Corporation
on behalf of itself and all other Debtors


By: */s/ Jeffrey S. Stein*
Name:  Jeffrey S. Stein
Title:  Chief Restructuring Officer

*Execution Version*

<u>EXHIBIT B</u>

Senior Secured Reserve-Based Exit Revolving Credit Facility
<u>Summary of Terms and Conditions</u>

Set forth below is a summary of the principal terms and conditions for the RBL Facility (the "<u>RBL Facility Term Sheet</u>").  Capitalized terms used but not defined shall have the meanings set forth in the Commitment Letter to which this <u>Exhibit B</u> is attached and in Exhibit C thereto.

## 1.  PARTIES AND CERTAIN DEFINITIONS

| | |
|---|---|
| Borrower: | Whiting Oil and Gas Corporation, a Delaware corporation, as reorganized pursuant to the Plan (the "<u>Borrower</u>"). |
| Guarantors: | Each of (a) Whiting Petroleum Corporation, a Delaware corporation, as reorganized pursuant to the Plan (the "<u>Parent Guarantor</u>") and (b) direct and indirect, existing and future, material wholly-owned domestic restricted subsidiaries of the Borrower (collectively, <u>clauses (a)</u> and <u>(b)</u>, the "<u>Guarantors</u>"; and together with the Borrower, the "<u>Loan Parties</u>"); <u>provided</u> that any subsidiary that (a) owns any Borrowing Base Properties (as defined below) or (b) incurs or guarantees any obligations under any Specified Additional Debt (as defined below) or other material indebtedness shall, in each case, be a Guarantor. |
| Joint Lead Arrangers and Bookrunners: | JPMorgan Chase Bank, N.A. ("<u>JPMorgan</u>"), Bank of America, N.A., Wells Fargo Bank, National Association and Capital One, National Association (collectively, in such capacities, the "<u>Lead Arrangers</u>"). |
| Administrative Agent: | JPMorgan (in such capacity, the "<u>Administrative Agent</u>"). |
| Lenders: | A syndicate consisting of banks, financial institutions and other entities identified by the Lead Arrangers that are reasonably acceptable to the Borrower (collectively, the "<u>Lenders</u>"). |
| Majority Lenders: | Lenders holding more than 50.0% of the aggregate amount of the Loans and participations in Letters of Credit and unused Revolving Loan Limit (the "<u>Majority Lenders</u>"). |
| Required Lenders: | Lenders holding not less than 66.67% of the aggregate amount of the Loans and participations in Letters of Credit and unused Revolving Loan Limit (the "<u>Required Lenders</u>"). |

## 2.  TYPE AND AMOUNT OF FACILITIES

| | |
|---|---|
| RBL Facility: | A senior secured borrowing base revolving credit facility (the "<u>RBL Facility</u>"; the loans thereunder, the "<u>Loans</u>") in an initial aggregate principal amount of $1.50 billion (the "<u>Aggregate</u> |

Maximum Credit Amount"), subject to the Borrowing Base (as defined below) then in effect.

The "Elected Commitment Amount" means, on the Closing Date, an amount equal to $750.0 million.   After the Closing Date, subject to conditions, notices and minimum amounts to be agreed, the Borrower may elect to (a) decrease the Elected Commitment Amount from time to time or (b) increase the Elected Commitment Amount up to the lesser of (i) the full amount of the Borrowing Base then in effect and (ii) the Aggregate Maximum Credit Amount at such time, subject to, at the Borrower's election, either (x) obtaining increased commitments from one or more existing Lenders on a pro rata or non-pro rata basis (with each such existing Lender being entitled to agree or decline in its sole discretion) and/or (y) obtaining commitments from additional Lenders that are acceptable to the Borrower, the Administrative Agent and each Issuing Bank (any such Lenders described in (x) or (y), the "Increased Lenders")  (for the avoidance of doubt, only the consent of the Borrower, the Administrative Agent, each Issuing Bank and the applicable Increased Lender shall be required to give effect to an increase in the Elected Commitment Amount with respect to such Increased Lender).

| | |
|---|---|
| Maturity Date: | April 1, 2024 (the "Maturity Date"). |
| RBL Facility Availability: | Subject to the Borrowing Base then in effect, the RBL Facility shall be available on a revolving basis during the period commencing on the Closing Date (as defined below) and ending on the Maturity Date in accordance with the terms hereof and subject to satisfaction of applicable conditions precedent. |

Availability under the RBL Facility (the "Revolving Loan Limit") will be equal to the least of (a) the then-effective Aggregate Maximum Credit Amount, (b) the then-effective Borrowing Base and (c) the then-effective aggregate Elected Commitment Amount.

| | |
|---|---|
| Amortization: | None. |
| Borrowing Base: | The "Borrowing Base" shall be the loan value assigned to the proved reserves attributable to the Loan Parties' oil and gas properties evaluated in the reserve report(s) most recently delivered to the Administrative Agent and the Lenders (such properties, the "Borrowing Base Properties"). |

The Borrowing Base will be redetermined on a semi-annual basis, with the parties having the right to interim unscheduled redeterminations as described below.  The Borrowing Base will also be subject to interim adjustments in connection with (w) certain sales of Borrowing Base Properties, (x) hedging agreement

B-2

509265-1643-15352-Active.35336665.11

unwinds (solely to the extent such hedges were relied upon in setting the Borrowing Base), (y) issuances of unsecured senior or senior subordinated notes and certain other permitted unsecured debt for borrowed money, in each case under this clause (y), other than Permitted Refinancing Debt (to be defined in a manner consistent with the Documentation Principles) in respect thereof ("Specified Additional Debt") (at a reduction rate of $0.25 for each $1.00 principal amount of such Specified Additional Debt) after the Closing Date and (z) title defects. Any interim adjustment of the Borrowing Base in connection with the sales of Borrowing Base Properties or hedging agreement unwinds shall be (a) triggered upon such sales and unwinds since the most recent redetermination of the Borrowing Base with an aggregate PV-9 or swap PV, as applicable, in excess of 5% of the then-effective Borrowing Base and (b) calculated giving effect to (i) any acquisitions of assets for which a reasonably acceptable reserve report has been delivered to the Administrative Agent or (ii) new hedging agreements permitted by the Loan Documents (it being understood, for the avoidance of doubt, that the swap PV of such new hedging agreements shall be determined by the Administrative Agent in a manner consistent with this "Borrowing Base" section), in each case, acquired or entered into, as applicable, since the last redetermination of the Borrowing Base.

As of the Closing Date, the initial Borrowing Base shall be equal to $750.0 million. Thereafter, scheduled Borrowing Base redeterminations will be on a semi-annual basis each April 1st and October 1st, commencing April 1, 2021, based upon a Reserve Report prepared as of the immediately preceding January 1st and July 1st, respectively. The January 1st reserve report shall be delivered by March 1st of each year and the July 1st reserve report shall be delivered by September 1st of each year. The January 1st reserve report will be prepared by (a) Netherland, Sewell & Associates, Inc., (b) Ryder Scott Company Petroleum Consultants, L.P., (c) Cawley, Gillespie & Associates, Inc. or (d) any other independent petroleum engineers reasonably acceptable to the Administrative Agent (the "Approved Engineers"), and the July 1st reserve report will be prepared either by an Approved Engineer, or, at the Borrower's option, internally by or under the supervision of the chief engineer of the Borrower, who shall certify such reserve report to be true and accurate in all material respects and to have been prepared in all material respects in accordance with the procedures used in the immediately preceding the January 1st reserve report.

The Borrowing Base will be proposed by the Administrative Agent and decisions regarding the amount of the Borrowing Base will be made at the sole credit discretion of the Lenders, in each case, in a manner consistent with their respective then-applicable oil and gas lending criteria. Increases in the amount of the Borrowing Base will require approval of all Lenders, and

B-3

decreases or maintenance of the amount of the Borrowing Base will require approval of the Required Lenders.

The Borrower or the Administrative Agent, at the request of the Required Lenders, may each request one (1) additional unscheduled Borrowing Base redetermination during any six (6) month period between scheduled Borrowing Base redeterminations; provided, that no request for an unscheduled Borrowing Base redetermination may be made by the Borrower, the Administrative Agent or the Lenders prior to the first scheduled Borrowing Base redetermination.

"PV-9" shall mean, with respect to any proved reserves expected to be produced from any Borrowing Base Properties, the net present value, discounted at 9% per annum, of the future net revenues expected to accrue to the Loan Parties' collective interests in such reserves during the remaining expected economic lives of such reserves, calculated in accordance with the price deck (the "Bank Price Deck", which term shall be defined in a manner to be mutually agreed in the Loan Documents) provided to the Borrower by the Administrative Agent pursuant to the Loan Documents (as defined below).

Letters of Credit:                A portion of the RBL Facility in an amount equal to $50.0 million shall be available for the issuance of letters of credit (the "Letters of Credit") by JPMorgan or by other Lenders reasonably satisfactory to the Borrower (in such capacity, the "Issuing Lenders"). No Letter of Credit shall have an expiration date after the earlier of (a) one (1) year after the date of issuance unless consented to by the applicable Issuing Lender and (b) five (5) business days prior to the Maturity Date, provided that any Letter of Credit with a one-year tenor may provide for the renewal thereof for additional one-year periods (which shall in no event extend beyond the date referred to in clause (b) above). On the Closing Date, each letter of credit issued under the Existing RBL Credit Agreement (the "Existing Letters of Credit") will be deemed to be issued as a Letter of Credit under the RBL Facility.

Drawings under any Letter of Credit shall be reimbursed by the Borrower (whether with its own funds or with the proceeds of Loans) within one (1) business day. To the extent that the Borrower does not so reimburse the applicable Issuing Lender, the Lenders shall be irrevocably and unconditionally obligated to fund participations in the reimbursement obligations on a *pro rata* basis.

Use of Proceeds:                The proceeds of the Loans (together with other proceeds available to the Borrower on the Closing Date) shall be used by the Borrower (a) for working capital and other general corporate purposes, (b) to issue Letters of Credit (including deeming the Existing Letters of Credit issued under the RBL Facility on the

B-4

509265-1643-15352-Active.35336665.11

Closing Date), (c) together with cash on hand, to refinance and replace a portion of the outstanding obligations under the Existing RBL Credit Agreement in an amount equal to $330.0 million, (d) for transactions fees and expenses and (e) for fees and expenses related to the Borrower's emergence from the Chapter 11 Cases. The Borrower will not use any proceeds for (i) the purpose of purchasing or carrying directly or indirectly any margin stock or for any other purpose which would cause this transaction to constitute a "purpose credit" within the meaning of Regulation U or (ii) in violation of any Anti-Corruption Laws or applicable Sanctions (in each case to be defined in the Loan Documents).

3.  CERTAIN PAYMENT PROVISIONS

Fees and Interest Rates:

As set forth on Annex I.

Optional Prepayments and
Commitment Reductions:

Loans may be prepaid and the Elected Commitment Amount may be reduced, in whole or in part without premium or penalty, except as noted below, in minimum amounts to be agreed, at the option of the Borrower at any time upon one (1) day's (or, in the case of a prepayment of Eurodollar Loans (as defined in Annex I hereto), three (3) days') prior notice, subject to reimbursement of the Lenders' breakage costs in the case of a prepayment of Eurodollar Loans prior to the last day of the relevant interest period.

Mandatory Prepayments:

Mandatory prepayments of Loans will be required as follows:

(a)      If, after giving effect to any termination or reduction of any or all of the Aggregate Maximum Credit Amount or Elected Commitment Amount, outstanding Loans and Letters of Credit exceed the Revolving Loan Limit then in effect, the Borrower shall prepay the Loans on the date of such reduction or termination in an aggregate principal amount equal to such excess. If any excess remains after prepayment of all outstanding Loans as a result of Letter of Credit exposure, the Borrower will be required to cash collateralize Letters of Credit in an amount equal to such excess.

(b)      If, at the time of or as a result of an adjustment of the Borrowing Base for a disposition of Borrowing Base Properties, an unwind or termination of a hedging agreement, or an incurrence of Specified Additional Debt, in each case, as described above, the sum of outstanding Loans and Letters of Credit exceeds the Borrowing Base then in effect, a deficiency shall exist (a "Borrowing Base Deficiency"), then within one (1) business day of receipt of net cash proceeds from such asset disposition, unwind or termination of a hedging agreement, or incurrence of Specified Additional Debt, as applicable, the Borrower will be required to prepay the Loans in an amount equal to such Borrowing Base Deficiency, and if any Borrowing Base Deficiency remains after

B-5

prepaying all of the Loans as a result of outstanding Letters of Credit, cash collateralize such excess.

(c)    If a Borrowing Base Deficiency results from a scheduled or interim redetermination or any adjustment to the Borrowing Base not described in clause (b) above, the Borrower shall, within ten (10) business days after written notice from the Administrative Agent to the Borrower of such Borrowing Base Deficiency, notify the Administrative Agent that it intends to take one or more of the following actions (provided that if the Borrower fails to elect any of the following actions within ten (10) business days of such notice it shall be deemed to have elected option (iii) hereof):

(i) within thirty (30) days after such notice, provide additional Borrowing Base Properties that are reasonably acceptable to the Administrative Agent with a Borrowing Base value (proposed by the Administrative Agent and approved by the Required Lenders) that is sufficient to eliminate such Borrowing Base Deficiency and, in each case, that are subject to a first-priority perfected lien in favor of the Administrative Agent;

(ii) within thirty (30) days after such notice, prepay the Loans in an amount sufficient to eliminate such Borrowing Base Deficiency;

(iii) prepay Loans in an amount sufficient to eliminate such Borrowing Base deficiency in five (5) equal monthly installments with interest beginning on the 30th day after such notice (as such Borrowing Base Deficiency may be reduced or increased during such five-month period as a result of a Borrowing Base redetermination or other adjustment of the Borrowing Base described herein).  Repayments shall first be applied to repayment of Loans, then to act as cash collateral for Letters of Credit; or

(iv) a combination of the foregoing options (i), (ii) and (iii) sufficient to eliminate such Borrowing Base Deficiency;

provided that any such Borrowing Base Deficiency must be eliminated on or prior to the earlier of the Maturity Date and the date the Aggregate Maximum Credit Amount and Elected Commitment Amount otherwise terminate.

(d)    If, at the end of any Wednesday (or if such day is not a business day, the immediately succeeding business day) (each such date, an "Excess Cash Test Date"), (a) Loans are outstanding under the RBL Facility and (b) the positive difference, if any, between (i) the Consolidated Cash Balance (as defined below) and (ii) Excluded Cash (as defined below) (any such positive difference, "Excess Cash") exceeds $75.0 million (the "Excess Cash Threshold"), then the Borrower shall, on the next business day, prepay the Loans in an aggregate principal amount equal to

B-6

such excess, and if any excess remains after prepaying all of the Loans as a result of any Letter of Credit exposure, cash collateralize the Letters of Credit in an amount equal to such excess. No mandatory prepayment under this clause (d) shall require the payment of breakage fees in connection therewith. If at the end of any Excess Cash Test Date (x) Loans are outstanding under the RBL Facility and (y) the Consolidated Cash Balance on such Excess Cash Test Date is greater than or equal to 75% of the Excess Cash Threshold, then the Borrower shall provide on the immediately following business day to the Administrative Agent a certificate of a financial officer certifying to the calculation of the Consolidated Cash Balance and Excluded Cash as of such Excess Cash Test Date (and attaching summary bank statements in support thereof).

"Consolidated Cash Balance" means, as of any date of determination, the aggregate amount of all (a) cash, (b) cash equivalents and (c) any other marketable securities, treasury bonds and bills, certificates of deposit, investments in money market funds and commercial paper, in each case, held or owned by (either directly or indirectly), credited to the account of or that would otherwise be required to be reflected as an asset on the balance sheet of, the Parent Guarantor, the Borrower or any restricted subsidiary as of such date.

"Excluded Cash" means, as of any date of determination, (a) any amounts in an Excluded Account (as defined below) other than any Excluded Account described in clause (b) of the definition thereof, (b) any amounts held in cash collateral accounts in respect of obligations owing by any Loan Party to a third party in an aggregate amount not to exceed $1.0 million, (c) any cash collateral required to cash collateralize any Letter of Credit, (d) any cash or cash equivalents constituting purchase price deposits held in escrow by an unaffiliated third party pursuant to a binding and enforceable purchase and sale agreement with an unaffiliated third party containing customary provisions regarding the payment and refunding of such deposits, (e) any cash or cash equivalents for which any Loan Party has, in the ordinary course of business, issued checks or initiated wires or ACH transfers (or, in the case of cash or cash equivalents that will be used to pay royalty obligations, working interest obligations, suspense payments, severance taxes, payroll or other taxes, lease rental payments and other customary general and administrative expenses, will issue checks or initiate wires or ACH transfers within five (5) business days in respect of amounts due and owing) in order to utilize such cash or cash equivalents and (f) without duplication of amounts described in clause (d), any proceeds of a borrowing of Loans to be used by a Loan Party within two (2) Business Days thereafter to pay the purchase price for property to be acquired by such Loan Party pursuant to a binding and enforceable purchase and sale agreement with a third party or

B-7

other investments, in each case, permitted under the Loan Documents.

4. COLLATERAL

The Loan Parties will be obligated to provide the following collateral (collectively, the "Collateral"):

(a) Pledge by the Loan Parties of 100% of the stock of each domestic, material, wholly-owned, restricted subsidiary directly owned thereby (including a pledge by the Parent Guarantor of 100% of the stock of the Borrower).

(b) With respect to substantially all other assets of the Loan Parties (other than Excluded Assets (as defined below)), including cash, first priority, perfected liens and security interests (subject to permitted liens to be agreed) on such assets of the Loan Parties, including all deposit accounts, securities accounts and commodity accounts (other than Excluded Accounts) of the Loan Parties which accounts shall be subject to control agreements in form and substance reasonably satisfactory to the Administrative Agent to be delivered, (i) for accounts existing as of the Closing Date, within ten (10) business days of the Closing Date and (ii) for accounts established after the Closing Date, concurrently within thirty (30) days after establishment thereof (or such longer period as approved by the Administrative Agent in its sole discretion); provided that, (i) with respect to their oil and gas properties, the Loan Parties shall be required to deliver and maintain liens on not less than 90% of the total PV-9 of the Borrowing Base Properties and (ii) with respect to all other assets, the Loan Parties shall not be required to take any action to perfect a lien on any such assets securing the RBL Facility unless such perfection may be accomplished by (A) the filing of a UCC-1 financing statement or other equivalent filing, (B) delivery of certificates representing any pledged equity consisting of certificated securities, in each case, with appropriate endorsements or transfer powers, or (C) delivery of control agreements in respect of deposit accounts, commodity accounts and securities accounts (other than Excluded Accounts).

(c) Negative pledge on substantially all non-mortgaged assets of the Loan Parties (subject to permitted liens).

(d) Unconditional joint and several guarantees from the Borrower (with respect to obligations of the other Guarantors) and each Guarantor (with respect to

B-8

509265-1643-15352-Active.35336665.11

obligations for which the Borrower or another Guarantor is the primary obligor).

The secured and guaranteed obligations under the RBL Facility (the "Secured Obligations") shall include the obligations of the Loan Parties under (a) the RBL Facility, (b) hedging agreements that are entered into (x) prior to the Closing Date, with counterparties that become Lenders or affiliates of Lenders and (y) with counterparties that are Lenders or affiliates of Lenders at the time of the execution thereof and (c) treasury management agreements that are entered into (x) prior to the Closing Date, with counterparties that become Lenders or affiliates of Lenders and (y) with counterparties that are Lenders or affiliates of Lenders at the time of the execution thereof.

"Excluded Assets" means (a) intellectual property and licenses, including any United States "intent to use" trademark applications for which a statement of use has not been filed, in relation to which any applicable law, or any agreement with a domain name registrar or any other person entered into by any grantor, prohibits the creation of a security interest therein or would otherwise invalidate or result in the abandonment of any of such grantor's right, title or interest therein, (b) any of such Loan Party's rights or interests in or under any property or assets to the extent that, and only for so long as, such grant of a security interest (i) is prohibited by any governmental requirement of a governmental authority with jurisdiction over such property, (ii) requires a consent not obtained of a governmental authority with jurisdiction over such property that is required pursuant to any governmental requirement or (iii) is prohibited by, or constitutes a breach or default under or results in the termination of or requires any consent not obtained under, any contract, license, agreement, instrument or other document, in each case, that directly evidences or gives rise to such property; provided that any of the foregoing exclusions shall not apply if (A) such prohibition has been waived or such other party has otherwise consented to the creation hereunder of a security interest in such asset or (B) such prohibition, consent or the term in such contract, license, agreement, instrument or other document or providing for such prohibition breach, default or termination or requiring such consent is ineffective or would be rendered ineffective under any governmental requirement, including pursuant to Section 9-406, 9-407 or 9-408 of Article 9 of the UCC; provided further that it is understood for avoidance of doubt that immediately upon any of the foregoing becoming or being rendered ineffective or any such prohibition, requirement for consent or term lapsing or termination or such consent being obtained, the applicable Loan Party shall be deemed to have granted a lien in all its rights, title and interests in and to such property, (d) any of such Loan Party's rights or interests in or under any property or assets to the extent that, and only for so long as, such grant of a security interest will

B-9

result in material and adverse tax consequences to the Parent Guarantor, the Borrower or any of its subsidiary, in each case as reasonably determined by the Borrower in good faith, (e) any motor vehicle and other vehicles subject to certificates of title (except to the extent the security interest in such assets can be perfected by the filing of a UCC-1 financing statement), (f) letter of credit rights (except to the extent the security interest in such assets can be perfected by the filing of a UCC-1 financing statement), (f) margin stock, (g) any building or manufactured (mobile) home located within an area having special flood hazards and in which flood insurance is available under the National Flood Insurance Act of 1968, (h) any consumer goods, (i) any Excluded Accounts, (j) equity interests of Excluded Subsidiaries, and (k) those assets of a Loan Party with respect to which, in the reasonable discretion of the Administrative Agent, the burdens, costs or consequences of obtaining a lien on such assets are excessive in view of the benefits to be obtained by the Lenders and other secured parties.

"Excluded Account" means (a) any deposit account that is a zero balance account or a deposit account for which the balance of such deposit account is transferred at the end of each date to a deposit account that is not an Excluded Account, (b) any deposit account, commodity account or securities account so long as the average daily maximum balance in each such account, individually, does not exceed $2.0 million over any 30-day period and the aggregate daily maximum balance of all such deposit accounts, commodity accounts and securities accounts does not at any time exceed $5.0 million, (c) any other deposit accounts exclusively used for trust, payroll, payroll taxes and other employee wage and benefit payments to or for the benefit of any employees of the Loan Parties, (d) fiduciary accounts, (e) trust and suspense accounts of any Loan Party used for payments of royalty, working interest and similar obligations, (f) accounts consisting of cash collateral for Letters of Credit and (g) the Professional Fee Escrow Account (as defined in the Plan).

"Excluded Subsidiary" means (a) any restricted subsidiary that is not a material, wholly-owned subsidiary, (b) any unrestricted subsidiary, (c) each subsidiary that is prohibited by (i) any applicable contractual obligation existing on the Closing Date (other than customary non-assignment provisions that are ineffective under the UCC or other applicable law or any term, covenant, condition or provision that could be waived by the Borrower or its affiliates and only to the extent such contractual obligation was not entered into in contemplation of such subsidiary becoming a subsidiary or a restricted subsidiary) or (ii) such subsidiary's organizational documents or any applicable law, rule or regulation, in each case, from guaranteeing or granting liens to secure the obligations at the time such subsidiary becomes a restricted subsidiary (and for so long as such restriction or any

B-10

replacement or renewal thereof is in effect) or such guarantee or grant of liens to secure the obligations at the time such subsidiary becomes a restricted subsidiary would require a consent, approval, license or authorization of a governmental authority (unless such consent, approval, license or authorization has been received and only for so long as such restriction is outstanding), and (d) any other subsidiary with respect to which, (i) in the reasonable judgment of the Administrative Agent, the cost or other consequences of providing a guarantee of the obligations shall be excessive in view of the benefits to be obtained by the Lenders therefrom or (ii) providing such a guarantee would result in material adverse tax consequences as reasonably determined by the Borrower in good faith.

On the Closing Date, the Loan Parties will also deliver acceptable evidence of title on not less than 90% of the total PV-9 of the Borrowing Base Properties.

## 5. CERTAIN CONDITIONS

Initial Conditions:

The effectiveness and availability of the RBL Facility on the Closing Date will be subject to the conditions precedent set forth in the Commitment Letter, including Exhibit C attached thereto (such requirements collectively, the "Initial Conditions").

On-Going Conditions:

After the Closing Date, the making of each Loan and the issuance of each Letter of Credit shall be conditioned upon (a) the accuracy in all material respects (and in all respects if qualified by materiality) of all representations and warranties in the Loan Documents, (b) there being no default or event of default in existence at the time of, or after giving effect to, such extension of credit, and (c) at the time of, and immediately after giving effect to such extension of credit, Excess Cash does not exceed the Excess Cash Threshold.

"Closing Date" shall mean the date of the satisfaction or waiver of the Initial Conditions and the initial funding of the RBL Facility.

## 6. DOCUMENTATION

Documentation:

The definitive documentation for the RBL Facility (the "Loan Documents") shall (a) contain those terms and conditions set forth in this RBL Facility Term Sheet, the Commitment Letter and the Fee Letters and shall otherwise contain terms and conditions that are usual and customary for reserve-based revolving exit credit facilities and transactions of this type as may be reasonably agreed by the Borrower, the Administrative Agent and the Lenders and (b) give due regard to (i) the Administrative Agent's required agency and other form provisions (including with respect to a replacement of the LIBO Rate), (ii) the Plan, (iii) the post-

B-11

509265-1643-15352-Active.35336665.11

bankruptcy business, operation and strategic requirements of the Loan Parties in light of their capitalization and size and (iv) any other modifications mutually agreed by the Borrower and the Administrative Agent.  In addition, the Loan Documents shall contain customary provisions relating to (i) European Union and U.K. bail-in, (ii) QFC stay rules, (iii) lender ERISA representations, (iv) divisions and (v) electronic signatures. The Loan Documents shall be initially drafted by counsel to the Lead Arrangers and the Administrative Agent. The provisions of this paragraph are herein referred to as the "Documentation Principles".

| | |
|---|---|
| Representations and Warranties: | To include, without limitation, the following  (to be applicable to the Parent Guarantor, the Borrower and its restricted subsidiaries and, in each case, subject to customary qualifiers as to materiality and Material Adverse Effect consistent with the Documentation Principles and such other modifications as may be mutually agreed): |

- Organization; Powers
- Authority; Enforceability
- Approvals; No Conflicts
- Financial Condition; No Material Adverse Change
- Litigation
- Environmental Matters
- Compliance with the Laws and Agreements; No Defaults
- Investment Company Act
- Taxes
- ERISA
- Disclosure; No Material Misstatements
- Insurance
- Restrictions on Liens
- Subsidiaries
- Properties; Titles, Etc.
- Gas imbalances, prepayments
- Marketing of production
- Hedging/Swap Agreements
- Use of Loans and Letters of Credit; Margin Regulations
- Location of offices
- Solvency
- Security Instruments
- Patriot Act, Anti-Money Laundering and Sanctions, Affected Financial Institutions

| | |
|---|---|
| Affirmative Covenants: | To include, without limitation, the following  (to be applicable to the Parent Guarantor, the Borrower and its restricted subsidiaries and, in each case, subject to customary qualifiers as to materiality and Material Adverse Effect consistent with the Documentation Principles and such other modifications as may be mutually agreed): |

B-12

509265-1643-15352-Active.35336665.11

- Financial Statements(annual financial statements to be delivered within one hundred five (105) days after the end of each fiscal year of the Parent Guarantor (such annual financial statements to be accompanied by an audit opinion from nationally recognized auditors that is not subject to qualification as to "going concern" or the scope of such audit other than solely with respect to, or resulting solely from, an upcoming maturity date under the Revolving Facility occurring within one year from the time such opinion is delivered) and quarterly financial statements to be delivered within forty-five (45) days after the end of the first three (3) fiscal quarters of each fiscal year of the Parent Guarantor); Other Information (including (a) delivery of a 12-month cash flow and capital expenditure forecast in connection with each scheduled redetermination of the Borrowing Base and (b) delivery of LOS and production statements in connection with delivery of any Reserve Reports)
- Notices of Material Events
- Existence; Conduct of Business
- Payment and Performance of Obligations
- Operation and Maintenance of Properties
- Insurance
- Books and Records; Inspection Rights
- Compliance with Laws
- Environmental Matters
- Further Assurances
- Reserve Reports
- Title information on at least 90% of the total PV-9 of the Borrowing Base Properties
- Additional Collateral (including maintenance of first priority (subject to permitted liens) perfected liens in favor of the Administrative Agent on at least 90% of the total PV-9 of the Borrowing Base Properties)
- Rolling minimum hedging requirement (commencing on the Closing Date (or such later date as may be approved by the Administrative Agent in its sole discretion) (the "Required Hedge Deadline") and thereafter tested quarterly) requiring hedging contracts with one or more Approved Counterparties that have notional volumes of not less than (a) 65% of the projected production from the Borrower's and its restricted subsidiaries' total proved developed producing oil and natural gas reserves (based on the most recently delivered reserve report), calculated separately, for the immediately succeeding 12-month period and (b) 35% of the projected production from the Borrower's and its restricted subsidiaries' total proved developed producing oil and natural gas reserves (based on the most recently delivered reserve report), calculated separately, for the 12-month period immediately succeeding the 12-month period described in clause (a)

B-13

(collectively, the "Required Hedges") (it being understood and agreed that (i) such hedging contracts shall be at prices at or above prices to be mutually agreed in the Loan Documents (it being understood and agreed that such prices shall be based on the Bank Price Deck most recently delivered to the Borrower by the Administrative Agent) for the applicable period and (ii) credit towards the foregoing minimum hedging requirements for three-way hedging arrangements shall be determined in a manner to be mutually agreed in the Loan Documents); provided, that, if the Borrower reasonably determines that, after working in good faith with the applicable counterparties, the Lenders (and their affiliates) have insufficient aggregate capacity or are unwilling or otherwise fail or refuse to enter into the Required Hedges with one or more Loan Parties on commercially reasonable terms substantially consistent with terms available to other similarly situated borrowers in the oil and gas industry, then the Required Hedges shall be reduced solely to the extent necessary to reflect the maximum volumes for which the Lenders (and their respective affiliates) have sufficient aggregate capacity, willingness or otherwise agree to enter into such hedge agreements; provided, further, to the extent the Borrower is unable to finalize the Required Hedges by the Required Hedge Deadline after the use of commercially reasonably efforts, the Borrower shall have a thirty (30) day post-closing period (or such longer period as the Administrative Agent may reasonably agree) to enter into the Required Hedges.

"Approved Counterparty" means any Lender or any affiliate of a Lender and any other person if such person or its credit support provider has a long term senior unsecured debt rating of BBB+/Baa1 by S&P or Moody's (or their equivalent) or higher.

•    Additional Guarantors
•    ERISA
•    Patriot Act; Anti-Money Laundering and Sanctions
•    Unrestricted Subsidiaries
•    Maintenance of control agreements over deposit, securities and commodities accounts and locations of proceeds of Loans (violation of which will constitute an immediate Event of Default) (subject to exceptions to be mutually agreed). On and after the Closing Date, all deposit accounts, securities accounts and commodities accounts of the Loan Parties shall be held with a Lender.

| | |
|---|---|
| Financial Covenants: | Financial covenants applicable to the Loan Parties, in each case, tested quarterly with testing to commence on the last day of the |

B-14

first full fiscal quarter after the Closing Date (with financial definitions to be consistent with the Documentation Principles):

- Maximum consolidated total net funded debt (subject to a cap on cash netting equal to the Excess Cash Threshold) to EBITDAX (to include an addback for restructuring costs incurred through the date that is two (2) full fiscal quarters after the Closing Date related to the Chapter 11 Cases and the implementation of fresh start accounting and to be calculated on an annualized basis for the first three (3) full fiscal quarters after the Closing Date) (the "Consolidated Net Leverage Ratio") of 3.50 to 1.0.

- Minimum ratio of consolidated current assets of the Borrower and its consolidated subsidiaries (including the unused amount of the Revolving Loan Limit, but excluding non-cash assets under the equivalent of ASC 815 under GAAP) to consolidated current liabilities of the Borrower and its consolidated subsidiaries (excluding (i) non-cash obligations under the equivalent of ASC 815 under GAAP, (ii) current maturities under the RBL Facility and other maturities of long term indebtedness and (iii) ad valorem taxes owed by the Borrower, the Guarantors or any subsidiary) of 1.0 to 1.0.

| | |
|---|---|
| Negative Covenants: | To include, without limitation, the following (to be applicable to the Parent Guarantor, the Borrower and its restricted subsidiaries and, in each case, subject to customary qualifiers as to materiality and Material Adverse Effect consistent with the Documentation Principles and such other modifications as may be mutually agreed): |

- Debt, to include a basket for Specified Additional Debt in an aggregate principal amount not to exceed $400.0 million, subject to the following conditions: (a) no default, Event of Default or Borrowing Base Deficiency has occurred and is continuing at the time of such Specified Additional Debt incurrence or would result therefrom, (b) *pro forma* compliance, after giving effect to any such Specified Additional Debt issuance, with the current ratio financial covenant and a Consolidated Net Leverage Ratio of 3.0 to 1.0 (it being understood that the cash proceeds of such Specified Additional Debt (x) shall not be available for cash netting and (y) shall not constitute current assets for purposes of determining such compliance) and (c) reduction in the Borrowing Base in the manner described above (in the section titled "Borrowing Base").
- Liens
- Dividends, Distributions and Redemptions and repayment of junior debt, to include a general incurrence basket for

B-15

509265-1643-15352-Active.35336665.11

restricted payments and redemptions of Specified Additional Debt that is accessible only after the date that is 12 months after the Closing Date and subject to the following conditions: (a) no Event of Default or Borrowing Base Deficiency shall have occurred and be continuing after giving effect to such restricted payment or redemption of such junior debt, (b) availability on a *pro forma* basis of at least 20% of the then-effective Revolving Loan Limit, (c) *pro forma* compliance, after giving effect to any such restricted payment or redemption of such junior debt, with a Maximum Consolidated Net Leverage Ratio of not greater than 2.00 to 1.00 and (d) positive Free Cash Flow (to be defined in a manner to be agreed consistent with the Documentation Principles) for the 12-month period immediately preceding the date of such restricted payment or redemption of junior debt (clauses (a) through (d), collectively, the "Restricted Payment Conditions")

- Investments, including a general incurrence basket that is accessible only after the date that is twelve (12) months after the Closing Date and subject to the satisfaction of the Restricted Payment Conditions
- Nature of Business
- ERISA Compliance
- Environmental
- Mergers, Sales of all or substantially all assets, Etc. (to include baskets to allow for transactions permitted by the Plan)
- Asset Sales (including dispositions of Borrowing Base Properties or terminations of hedging agreements, which shall be permitted subject to (a) an adjustment of the Borrowing Base as provided for above in the second paragraph of the section entitled "Borrowing Base", (b) at least 75% of the consideration in respect of such disposition being in the form of cash or cash equivalents, (subject to exceptions for asset swaps and other customary exceptions) and (c) such disposition being for fair market value
- Transactions with Affiliates
- Negative Pledge Agreements; Restrictions on Provisions Precluding Subsidiary Distributions
- Maximum Hedging/Swap Agreements
- Subsidiaries
- Modifications and Amendments to Debt Documents (including debt documents in respect of any Specified Additional Debt)
- Sale or Discount of Receivables
- Use of Proceeds of Loans and Letters of Credit
- Designation of Restricted and Unrestricted Subsidiaries
- Anti-Terrorism Laws; Anti-Money Laundering

B-16

509265-1643-15352-Active.35336665.11

Events of Default:

To include, without limitation, the following: (a) nonpayment of principal when due; (b) nonpayment of interest, fees or other amounts after a three (3) business day grace period; (c) material inaccuracy of a representation or warranty when made (without duplication of materiality qualifiers); (d) violation of a covenant (subject, in the case of certain affirmative covenants, to a thirty (30) calendar day grace period commencing upon knowledge or receipt of notice thereof); (e) cross-default to material indebtedness; (f) bankruptcy events of the Parent Guarantor, the Borrower and restricted subsidiaries; (g) certain ERISA events; (h) material judgments; (i) actual or asserted invalidity of any Loan Document or non-perfection of any material security interest; and (j) a Change of Control (the definition of which is to be agreed).

Voting:

Amendments and waivers with respect to the Loan Documents shall require the approval of Majority Lenders, except that (a) the consent of each Lender directly and adversely affected thereby shall be required with respect to (i) reductions in the amount or extensions of the Maturity Date or the date for any scheduled date of payment or prepayment of principal (other than with respect to mandatory prepayments), (ii) reductions in the rate of interest or any fee or extensions of any due date thereof, (iii) increases in the amount or extensions of the expiry date of any Lender's portion of the Aggregate Maximum Credit Amount or Elected Commitment Amount and (iv) changes in the *pro rata* sharing provisions, (b) (x) increases to the Borrowing Base shall require the consent of each Lender and (y) with respect to reductions or reaffirmations of, waivers of an automatic reduction in, or postponement of a scheduled redetermination of the Borrowing Base, approval of the Required Lenders shall be required and (d) the consent of 100% of the Lenders shall be required with respect to (i) modifications of any of the voting percentages, (ii) releases of all or substantially all the collateral and (iii) except as may otherwise be permitted by the definitive documentation, releases of all or substantially all of the Guarantors. Notwithstanding the foregoing the Administrative Agent may (without the consent of the Lenders) enter into amendments or modifications to the Loan Documents in order to implement a LIBOR replacement rate in accordance with the terms thereof.

Any provision of the Loan Documents may be amended by an agreement in writing signed by the Administrative Agent and the Borrower to cure any immaterial ambiguity, omission, defect or inconsistency.

The Loan Documents shall contain customary provisions for replacing non-consenting Lenders in connection with amendments, Borrowing Base redeterminations and waivers requiring the consent of all Lenders directly affected thereby so long as the Majority Lenders shall have consented thereto.

509265-1643-15352-Active.35336665.11

Assignments and Participations:

The Lenders shall be permitted to assign all or a portion of their Loans and their portion of the Aggregate Maximum Credit Amount and Elected Commitment Amount with the consent, not to be unreasonably withheld, delayed or conditioned, of (a) the Borrower, unless (i) the assignee is a Lender, an affiliate of a Lender or an approved fund or (ii) a payment or insolvency Event of Default has occurred and is continuing; provided that the Borrower shall be deemed to have consented to any such assignment unless it shall object thereto by written notice to the Administrative Agent within ten (10) business days after having received notice thereof, (b) the Administrative Agent, unless the assignee is a Lender, an affiliate of a Lender or an approved fund and (c) the Issuing Lenders unless the assignee is a Lender, an affiliate of a Lender or an approved fund.

In the case of a partial assignment (other than to another Lender, an affiliate of a Lender or an approved fund), the minimum assignment amount shall be $1.0 million and, after giving effect thereto, the assigning Lender shall have a portion of the Elected Commitment Amount and Loans aggregating at least $1.0 million, in each case unless otherwise agreed by the Borrower and the Administrative Agent.  The Administrative Agent shall receive a processing and recordation fee of $3,500 in connection with each assignment.   The Lenders shall also be permitted to sell participations in their Loans.  Participants shall have the same benefits as the selling Lenders with respect to yield protection and increased cost provisions, subject to customary limitations. Voting rights of a participant shall be limited to those matters set forth in clause (a) of the Section titled "Voting" with respect to which the affirmative vote of the Lender from which it purchased its participation would be required.   Pledges of Loans in accordance with applicable law shall be permitted without restriction.   Promissory notes under the RBL Facility shall be issued only upon request. No assignments or participations shall be permitted to be made to (i) the Borrower or any of its affiliates, (ii) natural persons, (iii) a defaulting Lender or an affiliate thereof or (iv) Industry Competitors (to be defined in the Loan Documents in a manner to be agreed, which definition shall in any event (x) exclude any commercial banks that own equity interests in any person that constitutes an Industry Competitor and (y) be limited to oil and gas companies that are direct competitors of, and have primary oil and gas exploration and production operations within the same geographical basins as, the Borrower).

Yield Protection:

The Loan Documents shall contain customary provisions (a) protecting the Lenders against increased costs or loss of yield resulting from changes in reserve, tax, capital adequacy, liquidity or other requirements of law, and from the imposition of or changes in withholding or other taxes (including reflecting that both (x) the Dodd-Frank Wall Street Reform and Consumer

B-18

Protection Act and all requests, rules, guidelines, requirements and directives thereunder, issued in connection therewith or in implementation thereof and (y) all requests, rules, guidelines, requirements and directives promulgated by the Bank for International Settlements, the Basel Committee on Banking Supervision (or any successor or similar authority) or the United States or foreign regulatory authorities, in each case pursuant to Basel III shall, in the case of each of the foregoing clause (x) and clause (y), be deemed to be a change in law after the Closing Date regardless of the date enacted, adopted or issued) and (b) indemnifying the Lenders for "breakage costs" incurred in connection with, among other things, any prepayment of a Eurodollar Loan on a day other than the last day of an interest period with respect thereto.

| | |
|---|---|
| Defaulting Lenders: | The Loan Documents shall contain provisions relating to "defaulting" Lenders (including provisions relating to cash collateral requirements for such Lender; reallocation of participations in, or the Borrower providing cash collateral to support Letters of Credit; suspension of voting rights and rights to receive certain fees and other payments; and termination or assignment of the portion of the Aggregate Maximum Credit Amount and Elected Commitment Amount or Loans of such defaulting Lenders).  Defaulting Lenders will not be entitled to receive commitment or letter of credit fees. |
| Expenses and Indemnification: | Regardless of whether the Closing Date occurs, the Borrower shall pay (a) all reasonable and documented out-of-pocket expenses of the Administrative Agent and the Lead Arrangers associated with the syndication of the RBL Facility and the preparation, execution, delivery and administration of the Loan Documents and any amendment or waiver with respect thereto (including the reasonable and documented fees, disbursements and other charges of one outside counsel to the Administrative Agent and the Lead Arrangers taken as a whole and, if necessary, of one local counsel in any relevant material jurisdiction), (b)  all reasonable and documented out-of-pocket costs, expenses, taxes, assessments and other charges incurred by the Administrative Agent or any Lender in connection with any filing, registration, recording or perfection of any security interest contemplated by the RBL Facility or any security instrument and (c) all reasonable and documented out-of-pocket expenses of the Administrative Agent, the Issuing Lenders and, upon the occurrence of any Event of Default, the RBL Lenders (including the reasonable and documented fees, disbursements and other charges of counsel to the Administrative Agent, Issuing Lenders and the Lenders) in connection with the enforcement or protection of its rights of the Loan Documents. |

The Administrative Agent, the Lead Arrangers and the Lenders (and their affiliates and their respective officers, directors, employees, advisors, agents and other representatives) will be

B-19

509265-1643-15352-Active.35336665.11

indemnified and held harmless against, any losses, claims, damages, liabilities or expenses (including the reasonable and documented fees, disbursements and other charges of one outside counsel to all indemnified persons taken as a whole and, solely in the case of an actual or perceived conflict of interest, one additional outside counsel to all affected indemnified persons similarly situated taken as a whole in each relevant material jurisdiction) incurred in respect of the transactions and the financing contemplated hereby or the use of proceeds thereof and any claim, litigation, investigation or proceeding relating to any of the foregoing, except, in each case, to the extent they are found by a final, nonappealable judgment of a court of competent jurisdiction to arise (i) from the gross negligence or willful misconduct of the relevant indemnified person (or its related parties), (ii) breach of such indemnified party's obligations or (iii) disputes solely among indemnified parties.

Governing Law and Forum:         New York.

Counsel to the Lead Arrangers
and the Administrative Agent:     Simpson Thacher & Bartlett LLP.

B-20

509265-1643-15352-Active.35336665.11

Annex I to Exhibit B

**INTEREST AND CERTAIN FEES**

Interest Rate Options:

The Borrower may elect that the Loans comprising each borrowing bear interest at a rate per annum equal to (a) the ABR *plus* the Applicable Margin or (b) the Eurodollar Rate, *plus* the Applicable Margin.

As used herein:

"ABR" means the highest of (i) the rate of interest the rate of interest published by the Wall Street Journal as the prime rate (the "Prime Rate"), (ii) the federal funds effective rate from time to time plus 0.50% and (iii) the Eurodollar Rate applicable for an interest period of one month plus 1.00%.

"ABR Loans" means Loans bearing interest based upon the ABR. ABR Loans may be borrowed on same-day basis.

"Eurodollar Rate" means the London interbank offered rate as administered by Intercontinental Exchange Benchmark Administration Ltd for a period equal to one, two, three or six months (or, with the consent of each Lender, 12 months), as selected by the Borrower and displayed on pages LIBOR01 or LIBOR02 of the Reuters screen, provided in no event shall the Eurodollar Rate be less than 1.00 percent *per annum*.

"Eurodollar Loans" means Loans bearing interest based upon the Eurodollar Rate.

The "Applicable Margin" and "Commitment Fee Rate" will be determined based upon the Revolving Loan Limit utilization at such time, as follows:

| *Revolving Loan Limit Utilization Grid* | | | | | |
|---|---|---|---|---|---|
| Revolving Loan Limit Utilization Percentage | >90% | ≤90% | ≤75% | ≤50% | ≤25% |
| Eurodollar Loans | 3.75% | 3.50% | 3.25% | 3.00% | 2.75% |
| ABR Loans | 2.75% | 2.50% | 2.25% | 2.00% | 1.75% |
| Commitment Fee Rate | 0.50% | 0.50% | 0.50% | 0.50% | 0.50% |

Interest Payment Dates:

In the case of ABR Loans, quarterly in arrears.

In the case of Eurodollar Loans, on the last day of each relevant interest period and, in the case of any interest period longer than

B-I-1

three months, on each successive date three (3) months after the first day of such interest period.

Commitment Fees:

The Borrower shall pay a commitment fee calculated at the Commitment Fee Rate on the average daily unused portion of the RBL Facility, payable quarterly in arrears.

Letter of Credit Fees:

The Borrower shall pay a fee on the face amount of each Letter of Credit at a per annum rate equal to the Applicable Margin then in effect with respect to Eurodollar Loans under the RBL Facility. Such fee shall be shared ratably among the Lenders participating in the RBL Facility and shall be payable quarterly in arrears.

A fronting fee of 0.125% on the face amount of each Letter of Credit shall be payable quarterly in arrears to the Issuing Lender for its own account.  In addition, customary administrative, issuance, amendment, payment and negotiation charges shall be payable to the applicable Issuing Lender for its own account.

Default Rate:

At any time when the Borrower is in default under the RBL Facility, after giving effect to any applicable grace period, the Required Lenders may elect to cause all outstanding amounts under the RBL Facility to bear interest at 2.00% per annum above the rate otherwise applicable thereto (or, in the event there is no applicable rate, 2.00% per annum in excess of the rate otherwise applicable to Loans maintained as ABR Loans from time to time); provided that upon any payment or bankruptcy Event of Default the default rate shall apply automatically.

Rate and Fee Basis:

All per annum rates shall be calculated on the basis of a year of 360 days (or 365/366 days, in the case of ABR Loans the interest rate payable on which is then based on the Prime Rate) for actual days elapsed.

B-I-2

EXHIBIT C

Conditions Precedent

The availability of the RBL Facility on the Closing Date shall be subject to the satisfaction or waiver of the conditions precedent set forth in the Commitment Letter, including the satisfaction or waiver of the following conditions.  Capitalized terms used but not defined herein have the meanings set forth in the Commitment Letter to which this Exhibit C is attached and in the RBL Facility Term Sheet, as applicable.

1.      The Administrative Agent shall have received (a) the Loan Documents, which shall, in each case, (i) be consistent with the Documentation Principles and otherwise in form and substance reasonably satisfactory to the Lead Arrangers and the Borrower and (ii) have been executed and delivered by each of parties thereto and (b) customary officer's closing certificates (including incumbency certificates of officers), organizational documents, customary evidence of authorization and good standing certificates in jurisdictions of formation/organization, in each case, with respect to the Loan Parties, customary legal opinions related to the Loan Documents, including an opinion on no conflicts with applicable laws in addition to other customary opinions, a solvency certificate (with respect to the Parent Guarantor and its subsidiaries on a consolidated basis as of the Closing Date after giving effect to the Transactions contemplated to occur on the Closing Date certified by a senior authorized financial officer of the Parent Guarantor) and such other certificates and instruments as are customary for transactions of this type (including a perfection certificate and evidence of insurance, it being agreed and understood that insurance certificates and endorsements can be delivered up to thirty (30) days after the Closing Date, subject to extension at the Administrative Agent's sole discretion ).

2.      All reasonable and documented fees and expenses due on the Closing Date to the Administrative Agent, the Commitment Party and the Lenders shall have been paid or shall have been authorized to be deducted from the proceeds of the initial funding under the RBL Facility, to the extent invoiced at least two (2) business days prior to the Closing Date (or such later date as the Borrower may reasonably agree).

3.      The Administrative Agent shall have received evidence reasonably satisfactory to it that (x) all loans and other obligations under the Existing RBL Credit Agreement are being repaid or otherwise satisfied in full and terminated in a manner consistent with the Plan, other than Existing Letters of Credit to be deemed issued under the RBL Facility on the Closing Date, and (y) the liens securing the Existing RBL Credit Agreement are being released substantially contemporaneously with the initial funding under the RBL Facility on the Closing Date. After giving effect to the transactions contemplated hereby, the Parent Guarantor, the Borrower and the Borrower's subsidiaries shall have no indebtedness outstanding other than (a) the Loans and other extensions of credit under the RBL Facility and (b) any other indebtedness permitted under the Loan Documents (excluding any Specified Additional Debt).  The Administrative Agent shall have received evidence reasonably satisfactory to it that all liens on the assets of the Parent Guarantor, the Borrower and the Borrower's subsidiaries (other than liens permitted by the Loan Documents) have been (or will be concurrently with the initial funding under the RBL Facility on the Closing Date) released or terminated and that duly executed recordable releases and terminations in forms reasonably acceptable to the Administrative Agent with respect thereto have been obtained by the Parent Guarantor, the Borrower or the Borrower's subsidiaries, as applicable.

4.      (a) The terms of the Plan shall be reasonably satisfactory to the Administrative Agent and the Required Lenders (it being understood that the terms of the Plan attached as Exhibit A to the

C-1

Commitment Letter are reasonably satisfactory to the Administrative Agent and the Required Lenders) and (b) an order of the Bankruptcy Court in form and substance reasonably satisfactory to the Administrative Agent and the Required Lenders, shall have been entered confirming the Plan and shall have become a final order of the Bankruptcy Court unless waived in writing (which may be via e-mail) by the Administrative Agent and the Required Lenders, which order shall not have been stayed, reversed, vacated, amended, supplemented or otherwise modified in any manner that would reasonably be expected to adversely affect the interests of the Lead Arrangers, the Administrative Agent or the Lenders or the treatment contemplated by the Plan to the Existing RBL Lenders (the "Confirmation Order").

5.     The Plan and all transactions contemplated therein or in the Confirmation Order to occur on the effective date of the Plan shall have been (or concurrently with the Closing Date, shall be) substantially consummated in accordance with the terms thereof and in compliance with applicable law and Bankruptcy Court and regulatory approvals.

6.     The Administrative Agent shall have received a certificate of a responsible officer of the Parent Guarantor certifying that (a) all material governmental and third party approvals necessary in connection with the consummation of the Plan and the other Transactions contemplated hereby, and the continuing operations of the Parent Guarantor and its subsidiaries shall have been obtained (or will be substantially concurrently obtained) and be in full force and effect, and (b) that since April 1, 2020, no Material Adverse Effect (as defined below) shall have occurred. For purposes of this paragraph, "Material Adverse Effect" means, other than the filing of the Chapter 11 Cases and any judgments entered after the filing of the Chapter 11 Cases with respect to litigation pending upon the filing of the Chapter 11 Cases, any event, change, effect, occurrence, development, circumstance, condition, result, state of fact or change of fact, or the worsening of any of the foregoing (each, an "Event"), that, individually or together with all other Events, has had or would reasonably be expected to have, a material adverse effect on either (i) the business, operations, finances, properties, interests, reserves, condition (financial or otherwise), assets or liabilities of the Loan Parties, taken as a whole or (ii) the ability of the Loan Parties, taken as a whole, to perform their respective obligations under, or to consummate the transactions contemplated by, the Plan.

7.     An order of the Bankruptcy Court (which can include the Confirmation Order), in form and substance reasonably satisfactory to the Administrative Agent, shall have been entered approving the Commitment Letter and the Fee Letters (including the fees set forth in the Fee Letters and specifically providing for the right to receive all amounts due and owing, including indemnification obligations, the fees and other payments as set forth herein, and reimbursement of all reasonable costs and expenses incurred in connection with the transactions contemplated herein and as set forth herein and which, indemnification and reimbursement obligations shall be entitled to priority as administrative expense claims under Sections 503(b) and 507(a)(1) of title 11 of the Bankruptcy Code) and such order shall have become a final order of the Bankruptcy Court unless waived in writing (which may be via e-mail) by the Administrative Agent and the Required Lenders, which order shall not have been stayed, reversed, vacated, amended, supplemented or otherwise modified in any manner.

8.     The Administrative Agent shall have received reasonably satisfactory evidence that the Borrower shall have made a cash payment to the Lenders in an amount no less than $330.0 million with cash on hand (other than the Loans).

9.     All representations and warranties shall be true and correct in all material respects with the same effect as though made on and as of such date, except in the case of any representation and warranty which (a) expressly relates to a given date, such representation and warranty shall be true and correct in all material respects as of the respective date and (b) is qualified by a materiality or material adverse effect standard in which case such representation and warranty shall be true and correct in all respects.

C-2

10.     The Lead Arrangers shall have received (a) audited consolidated balance sheets and related statements of income, stockholders' equity and cash flows of the Parent Guarantor and its subsidiaries, for the three most recently completed fiscal years ended at least ninety (90) days before the Closing Date (it being agreed and understood that the financial statements described in this clause (a) have been received by the Lead Arrangers and the condition described in this clause (a) has been satisfied with respect to the fiscal years of the Parent Guarantor ended December 31, 2017, December 31, 2018, and December 31, 2019), (b) unaudited consolidated balance sheets and related statements of income, stockholders' equity and cash flows of the Parent Guarantor and its subsidiaries, for each subsequent fiscal quarter (other than the fourth fiscal quarter of any fiscal year) ended at least forty-five (45) days before the Closing Date (in each case, together with the corresponding comparative period from the prior fiscal year) (it being agreed and understood that the financial statements described in this clause (b) have been received by the Lead Arrangers and the condition described in this clause (b) has been satisfied with respect to the fiscal quarter of the Parent Guarantor ended March 31, 2020), (c) a *pro forma* unaudited consolidated balance sheet of the Parent Guarantor and its subsidiaries as of the Closing Date (as if the Closing Date had occurred on the last date of the most recently ended fiscal quarter for which financial statements are available), after giving effect to the making of the initial extensions of credit under the RBL Facility, the application of the proceeds thereof and to the other transactions contemplated to occur on the Closing Date, certified by the Parent Guarantor's chief financial officer, which shall reflect no indebtedness other than (i) the Loans and other extensions of credit under the RBL Facility and (ii) other indebtedness permitted by the Loan Documents (excluding any Specified Additional Debt), (d) a reasonably satisfactory internally prepared reserve report prepared by, or under the supervision of, the chief engineer of the Borrower with an "as of" date of May 30, 2020 covering the oil and gas properties of the Parent Guarantor and its subsidiaries included in the Borrowing Base (the "Initial Reserve Report") (it being agreed that the reserve report as of May 30, 2020 previously provided by the Borrower to the Lead Arrangers is reasonably satisfactory and satisfied the requirement in this clause (d) and shall constitute the Initial Reserve Report), and (e) lease operating statements and production reports with respect to the oil and gas properties evaluated in the Initial Reserve Report for the fiscal year ended December 31, 2019 and for each fiscal quarter ending thereafter ending at least 45 days prior to the Closing Date.

11.     All actions necessary to establish that the Administrative Agent will have a perfected first priority security interest in the Collateral (as described in the section titled "Collateral" on Exhibit B) shall have been taken, including (a) delivery of counterparts and exhibits for mortgages or deeds of trust, as applicable, which are necessary and appropriate for filing in the appropriate jurisdictions and (b) subject to a ten (10) business day post-closing period, the execution and delivery of control agreements in connection with deposit accounts and securities accounts (other than Excluded Accounts).

12.     The Administrative Agent shall have received acceptable evidence of title on not less than 90% of the total value of the PV-9 from the Borrowing Base Properties evaluated in the Initial Reserve Report.

13.     The Administrative Agent shall have received customary UCC, tax and judgment lien searches for the Loan Parties reflecting the absence of liens and security interests other than those being released on or prior to the Closing Date or which are otherwise permitted under the Loan Documents.

14.     The Consolidated Net Leverage Ratio as of the Closing Date shall be less than or equal to 2.0 to 1.0, calculated on a *pro forma* basis after giving effect to the consummation of the Transactions contemplated to occur on the Closing Date. For purposes of this paragraph 14 only, the EBITDAX component of the Consolidated Net Leverage Ratio shall be equal to the 12-month projected EBITDAX amount set forth in the Borrower's most recent business plan delivered to the Administrative Agent on or

prior to the Closing Date, which business plan shall be in form and substance reasonably satisfactory to the Administrative Agent[1].

15.     The Administrative Agent shall have received a certificate of a responsible officer of the Parent Guarantor certifying the absence of any action, suit, investigation or proceeding pending or threatened in any court or before any arbitrator or governmental authority that would reasonably be expected to have a material adverse effect on the consummation of the Plan.

17.     The Administrative Agent and each Lender who has requested the same shall have received, at least three (3) business days prior to the Closing Date, (a) all documentation and other information regarding the Borrower in connection with applicable "know your customer" and anti-money laundering rules and regulations, including the Patriot Act, and (b) to the extent applicable, in connection with "beneficial ownership" rules and regulations, a customary certification regarding beneficial ownership or control of the Borrower in a form reasonably satisfactory to the Administrative Agent and each requesting Lender, in the case of clauses (a) and (b), to the extent reasonably requested in writing at least eight (8) business days prior to the Closing Date.

18.     The Administrative Agent shall have received reasonably satisfactory evidence that the Borrower and its restricted subsidiaries have entered into hedging contracts with one or more Approved Counterparties that have notional volumes of not less than (a) 65% of the projected production from the Borrower's and its restricted subsidiaries' total proved developed producing oil and natural gas reserves (based on the Initial Reserve Report), calculated separately, for the 12-month period immediately succeeding the Closing Date and (b) 35% of the projected production from the Borrower's and its restricted subsidiaries' total proved developed producing oil and natural gas reserves (based on the Initial Reserve Report), calculated separately, for the 12-month period immediately succeeding the 12-month period described in clause (a) (it being understood and agreed that (i) such hedging contracts shall be at prices at or above prices to be mutually agreed in the Loan Documents (it being understood and agreed that such prices shall be based on the Bank Price Deck most recently delivered to the Borrower by the Administrative Agent) for the applicable period and (ii) credit towards the foregoing minimum hedging requirements for three-way hedging arrangements shall be determined in a manner to be mutually agreed in the Loan Documents); provided, that, if the Borrower reasonably determines that, after working in good faith with the applicable counterparties, the Lenders (and their affiliates) have insufficient aggregate capacity or are unwilling or otherwise fail or refuse to enter into such hedging contracts with one or more Loan Parties on commercially reasonable terms substantially consistent with terms available to other similarly situated borrowers in the oil and gas industry, then the minimum hedging requirement in this paragraph 18 shall be reduced solely to the extent necessary to reflect the maximum volumes for which the Lenders (and their respective affiliates) have sufficient aggregate capacity, willingness or otherwise agree to enter into such hedging contracts; provided, further, to the extent the Borrower is unable to finalize such hedging contracts by the Closing Date after the use of commercially reasonably efforts, the Borrower shall have a thirty (30) day post-closing period (or such longer period as the Administrative Agent may reasonably agree) to enter into such hedging contracts.

---

[1] To be based on projections set forth in the Disclosure Statement and updated at strip the week before closing.

## Exhibit C

**Exit Facility Term Loan Term Sheet**

Senior Secured First Lien Term Loan Facility
Summary of Terms and Conditions

Reference is made that certain Commitment Letter, dated as of July 18, 2020, among Whiting Petroleum Corporation, a Delaware corporation, Whiting Oil and Gas Corporation, a Delaware corporation, and JPMorgan Chase Bank, N.A. (as amended, amended and restated, supplemented or otherwise modified from time to time, the "Commitment Letter"). Capitalized terms used, but not otherwise defined herein have the meanings assigned to such terms in the Commitment Letter (including the Exhibits thereto). Below is a summary of the principal terms and conditions for the Term Loan Facility referred to in Exhibit B to the Commitment Letter.

## 1.  PARTIES AND CERTAIN DEFINITIONS

| | |
|---|---|
| Borrower: | Whiting Oil and Gas Corporation, a Delaware corporation, as reorganized pursuant to the Approved Plan (the "Borrower"). |
| Guarantors: | Same as the RBL Facility, subject to the Intercreditor Agreement (as defined below). |
| Administrative Agent: | JPMorgan Chase Bank, N.A. (in such capacity, the "Term Loan Administrative Agent"). |
| Lenders: | [_____][1] (collectively, the "Term Lenders"). |
| Majority Lenders: | Lenders holding more than 50.0% of the aggregate principal amount of the outstanding Term Loans (as defined below) (the "Majority Term Lenders"). |

## 2.  TERM LOAN FACILITY

| | |
|---|---|
| Term Loan Facility: | A senior secured first lien term loan credit facility (the "Term Loan Facility"; the loans thereunder, the "Term Loans") in an aggregate principal amount of $[___][2] million. |
| Maturity Date: | July 1, 2024 (the "Maturity Date"). All outstanding amounts under the Term Loan Facility shall be due and payable in full in cash on the Maturity Date. |
| Availability: | The Term Loans shall be made (or deemed made) in a single drawing on the Closing Date in accordance with the Plan. Any Term Loans that are repaid or prepaid may not be reborrowed. |
| Amortization: | None. |

---

[1] To include lenders under the Existing RBL Credit Agreement who do not participate in the Exit RBL Facility.

[2] Size of Term Loan Facility to be based on the aggregate pre-petition exposure of lenders under the Existing RBL Credit Agreement who do not participate in the Exit RBL Facility.

3. CERTAIN PAYMENT PROVISIONS

Fees and Interest Rates:     As set forth on <u>Annex I</u>.

Optional Prepayments:     At any time prior to the termination of the commitments under the RBL Facility and the payment in full in cash of all obligations thereunder (other than obligations under the RBL Facility (a) that have been cash collateralized on terms reasonably satisfactory to the applicable counterparty (or other arrangements reasonably satisfactory to the counterparty have been made) and (b) consisting of indemnity obligations that are not yet due and payable for which no claim or demand for payment, whether oral or written, has been made at such time) other than in connection with a refinancing, replacement or renewal thereof ("<u>RBL Facility Payment in Full</u>"), Term Loans may not be voluntarily prepaid unless at the time of, and immediately after giving effect to, such prepayment, the Restricted Payment Conditions are satisfied. After the occurrence of RBL Facility Payment in Full, Term Loans may be prepaid in whole or in part without premium or penalty (except as noted below), in minimum amounts to be agreed, at the option of the Borrower, at any time upon three (3) business days' prior notice, subject to reimbursement of the Lenders' breakage costs in the case of a prepayment of Term Loans prior to the last day of the then-current three-month interest period.

Mandatory Prepayments:     None.

4. COLLATERAL AND
  INTERCREDITOR ARRANGEMENTS

    The guarantees provided in respect of, and the collateral securing, the Term Loan Facility shall be the same as the guarantees provided in respect of, and the collateral securing, the RBL Facility, subject to certain customary exceptions permitted by the Intercreditor Agreement (the "<u>Collateral</u>").

    The separate liens on the Collateral securing the Term Loan Facility shall be equal and ratable to the liens on the Collateral securing the RBL Facility. The respective rights and priorities of the RBL Facility and the Term Loan Facility with respect to the Collateral, enforcement of remedies, bankruptcy issues and other intercreditor provisions will be set forth in a customary *pari passu* intercreditor agreement to be negotiated in good faith and on terms and conditions to be reasonably agreed between the Term Loan Administrative Agent and the Administrative Agent (the "<u>Intercreditor Agreement</u>"). The Intercreditor Agreement shall provide, among other things, that, until the occurrence of RBL Facility Payment in Full, (a) the Term Loan Administrative Agent and the Term Lenders shall be prohibited from exercising any rights or remedies with respect to any default or Event of Default under the Term Loan Facility and (b) the Term Loan Administrative Agent and the Term Lenders shall not be permitted

2

to propose or provide any "debtor-in-possession" financing during any bankruptcy proceedings of the Loan Parties, or otherwise object to any such financing provided (or proposed to be provided) by the Administrative Agent or the Lenders under the RBL Facility.

5. CERTAIN CONDITIONS

Initial Conditions:

The effectiveness and availability of the Term Loan Facility on the Closing Date will be subject to the conditions precedent set forth in <u>Annex II</u> hereto (such requirements collectively, the "<u>Initial Conditions</u>").

"<u>Closing Date</u>" shall mean the date of the satisfaction or waiver of the Initial Conditions and the initial funding of the Term Loan Facility.

6. DOCUMENTATION

Documentation:

The definitive documentation for the Term Loan Facility (the "<u>Term Loan Documents</u>") shall contain those terms and conditions set forth in this Summary of Terms and Conditions and shall otherwise contain terms and conditions that may be reasonably agreed by the Borrower, the Term Loan Administrative Agent and the Term Lenders.  In addition, the Term Loan Documents shall contain customary provisions relating to (a) European Union and U.K. bail-in, (b) QFC stay rules, (c) divisions and (d) electronic signatures. The Term Loan Documents shall be initially drafted by counsel to the Term Loan Administrative Agent.

Representations and Warranties:

Limited to the following (to be applicable to the Loan Parties), subject to materiality thresholds and exceptions to be agreed:
- Organization; Powers
- Authority; Enforceability
- Approvals; No Conflicts
- Environmental Matters
- Investment Company Act
- Taxes
- ERISA
- Insurance
- Use of Loans and Letters of Credit; Margin Regulations
- Patriot Act, Anti-Money Laundering and Sanctions, Affected Financial Institutions

Affirmative Covenants:

(a) Prior to the occurrence of RBL Facility Payment in Full, limited to the following (to be applicable to the Loan Parties), subject to materiality thresholds and exceptions to be agreed:
- Financial Statements (annual financial statements to be delivered within one hundred five (105) days after the end of each fiscal year of the Parent Guarantor and quarterly financial

3

statements to be delivered within forty-five (45) days after the end of the first three (3) fiscal quarters of each fiscal year of the Parent Guarantor), subject to any extension or waiver agreed to by the lenders under the RBL Facility

- Notices of Events of Default
- Existence; Conduct of Business
- Payment and Performance of Obligations
- Environmental Matters
- ERISA
- Insurance
- Additional Guarantors (solely to the extent such guarantee is required to be provided under the terms of the Intercreditor Agreement)
- Additional Collateral (solely to the extent such Collateral is required to be provided under the terms of the Intercreditor Agreement)
- Further Assurances
- Patriot Act; Anti-Money Laundering and Sanctions

(b) After the occurrence of RBL Facility Payment in Full, same as the RBL Facility as in effect immediately prior to RBL Facility Payment in Full with such modifications as may be appropriate to reflect the non-revolving nature of the Term Loans and the absence of a borrowing base.

**Negative Covenants:** (a) Prior to the occurrence of RBL Facility Payment in Full, none.

(b) After the occurrence of RBL Facility Payment in Full, same as the RBL Facility as in effect immediately prior to RBL Facility Payment in Full with such modifications as may be appropriate to reflect the non-revolving nature of the Term Loans and the absence of a borrowing base.

**Events of Default:** Limited to the following: (a) nonpayment of principal when due; (b) nonpayment of interest after a three (3) business day grace period; (c) material inaccuracy of a representation or warranty when made; (d) violation of an affirmative covenant (subject to a thirty (30) calendar day grace period commencing upon knowledge or receipt of notice thereof); and (e) cross-acceleration to the RBL Facility and any other material indebtedness for borrowed money above a threshold to be agreed.

**Voting:** Amendments and waivers with respect to the Term Loan Documents shall require the approval of Majority Term Lenders, except that (a) the consent of each Lender directly and adversely affected thereby shall be required with respect to (i) reductions in the amount or extensions of the Maturity Date or the date for any scheduled date of payment or prepayment of principal, (ii) reductions in the rate of interest or extensions of any due date thereof, and (iii) changes in the *pro rata* sharing provisions, and (b) the consent of 100% of the Term Lenders shall be required

4

with respect to (i) modifications of any of the voting percentages, (ii) releases of all or substantially all the collateral and (iii) except as may otherwise be permitted by the Term Loan Documents, releases of all or substantially all of the Guarantors. Notwithstanding the foregoing the Administrative Agent may (without the consent of the Lenders) enter into amendments or modifications to the Term Loan Documents in order to implement a LIBOR replacement rate in accordance with the terms thereof.

Any provision of the Term Loan Documents may be amended by an agreement in writing signed by the Administrative Agent and the Borrower to cure any immaterial ambiguity, omission, defect or inconsistency.

For the avoidance of doubt, the Term Loan Administrative Agent and the Term Lenders shall not have any voting rights with respect to any matters pertaining to the RBL Facility (including amendments to the provisions thereof or the exercise of remedies thereunder).

| | |
|---|---|
| Assignments and Participations: | The Lenders shall be permitted to assign all or a portion of their Term Loans with the consent, not to be unreasonably withheld, delayed or conditioned, of (a) the Borrower, unless (i) the assignee is a Term Lender, an affiliate of a Term Lender or an approved fund or (ii) a payment Event of Default has occurred and is continuing; provided that the Borrower shall be deemed to have consented to any such assignment unless it shall object thereto by written notice to the Term Loan Administrative Agent within ten (10) business days after having received notice thereof and (b) the Term Loan Administrative Agent, unless the assignee is a Term Lender, an affiliate of a Term Lender or an approved fund. |

In the case of a partial assignment (other than to another Term Lender, an affiliate of a Term Lender or an approved fund), the minimum assignment amount shall be $1.0 million and, after giving effect thereto, the assigning Term Lender shall have a portion of the Term Loans aggregating at least $1.0 million, in each case unless otherwise agreed by the Borrower and the Term Loan Administrative Agent.  The Term Loan Administrative Agent shall receive a processing and recordation fee of $3,500 in connection with each assignment.  The Term Lenders shall also be permitted to sell participations in their Term Loans. Participants shall have the same benefits as the selling Term Lenders with respect to yield protection and increased cost provisions, subject to customary limitations.  Voting rights of a participant shall be limited to those matters set forth in clause (a) of the Section titled "Voting" with respect to which the affirmative vote of the Term Lender from which it purchased its participation would be required.  Pledges of Term Loans in accordance with applicable law shall be permitted without restriction.  Promissory

5

notes under the Term Loan Facility shall be issued only upon request. No assignments or participations shall be permitted to be made to (a) the Borrower or any of its affiliates or (b) natural persons and Industry Competitors (to be defined in Term Loan Documents).

|                              |                                                                                                                                                                                                                                                                                                                                                                                                     |
|------------------------------|-----|
| Yield Protection:            | The Term Loan Documents shall contain customary provisions (a) protecting the Term Lenders against increased costs or loss of yield resulting from changes in reserve, tax, capital adequacy, liquidity or other requirements of law, and from the imposition of or changes in withholding or other taxes (including reflecting that both (x) the Dodd-Frank Wall Street Reform and Consumer Protection Act and all requests, rules, guidelines, requirements and directives thereunder, issued in connection therewith or in implementation thereof and (y) all requests, rules, guidelines, requirements and directives promulgated by the Bank for International Settlements, the Basel Committee on Banking Supervision (or any successor or similar authority) or the United States or foreign regulatory authorities, in each case pursuant to Basel III shall, in the case of each of the foregoing clause (x) and clause (y), be deemed to be a change in law after the Closing Date regardless of the date enacted, adopted or issued) and (b) indemnifying the Lenders for "breakage costs" incurred in connection with, among other things, any prepayment of Term Loans on a day other than the last day of an interest period with respect thereto. |
| Expenses and Indemnification: | Regardless of whether the Closing Date occurs, the Borrower shall pay (a) all reasonable and documented out-of-pocket expenses of the Term Loan Administrative Agent associated with the preparation, execution, delivery and administration of the Term Loan Documents and any amendment or waiver with respect thereto (including the reasonable and documented fees, disbursements and other charges of one outside counsel to the Term Loan Administrative Agent and, if necessary, of one local counsel in any relevant material jurisdiction), (b) all reasonable and documented out-of-pocket costs, expenses, taxes, assessments and other charges incurred by the Term Loan Administrative Agent or any Term Lender in connection with any filing, registration, recording or perfection of any security interest contemplated by the Term Loan Facility or any security instrument and (c) all reasonable and documented out-of-pocket expenses of the Term Loan Administrative Agent (including the reasonable and documented fees, disbursements and other charges of outside counsel to the Term Loan Administrative Agent) in connection with the enforcement or protection of its rights of the Term Loan Documents. |
|                              | The Term Loan Administrative Agent and the Term Lenders (and their affiliates and their respective officers, directors, employees, advisors, agents and other representatives) will be indemnified |

6

and held harmless against, any losses, claims, damages, liabilities or expenses (including the reasonable and documented fees, disbursements and other charges of one outside counsel to all indemnified persons taken as a whole and, solely in the case of an actual or perceived conflict of interest, one additional outside counsel to all affected indemnified persons similarly situated taken as a whole in each relevant material jurisdiction) incurred in respect of the transactions and the financing contemplated hereby or the use of proceeds thereof and any claim, litigation, investigation or proceeding relating to any of the foregoing, except, in each case, to the extent they are found by a final, nonappealable judgment of a court of competent jurisdiction to arise (a) from the bad faith, gross negligence or willful misconduct of the relevant indemnified person (or its related parties), (b) breach of such indemnified party's obligations or (c) disputes solely among indemnified parties.

Governing Law and Forum:                 New York.

Annex I

**INTEREST AND CERTAIN FEES**

Applicable Margin:                     3-month LIBOR <u>plus</u> 2.75%.

Interest Payment Dates:          Accrued interest on the Term Loans shall be payable quarterly in arrears, in cash, on the last day of each March, June, September and December (each, a "<u>Quarterly Payment Date</u>"). Each interest period with respect to the Term Loans shall be three (3) months in duration and end on the immediately succeeding Quarterly Payment Date; <u>provided</u> that the interest periods with respect to the periods (a) from the Closing Date to the first Quarterly Payment Date occurring thereafter and (b) from the last Quarterly Payment Date occurring prior to the Maturity Date to the Maturity Date may be such lengths as may be reasonably agreed between the Term Lenders and the Borrower to effectuate the foregoing payment schedule.

Default Rate:                          At any time when the Borrower is in payment default under the Term Loan Facility, after giving effect to any applicable grace period, the Majority Term Lenders may elect to cause all overdue amounts under the Term Loan Facility to bear interest at 2.00% per annum above the rate otherwise applicable thereto; <u>provided</u> that upon any bankruptcy Event of Default, the default rate shall apply automatically.

Rate and Fee Basis:               All per annum rates shall be calculated on the basis of a year of 360 days for actual days elapsed.

Annex I

Annex II

Conditions Precedent

The availability of the Term Loan Facility on the Closing Date shall be subject to the satisfaction of the following conditions precedent:

1.      The Term Loan Administrative Agent shall have received the Term Loan Documents, which shall, in each case, have been executed and delivered by each of parties thereto.

2.      The Closing Date (as defined in the Commitment Letter) with respect to the RBL Facility shall have occurred.

3.      The Plan and all transactions contemplated therein or in the Confirmation Order to occur on the effective date of the Plan shall have been (or concurrently with the Closing Date, shall be) substantially consummated in accordance with the terms thereof and in compliance with applicable law and Bankruptcy Court and regulatory approvals.

4.      All representations and warranties of the Borrower and the Guarantors set forth in the Term Loan Documents shall be true and correct in all material respects as of the Closing Date, except in the case of any representation and warranty which (a) expressly relates to a given date, such representation and warranty shall be true and correct in all material respects as of the respective date and (b) is qualified by a materiality or material adverse effect standard in which case such representation and warranty shall be true and correct in all respects.

5.      The Term Loan Administrative Agent and each Term Lender who has requested the same shall have received, at least three (3) business days prior to the Closing Date, (a) all documentation and other information regarding the Borrower in connection with applicable "know your customer" and anti-money laundering rules and regulations, including the Patriot Act, and (b) to the extent applicable, in connection with "beneficial ownership" rules and regulations, a customary certification regarding beneficial ownership or control of the Borrower in a form reasonably satisfactory to the Administrative Agent and each requesting Lender, in the case of clauses (a) and (b), to the extent reasonably requested in writing at least eight (8) business days prior to the Closing Date.

Annex II

## **Exhibit D**

### **Schedule of Retained Causes of Action**

The Plan defines the Retained Causes of Action as "those Causes of Action that shall vest in the Reorganized Debtors on the Effective Date, which, for the avoidance of doubt, shall not include any of the Causes of Action that are settled, released or exculpated under the Plan."  For the avoidance of doubt, nothing in this Plan Supplement modifies this definition in the Plan.

Pursuant to the Plan, on the Effective Date, the Retained Causes of Action shall vest in the Reorganized Debtors.  The Retained Causes of Action include among other things, all of the Debtors' claims (as defined in section 105(5) of the Bankruptcy Code) and Causes of Action (including defenses, counter-claims, and other rights), in each case, relating to the following:

- any and all audits involving any of the Debtors;

- any and all Causes of Action brought by, or that might later be brought by, any local, state, federal, or foreign "governmental unit" (as defined in section 101(27) of the Bankruptcy Code) related to any of the Debtors;

- any and all settlement agreements (or similar documents) involving any of the Debtors;

- any and all Causes of Action relating to any Assumed Executory Contract or Unexpired Lease; and

- those litigations to which any of the Debtors is a party, as set forth in the table on the following page.

| Debtor | Party Names | Debtor Position | Caption of Suit | Case Number |
|---|---|---|---|---|
| Whiting Oil and Gas Corporation | ARLEN A. DEAN | Plaintiff | Whiting Oil and Gas Corporation v. Arlen A. Dean, et al. | 27-2016-CV00040 |
| Whiting Petroleum Corporation | BRUCE HIGGINS | Defendant | Bruce Higgins, Rebekka Higgins, Estate of Judy Devney, dec'd, and John L. Devney  v. Maynard Lund, Kjersti Eide, Don Eide and Jennifer Eide, XTO Energy, Inc., Continental Resources, Inc. and Whiting Petroleum Corp. | 53-2017-CV-00033 |
| Whiting Oil and Gas Corporation | BUREAU OF LAND MANAGEMENT ("BLM") | Defendant | BLM Decision on NDM 95556 | N/A |
| Whiting Oil and Gas Corporation | BUREAU OF SAFETY AND ENVIRONMENTAL ENFORCEMENT ("BSEE") U.S. DEPARTMENT OF THE INTERIOR | Defendant | Decommissioning Order (GE1078A) | N/A |
| Whiting Oil and Gas Corporation | CAPITALPLUS CONSTRUCTION SERVICES, LLC | Defendant | CapitalPlus Construction Services, LLC v. Whiting Oil and Gas Corporation, et al. | 31-2019-CV00220 |
| Whiting Resources Corporation | CHARLES D. WILKINSON | Defendant | Charles D. Wilkinson, Ronald Rabbithead, Izetta Hopkins and Robert Finley, for themselves and others similarly situated, v. XTO Energy Inc., EOG Resources, Inc. Whiting Resources Corporation et. al. | CV 2017-0505 |
| Whiting Petroleum Corporation | ESTATE OF JUDY DEVNEY, DEC'D | Defendant | Bruce Higgins, Rebekka Higgins, Estate of Judy Devney, dec'd, and John L. Devney  v. Maynard Lund, Kjersti Eide, Don Eide and Jennifer Eide, XTO Energy, Inc., Continental Resources, Inc. and Whiting Petroleum Corp. | 53-2017-CV-00033 |
| Whiting Petroleum Corporation | GARTH L. HARMON | Defendant | Garth L. Harmon, et al. v. Whiting Petroleum Corporation, et al. | DV 15-15 |
| Whiting Resources Corporation | IZETTA HOPKINS | Defendant | Charles D. Wilkinson, Ronald Rabbithead, Izetta Hopkins and Robert Finley, for themselves and others similarly situated, v. XTO Energy Inc., EOG Resources, Inc. Whiting Resources Corporation et. al. | CV 2017-0505 |
| Whiting Petroleum Corporation | JOHN L. DEVNEY | Defendant | Bruce Higgins, Rebekka Higgins, Estate of Judy Devney, dec'd, and John L. Devney  v. Maynard Lund, Kjersti Eide, Don Eide and Jennifer Eide, XTO Energy, Inc., Continental Resources, Inc. and Whiting Petroleum Corp. | 53-2017-CV-00033 |
| Whiting Resources Corporation | JOLENE BURR | Defendant | Jolene Burr et al., v. XTO Energy, Inc. et al., including Kodiak Oil & Gas (USA) Inc. | CV 2014-0048, ORDER NO. AP2016-002 |
| Whiting Resources Corporation | JOLENE BURR, TED LONE FIGHT, GEORGIANNA DANKS, EDWARD S. DANKS, DIANE JOHNSON | Plaintiff | Kodiak Oil & Gas (USA) Inc., vs. Jolene Burr, et al., and Judge Diane Johnson, In Her capacity as the Chief Judge of the Fort Berthold District Court | 2014-CV-00085-DHL-CSM |
| Whiting Oil and Gas Corporation | MARK BOWEN | Defendant | Mark Bowen v. Pioneer Drilling Services, LTD, and Whiting Oil and Gas Corporation | 1:19-CV-74 |
| Whiting Oil and Gas Corporation | NORTH DAKOTA DEPARTMENT OF ENVIRONMENTAL QUALITY ("NDDEQ") | Defendant | Amber Elizabeth 9-4H CTB Notice of Violation | N/A |
| Whiting Oil and Gas Corporation | OFFICE OF NATURAL RESOURCE REVENUE | Defendant | Federal Royalty Rate Dispute on Agreement M 108245 | N/A |
| Whiting Resources Corporation | OFFICE OF NATURAL RESOURCES AND REVENUE ("ONRR") | Defendant | ONRR Order Letter for North Dakota Indian Lands | N/A |
| Whiting Petroleum Corporation | REBEKKA HIGGINS | Defendant | Bruce Higgins, Rebekka Higgins, Estate of Judy Devney, dec'd, and John L. Devney  v. Maynard Lund, Kjersti Eide, Don Eide and Jennifer Eide, XTO Energy, Inc., Continental Resources, Inc. and Whiting Petroleum Corp. | 53-2017-CV-00033 |
| Whiting Resources Corporation | ROBERT FINLEY | Defendant | Charles D. Wilkinson, Ronald Rabbithead, Izetta Hopkins and Robert Finley, for themselves and others similarly situated, v. XTO Energy Inc., EOG Resources, Inc. Whiting Resources Corporation et. al. | CV 2017-0505 |
| Whiting Resources Corporation | RONALD RABBITHEAD | Defendant | Charles D. Wilkinson, Ronald Rabbithead, Izetta Hopkins and Robert Finley, for themselves and others similarly situated, v. XTO Energy Inc., EOG Resources, Inc. Whiting Resources Corporation et. al. | CV 2017-0505 |
| Whiting Oil and Gas Corporation | THE CITY OF NEW ORLEANS | Defendant | THE CITY OF NEW ORLEANS v. APACHE LOUISIANA MINERALS, LLC, ASPECT ENERGY, L.L.C., CHEVRON U.S.A. INC., COLLINS PIPELINE COMPANY, ENTERGY NEW ORLEANS, LLC, EOG RESOURCES, INC., EXXONMOBIL PIPELINE COMPANY, GULF SOUTH PIPELINE COMPANY, LP, SOUTHERN NATURAL GAS COMPANY, L.L.C., WHITING OIL AND GAS CORPORATION | 19-cv-8290 |
| Whiting Petroleum Corporation | THE PARISH OF CAMERON | Defendant | The Parish of Cameron v. BEPCO, L.P., et al. | 2:16-CV-00536-PM-KK |
| Whiting Petroleum Corporation | THE PARISH OF CAMERON | Defendant | The Parish of Cameron v. BEPCO, L.P., et al. | 2:18-CV-00690 |
| Whiting Resources Corporation | WILBUR D. WILKINSON | Defendant | Wilbur D. Wilkinson, et al. v. Windsor Bakken, LLC, Kodiak Oil & Gas (USA) Inc. and Whiting Resources Corporation | CV 2016-0472 |
| Whiting Oil and Gas Corporation | WILLIAM A. BLACKWELL | Defendant | William A. Blackwell, et al. v. Equinor Texas Onshore Properties LLC, et al. | 19-10-24,979 |

**<u>Exhibit E</u>**

**Members of the Reorganized Whiting Parent Board**

The Reorganized Whiting Parent Board shall consist of Bradley J. Holly (the Chief Executive Officer of the Reorganized Debtors) and those additional directors selected by the Requisite Creditors, whose identities shall be disclosed in a revised version of the Plan Supplement prior to the commencement of the Confirmation Hearing.

**Exhibit F**

**Schedule of Assumed Executory Contracts and Unexpired Leases**

**Assumed Executory Contracts**

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | 1888 INDUSTRIAL SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | 3 FORKS SERVICES | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | 3ES INNOVATION | MASTER SERVICE AGREEMENT - EFFECTIVE 10/27/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION | 3ES INNOVATION INC. | MASTER SOFTWARE LICENSE AGREEMENT DATED 10/27/2016, ALL SCHEDULES AND ATTACHMENTS | $1,325.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | 4 CORNERS HOTSHOT LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | 4D CONSULTING SERVICES INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | 4NK LTD | JOA (REIDLE FEDERAL 18-7HTF) | $0.00 |
| WHITING OIL AND GAS CORPORATION | 8 NORTH, LLC | PURCHASE AND SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | A G ANDRIKOPOULOS RESOURCES | JOA DATED SEPTEMBER 1, 2009 (SATTERTHWAITE 43-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | A G ANDRIKOPOULOS RESOURCES | JOA DATED SEPTEMBER 1, 2009 (SATTERTHWAITE 44-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | A V M INC | JOA DTD 11/1/2017 (FLINT 41-5-1HU & 6TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | A V M INC | JOA DTD 3/1/18 (EARL 14-34-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | A2D TECHNOLOGIES, INC D/B/A TGS GEOLOGICAL PRODUCTS AND SERVICES | A2D LOG-LINE PLUS OPERATING, LICENSE AGREEMENTS AND SUPPLEMENTS | $125.17 |
| WHITING OIL AND GAS CORPORATION | ABACO ENERGY LLC | JOA - CHAMELEON STATE 31-16HU | $0.00 |
| WHITING OIL AND GAS CORPORATION | ABACO ENERGY LLC | JOINT OPERATING AGREEMENT (CHAMELEON STATE 153-97-16-21-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ABC FENCING & OIL FIELD | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ABERCROMBIE ENERGY INC | JOA DTD 1/1/13 (KALDAHL 24, 34 & 44 AND MILLER 14-12 WELLS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ABRAXAS PETROLEUM CORP | HELM 19-30H(OA) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ABRAXAS PETROLEUM CORPORATION | JOA (WAHLSTROM 3-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ACE IN THE HOLE CONSTRUCTION | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ACKLAM INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ACME OIL CORP LLC | JOA DTD 4/01/13 (RAZOR 33-28 UNIT) | $0.00 |
| WHITING PETROLEUM CORPORATION | ADAM RESOURCES | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ADAMS PARTNERSHIP LLP | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 09/29/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ADOBE | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ADOBE | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ADOBE | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ADOBE | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ADOBE | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ADOBE | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ADVANCED NETWORK | HARDWARE MAINTENANCE AGREEMENT - EFFECTIVE 01/15/2020 | $11,151.70 |
| WHITING OIL AND GAS CORPORATION | ADVANCED NETWORK MANAGEMENT, INC. | DATA STORAGE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ADVANCED PRODUCTS INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ADVANCED RESOURCES LLC | JOA (DULETSKI FEDERAL 34-11) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ADVANTAGE MIDSTREAM LLC-8294 | MUTUAL NON-DISCLOSURE AGREEMENT - EFFECTIVE 05/02/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | AECOM TECHNICAL SERVICES INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | AECOM TECHNICAL SERVICES INC-2644 | CONFIDENTIALITY AGREEMENT - EFFECTIVE 05/14/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | AECOM TECHNICAL SERVICES, INC. | CHANGE ORDER FOR COLORADO ROLLING 12-MONTH EMISSION SPREADSHEETS | $3,367.85 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | AEGIS CHEMICAL SOLUTIONS | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | AGAR CORPORATION INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | AGGIETECH ENERGY SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | AGRI PROPERTIES LLP | JOA (DULETSKI FEDERAL 34-11) | $0.00 |
| WHITING OIL AND GAS CORPORATION | AGRI PROPERTIES LLP | JOA (JURGENS 34-12PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | AGRI PROPERTIES LLP | JOA (KESSEL 44-35PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | AGRI PROPERTIES LLP | JOA (PRONGHORN FEDERAL 34-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | AGRI PROPERTIES LLP | JOA DATED 9/1/11 (DULETSKI 21-13TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | AGW | PROPOSAL FOR BASELINE GROUNDWATER SAMPLING - COLORADO | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | AIM OILFIELD SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | AIMHIRE, LLC | IT CONSULTING AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ALAMEDA ENERGY INC | JOA DATED AUGUST 1, 2012 (KJOS 14-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ALAMEDA ENERGY INC | JOA DATED AUGUST 1, 2012 (LIEBL 31-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ALAMEDA ENERGY INC | JOA DATED AUGUST 1, 2012 (LIEBL 31-13TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ALAMEDA ENERGY INC | JOA DATED SEPTEMBER 1, 2009 (SATTERTHWAITE 43-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ALAMEDA ENERGY INC | JOA DATED SEPTEMBER 1, 2009 (SATTERTHWAITE 44-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ALAMEDA ENERGY INC | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ALAN WESLEY HOWARD | OPERATING AGREEMENT WHITING-HOWARD AND MARTINO-WHZ | $0.00 |
| WHITING OIL AND GAS CORPORATION | ALBERT G METCALFE | JOA (BINSTOCK 21-30TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ALBERT G METCALFE III | JOA (DOLYNIUK 11-25PH; 21-25PH; 41-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ALBERT G METCALFE III | JOA DATED FEBRUARY 1, 2012 (CYMBALUK 21-15PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ALBERT G METCALFE III | JOA DATED JANUARY 1, 2011 (ARTHAUD 21-29TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ALBERT G METCALFE III | JOA DTD 03/01/14 (DOLYNIUK 21-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ALBERT G METCALFE III | JOA FOR PALUCK 21-28TFH | $0.00 |
| WHITING OIL AND GAS CORPORATION | ALBERT G METCALFE, III | JOA DATED MARCH 1, 2011 (DULETSKI 21-16TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ALBERT P & ANITA KESSEL | SURFACE AGREEMENT - BILLINGS COUNTY, ND - DATED 01/09/1990 | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | ALCHEMY TECHNOLOGY GROUP LLC | CONSULTING AGREEMENT - EFFECTIVE 03/24/2020 | $13,625.00 |
| WHITING OIL AND GAS CORPORATION | ALICIA L FETTIG | JOA - CHAMELEON STATE 31-16HU | $0.00 |
| WHITING OIL AND GAS CORPORATION | ALICIA L FETTIG | JOA (FRICK 24-8-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ALICIA L FETTIG | JOA (WOLD 16-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ALIGHT SOLUTIONS LLC F/K/A HEWITT ASSOCIATES LLC | STATEMENT OF WORK DATED AS OF DECEMBER 18, 2019 | $33,990.00 |
| WHITING OIL AND GAS CORPORATION | ALIGHT SOLUTIONS LLC F/K/A HEWITT ASSOCIATES LLC | CHANGE ORDER TO STATEMENT OF WORK DATED AS OF DECEMBER 18, 2019 | $10,727.50 |
| WHITING OIL AND GAS CORPORATION | ALITEK SOLUTIONS LP | FIELDLINK SOFTWARE UPDATE FOR REGULATORY REQUIREMENT | $700.00 |
| WHITING OIL AND GAS CORPORATION | ALL AMERICAN RECORDS | RECORD STORAGE AGREEMENT | $560.00 |
| WHITING OIL AND GAS CORPORATION | ALL AMERICAN RECORDS MANAGEMENT | DOCUMENT SHREDDING AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ALL IN OILFIELD SERVICES | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ALL WEATHER WELL SERVICE INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ALLIANCE SOURCE TESTING | PROPOSAL FOR SAMPLE COLLECTION SERVICES - COLORADO | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ALLIANCE SOURCE TESTING LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ALLRED MINERAL COMPANY LLC | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ALLY CONSULTING LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ALLY ONSITE LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ALLYSON KAY PHILLIPS | OPERATING AGREEMENT WHITING-HOWARD AND MARTINO-WHZ | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ALMQUIST WELDING & FAB | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ALPENGLOW | FO-SPRING CREEK/EST OF RICHARD SIEGAL/AMERICAN/PFG/ALPENGLOW-EFF 2/22/10 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ALTIORE LLC | JOA (KESSEL 44-35PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ALTIORE LLC | JOA (TALKINGTON FEDERAL 21-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ALTITUDE ENERGY PARTNERS LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | ALVAREZ & MARSAL | ENGAGEMENT LETTER | $0.00 |
| WHITING OIL AND GAS CORPORATION | ALVIN G PERIOT AND DOROTHY JEAN MOORE PERIOT | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 06/04/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ALVRONE SATER | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ALVRONE SATER | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ALZHEIMER DISEASE & RELATED | JOA DATED NOVEMBER 1, 2010 (DIETZ 21-17TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | AMERADA HESS CORPORATION | GAS G&P AGREEMENT- POP FEE | $0.00 |
| WHITING OIL AND GAS CORPORATION | AMERADA HESS CORPORATION | GAS G&P AGREEMENT- POP FEE | $0.00 |
| WHITING OIL AND GAS CORPORATION | AMERICAN COMPRESSOR & ENGINE LEASING CO-1734 | COMPRESSOR LEASE AGREEMENT - EFFECTIVE 02/19/2004 | $0.00 |
| WHITING OIL AND GAS CORPORATION | AMERICAN COMPRESSOR & ENGINE LEASING CO-1734 | COMPRESSOR LEASE AGREEMENT - EFFECTIVE 06/06/2003 | $0.00 |
| WHITING OIL AND GAS CORPORATION | AMERICAN COMPRESSOR & ENGINE LEASING CO-1734 | COMPRESSOR LEASE AGREEMENT - EFFECTIVE 09/15/2003 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | AMERICAN COMPRESSOR EQUIPMENT | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING RESOURCES CORPORATION | AMERICAN EAGLE ENERGY CORPORATION | ASSIGNMENT, BILL OF SALE AND CONVEYANCE | $0.00 |
| WHITING RESOURCES CORPORATION | AMERICAN EAGLE ENERGY CORPORATION | PURCHASE AND SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | AMERICAN EQUIPMENT LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | AMERICAN GEOPHYSICAL CORPORATION | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | AMERICAN GEOPHYSICAL CORPORATION | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | AMERICAN GEOPHYSICAL CORPORATION | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | AMERICAN GEOPHYSICAL CORPORATION | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | AMERICAN GEOPHYSICAL CORPORATION AND | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | AMERICAN GEOPHYSICAL CORPORATION ON BEHALF OF PETRO-HUNT, L.L.C. | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | AMERICAN INTERNATIONAL RELOCATION SOLUTIONS, LLC (AIRES) | RELOCATION SERVICES | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | AMERICAN MECHANICAL SERV INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | AMERICAN MECHANICAL SERVICES OF DENVER, LLC | HVAC SERVICE FOR ALL FIELD OFFICES AND SUPPORT BUILDINGS AT REDTAIL | $0.00 |
| WHITING OIL AND GAS CORPORATION | AMERICAN STANDARD ENERGY CORP | JOA DATED AUGUST 1, 2012 (LIEBL 31-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | AMERICAN STANDARD ENERGY CORP | JOA DATED AUGUST 1, 2012 (LIEBL 31-13TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | AMERICAN STATE BANK & TRUST | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 01/21/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ANADARKO PETROLEUM CORP. | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ANADARKO PETROLEUM CORP. | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ANCHOR DRILLING FLUIDS USA INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | ANDEAVOR | FUEL PURCHASE/GAS SALE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | ANDEAVOR FIELD SERVICES | 2ND AMENDMENT TO GAS CONTRACT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ANDEAVOR FIELD SERVICES LLC | 2ND AMENDMENT TO A&R GAS PURCHASE | $0.00 |
| WHITING OIL AND GAS CORPORATION | ANDEAVOR FIELD SERVICES LLC | GAS G&P AGREEMENT- 98/2 POP AND FIXED FEE | $0.00 |
| WHITING OIL AND GAS CORPORATION | ANDEAVOR FIELD SERVICES LLC | GAS G&P AGREEMENT- 98/2 POP AND FIXED FEE | $0.00 |
| WHITING OIL AND GAS CORPORATION | ANDEAVOR FIELD SERVICES LLC | HIDDEN BENCH GATHERING AGREEMENT WITH TESORO | $0.00 |
| WHITING OIL AND GAS CORPORATION | ANDEAVOR FIELD SERVICES LLC | TESORO HIGH PLAINS PIPELINE | $0.00 |
| WHITING OIL AND GAS CORPORATION | ANDERSON FAMILY REVOCABLE | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/16/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ANDREW & CHRISTINE KOCH TRUST | JOA DTD 9/01/10 (MASTEL 41-18TFH UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ANDREW GEE | SEISMIC LICENSE AGREEMENT - EFFECTIVE 07/03/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ANDREW GEE AND KIMBETRLY GEE | SEISMIC DATA LICENSE AGREEMENT | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | ANDREW PAUL HOWARD | OPERATING AGREEMENT WHITING-HOWARD AND MARTINO-WHZ | $0.00 |
| WHITING OIL AND GAS CORPORATION | ANN MAY | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 09/29/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ANNA HART HAZARD | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | ANNA JANE ATTRILL | JOA DTD 8/1/18 (PERIOT 44-20HU BPO) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ANNABELLE HOMES-8737 | OPERATIONS AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ANNABELLE HOMES-8737 | OPERATIONS AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ANNABELLE HOMES-8737 | OPERATIONS AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ANNABELLE HOMES-8737 | OPERATIONS AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ANNABELLE HOMES-8737 | OPERATIONS AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ANNABELLE HOMES-8737 | OPERATIONS AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ANTELOPE ENERGY COMPANY LLC | JOA DTD 6/1/15 (RAZOR FED 30-19 UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ANTELOPE ENERGY COMPANY LLC | JOA DTD 7/01/76 (JEPSON HOLLER DRAW UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ANTELOPE ENERGY COMPANY LLC | JOA DTD 9/27/76 (JEPSON HOLLER DRAW UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ANTELOPE ENERGY COMPANY LLC | UNIT OPERATING AGREEMENT DTD 3/19/96 JEPSON HOLLER DRAW (SHANNON SANDSTONE) UNIT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ANTHONY J KLEIN | JOA DATED APRIL 1, 2009 (BREHM 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ANTHONY J KLEIN | JOA DATED APRIL 1, 2009 (BREHM 13-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ANTON AND KATHRYN CVANCARA | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 10/01/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ANYTIME HYDROEXCAVATION LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | AONE LOIS WEDEL | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 09/29/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | AP ASSETS LLC | JOA DTD 1/1/13 (KALDAHL 24, 34 & 44 AND MILLER 14-12 WELLS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | APACHE DEEPWATER LLC | JOA DATED DECEMBER 1, 2011 (ROGGENBUCK 41-24XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | APACHE DEEPWATER LLC | JOA DATED DECEMBER 1, 2011 (ROGGENBUCK 41-24XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | APACHE DEEPWATER LLC | JOA DATED DECEMBER 1, 2011 (ROGGENBUCK FEDERAL 41-24TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | APACHE DEEPWATER LLC | JOA DATED JULY 1, 2010 (BERNARD ROGGENBUCK 24-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | APACHE DEEPWATER LLC | JOA DATED JULY 1, 2010 (NESS 42-31-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | APACHE DEEPWATER LLC | JOA DATED JULY 1, 2010 (NESS 42-31TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | APACHE DEEPWATER LLC | JOA DATED JULY 1, 2010 (ROGGENBUCK 14-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | APACHE DEEPWATER LLC | JOA DATED NOVEMBER 1, 2009 (CURREN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | APACHE DEEPWATER LLC | JOA DATED NOVEMBER 1, 2009 (CURREN 11-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | APACHE DEEPWATER LLC | JOA DATED NOVEMBER 1, 2009 (CURREN 12-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | APACHE DEEPWATER LLC | JOA DATED NOVEMBER 1, 2009 (OLSON 11-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | APACHE DEEPWATER LLC | JOA DATED NOVEMBER 1, 2012 (NESS 41-31XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | APEG ENERGY LP | JOA DATED MAY 1, 2013 (SUNDHEIM 21-27-1H) | $0.00 |
| WHITING PETROLEUM CORPORATION | APERGY (DBA THETA OILFIELD SERVICES) | SOFTWARE MAINTENANCE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | APERGY (DBA THETA OILFIELD SERVICES) | SOFTWARE MAINTENANCE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | APERGY (DBA THETA OILFIELD SERVICES) | SOFTWARE MAINTENANCE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | APERGY (DBA THETA OILFIELD SERVICES) | SOFTWARE MAINTENANCE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | APERGY (DBA THETA OILFIELD SERVICES) | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | APEX WELL SERVICING INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | APRIL OBENOUR | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 10/01/2008 | $0.00 |
| WHITING PETROLEUM CORPORATION | APTEAN | PROFESSIONAL SERVICES FOR TABWARE SOW | $0.00 |
| WHITING OIL AND GAS CORPORATION | AR ENERGY LLC | JOA (WOLD 16-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARAGON INTERNATIONAL INV., LLC | JOA DTD 9/1/2012 (HELLING 19-18H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARB MIDSTREAM | BAKKEN TRUCKED OIL SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARB MIDSTREAM | BAKKEN TRUCKED OIL SALE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | ARB MIDSTREAM | OIL SALES CONTRACT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ARC ENERGY SERVICE & SUPPLY | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARCHROCK PARTNERS LP | COMPRESSOR - LOCATION HORSETAIL 07 EAST #1 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARCHROCK PARTNERS LP | COMPRESSOR - LOCATION HORSETAIL 07 EAST #2 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARCHROCK PARTNERS LP | COMPRESSOR - LOCATION RAZOR 12F #1 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARCHROCK PARTNERS LP | COMPRESSOR - LOCATION RAZOR 12F #2 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARCHROCK PARTNERS LP | COMPRESSOR - LOCATION RAZOR 25 #1 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARCHROCK PARTNERS LP | COMPRESSOR - LOCATION RAZOR 25 #2 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARCHROCK PARTNERS LP | COMPRESSOR - LOCATION THOMAS 4I IN MCKENZIE, ND | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARCHROCK PARTNERS LP | ENVIRONMENTAL ADDENDUM FOR GENERATOR LEASES | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ARCHROCK SERVICES LP | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARCHROCK SERVICES LP-6714 | AMENDMENT TO COMPRESSION SERVICES AGREEMENT - EFFECTIVE 09/01/2008 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARCHROCK SERVICES LP-6714 | COMPRESSION SERVICES AGREEMENT - EFFECTIVE 09/01/2008 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARCHROCK SERVICES LP-6714 | COMPRESSOR LEASE AGREEMENT - EFFECTIVE 04/07/2017 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARCHROCK SERVICES LP-6714 | COMPRESSOR LEASE AGREEMENT - EFFECTIVE 04/07/2017 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARCHROCK SERVICES LP-6714 | COMPRESSOR LEASE AGREEMENT - EFFECTIVE 04/13/2017 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARCHROCK SERVICES LP-6714 | COMPRESSOR LEASE AGREEMENT - EFFECTIVE 04/13/2017 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARCHROCK SERVICES LP-6714 | COMPRESSOR LEASE AGREEMENT - EFFECTIVE 04/22/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARCHROCK SERVICES LP-6714 | COMPRESSOR LEASE AGREEMENT - EFFECTIVE 04/22/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARCHROCK SERVICES LP-6714 | CONSENT TO ASSIGNMENT - EFFECTIVE 05/08/2015 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARDEAN AAFEDT | JOA DATED MARCH 1, 2008 (STENSETH TRUST 11-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARDEAN HARSTAD | JOA DTD 10/1/18 (BERG TRUST 34-22-TFHU) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | ARDEAN O AAFEDT L/E | JOA DATED MARCH 1, 2008 (OPPEBOEN 12-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARDEAN O AAFEDT L/E | JOA DATED MARCH 1, 2008 (OPPEBOEN 14-5WH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARDEAN O AAFEDT L/E | JOA DATED MARCH 1, 2008 (OPPEBOEN 21-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARDEAN O AAFEDT L/E | JOA DATED MARCH 1, 2008 (OPPEBOEN 21-5TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARDEAN O AAFEDT L/E | JOA DATED MARCH 1, 2008 (STRAND 11-5TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARDIS G BURKHOLDER | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 10/18/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARGIS SOLUTIONS | GENERAL IT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARGIS TECHNOLOGIES LLC | SOFTWARE LICENSE AGREEMENT - EFFECTIVE 01/25/2020 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARLEY AND SANDRA LARSON, JTS | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 06/18/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARLEY LARSON AND SANDRA LARSON | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 05/13/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARLOVE STEVENS | JOA DATED AUGUST 1, 2009 (LAHTI 24-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARLOVE STEVENS | JOA DATED SEPTEMBER 1, 2010 (NIEMITALO #31-15XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARMSTRONG CHILDREN | JOA DATED SEPTEMBER 15, 2007 (MAYNARD URAN TRUST 11-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARMSTRONG CHILDRENS TRUST | JOA DATED SEPTEMBER 15, 2007 (SMITH 41-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARMSTRONG CHILDRENS TRUST | JOA DATED SEPTEMBER 15, 2007 (URAN 11-24-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARMSTRONG CHILDRENS TRUST | JOA DATED SEPTEMBER 15, 2007 (URAN 12-24TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARMSTRONG CHILDRENS TRUST | JOA DATED SEPTEMBER 15, 2007 (URAN 21-24TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARMSTRONG CHILDRENS TRUST | JOA DATED SEPTEMBER 15, 2007 (URAN FEDERAL 22-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARMSTRONG CHILDREN'S TRUST | JOA (RIDL 34-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARMSTRONG CORP | JOA DATED NOVEMBER 1, 2008 (LITTLEFIELD 11-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARMSTRONG MINERALS LLC | JOINT OPERATING AGREEMENT (KOALA 14-32HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARMSTRONG MINERALS, LLC | JOA (JURGENS 34-12PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARMSTRONG OIL LLC | JOA (GOOD SHEPHARD HOME 150-101-15B-22-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARROWHEAD ENERGY INC | JOA DTD 7/01/14 (YOUNG 31-1-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARTHUR J JARED | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARTHUR MOORE WILSON | JOA DTD 8/1/18 (PERIOT 44-20HU BPO) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARTHUR PAJARI & LUCILLE PAJARI | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARTHUR V LANGVED | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARTHUR V LANGVED | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARTHUR V LANGVED | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARTHUR V LANGVED | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARTHUR V LANGVED | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARTHUR V LANGVED | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ARTHUR V LANGVED | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ASHLEY RESOURCES INC | JOA DATED APRIL 1, 2009 (BREHM 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ASHLEY RESOURCES INC | JOA DATED APRIL 1, 2009 (BREHM 13-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ASHLEY RESOURCES INC | JOA DATED APRIL 1, 2009 (HANSEN 44-28-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ASHLEY RESOURCES INC | JOA DATED APRIL 1, 2009 (HANSEN 44-28-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ASHLEY RESOURCES INC | JOA DATED APRIL 1, 2009 (HANSEN 44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ASHLEY RESOURCES INC | JOA DATED APRIL 1, 2009 (HANSEN 44-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ASHLEY RESOURCES INC | JOA DATED NOVEMBER 1, 2010 (ELMER BARTLESON 14-29TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ASHLEY RESOURCES INC | JOA DATED NOVEMBER 1, 2010 (ELSIE BARTLESON FEDERAL 14-29TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ASHLEY RESOURCES INC | JOA DATED NOVEMBER 1, 2010 (PETERSON 41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ASHLEY RESOURCES INC | JOA DATED NOVEMBER 1, 2010 (SMITH #14-29XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ASHWOOD RES | JOA DATED FEBRUARY 1, 2009 (LACEY 11-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ASHWOOD RESOURCES LLC | JOA DATED NOVEMBER 1, 2010 (LACEY #14-1XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ASK TRANSPORTATION INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | ASPECT RESOURCES LLC | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ASSETPOINT LLC | SOFTWARE LICENSE AGREEMENT - EFFECTIVE 02/26/2020 | $868.91 |
| WHITING OIL AND GAS CORPORATION | ASSETPOINT LLC (APTEAN) | SOFTWARE MAINTENANCE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ASSETPOINT LLC-8309 | MSA - SOFTWARE AGREEMENT - EFFECTIVE 01/30/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ASSETPOINT LLC-8309 | STATEMENT OF WORK - EFFECTIVE 02/08/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ASTRO CHEM LAB INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | AT&T MOBILITY | CELLULAR/PHONE AGREEMENT | $3,747.39 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | A-TEXIAN COMPRESSOR INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | A-TEXIAN COMPRESSOR, INC.-1735 | AMENDMENT TO COMPRESSOR LEASE AGREEMENT - EFFECTIVE 07/23/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ATLAS OIL CO | MASTER SERVICES AGREEMENT | $155,192.40 |
| WHITING OIL AND GAS CORPORATION | ATOMIC CAPITAL OIL AND GAS | JOA DTD 12/1/13 (RAZOR 26-23 UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ATP OILFIELD SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | AUCERNA | CONSULTING SERVICES FOR THE AUCERNA PORTFOLIO AND PLANNING SPACE IMPLEMENTATION | $0.00 |
| WHITING OIL AND GAS CORPORATION | AUTODESK, INC. | SOFTWARE MAINTENANCE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | AUTOMATION & ELECTRONICS INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | AVALON NORTH LLC | JOA DATED 10/1/11 (SOLBERG 34-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | AVALON RESOURCES | JOA KEITH WALKER O&G ET AL | $0.00 |
| WHITING OIL AND GAS CORPORATION | AVERY ALKANE LLC | JOA (PRONGHORN FEDERAL 34-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | AVERY ALKANE LLC | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | AVERY ALKANE LLC | JOA DATED NOVEMBER 1, 2010 (DIETZ 21-17TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | AVERY ALKANE LLC | JOA DTD 11/01/10 (LYDIA 41-14PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | AXIS EXPLORATION LLC | JOA DTD 6/08/71 (QUALLS - WXZ TRUST) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | AZ FIELD SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | B & G ROUSTABOUT SERVICE LLC | MASTER SERVICES AGREEMENT | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | B H INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | B&B HOT OIL SERVICE INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | B.O.S. ROUSTABOUT & BACKHOE | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | B-3 HAMMOND LLC | JOA DATED APRIL 1, 2009 (HAUGE 41-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | B-3 HAMMOND LLC | JOA DATED APRIL 1, 2009 (MURRAY 13-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | B-3 HAMMOND LLC | JOA DATED APRIL 1, 2009 (TOLLEFSON 44-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | B-3 HAMMOND LLC | JOA DATED APRIL 1, 2009 (VIOLA PENNINGTON 11-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BACK COUNTRY SPRAYING LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BADGER DAYLIGHTING CORP | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BADLANDS CONSULTING LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BADLANDS DEVELOPMENT LLC-8312 | LAND PURCHASE - EFFECTIVE 12/05/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | BADLANDS DEVELOPMENT LLC-8312 | PURCHASE AND SALE AGREEMENT - EFFECTIVE 12/05/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BADLANDS HYDROTESTING INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BADLANDS POWER FUELS LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BADLANDS SERVICES GROUP LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKER HUGHES SOFTWARE INC | SOFTWARE LICENSE AGREEMENT - EFFECTIVE 07/21/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BAKERSFIELD PIPE & SUPPLY INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT II LP | JOA (DIETZ 34-7PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT II LP | JOA (DULETSKI FEDERAL 34-11) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT II LP | JOA (ROVELSTAD 21-13HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT II LP | JOA (TAYLOR 34-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT II LP | JOA DATED 12/1/11 (JOHNSON 34-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT II LP | JOA DATED 9/1/11 (HELLING 31-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT II LP | JOA DATED APRIL 1, 2011 (KUMMER 34-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT II LP | JOA DATED AUGUST 1, 2009 (DEAL 43-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT II LP | JOA DATED AUGUST 1, 2009 (PLATT #43-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT II LP | JOA DATED AUGUST 1, 2009 (PLATT #44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT II LP | JOA DATED AUGUST 1, 2012 (KJOS 14-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT II LP | JOA DATED AUGUST 1, 2012 (LIEBL 31-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT II LP | JOA DATED AUGUST 1, 2012 (LIEBL 31-13TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT II LP | JOA DATED JULY 1, 2011 (NESS 41-21-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT II LP | JOA DATED JULY 1, 2011 (NESS 41-21-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT II LP | JOA DATED JULY 1, 2011 (NESS 41-21XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT II LP | JOA DATED JULY 1, 2018 (PRONGHORN FEDERAL 41-14PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT II LP | JOA DATED MARCH 1, 2012 (CHERRY STATE 21-16H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT II LP | JOA DATED MAY 1, 2011 (BROWN #41-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT II LP | JOA DATED MAY 1, 2011 (BROWN 41-28-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT II LP | JOA DATED MAY 1, 2011 (BROWN 42-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT II LP | JOA DATED NOVEMBER 1, 2011 (MAKI #41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT II LP | JOA DATED NOVEMBER 1, 2011 (MAKI 41-33-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT II LP | JOA DATED NOVEMBER 1, 2011 (MAKI 42-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT II LP | JOA DATED SEPTEMBER 1, 2009 (LAHTI 12-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT II LP | JOA DATED SEPTEMBER 1, 2009 (NESS 43-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT II LP | JOA DATED SEPTEMBER 1, 2009 (NESS 44-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT II LP | JOA DATED SEPTEMBER 1, 2009 (NESS 44-21TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT II LP | JOA DATED SEPTEMBER 1, 2011 (CURL 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT II LP | JOA DTD 10/1/2018 (THOMAS 44-4HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT II LP | JOA DTD 11/1/18 (KNUT BERG TRUST 41-28 HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT II LP | JOA DTD 11/1/2018 (JACKMAN 34-11-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT II LP | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT II LP | JOA DTD 3/1/18 (EARL 14-34-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT II LP | JOA DTD 3/1/2019 (MARTELL 34-36HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT II LP | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT II LP | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT II LP | JOA DTD 7/1/2017 (VANCE 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT II LP | JOA DTD 8/1/2018 (GILFER 21-15-1TFHU & 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT LP | JOA (FAIRVIEW OVERLOOK FED 34-33HTF) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN HBT LP | JOA (ROVELSTAD 21-13HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN PRODUCTION INC | JOA - REPLACEMENT (KUBAS 11-13TFH, KUBAS 34-12PH, KUBAS 12-13PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN PRODUCTION INC | JOA (DULETSKI FEDERAL 34-11) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN PRODUCTION INC | JOA (JURGENS 34-12PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN PRODUCTION INC | JOA (KESSEL 44-35PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN PRODUCTION INC | JOA (OBRIGEWITCH 11-29PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN PRODUCTION INC | JOA (PRONGHORN FEDERAL 34-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN PRODUCTION INC | JOA (TALKINGTON 21-30TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN PRODUCTION INC | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN PRODUCTION INC | JOA DATED 9/1/11 (DULETSKI 21-13TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN PRODUCTION INC | JOA DATED NOVEMBER 1, 2010 (LYDIA 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN PRODUCTION INC | JOA DTD 11/01/10 (LYDIA 41-14PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN PRODUCTION INC | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN PRODUCTION INC | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKEN PRODUCTION INC | JOA DTD 7/1/2017 (VANCE 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKENLINK PIPELINE LLC-8318 | FACILITIES PIPELINE - LEASE AGREEMENT - EFFECTIVE 10/06/2012 | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | BAKKENLINK PIPELINE LLC-8318 | FACILITIES PIPELINE - POINT CONNECTION AGREEMENT - EFFECTIVE 12/03/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKENLINK PIPELINE LLC-8318 | FACILITIES PIPELINE - POINT CONNECTION AGREEMENT - EFFECTIVE 12/03/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAKKENLINK PIPELINE LLC-8318 | FACILITIES PIPELINE - WELL CONNECTION TERMS AND CONDITIONS - EFFECTIVE 12/03/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BALANCED ENERGY OILFIELD | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BALLANTYNE LEGACY RESOURCES | JOA - REPLACEMENT (KUBAS 11-13TFH, KUBAS 34-12PH, KUBAS 12-13PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BALLANTYNE LEGACY RESOURCES | JOA DATED NOVEMBER 1, 2010 (LYDIA 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BALLANTYNE LEGACY RESOURCES | JOA DTD 11/01/10 (LYDIA 41-14PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BALLANTYNE LEGACY RESOURCES | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BALLANTYNE LEGACY RESOURCES | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BALLANTYNE LEGACY RESOURCES | JOA DTD 7/1/2017 (VANCE 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BANDED IRON US INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BANDED ROCK LLC | JOA DTD 11/1/2018 (JACKMAN 34-11-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BANK OF UTAH | BANKING SERVICES PREPAYMENT AGREEMENT - DATED 3/8/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | BANK OF UTAH | BANKING SERVICES PREPAYMENT AGREEMENT - DATED 6/29/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | BANK OF UTAH | TRUST AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAR Y BAR RANCH INC | SURFACE USE & DAMAGE AGREEMENT - WELD COUNTY, CO - DATED 06/08/2015 | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAR Y BAR RANCH INC | SURFACE USE & DAMAGE AGREEMENT - WELD COUNTY, CO - DATED 06/08/2015 | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAR Y BAR RANCH INC | SURFACE USE & DAMAGE AGREEMENT - WELD COUNTY, CO - DATED 06/08/2015 | $0.00 |
| WHITING OIL AND GAS CORPORATION | BAR Y BAR RANCH INC | SURFACE USE & DAMAGE AGREEMENT - WELD COUNTY, CO - DATED 06/08/2015 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BARANKO BROS INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BARBARA M BURGESS | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/16/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | BARBARA STEELE | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING PETROLEUM CORPORATION | BARR ENGINEERING CO | PROPOSAL FOR ACTS SUPPORT SERVICES | $0.00 |
| WHITING PETROLEUM CORPORATION | BARR ENGINEERING CO | PROPOSAL FOR LDAR AT RAY GAS PLANT | $0.00 |
| WHITING PETROLEUM CORPORATION | BARR ENGINEERING CO | PROPOSAL FOR LDAR AT REDTAIL GAS PLANT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BARR ENGINEERING COMPANY | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BARTLETT & WEST INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BASIC ENERGY SERVICES LP | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BASIN ACQUISITION FUND, LP | SEISMIC LICENSE AGREEMENT - EFFECTIVE 08/19/2015 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BASIN CONCRETE INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BASIN FILTRATION SYSTEMS AND | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BASIN SERVICE COMPANY INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BASWARE INC. | GENERAL IT AGREEMENT | $1,462.50 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BAU OIL SERVICES CORP | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BB MANAGEMENT LLC | JOA (KESSEL 11-26PH; 21-26PH; 41-26PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BCSP DENVER PROPERTY LLC | DENVER OFFICE LEASE -- DATED 8/16/2018, AS AMENDED | $32,812.08 |
| WHITING OIL AND GAS CORPORATION | BEACHBUMS ENERGY LLC | JOA (KESSEL 11-26PH; 21-26PH; 41-26PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BEAR CREEK ENERGY | JOA DTD 11/01/10 (LYDIA 41-14PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BEAR CREEK ENGINEERING LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BEARTOOTH RIDGE RESOURCES INC | JOA DATED APRIL 1, 2009 (HAUGE 41-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BEARTOOTH RIDGE RESOURCES INC | JOA DATED APRIL 1, 2009 (MURRAY 13-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BEARTOOTH RIDGE RESOURCES INC | JOA DATED APRIL 1, 2009 (TOLLEFSON 44-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BEARTOOTH RIDGE RESOURCES INC | JOA DATED APRIL 1, 2009 (VIOLA PENNINGTON 11-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BEATRICE I HANSON | JOA DTD 8/1/18 (PERIOT 44-20HU BPO) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BEAVER CREEK LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BEAVER INVESTMENTS LLP | JOA (LAROQUE 34-12H AND 34-12-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BEDICO LLC | JOA (PAVLISH 31-30PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BEDICO LLC | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BEDICO LLC | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BEL FOURCHE PIPELINE | ASSIGNMENT, ASSUMPTION, RELEASE AND NOVATION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BELLE FOURCHE PIPELINE COMPANY | FIRM SALE BAKKEN OIL AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BEN C WALL | JOA DTD 8/1/18 (PERIOT 44-20HU BPO) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BENJAMIN E PERKINS | JOA (ROVELSTAD 21-13HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BENJAMIN J LARSON | JOA (SOVIG 150-100-22C-15-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BENJAMIN J LARSON | JOA DATED 10/1/11 (SOLBERG 34-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BENJAMIN J LARSON | JOA DATED APRIL 1, 2009 (LEE 41-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BENZ OIL CO INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BEST ENERGY INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BETTE L KNABE TTEE | JOA DATED JUNE 1, 2008 (OLSON FEDERAL 42-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BETTY JANE HARPER | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | BETTY LOU BEAN WILLARD | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 12/12/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION | BEVERLY ANN HUMENYIK | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/16/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | BEVERLY J FORTHUN | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 11/21/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | BEYOND HORIZON LLC | JOA DATED FEBRUARY 1, 2011 (EIDE 11-6H P&A'D SHELDON 11-6TFH HBP) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BF ENERGY LLC | JOA (KESSEL 11-26PH; 21-26PH; 41-26PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BHH INVESTMENTS LLC | JOA DTD 11/1/2018 (JACKMAN 34-11-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BHS INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BID GROUP LLC | JOA (KESSEL 11-26PH; 21-26PH; 41-26PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BIG HORN ANCHOR SERVICE INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BIG LAKE OIL COMPANY LLC | JOA (FRICK 24-8-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BIG LAKE OIL COMPANY LLC | JOA (WOLD 16-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BIG RED HOT OIL SERVICE INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BIG ROY TRUCKING INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BIGHORN VAC INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BIGSKY OIL & GAS LLC | JOA (LOOMER 44-33TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BIGSKY OIL & GAS LLC | JOA DATED APRIL 1, 2009 (BREHM 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BIGSKY OIL & GAS LLC | JOA DATED APRIL 1, 2009 (BREHM 13-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BIGSKY OIL & GAS LLC | JOA DATED SEPTEMBER 1, 2009 (SATTERTHWAITE 43-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BIGSKY OIL & GAS LLC | JOA DATED SEPTEMBER 1, 2009 (SATTERTHWAITE 44-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BIGSKY OIL & GAS LLC | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BILADEAU HOLDINGS LLC | SURFACE AGREEMENT - MOUNTRAIL COUNTY, ND - DATED 08/12/2009 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BILFINGER WESTCON INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | BILL BARRETT CORPORATION (NOW HIGH POINT RESOURCES) | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BILL L SEERUP | JOA DTD 3/1/2019 (MARTELL 34-36HU) | $0.00 |
| WHITING PETROLEUM CORPORATION | BILL L. CADMAN | INDEMNIFICATION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BILLY & MARION SMITH FAMILY TR | SALT WATER DISPOSAL AGREEMENT - YOAKUM COUNTY, TX - DATED 01/01/1994 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BIO TECH INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BIP DRILLCO LLC | JOA - CHAMELEON STATE 31-16HU | $0.00 |
| WHITING OIL AND GAS CORPORATION | BIP DRILLCO LLC | JOA (SKAAR FEDERAL 41-3TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BIP DRILLCO LLC | JOA DATED JANUARY 1, 2011 (ARTHAUD 21-29TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BIP DRILLCO LLC | JOA DATED MARCH 1, 2011 (DULETSKI 21-16TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BIP DRILLCO LLC | JOA DATED MARCH 1, 2012 (CHERRY STATE 21-16H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BIP DRILLCO LLC | JOA DTD 10/1/2017 (NELSON 11-18-2TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BIP DRILLCO LLC | JOA DTD 4/1/2017 (NELSON 11-18-2TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BIP DRILLCO LLC | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BIP DRILLCO LLC | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BIP DRILLCO LLC | JOA FOR PALUCK 21-28TFH | $0.00 |
| WHITING OIL AND GAS CORPORATION | BIP DRILLCO LLC | JOINT OPERATING AGREEMENT (CHAMELEON STATE 153-97-16-21-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BJ SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BJC INVESTMENTS LLC | JOA DATED JANUARY 1, 2013 (P EVITT 154-98-13-12-2-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BJC INVESTMENTS LLC | JOA DTD 7/1/18 (MOEN 41-2-6HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BLAC FRAC TANKS INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLACK BEAR RESOURCES II LLC | JOA (DOLYNIUK 11-25PH; 21-25PH; 41-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLACK BEAR RESOURCES II LLC | JOA (HECKER 14-7PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLACK BEAR RESOURCES II LLC | JOA (KESSEL 11-26PH; 21-26PH; 41-26PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLACK BEAR RESOURCES II LLC | JOA DATED 9/1/11 (HELLING 31-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLACK BEAR RESOURCES II LLC | JOA DTD 03/01/14 (DOLYNIUK 21-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLACK BEAR RESOURCES II LLC | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLACK BEAR RESOURCES III LLC | JOA (DOLYNIUK 11-25PH; 21-25PH; 41-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLACK BEAR RESOURCES III LLC | JOA DTD 03/01/14 (DOLYNIUK 21-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLACK BEAR RESOURCES LLLP | JOA (DOLYNIUK 11-25PH; 21-25PH; 41-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLACK BEAR RESOURCES LLLP | JOA (KESSEL 11-26PH; 21-26PH; 41-26PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLACK BEAR RESOURCES LLLP | JOA DTD 03/01/14 (DOLYNIUK 21-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLACK BEAR RESOURCES LLLP | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLACK BULLION LLC | JOA DATED FEBRUARY 1, 2012 (CYMBALUK 21-15PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BLACK HAWK ENERGY SERVICES LTD | MASTER SERVICES AGREEMENT | $30,932.57 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BLACK HILLS TRUCKING INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLACK STONE ENERGY CO LLC | JOA (GREGORY WRIGHT FEDERAL 41-5H & 41-5-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLACK STONE ENERGY CO LLC | JOA (JURGENS 34-12PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLACK STONE ENERGY CO LLC | JOA (SCHILKE 34-32) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLACK STONE ENERGY CO LLC | JOA DATED 12/1/11 (JOHNSON 34-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLACK STONE ENERGY CO LLC | JOA DATED 9/1/11 (HELLING 31-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLACK STONE ENERGY CO LLC | JOA DATED APRIL 1, 2011 (KUMMER 34-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLACK STONE ENERGY CO LLC | JOA DATED AUGUST 1, 2012 (SONDROL 11-3H & SONDROL 11-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLACK STONE ENERGY CO LLC | JOA DTD 11/01/10 (LYDIA 41-14PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLACK STONE ENERGY COMPANY, LLC | PARTICIPATION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLACK STONE MINERALS CO LP | JOA DATED JANUARY 1, 2012 (MORK TRUST 21-17H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLACK STONE MINERALS COMPANY, LP | PARTICIPATION AGREEMENT | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | BLACKBEND OIL & GAS LLC | JOA (DIETZ 34-7PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLACKBEND OIL & GAS LLC | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLACKBEND OIL & GAS LLC | JOA DTD 04/01/17 (ANNA 14-8-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLACKBEND OIL & GAS LLC | JOA DTD 10/1/2017 (CAVALLI STATE 34-9-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLACKBEND OIL & GAS LLC | JOA DTD 11/1/2018 (JACKMAN 34-11-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLACKBEND OIL & GAS LLC | JOA DTD 5/1/2017 (JACKMAN 44-10 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BLACKDUCK POWER EQUIPMENT INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BLACKEAGLE ENERGY SERVICES | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BLACKHAWK EQUIPMENT CORP | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BLACKOUT ENERGY SERVICES INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLACKSTREAM ENERGY LLC | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLAISE ENERGY INC-4822 | ADDENDUM TO MASTER SERVICES AGREEMENT - EFFECTIVE 08/31/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLAKE HART | JOA DTD 7/1/18 (MOEN 41-2-6HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLAKE OIL & GAS CORPORATION | JOA (DOLYNIUK 11-25PH; 21-25PH; 41-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLAKE OIL & GAS CORPORATION | JOA DTD 03/01/14 (DOLYNIUK 21-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLING RESOURCES LLC | JOA DTD 9/01/10 (MASTEL 41-18TFH UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLOOMBERG BNA | SOFTWARE SUBSCRIPTION - EFFECTIVE 11/25/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLOOMBERG BNA | SOFTWARE SUBSCRIPTION - EFFECTIVE 11/25/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLOOMBERG LP | BLOOMBERG AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | BLOOMBERG LP | BLOOMBERG WORKSTATIONS LICENSING AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLUE LIGHTNING | NETWORK SUBSCRIPTION AGREEMENT - EFFECTIVE 03/26/2019 | $2,394.58 |
| WHITING OIL AND GAS CORPORATION | BLUE LIGHTNING | PHONE/INTERNET AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | BLUE LIGHTNING | REDTAIL INTERNET SERVICE | $0.00 |
| WHITING PETROLEUM CORPORATION | BLUE MARBLE GEOGRAPHICS | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLUE RIDGE ENERGY LLC | JOA (KESSEL 11-26PH; 21-26PH; 41-26PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLUE SKY PROPERTIES LLC | JOA DATED JULY 1, 2018 (PRONGHORN FEDERAL 41-14PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLUEFIN PARTNERS LLC | JOA - OBRIGEWITCH 41-29PHU | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLUEFIN PARTNERS LLC | JOA (DOLYNIUK 11-25PH; 21-25PH; 41-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLUEFIN PARTNERS LLC | JOA (KESSEL 11-26PH; 21-26PH; 41-26PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLUEFIN PARTNERS LLC | JOA (OBRIGEWITCH 11-29PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLUEFIN PARTNERS LLC | JOA (OBRIGEWITCH 11-29PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BLUEFIN PARTNERS LLC | JOA DTD 03/01/14 (DOLYNIUK 21-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BLUEPRINT ENERGY PARTNERS LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BNN | SALT WATER DISPOSAL AGREEMENT - EFFECTIVE 02/21/2017 | $0.00 |
| WHITING OIL AND GAS CORPORATION | BNN | SW3901 WATER GATHERING AND DISPOSAL (MVC FOR 3 YEARS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BNN | SW3902 WATER GATHERING AND DISPOSAL (MVC FOR 3 YEARS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BNN | SW3903 WATER GATHERING AND DISPOSAL (MVC FOR 3 YEARS) | $0.00 |
| WHITING PETROLEUM CORPORATION | BNN NORTH DAKOTA | AMENDED AND RESTATED WATER GATHERING AND DISPOSAL AGREEMENT EFFECTIVE 7/1/2019 | $2,022,058.75 |
| WHITING PETROLEUM CORPORATION | BNN NORTH DAKOTA | SETTLEMENT AND RELEASE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BNN NORTH DAKOTA LLC (ACQUIRED BUCKHORN SWD SOLUTIONS AND BUCKHORN ENERGY SERVICES IN FEB 2018) | BUCKHORN SALT WATER DISPOSAL | $0.00 |
| WHITING OIL AND GAS CORPORATION | BNN WESTERN, LLC | SURFACE USE AGREEMENT AND WATER DISPOSAL AGREEMENT DATED 12/16/2015 | $0.00 |
| WHITING OIL AND GAS CORPORATION | BNSF RAILWAY CO | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BNSF RAILWAY CO | JOA DTD 3/1/2019 (MARTELL 34-36HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BNSF RAILWAY COMPANY | COMMUNICATION SITE - WILLIAMS COUNTY, ND - DATED 08/01/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | BOARDVANTAGE, INC. | GENERAL IT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BOBBY POWELL CONSTRUCTION INC. | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BOBS OILFIELD SERVICE INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BOEDECKER RESOURCES | JOA (DOLYNIUK 11-25PH; 21-25PH; 41-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BOEDECKER RESOURCES | JOA (LOIS MOEN 44-34HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BOEDECKER RESOURCES | JOA (RJ MOEN 41-26HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BOEDECKER RESOURCES | JOA DATED NOVEMBER 1, 2010 (ARNEGARD 21-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BOEDECKER RESOURCES | JOA DTD 03/01/14 (DOLYNIUK 21-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BOEDECKER RESOURCES, C/O RUTH BOEDECKER | JOA DATED SEPTEMBER 1, 2011 (CURL 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BOH INC-3544 | WATER GATHERING AND DISPOSAL AGREEMENT - EFFECTIVE 07/11/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | BOH INC-3544 | WATER GATHERING AND DISPOSAL AGREEMENT - EFFECTIVE 12/13/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION | BOH MIDSTREAM | WATER GATHERING AND DISPOSAL AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BOKF PETRO HOLDING LLC | JOA DATED OCTOBER 1, 2011, (BARTER 21-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BOKF PETRO HOLDING LLC | JOA DTD 10/1/11 (BARTER 21-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BORDER STATES INDUSTRIES INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BORGOIL RESOURCES LLP | JOA (LOOMER 44-33TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BORSHEIM CRANE SERVICE LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BOSQUE DISPOSAL SYSTEMS LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BOYD & MCWILLIAMS | FARMOUT AGREEMENT WOGC AND BASIN OIL AND GAS | $0.00 |
| WHITING OIL AND GAS CORPORATION | BP AMERICA PRODUCTION COMPANY | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BP AMERICA PRODUCTION COMPANY | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | BP ENERGY COMPANY | CONFIRMATION FOR DELIVERY OF LIQUID HYDROCARBON: NGL DEMETHANIZED RAW GRADE MIX (Y-GRADE) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BP ENERGY COMPANY | PHYSICAL NGL PURCHASE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BP ENERGY COMPANY | PHYSICAL NGL PURCHASE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BP ENERGY COMPANY | Y GRADE PURCHASE AGREEMENT AT REDTAIL GAS PLANT | $0.00 |
| WHITING PETROLEUM CORPORATION | BPI-BOH | WATER GATHERING AND DISPOSAL AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | BRACEWELL & GIULIANI LLP | ENGAGEMENT LETTER - EFFECTIVE 11/05/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BRAD CONSULTING | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | BRAD HOLLY | EXECUTIVE EMPLOYMENT AND SEVERANCE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BRADFORD ALLEGHENY BAKKEN I LP | JOA (THURLOW WILLIAMS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BRADFORD ENERGY CAPITAL LLC | JOA (PERZINSKI FAMILY TRUST 34-19PH) | $0.00 |
| WHITING PETROLEUM CORPORATION | BRADLEY J. HOLLY | INDEMNIFICATION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BRADLEY NESHEIM | SURFACE AGREEMENT - MOUNTRAIL COUNTY, ND - DATED 01/26/2012 | $0.00 |
| WHITING PETROLEUM CORPORATION | BRAINSTORM | ONLINE CLOUD-BASED QUICKHELP SOFTWARE APPLICATION (SAAS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BRAINSTORM INC | IT SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BRAND X HYDROVAC SERVICES INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BRAUN INTERTEC CORPORATION | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BRAUN TRUCKING INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BRECKENRIDGE EXPLORATION | AGREEMENT FOR GEOPHYSICAL SERVICES - EFFECTIVE 06/08/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | BREITBURN OPERATING L.P | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BREITBURN OPERATING L.P. | PSA POSTLE NE HARDESTY | $0.00 |
| WHITING OIL AND GAS CORPORATION | BREITBURN OPERATING LP | SEISMIC LICENSE AGREEMENT - EFFECTIVE 11/01/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | BRENDA SCHUMACHER | JOA (KESSEL 11-26PH; 21-26PH; 41-26PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BRENDALL ENERGY LLC | JOA DATED APRIL 1, 2009 (BREHM 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BRENDALL ENERGY LLC | JOA DATED APRIL 1, 2009 (BREHM 13-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BRENT M BIBLER | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 08/26/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | BRENT M BIBLER | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 08/26/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | BRENT M BIBLER | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/17/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | BRENT O HAUGE & CATHERINE A | SURFACE USE & DAMAGE AGREEMENT - MOUNTRAIL COUNTY, ND - DATED 05/02/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | BRI CONSULTING GROUP INC | ENGAGEMENT LETTER - EFFECTIVE 11/07/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | BRI CONSULTING GROUP INC | ENGAGEMENT LETTER - EFFECTIVE 11/07/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | BRIAN P HAGEN | JOA DTD 11/1/18 (KNUT BERG TRUST 41-28 HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BRIDGEPOINT MINERAL | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BRIDGER PIPELINE | ASSIGNMENT, ASSUMPTION, RELEASE AND NOVATION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BRIDGER PIPELINE LLC | PRECEDENT AGREEMENTS LETTER | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BRIGADE ENERGY SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BRIGHAM CONSTRUCTION INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING RESOURCES CORPORATION | BRIGHAM OIL & GAS, L.P. | OPERATING AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BROAD CREEK RESOURCES LLC | JOA DATED AUGUST 1, 2009 (DEAL 43-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BROAD CREEK RESOURCES LLC | JOA DATED AUGUST 1, 2009 (PLATT #43-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BROAD CREEK RESOURCES LLC | JOA DATED AUGUST 1, 2009 (PLATT #44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BROAD CREEK RESOURCES LLC | JOA DATED MAY 1, 2011 (BROWN #41-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BROAD CREEK RESOURCES LLC | JOA DATED MAY 1, 2011 (BROWN 41-28-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BROAD CREEK RESOURCES LLC | JOA DATED MAY 1, 2011 (BROWN 42-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BROAD CREEK RESOURCES LLC | JOA DATED NOVEMBER 1, 2011 (MAKI #41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BROAD CREEK RESOURCES LLC | JOA DATED NOVEMBER 1, 2011 (MAKI 41-33-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BROAD CREEK RESOURCES LLC | JOA DATED NOVEMBER 1, 2011 (MAKI 42-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BROAD CREEK RESOURCES LLC | JOA DATED OCTOBER 1, 2009 (CARL KANNIANEN 24-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BROAD CREEK RESOURCES LLC | JOA DATED OCTOBER 1, 2009 (HARTSTROM 24-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BROAD CREEK RESOURCES LLC | JOA DATED OCTOBER 1, 2009 (KANNAINEN 43-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BROAD CREEK RESOURCES LLC | JOA DATED OCTOBER 1, 2009 (KANNAINEN 44-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BROAD CREEK RESOURCES LLC | JOA DATED OCTOBER 1, 2009 (WHITE 43-33TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BROOKS ENERGY INC | JOA DTD 11/1/2017 (FLINT 41-5-1HU & 6TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BROOKS ENERGY INC | JOA DTD 3/1/18 (EARL 14-34-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BROOKS ENERGY INC | JOA DTD 8/1/2018 (GILFER 21-15-1TFHU & 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BROOKSIDE HOLDINGS INC | JOA DATED MARCH 3, 1995 (INNOVATIVE LAND 2-29) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BROUGHTON PETROLEUM INC | KEYSTONE CATTLE 19-1 | $0.00 |
| WHITING OIL AND GAS CORPORATION | BRUCE ALEXANDER BLAKE HERITAGE | JOA (OBRIGEWITCH 44-20PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BRUCE ALEXANDER BLAKE HERITAGE | JOA 1/01/12 (OBRIGEWITCH 41-16PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BRUCE AND BEVERLY CONWAY | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 03/15/2010 | $0.00 |
| WHITING PETROLEUM CORPORATION | BRUCE DEBOER | EXECUTIVE EMPLOYMENT AND SEVERANCE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | BRUCE DEBOER | INDEMNIFICATION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BRUCE HELLING | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BRUCE HELLING | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 04/27/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | BRUCE W BLAKE | JOA (DOLYNIUK 11-25PH; 21-25PH; 41-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BRUCE W BLAKE | JOA DTD 03/01/14 (DOLYNIUK 21-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BRUCE W BLAKE | JOA DTD 5/1/17 (NELSON 14-8-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BRUIN E&P | JOA DATED FEBRUARY 1, 2012 (FORT BERTHOLD 152-93-9C-10-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BRYAN A GUMM | JOA (KOALA FEDERAL 31-25HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BRYAN A GUMM | JOA DTD 3/01/12 (SOLBERG 44-11PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BRYAN A GUMM | JOA DTD 7/1/2017 (VANCE 44-9H) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | BRYAN A GUMM | JOINT OPERATING AGREEMENT FOR SOLBERG 34-11PH | $0.00 |
| WHITING OIL AND GAS CORPORATION | BRYAN A KOSTELECKY | JOA (PRONGHORN FEDERAL 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BRYAN A KOSTELECKY | JOA DATED JULY 1, 2018 (PRONGHORN FEDERAL 41-14PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BRYAN A KOSTELECKY | JOA DATED JUNE 1, 2012 (WATTS 42-21-1HR) | $0.00 |
| WHITING RESOURCES CORPORATION | BTA OIL PRODUCERS LLC | PURCHASE AND SALE AGREEMENT (KODIAK AS BUYER) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BTA OIL PRODUCERS LLC | SALT WATER DISPOSAL AGREEMENT - BILLINGS COUNTY, ND - DATED 09/01/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | BTA OIL PRODUCERS LLC | SALT WATER DISPOSAL AGREEMENT - WILLIAMS COUNTY, ND - DATED 08/26/2010 | $0.00 |
| WHITING RESOURCES CORPORATION | BTA OIL PRODUCES, LLC | FIRST AMENDMENT TO PURCHASE AND SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BUC-JAG INVESTMENTS LP | JOA (PAVLISH 31-30PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BUC-JAG INVESTMENTS LP | JOA DTD 10/1/2017 (NELSON 11-18-2TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BUC-JAG INVESTMENTS LP | JOA DTD 4/1/2017 (NELSON 11-18-2TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BUC-JAG INVESTMENTS LP | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BUC-JAG INVESTMENTS LP | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BUCK HORN LP | JOA (PERZINSKI FAMILY TRUST 34-19PH) | $0.00 |
| WHITING PETROLEUM CORPORATION | BUCKHORN | SALT WATER DISPOSAL AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BUCKHORN ENERGY OAKS DISPOSAL | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BUCKHORN ENERGY SERVICES LLC-4951 | SALT WATER DISPOSAL AGREEMENT - EFFECTIVE 10/30/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | BUCKHORN ENERGY SERVICES LLC-4951 | WATER GATHERING AGREEMENT - EFFECTIVE 06/16/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BUCKHORN MEASUREMENT SERVICES | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BUCKHORN SWD SOLUTIONS LLC-8170 | SALT WATER DISPOSAL AGREEMENT - EFFECTIVE 03/03/2017 | $0.00 |
| WHITING OIL AND GAS CORPORATION | BUCKHORN SWD SOLUTIONS LLC-8170 | SALT WATER DISPOSAL AGREEMENT - EFFECTIVE 06/27/2017 | $0.00 |
| WHITING OIL AND GAS CORPORATION | BUCKHORN SWD SOLUTIONS LLC-8170 | WATER GATHERING AND DISPOSAL AGREEMENT - EFFECTIVE 07/10/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | BULLDOG ONE OIL & GAS INC | JOA DTD 8/1/2018 (GILFER 21-15-1TFHU & 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BULLDOG SERVICES LLP | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BUMAN TRUST | JOA DATED NOVEMBER 1, 2010 (DIETZ 21-17TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BUREAU VERITAS NORTH | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BURLINGTON RESOURCES O&G CO LP | JOA - CHAMELEON STATE 31-16HU | $0.00 |
| WHITING OIL AND GAS CORPORATION | BURLINGTON RESOURCES O&G CO LP | JOA (FRICK 24-8-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BURLINGTON RESOURCES O&G CO LP | JOA DATED APRIL 1, 2012 (LONE BUTTE PATRICIA #24-25-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BURLINGTON RESOURCES O&G CO LP | JOA DATED AUGUST 1, 2009 (DEAL 43-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BURLINGTON RESOURCES O&G CO LP | JOA DATED AUGUST 1, 2009 (PLATT #43-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BURLINGTON RESOURCES O&G CO LP | JOA DATED AUGUST 1, 2009 (PLATT #44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BURLINGTON RESOURCES O&G CO LP | JOA DATED JULY 1, 2010 (HEIPLE 14-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BURLINGTON RESOURCES O&G CO LP | JOA DATED JULY 1, 2010 (OGDEN 13-3TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BURLINGTON RESOURCES O&G CO LP | JOA DATED JULY 1, 2010 (OGDEN 14-3TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BURLINGTON RESOURCES O&G CO LP | JOA DATED JULY 1, 2011 (NESS 41-21-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BURLINGTON RESOURCES O&G CO LP | JOA DATED JULY 1, 2011 (NESS 41-21-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BURLINGTON RESOURCES O&G CO LP | JOA DATED JULY 1, 2011 (NESS 41-21XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BURLINGTON RESOURCES O&G CO LP | JOA DATED MAY 1, 2011 (BROWN #41-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BURLINGTON RESOURCES O&G CO LP | JOA DATED MAY 1, 2011 (BROWN 41-28-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BURLINGTON RESOURCES O&G CO LP | JOA DATED MAY 1, 2011 (BROWN 42-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BURLINGTON RESOURCES O&G CO LP | JOA DATED NOVEMBER 1, 2011 (MAKI #41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BURLINGTON RESOURCES O&G CO LP | JOA DATED NOVEMBER 1, 2011 (MAKI 41-33-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BURLINGTON RESOURCES O&G CO LP | JOA DATED NOVEMBER 1, 2011 (MAKI 42-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BURLINGTON RESOURCES O&G CO LP | JOA DATED OCTOBER 1, 2009 (CARL KANNIANEN 24-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BURLINGTON RESOURCES O&G CO LP | JOA DATED OCTOBER 1, 2009 (HARTSTROM 24-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BURLINGTON RESOURCES O&G CO LP | JOA DATED OCTOBER 1, 2009 (KANNAINEN 43-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BURLINGTON RESOURCES O&G CO LP | JOA DATED OCTOBER 1, 2009 (KANNAINEN 44-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BURLINGTON RESOURCES O&G CO LP | JOA DATED OCTOBER 1, 2009 (WHITE 43-33TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BURLINGTON RESOURCES O&G CO LP | JOA DATED SEPTEMBER 1, 2009 (HEIPLE 11-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BURLINGTON RESOURCES O&G CO LP | JOA DATED SEPTEMBER 1, 2009 (LAHTI 12-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BURLINGTON RESOURCES O&G CO LP | JOA DATED SEPTEMBER 1, 2009 (NESS 43-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BURLINGTON RESOURCES O&G CO LP | JOA DATED SEPTEMBER 1, 2009 (NESS 44-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BURLINGTON RESOURCES O&G CO LP | JOA DATED SEPTEMBER 1, 2009 (NESS 44-21TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BURLINGTON RESOURCES O&G CO LP | JOA DATED SEPTEMBER 1, 2009 (OGDEN #11-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BURLINGTON RESOURCES O&G CO LP | JOA DATED SEPTEMBER 1, 2009 (OGDEN 12-3-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BURLINGTON RESOURCES O&G CO LP | JOA DATED SEPTEMBER 1, 2009 (OGDEN 12-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BURLINGTON RESOURCES O&G CO LP | JOA DTD 11/1/18 (KNUT BERG TRUST 41-28 HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BURLINGTON RESOURCES O&G CO LP | JOINT OPERATING AGREEMENT (CHAMELEON STATE 153-97-16-21-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BURLINGTON RESOURCES OIL & GAS COMPANY LP | PURCHASE AND SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BURLINGTON RESOURCES OIL & GAS LP, C/O CROWNQUEST OPERATING LLC | WATER RIGHTS - GAINES COUNTY, TX - DATED 04/18/2001 | $0.00 |
| WHITING OIL AND GAS CORPORATION | BURLINGTON RESOURCES, INC | SURFACE AGREEMENT - BILLINGS COUNTY, ND - DATED 12/14/1987 | $0.00 |
| WHITING OIL AND GAS CORPORATION | BURNS H MCFARLAND | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | BURTON CHUDACOFF | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BUSY BEES HOT OIL INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BUTCHS RAT HOLE & ANCHOR | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | BUTLER MACHINERY COMPANY | MASTER SERVICES AGREEMENT | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING PETROLEUM CORPORATION | BUTLER, SNOW, O'MARA, STEVENS & CANADA, PLLC | ENGAGEMENT LETTER - EFFECTIVE 12/13/2007 | $0.00 |
| WHITING OIL AND GAS CORPORATION | BUTTE PIPELINE | ASSIGNMENT, ASSUMPTION, RELEASE AND NOVATION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | BWB OPERATING INC | JOA DTD 2/1/2019 (MOLINE 31-14-5TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BXP PARTNERS | JOA DATED APRIL 1, 2008 (KANNIANEN 11-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BXP PARTNERS | JOA DATED JUNE 1, 2008 (RICHARDSON FEDERAL 11-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BXP PARTNERS III LP | JOA - REPLACEMENT (KUBAS 11-13TFH, KUBAS 34-12PH, KUBAS 12-13PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BXP PARTNERS III LP | JOA (FRICK 24-8-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BXP PARTNERS III LP | JOA (SOVIG 150-100-22C-15-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BXP PARTNERS III LP | JOA (WOLD 16-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BXP PARTNERS III LP | JOA DATED APRIL 1, 2008 (CARL KANNIANEN 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BXP PARTNERS III LP | JOA DATED APRIL 1, 2008 (KANNIANEN 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BXP PARTNERS III LP | JOA DATED APRIL 1, 2008 (PATTEN 44-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BXP PARTNERS III LP | JOA DATED APRIL 1, 2008 (ROBERT PATTEN 44-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BXP PARTNERS III LP | JOA DATED JANUARY 1, 2010 (RON OLSON 31-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BXP PARTNERS III LP | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BXP PARTNERS III LP | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BXP PARTNERS III LP | JOA DATED JANUARY 1, 2011 (WALDOCK FEDERAL 14-4-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BXP PARTNERS III LP | JOA DATED JANUARY 1, 2013 (P EVITT 154-98-13-12-2-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BXP PARTNERS III LP | JOA DATED JUNE 1, 2008 (OLSON FEDERAL 42-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BXP PARTNERS III LP | JOA DATED JUNE 1, 2008 (RODNEY OLSON FEDERAL 42-8-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BXP PARTNERS III LP | JOA DATED MAY 1, 2010 (LOCKEN 14-9XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BXP PARTNERS III LP | JOA DATED MAY 1, 2010 (LOCKEN 43-8XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BXP PARTNERS III LP | JOA DATED MAY 1, 2010 (RIGEL STATE 11-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BXP PARTNERS III LP | JOA DTD 11/1/18 (KNUT BERG TRUST 41-28 HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BXP PARTNERS III, LP | JOA (BINSTOCK 21-30TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | BYRON CONNELL & | SURFACE AGREEMENT - BILLINGS COUNTY, ND - DATED 07/18/1989 | $0.00 |
| WHITING OIL AND GAS CORPORATION | BYRON RICHARD | SURFACE AGREEMENT - STARK COUNTY, ND - DATED 08/26/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | C & G ELECTRICAL SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | C & J SPEC-RENT SERVICES INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | C KING OIL INC | JOA DTD 1/1/13 (KALDAHL 24, 34 & 44 AND MILLER 14-12 WELLS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | C WAYNE VANCE | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/17/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | C WAYNE VANCE | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 12/02/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | C WAYNE VANCE | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 12/13/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | C&H TESTING SERVICE LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CACHE TRUCKING LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CADE PRODUCTION | JOA DATED 12/1/11 (OBRIGEWITCH 21-16TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CADE PRODUCTION | JOA DATED AUGUST 1, 2011 (BRUENI 21-16TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CADE PRODUCTION | JOA DATED JUNE 11, 2011 (DRS FEDERAL 24-24TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CADE PRODUCTION LLC | FOJOA DATED SEPTEMBER 28, 2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | CADE PRODUCTION LLC | JOA - FRANK 44-7PHU | $0.00 |
| WHITING OIL AND GAS CORPORATION | CADE PRODUCTION LLC | JOA - REPLACEMENT (KUBAS 11-13TFH, KUBAS 34-12PH, KUBAS 12-13PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CADE PRODUCTION LLC | JOA (BINSTOCK 21-30TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CADE PRODUCTION LLC | JOA (DIETZ 34-7PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CADE PRODUCTION LLC | JOA (HECKER 14-7PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CADE PRODUCTION LLC | JOA (OBRIGEWITCH 11-29PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CADE PRODUCTION LLC | JOA (OBRIGEWITCH 44-20PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CADE PRODUCTION LLC | JOA (PRIVRATSKY 11-27PH, 21-27PH AND 41-27PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CADE PRODUCTION LLC | JOA (PRONGHORN FEDERAL 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CADE PRODUCTION LLC | JOA (RIDL 34-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CADE PRODUCTION LLC | JOA (TALKINGTON 21-30TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CADE PRODUCTION LLC | JOA (TALKINGTON FEDERAL 21-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CADE PRODUCTION LLC | JOA (TOMCHUK 21-30PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CADE PRODUCTION LLC | JOA (ZALESKY 34-8PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CADE PRODUCTION LLC | JOA DATED 10/1/11 (SOLBERG 34-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CADE PRODUCTION LLC | JOA DATED 2/1/12 (3J TRUST 34-8TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CADE PRODUCTION LLC | JOA DATED 3/1/17 (HECKER 11-18PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CADE PRODUCTION LLC | JOA DATED APRIL 15, 2010 (FROEHLICH 44-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CADE PRODUCTION LLC | JOA DATED JANUARY 1, 2011 (ARTHAUD 21-29TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CADE PRODUCTION LLC | JOA DATED JULY 1, 2018 (PRONGHORN FEDERAL 41-14PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CADE PRODUCTION LLC | JOA DATED MARCH 1, 2012 (BUCKMAN 34-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CADE PRODUCTION LLC | JOA DATED MAY 1, 2011 (PRONGHORN FEDERAL 21-13TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CADE PRODUCTION LLC | JOA DATED NOVEMBER 1, 2010 (DIETZ 21-17TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CADE PRODUCTION LLC | JOA DATED OCTOBER 1, 2011 (FRANK 34-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CADE PRODUCTION LLC | JOA DTD 1/01/12 (OBRIGEWITCH 41-16PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CADE PRODUCTION LLC | JOA DTD 11/01/10 (LYDIA 41-14PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CADE PRODUCTION LLC | JOA DTD 12/15/10 (BRUENI 21-16TFH UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CADE PRODUCTION LLC | JOA DTD 3/01/12 (SOLBERG 44-11PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CADE PRODUCTION LLC | JOA DTD 9/01/10 (MASTEL 41-18TFH UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CADE PRODUCTION LLC | JOA DTD 9/28/10 (BRUENI 28-1H UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CADE PRODUCTION LLC | JOINT OPERATING AGREEMENT FOR SOLBERG 34-11PH | $0.00 |
| WHITING OIL AND GAS CORPORATION | CADE PRODUCTION, LLC | JOA (JURGENS 34-12PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CADE PRODUCTION, LLC | JOA DATED 9/1/10 (HECKER 21-18) (MASTEL 41-18) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | CADE PRODUCTION, LLC | JOA DATED NOVEMBER 1, 2010 (OBRIGEWITCH 21-17TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CADE PRODUCTION. LLC | JOA DATED JULY 1, 2010 (MANN 21-18TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CAHOON ENTERPRISES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CALF CREEK ROYALTY LTD | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CALIBER MIDSTREAM PARTNERS LP | CALIBER CRUDE OIL GATHERING CONTRACT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CALIBER MIDSTREAM PARTNERS LP | HIDDEN BENCH WATER GATHERING AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CALIBER MIDSTREAM PARTNERS LP | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CALIBER MIDSTREAM PARTNERS LP -6938 | WATER GATHERING AGREEMENT - EFFECTIVE 03/19/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | CALIBER MIDSTREAM PARTNERS LP -6938 | WATER GATHERING AGREEMENT - EFFECTIVE 08/20/2015 | $0.00 |
| WHITING OIL AND GAS CORPORATION | CALIBER MIDSTREAM PARTNERS LP -6938 | WATER SUPPLY AGREEMENT - EFFECTIVE 04/10/2019 | $0.00 |
| WHITING PETROLEUM CORPORATION | CALIBER NORTH DAKOTA | FRESH WATER SUPPLY AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | CALIBER NORTH DAKOTA | OIL GATHERING AND TRANSPORTATION CONTRACT | $0.00 |
| WHITING PETROLEUM CORPORATION | CALIBER NORTH DAKOTA | PRODUCED WATER GATHERING AND DISPOSAL CONTRACT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CALIBER NORTH DAKOTA LLC | CRUDE GATHERING AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CALIBER NORTH DAKOTA LLC | FRESH WATER SUPPLY AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CALIBER NORTH DAKOTA LLC | GATHERING SERVICES AGREEMENT - PRODUCED WATER | $0.00 |
| WHITING OIL AND GAS CORPORATION | CALIBER NORTH DAKOTA LLC | WATER SUPPLY AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CALIBER NORTH DAKOTA LLC | GATHERING SERVICES AGREEMENT - CRUDE OIL | $0.00 |
| WHITING OIL AND GAS CORPORATION | CALLIER DP, LLC | PURCHASE AND SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CALTO OIL COMPANY | JOA DATED 3/1/17 (HECKER 11-18PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CALTO OIL COMPANY | JOA DATED 9/1/10 (HECKER 21-18) (MASTEL 41-18) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CALTO OIL COMPANY | JOA DTD 9/01/10 (MASTEL 41-18TFH UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CAMERON B ARNEGARD & | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 12/07/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CAMERON INTERNATIONAL | Master Service Agreement dated October 1, 2010, as amended on February 1, 2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CAMERON SURFACE SYSTEMS | MASTER SERVICES AGREEMENT | Trade Agreement Dated 6/10/2020 |
| WHITING PETROLEUM CORPORATION | CAMWEST EXPLORATION LLC | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CANADIAN IMPERIAL BANK OF COMMERCE | ISDA MASTER AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CANARY PRODUCTION SVCS LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CAPEX OILFIELD SERVICES INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CAPITAL ONE, NATIONAL ASSOCIATION | ISDA MASTER AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CAPITAL SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CAPITAL WELL SERVICES | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CARIBAM RESOURCES INC | JOA - REPLACEMENT (KUBAS 11-13TFH, KUBAS 34-12PH, KUBAS 12-13PH) | $0.00 |
| WHITING PETROLEUM CORPORATION | CARIN S. KNICKEL | INDEMNIFICATION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CARL BEAN | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 03/27/2006 | $0.00 |
| WHITING OIL AND GAS CORPORATION | CARL HERRIN OIL AND GAS LLC | JOA DTD 5/1/13 (WILDHORSE 06-0634H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CAROL AMDAL | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 21-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CAROL AMDAL | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 41-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CAROL AMDAL | JOA DATED SEPTEMBER 1, 2009 (MOORE 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CAROL CHRISTOPHERSON | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 07/08/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | CAROL CHRISTOPHERSON | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 09/29/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | CAROL TJELDE | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 12/07/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | CAROLE FREED | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 07/07/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | CAROLINE LAMSON | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 21-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CAROLINE LAMSON | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 41-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CAROLINE LAMSON | JOA DATED SEPTEMBER 1, 2009 (MOORE 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CAROLYN F LEMONIER | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 04/05/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION | CARRIZO (NIOBRARA) LLC | CRUDE OIL PURCHASE AND SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CARRIZO (NIOBRARA) LLC | INTERRUPTIBLE GAS PURCHASE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CARRIZO NIOBARA LLC | SEISMIC LICENSE AGREEMENT - EFFECTIVE 10/04/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | CARRIZO OIL & GAS INC | MUTUAL GEOPHYSICAL ACCESS AGREEMENT - EFFECTIVE 08/12/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | CARRIZO OIL & GAS, INC. | JOINT OPERATING AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CARRIZO OIL & GAS, INC. | MUTUAL GEOPHYSICAL ACCESS AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CARROLL F HEGGE | JOA DTD 10/1/18 (BERG TRUST 34-22-TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CARROLL F HEGGE | JOA DTD 11/1/2018 (JACKMAN 34-11-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CARROLL F HEGGE & PAMELA J HEGGE, J/T | JOA DATED SEPTEMBER 1, 2011 (CURL 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CARROLL J TIPPIT | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 07/02/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION | CARROLL R PAULSON | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 07/01/2017 | $0.00 |
| WHITING OIL AND GAS CORPORATION | CARTER RENNERFELDT | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 09/22/2015 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CASTLE OILFIELD SERVICES | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CASTLE OPERATING LLC | JOA DTD 1/01/12 (OBRIGEWITCH 41-16PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CASTLE OPERATING LLC | JOA DTD 11/01/10 (LYDIA 41-14PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CASTLE PEAK ENERGY LLC | JOA (EIDE 41-13HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CASTLE PEAK ENERGY LLC | JOA (GOOD SHEPHARD HOME 150-101-15B-22-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CASTLE PEAK ENERGY LLC | JOA (LOIS MOEN 44-34HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CASTLE PEAK ENERGY LLC | JOA (RJ MOEN 41-26HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CASTLE PEAK ENERGY LLC | JOA (ROVELSTAD 21-13HU) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | CASTLE PEAK ENERGY LLC | JOA (SOVIG 150-100-22C-15-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CASTLE PEAK ENERGY LLC | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD #41-12XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CASTLE PEAK ENERGY LLC | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 41-12-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CASTLE PEAK ENERGY LLC | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 41-12-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CASTLE PEAK ENERGY LLC | JOA DATED JUNE 1, 2008 (LINDLEY 41-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CASTLE PEAK ENERGY LLC | JOA DATED JUNE 1, 2008 (LITTLEFIELD 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CASTLE PEAK ENERGY LLC | JOA DATED JUNE 1, 2008 (LITTLEFIELD 21-7-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CASTLE PEAK ENERGY LLC | JOA DATED JUNE 1, 2008 (LITTLEFIELD 21-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CASTLE PEAK ENERGY LLC | JOA DATED NOVEMBER 1, 2010 (ARNEGARD 21-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CASTLE PEAK ENERGY LLC | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CASTLE PEAK ENERGY LLC | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CASTLE PEAK ENERGY LLC | JOA DTD 7/1/2017 (VANCE 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CATALYST ENERGY LLC | JOA (KESSEL 11-26PH; 21-26PH; 41-26PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CATHY E. BENNETT & ASSOCIATES, INC. | ENGAGEMENT LETTER - EFFECTIVE 08/30/2019 | $0.00 |
| WHITING PETROLEUM CORPORATION | CAWLEY, GILLESPIE & ASSOCIATES, INC. | ENGAGEMENT/CONFIDENTIALITY AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CCG AMERICAS INC. (AND EQUITY OIL COMPANY) | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CDM RESOURCE MANAGEMENT LLC (USA COMPRESSION PARTNERS)-6083 | AMENDMENT TO COMPRESSOR LEASE AGREEMENT - EFFECTIVE 07/01/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | CDM RESOURCE MANAGEMENT LLC (USA COMPRESSION PARTNERS)-6083 | COMPRESSOR LEASE AGREEMENT - EFFECTIVE 11/05/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | CDM RESOURCE MANAGEMENT LLC (USA COMPRESSION PARTNERS)-6083 | COMPRESSOR PROPOSAL - EFFECTIVE 02/13/2015 | $0.00 |
| WHITING OIL AND GAS CORPORATION | CDW | IT SERVER AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CDW | IT SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CDW | SOFTWARE MAINTENANCE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CECIL & PATRICIA WILSON | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 08/18/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CEI ELECTRICAL CONTRACTORS | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CENTENNIAL WATER PIPELINES LLC | WATER TRANSPORTATION AGREEMENT - EFFECTIVE 01/01/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CENTRAL MOUNTAIN HOT OIL | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | CENTURYLINK | CIRCUIT SERVICE CONTRACT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CENTURYLINK | NETWORK SUBSCRIPTION AGREEMENT - EFFECTIVE 09/04/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | CENTURYLINK (DBA CENTURYLINK COMMUNICATIONS, LLC) | CELLULAR/PHONE AGREEMENT | $267.67 |
| WHITING OIL AND GAS CORPORATION | CENTURYLINK (DBA CENTURYLINK COMMUNICATIONS, LLC) | CELLULAR/PHONE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CENTURYLINK (DBA CENTURYLINK COMMUNICATIONS, LLC) | NETWORK SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHADWICK L GERNAAT & TONIA C GERNAAT | SURFACE USE & DAMAGE AGREEMENT - MISSAUKEE COUNTY, MI - DATED 08/29/2008 | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHADWICK L. GERNAAT & TONIA C. GERNAAT, | SURFACE USE & DAMAGE AGREEMENT - MISSAUKEE COUNTY, MI - DATED 08/29/2008 | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHALLENGER CRUDE LTD | JOA (LAROQUE 34-12H AND 34-12-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHALLENGER CRUDE LTD | JOA DTD 3/11/85 (NIELSEN #1 - WHZ UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHALLENGER CRUDE LTD | RATIFICATION OF UNIT OPERATING AGREEMENT WEST REEVES UNIT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CHANCE TOOLS LTD | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHAPARRAL ENERGY | JOA DTD 06/01/81 (MITCHELL G.K. #1 UNIT) | $0.00 |
| WHITING PETROLEUM CORPORATION | CHARLES "CHIP" RIMER | EXECUTIVE EMPLOYMENT AND SEVERANCE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | CHARLES J. RIMER | INDEMNIFICATION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHARLES MCLAUGHLIN LLC | SURFACE AGREEMENT - YOAKUM COUNTY, TX - DATED 01/01/1984 | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHARLES T & RUTH FAY INTER | JOA DATED JANUARY 1, 2013 (P EVITT 154-98-13-12-2-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHARLES T & RUTH FAY INTER | JOA DTD 10/1/2017 (NELSON 11-18-2TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHARLES T & RUTH FAY INTER | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHARLES T & RUTH FAY INTER | JOA DTD 4/1/2017 (NELSON 11-18-2TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHARLES VINCENT TATTU | JOA (MARTELL 36-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHARLES VINCENT TATTU | JOA (SNOWSHOE 30-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHARLES VINCENT TATTU | JOA DTD 3/1/2019 (MARTELL 34-36HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHARLES W & PATTY N BROWN LLC | JOA (LAROQUE 34-12H AND 34-12-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHARLOTTE PAYETTE | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 06/02/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHARMETRA NICOLE BEAN | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 11/05/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHATFIELD DP, LLC | PURCHASE AND SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CHEMICAL WEED CONTROL INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CHEMOIL CORP | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHEROKEE ROYALTY CORPORATION | JOA DTD 11/1/2017 (FLINT 41-5-1HU & 6TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHEROKEE ROYALTY CORPORATION | JOA DTD 3/1/18 (EARL 14-34-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHEROKEE ROYALTY CORPORATION | JOA DTD 8/1/2018 (GILFER 21-15-1TFHU & 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHEROKEE WARRIOR INC | JOA DATED APRIL 1, 2009 (BREHM 12-27-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHEROKEE WARRIOR INC | JOA DATED APRIL 1, 2009 (BREHM 12-27-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHEROKEE WARRIOR INC | JOA DATED APRIL 1, 2009 (BREHM 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHEROKEE WARRIOR INC | JOA DATED APRIL 1, 2009 (BREHM 13-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHEROKEE WARRIOR INC | JOA DATED APRIL 1, 2009 (HANSEN 44-28-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHEROKEE WARRIOR INC | JOA DATED APRIL 1, 2009 (HANSEN 44-28-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHEROKEE WARRIOR INC | JOA DATED APRIL 1, 2009 (HANSEN 44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHEROKEE WARRIOR INC | JOA DATED APRIL 1, 2009 (HANSEN 44-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHEROKEE WARRIOR INC | JOA DATED APRIL 1, 2009 (LEE 41-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHEROKEE WARRIOR INC | JOA DATED NOVEMBER 1, 2010 (ELSIE BARTLESON FEDERAL 14-29TFX) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | CHEROKEE WARRIOR INC | JOA DATED NOVEMBER 1, 2010 (PETERSON 41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHEROKEE WARRIOR INC | JOA DATED NOVEMBER 1, 2010 (SMITH #14-29XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHERRY CREEK OIL & GAS LLC | JOA DTD 10/1/2017 (NELSON 11-18-2TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHERRY CREEK OIL & GAS LLC | JOA DTD 4/1/2017 (NELSON 11-18-2TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHERRY CREEK OIL & GAS LLC | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHERRY CREEK OIL & GAS LLC | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHERRY CREEK OIL & GAS LLC | JOA DTD 7/1/2017 (VANCE 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHESAPEAKE ENERGY CORPORATION | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | CHESAPEAKE OPERATING, INC | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | CHESAPEAKE OPERATING, INC | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHEVRON | GAVIOTA GAS PLANT COMPANY PARTNERSHIP AGREEMENT FOR OWNERSHIP OF FACILITIES | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHEVRON | RAVEN RIDGE OP AGRMT WITH CHEVRON DATED 9/1/85 | $0.00 |
| WHITING PETROLEUM CORPORATION | CHEVRON NORTH AMERICA EXPLORATION AND PRODUCTION COMPANY | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHEVRON TEXACO | RAVEN RIDGE PARTNERSHIP AGRMT DATED 9/1/85 | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHEYENNE RESOURCES LLC | JOA DATED MAY 1, 2012 ( PREWITT 26-35-1TFH ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHEYENNE RESOURCES LLC | JOA DTD 11/1/2018 (JACKMAN 34-11-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CHIEF OILFIELD SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHRIS & GERRY MCGREE LLC | JOA (DIETZ 34-7PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHRIS & GERRY MCGREE LLC | JOA DATED APRIL 1, 2009 (HAUGE 41-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHRIS & GERRY MCGREE LLC | JOA DATED APRIL 1, 2009 (MURRAY 13-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHRIS & GERRY MCGREE LLC | JOA DATED APRIL 1, 2009 (TOLLEFSON 44-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHRIS & GERRY MCGREE LLC | JOA DATED APRIL 1, 2009 (VIOLA PENNINGTON 11-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHRIS & GERRY MCGREE LLC | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 41-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHRIS & GERRY MCGREE LLC | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 42-16TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHRIS & GERRY MCGREE LLC | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 44-9TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHRIS & GERRY MCGREE LLC | JOA DATED OCTOBER 1, 2009 (FLADELAND 41-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHRIS & GERRY MCGREE LLC | JOA DATED OCTOBER 1, 2009 (FLADELAND 42-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHRIS & GERRY MCGREE LLC | JOA DATED OCTOBER 1, 2009 (FLADELAND 43-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHRIS & GERRY MCGREE LLC | JOA DATED OCTOBER 1, 2009 (FLADELAND 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHRIS & GERRY MCGREE LLC | JOA DATED OCTOBER 1, 2009 (WARDEN 43-9TFH) | $0.00 |
| WHITING PETROLEUM CORPORATION | CHRIS EDWARDS | EXECUTIVE EMPLOYMENT AND SEVERANCE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHRISTENSEN WORKING INTEREST LLC | JOA (REIDLE FEDERAL 18-7HTF) | $0.00 |
| WHITING PETROLEUM CORPORATION | CHRISTOPHER L. EDWARDS | INDEMNIFICATION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CHURCH OF LATTER-DAY SAINTS | SURFACE USE & DAMAGE AGREEMENT - EMERY COUNTY, UT - DATED 07/19/2007 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CIMARRON ENERGY INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CIRCLED DIAMOND PETROLEUM LLC | JOA (ROVELSTAD 21-13HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CISCO SYSTEMS CAPITAL CORP | SOFTWARE MAINTENANCE AGREEMENT - EFFECTIVE 12/01/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | CISCO SYSTEMS CAPITAL CORPORATION | IT NETWORK SUPPORT AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | CISCO SYSTEMS CAPITAL CORPORATION | IT NETWORK SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CISCO SYSTEMS CAPITAL CORPORATION | IT NETWORK SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CISCO SYSTEMS CAPITAL CORPORATION | IT NETWORK SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CISCO SYSTEMS CAPITAL CORPORATION | IT NETWORK SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CISCO SYSTEMS CAPITAL CORPORATION | IT NETWORK SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CISCO SYSTEMS CAPITAL CORPORATION | IT SUPPORT AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | CISCO SYSTEMS CAPITAL CORPORATION | IT SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CITATION 2002 INVESTMENT LP | JOA DATED OCTOBER 1, 2011, (BARTER 21-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CITATION 2002 INVESTMENT LP | JOA DTD 10/1/11 (BARTER 21-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CITIBANK, N.A. | ISDA MASTER AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CITRIX SYSTEMS INC. | DATA SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CITRIX SYSTEMS INC. | IT SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CITRIX SYSTEMS INC. | SOFTWARE MAINTENANCE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CIVEO USA LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CJ INSPECTION LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CJM CONSULTING INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CLAIRE EIDE | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 03/25/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CLARKCO SERVICES INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CLARKINATOR I LLC | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | CLEAN AIR ENGINEERING INC-8684 | ACCESS AGREEMENT - EFFECTIVE 01/15/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CLEAN HARBORS DISPOSAL | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CLEO TELLEFSON OLSON | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CLIFFORD FAMILY INTERVIVOS TR | JOA DTD 4/01/13 (RAZOR 33-28 UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CLIFFORD FAMILY INTERVIVOS TR | JOA DTD 6/1/14 (HORSETAIL 30-31 UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CLIFFORD G STEVENS | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/16/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | CLIFTON F LEVORSEN | JOA DTD 10/1/2017 (CAVALLI STATE 34-9-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CLIFTON F LEVORSEN | JOA DTD 5/1/2018 (JACKMAN 44-10 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CNR INVESTMENTS LLC | JOA DTD 11/1/2017 (FLINT 41-5-1HU & 6TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CNR INVESTMENTS LLC | JOA DTD 2/1/2019 (MOLINE 31-14-5TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CNR INVESTMENTS LLC | JOA DTD 3/1/18 (EARL 14-34-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CNR INVESTMENTS LLC | JOA DTD 8/1/2018 (GILFER 21-15-1TFHU & 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | COASTAL CHEMICAL COMPANY | MASTER SERVICES AGREEMENT | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING PETROLEUM CORPORATION | COASTAL OIL & GAS CORPORATION | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | COASTAL OIL & GAS USA, L.P. | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | COBRA OIL & GAS CORP | SEISMIC LICENSE AGREEMENT - EFFECTIVE 08/11/2015 | $0.00 |
| WHITING OIL AND GAS CORPORATION | CODY EXPLORATION LLC | JOA (FAIRVIEW OVERLOOK FED 34-33HTF) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CODY EXPLORATION LLC | JOA (WOLD 16-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CODY FARREL ROGERS | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | COIL TUBING PARTNERS LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | COLDSTREAM ENERGY LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLLINS & JONES INVESTMENTS | JOA (PAVLISH 31-30PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLLINS & JONES INVESTMENTS | JOA (PERZINSKI FAMILY TRUST 34-19PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLLINS & JONES INVESTMENTS | JOA DTD 10/1/2017 (NELSON 11-18-2TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLLINS & JONES INVESTMENTS | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLLINS & JONES INVESTMENTS | JOA DTD 4/1/2017 (NELSON 11-18-2TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLLINS & JONES INVESTMENTS | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLLINS & JONES INVESTMENTS | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLLINS & JONES INVESTMENTS | JOA DTD 7/1/2017 (VANCE 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLLINS PERMIAN LP | JOA (BINSTOCK 21-30TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLLINS PERMIAN LP | JOA (PERZINSKI FAMILY TRUST 34-19PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLLINS PERMIAN LP | JOA DATED AUGUST 1, 2009 (LAHTI 14-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLLINS PERMIAN LP | JOA DATED AUGUST 1, 2009 (LAHTI 24-22-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLLINS PERMIAN LP | JOA DATED AUGUST 1, 2009 (LAHTI 24-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLLINS PERMIAN LP | JOA DATED AUGUST 1, 2009 (LAUKALA 34-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLLINS PERMIAN LP | JOA DATED AUGUST 1, 2009 (NIEMI 44-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLLINS PERMIAN LP | JOA DATED FEBRUARY 1, 2012 (CYMBALUK 21-15PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLLINS PERMIAN LP | JOA DATED JANUARY 1, 2011 (ARTHAUD 21-29TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLLINS PERMIAN LP | JOA DATED JULY 1, 2011 (TARPON FEDERAL 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLLINS PERMIAN LP | JOA DATED MARCH 1, 2011 (DULETSKI 21-16TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLLINS PERMIAN LP | JOA DATED OCTOBER 1, 2011, (BARTER 21-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLLINS PERMIAN LP | JOA DATED SEPTEMBER 1, 2010 (LAHTI 31-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLLINS PERMIAN LP | JOA DATED SEPTEMBER 1, 2010 (LAHTI 41-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLLINS PERMIAN LP | JOA DATED SEPTEMBER 1, 2010 (NIEMITALO #31-15XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLLINS PERMIAN LP | JOA DTD 10/1/11 (BARTER 21-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLLINS PERMIAN LP | JOA DTD 10/1/2017 (NELSON 11-18-2TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLLINS PERMIAN LP | JOA DTD 11/1/2018 (JACKMAN 34-11-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLLINS PERMIAN LP | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLLINS PERMIAN LP | JOA DTD 4/1/2017 (NELSON 11-18-2TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLLINS PERMIAN LP | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLLINS PERMIAN LP | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLLINS PERMIAN LP | JOA DTD 7/1/2017 (VANCE 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLLINS PERMIAN LP | JOA DTD 9/1/2012 (HELLING 19-18H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLLINS PERMIAN LP | JOA FOR PALUCK 21-28TFH | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLLINS PERMIAN LP | JOINT OPERATING AGREEMENT - TARPON FEDERAL 21-4H | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLLINS PERMIAN LP | JOINT OPERATING AGREEMENT (ROLLA FEDERAL 11-3-1TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLORADO CATTLE COMPANY LLC | SURFACE USE & DAMAGE AGREEMENT - WELD COUNTY, CO - DATED 08/30/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLORADO CATTLE COMPANY LLC | SURFACE USE & DAMAGE AGREEMENT - WELD COUNTY, CO - DATED 10/28/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLORADO ENERGY | JOA DATED APRIL 1, 2008 (KANNIANEN 11-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLORADO ENERGY | JOA DATED FEBRUARY 1, 2009 (TTT RANCH #11-6H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLORADO ENERGY MINERALS INC | JOA DATED APRIL 1, 2008 (CARL KANNIANEN 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLORADO ENERGY MINERALS INC | JOA DATED APRIL 1, 2008 (KANNIANEN 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLORADO ENERGY MINERALS INC | JOA DATED APRIL 1, 2008 (PATTEN 44-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLORADO ENERGY MINERALS INC | JOA DATED APRIL 1, 2008 (ROBERT PATTEN 44-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLORADO ENERGY MINERALS INC | JOA DATED AUGUST 1, 2009 (DEAL 43-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLORADO ENERGY MINERALS INC | JOA DATED AUGUST 1, 2009 (PLATT #43-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLORADO ENERGY MINERALS INC | JOA DATED AUGUST 1, 2009 (PLATT #44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLORADO ENERGY MINERALS INC | JOA DATED FEBRUARY 1, 2009 (STERLING TTT 21-6H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLORADO ENERGY MINERALS INC | JOA DATED FEBRUARY 1, 2009 (TROY TTT 12-6TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLORADO ENERGY MINERALS INC | JOA DATED FEBRUARY 1, 2009 (TTT RANCH #12-6H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLORADO ENERGY MINERALS INC | JOA DATED FEBRUARY 1, 2009 (TTT RANCH #4-6TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLORADO ENERGY MINERALS INC | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLORADO ENERGY MINERALS INC | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLORADO ENERGY MINERALS INC | JOA DATED JANUARY 1, 2011 (WALDOCK FEDERAL 14-4-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLORADO ENERGY MINERALS INC | JOA DATED JUNE 1, 2010 (ROHDE #14-6XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLORADO ENERGY MINERALS INC | JOA DATED JUNE 1, 2010 (ROHDE 13-6TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLORADO ENERGY MINERALS INC | JOA DATED JUNE 1, 2010 (ROHDE FEDERAL 14-6TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLORADO ENERGY MINERALS INC | JOA DATED MAY 1, 2011 (BROWN #41-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLORADO ENERGY MINERALS INC | JOA DATED MAY 1, 2011 (BROWN 41-28-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLORADO ENERGY MINERALS INC | JOA DATED MAY 1, 2011 (BROWN 42-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLORADO ENERGY MINERALS INC | JOA DATED NOVEMBER 1, 2011 (MAKI #41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLORADO ENERGY MINERALS INC | JOA DATED NOVEMBER 1, 2011 (MAKI 41-33-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLORADO ENERGY MINERALS INC | JOA DATED NOVEMBER 1, 2011 (MAKI 42-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLORADO ENERGY MINERALS INC | JOA DATED OCTOBER 1, 2009 (CARL KANNIANEN 24-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLORADO ENERGY MINERALS INC | JOA DATED OCTOBER 1, 2009 (HARTSTROM 24-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLORADO ENERGY MINERALS INC | JOA DATED OCTOBER 1, 2009 (KANNAINEN 43-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLORADO ENERGY MINERALS INC | JOA DATED OCTOBER 1, 2009 (KANNIANEN 44-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLORADO ENERGY MINERALS INC | JOA DATED OCTOBER 1, 2009 (WHITE 43-33TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLORADO ENERGY MINERALS INC | JOA DTD 8/1/2018 (GILFER 21-15-1TFHU & 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COLORADO SCHOOL OF MINES | MEMBERSHIP AGREEMENT - EFFECTIVE 09/25/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | COLORADO TUBULARS COMPANY | MASTER SERVICES AGREEMENT | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | COLTER ENERGY SERVICES USA INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMANCHE EXPLORATION CO LLC | JOA DATED AUGUST 1, 2009 (DEAL 43-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMANCHE EXPLORATION CO LLC | JOA DATED AUGUST 1, 2009 (PLATT #43-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMANCHE EXPLORATION CO LLC | JOA DATED AUGUST 1, 2009 (PLATT #44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMANCHE EXPLORATION CO LLC | JOA DATED AUGUST 1, 2012 (KJOS 14-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMANCHE EXPLORATION CO LLC | JOA DATED AUGUST 1, 2012 (LIEBL 31-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMANCHE EXPLORATION CO LLC | JOA DATED AUGUST 1, 2012 (LIEBL 31-13TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMANCHE EXPLORATION CO LLC | JOA DATED JULY 1, 2011 (NESS 41-21-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMANCHE EXPLORATION CO LLC | JOA DATED JULY 1, 2011 (NESS 41-21-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMANCHE EXPLORATION CO LLC | JOA DATED JULY 1, 2011 (NESS 41-21XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMANCHE EXPLORATION CO LLC | JOA DATED MAY 1, 2011 (BROWN #41-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMANCHE EXPLORATION CO LLC | JOA DATED MAY 1, 2011 (BROWN 41-28-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMANCHE EXPLORATION CO LLC | JOA DATED MAY 1, 2011 (BROWN 42-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMANCHE EXPLORATION CO LLC | JOA DATED NOVEMBER 1, 2011 (MAKI #41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMANCHE EXPLORATION CO LLC | JOA DATED NOVEMBER 1, 2011 (MAKI 41-33-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMANCHE EXPLORATION CO LLC | JOA DATED NOVEMBER 1, 2011 (MAKI 42-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMANCHE EXPLORATION CO LLC | JOA DATED SEPTEMBER 1, 2009 (LAHTI 12-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMANCHE EXPLORATION CO LLC | JOA DATED SEPTEMBER 1, 2009 (NESS 43-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMANCHE EXPLORATION CO LLC | JOA DATED SEPTEMBER 1, 2009 (NESS 44-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMANCHE EXPLORATION CO LLC | JOA DATED SEPTEMBER 1, 2009 (NESS 44-21TFH) | $0.00 |
| WHITING PETROLEUM CORPORATION | COMCAST | INTERNET CONNECTIVITY SERVICES | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMCAST | MASTER SERVICE AGREEMENT - EFFECTIVE 02/01/2017 | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMCAST | NETWORK SUBSCRIPTION AGREEMENT - EFFECTIVE 03/05/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMCAST | NETWORK SUBSCRIPTION AGREEMENT - EFFECTIVE 03/05/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMCAST | NETWORK SUBSCRIPTION AGREEMENT - EFFECTIVE 03/05/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMCAST | NETWORK SUBSCRIPTION AGREEMENT - EFFECTIVE 04/12/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMCAST | NETWORK SUBSCRIPTION AGREEMENT - EFFECTIVE 04/12/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMCAST | NETWORK SUBSCRIPTION AGREEMENT - SIGNED 01/01/1900 | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMCAST ENTERPRISE SERVICES | INTERNET AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMCAST ENTERPRISE SERVICES | NETWORK SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | COME BIG OR STAY HOME LLC | JOA (EIDE 41-13HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COME BIG OR STAY HOME LLC | JOA (ZALESKY 21-17PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COME BIG OR STAY HOME LLC | JOA DATED AUGUST 1, 2009 (BILL TTT FEDERAL 42-4TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COME BIG OR STAY HOME LLC | JOA DATED AUGUST 1, 2009 (BURL TTT 13-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COME BIG OR STAY HOME LLC | JOA DATED AUGUST 1, 2009 (GORDON TTT FEDERAL 41-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COME BIG OR STAY HOME LLC | JOA DATED AUGUST 1, 2009 (JONES 34-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COME BIG OR STAY HOME LLC | JOA DATED AUGUST 1, 2009 (TTT RANCH 43-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COME BIG OR STAY HOME LLC | JOA DATED OCTOBER 1, 2010 (ARNDT #14-5XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COME BIG OR STAY HOME LLC | JOA DATED OCTOBER 1, 2010 (ARNDT 13-5TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COME BIG OR STAY HOME LLC | JOA DATED OCTOBER 1, 2010 (ARNDT 14-5TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | COMPLETE ENERGY SERVICES INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | COMPLETE PETROLEUM INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHTING PETROLEUM CORPORATION | COMPLIANCELINE LLC | ETHICS HOTLINE SOX COMPLIANCE | $2,040.00 |
| WHITING PETROLEUM CORPORATION | COMPSYCH CORPORATION | EMPLOYEE ASSISTANCE PLAN | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMPUTER MODELLING GROUP LTD | SOFTWARE LEASE - EFFECTIVE 11/15/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMPUTER MODELLING GROUP LTD | SOFTWARE LEASE - EFFECTIVE 12/01/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMPUTER MODELLING GROUP LTD. | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMSTOCK | PARTICIPATION AGREEMENT - WHITING/ARKOMA (FLATLAND 43-9-1H AND OTHER WELLS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMSTOCK OIL & GAS LP | JOA - CHAMELEON STATE 31-16HU | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMSTOCK OIL & GAS LP | JOA - FRANK 44-7PHU | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMSTOCK OIL & GAS LP | JOA - PRIVRATSKY 44-21PHU | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMSTOCK OIL & GAS LP | JOA (BUCKMAN 44-9PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMSTOCK OIL & GAS LP | JOA (HECKER 14-7PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMSTOCK OIL & GAS LP | JOA (KESSEL 44-35PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMSTOCK OIL & GAS LP | JOA (OBRIGEWITCH 44-8PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMSTOCK OIL & GAS LP | JOA (PRIVRATSKY 41-28PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMSTOCK OIL & GAS LP | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMSTOCK OIL & GAS LP | JOA DATED 3/1/17 (HECKER 11-18PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMSTOCK OIL & GAS LP | JOA DATED JULY 1, 2018 (PRONGHORN FEDERAL 41-14PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMSTOCK OIL & GAS LP | JOA DTD 10/1/2015 (FLATLAND 43-9-1H AND OTHER WELLS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMSTOCK OIL & GAS LP | JOA DTD 5/1/2017 (JACKMAN 44-10 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | COMSTOCK OIL & GAS LP | JOINT OPERATING AGREEMENT (KOALA 14-32HU) | $0.00 |
| WHITING PETROLEUM CORPORATION | CONCORD ENERGY | NGL SALES CONTRACT | $0.00 |
| WHITING PETROLEUM CORPORATION | CONCORD ENERGY LLC | BAKKEN TRUCKED OIL SALE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | CONCORD ENERGY LLC | NGL SALES AGREEMENT - EFFECTIVE 04/01/2020 | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONOCOPHILLIPS COMPANY | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONOCOPHILLIPS COMPANY | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONOCOPHILLIPS COMPANY | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONOCOPHILLIPS COMPANY | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONOCOPHILLIPS COMPANY | SEISMIC LICENSE AGREEMENT - EFFECTIVE 02/23/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONOCOPHILLIPS COMPANY | SEISMIC LICENSE AGREEMENT - EFFECTIVE 02/23/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CONS WEED CONTROL SERVICE INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | CONSOLIDATED COMM NETWORKS INC | PHONE/INTERNET AGREEMENT | $2,308.63 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL | FO - CONTINENTAL RESOURCES - EFFECTIVE 9/9/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RES | JOA DATED JUNE 1, 2008 (RICHARDSON FEDERAL 11-9H) | $0.00 |
| WHITING PETROLEUM CORPORATION | CONTINENTAL RESOURCES | WATER DISPOSAL AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | FO - WESTPORT & EQUITY (FEDERAL 14-12H) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA - CHAMELEON STATE 31-16HU | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA - FARVER 1-29H (9ND222833) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA - FRANK 44-7PHU | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA - SALVESON 1-7H (9ND222804) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA - TODD 1-6H | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA (BUCKMAN 44-9PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA (DIETZ 34-7PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA (FRICK 24-8-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA (KOALA 44-5TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA (KOALA FEDERAL 31-25HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA (LAROQUE 34-12H AND 34-12-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA (OBRIGEWITCH 44-8PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA (STOLTENBERG 1-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA (TAYLOR 34-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA (TENA 1-13H) CONTINENTAL-WOGC | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA (WOLD 16-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA BTA OIL PRODUCERS, LLC (20711 MILDRED 94 #1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED AUGUST 1, 2009 (GUINN TRUST 11-13TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED AUGUST 1, 2009 (HAGEY 11-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED AUGUST 1, 2009 (HAGEY 12-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED AUGUST 1, 2011 (HAGEY 14-13XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED AUGUST 1, 2011 (HATTIE HAGEY 14-13TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED AUGUST 1, 2011 (MARY ELIZABETH 13-13TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED DECEMBER 1, 2011 (MILDRED ROGGENBUCK 41-24TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED DECEMBER 1, 2011 (ROGGENBUCK 41-24XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED DECEMBER 1, 2011 (ROGGENBUCK FEDERAL 41-24TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED FEBRUARY 27, 2012 (SEAVER 1-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED JANUARY 1, 2011 (LILLIAN VIOLA 14-12TFX | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED JANUARY 1, 2011 (TIISTO #14-12XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED JANUARY 1, 2011 (VERNE HAGEY 13-12TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED JANUARY 1, 2011 (WALDOCK FEDERAL 14-4-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED JANUARY 1, 2013 (P EVITT 154-98-13-12-2-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED JUNE 1, 2008 (OLSON FEDERAL 42-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED JUNE 1, 2008 (RODNEY OLSON FEDERAL 42-8-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED JUNE 1, 2011 (VANCE 44-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED MARCH 1, 2012 ( SALSBURY 24-35-1H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED MAY 1, 2010 (LOCKEN 14-9XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED MAY 1, 2010 (LOCKEN 43-8XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED MAY 1, 2010 (RIGEL STATE 11-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED NOVEMBER 1, 2009 (CURREN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED NOVEMBER 1, 2009 (CURREN 11-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED NOVEMBER 1, 2009 (CURREN 12-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED NOVEMBER 1, 2009 (HOLMBERG 44-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED NOVEMBER 1, 2009 (HOLMBERG 44-24TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED NOVEMBER 1, 2009 (OLSON 11-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED NOVEMBER 1, 2009 (ROGGENBUCK 34-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED NOVEMBER 1, 2009 (ROGGENBUCK 34-24TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED NOVEMBER 1, 2009 (ROGGENBUCK 43-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED SEPTEMBER 1, 2005 (FEDERAL 14-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DATED SEPTEMBER 1, 2012 (KITTLESON FEDERAL 24-24-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DTD (MOWINCKEL 1-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DTD 03/01/2013 (PIERRE 3-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DTD 10/1/18 (BERG TRUST 34-22-TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DTD 10/1/2017 (NELSON 11-18-2TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DTD 10/1/2018 (THOMAS 44-4HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DTD 11/1/2018 (JACKMAN 34-11-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DTD 2/01/13 (MULLIN 21-24-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DTD 2/1/18 (RENNERFELDT 14-34-1HU AND 6TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DTD 2/22/12 (CARLTON 1-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DTD 3/01/12 (SOLBERG 44-11PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DTD 3/1/13 (SKOV 31-28-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DTD 4/1/2017 (NELSON 11-18-2TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DTD 5/1/2017 (JACKMAN 44-10 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DTD 7/1/11 (MADISON 1-28H) MODIFIED TO FIT HORIZONTAL WELLS | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DTD 7/1/18 (MOEN 41-2-6HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DTD 7/1/2017 (VANCE 44-9H) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOA DTD 8/1/2018 (GILFER 21-15-1TFHU & 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | JOINT OPERATING AGREEMENT (CHAMELEON STATE 153-97-16-21-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | SEISMIC LICENSE AGREEMENT - EFFECTIVE 03/22/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC | WATER DISPOSAL AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC. | AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC. | JOA DATED OCTOBER 1, 2015(RATH FEDERAL 6-22H1 | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC. | JOA DTD 1/01/2012 MODIFIED TO PROVIDE FOR HORIZONTAL WELLS (PLANO 1-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES INC. | JOA MEMORANDUM SVERDUP 1-36H (9ND222843) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES, INC | JOA - ALPHA 2-14H | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES, INC | JOA (MARSH 34-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES, INC | JOA (MEMPHIS 2-4H) (CONTINENTAL RESOURCES, INC) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES, INC | JOA (PUTNAM 1-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES, INC | JOA DATED 2/1/12 (3J TRUST 34-8TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES, INC | JOA DATED FEBRUARY 1, 2014 (LIMOUSIN 1-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES, INC | JOA DATED MARCH 1, 2012 (BUCKMAN 34-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES, INC | JOA DATED NOVEMBER 1, 2015 (CORSICAN FEDERAL 1-15H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES, INC | JOA DATED OCTOBER 1, 2012 (KUNTZ 34-31PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES, INC | JOA DATED OCTOBER 1, 2015 (RATH FEDERAL 5-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES, INC | JOA DTD 1/1/13 (DOVER 3-30H) (MODIFIED TO PROVIDE FOR HORIZONTAL WELLS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES, INC | JOINT OPERATING AGREEMENT FOR SOLBERG 34-11PH | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES, INC. | JOA (MONTPELIER 1-14H) NON-OP CONTINENTAL | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES, INC. | JOA AARESTAD 4-34H (9ND222841) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES, INC. | JOA DATED JANUARY 13, 2012 (SYVERSON 1-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CONTINENTAL RESOURCES, INC. | JOA DATED JUNE 1, 2011 (BREITLING 1-23H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CORCORAN OILFIELD SERVICES INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CORE LABORATORIES INC | LICENSE AGREEMENT - EFFECTIVE 04/21/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CORE LABORATORIES INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CORE LABORATORIES LP-47 | CONFIDENTIALITY AGREEMENT - EFFECTIVE 09/13/2017 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CORE-TECH WIRELINE SERVICES | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | COREY JAY MOEN | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 10/23/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | CORRAL BAKKEN LLC | JOA (WOLD 16-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CORRAL BAKKEN LLC | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING PETROLEUM CORPORATION | CORRENE LOEFFLER | EXECUTIVE EMPLOYMENT AND SEVERANCE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | CORRENE S. LOEFFLER | INDEMNIFICATION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | COTTONWOOD RESOURCES LLC | JOA - CHAMELEON STATE 31-16HU | $0.00 |
| WHITING OIL AND GAS CORPORATION | COTTONWOOD RESOURCES LLC | JOINT OPERATING AGREEMENT (CHAMELEON STATE 153-97-16-21-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | COVENANT TESTING TECHNOLOGIES | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | COWDEN CAPITAL INVESTMENTS LP | JOA DATED MARCH 1, 2012 (CHERRY STATE 21-16H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CP ACQUISITION LLC | JOA DTD 7/01/76 (JEPSON HOLLER DRAW UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CP ACQUISITION LLC | JOA DTD 9/27/76 (JEPSON HOLLER DRAW UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CP ACQUISITION LLC | UNIT OPERATING AGREEMENT DTD 3/19/96 JEPSON HOLLER DRAW (SHANNON SANDSTONE) UNIT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CRAFT ELECTRIC INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CRAIG A & BARBARA EGELAND | JOA - CHAMELEON STATE 31-16HU | $0.00 |
| WHITING OIL AND GAS CORPORATION | CRAIG A & BARBARA EGELAND | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 41-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CRAIG A & BARBARA EGELAND | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 42-16TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CRAIG A & BARBARA EGELAND | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 44-9TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CRAIG A & BARBARA EGELAND | JOA DATED MARCH 1, 2008 (OPPEBOEN 12-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CRAIG A & BARBARA EGELAND | JOA DATED MARCH 1, 2008 (OPPEBOEN 14-5WH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CRAIG A & BARBARA EGELAND | JOA DATED MARCH 1, 2008 (OPPEBOEN 21-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CRAIG A & BARBARA EGELAND | JOA DATED MARCH 1, 2008 (OPPEBOEN 21-5TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CRAIG A & BARBARA EGELAND | JOA DATED MARCH 1, 2008 (STRAND 11-5TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CRAIG A & BARBARA EGELAND | JOA DATED OCTOBER 1, 2009 (FLADELAND 41-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CRAIG A & BARBARA EGELAND | JOA DATED OCTOBER 1, 2009 (FLADELAND 42-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CRAIG A & BARBARA EGELAND | JOA DATED OCTOBER 1, 2009 (FLADELAND 43-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CRAIG A & BARBARA EGELAND | JOA DATED OCTOBER 1, 2009 (FLADELAND 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CRAIG A & BARBARA EGELAND | JOA DATED OCTOBER 1, 2009 (WARDEN 43-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CRAIG A & BARBARA EGELAND | JOINT OPERATING AGREEMENT (CHAMELEON STATE 153-97-16-21-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CRAIG A SLAWSON 2014 REV TRUST | JOA (LOOMER 44-33TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CRAIG A SLAWSON 2014 REV TRUST | JOA DATED APRIL 1, 2009 (BREHM 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CRAIG A SLAWSON 2014 REV TRUST | JOA DATED APRIL 1, 2009 (BREHM 13-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CRAIG AND BARBARA SORENSON | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 07/24/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | CRAIG AND BARBARA SORENSON | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 08/23/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | CRAIG EGELAND | JOA DATED MARCH 1, 2008 (STENSETH TRUST 11-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CRANE CREEK SCHOOL DISTRICT #1 | JOA DATED JUNE 1, 2010 (ROHDE #14-6XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CRANE CREEK SCHOOL DISTRICT #1 | JOA DATED MAY 1, 2008 (SMITH 12-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CRANE CREEK SCHOOL DISTRICT #1 | JOA DATED MAY 1, 2010 (MOORE 14-7X) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CRAWFORD ENRGY, INC. | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CREEDENCE ENERGY SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CRESCENT POINT ENERGY US CORP | JOA - JUSTIN TROY 33-28 (9ND222838) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CRESCENT POINT ENERGY US CORP | JOA AARESTAD 4-34H (9ND222841) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CRESCENT POINT ENERGY US CORP | JOA DTD 3/1/18 (EARL 14-34-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CREST RESOURCES INC | JOA DTD 1/01/02 (LEHMAN A-3 UNIT) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CRIMSON ENERGY LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CROSSFIRE LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CROSSWIND RESOURCES LLC | JOA (KESSEL 11-26PH; 21-26PH; 41-26PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CROWDSTRIKE | GENERAL IT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CROWELL TRUCKING LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CROWNQIEST OPERATING, LLC | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CROWNQIEST OPERATING, LLC | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CROZIER OILFIELD SERVICES | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CRUZ ENERGY SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CRYSTAL EQUITY ENERGY LLC | JOA DTD 5/1/17 (NELSON 14-8-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CS WELDING LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CUDD PRESSURE CONTROL INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CUDD PUMPING SERVICES INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CUMMINGS OIL CO | JOA (PAVLISH 31-30PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CURT & TAMMY K BRAAFLAT | SURFACE AGREEMENT - MOUNTRAIL COUNTY, ND - DATED 10/06/1988 | $0.00 |
| WHITING OIL AND GAS CORPORATION | CURTIS R TRULSON | JOA DATED APRIL 1, 2009 (HAUGE 41-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CURTIS R TRULSON | JOA DATED APRIL 1, 2009 (MURRAY 13-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CURTIS R TRULSON | JOA DATED APRIL 1, 2009 (TOLLEFSON 44-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CURTIS R TRULSON | JOA DATED APRIL 1, 2009 (VIOLA PENNINGTON 11-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CURT'S TOOL INSPECTION INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CUSTOM CHEMICAL SOLUTIONS LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CUTTERS WIRELINE SERVICE INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CVH TRUCKING | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CWW CONSULTING COMPANY | JOA (FRICK 24-8-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CWW CONSULTING COMPANY | JOA (WOLD 16-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CXA OIL & GAS HOLDINGS LP | JOA (PAVLISH 31-30PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CXA OIL & GAS HOLDINGS LP | JOA DTD 10/1/2017 (NELSON 11-18-2TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CXA OIL & GAS HOLDINGS LP | JOA DTD 4/1/2017 (NELSON 11-18-2TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CXA OIL & GAS HOLDINGS LP | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CXA OIL & GAS HOLDINGS LP | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | CYCLONE DRILLING - DRILLING | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CYNTHIA L LEE | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 11/21/2018 | $0.00 |
| WHITING PETROLEUM CORPORATION | CYPRESS ENERGY | AMENDMENT TO WATER GATHERING AND DISPOSAL AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | CYPRESS ENERGY | WATER GATHERING AND DISPOSAL AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | CYPRESS ENERGY PARTNERS | WILLIAMS WATER GATHERING AND DISPOSAL | $0.00 |
| WHITING OIL AND GAS CORPORATION | CYPRESS ENERGY PARTNERS LLC-5380 | WATER GATHERING AND DISPOSAL AGREEMENT - EFFECTIVE 07/01/2017 | $0.00 |
| WHITING OIL AND GAS CORPORATION | CYRUS LAND & ROYALTY LLC | JOA (OBRIGEWITCH 11-29PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CYRUS LAND & ROYALTY LLC | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | CYRUS LAND AND ROYALTY | JOA (TALKINGTON 21-30TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | D & G TESTERS & SUPPLY INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | D & L PARAFFIN INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | D C METER SERVICE | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | D GREGORY COMFORD | SALT WATER DISPOSAL AGREEMENT - DIVIDE COUNTY, ND - DATED 03/01/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | D SUMNER CHASE III 2001 IRREV | JOA DATED SEPTEMBER 1, 2009 (SATTERTHWAITE 43-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | D SUMNER CHASE III 2001 IRREV | JOA DATED SEPTEMBER 1, 2009 (SATTERTHWAITE 44-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | D SUMNER CHASE III 2001 IRREV | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | D W HILL | JOA DATED JUNE 1, 2008 (OLSON FEDERAL 42-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | D3 INSPECTION | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | DACOTAH WEST CRANE SERVICE INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | DAKOTA CARRIER NETWORK | NETWORK SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | DAKOTA CARRIER NETWORK | NETWORK SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | DAKOTA CARRIER NETWORK | NETWORK SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | DAKOTA CARRIER NETWORK | NETWORK SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | DAKOTA CARRIER NETWORK | NETWORK SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | DAKOTA CARRIER NETWORK | NETWORK SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | DAKOTA CARRIER NETWORK | NETWORK SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | DAKOTA DEADMAN AND ANCHOR | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | DAKOTA ENERGY LLC | JOA (PAVLISH 31-30PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | DAKOTA ENERGY TECHNOLOGIES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | DAKOTA FENCE | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | DAKOTA HOT SHOT | MASTER SERVICES AGREEMENT | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | DAKOTA PIPE INSPECTION INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | DAKOTA WEST ENERGY LLC | JOA DATED 10/1/11 (SOLBERG 34-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | DAK-TANA WIRELINE LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | DALE BAKKEN PARTNERS 2012 LLC | JOA DTD 10/1/18 (BERG TRUST 34-22-TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DALE BAKKEN PARTNERS 2012 LLC | JOA DTD 11/1/2018 (JACKMAN 34-11-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DALE BAKKEN PARTNERS 2012 LLC | JOA DTD 5/1/2017 (JACKMAN 44-10 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DALE BAXTER | JOA DTD 2/01/13 (MULLIN 21-24-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DALE PAPINEAU AND CARMIN KLEIN-PAPINEAU | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 01/21/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DALLAS AND CHRISTYN NELSON | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 02/28/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DAN A. HUGHES COMPANY, L.P. | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | DAN FLADELANDS WELL SERV INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | DANIEL HARVEY WOLLA | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/16/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DANIEL P MANNING | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 10/21/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DANSON OIL | JOA DTD 7/1/2017 (VANCE 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | DARBY'S WELDING & MACHINE INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | DARIUS R AND MARNA FRICK | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 06/28/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DARLA J CRAFT | JOA DTD 2/1/2019 (MOLINE 31-14-5TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DARREL KAISER & DEANNA KAISER | JOA DATED JUNE 1, 2012 (WATTS 42-21-1HR) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DASH COMFORD | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/14/2010 | $0.00 |
| WHITING PETROLEUM CORPORATION | DATA REPRODUCTION SERVICES, INC. | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | DATA SCAVENGER (US) INC. | DATA SERVICES AGREEMENT | $1,997.50 |
| WHITING OIL AND GAS CORPORATION | DATABASE CONCEPTS, INC. | SOFTWARE MAINTENANCE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | DATAIMAGE | KOFAX SCANNING SOFTWARE SOW FOR CERTAIN SERVICES | $0.00 |
| WHITING PETROLEUM CORPORATION | DATATEL, INC. | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | DAVE NORRIS CONSULTING LLC | ENGAGEMENT LETTER - EFFECTIVE 06/21/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | DAVE NORRIS CONSULTING LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | DAVID A ANDERSON | JOA - OBRIGEWITCH 41-29PHU | $0.00 |
| WHITING OIL AND GAS CORPORATION | DAVID A ANDERSON | JOA (DIETZ 34-7PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DAVID A ANDERSON | JOA (OBRIGEWITCH 11-29PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DAVID A FARRELL | JOA DTD 8/1/18 (PERIOT 44-20HU BPO) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DAVID C ROBB | JOA DTD 8/1/2018 (GILFER 21-15-1TFHU & 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DAVID HALSTEAD | JOA (PRONGHORN FEDERAL 34-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DAVID J LASSEY | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 05/07/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DAVID KING & TERRY L LAWRENSON | JOA DATED AUGUST 1, 2012 (KJOS 14-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DAVID KING & TERRY L LAWRENSON | JOA DATED AUGUST 1, 2012 (LIEBL 31-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DAVID KING & TERRY L LAWRENSON | JOA DATED AUGUST 1, 2012 (LIEBL 31-13TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DAVID KIRK | JOA DATED JANUARY 31, 2011 (MOLINE 156-101-14-23-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DAVID KIRK | JOA DTD 2/1/2019 (MOLINE 31-14-5TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DAVID L AND SHARON ALEXANDER | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/04/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DAVID L NELSON | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 07/19/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DAVID MCADOO | JOA DTD 11/1/2017 (FLINT 41-5-1HU & 6TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DAVID MCADOO | JOA DTD 5/1/2015 (P BIBLER 155-99-16-31-7-16H3A) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DAVID ONEIL | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/16/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DAVID P & LINDA K KJELSTRUP | SURFACE USE & DAMAGE AGREEMENT - BILLINGS COUNTY, ND - DATED 05/14/2006 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DAVID PETERSON | JOA - CHAMELEON STATE 31-16HU | $0.00 |
| WHITING OIL AND GAS CORPORATION | DAVID PETERSON | JOINT OPERATING AGREEMENT (CHAMELEON STATE 153-97-16-21-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DAVID REED | SURFACE AGREEMENT - WELD COUNTY, CO - DATED 03/24/2015 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DAVID Y ROGERS | JOA (FAIRVIEW OVERLOOK FED 34-33HTF) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | DAVIS & DAVIS COMPANY | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | DAVIS EXPLORATION LLC | JOA (FRICK 24-8-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DAVIS EXPLORATION LLC | JOA (KESSEL 44-35PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DAVIS EXPLORATION LLC | JOA (PAVLISH 31-30PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DAVIS EXPLORATION LLC | JOA (TALKINGTON FEDERAL 21-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DAVIS EXPLORATION LLC | JOA DTD 11/1/18 (KNUT BERG TRUST 41-28 HU) | $0.00 |
| WHITING PETROLEUM CORPORATION | DAVIS GRAHAM & STUBBS LLP | ENGAGEMENT LETTER - EFFECTIVE 07/24/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DAVIS PARTNERS LTD | JOA (FAIRVIEW OVERLOOK FED 34-33HTF) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DAWN F COLVIN | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 04/05/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DAWSON GEOPHYSICAL COMPANY INC | MASTER GEOPHYSICAL DATA ACQUISITION AGREEMENT - EFFECTIVE 04/08/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | DC POWER TONG LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | DCP MIDSTREAM, LP | GAS G&P AGREEMENT- NON CORE | $0.00 |
| WHITING OIL AND GAS CORPORATION | DCP MIDSTREAM, LP | GAS G&P AGREEMENT- POP FEE- NON CORE | $0.00 |
| WHITING OIL AND GAS CORPORATION | DCP MIDSTREAM, LP | GAS G&P AGREEMENT- POP FEE- NON CORE | $0.00 |
| WHITING OIL AND GAS CORPORATION | DCP MIDSTREAM, LP PREVIOUSLY GPM GAS CORPORATION | GAS G&P AGREEMENT- POP FEE- NON CORE | $0.00 |
| WHITING OIL AND GAS CORPORATION | DCP MIDSTREAM, LP PREVIOUSLY PHILLIPS PETROLEUM COMPANY | GAS G&P AGREEMENT- POP FEE- NON CORE | $0.00 |
| WHITING OIL AND GAS CORPORATION | DDM REAL ESTATE TRUST | SALT WATER DISPOSAL AGREEMENT - WILLIAMS COUNTY, ND - DATED 05/18/2010 | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | DDM REAL ESTATE TRUST | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 07/26/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DDM REAL ESTATE TRUST, LAURIE ABELL | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 05/29/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | DDT SERVICES | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | DEAL IQ INC | PRINT CONSULTING AGREEMENT - EFFECTIVE 09/27/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DEAL IQ INC. | IT CONSULTING AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | DEAL IQ INC. | IT CONSULTING AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | DEAL IQ INC. | IT CONSULTING AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | DEAN R BAUSTE TRUCKING INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | DEBRA BEAN MITCHELL | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 10/18/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | DECCA CONSULTING INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | DEEP BLUE LLC | JOA DTD 11/1/2018 (JACKMAN 34-11-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DEEP CREEK EXPLORATION LLC | JOA (PERZINSKI FAMILY TRUST 34-19PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DEEP CREEK EXPLORATION LLC | JOA (PRONGHORN FEDERAL 34-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DEEP CREEK EXPLORATION LLC | JOA DATED 9/1/11 (HELLING 31-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DEEP CREEK EXPLORATION LLC | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DEEP CREEK EXPLORATION LLC | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DEEP CREEK EXPLORATION LLC | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DEEP CREEK EXPLORATION LLC | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DEEP CREEK EXPLORATION LLC | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DEEP CREEK EXPLORATION LLC | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DEEP CREEK EXPLORATION LLC | JOA DTD 1/1/13 (KALDAHL 24, 34 & 44 AND MILLER 14-12 WELLS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DEEP CREEK EXPLORATION LLC | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DEEP ROCK RESOURCES LLC | JOA (TAYLOR 34-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DEEP ROCK RESOURCES LLC | JOA DATED 10/1/11 (SOLBERG 34-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DEEP ROCK RESOURCES, LLC | JOA DATED MARCH 1, 2012 (BUCKMAN 34-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DEL LLC | JOINT OPERATING AGREEMENT (KOALA 14-32HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DELAND TODD CASTOR | SURFACE AGREEMENT - WELD COUNTY, CO - DATED 09/30/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DELAND TODD CASTOR | SURFACE USE & DAMAGE AGREEMENT - WELD COUNTY, CO - DATED 09/26/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DELEK | NON-CORE TRUCKED OIL SALE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | DELOITTE & TOUCHE PRODUCTS COMPANY LLC | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | DELTA PETROLEUM CORPORATION | SEISMIC LICENSE AGREEMENT - EFFECTIVE 02/22/2008 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DELTA ROYALTY CO INC | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | DEMON OILFIELD SERVICES CORP | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | DENBURY ONSHORE LLC | CEDAR HILLS SOUTH-RED RIVER "B" UNIT UOA | $0.00 |
| WHITING OIL AND GAS CORPORATION | DENBURY ONSHORE LLC | JOA CLARK 41-15H 11/96 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DENBURY ONSHORE LLC | JOA ST. IVES 11/95 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DENBURY ONSHORE LLC | P1760 JOA MERIDIAN 11/95 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DENNIS M LYON | JOA (ROVELSTAD 21-13HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DENNIS W MESCHKE | JOA - CHAMELEON STATE 31-16HU | $0.00 |
| WHITING OIL AND GAS CORPORATION | DENNIS W YOCKIM | JOA (OBRIGEWITCH 11-29PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DENNIS W YOCKIM | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DEPARTMENT OF THE AIR FORCE, MINOT AIR FORCE BASE | SURFACE AGREEMENT - RENVILLE COUNTY, ND - DATED 02/23/1987 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DETECHTION USA INC | SOFTWARE SUBSCRIPTION - EFFECTIVE 08/12/2019 | $8,790.00 |
| WHITING OIL AND GAS CORPORATION | DETECHTION USA INC. | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | DEVELOPER EXPRESS | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | DEVON | GAVIOTA GAS PLANT COMPANY PARTNERSHIP AGREEMENT FOR OWNERSHIP OF FACILITIES | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | DEXTER ATC FIELD SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | DIAMOND D SLICKLINE SERVICE | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | DIAMOND S ENERGY CO | JOA DATED AUGUST 1, 2009 (BEN TTT 42-30TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DIAMOND S ENERGY CO | JOA DATED DECEMBER 1, 2011 (CARL KANNIANEN 22-32TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DIAMOND S ENERGY CO | JOA DATED DECEMBER 1, 2011 (KANNIANEN 22-32TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DIAMOND S ENERGY CO | JOA DATED DECEMBER 1, 2011 (KANNIANEN 22-32XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DIAMOND S ENERGY CO | JOA DATED JANUARY 1, 2012 (AMY TTT 42-30XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DIAMOND S ENERGY CO | JOA DATED JANUARY 1, 2012 (BRADY TTT 42-30XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DIAMOND S ENERGY CO | JOA DATED JANUARY 1, 2012 (JOY TTT 42-30XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DIAMOND S ENERGY CO | JOA DATED JANUARY 1, 2012 (THERESA TTT 41-30TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DIAMOND S ENERGY CO | JOA DATED JUNE 1, 2009 (RAMONA TTT 12-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DIAMOND S ENERGY CO | JOA DATED JUNE 1, 2009 (TTT RANCH 11-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DIAMOND S ENERGY CO | JOA DATED JUNE 1, 2009 (TTT RANCH 12-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DIAMOND S ENERGY CO | JOA DATED MAY 1, 2009 (FLADELAND 11-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DIAMOND S ENERGY CO | JOA DATED MAY 1, 2009 (KANNIANEN 11-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DIAMOND S ENERGY CO | JOA DATED MAY 1, 2009 (KANNIANEN 43-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DIAMOND S ENERGY CO | JOA DATED MAY 1, 2009 (KANNIANEN 43-31TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | DIAMONDBACK FIELD SERVICE INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | DIANNE F ANDRIES | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 04/05/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DIANNE RUSSO | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 21-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DIANNE RUSSO | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 41-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DIANNE RUSSO | JOA DATED SEPTEMBER 1, 2009 (MOORE 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DIRK A SCHWARTZ TRUSTEE OF | JOA (DIETZ 34-7PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | DIRTY BIRDS LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | DISA INC | SERVICES AGREEMENT - EFFECTIVE 02/18/2020 | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | DISA WORKS | DRUG SCREENING SERVICES | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | DIVERSIFIED EQUIPMENT LP | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | DIVIDE RESOURCES LLC | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DIVIDE RESOURCES LLC | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DIVIDE RESOURCES LLC | JOA DTD 7/1/2017 (VANCE 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DKNE OIL PROPERTIES ARAGON INTL INVESTMENTS LLC | JOA (ZALESKY 34-8PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | DNB ENERGY SERVICES | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | DNOW LP | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | DOLORES L MCCALL | JOA DATED JUNE 1, 2012, (KILEN 21-15-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DONALD CHUDACOFF | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DONALD M ALWEIS | JOA (DULETSKI FEDERAL 34-11) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DONALD M. VANDERPOL & IRENE VANDERPOL | SURFACE USE & DAMAGE AGREEMENT - OSCEOLA COUNTY, MI - DATED 10/13/2008 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DONALD R AND PHYLLIS J LINK | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 01/14/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DONALD R AND PHYLLIS J LINK | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 04/08/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DONALD R AND SHARON K SCHILKE | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 10/18/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DONALD R AND SHARON K SCHILKE | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 07/12/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DONALD R AND SHARON K SCHILKE | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 08/05/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DONALD R AND SHARON K SCHILKE | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 09/09/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DONALD W LOOMER | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 07/20/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DONALD W LOOMER | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 08/07/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DONALD W LOOMER | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 09/18/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DONALD W LOOMER | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 09/18/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DONNA J LLOYD | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 09/29/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | DON-NAN PUMP & SUPPLY CO INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | DORA E ROLFSTAD | JOA DTD 11/1/2017 (FLINT 41-5-1HU & 6TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DORA E ROLFSTAD | JOA DTD 3/1/18 (EARL 14-34-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DORA E ROLFSTAD | JOA DTD 8/1/2018 (GILFER 21-15-1TFHU & 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DORCHESTER MINERALS OPERATING | JOA (SCHILKE 34-32) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DOROTHY F WILLIAMS | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 04/05/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | DOUBLE D OIL FIELD SERVICES | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | DOUBLE EE SERVICE INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | DOUG AND SHARRI CVANCARA | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 03/02/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DOUG AND SHARRI CVANCARA | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 07/01/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DOUG AND SHARRI CVANCARA | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 12/30/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DOUGLAS & MARLA NIEMITALO JT | SURFACE USE & DAMAGE AGREEMENT - MOUNTRAIL COUNTY, ND - DATED 05/06/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DOUGLAS HAVERBERG | JOA DATED AUGUST 1, 2012 (SONDROL 11-3H & SONDROL 11-3TFH) | $0.00 |
| WHITING PETROLEUM CORPORATION | DOUGLAS L. WALTON | INDEMNIFICATION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | DOUGLAS M CUDE & | JOA - OBRIGEWITCH 41-29PHU | $0.00 |
| WHITING OIL AND GAS CORPORATION | DOUGLAS M CUDE & | JOA (OBRIGEWITCH 11-29PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DOUGLAS M CUDE & | JOA (OBRIGEWITCH 11-29PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DOUGLAS R & ROSEMARY MOSSER | SURFACE AGREEMENT - BILLINGS COUNTY, ND - DATED 09/09/1987 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DOUGLAS R MOSSER | SURFACE USE & DAMAGE AGREEMENT - BILLINGS COUNTY, ND - DATED 05/17/2007 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | DRAGON PRODUCTS LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | DRILLCHEM DRILLING SOLUTIONS | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | DRILLING TOOLS INTERNATIONAL | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | DRY FORK VENTURES LLC | JOA DATED APRIL 1, 2009 (HAUGE 41-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DRY FORK VENTURES LLC | JOA DATED APRIL 1, 2009 (MURRAY 13-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DRY FORK VENTURES LLC | JOA DATED APRIL 1, 2009 (TOLLEFSON 44-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DRY FORK VENTURES LLC | JOA DATED APRIL 1, 2009 (VIOLA PENNINGTON 11-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DS&S CHASE LLC | JOA DATED SEPTEMBER 1, 2009 (SATTERTHWAITE 43-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DS&S CHASE LLC | JOA DATED SEPTEMBER 1, 2009 (SATTERTHWAITE 44-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DS&S CHASE LLC | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DUANE M SCHMIDT | JOA DTD 8/1/18 (PERIOT 44-20HU BPO) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DUBLIN CO | JOA DATED JULY 24, 2007 (LOCKEN 11-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | DUCEY'S ELECTRIC INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | DUNN & MCKENZIE COS., ND | LA-DEVO CAPITAL MANAGEMENT CORP-EFFECTIVE 2/1/11 | $0.00 |
| WHITING OIL AND GAS CORPORATION | DUNN RIVER RESOURCES LLC | JOA DATED FEBRUARY 1, 2012 (CYMBALUK 21-15PH) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | DUNN RIVER RESOURCES LLC | JOA DTD 11/1/2018 (JACKMAN 34-11-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DUNN RIVER RESOURCES LLC | JOA DTD 5/1/2017 (JACKMAN 44-10 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | DURAROOT LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | DUSTY CARROLL | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | DW ENERGY GROUP | JOA - OBRIGEWITCH 41-29PHU | $0.00 |
| WHITING OIL AND GAS CORPORATION | DW ENERGY GROUP | JOA - PRIVRATSKY 44-21PHU | $0.00 |
| WHITING OIL AND GAS CORPORATION | DW ENERGY GROUP | JOA (DOLYNIUK 11-25PH; 21-25PH; 41-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DW ENERGY GROUP | JOA (KESSEL 11-26PH; 21-26PH; 41-26PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DW ENERGY GROUP | JOA (KESSEL 44-35PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DW ENERGY GROUP | JOA (LOIS MOEN 44-34HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DW ENERGY GROUP | JOA (OBRIGEWITCH 11-29PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DW ENERGY GROUP | JOA (PRIVRATSKY 41-28PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DW ENERGY GROUP | JOA (RJ MOEN 41-26HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DW ENERGY GROUP | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DW ENERGY GROUP | JOA (THURLOW WILLIAMS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DW ENERGY GROUP | JOA DTD 03/01/14 (DOLYNIUK 21-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DW ENERGY GROUP | JOA DTD 1/1/13 (KALDAHL 24, 34 & 44 AND MILLER 14-12 WELLS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DW ENERGY GROUP | JOA DTD 11/1/18 (KNUT BERG TRUST 41-28 HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DW ENERGY GROUP | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DW ENERGY GROUP | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DW ENERGY GROUP, LLC | JOA DTD 9/1/2012 (HELLING 19-18H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | DW SLATE LLC | JOA (OBRIGEWITCH 11-29PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | DXP ENTERPRISES INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | DYNAMIC WELL SERVICE INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | DYNASTY ENERGY SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | E H GUNTER FAMILY TRUST | JOA DATED MARCH 1, 2012 (CHERRY STATE 21-16H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | E H GUNTER FAMILY TRUST | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | E SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | EAGLE BAY PROPERTIES LLC | JOA (DULETSKI FEDERAL 34-11) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EAGLE OIL & GAS CO | JOA DATED OCTOBER 1, 2011, (BARTER 21-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EAGLE OIL & GAS CO | JOA DTD 10/1/11 (BARTER 21-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | EAGLE OILFIELD RENTALS LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | EAGLE-K PROPERTIES LLC | JOA (LAROQUE 34-12H AND 34-12-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EARL BEAN | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 12/17/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | EARLS ELECTRIC INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | EARTH SERVICE & ABATEMENT LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | EC ENERGY PARTNERS LP | JOA DATED 3/1/17 (HECKER 11-18PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EC ENERGY PARTNERS LP | JOA DTD 9/01/10 (MASTEL 41-18TFH UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ECHO GEOPHYSICAL CORPORATION | 3-D PERMAIN BASIN PROGRAM AGREEMENT (LIFETIME PARTICIPATION) - TX AND NM | $0.00 |
| WHITING OIL AND GAS CORPORATION | ECHO GEOPHYSICAL CORPORATION | 3-D PROGRAM AGREEMENTS FOR: GOLF COAST, PERMAIN BASIN, ROCKY MOUNTAIN, MID-CONTINENT, SEISMIX CALIFORNIA, NEVADA BASIN & RANGE, UPPER MIDWEST/APPALACHIAN, STATE OF KANSAS | $0.00 |
| WHITING OIL AND GAS CORPORATION | ECKARD GLOBAL LLC | JOA (DIETZ 34-7PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ECKARD GLOBAL LLC | JOA (DULETSKI FEDERAL 34-11) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ECKARD GLOBAL LLC | JOA (PERZINSKI FAMILY TRUST 34-19PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ECKARD GLOBAL LLC | JOA DATED 3/1/17 (HECKER 11-18PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ECKARD GLOBAL LLC | JOA DATED FEBRUARY 1, 2011 (EIDE 11-6H P&A'D SHELDON 11-6TFH HBP) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ECKARD GLOBAL LLC | JOA DATED MARCH 1, 2011 (MARSH 21-16TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ECKARD GLOBAL LLC | JOA DATED SEPTEMBER 1, 2011 (CURL 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ECKARD GLOBAL LLC | JOA DTD 9/01/10 (MASTEL 41-18TFH UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ECKARD GLOBAL, LLC | JOA (HAVELKA 14-17PH; 34-17PH; 44-17PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ECOPOINT INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ECRIME MANAGEMENT STRATEGIES, INC. (D/B/A PHISHLABS) | IT TRAINING AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | EDDYE R GREENE WILLIAMS | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 04/05/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION | EDDYE R GREENE WILLIAMS | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 08/26/2005 | $0.00 |
| WHITING PETROLEUM CORPORATION | EDGE JOINT VENTURE II | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | EDI Q2 ALS LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | EDWARD BAXTER | JOA DTD 2/01/13 (MULLIN 21-24-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EDWARD G ARILDSON | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EDWARD I SCHILKE | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 08/23/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | EDWARD STREET FERNANDES | SALT WATER DISPOSAL AGREEMENT - WINKLER COUNTY, TX - DATED 02/21/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | EDWARD TANN JR | JOA DATED NOVEMBER 1, 2011 (MAKI #41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EDWARD TANN JR | JOA DATED NOVEMBER 1, 2011 (MAKI 41-33-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EDWARD TANN JR | JOA DATED NOVEMBER 1, 2011 (MAKI 42-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EDWARD TANN JR | JOA DATED OCTOBER 1, 2009 (CARL KANNIANEN 24-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EDWARD TANN JR | JOA DATED OCTOBER 1, 2009 (HARTSTROM 24-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EDWARD TANN JR | JOA DATED OCTOBER 1, 2009 (KANNIANEN 43-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EDWARD TANN JR | JOA DATED OCTOBER 1, 2009 (KANNIANEN 44-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EDWARD TANN JR | JOA DATED OCTOBER 1, 2009 (WHITE 43-33TFH) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | EDWIN & MYRTLE NEWCOMB | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 12/02/1987 | $0.00 |
| WHITING OIL AND GAS CORPORATION | EDWIN & MYRTLE NEWCOMB | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 12/14/1987 | $0.00 |
| WHITING OIL AND GAS CORPORATION | EHS INC | JOA (LAROQUE 34-12H AND 34-12-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EHS INC | JOA (TAYLOR 34-7H) | $0.00 |
| WHITING PETROLEUM CORPORATION | EIGHTY-EIGHT OIL | CRUDE OIL SALES CONTRACT - DATED 6/7/2019 | $0.00 |
| WHITING PETROLEUM CORPORATION | EIGHTY-EIGHT OIL | CRUDE OIL SALES CONTRACT - DATED 6/7/2019 | $0.00 |
| WHITING PETROLEUM CORPORATION | EIGHTY-EIGHT OIL | CRUDE OIL SALES CONTRACT - EFFECTIVE 10/1/2019 | $0.00 |
| WHITING PETROLEUM CORPORATION | EIGHTY-EIGHT OIL | CRUDE OIL SALES CONTRACT - EFFECTIVE 4/1/2020 | $0.00 |
| WHITING PETROLEUM CORPORATION | EIGHTY-EIGHT OIL | LETTER AGREEMENT - EFFECTIVE 6/7/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | EIGHTY-EIGHT OIL LLC | 10 KBD OIL SALE AGREEMENT FOR BAKKEN SALES | $0.00 |
| WHITING OIL AND GAS CORPORATION | EIGHTY-EIGHT OIL LLC | BAKKEN TRUCKED OIL SALE AGREEMENT - CONTRACT # OS-MT-7291 | $0.00 |
| WHITING OIL AND GAS CORPORATION | EIGHTY-EIGHT OIL LLC | BAKKEN TRUCKED OIL SALE AGREEMENT - CONTRACT # OS-ND-7279 | $0.00 |
| WHITING OIL AND GAS CORPORATION | EIGHTY-EIGHT OIL LLC | BAKKEN TRUCKED OIL SALE AGREEMENT - CONTRACT # OS-ND-7611 | $0.00 |
| WHITING OIL AND GAS CORPORATION | EIGHTY-EIGHT OIL LLC | FIRM SALE BAKKEN OIL AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | EIGHTY-EIGHT OIL LLC | FIRM SALE BAKKEN OIL AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | EIGHTY-EIGHT OIL LLC | OIL SALE AGREEMENT FOR BAKKEN SALE ON BRIDGER PIPELINE | $0.00 |
| WHITING OIL AND GAS CORPORATION | EIGHTY-EIGHT OIL, LLC | ASSIGNMENT, ASSUMPTION, RELEASE AND NOVATION AGREEMENT - DATED 6/7/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | EIGHTY-EIGHT OIL, LLC | SALE LETTER AGREEMENT - DATED 6/7/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | EL PASO PRODUCTION CO. | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | EL PASO PRODUCTION CO. | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAINE ZISKIND | JOA (DULETSKI FEDERAL 34-11) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS | JOA DATED OCTOBER 1, 2008 (RIGEL STATE 11-16H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED AUGUST 1, 2009 (BILL TTT FEDERAL 42-4TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED AUGUST 1, 2009 (BURL TTT 13-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED AUGUST 1, 2009 (DEAL 43-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED AUGUST 1, 2009 (GORDON TTT FEDERAL 41-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED AUGUST 1, 2009 (JONES 34-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED AUGUST 1, 2009 (JULIA TTT 34-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED AUGUST 1, 2009 (LAHTI 14-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED AUGUST 1, 2009 (LAHTI 24-22-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED AUGUST 1, 2009 (LAHTI 24-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED AUGUST 1, 2009 (LAUKALA 34-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED AUGUST 1, 2009 (NIEMI 44-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED AUGUST 1, 2009 (PLATT #43-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED AUGUST 1, 2009 (PLATT #44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED AUGUST 1, 2009 (TTT RANCH 43-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED FEBRUARY 1, 2008 (LEO 12-29H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED FEBRUARY 1, 2008 (LEO 13-29TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED FEBRUARY 1, 2008 (LEO 14-29H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED FEBRUARY 1, 2008 (LITTLEFIELD 12-29TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED JANUARY 1, 2011 (HANSEN #14-20XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED JANUARY 1, 2011 (HANSEN 13-20TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED JANUARY 1, 2011 (HANSEN 14-20TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED JULY 1, 2011 (NESS 41-21-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED JULY 1, 2011 (NESS 41-21-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED JULY 1, 2011 (NESS 41-21XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED JULY 15, 2008 (DOUG KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED JULY 15, 2008 (KINNOIN 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED JULY 15, 2008 (KINNOIN 41-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED MAY 1, 2010 (LOCKEN 14-9XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED MAY 1, 2010 (LOCKEN 43-8XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED MAY 1, 2010 (RIGEL STATE 11-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED MAY 1, 2011 (BROWN #41-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED MAY 1, 2011 (BROWN 41-28-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED MAY 1, 2011 (BROWN 42-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED NOVEMBER 1, 2011 (MAKI #41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED NOVEMBER 1, 2011 (MAKI 41-33-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED NOVEMBER 1, 2011 (MAKI 42-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED OCTOBER 1, 2008 (CRANE CREEK 14-16H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED OCTOBER 1, 2008 (CRANE CREEK STATE 11-16TFH ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED OCTOBER 1, 2008 (RIGEL STATE 12-16H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED OCTOBER 1, 2010 (ARNDT #14-5XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED OCTOBER 1, 2010 (ARNDT 13-5TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED OCTOBER 1, 2010 (ARNDT 14-5TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED SEPTEMBER 1, 2009 (LAHTI 12-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED SEPTEMBER 1, 2009 (NESS 43-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED SEPTEMBER 1, 2009 (NESS 44-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED SEPTEMBER 1, 2009 (NESS 44-21TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED SEPTEMBER 1, 2010 (LAHTI 31-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED SEPTEMBER 1, 2010 (LAHTI 41-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DATED SEPTEMBER 1, 2010 (NIEMITALO #31-15XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELAN MINERALS LLC | JOA DTD 3/1/2019 (MARTELL 34-36HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELBERSTINE WASHINGTON BEAN | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 09/07/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELEANOR TROTTER | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 07/19/1990 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELEANOR TROTTER | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 08/06/1990 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ELECTRIC MOTOR REPAIR INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELEMENT FLEET | ELEMENT VEHICLE LEASE | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ELITE HOT OIL INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ELITE INSPECTION SERVICES INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ELITE LIFT SOLUTIONS LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ELITE OIL FIELD SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ELITE PIPELINE SERVICES INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELITE POWER LLC | ENVIRONMENTAL ADDENDUM FOR GENERATOR LEASES | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ELITE SAFETY INCORPORATED | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ELITE SERVICES INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELIZABETH BUSH IRISH | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELIZABETH REESE SOWER | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ELKHORN WELL SERVICE LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELLAYNE M TRACEY | SURFACE AGREEMENT - DIVIDE COUNTY, ND - DATED 10/29/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELLCO RESOURCES INC | JOA DTD 3/1/13 (SKOV 31-28-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELLEN COLLYER | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 09/29/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELLIOTT OIL COMPANY | JOINT OPERATING AGREEMENT FOR SOLBERG 34-11PH | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELLIOTT OIL CORP | JOA (BUCKMAN 44-9PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELLIOTT OIL CORP | JOA DATED JULY 15, 2010 (MILLER 44-11H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELLIOTT OIL CORP | JOA DTD 11/1/18 (KNUT BERG TRUST 41-28 HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELLIOTT OIL CORP | JOA DTD 3/01/12 (SOLBERG 44-11PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELRESA LOUISE PEMBROOK | SURFACE AGREEMENT - MAJOR COUNTY, OK - DATED 01/01/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELSR, LP | JOA (TARPON FEDERAL 44-19-2RH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ELVIN WALTON | JOA DATED JUNE 1, 2008 (OLSON FEDERAL 42-8H) | $0.00 |
| WHITING RESOURCES CORPORATION | EMERALD OIL, INC. | PURCHASE AND SALE AGREEMENT | $0.00 |
| WHITING RESOURCES CORPORATION | EMERALD WB LLC | PURCHASE AND SALE AGREEMENT (KODIAK AS SELLER) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | EMIT TECHNOLOGIES INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | EMK3 | IT SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | EMPIRE OIL | JOA DATED FEBRUARY 1, 2009 (LACEY 11-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EMPIRE OIL | JOA DATED NOVEMBER 1, 2008 (LITTLEFIELD 11-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EMPIRE OIL COMPANY | JOA (DULETSKI FEDERAL 34-11) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EMPIRE OIL COMPANY | JOA 1/1/16 (CARSCALLEN 31-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EMPIRE OIL COMPANY | JOA DATED FEBRUARY 1, 2009 (LACEY 12-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EMPIRE OIL COMPANY | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD #41-12XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EMPIRE OIL COMPANY | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 14-13-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EMPIRE OIL COMPANY | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 14-13XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EMPIRE OIL COMPANY | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 41-12-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EMPIRE OIL COMPANY | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 41-12-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EMPIRE OIL COMPANY | JOA DATED FEBRUARY 1, 2011 (NESHEIM 11-24XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EMPIRE OIL COMPANY | JOA DATED NOVEMBER 1, 2008 (LITTLEFIELD 21-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EMPIRE OIL COMPANY | JOA DATED NOVEMBER 1, 2008 (RUDMAN 11-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EMPIRE OIL COMPANY | JOA DATED NOVEMBER 1, 2010 (LACEY #14-1XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EMPIRE OIL COMPANY | JOA DATED NOVEMBER 1, 2010 (LACEY 11-12TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EMPIRE OIL COMPANY | JOA DATED NOVEMBER 1, 2010 (LACEY 43-2TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EMPIRE OIL COMPANY | JOA DTD 2/01/11 (KLOSE 151-103-27B-34-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENCANA OIL & GAS (USA) INC | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENDEAVOR ENERGY RESOURCES | JOA DTD 7/1/2017 (VANCE 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ENDURA PRODUCTS CORP | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ENDURANCE LIFT SOLUTIONS LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ENDURING BLOCK LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | ENERFLEX | COMPRESSORS AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | ENERFLEX ENERGY SYSTEMS | GAS COMPRESSION RENTAL FOR 2 COMPRESSORS | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERFLEX ENERGY SYSTEMS INC | COMPRESSOR - LOCATION WOLD 44-7 UNIT 1 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERFLEX ENERGY SYSTEMS INC | COMPRESSOR - LOCATION WOLD 44-7 UNIT 2 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERFLEX ENERGY SYSTEMS INC | COMPRESSOR - LOCATION WOLD 44-7 UNIT 3 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERFLEX ENERGY SYSTEMS INC | COMPRESSOR - LOCATION WOLD 44-7 UNIT 4 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERFLEX ENERGY SYSTEMS INC | COMPRESSOR - LOCATION WOLD 44-7 UNIT 5 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERFLEX ENERGY SYSTEMS INC | COMPRESSOR - MC4343 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERFLEX ENERGY SYSTEMS INC | COMPRESSOR - MC4393 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ENERFLEX ENERGY SYSTEMS INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERFLEX ENERGY SYSTEMS, INC. -2877 | COMPRESSOR LEASE AGREEMENT - EFFECTIVE 05/14/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERFLEX ENERGY SYSTEMS, INC. -2877 | COMPRESSOR LEASE AGREEMENT - EFFECTIVE 05/14/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERFLEX ENERGY SYSTEMS, INC. -2877 | COMPRESSOR LEASE AGREEMENT - EFFECTIVE 05/14/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERFLEX ENERGY SYSTEMS, INC. -2877 | COMPRESSOR LEASE AGREEMENT - EFFECTIVE 05/14/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERFLEX ENERGY SYSTEMS, INC. -2877 | COMPRESSOR LEASE AGREEMENT - EFFECTIVE 05/14/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERFLEX ENERGY SYSTEMS, INC. -2877 | COMPRESSOR LEASE AGREEMENT - EFFECTIVE 12/17/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERFLEX ENERGY SYSTEMS, INC. -2877 | COMPRESSOR LEASE AGREEMENT - EFFECTIVE 12/17/2018 | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | ENERFLEX ENERGY SYSTEMS, INC. -2877 | COMPRESSOR LEASE AGREEMENT - EFFECTIVE 12/22/2017 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERFLEX ENERGY SYSTEMS, INC. -2877 | COMPRESSOR LEASE AGREEMENT - EFFECTIVE 12/22/2017 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERFLEX ENERGY SYSTEMS, INC. -2877 | COMPRESSOR LEASE AGREEMENT - EFFECTIVE 12/22/2017 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERFLEX ENERGY SYSTEMS, INC. -2877 | COMPRESSOR RENTAL & MAINTENANCE AGREEMENT - EFFECTIVE 01/22/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 | JOA DATED FEBRUARY 1, 2009 (FLADELAND 11-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 | JOA DATED FEBRUARY 1, 2009 (LACEY 11-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 | JOA DATED FEBRUARY 1, 2009 (LEE #11-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 | JOA DATED JANUARY 1, 2009 (BREHM 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 11-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 | JOA DATED NOVEMBER 1, 2008 (BARTLESON 11-32H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 | JOA DATED NOVEMBER 1, 2008 (HANSEN 21-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 | JOA DATED OCTOBER 1, 2008 (ANDERSON 44-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 | JOA DATED OCTOBER 1, 2008 (KNIFE RIVER STATE 11-16H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 | JOA DATED OCTOBER 1, 2008 (PETERSON 11-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 | JOA DATED OCTOBER 1, 2008 (RIGEL STATE 11-16H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED APRIL 1, 2009 (BREHM 12-27-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED APRIL 1, 2009 (BREHM 12-27-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED APRIL 1, 2009 (BREHM 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED APRIL 1, 2009 (BREHM 13-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED APRIL 1, 2009 (HANSEN 44-28-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED APRIL 1, 2009 (HANSEN 44-28-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED APRIL 1, 2009 (HANSEN 44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED APRIL 1, 2009 (HANSEN 44-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED APRIL 1, 2009 (HAUGE 41-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED APRIL 1, 2009 (LEE 41-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED APRIL 1, 2009 (MURRAY 13-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED APRIL 1, 2009 (ROHDE 41-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED APRIL 1, 2009 (ROHDE 42-1TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED APRIL 1, 2009 (ROHDE 43-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED APRIL 1, 2009 (ROHDE 43-1TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED APRIL 1, 2009 (ROHDE 44-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED APRIL 1, 2009 (SMITH 34-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED APRIL 1, 2009 (SMITH 34-1TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED APRIL 1, 2009 (TOLLEFSON 44-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED APRIL 1, 2009 (VIOLA PENNINGTON 11-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED AUGUST 1, 2009 (ARNDT 11-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED AUGUST 1, 2009 (ARNDT 12-24TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED AUGUST 1, 2009 (BEN TTT 42-30TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED AUGUST 1, 2009 (BILL TTT FEDERAL 42-4TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED AUGUST 1, 2009 (BURL TTT 13-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED AUGUST 1, 2009 (CARKUFF 12-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED AUGUST 1, 2009 (GORDON TTT FEDERAL 41-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED AUGUST 1, 2009 (GUINN TRUST 11-13TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED AUGUST 1, 2009 (HAGEY 11-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED AUGUST 1, 2009 (HAGEY 12-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED AUGUST 1, 2009 (JONES 11-8-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED AUGUST 1, 2009 (JONES 11-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED AUGUST 1, 2009 (JONES 12-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED AUGUST 1, 2009 (JONES 34-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED AUGUST 1, 2009 (LEONARD JONES 11-8TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED AUGUST 1, 2009 (TTT RANCH 43-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED AUGUST 1, 2011 (HAGEY 14-13XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED AUGUST 1, 2011 (HATTIE HAGEY 14-13TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED AUGUST 1, 2011 (MARY ELIZABETH 13-13TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18-2TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED DECEMBER 1, 2011 (CARL KANNIANEN 22-32TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED DECEMBER 1, 2011 (KANNIANEN 22-32TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED DECEMBER 1, 2011 (KANNIANEN 22-32XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED DECEMBER 1, 2011 (ROGGENBUCK 41-24XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED DECEMBER 1, 2011 (ROGGENBUCK 41-24XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED DECEMBER 1, 2011 (ROGGENBUCK FEDERAL 41-24TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED FEBRUARY 1, 2009 (BARTLESON 12-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED FEBRUARY 1, 2009 (BARTLESON 12-18TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED FEBRUARY 1, 2009 (BARTLESON 13-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED FEBRUARY 1, 2009 (ELLA FLADELAND 12-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED FEBRUARY 1, 2009 (ESTVOLD 41-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED FEBRUARY 1, 2009 (ESTVOLD 42-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED FEBRUARY 1, 2009 (ESTVOLD 44-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED FEBRUARY 1, 2009 (FLADELAND 11-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED FEBRUARY 1, 2009 (FLADELAND 21-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED FEBRUARY 1, 2009 (FLADELAND 31-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED FEBRUARY 1, 2009 (LACEY 12-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPOERATING CO LLC | JOA DATED FEBRUARY 1, 2009 (LEE FEDERAL 12-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED FEBRUARY 1, 2009 (LIONELD FLADELAND 12-12H) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED FEBRUARY 1, 2009 (SATTERTHWAITE 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED FEBRUARY 1, 2009 (SATTERTHWAITE 13-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED FEBRUARY 1, 2009 (S-BAR 11-7-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED FEBRUARY 1, 2009 (S-BAR 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED FEBRUARY 1, 2009 (S-BAR 11-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED FEBRUARY 1, 2009 (SMITH 41-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED FEBRUARY 1, 2009 (SMITH 44-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED FEBRUARY 1, 2009 (STERLING TTT 21-6H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED FEBRUARY 1, 2009 (TROY TTT 12-6TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED FEBRUARY 1, 2009 (TTT RANCH #12-6H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED FEBRUARY 1, 2009 (TTT RANCH #4-6TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED FEBRUARY 1, 2009 (URAN 43-17-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED FEBRUARY 1, 2009 (URAN 43-17H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JANUARY 1, 2009 (BREHM 12-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JANUARY 1, 2009 (BREHM 12-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JANUARY 1, 2009 (BREHM 13-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JANUARY 1, 2009 (BREHM 13-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JANUARY 1, 2011 (LILLIAN VIOLA 14-12TFX | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JANUARY 1, 2011 (TIISTO #14-12XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JANUARY 1, 2011 (VERNE HAGEY 13-12TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JANUARY 1, 2012 (AMY TTT 42-30XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JANUARY 1, 2012 (BRADY TTT 42-30XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JANUARY 1, 2012 (JOY TTT 42-30XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JANUARY 1, 2012 (THERESA TTT 41-30TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JULY 1, 2009 (LINDSETH 11-1TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JULY 1, 2009 (LINDSETH 12-1TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JULY 1, 2009 (LINDSETH 21-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JULY 1, 2009 (STROBECK 11-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JULY 1, 2009 (STROBECK 12-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 12-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 13-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 21-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 21-31TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JULY 15TH, 2008 (NEWCOMB 12-31TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JUNE 1, 2009 (BRITTANY TTT 13-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JUNE 1, 2009 (CARKUFF 11-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JUNE 1, 2009 (DANITA TTT 21-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JUNE 1, 2009 (LINDSETH 12-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JUNE 1, 2009 (MATT TTT 13-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JUNE 1, 2009 (ODDIE 44-7-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JUNE 1, 2009 (ODDIE 44-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JUNE 1, 2009 (RAMONA TTT 12-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JUNE 1, 2009 (REMINGTON TTT 41-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JUNE 1, 2009 (SAVANNAH TTT 41-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JUNE 1, 2009 (STROBECK 12-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JUNE 1, 2009 (TIISTO 43-7-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JUNE 1, 2009 (TIISTO 43-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JUNE 1, 2009 (TTT RANCH 11-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JUNE 1, 2009 (TTT RANCH 11-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JUNE 1, 2009 (TTT RANCH 12-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JUNE 1, 2009 (TTT RANCH 21-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JUNE 1, 2010 (ROHDE #14-6XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JUNE 1, 2010 (ROHDE 13-6TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED JUNE 1, 2010 (ROHDE FEDERAL 14-6TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED MARCH 1, 2011 (BREHM #41-35XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED MARCH 1, 2011 (BREHM 42-35-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED MARCH 1, 2011 (BREHM 42-35-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED MAY 1, 2009 (FLADELAND 11-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED MAY 1, 2009 (KANNIANEN 11-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED MAY 1, 2009 (KANNIANEN 43-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED MAY 1, 2009 (KANNIANEN 43-31TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED MAY 1, 2010 (LOCKEN 14-9XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED MAY 1, 2010 (LOCKEN 43-8XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED MAY 1, 2010 (RIGEL STATE 11-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED NOVEMBER 1, 2008 (BARTLESON 21-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED NOVEMBER 1, 2008 (HANSEN 21-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED NOVEMBER 1, 2008 (KNIFE RIVER STATE FEDERAL 12-32TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED NOVEMBER 1, 2008 (KNIFE RIVER STATE FEDERAL 13-32H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED NOVEMBER 1, 2008 (KNIFE RIVER STATE FEDERAL 13-32TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED NOVEMBER 1, 2008 (NESS 21-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED NOVEMBER 1, 2008 (NESS 21-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED NOVEMBER 1, 2008 (STATE 12-32H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED NOVEMBER 1, 2009 (CURREN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED NOVEMBER 1, 2009 (CURREN 11-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED NOVEMBER 1, 2009 (CURREN 12-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED NOVEMBER 1, 2009 (HOLMBERG 44-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED NOVEMBER 1, 2009 (HOLMBERG 44-24TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED NOVEMBER 1, 2009 (OLSON 11-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED NOVEMBER 1, 2009 (ROGGENBUCK 34-24-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED NOVEMBER 1, 2009 (ROGGENBUCK 34-24-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED NOVEMBER 1, 2009 (ROGGENBUCK 34-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED NOVEMBER 1, 2009 (ROGGENBUCK 34-24TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED NOVEMBER 1, 2009 (ROGGENBUCK 43-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED NOVEMBER 1, 2010 (ELMER BARTLESON 14-29TFX) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED NOVEMBER 1, 2010 (ELSIE BARTLESON FEDERAL 14-29TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED NOVEMBER 1, 2010 (LACEY #14-1XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED NOVEMBER 1, 2010 (LACEY 11-12TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED NOVEMBER 1, 2010 (LACEY 43-2TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED NOVEMBER 1, 2010 (PETERSON 41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED NOVEMBER 1, 2010 (SMITH #14-29XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED NOVEMBER 1, 2011 (SATTERTHWAITE 14-7TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED NOVEMBER 1, 2011 (S-BAR 14-7TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED NOVEMBER 1, 2011 (S-BAR 14-7XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED NOVEMBER 1, 2011 (TIISTO #43-7TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED NOVEMBER 1, 2011 (TIISTO #44-7TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED NOVEMBER 1, 2011 (TIISTO #44-7XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED NOVEMBER 1, 2011 (TIISTO 43-7-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED NOVEMBER 1, 2011 (TIISTO 43-7XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED OCTOBER 1, 2008 (BREHM 11-4-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED OCTOBER 1, 2008 (BREHM 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED OCTOBER 1, 2008 (CRANE CREEK 14-16H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED OCTOBER 1, 2008 (CRANE CREEK STATE 11-16TFH ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED OCTOBER 1, 2008 (FOREMAN 11-4TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED OCTOBER 1, 2008 (FOREMAN 21-4TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED OCTOBER 1, 2008 (KNIFE RIVER STATE 21-16H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED OCTOBER 1, 2008 (KNIFE RIVER STATE 21-16TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED OCTOBER 1, 2008 (KNIFE RIVER STATE 41-16TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED OCTOBER 1, 2008 (KR STATE 11-16TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED OCTOBER 1, 2008 (KR STATE 41-16H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED OCTOBER 1, 2008 (MILLER 41-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED OCTOBER 1, 2008 (MILLER 41-10TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED OCTOBER 1, 2008 (MILLER 43-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED OCTOBER 1, 2008 (MILLER 43-10TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED OCTOBER 1, 2008 (MILLER 44-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED OCTOBER 1, 2008 (MILLER 44-10TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED OCTOBER 1, 2008 (PENNINGTON 41-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED OCTOBER 1, 2008 (PENNINGTON FEDERAL 41-4TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED OCTOBER 1, 2008 (RIGEL STATE 12-16H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED OCTOBER 1, 2010 (ARNDT #14-5XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED OCTOBER 1, 2010 (ARNDT 13-5TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED OCTOBER 1, 2010 (ARNDT 14-5TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED OCTOBER 1, 2010 (BARLOW #14-6XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED OCTOBER 1, 2010 (HOOVER #13-1TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED OCTOBER 1, 2010 (HOOVER #14-1TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED OCTOBER 1, 2010 (HOOVER #14-1XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED OCTOBER 1, 2010 (JONES 11-8-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED OCTOBER 1, 2010 (JONES 11-8XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED OCTOBER 1, 2010 (STUBSTAD 13-6TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED OCTOBER 1, 2010 (STUBSTAD 14-6TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED SEPTEMBER 1, 2009 (SANISH BAY 42-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED SEPTEMBER 1, 2009 (SANISH BAY 42-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED SEPTEMBER 1, 2009 (SATTERTHWAITE 43-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED SEPTEMBER 1, 2009 (SATTERTHWAITE 44-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED SEPTEMBER 1, 2009 (S-BAR 12-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED SEPTEMBER 1, 2009 (S-BAR 13-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED SEPTEMBER 1, 2009 (S-BAR 13-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED SEPTEMBER 1, 2009 (S-BAR 21-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED SEPTEMBER 1, 2009 (S-BAR 21-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED SEPTEMBER 1, 2009 (SPRAGUE 42-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED SEPTEMBER 1, 2009 (SPRAGUE 42-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY 11 OPERATING CO LLC | JOA DATED SEPTEMBER 15, 2014 (VAN HOOK 132-1319H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY EXCHANGE 3, L.P. (DBA EMK3) | DATA SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY GAS COMPRESSION INC | COMPRESSOR - LOCATION BURNETT - TYPE CATERPILLAR G3304NA | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY GAS COMPRESSION INC | COMPRESSOR - LOCATION CHARBA #1 & #1 - TYPE CATERPILLAR G3304NA | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY GAS COMPRESSION INC | COMPRESSOR - LOCATION OTAHAL #1 & #3 - TYPE CATERPILLAR G3306TA | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY GAS COMPRESSION INC | COMPRESSOR - MSA | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ENERGY GAS COMPRESSION INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY GAS COMPRESSION, INC-7068 | COMPRESSOR LEASE AGREEMENT - EFFECTIVE 03/26/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY GAS COMPRESSION, INC-7068 | COMPRESSOR LEASE AGREEMENT - EFFECTIVE 04/29/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY GAS COMPRESSION, INC-7068 | COMPRESSOR LEASE AGREEMENT - EFFECTIVE 05/08/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY GAS COMPRESSION, INC-7068 | COMPRESSOR LEASE AGREEMENT - EFFECTIVE 11/01/2017 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY GAS COMPRESSION, INC-7068 | MASTER RENTAL AND SERVING AGREEMENT - EFFECTIVE 09/25/2017 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY II | JOA DATED FEBRUARY 1, 2009 (TTT RANCH #11-6H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY ONE LLC | JOA (LINK 12-1H(OA)) ZENERGY INC | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY ONE LLC | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ENERGY PARTNERS CONSULTING LLC | MASTER SERVICES AGREEMENT | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | ENERGY RESOURCES 12 OPERATING | JOA LYCO ENERGY CORPORATION | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY TITLES INC | JOA DATED AUGUST 1, 2009 (DEAL 43-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY TITLES INC | JOA DATED AUGUST 1, 2009 (PLATT #43-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY TITLES INC | JOA DATED AUGUST 1, 2009 (PLATT #44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY TITLES INC | JOA DATED JULY 1, 2011 (NESS 41-21-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY TITLES INC | JOA DATED JULY 1, 2011 (NESS 41-21-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY TITLES INC | JOA DATED JULY 1, 2011 (NESS 41-21XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY TITLES INC | JOA DATED MAY 1, 2011 (BROWN #41-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY TITLES INC | JOA DATED MAY 1, 2011 (BROWN 41-28-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY TITLES INC | JOA DATED MAY 1, 2011 (BROWN 42-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY TITLES INC | JOA DATED NOVEMBER 1, 2011 (MAKI #41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY TITLES INC | JOA DATED NOVEMBER 1, 2011 (MAKI 41-33-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY TITLES INC | JOA DATED NOVEMBER 1, 2011 (MAKI 42-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY TITLES INC | JOA DATED SEPTEMBER 1, 2009 (LAHTI 12-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY TITLES INC | JOA DATED SEPTEMBER 1, 2009 (NESS 43-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY TITLES INC | JOA DATED SEPTEMBER 1, 2009 (NESS 44-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENERGY TITLES INC | JOA DATED SEPTEMBER 1, 2009 (NESS 44-21TFH) | $0.00 |
| WHITING PETROLEUM CORPORATION | ENERGY TRANSFER | OIL SALES CONTRACT AMENDMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | ENERGYLINK HOLDINGS LLC (DBA REDDOG SYSTEMS INC.) | SOFTWARE MAINTENANCE AGREEMENT | $11,772.09 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ENERSTAR RENTALS & SERVICES | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENGAGE MOBILE LLC-8685 | SOFTWARE AGREEMENT - EFFECTIVE 12/21/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENGAGE MOBILIZE INC | SOFTWARE SUBSCRIPTION - EFFECTIVE 01/01/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENGAGE MOBILIZE, LLC | SOFTWARE SUBSCRIPTION AGREEMENT | $12,500.00 |
| WHITING OIL AND GAS CORPORATION | ENGLAND ENERGY LLC | JOA DTD 7/01/76 (JEPSON HOLLER DRAW UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENGLAND ENERGY LLC | JOA DTD 9/27/76 (JEPSON HOLLER DRAW UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENGLAND ENERGY LLC | UNIT OPERATING AGREEMENT DTD 3/19/96 JEPSON HOLLER DRAW (SHANNON SANDSTONE) UNIT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ENGLOBAL US INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENOVAPOINT, UAB | GENERAL IT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENTERPISE HYDROCARBONS L.P. | GAS G&P AGREEMENT- NON CORE | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENTERPRISE FLEET MANAGEMENT | ENTERPRISE VEHICLE LEASE | $0.00 |
| WHITING PETROLEUM CORPORATION | ENTRUST INC. | GENERAL IT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ENVIRONMENTAL MATERIALS | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENVIRONMENTAL SYSTEMS RESEARCH | SOFTWARE LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENVIRONMENTAL SYSTEMS RESEARCH | SOFTWARE SUBSCRIPTION - EFFECTIVE 05/24/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ENVIRONMENTAL SYSTEMS RESEARCH INSTITUTE, INC. | SOFTWARE LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG | JOA DATED JANUARY 1, 2013 (VAN HOOK 126-2523H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG | JOA DATED JANUARY 1, 2013 (VAN HOOK 19-2523H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG | JOA DATED JANUARY 29, 2009 (VAN HOOK 2-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG | JOA DATED SEPTEMBER 15, 2014 (VAN HOOK 25-1319H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG | JOA DATED SEPTEMBER 15, 2014 (VAN HOOK 34-1319H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG | JOA DATED SEPTEMBER 15, 2014 (VAN HOOK 134-1319H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED APRIL 1, 2013 (VAN HOOK 31-1202H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED APRIL 1, 2014 (PARSHALL 44-1004H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED APRIL 1, 2014 (PARSHALL 45-1004H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED APRIL 1, 2014 (PARSHALL 46-1004H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED APRIL 1, 2014 (PARSHALL 72-2127H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED APRIL 1, 2014 (PARSHALL 73-2127H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED APRIL 1, 2014 (PARSHALL 74-2127H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED APRIL 1, 2014 (PARSHALL 75-2127H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED APRIL 3, 2008 (PARSHALL 80-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED AUGUST 15, 2013 (WAYZETTA 41-2117H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED AUGUST 20, 2008 (AUSTIN 86-36H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED AUGUST 20, 2008 (AUSTIN 87-36H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED AUGUST 20, 2010 (RUUD 1-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED AUGUST 22, 2008 (WAYZETTA 108-08H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED AUGUST 28, 2008 (AUSTIN 78-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED AUGUST 29.2014 (PARSHALL 29-2928H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED DECEMBER 1, 2013 (WAYZETTA 148-0311H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED DECEMBER 1, 2013 (WAYZETTA 42-0311H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED DECEMBER 1, 2013 (WAYZETTA 43-0311H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED DECEMBER 15, 2013 (AUSTIN 47-3130H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED DECEMBER 15, 2013 (AUSTIN 81-3130H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED FEBRUARY 1, 2014 (PARSHALL 47-2226H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED FEBRUARY 1, 2014 (PARSHALL 48-2226H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED FEBRUARY 1, 2014 (PARSHALL 49-2226H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED FEBRUARY 15, 2014 (PARSHALL 50-1114H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED FEBRUARY 15, 2014 (PARSHALL 51-1114H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED FEBRUARY 15, 2014 (PARSHALL 52-1114H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED FEBRUARY 15, 2014 (PARSHALL 53-1014H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED FEBRUARY 2, 2011 (ROSS 32-1707H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED FEBRUARY 22, 2006 (WAYZETTA 47-35H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED FEBRUARY 22, 2006 (WAYZETTA 48-35H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED JANUARY 1, 2006 (PARSHALL 61-15H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED JANUARY 1, 2006 (PARSHALL 62-15H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED JANUARY 1, 2006 (PARSHALL 76-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED JANUARY 1, 2006 (PARSHALL 77-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED JANUARY 4, 2016 (AUSTIN 421-2821H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED JANUARY 4, 2016 (AUSTIN 422-2821H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED JANUARY 4, 2016 (AUSTIN 423-2821H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED JULY 1, 2008 (AUSTIN 107-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED JULY 1, 2008 (AUSTIN 82-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED JULY 15, 2013 (WAYZETTA 158-1617H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED JULY 15, 2013 (WAYZETTA 25-1617H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED JULY 15, 2013 (WAYZETTA 34-2829) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED JULY 15, 2013 (WAYZETTA 37-1617H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED JULY 22, 2009 (WAYZETTA 134-17H) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED JUNE 1, 2013 (WAYZETTA 31-3230H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED JUNE 10, 2008 (AUSTIN 117-08H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED JUNE 15, 2014 (PARSHALL 154-1721H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED JUNE 15, 2014 (PARSHALL 42-2117H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED JUNE 15, 2014 (PARSHALL 43-2117H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED JUNE 15, 2014 (PARSHALL 67-2117H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED JUNE 15, 2014 (PARSHALL 99-1721H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED JUNE 15, 2015 (AUSTIN 72-1807H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED JUNE 15, 2015 (AUSTIN 73-1807H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED JUNE 15, 2015 (AUSTIN 84-1807H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED JUNE 15, 2015 (AUSTIN 92-1807H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED JUNE 16, 2009 (WAYZETTA 103-06H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED JUNE 16, 2014 (PARSHALL 31-1820H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED MARCH 1, 2018 (AUSTIN 424-1721H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED MARCH 1, 2018 (AUSTIN 425-1721H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED MARCH 1, 2018 (AUSTIN 426-1721H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED MARCH 15, 2014 (PARSHALL 40-1509H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED MARCH 15, 2014 (PARSHALL 41-1509H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED MARCH 15, 2014 (PARSHALL 60-1509H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED MARCH 2, 2009 (WAYZETTA 51-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED MARCH 2, 2009 (WAYZETTA 51-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED MAY 1, 2018 (AUSTIN 45-1113H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED MAY 1, 2018 (AUSTIN 46-1113H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED MAY 1, 2018 (AUSTIN 465-1113H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED MAY 15, 2014 (PARSHALL 146-0806H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED MAY 15, 2014 (PARSHALL 152-0806H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED MAY 15, 2014 (PARSHALL 36-0806H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED MAY 15, 2014 (PARSHALL 37-0806H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED MAY 15, 2014 (PARSHALL 56-0806H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED MAY 15, 2014 (PARSHALL 57-0806H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED MAY 30, 2014 (PARSHALL 151-1608H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED MAY 30, 2014 (PARSHALL 38-1608H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED MAY 30, 2014 (PARSHALL 39-1608H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED MAY 30, 2014 (PARSHALL 58-1608H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED MAY 30, 2014 (PARSHALL 59-1608H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED MAY 8, 2007 (WAYZETTA 54-34H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED NOVEMBER 15, 2012 (AUSTIN 112-2919H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED NOVEMBER 15, 2012 (AUSTIN 411-2919H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED NOVEMBER 15, 2012 (AUSTIN 414-2919H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED NOVEMBER 15, 2012 (AUSTIN 75-1929H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED NOVEMBER 15, 2012 (AUSTIN 85-1929H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED NOVEMBER 15, 2012 (SHELL 33-3125H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED NOVEMBER 3, 2014 (FERTILE 57-0333H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED OCTOBER 1, 2010 (ROSS 22-07H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED OCTOBER 1, 2014 (PARSHALL 23-3029H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED OCTOBER 1, 2014 (PARSHALL 26-3029H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED OCTOBER 1, 2014 (PARSHALL 88-3029H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED OCTOBER 1, 2014 (PARSHALL 89-3029H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED OCTOBER 1, 2014 (PARSHALL 90-3029H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED OCTOBER 13, 2011 (WAYZETTA 52-3334H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED OCTOBER 13, 2011 (WAYZETTA 53-3334HX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED OCTOBER 13, 2011 (WAYZETTA 59-3334H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED OCTOBER 13, 2011 (WAYZETTA 60-3334H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED OCTOBER 15, 2013 (WAYZETTA 114-0311H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED OCTOBER 15, 2013 (WAYZETTA 44-0311H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED OCTOBER 15, 2013 (WAYZETTA 45-0311H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED OCTOBER 3, 2007 (PARSHALL 63-16H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED OCTOBER 3, 2007 (PARSHALL 64-16H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED SEPTEMBER 1, 2013 (WAYZETTA 35-1920H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED SEPTEMBER 1, 2013 (WAYZETTA 36-1920H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED SEPTEMBER 1, 2013 (WAYZETTA 39-1424H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED SEPTEMBER 1, 2013 (WAYZETTA 40-1424H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED SEPTEMBER 10, 2007 (PARSHALL 65-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED SEPTEMBER 10, 2007 (PARSHALL 66-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED SEPTEMBER 15, 2013 (AUSTIN 42-1708H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED SEPTEMBER 15, 2013 (AUSTIN 77-1708H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED SEPTEMBER 15, 2013 (WAYZETTA 28-1424H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED SEPTEMBER 15, 2013 (WAYZETTA 29-1424H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED SEPTEMBER 15, 2013 (WAYZETTA 38-1424H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED SEPTEMBER 2, 2014 (PARSHALL 82-2827H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED SEPTEMBER 2, 2014 (PARSHALL 83-2827H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED SEPTEMBER 2, 2014 (PARSHALL 84-2827H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED SEPTEMBER 2, 2014 (PARSHALL 93-2827H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED SEPTEMBER 29, 2014 (PARSHALL 403-3534H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED SEPTEMBER 30, 2014 (PARSHALL 96-3332H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED SEPTEMBER 5, 2008 (PARSHALL 91-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DATED SEPTEMBER 5, 2008 (PARSHALL 92-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES | JOA DTD 10/31/11 (SHORT PRAIRIE 2-1011H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA - JAMES HILL 9-0112H | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA (FAIMAN 34-33) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA (FAIMAN 34-33) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA (OUKROP 34-34PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA (OUKROP 34-34PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED APRIL 1, 2009 (AUSTIN 23-32H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED APRIL 1, 2013 (VAN HOOK 32-1202H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED APRIL 15, 2013 (AUSTIN 39-3204H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED APRIL 15, 2013 (WAYZETTA 150-1509H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED APRIL 16, 2008 (BERT 1-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED APRIL 16, 2009 (PARSHALL 16-32H) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED APRIL 2, 2008 (AUSTIN 21-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED APRIL 2, 2008 (AUSTIN 9-11H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED APRIL 2, 2009 (PARSHALL 10-29H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED APRIL 29, 2008 (AUSTIN 7-23H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED APRIL 3, 2008 (PARSHALL 5-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED AUGUST 1, 2008 (PARSHALL 8-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED AUGUST 20, 2008 (AUSTIN 26-36H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED AUGUST 22, 2008 (WAYZETTA 11-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED AUGUST 28, 2008 (AUSTIN 14-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED AUGUST 6, 2008 (AUSTIN 15-17H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED AUGUST 8, 2008 (AUSTIN 125-30H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED AUGUST 8, 2008 (AUSTIN 19-30H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED DECEMBER 1, 2009 (WESTGARD 1-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED DECEMBER 15, 2008 (BARBARA 1-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED DECEMBER 19, 2007 (PARSHALL 20-03H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED DECEMBER 2, 2008 (HAUGE 1-01H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED DECEMBER 5, 2007 (GUDBRANSON 1-6H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED DECEMBER 6, 2007 (AUSTIN 6-15H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED DECEMBER 7, 2006 (FLORENCE 1-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED FEBRUARY 1, 2013 VAN HOOK 29-1113H | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED FEBRUARY 11, 2008 (WAYZETTA 3-15H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED FEBRUARY 13, 2008 (VAN HOOK 1-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED FEBRUARY 15, 2013 (WAYZETTA 155-2636H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED FEBRUARY 22, 2006 (EHLERT 1-35H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED FEBRUARY 23, 2010 (VAN HOOK 7-23H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED FEBRUARY 25, 2009 (PAUL 1-19H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED FEBRUARY 4, 2008 (EVENSON 1-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED FEBRUARY 8, 2007 (WENCO 1-30H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JANUARY 1, 2006 (AUSTIN 24-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JANUARY 1, 2006 (CORMYLO 1-23H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JANUARY 1, 2006 (HOFF 1-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JANUARY 1, 2006 (HOVDA 1-08H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JANUARY 1, 2006 (PARSHALL 1-36H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JANUARY 1, 2006 (PARSHALL 2-36H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JANUARY 1, 2006 (PARSHALL 6-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JANUARY 1, 2006 (PARSHALL 7-23H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JANUARY 1, 2006 (PARSHALL 9-30H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JANUARY 1, 2006 (PATTEN 1-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JANUARY 1, 2006 (ROGER 1-15H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JANUARY 1, 2006 (SAMPSON 1-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JANUARY 1, 2006 (SKAAR 7-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JANUARY 1, 2006 (WAYZETTA 14-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JANUARY 1, 2006 (WAYZETTA 4-16H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JANUARY 1, 2006 (WAYZETTA 5-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JANUARY 1, 2006 (WAYZETTA 8-11H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JANUARY 1, 2006 (WAYZETTA 9-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JANUARY 1, 2006 (ZACHER 1-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JANUARY 1, 2013 (VAN HOOK 131-1415H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JANUARY 15, 2013 (PARSHALL 22-3032H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JANUARY 15, 2013 (PARSHALL 25-3032H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JANUARY 15, 2013 (VAN HOOK 104-1218H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JANUARY 15, 2013 (VAN HOOK 33-1218H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JANUARY 17, 2007 (C&B 1-31H BPO) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JANUARY 20, 2009 (PARSHALL 17-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JANUARY 26, 2009 (WAYZETTA 10-32H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JANUARY 27, 2009 (AUSTIN 20-29H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JANUARY 28, 2009 (WAYZETTA 15-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JANUARY 30, 2007 (N&D 1-5H (BPO) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JULY 1, 2008 (AUSTIN 22-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JULY 11, 2007 (HERBERT 1-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JULY 14, 2009 (MODEL 100-19H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JULY 22, 2009 (WAYZETTA 20-17H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JULY 28, 2009 (ROSS 10-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JULY 29, 2008 (WAYZETTA 13-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JULY 30, 2008 (WAYZETTA 6-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JUNE 1, 2009 (PARSHALL 3-19H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JUNE 1, 2013 (PARSHALL 34-0509H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JUNE 1, 2013 (PARSHALL 35-0509H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JUNE 10, 2008 (AUSTIN 13-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JUNE 16, 2009 (LUCILLE 22-6H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JUNE 21, 2007 (LOREN 1-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JUNE 5, 2012 (WAYZETTA 22-1509H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JUNE 6 2008 (PARSHALL 13-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JUNE 7, 2007 (EVANS 1-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED JUNE 8, 2008 (WAYZETTA 1-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED MARCH 1, 2012 (DOUBLE BAR M 24-32H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED MARCH 2, 2009 (PEDERSON 1-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED MARCH 20, 2007 (GEVING 1-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED MARCH 20, 2007 (JORDET 1-11H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED MARCH 28, 2008 (BERGSTROM 1-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED MARCH 4, 2008 (WAYZETTA 2-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED MARCH 6, 2007 (RALPH 1-32H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED MAY 1, 2009 (WAYZETTA 19-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED MAY 1, 2013 (WAYZETTA 137-2226H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED MAY 10, 2010 (CLEARWATER 14-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED MAY 15, 2013 (WAYZETTA 154-0605H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED MAY 19, 2008 (AUSTIN 10-34H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED MAY 22, 2007 (ALAN 1-6H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED MAY 23, 2008 (PARSHALL 4-20H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED MAY 28, 2008 (AUSTIN 25-35H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED MAY 31, 2007 (LONG 1-01H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED MAY 7, 2009 (PARSHALL 15-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED MAY 8, 2007 (RISAN 1-34H) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED MAY 8, 2008 (SHIRLEY 1-17H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED MAY 8, 2008 (WAYZETTA 12-20H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED NOVEMBER 13, 2008 (PARSHALL 18-34H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED NOVEMBER 15, 2012 (AUSTIN 31-2919H - WELLBORE) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED NOVEMBER 15, 2012 (PARSHALL 32-0225H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED NOVEMBER 2, 2009 (PARSHALL 100-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED NOVEMBER 20, 2007 (WENTZ 1-29H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED NOVEMBER 27, 2007 (DETIENNE 1-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED NOVEMBER 5, 2007 (JOHN 1-20H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED NOVEMBER 7, 2007 (GDR 1-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED OCTOBER 1, 2009 (AUSTIN 101-15H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED OCTOBER 1, 2009 (WAYZETTA 101-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED OCTOBER 12, 2006 (BARTELSON 1-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED OCTOBER 12, 2006 (WARBERG 1-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED OCTOBER 13, 2008 (PARSHALL 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED OCTOBER 13, 2011 (WAYZETTA 124-3334H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED OCTOBER 15, 2012 (VAN HOOK 20-0107H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED OCTOBER 21, 2008 (WAYZETTA 16-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED OCTOBER 22, 2008 (WAYZETTA 17-29H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED OCTOBER 22, 2012 (WAYZETTA 136-2127H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED OCTOBER 23, 2007 (AUSTIN 8-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED OCTOBER 26, 2011 (WAYZETTA 156-3329H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED OCTOBER 27, 2008 (AUSTIN 17-20H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED OCTOBER 3, 2007 (SCHOOL 1-16H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED SEPTEMBER 1, 2009 (VAN HOOK 100-15H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED SEPTEMBER 1, 2011 (WAYZETTA 157-2835H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED SEPTEMBER 10, 2007 (HG 1-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED SEPTEMBER 10, 2008 (AUSTIN 16-19H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED SEPTEMBER 11, 2007 (AUSTIN 2-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED SEPTEMBER 17, 2009 (WAYZETTA 102-02H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED SEPTEMBER 19, 2007 (CHRISTIE 1-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DATED SEPTEMBER 5, 2008 (PARSHALL 11-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | JOA DTD 8/24/10 (CLEARWATER - 102-0506H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | SEISMIC DATA EXCHANGE AGREEMENT - EFFECTIVE 04/24/2008 | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | SEISMIC LICENSE AGREEMENT - EFFECTIVE 04/24/2008 | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | SEISMIC LICENSE AGREEMENT - EFFECTIVE 04/24/2008 | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | SEISMIC LICENSE AGREEMENT - EFFECTIVE 09/11/2007 | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC | SEISMIC LICENSE AGREEMENT - EFFECTIVE 09/11/2007 | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES INC., PREVIOUSLY PECAN PIPELINE (NORTH DAKOTA). INC. | GAS G&P AGREEMENT- POP FEE | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES, INC | JOA (GARDEN COULEE 3-2734H) EOG RESOURCES | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES, INC | JOA DATED JULY 27, 2010 (MODEL 1-05H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES, INC | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES, INC. | JOA - HARDSCRABBLE 3-3328H | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES, INC. | JOA - JAMES HILL 10-0112H | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES, INC. | JOA (GARDEN COULEE 3-2734H) (OASIS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES, INC. | JOA DATED JANUARY 20, 2011 (REVISED 9/19/2011) (HARDSCRABBLE 13-3526 H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES, INC. | JOA DATED JULY 11, 2011 (HARDSCRABBLE 4-3427H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EOG RESOURCES, INC. | JOINT OPERATING AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | EPPLUS SOFTWARE AB | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | AMENDMENT TO PURCHASE AND SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA - CHAMELEON STATE 31-16HU | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA (PALMER #24-21-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA (THURLOW WILLIAMS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED AUGUST 1, 2009 (BILL TTT FEDERAL 42-4TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED AUGUST 1, 2009 (BURL TTT 13-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED AUGUST 1, 2009 (DEAL 43-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED AUGUST 1, 2009 (GORDON TTT FEDERAL 41-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED AUGUST 1, 2009 (GUINN TRUST 11-13TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED AUGUST 1, 2009 (HAGEY 11-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED AUGUST 1, 2009 (HAGEY 12-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED AUGUST 1, 2009 (JONES 34-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED AUGUST 1, 2009 (JORGENSEN 11-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED AUGUST 1, 2009 (JORGENSEN 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED AUGUST 1, 2009 (JORGENSEN 31-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED AUGUST 1, 2009 (JULIA TTT 34-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED AUGUST 1, 2009 (LAHTI 14-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED AUGUST 1, 2009 (LAHTI 24-22-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED AUGUST 1, 2009 (LAHTI 24-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED AUGUST 1, 2009 (LAUKALA 34-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED AUGUST 1, 2009 (MAKI 11-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED AUGUST 1, 2009 (NIEMI 44-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED AUGUST 1, 2009 (PLATT #43-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED AUGUST 1, 2009 (PLATT #44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED AUGUST 1, 2009 (RAY 12-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED AUGUST 1, 2009 (TTT RANCH 43-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED AUGUST 1, 2011 (HAGEY 14-13XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED AUGUST 1, 2011 (HATTIE HAGEY 14-13TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED AUGUST 1, 2011 (MARY ELIZABETH 13-13TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED FEBRUARY 1, 2009 (STERLING TTT 21-6H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED FEBRUARY 1, 2009 (TROY TTT 12-6TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED FEBRUARY 1, 2009 (TTT RANCH #12-6H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED FEBRUARY 1, 2009 (TTT RANCH #4-6TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED FEBRUARY 1, 2010 (KLEFSTAD 24-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED FEBRUARY 1, 2010 (MEIERS 34-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED FEBRUARY 1, 2010 (MEIERS 43-25TFH) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED FEBRUARY 1, 2010 (MEIERS 44-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED JANUARY 1, 2011 (LILLIAN VIOLA 14-12TFX | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED JANUARY 1, 2011 (TIISTO #14-12XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED JANUARY 1, 2011 (VERNE HAGEY 13-12TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED JANUARY 1, 2013 (P EVITT 154-98-13-12-2-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED JULY 1, 2010 (HEIPLE 14-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED JULY 1, 2010 (OGDEN 13-3TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED JULY 1, 2010 (OGDEN 14-3TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED JULY 1, 2011 (NESS 41-21-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED JULY 1, 2011 (NESS 41-21-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED JULY 1, 2011 (NESS 41-21XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED JULY 15, 2008 (DOUG KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED JULY 15, 2008 (KINNOIN 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED JULY 15, 2008 (KINNOIN 41-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED JUNE 1, 2009 (CARKUFF 11-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED JUNE 1, 2009 (LINDSETH 12-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED JUNE 1, 2009 (ODDIE 44-7-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED JUNE 1, 2009 (ODDIE 44-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED JUNE 1, 2009 (STROBECK 12-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED JUNE 1, 2009 (TIISTO 43-7-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED JUNE 1, 2009 (TIISTO 43-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED JUNE 1, 2010 (ROHDE #14-6XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED JUNE 1, 2010 (ROHDE 13-6TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED JUNE 1, 2010 (ROHDE FEDERAL 14-6TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED JUNE 1, 2012 (WATTS 42-21-1HR) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED MAY 1, 2008 (MERILYN SMITH 12-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED MAY 1, 2008 (SMITH 12-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED MAY 1, 2010 (CARL KANNIANEN 13-7XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED MAY 1, 2010 (MOORE 14-7-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED MAY 1, 2010 (MOORE 14-7X) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED MAY 1, 2011 (BROWN #41-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED MAY 1, 2011 (BROWN 41-28-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED MAY 1, 2011 (BROWN 42-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED NOVEMBER 1, 2011 (MAKI #41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED NOVEMBER 1, 2011 (MAKI 41-33-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED NOVEMBER 1, 2011 (MAKI 42-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED OCTOBER 1, 2009 (CARL KANNIANEN 24-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED OCTOBER 1, 2009 (HARTSTROM 24-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED OCTOBER 1, 2009 (KANNIANEN 43-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED OCTOBER 1, 2009 (KANNIANEN 44-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED OCTOBER 1, 2009 (WHITE 43-33TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED OCTOBER 1, 2010 (ARNDT #14-5XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED OCTOBER 1, 2010 (ARNDT 13-5TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED OCTOBER 1, 2010 (ARNDT 14-5TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED OCTOBER 1, 2010 (HOOVER #13-1TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED OCTOBER 1, 2010 (HOOVER #14-1TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED OCTOBER 1, 2010 (HOOVER #14-1XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED OCTOBER 1, 2010 (JONES 11-8-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED OCTOBER 1, 2010 (JONES 11-8XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED SEPTEMBER 1, 2009 (HEIPLE 11-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED SEPTEMBER 1, 2009 (LAHTI 12-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED SEPTEMBER 1, 2009 (NESS 43-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED SEPTEMBER 1, 2009 (NESS 44-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED SEPTEMBER 1, 2009 (NESS 44-21TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED SEPTEMBER 1, 2009 (OGDEN #11-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED SEPTEMBER 1, 2009 (OGDEN 12-3-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED SEPTEMBER 1, 2009 (OGDEN 12-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED SEPTEMBER 1, 2010 (LAHTI 31-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED SEPTEMBER 1, 2010 (LAHTI 41-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED SEPTEMBER 1, 2010 (NIEMITALO #31-15XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED SEPTEMBER 1, 2010 (OJA #14-27XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED SEPTEMBER 1, 2010 (OJA 13-27-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED SEPTEMBER 1, 2010 (OJA 13-27-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DATED SEPTEMBER 15, 2014 (VAN HOOK 132-1319H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DTD 10/1/2017 (NELSON 11-18-2TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DTD 10/1/2018 (THOMAS 44-4HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DTD 11/1/2017 (FLINT 41-5-1HU & 6TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DTD 2/1/18 (RENNERFELDT 14-34-1HU AND 6TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DTD 3/1/13 (SKOV 31-28-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DTD 3/1/18 (EARL 14-34-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DTD 4/01/14 (PREWITT 21-25-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DTD 4/1/2017 (NELSON 11-18-2TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOA DTD 8/1/2018 (GILFER 21-15-1TFHU & 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | JOINT OPERATING AGREEMENT (CHAMELEON STATE 153-97-16-21-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR ENERGY LP | PURCHASE AND SALE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | EQUINOR MARKETING & TRADING | AMENDMENT TO CRUDE OIL SALES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR OIL | JOA DATED FEBRUARY 1, 2009 (TTT RANCH #11-6H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EQUINOR OIL | JOA DATED JULY 15, 2008 (KINNOIN 11-14H) | $0.00 |
| WHITING PETROLEUM CORPORATION | ERIC HAGEN | EXECUTIVE EMPLOYMENT AND SEVERANCE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | ERIC HAGEN | INDEMNIFICATION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ERICKSON FAMILY TRUST | JOA - OBRIGEWITCH 41-29PHU | $0.00 |
| WHITING OIL AND GAS CORPORATION | ERICKSON FAMILY TRUST | JOA (OBRIGEWITCH 11-29PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ERICKSON FAMILY TRUST | JOA (OBRIGEWITCH 11-29PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ERICKSON FAMILY TRUST | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ERNEST G WOLLA JR | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/16/2012 | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | ES LAND & LIVESTOCK LLC | SURFACE AGREEMENT - JOHNSON COUNTY, WY - DATED 04/01/1996 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ESTANCIA PETROLEUM CORP | JOA (DOLYNIUK 11-25PH; 21-25PH; 41-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ESTANCIA PETROLEUM CORP | JOA (OBRIGEWITCH 44-20PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ESTANCIA PETROLEUM CORP | JOA DTD 03/01/14 (DOLYNIUK 21-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ESTANCIA PETROLEUM CORP | JOA DTD 1/01/12 (OBRIGEWITCH 41-16PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ESTANCIA PETROLEUM CORP | JOA DTD 2/1/2019 (MOLINE 31-14-5TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ESTATE OF FRANK J BAVENDICK | JOA (BUCKMAN 44-9PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ESTATE OF FRANK J BAVENDICK | JOA (DIETZ 34-7PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ESTATE OF FRANK J BAVENDICK | JOA (KESSEL 44-35PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ESTATE OF FRANK J BAVENDICK | JOA (OBRIGEWITCH 11-29PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ESTATE OF FRANK J BAVENDICK | JOA (OBRIGEWITCH 44-8PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ESTATE OF FRANK J BAVENDICK | JOA (TALKINGTON 21-30TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ESTATE OF FRANK J BAVENDICK | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ESTATE OF FRANK J BAVENDICK | JOA DATED AUGUST 1, 2010 (CVANCARA 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ESTATE OF FRANK J BAVENDICK | JOA DATED AUGUST 1, 2010 (CVANCARA 12-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ESTATE OF FRANK J BAVENDICK | JOA DATED AUGUST 1, 2010 (CVANCARA 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ESTATE OF FRANK J BAVENDICK | JOA DATED AUGUST 1, 2010 (CVANCARA 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ESTATE OF FRANK J BAVENDICK | JOA DATED AUGUST 1, 2012 (KJOS 14-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ESTATE OF FRANK J BAVENDICK | JOA DATED AUGUST 1, 2012 (LIEBL 31-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ESTATE OF FRANK J BAVENDICK | JOA DATED AUGUST 1, 2012 (LIEBL 31-13TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ESTATE OF FRANK J BAVENDICK | JOA DATED MARCH 1, 2012 (BUCKMAN 34-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ESTATE OF FRANK J BAVENDICK | JOA DTD 8/1/2018 (GILFER 21-15-1TFHU & 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ESTATE OF FRANK J BAVENDICK | JOINT OPERATING AGREEMENT (KOALA 14-32HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ESTATE OF JOSEPH P SCANLAN, WAYNE D SCANLAN - PR | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 03/03/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ESTATE OF RICHARD SIEGAL | FO-BTA / ESTATE OF RICHARD SIEGAL - EFFECTIVE 1/25/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ESTATE OF RICHARD SIEGAL | FO-SPRING CREEK/EST OF RICHARD SIEGAL/AMERICAN/PFG/ALPENGLOW-EFF 2/22/10 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ESTATE OF RICHARD SIEGAL | FO-SPRING CREEK/EST OF RICHARD SIEGAL/PFG CORP - EFFECTIVE 3/30/10 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ESTVOLD CONSULTING LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ESTVOLD OILFIELD SERVICES, INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ETC FIELD SERVICES, LLC | GAS G&P AGREEMENT- POP FEE- NON CORE | $0.00 |
| WHITING OIL AND GAS CORPORATION | ETC FIELD SERVICES, LLC | GAS G&P AGREEMENT- POP FEE- NON CORE | $0.00 |
| WHITING PETROLEUM CORPORATION | EVANS SERVICES, LLC | PATRICIA EVANS INDEPENDENT CONTRACTOR | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | EVENSON CONSULTING INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | EVERTSON ENERGY PARTNERS LLC | JOA DTD 8/1/18 (PERIOT 44-20HU BPO) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EVIRONMENTAL SYSTEMS RESEARCH, INC. | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | EVO INCORPORATED | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | EVOLUTION COMPLETIONS INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | EVOLUTION HYDROTESTING LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | EVOLUTION MANAGEMENT INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | EXCEED OILFIELD EQUIPMENT INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | EXECUTIVE LAND SERVICES INC | JOA (FRICK 24-8-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EXECUTIVE LAND SERVICES INC | JOA (WOLD 16-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EXECUTIVE LAND SERVICES, INC | JOA (TARPON FEDERAL 44-19TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | EXPERTOOL LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | EXPLORATION & DEVELOPMENT CO | JOA - REPLACEMENT (KUBAS 11-13TFH, KUBAS 34-12PH, KUBAS 12-13PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EXPLORATION & DEVELOPMENT CO | JOA (FRICK 24-8-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EXPLORATION & DEVELOPMENT CO | JOINT OPERATING AGREEMENT (KOALA 14-32HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EXPLORATION & DEVELOPMENT CO., INC | JOA (TARPON FEDERAL 44-19TFHU) | $0.00 |
| WHITING PETROLEUM CORPORATION | EXPLORATION GEOPHYSICS, INC. | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | EXPLORNATION ENERGY INC | JOA (KESSEL 11-26PH; 21-26PH; 41-26PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EXTERRAN ENERGY SOLUTIONS LP / ARCHROCK | COMPRESSOR - LOCATION RAZOR 21 | $0.00 |
| WHITING OIL AND GAS CORPORATION | EXTERRAN ENERGY SOLUTIONS LP / ARCHROCK | COMPRESSOR - LOCATION RAZOR 26B PAD #1 | $0.00 |
| WHITING OIL AND GAS CORPORATION | EXTERRAN ENERGY SOLUTIONS LP / ARCHROCK | COMPRESSOR - LOCATION RAZOR 26B PAD #2 | $0.00 |
| WHITING OIL AND GAS CORPORATION | EXTERRAN ENERGY SOLUTIONS LP / ARCHROCK | COMPRESSOR - LOCATION RAZOR 26B PAD #3 (NOW HORSETAIL 30) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EXTERRAN ENERGY SOLUTIONS LP / ARCHROCK | COMPRESSOR - LOCATION RAZOR 30K | $0.00 |
| WHITING OIL AND GAS CORPORATION | EXTERRAN ENERGY SOLUTIONS-1097 | MASTER COMPRESSION SERVICES AGREEMENT - EFFECTIVE 06/29/2006 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | EXTREME UNDERGROUND HDD LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | EXXON MOBIL CORPORATION | SURFACE AGREEMENT - RIO BLANCO COUNTY, CO - DATED 05/14/2008 | $0.00 |
| WHITING OIL AND GAS CORPORATION | EXXON MOBIL CORPORATION | SURFACE USE & DAMAGE AGREEMENT - RIO BLANCO COUNTY, CO - DATED 09/10/2007 | $0.00 |
| WHITING OIL AND GAS CORPORATION | EXXONMOBIL EXPLORATION COMPANY | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | EXXONMOBIL EXPLORATION COMPANY | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | EZ TRADING LLC | JOA (EIDE 41-13HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | EZ TRADING LLC | JOA DTD 04/01/17 (ANNA 14-8-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | F & D OILFIELD MAINTENANCE INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | F DOUGLAS TUFFLEY | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | F L DUNN III INVESTMENTS LLC | JOA DATED AUGUST 1, 2009 (BILL TTT FEDERAL 42-4TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | F L DUNN III INVESTMENTS LLC | JOA DATED AUGUST 1, 2009 (BURL TTT 13-3TFH) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | F L DUNN III INVESTMENTS LLC | JOA DATED AUGUST 1, 2009 (GORDON TTT FEDERAL 41-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | F L DUNN III INVESTMENTS LLC | JOA DATED AUGUST 1, 2009 (JONES 34-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | F L DUNN III INVESTMENTS LLC | JOA DATED AUGUST 1, 2009 (TTT RANCH 43-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | F L DUNN III INVESTMENTS LLC | JOA DATED OCTOBER 1, 2010 (ARNDT #14-5XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | F L DUNN III INVESTMENTS LLC | JOA DATED OCTOBER 1, 2010 (ARNDT 13-5TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | F L DUNN III INVESTMENTS LLC | JOA DATED OCTOBER 1, 2010 (ARNDT 14-5TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | F O GRIFFIN | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | F.O. GRIFFIN | JOA (WAHLSTROM 3-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | FAIRCHILD WINDHAM EXPL CO | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | FALCON TECHNOLOGIES & SERVICES | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | FARRELL WELLNESS VENTURE LLC | JOA 1/1/16 (CARSCALLEN 31-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | FASTENAL COMPANY | SUPPLY AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | FASTENAL COMPANY-4798 | EQUIPMENT LEASE AGREEMENT - EFFECTIVE 09/13/2018 | $2,511.49 |
| WHITING OIL AND GAS CORPORATION | FASTENAL COMPANY-4798 | PRICING AGREEMENT - EFFECTIVE 10/24/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | FASTENAL COMPANY-4798 | PRICING AGREEMENT - EFFECTIVE 10/24/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | FASTENAL COMPANY-4798 | PRICING AGREEMENT - EFFECTIVE 10/24/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | FASTENAL COMPANY-4798 | PRICING AGREEMENT - EFFECTIVE 10/24/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | FASTENAL COMPANY-4798 | PRICING AGREEMENT - EFFECTIVE 10/24/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | FASTENAL COMPANY-4798 | SUPPLY AGREEMENT - EFFECTIVE 05/31/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | FASTENAL COMPANY-4798 | SUPPLY AGREEMENT - EFFECTIVE 06/01/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | FASTSPRING | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | FAYE N BROWNLEE | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | FEATHER RIVER 75 LLC | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | FEATHER RIVER 75 LLC | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | FEATHER RIVER 75 LLC | JOA DTD 7/1/2017 (VANCE 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | FEDERAL COMMUNICATIONS COMMISSION-8388 | COMMUNICATIONS LEASE AGREEMENT - EFFECTIVE 05/07/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | FEDERAL COMMUNICATIONS COMMISSION-8388 | COMMUNICATIONS LEASE AGREEMENT - EFFECTIVE 05/07/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | FELECIE DRESSLER | SURFACE AGREEMENT - JOHNSON COUNTY, WY - DATED 02/14/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | FELECIE DRESSLER | SURFACE AGREEMENT - JOHNSON COUNTY, WY - DATED 04/01/1996 | $0.00 |
| WHITING OIL AND GAS CORPORATION | FENDER EXPLORATION PRODUCTION | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | FERN IMME | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | FIDELITY EXPLORATION AND PRODUCTION CO | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | FIDELITY EXPLORATION AND PRODUCTION COMPANY | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | FIFTH THIRD BANK | ISDA MASTER AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | FIG 2013 DRILLING AND | JOA - FRANK 44-7PHU | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | FLARE INDUSTRIES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | FLATIRONS RESOURCES LLC | CRUDE OIL PURCHASE AND SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | FLATIRONS RESOURCES LLC | JOA DTD 6/1/13 (HORSETAIL WELL #07-0611H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | FLATIRONS RESOURCES LLC | JOA DTD 9/1/12 (RAZOR 12-01 UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | FLATIRONS RESOURCES LLC | SETTLEMENT AGREEMENT AND RELEASE | $0.00 |
| WHITING OIL AND GAS CORPORATION | FLATLAND AG HOLDINGS LLLP | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 02/18/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION | FLETCHER PROPERTIES LP | JOA DTD 11/1/18 (KNUT BERG TRUST 41-28 HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | FLEX FLOW SERVICES LLC (CONTRACT WITH GR LIFT LP (GR ENERGY SERVICES)) | HORIZONTAL PUMPING SYSTEM CONTRACT | $0.00 |
| WHITING OIL AND GAS CORPORATION | FLINT HILLS RESOURCES, LP | NON-CORE TRUCKED OIL SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | FLINT M BIBLER | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 08/26/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | FLINT M BIBLER | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 08/26/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | FLINT M BIBLER | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 05/31/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | FLOGISTIX LP | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | FLOW-CAL INC | SOFTWARE SUBSCRIPTION - EFFECTIVE 12/15/2019 | $0.00 |
| WHITING PETROLEUM CORPORATION | FLOW-CAL, INC. (OWNED BY QUORUM BUSINESS SOLUTIONS) | IT SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | FLOWCO PRODUCTION SOLUTIONS | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | FLOWCORE SYSTEMS | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | FOLLMAN CONSULTING | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | FORTIN ENTERPRISES INC | JOA DATED JULY 1, 2012 (KITTLESON FEDERAL 34-23-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | FORTIN ENTERPRISES INC | JOA DATED SEPTEMBER 1, 2012 (KITTLESON FEDERAL 24-24-1H) | $0.00 |
| WHITING PETROLEUM CORPORATION | FORTINET | IT SUPPORT AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | FOULSTON SIEFKIN LLP | ENGAGEMENT LETTER - EFFECTIVE 12/07/2007 | $0.00 |
| WHITING OIL AND GAS CORPORATION | FOUNDATION ENERGY MANAGEMENT, LLC | INTERRUPTIBLE GAS PURCHASE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | FOUR CORNERS PETROLEUM II, LLC | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | FOZ ENTERPRISES TRUST | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 21-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | FOZ ENTERPRISES TRUST | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 41-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | FOZ ENTERPRISES TRUST | JOA DATED SEPTEMBER 1, 2009 (MOORE 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | FRANCES RADECKI | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/16/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | FRANDSON SAFETY INC | MASTER SERVICES AGREEMENT | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | FRANK JEPPI BYPASS TRUST | JOA (TALKINGTON FEDERAL 21-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | FRANK P WILLIS III | JOA DATED AUGUST 1, 2009 (DEAL 43-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | FRANK P WILLIS III | JOA DATED AUGUST 1, 2009 (PLATT #43-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | FRANK P WILLIS III | JOA DATED AUGUST 1, 2009 (PLATT #44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | FRANK P WILLIS III | JOA DATED MAY 1, 2011 (BROWN #41-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | FRANK P WILLIS III | JOA DATED MAY 1, 2011 (BROWN 41-28-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | FRANK P WILLIS III | JOA DATED MAY 1, 2011 (BROWN 42-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | FRANK P WILLIS III | JOA DATED NOVEMBER 1, 2011 (MAKI #41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | FRANK P WILLIS III | JOA DATED NOVEMBER 1, 2011 (MAKI 41-33-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | FRANK P WILLIS III | JOA DATED NOVEMBER 1, 2011 (MAKI 42-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | FRANK P WILLIS III | JOA DATED OCTOBER 1, 2009 (CARL KANNIANEN 24-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | FRANK P WILLIS III | JOA DATED OCTOBER 1, 2009 (HARTSTROM 24-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | FRANK P WILLIS III | JOA DATED OCTOBER 1, 2009 (KANNAINEN 43-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | FRANK P WILLIS III | JOA DATED OCTOBER 1, 2009 (KANNIANEN 44-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | FRANK P WILLIS III | JOA DATED OCTOBER 1, 2009 (WHITE 43-33TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | FRANZ CONSTRUCTION INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | FREAR CONSULTING INC DBA | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | FREDDIE WHEELER HURT MOORE | JOA DTD 7/01/76 (JEPSON HOLLER DRAW UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | FREDDIE WHEELER HURT MOORE | JOA DTD 9/27/76 (JEPSON HOLLER DRAW UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | FREDDIE WHEELER HURT MOORE | UNIT OPERATING AGREEMENT DTD 3/19/96 JEPSON HOLLER DRAW (SHANNON SANDSTONE) UNIT | $0.00 |
| WHITING OIL AND GAS CORPORATION | FREEPOINT COMMODITIES LLC | BAKKEN OIL SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | FREEPOINT COMMODITIES LLC | BAKKEN TRUCKED OIL SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | FRONTLINE CONSULTING LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | FROST BACK CONSULTING | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | FUGRO AIRBORNE SURVEYS DORP. | GENERAL LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | FUZION FIELD SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | G & G GARBAGE LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | G & J HELLER FAMILY MINERAL TR | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | G & W TRUCKING INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | G E MCKISSACK | JOA DATED NOVEMBER 1, 2011 (MAKI 41-33-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | G E MCKISSACK | JOA DATED OCTOBER 1, 2009 (KANNAINEN 43-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | G E MCKISSACK | JOA DATED OCTOBER 1, 2009 (KANNAINEN 44-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | G G ROSE LLC | JOA (EIDE 41-13HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | G G ROSE LLC | JOA DTD 11/1/2017 (FLINT 41-5-1HU & 6TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | G G ROSE LLC | JOA DTD 3/1/18 (EARL 14-34-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | G G ROSE LLC | JOA DTD 8/1/2018 (GILFER 21-15-1TFHU & 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | G KENT ELLIS | JOA (DIETZ 34-7PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | G STYLE TRANSPORT LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | G4 LLC/OIL PARTNERS | JOA DATED APRIL 1, 2009 (BREHM 12-27-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | G4 LLC/OIL PARTNERS | JOA DATED APRIL 1, 2009 (BREHM 12-27-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | G4 LLC/OIL PARTNERS | JOA DATED APRIL 1, 2009 (BREHM 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | G4 LLC/OIL PARTNERS | JOA DATED APRIL 1, 2009 (BREHM 13-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | G4 LLC/OIL PARTNERS | JOA DATED APRIL 1, 2009 (HANSEN 44-28-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | G4 LLC/OIL PARTNERS | JOA DATED APRIL 1, 2009 (HANSEN 44-28-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | G4 LLC/OIL PARTNERS | JOA DATED APRIL 1, 2009 (HANSEN 44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | G4 LLC/OIL PARTNERS | JOA DATED APRIL 1, 2009 (HANSEN 44-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | G4 LLC/OIL PARTNERS | JOA DATED APRIL 1, 2009 (LEE 41-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | G4 LLC/OIL PARTNERS | JOA DATED NOVEMBER 1, 2010 (ELMER BARTLESON 14-29TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | G4 LLC/OIL PARTNERS | JOA DATED NOVEMBER 1, 2010 (ELSIE BARTLESON FEDERAL 14-29TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | G4 LLC/OIL PARTNERS | JOA DATED NOVEMBER 1, 2010 (PETERSON 41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | G4 LLC/OIL PARTNERS | JOA DATED NOVEMBER 1, 2010 (SMITH #14-29XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GADECO LLC | JOA (HECKER 14-7PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GADECO LLC | JOA (KOALA FEDERAL 31-25HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GADECO LLC | JOA (PRONGHORN FEDERAL 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GADECO LLC | JOA (PRONGHORN FEDERAL 34-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GADECO LLC | JOA DATED AUGUST 1, 2009 (JORGENSEN 11-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GADECO LLC | JOA DATED AUGUST 1, 2009 (JORGENSEN 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GADECO LLC | JOA DATED AUGUST 1, 2009 (JORGENSEN 31-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GADECO LLC | JOA DATED AUGUST 1, 2009 (MAKI 11-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GADECO LLC | JOA DATED AUGUST 1, 2009 (RAY 12-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GADECO LLC | JOA DATED JULY 1, 2018 (PRONGHORN FEDERAL 41-14PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GADECO LLC | JOA DATED SEPTEMBER 1, 2010 (OJA #14-27XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GADECO LLC | JOA DATED SEPTEMBER 1, 2010 (OJA 13-27-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GADECO LLC | JOA DATED SEPTEMBER 1, 2010 (OJA 13-27-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GADECO LLC | JOA DTD 11/1/2017 (FLINT 41-5-1HU & 6TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GADECO LLC | JOA DTD 3/1/18 (EARL 14-34-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GADECO LLC | JOA DTD 5/1/18 (RENNERFELDT 41-3-5TFHU AND 5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GADECO LLC | JOA DTD 8/1/2018 (GILFER 21-15-1TFHU & 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GAEDEKE WILLISTON BASIN | JOA DATED AUGUST 1, 2010 (CVANCARA 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GAEDEKE WILLISTON BASIN | JOA DATED AUGUST 1, 2010 (CVANCARA 12-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GAEDEKE WILLISTON BASIN | JOA DATED AUGUST 1, 2010 (CVANCARA 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GAEDEKE WILLISTON BASIN | JOA DATED AUGUST 1, 2010 (CVANCARA 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GAEDEKE WILLISTON BASIN | JOA DATED SEPTEMBER 1, 2011 (CURL 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GAEDEKE WILLISTON BASIN | JOA DTD 10/1/18 (BERG TRUST 34-22-TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GAEDEKE WILLISTON BASIN | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GAEDEKE WILLISTON BASIN | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GAEDEKE WILLISTON BASIN | JOA DTD 7/1/2017 (VANCE 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GARDENIA INC | PARTICIPATION AGREEMENT-WHZ | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | GARLAND BROTHERS LLC | SURFACE AGREEMENT - WEBSTER COUNTY, LA - DATED 01/15/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | GARRETT WELLINGTON GREENE | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 04/05/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION | GARRETT WELLINGTON GREENE | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 09/09/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION | GARY CRAFT | JOA DTD 2/1/2019 (MOLINE 31-14-5TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GARY F HAPIP | JOA (OBRIGEWITCH 11-29PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GARY F HAPIP | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GARY L WARNKE | JOA (DULETSKI FEDERAL 34-11) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GARY L WARNKE | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD #41-12XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GARY L WARNKE | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 14-13-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GARY L WARNKE | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 14-13XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GARY L WARNKE | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 41-12-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GARY L WARNKE | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 41-12-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GARY L WARNKE | JOA DATED FEBRUARY 1, 2011 (NESHEIM 11-24XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GARY L WARNKE | JOA DATED NOVEMBER 1, 2008 (LITTLEFIELD 21-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GARY L WARNKE | JOA DATED NOVEMBER 1, 2008 (RUDMAN 11-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GARY L WARNKE | JOA DATED OCTOBER 1, 2008 (BENTSEN 13-35H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GARY L WARNKE | JOA DATED OCTOBER 1, 2008 (KAMPS 11-35TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GARY L WARNKE | JOA DATED OCTOBER 1, 2008 (MONSON 11-35H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GARY L WARNKE | JOA DATED OCTOBER 1, 2008 (NIEMITALO 12-35H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GASPER E MASCARENAS | JOA (PAVLISH 31-30PH) | $0.00 |
| WHITING PETROLEUM CORPORATION | GBK | NOTICE FOR CRUDE OIL FACILITY | $0.00 |
| WHITING OIL AND GAS CORPORATION | GBK INVESTMENT L.L.C. | AGREEMENT FOR CONSTRUCTION - ROBINSON | $0.00 |
| WHITING OIL AND GAS CORPORATION | GBK INVESTMENT L.L.C. | FIRST AMENDMENT TO PSA | $0.00 |
| WHITING OIL AND GAS CORPORATION | GBK INVESTMENTS LLC | ROBINSON LAKE OIL CONDITIONING FACILITY | $0.00 |
| WHITING OIL AND GAS CORPORATION | GBK INVESTMENTS, L.L.C. | AMENDED AND RESTATED GAS PURCHASE, GATHERING, PROCESSING AND FRACTIONATION AGREEMENT (ROBINSON LAKE) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GEMINI SOLUTIONS INC | LICENSE AGREEMENT - EFFECTIVE 02/15/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION | GEMINI SOLUTIONS INC | SOFTWARE LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | GENE HELLE | JOA (FRICK 24-8-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GENE HELLE | JOA (WOLD 16-7TFH) | $0.00 |
| WHITING PETROLEUM CORPORATION | GENERAL NETWORKS | FOUR SOW'S FOR M-FILES PROFESSIONAL SERVICES | $5,911.35 |
| WHITING PETROLEUM CORPORATION | GENERAL NETWORKS | M-FILES SOFTWARE LICENSE AND SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | GENERAL NETWORKS CORP | M-FILES CONSULTING MSA | $0.00 |
| WHITING OIL AND GAS CORPORATION | GENERAL NETWORKS CORPORATION | RECORD MANAGEMENT SUPPORT SERVICE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | GENSCAPE | NEWSLETTER SUBSCRIPTION SERVICES | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | GEO DRILLING FLUIDS INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | GEOKINETICS USA INC | MASTER GEOPHYSICAL DATA ACQUISITION AGREEMENT - EFFECTIVE 06/13/2008 | $0.00 |
| WHITING OIL AND GAS CORPORATION | GEOKINETICS USA INC | MILLERTON 3D SURVEY - EFFECTIVE 12/31/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | GEOKINETICS USA INC | SEISMIC DATA ACQUISITION SUPPLEMENTAL AGREEMENT - EFFECTIVE 06/25/2008 | $0.00 |
| WHITING OIL AND GAS CORPORATION | GEOKINETICS USA INC | SUPPLEMENTAL DATA AGREEMENT NO. 1 - EFFECTIVE 12/21/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | GEOKINETICS USA INC | SUPPLEMENTAL DATA AGREEMENT NO. 2 - EFFECTIVE 12/18/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | GEOKINETICS USA, INC. | MASTER LICENSE AGREEMENT FOR SEISMIC DATA AND ALL ASSOCIATED SUPPLEMENTS | $0.00 |
| WHITING OIL AND GAS CORPORATION | GEOPHYSICAL PURSUIT INC | LICENSED DATA POST MIGRATION - EFFECTIVE 02/21/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | GEOPHYSICAL PURSUIT INC | NIOBRARA PHASE 1-5 3D SURVEY - EFFECTIVE 01/03/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | GEOPHYSICAL PURSUIT INC | SUPPLEMENT NO. 1 DATA AGREEMENT - EFFECTIVE 09/29/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | GEOPHYSICAL PURSUIT INC | SUPPLEMENT NO. 2 DATA AGREEMENT - EFFECTIVE 03/06/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | GEOPHYSICAL PURSUIT INC | SUPPLEMENT NO. 3 DATA AGREEMENT - EFFECTIVE 01/15/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | GEOPHYSICAL PURSUIT INC | SUPPLEMENT NO. 4 DATA AGREEMENT - EFFECTIVE 01/02/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | GEOPHYSICAL PURSUIT INC | SUPPLEMENT NO. 5A DATA AGREEMENT - EFFECTIVE 04/14/2015 | $0.00 |
| WHITING OIL AND GAS CORPORATION | GEOPHYSICAL PURSUIT, INC. | MASTER LICENSE AGREEMENT FOR SEISMIC DATA AND ALL ASSOCIATED SUPPLEMENTS | $0.00 |
| WHITING OIL AND GAS CORPORATION | GEORESOURCES INC | GRANN #28-33 FARMOUT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | GEORGE G VAUGHT JR | JOA DTD 4/01/13 (RAZOR 33-28 UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GEORGE S DENNIS | JOA DTD 5/1/13 (WILDHORSE 06-0634H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GERALD FREDERICKSON | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GERALD L PATTERSON & | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 09/04/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | GERALD L PATTERSON & SHARON PATTERSON | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 06/30/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | GERALD L PATTERSON & SHARON PATTERSON | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 06/30/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | GERALD L PATTERSON & SHARON PATTERSON | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 06/30/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | GERALD L PATTERSON & SHARON PATTERSON | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 07/06/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | GERALD W MCCRUMMEN AND DIANA R | JOA DTD 5/1/2017 (JACKMAN 44-10 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GETECH INC | SUPPLEMENTAL AGREEMENT NUMBER 002 - EFFECTIVE 02/04/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | GETECH INC | SUPPLEMENTAL AGREEMENT NUMBER 003 - EFFECTIVE 05/23/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | GETECH INC | SUPPLEMENTAL AGREEMENT NUMBER 004 - EFFECTIVE 12/23/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | GETECH INC. | MASTER GEOPHYSICAL NON-EXCLUSIVE DATA-USE LICENSE | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | GILBERT T RIDL | JOA (PAVLISH 31-30PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GILES ENERGY INC | JOA (KESSEL 11-26PH; 21-26PH; 41-26PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GILES ENERGY INC | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | GLACIER OILFIELD SERVICES INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | GLENN PETER HELLING | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GLENN STENEHJEM AND VICKY STENEHJEM | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 07/10/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | GLENN STENEHJEM AND VICKY STENEHJEM | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 07/10/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | GLINES ELECTRIC LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | GLOBAL | CRUDE OIL SALES CONTRACT | $0.00 |
| WHITING OIL AND GAS CORPORATION | GLOBAL GAS & OIL LLC | JOA - CHAMELEON STATE 31-16HU | $0.00 |
| WHITING OIL AND GAS CORPORATION | GLOBAL GAS & OIL LLC | JOINT OPERATING AGREEMENT (CHAMELEON STATE 153-97-16-21-1H) | $0.00 |
| WHITING PETROLEUM CORPORATION | GLOBAL GEOPHYSICAL | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | GLOBAL GEOPHYSICAL SERVICES, INC. | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | GO WIRELINE LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | GOLD COAST ENERGY | SALT WATER DISPOSAL AGREEMENT - WILLIAMS COUNTY, ND - DATED 01/15/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | GOLDENWEST ELECTRIC CO-OP INC-4901 | ELECTRIC AGREEMENT - EFFECTIVE 08/02/2011 | $894.74 |
| WHITING OIL AND GAS CORPORATION | GOOD SHEPHERDS ROYALTY TRUST | JOA (PRONGHORN FEDERAL 34-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GOOD SHEPHERDS ROYALTY TRUST | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | GOODNIGHT MIDSTREAM | MASTER SERVICES AGREEMENT | $622,240.62 (50% at Emergence and 50% within 30 days) |
| WHITING OIL AND GAS CORPORATION | GOODNIGHT MIDSTREAM (FKA: 1804 OPERATING LLC) | ROBINSON LAKE WATER GATHERING AND DISPOSAL | $0.00 |
| WHITING OIL AND GAS CORPORATION | GOODNIGHT MIDSTREAM (FKA: 1804 OPERATING LLC) | TARPON WATER GATHERING AND DISPOSAL | $0.00 |
| WHITING OIL AND GAS CORPORATION | GOODNIGHT MIDSTREAM BAKKEN LLC (1804 OPERATING LLC)-4929 | AMENDED AND RESTATED WATER GATHERING AND DISPOSAL AGREEMENT - EFFECTIVE 12/20/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | GOODNIGHT MIDSTREAM BAKKEN LLC (1804 OPERATING LLC)-4929 | AMENDED WATER GATHERING AND DISPOSAL AGREEMENT - EFFECTIVE 06/28/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | GOODNIGHT MIDSTREAM BAKKEN LLC (1804 OPERATING LLC)-4929 | AMENDED WATER GATHERING FLADELAND - EFFECTIVE 06/28/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | GOODNIGHT MIDSTREAM BAKKEN LLC (1804 OPERATING LLC)-4929 | WATER GATHERING AGREEMENT - EFFECTIVE 05/06/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | GOODNIGHT MIDSTREAM BAKKEN LLC (1804 OPERATING LLC)-4929 | WATER GATHERING AND DISPOSAL AGREEMENT - EFFECTIVE 05/02/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | GOODNIGHT MIDSTREAM BAKKEN LLC (1804 OPERATING LLC)-4929 | WATER GATHERING AND DISPOSAL AGREEMENT - EFFECTIVE 08/01/2015 | $0.00 |
| WHITING OIL AND GAS CORPORATION | GORDAN REESE III | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | GORDON J KOSTELECKY | COMMUNICATION SITE - STARK COUNTY, ND - DATED 09/01/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | GPG INC | JOA - OBRIGEWITCH 41-29PHU | $0.00 |
| WHITING OIL AND GAS CORPORATION | GPG INC | JOA (OBRIGEWITCH 11-29PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GPG INC | JOA (OBRIGEWITCH 11-29PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GPG INC | JOA (TALKINGTON 21-30TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GPG INC | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GPG INC | JOA DATED MARCH 1, 2008 (OPPEBOEN 12-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GPG INC | JOA DATED MARCH 1, 2008 (OPPEBOEN 14-5WH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GPG INC | JOA DATED MARCH 1, 2008 (OPPEBOEN 21-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GPG INC | JOA DATED MARCH 1, 2008 (OPPEBOEN 21-5TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GPG INC | JOA DATED MARCH 1, 2008 (STENSETH TRUST 11-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GPG INC | JOA DATED MARCH 1, 2008 (STRAND 11-5TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GPG INC | JOA DTD 10/1/2018 (THOMAS 44-4HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GPG INC | JOA DTD 2/1/18 (RENNERFELDT 14-34-1HU AND 6TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GPG INC | JOA DTD 5/1/18 (RENNERFELDT 41-3-1HU AND 6TFHU) | $0.00 |
| WHITING PETROLEUM CORPORATION | GR ENERGY SERVICES | HORIZONTAL PUMPING SYSTEM RENTAL AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | GRACETON LP | JOA (SNOWSHOE 30-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | GRACO FISHING & RENTAL TOOLS | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | GRAMMARLY INC | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | GRANITE PEAK ENERGY ET AL | TERMINATION AGREEMENT AND RELEASE | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | GRAVITY OILFIELD SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREASER LLC | JOA (DWYER 27-34H (OA)) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREAT BARRIER ENERGY LLC | JOINT OPERATING AGREEMENT (CHAMELEON STATE 153-97-16-21-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | GREAT PLAINS ANALYTICAL | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREBRON OIL LLC | JOA 1/1/16 (CARSCALLEN 31-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREEN OIL COMPANY | JOA (TARPON FEDERAL 44-19-2RH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREEN RIVER ENERGY RESOURCES | GEOPHYSICAL SERVICES AGREEMENT - EFFECTIVE 09/15/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREENERGY SYSTEMS LTD | ENVIRONMENTAL ADDENDUM FOR GENERATOR LEASES | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREENERGY SYSTEMS LTD-3429 | ADDENDUM TO MASTER SERVICES AGREEMENT - EFFECTIVE 10/15/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREENHEAD ENERGY INC | JOA DTD 1/1/13 (KALDAHL 24, 34 & 44 AND MILLER 14-12 WELLS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREENSTAR RESOURCES LLC | JOA DTD 11/01/10 (LYDIA 41-14PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREG LOKEN | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 08/29/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREG LOKEN | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 09/19/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREG LOKEN AND BETH LOKEN | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 08/15/2010 | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | GREGS WELDING INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREP III - A BAKKEN LLC | JOA DATED AUGUST 1, 2009 (JULIA TTT 34-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREP III - B BAKKEN LLC | JOA DATED AUGUST 1, 2009 (JULIA TTT 34-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREP WILLIAM LLC | JOA (FRICK 24-8-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREP WILLIAM LLC | JOA (WOLD 16-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREP WILLIAM LLC | JOA DATED 2/1/12 (3J TRUST 34-8TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREP WILLIAM LLC | JOA DATED JANUARY 31, 2011 (MOLINE 156-101-14-23-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREP WILLIAM LLC | JOA DATED MARCH 1, 2012 (BUCKMAN 34-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREP WILLIAM LLC | JOA DATED OCTOBER 1, 2011 (FRANK 34-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREP WILLIAM LLC | JOA DTD 04/01/17 (ANNA 14-8-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREP WILLIAM LLC | JOA DTD 1/1/13 (KALDAHL 24, 34 & 44 AND MILLER 14-12 WELLS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREP WILLIAM LLC | JOA DTD 10/1/2017 (CAVALLI STATE 34-9-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREP WILLIAM LLC | JOA DTD 11/1/2018 (JACKMAN 34-11-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREP WILLIAM LLC | JOA DTD 2/1/2019 (MOLINE 31-14-5TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREP WILLIAM LLC | JOA DTD 3/01/12 (SOLBERG 44-11PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREP WILLIAM LLC | JOA DTD 5/1/2017 (JACKMAN 44-10 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREP WILLIAM LLC | JOINT OPERATING AGREEMENT FOR SOLBERG 34-11PH | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREP WOLVERINE LLC | JOA (FRICK 24-8-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREP WOLVERINE LLC | JOA (WOLD 16-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREP WOLVERINE LLC | JOA DATED 2/1/12 (3J TRUST 34-8TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREP WOLVERINE LLC | JOA DATED JANUARY 31, 2011 (MOLINE 156-101-14-23-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREP WOLVERINE LLC | JOA DATED MARCH 1, 2012 (BUCKMAN 34-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREP WOLVERINE LLC | JOA DATED OCTOBER 1, 2011 (FRANK 34-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREP WOLVERINE LLC | JOA DTD 04/01/17 (ANNA 14-8-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREP WOLVERINE LLC | JOA DTD 1/1/13 (KALDAHL 24, 34 & 44 AND MILLER 14-12 WELLS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREP WOLVERINE LLC | JOA DTD 10/1/2017 (CAVALLI STATE 34-9-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREP WOLVERINE LLC | JOA DTD 11/1/2018 (JACKMAN 34-11-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREP WOLVERINE LLC | JOA DTD 2/1/2019 (MOLINE 31-14-5TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREP WOLVERINE LLC | JOA DTD 3/01/12 (SOLBERG 44-11PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREP WOLVERINE LLC | JOA DTD 5/1/2017 (JACKMAN 44-10 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GREP WOLVERINE LLC | JOINT OPERATING AGREEMENT FOR SOLBERG 34-11PH | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | GREYROCK CEMENTING INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | GRIGSBY & HEREDEEN | JOA DATED JUNE 1, 2008 (RICHARDSON FEDERAL 11-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GRISBY & HERENDEEN | JOA DATED APRIL 1, 2008 (KANNIANEN 11-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GROUND TRUTH CONSULTING LLC | END USER LICENSE AGREEMENT - EFFECTIVE 05/29/2015 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | GST CASING INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | GT REED & ASSOCIATES LLC | JOA DTD 12/1/13 (RAZOR 26-23 UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GUIDA PETERSON FAMILY TRUST | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/04/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | GUIDA PETERSON FAMILY TRUST | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 06/28/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | GUIDA PETERSON FAMILY TRUST | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 10/22/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | GULF COAST LEASE SERVICE INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | GULF COAST WEED CONTROL LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | GULFMARK | COMMODITY SALES CONTRACT NON-CORE TRUCKED | $0.00 |
| WHITING PETROLEUM CORPORATION | GULFMARK ENERGY, INC. | NON-CORE TRUCKED OIL SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | GULFMARK ENERGY, INC. | NON-CORE TRUCKED OIL SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | GULFMARK ENERGY, INC. | NON-CORE TRUCKED OIL SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | GUNSMOKE PRODUCTION COMPANY | JOA DTD 11/01/81 (GAJEWSKI 5-18X) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GUNSMOKE PRODUCTION COMPANY | JOA DTD 8/27/79 (E.B. GREEN) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | GUSTAFSON SEPTIC SERVICE INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | GUY WILLIAM HAGEN | JOINT OPERATING AGREEMENT (KOALA 14-32HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | GV & A LLC | JOA DATED MARCH 1, 2012 (CHERRY STATE 21-16H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | GYRODATA INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | H & E RESOURCES LLC | JOA DATED APRIL 1, 2009 (HAUGE 41-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | H & E RESOURCES LLC | JOA DATED APRIL 1, 2009 (MURRAY 13-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | H & E RESOURCES LLC | JOA DATED APRIL 1, 2009 (TOLLEFSON 44-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | H & E RESOURCES LLC | JOA DATED APRIL 1, 2009 (VIOLA PENNINGTON 11-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | H & E RESOURCES LLC | JOA DATED OCTOBER 1, 2008 (BENTSEN 13-35H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | H & E RESOURCES LLC | JOA DATED OCTOBER 1, 2008 (KAMPS 11-35TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | H & E RESOURCES LLC | JOA DATED OCTOBER 1, 2008 (MONSON 11-35H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | H & E RESOURCES LLC | JOA DATED OCTOBER 1, 2008 (NIEMITALO 12-35H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | H & H ELECTRIC INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | H J MOHLENHOFF | SURFACE AGREEMENT - BILLINGS COUNTY, ND - DATED 05/26/1989 | $0.00 |
| WHITING OIL AND GAS CORPORATION | H L FAIRCHILD | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | H S SWAN | JOA DATED NOVEMBER 1, 2010 (DIETZ 21-17TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | H THOMAS MORAN | JOA DATED APRIL 1, 2009 (BREHM 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | H THOMAS MORAN | JOA DATED NOVEMBER 1, 2010 (ELSIE BARTLESON FEDERAL 14-29TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | H THOMAS MORAN | JOA DATED NOVEMBER 1, 2010 (PETERSON 41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | H THOMAS MORAN | JOA DATED NOVEMBER 1, 2010 (SMITH #14-29XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | H&L RENTAL & WELL SERVICE INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | H&S RESOURCES | JOA DATED OCTOBER 1, 2008 (NIEMITALO 11-35H) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | H-2 ENTERPRISES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | H2E INCORPORATED | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | HADDAD & BROOKS INC | JOA DATED APRIL 1, 2012 (IVERSON BROS #24-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HADDAD & BROOKS INC | JOA DTD 3/01/14 (IVERSON 34-32-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | HAGMAN TRUCKING INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | HAIMO OIL & GAS LLC | JOA DTD 12/1/13 (RAZOR 26-23 UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HAIMO OIL & GAS LLC | JOA DTD 12/1/13 (RAZOR 26-35 UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HAIMO OIL & GAS LLC | JOA DTD 4/01/13 (RAZOR 33-28 UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HAIMO OIL & GAS LLC | JOA DTD 8/1/13 (RAZOR 34-27 UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | HALL TRUCKING INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | HALLIBURTON ENERGY SERVICES | JOA DTD 1/1/13 (KALDAHL 24, 34 & 44 AND MILLER 14-12 WELLS) | Trade Agreement Dated 6/27/2020 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | HALLIBURTON ENERGY SERVICES | MASTER SERVICES AGREEMENT | Trade Agreement Dated 6/27/2020 |
| WHITING OIL AND GAS CORPORATION | HALLIBURTON ENERGY SERVICES-113 | MASTER CONSULTING SERVICES AGREEMENT - EFFECTIVE 12/09/2012 | Trade Agreement Dated 6/27/2020 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | HAMILTON CONSULTING INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | HANCOCK ENTERPRISES | JOA DATED APRIL 1, 2012 (IVERSON BROS #24-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HANCOCK ENTERPRISES | JOA DATED JULY 1, 2012 (KITTLESON FEDERAL 34-23-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HANCOCK ENTERPRISES | JOA DATED SEPTEMBER 1, 2012 (KITTLESON FEDERAL 24-24-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HANCOCK ENTERPRISES | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HAPIP INVESTMENTS LLC | JOA (OBRIGEWITCH 11-29PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HAPIP INVESTMENTS LLC | JOA (TALKINGTON 21-30TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HAPIP INVESTMENTS LLC | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | HARBISON FISCHER INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | HARD LUCK | JOA DATED JULY 24, 2007 (LOCKEN 11-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HARD LUCK OIL PROPERTIES LLC | JOA (LAROQUE 34-12H AND 34-12-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HARD LUCK OIL PROPERTIES LLC | JOA DATED AUGUST 1, 2010 (CVANCARA 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HARD LUCK OIL PROPERTIES LLC | JOA DATED AUGUST 1, 2010 (CVANCARA 12-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HARD LUCK OIL PROPERTIES LLC | JOA DATED AUGUST 1, 2010 (CVANCARA 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HARD LUCK OIL PROPERTIES LLC | JOA DATED AUGUST 1, 2010 (CVANCARA 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HARD LUCK OIL PROPERTIES LLC | JOA DATED FEBRUARY 1, 2010 (KLEFSTAD 24-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HARD LUCK OIL PROPERTIES LLC | JOA DATED FEBRUARY 1, 2010 (MEIERS 34-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HARD LUCK OIL PROPERTIES LLC | JOA DATED FEBRUARY 1, 2010 (MEIERS 43-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HARD LUCK OIL PROPERTIES LLC | JOA DATED FEBRUARY 1, 2010 (MEIERS 44-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HARD LUCK OIL PROPERTIES LLC | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD #41-12XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HARD LUCK OIL PROPERTIES LLC | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 41-12-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HARD LUCK OIL PROPERTIES LLC | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 41-12-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HARD LUCK OIL PROPERTIES LLC | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HARD LUCK OIL PROPERTIES LLC | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HARD LUCK OIL PROPERTIES LLC | JOA DATED JANUARY 1, 2011 (WALDOCK FEDERAL 14-4-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HARD LUCK OIL PROPERTIES LLC | JOA DATED JULY 24, 2007 (DARYL LOCKEN 21-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HARD LUCK OIL PROPERTIES LLC | JOA DATED JULY 24, 2007 (MCNAMARA 41-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HARD LUCK OIL PROPERTIES LLC | JOA DATED JULY 24, 2007 (PAM LOCKEN 21-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HARD LUCK OIL PROPERTIES LLC | JOA DATED JUNE 1, 2008 (LINDLEY 41-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HARD LUCK OIL PROPERTIES LLC | JOA DATED JUNE 1, 2008 (LITTLEFIELD 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HARD LUCK OIL PROPERTIES LLC | JOA DATED JUNE 1, 2008 (LITTLEFIELD 21-7-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HARD LUCK OIL PROPERTIES LLC | JOA DATED JUNE 1, 2008 (LITTLEFIELD 21-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HARD LUCK OIL PROPERTIES LLC | JOA DATED JUNE 1, 2008 (OLSON FEDERAL 42-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HARD LUCK OIL PROPERTIES LLC | JOA DATED JUNE 1, 2008 (RODNEY OLSON FEDERAL 42-8-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HARD LUCK OIL PROPERTIES LLC | JOA DATED MAY 1, 2010 (LOCKEN 14-9XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HARD LUCK OIL PROPERTIES LLC | JOA DATED MAY 1, 2010 (LOCKEN 43-8XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HARD LUCK OIL PROPERTIES LLC | JOA DATED MAY 1, 2010 (RIGEL STATE 11-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HARD LUCK OIL PROPERTIES LLC | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 41-26-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HARD LUCK OIL PROPERTIES LLC | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 41-26XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HARD LUCK OIL PROPERTIES LLC | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HARD LUCK OIL PROPERTIES LLC | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HARD LUCK OIL PROPERTIES LLC | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HARD LUCK OIL PROPERTIES LLC | JOA DTD 1/1/13 (KALDAHL 24, 34 & 44 AND MILLER 14-12 WELLS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HARMS & LEIER LTD | JOA DTD 8/1/2018 (GILFER 21-15-1TFHU & 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HAROLD FREDERICKSON | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HAROLD I TOFTE | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 06/07/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | HARRELL J TIPPITT | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 07/02/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION | HARRIS R FENDER JR | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | HARSTAD FARMS, LLLP | SURFACE AGREEMENT - MOUNTRAIL COUNTY, ND - DATED 02/13/2009 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | HARSTAD TRUCKING | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | HARTFORD LIFE AND ACCIDENT INSURANCE CO. (THE HARTFORD) | BASIC LIFE INSURANCE PLAN | $0.00 |
| WHITING PETROLEUM CORPORATION | HARTFORD LIFE AND ACCIDENT INSURANCE CO. (THE HARTFORD) | LONG TERM DISABILITY INSURANCE PLAN | $0.00 |
| WHITING PETROLEUM CORPORATION | HARTFORD LIFE AND ACCIDENT INSURANCE CO. (THE HARTFORD) | SUPPLEMENTAL LIFE INSURANCE PLAN | $0.00 |
| WHITING OIL AND GAS CORPORATION | HARVEST ENERGY | GAVIOTA GAS PLANT COMPANY PARTNERSHIP AGREEMENT FOR OWNERSHIP OF FACILITIES | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | HARVEY FREDERICKSON | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HATTIE H FROEHLICH | SURFACE AGREEMENT - STARK COUNTY, ND - DATED 05/06/1996 | $0.00 |
| WHITING OIL AND GAS CORPORATION | HATTIE H FROEHLICH | SURFACE AGREEMENT - STARK COUNTY, ND - DATED 06/07/1995 | $0.00 |
| WHITING OIL AND GAS CORPORATION | HATTIE H FROEHLICH | SURFACE AGREEMENT - STARK COUNTY, ND - DATED 11/06/1995 | $0.00 |
| WHITING OIL AND GAS CORPORATION | HAZEL ZIMMER | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HEA PETROLEUM LLC | KEYSTONE CATTLE 19-1 | $0.00 |
| WHITING OIL AND GAS CORPORATION | HEADINGTON OIL COMPANY LLC | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | HEAT WAVES HOT OIL SERVICE LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | HEATHER BLAHM | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING PETROLEUM CORPORATION | HEATHER M. DUNCAN | INDEMNIFICATION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | HEDBERG OIL CO LLC | JOA (PRONGHORN FEDERAL 34-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HEDLOC INVESTMENT CO LP | JOA (PERZINSKI FAMILY TRUST 34-19PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HEIRS/DEVISEES OF JAMES HELLING | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HELEN DUNLEAVY | JOA DATED AUGUST 1, 2009 (LAHTI 24-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HELEN DUNLEAVY | JOA DATED SEPTEMBER 1, 2010 (NIEMITALO #31-15XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HELEN L KOLBERG ESTATE | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HELM ENERGY LLC | JOA DTD 04/01/17 (ANNA 14-8-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HELM ENERGY LLC | JOA DTD 10/1/2017 (CAVALLI STATE 34-9-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HELM ENERGY LLC | JOA DTD 11/1/2018 (JACKMAN 34-11-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HELM ENERGY LLC | JOA DTD 2/1/17 (IRGENS 41-17-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HELM ENERGY LLC | JOA DTD 5/1/17 (NELSON 14-8-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HELM ENERGY LLC | JOA DTD 5/1/2017 (JACKMAN 44-10 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HENRY ALLEN AND LINDA HELLYER | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 07/31/2015 | $0.00 |
| WHITING OIL AND GAS CORPORATION | HERBALY EXPLORATION LLC | FOJOA DATED SEPTEMBER 28, 2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | HERBALY EXPLORATION LLC | JOA (ZALESKY 21-17PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HERBALY EXPLORATION LLC | JOA DATED AUGUST 1, 2011 (BRUENI 21-16TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HERBALY EXPLORATION LLC | JOA DATED JANUARY 1, 2011 (HACKLEY 21-30H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HERBALY EXPLORATION LLC | JOA DATED OCTOBER 1, 2011, (BARTER 21-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HERBALY EXPLORATION LLC | JOA DTD 10/1/11 (BARTER 21-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HERBALY EXPLORATION LLC | JOA DTD 12/15/10 (BRUENI 21-16TFH UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HERBALY EXPLORATION LLC | JOA DTD 9/28/10 (BRUENI 28-1H UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HERMAN L LOEB LLC | JOA (TAYLOR 34-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS | FO-SPRING CREEK/EST OF RICHARD SIEGAL/AMERICAN/PFG/ALPENGLOW-EFF 2/22/10 | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS BAKKEN INVESTMENTS I CORP | JOA D CVANCARA 9-11H (9ND222807) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS BAKKEN INVESTMENTS I CORP | JOA DATED JULY 15, 2010 (MILLER 44-11H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS BAKKEN INVESTMENTS I CORP | JOA DTD 10/1/2017 (CAVALLI STATE 34-9-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS BAKKEN INVESTMENTS II LLC | FOJOA DATED SEPTEMBER 28, 2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS BAKKEN INVESTMENTS II LLC | JOA (FRICK 24-8-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS BAKKEN INVESTMENTS II LLC | JOA DATED AUGUST 1, 2010 (CVANCARA 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS BAKKEN INVESTMENTS II LLC | JOA DATED AUGUST 1, 2010 (CVANCARA 12-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS BAKKEN INVESTMENTS II LLC | JOA DATED AUGUST 1, 2010 (CVANCARA 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS BAKKEN INVESTMENTS II LLC | JOA DATED AUGUST 1, 2010 (CVANCARA 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS BAKKEN INVESTMENTS II LLC | JOA DATED DECEMBER 1, 2011 (MILDRED ROGGENBUCK 41-24TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS BAKKEN INVESTMENTS II LLC | JOA DATED DECEMBER 1, 2011 (ROGGENBUCK 41-24XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS BAKKEN INVESTMENTS II LLC | JOA DATED DECEMBER 1, 2011 (ROGGENBUCK FEDERAL 41-24TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS BAKKEN INVESTMENTS II LLC | JOA DATED JANUARY 1, 2013 (P EVITT 154-98-13-12-2-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS BAKKEN INVESTMENTS II LLC | JOA DATED JULY 1, 2010 (MANN 21-18TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS BAKKEN INVESTMENTS II LLC | JOA DATED JULY 15, 2010 (MILLER 44-11H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS BAKKEN INVESTMENTS II LLC | JOA DATED NOVEMBER 1, 2009 (CURREN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS BAKKEN INVESTMENTS II LLC | JOA DATED NOVEMBER 1, 2009 (CURREN 11-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS BAKKEN INVESTMENTS II LLC | JOA DATED NOVEMBER 1, 2009 (CURREN 12-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS BAKKEN INVESTMENTS II LLC | JOA DATED NOVEMBER 1, 2009 (HOLMBERG 44-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS BAKKEN INVESTMENTS II LLC | JOA DATED NOVEMBER 1, 2009 (HOLMBERG 44-24TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS BAKKEN INVESTMENTS II LLC | JOA DATED NOVEMBER 1, 2009 (OLSON 11-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS BAKKEN INVESTMENTS II LLC | JOA DATED NOVEMBER 1, 2009 (ROGGENBUCK 34-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS BAKKEN INVESTMENTS II LLC | JOA DATED NOVEMBER 1, 2009 (ROGGENBUCK 34-24TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS BAKKEN INVESTMENTS II LLC | JOA DATED NOVEMBER 1, 2009 (ROGGENBUCK 43-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS BAKKEN INVESTMENTS II LLC | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS BAKKEN INVESTMENTS II LLC | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS BAKKEN INVESTMENTS II LLC | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS BAKKEN INVESTMENTS II LLC | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS BAKKEN INVESTMENTS II LLC | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS BAKKEN INVESTMENTS II LLC | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS BAKKEN INVESTMENTS II LLC | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS BAKKEN INVESTMENTS II LLC | JOA DTD 10/1/18 (BERG TRUST 34-22-TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS BAKKEN INVESTMENTS II LLC | JOA DTD 10/1/2018 (THOMAS 44-4HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS BAKKEN INVESTMENTS II LLC | JOA DTD 11/1/18 (KNUT BERG TRUST 41-28 HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS BAKKEN INVESTMENTS II LLC | JOA DTD 11/1/2018 (JACKMAN 34-11-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS BAKKEN INVESTMENTS II LLC | JOA DTD 7/1/18 (MOEN 41-2-6HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS BAKKEN INVESTMENTS II LLC | JOA DTD 8/1/18 (PERIOT 44-20HU BPO) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS BAKKEN INVESTMENTS II LLC | JOA DTD 9/28/10 (BRUENI 28-1H UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS BAKKEN INVESTMENTS II LLC | JOINT OPERATING AGREEMENT (CHAMELEON STATE 153-97-16-21-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS CORPORATION | DATA EXCHANGE AGREEMENT - EFFECTIVE 06/09/2009 | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS CORPORATION | JOA DATED AUGUST 1, 2009 (EN-URAN 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H-1) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS CORPORATION | JOA DATED JANUARY 1, 2008 (EN-HORST 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H-1) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS CORPORATION | JOA DATED JANUARY 15, 2008 (RS-STATE B-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H-1) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | HESS CORPORATION | JOA DATED MARCH 15, 2008 (RS-APELESE-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H-1) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS CORPORATION | JOA DATED NOVEMBER 15, 2007 (RS-VEDAA-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H-1) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS CORPORATION | JOA DATED SEPTEMBER 1, 2008 (EN-D CVANCARA-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H-1) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS CORPORATION | JOA DATED SEPTEMBER 1, 2008 (EN-HYNEK-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H-1) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS CORPORATION | JOA DTD 02/01/10 (RS RUDOLPH 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H-1) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS CORPORATION | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS CORPORATION | SEISMIC DATA LICENSE AGREEMENT - EFFECTIVE 01/10/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS CORPORATION | SEISMIC LICENSE AGREEMENT - EFFECTIVE 01/10/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | HESS CORPORATION | SEISMIC LICENSE AGREEMENT - EFFECTIVE 01/10/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | HICKS-LAURENCE-WARDEN | SURFACE AGREEMENT - UNION COUNTY, LA - DATED 06/14/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | HIGH PLAINS TRANSPORT INC. | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | HIGH TECH FORMS LLC | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | HIGH WEST ENERGY | ELECTRIC POWER AGREEMENT | $474,810.19 |
| WHITING OIL AND GAS CORPORATION | HIGH WEST ENERGY | ELECTRIC POWER AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | HIGH WEST ENERGY | ELECTRIC POWER AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | HIGH WEST ENERGY | ELECTRICITY AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | HIGH WEST ENERGY INC | ELECTRICITY AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | HIGH WEST ENERGY INC-6921 | AGREEMENT FOR PURCHASE OF POWER - EFFECTIVE 10/13/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION | HIGH WEST ENERGY INC-6921 | AMENDMENT FOR ELECTRIC AGREEMENT - EFFECTIVE 06/15/2015 | $0.00 |
| WHITING OIL AND GAS CORPORATION | HIGH WEST ENERGY INC-6921 | AMENDMENT FOR POWER SUBSTATION - EFFECTIVE 06/09/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | HIGH WEST ENERGY INC-6921 | ASSET CONTRIBUTION AGREEMENT - EFFECTIVE 02/01/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION | HIGH WEST ENERGY INC-6921 | CUSTOMER DEPOSIT AND SERVICE AGREEMENT - EFFECTIVE 07/05/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION | HIGH WEST ENERGY INC-6921 | ELECTRIC AGREEMENT - EFFECTIVE 01/08/2015 | $0.00 |
| WHITING OIL AND GAS CORPORATION | HIGH WEST ENERGY INC-6921 | GROUND LEASE AGREEMENT - EFFECTIVE 07/05/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION | HIGH WEST ENERGY INC-6921 | POWER SUBSTATION AGREEMENT - EFFECTIVE 05/08/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | HIGH WEST ENERGY INC-6921 | PROJECT ENGINEERING AND PROCUREMENT AGREEMENT - EFFECTIVE 06/25/2013 | $0.00 |
| WHITING PETROLEUM CORPORATION | HIGH WEST ENERGY, INC. | LETTER AGREEMENT NO. TS-13-0166 FOR THE KEOTA 345KV INTERCONNECTION PROJECT | $0.00 |
| WHITING PETROLEUM CORPORATION | HIGHLAND PARTNERS HOLDINGS LLC | GAS SALES CONTRACT AMENDMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | HIGHLANDS ENGINEERING & | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | HIGHPEAK ENERGY ASSETS II | JOA POWELL 24 WELLS- WOGC AND SOUTHWEST ROYALTIES | $0.00 |
| WHITING OIL AND GAS CORPORATION | HIGHPEAK ENERGY ASSETS II | JOA WOGC AND SOUTHWEST ROYALTIES NUMEROUS WELLS | $0.00 |
| WHITING OIL AND GAS CORPORATION | HIGHPEAK ENERGY HOLDINGS LLC, STEVE SMITH | JOA DTD 9/13/19 (MARCHBANKS PARTEE UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HIGHWAY 26 CONSULTING | CONSULTING SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | HIGHWAY 26 CONSULTING | IT SUPPORT AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | HILAND CRUDE | AMENDMENT TO CRUDE OIL TRANSPORTATION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | HILAND CRUDE LLC | HILAND PIPELINE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | HILAND CRUDE, LLC | CRUDE GATHERING AGREEMENT | $0.00 |
| WHITING RESOURCES CORPORATION | HILAND PARTNERS HOLDINGS LLC | GAS G&P AGREEMENT- FIXED FEE | $0.00 |
| WHITING OIL AND GAS CORPORATION | HILAND PARTNERS HOLDINGS LLC | GAS G&P AGREEMENT- FIXED FEE | $0.00 |
| WHITING OIL AND GAS CORPORATION | HILAND PARTNERS HOLDINGS, LP | GAS G&P AGREEMENT- FIXED FEE | $0.00 |
| WHITING RESOURCES CORPORATION | HILAND PARTNERS LP | GAS G&P AGREEMENT- FIXED FEE | $0.00 |
| WHITING OIL AND GAS CORPORATION | HILAND PARTNERS LP | GAS G&P AGREEMENT- FIXED FEE | $0.00 |
| WHITING RESOURCES CORPORATION | HILAND PARTNERS LP | GAS G&P AGREEMENT- FIXED FEE | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | HI-LINE TRUCKING INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | HILL + KNOWLTON STRATEGIES | MEDIA MONITORING AGENCY AGREEMENT | $9,586.40 |
| WHITING OIL AND GAS CORPORATION | HILLCORP ENERGY I LP | GAS CONDITIONING EQUIPMENT #584923 | $0.00 |
| WHITING OIL AND GAS CORPORATION | HINKLE, HENSLEY, SHANOR & MARTIN, L.L.P. | ENGAGEMENT LETTER - EFFECTIVE 01/23/2008 | $0.00 |
| WHITING PETROLEUM CORPORATION | HIRERIGHT, LLC | BACKGROUND SCREENING SERVICES | $115.40 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | HLEBECHUK CONSTRUCTION INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | HOLLY WATSON | JOA DATED FEBRUARY 1, 2008 (LEO 12-29H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HOLLY WATSON | JOA DATED JANUARY 1, 2011 (HANSEN #14-20XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | HORAB TRANSPORT COMPANY | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | HORIZON ENERGY SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | HORIZON RESOURCES INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | HORSE CREEK ENERGY LLC | JOA (SCHILKE 34-32) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HORSE CREEK ENERGY LLC | JOA (WOLD 16-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HORSE CREEK ENERGY LLC | JOA 1/1/16 (CARSCALLEN 31-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HORSE CREEK ENERGY LLC | JOA DATED JANUARY 1, 2012 (MORK TRUST 21-17H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HORSE CREEK ENERGY LLC | JOA DATED OCTOBER 1, 2011 (TIFFT 21-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | HOT WHEELS SERVICES | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | HOUSTON PIPE LINE COMPANY LP | GAS G&P AGREEMENT- POP FEE- NON CORE | $0.00 |
| WHITING OIL AND GAS CORPORATION | HOWARD ENERGY CO. | MASTER LICENSE AGREEMENT FOR SEISMIC DATA AND ALL ASSOCIATED SUPPLEMENTS | $0.00 |
| WHITING OIL AND GAS CORPORATION | HOWIE TOWNSHIP | PIPELINE CROSSING PERMIT - MOUNTRAIL COUNTY, ND - DATED 12/07/2009 | $0.00 |
| WHITING OIL AND GAS CORPORATION | HOWIE TOWNSHIP | PIPELINE CROSSING PERMIT - MOUNTRAIL COUNTY, ND - DATED 12/17/2009 | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | HRL COMPLIANCE SOLUTIONS INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | HUCO CONSULTING INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | HUCO CONSULTING, INC. | CHANGE REQUEST/PROPOSAL FOR ACTS SUPPORT SERVICES | $771.25 |
| WHITING OIL AND GAS CORPORATION | HUGO J ASBECK & JAMES F ASBECK | JOA DTD 2/01/13 (MULLIN 21-24-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HUNT OIL CO | JOA DATED SEPTEMBER 1, 2014 (AUSTIN 154-90-27-22H-1) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HUNT OIL CO | JOA DATED SEPTEMBER 1, 2014 (AUSTIN 154-90-27-22H-2) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HUNT OIL COMPANY | JOA DATED APRIL 18, 2010 (PATTEN 1-33-34H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HUNT OIL COMPANY | JOA DATED AUGUST 1, 2008 (KULLAND 1-30H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HUNT OIL COMPANY | JOA DATED DECEMBER 1, 2008 (WEFLEN 1-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HUNT OIL COMPANY | JOA DATED DECEMBER 20, 2007 (PATTEN 1-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HUNT OIL COMPANY | JOA DATED JUNE 3, 2008 (HORST 1-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HUNT OIL COMPANY | JOA DATED JUNE 5, 2012 (OAKLAND 2-31-30H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HUNT OIL COMPANY | JOA DATED SEPTEMBER 16, 2008 (KARBOWSKI 1-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | HURLEY ENTERPRISES INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | HURLEY OIL PROPERTIES INC | JOA DTD 3/1/2019 (MARTELL 34-36HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HURT PROPERTIES LP | JOA DTD 7/01/76 (JEPSON HOLLER DRAW UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HURT PROPERTIES LP | JOA DTD 9/27/76 (JEPSON HOLLER DRAW UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HURT PROPERTIES LP | UNIT OPERATING AGREEMENT DTD 3/19/96 JEPSON HOLLER DRAW (SHANNON SANDSTONE) UNIT | $0.00 |
| WHITING OIL AND GAS CORPORATION | HUTTON OIL WOG CO LLC | JOA DTD 4/01/13 (RAZOR 33-28 UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | HUTTON OIL WOG CO LLC | JOA DTD 6/1/14 (HORSETAIL 30-31 UNIT) | $0.00 |
| WHITING PETROLEUM CORPORATION | HYDRA SERVICES LLC (AFFILIATE OF KRAKEN OIL AND GAS II LLC) | SALTWATER DISPOSAL AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | HYDRA SERVICES LLC-8680 | SALT WATER DISPOSAL AGREEMENT - EFFECTIVE 05/03/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | HYDROSTATIC LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | HYDRUS ENERGY SOLUTIONS | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | HYMCO DP, LLC | PURCHASE AND SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | HYSTAD CONSULTING LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | HYSTAD FAMILY LLP | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 09/28/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION | HYSTAD FAMILY LLP | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 11/30/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | IBRA-RMAC AUTOMATION | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ICON PETROLEUM INC | JOA (PERZINSKI FAMILY TRUST 34-19PH) | $0.00 |
| WHITING PETROLEUM CORPORATION | IDERA, INC. | IT SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | IDM COMPUTER SOLUTIONS | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | IHD LIQUIDS MANAGEMENT LLC | WATER GATHERING AGREEMENT | $1,705.01 |
| WHITING OIL AND GAS CORPORATION | IHD SOLIDS MANAGEMENT LLC-4790 | WATER GATHERING AGREEMENT - EFFECTIVE 05/01/2015 | $26,339.88 |
| WHITING OIL AND GAS CORPORATION | IHS GLOBAL INC | SOFTWARE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | IHS GLOBAL INC | SOFTWARE SUBSCRIPTION - EFFECTIVE 04/01/2020 | $0.00 |
| WHITING OIL AND GAS CORPORATION | IHS GLOBAL INC. | SOFTWARE SUBSCRIPTION AGREEMENT - EFFECTIVE 1/19/2020 | $5,000.25 |
| WHITING OIL AND GAS CORPORATION | IHS GLOBAL INC. | DATA SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | IHS GLOBAL INC. | SOFTWARE SUBSCRIPTION AGREEMENT - EFFECTIVE 4/1/2020 | $0.00 |
| WHITING OIL AND GAS CORPORATION | IHS GLOBAL INC. | SOFTWARE SUBSCRIPTION AGREEMENT - EFFECTIVE 7/1/2020 | $0.00 |
| WHITING PETROLEUM CORPORATION | IHS MARKIT | BD CORPORATE AND BUYSIDE IQ LICENSING AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | IHS MARKIT | FACTSET WORKSTATIONS LICENSING AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | IMPERATIVE CHEMICAL PARTNERS | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | IMPERIAL OIL OF NORTH DAKOTA | JOA (SCHILKE 34-32) | $0.00 |
| WHITING OIL AND GAS CORPORATION | IMPERIAL OIL OF NORTH DAKOTA | JOA DATED JANUARY 1, 2012 (MORK TRUST 21-17H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | IMPERIAL OIL OF NORTH DAKOTA | JOA DATED OCTOBER 1, 2011 (TIFFT 21-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | IMPERIAL OIL OF NORTH DAKOTA | JOA DTD 8/1/18 (PERIOT 44-20HU BPO) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | IMPULSE DOWNHOLE TOOLS USA LTD | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | INDEED | EXTERNAL JOB POSTING SITE | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | INDEPENDENT PUMP & SYSTEM | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | INDEPENDENT RESERVOIR ANALYST SERVICES | SARA NEMKOV INDEPENDENT CONTRACTOR | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | INDIAN FIRE AND SAFETY INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | INDMAR & MARINE SERVICE CO | UNIDRAULIC SURFACE PUMP RENTAL - WAUKESHA MODEL F817G | $0.00 |
| WHITING OIL AND GAS CORPORATION | INDUSTRIAL & MARINE SERVICE CO (INDMAR SERVICE & SUPPLY CORP)-3434 | COMPRESSOR LEASE AGREEMENT - EFFECTIVE 07/05/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | INDUSTRIAL ELECTRIC SERVICE | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | INDUSTRIAL EQUIPMENT SALES & | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | INDUSTRIAL HORSEPOWER PLUS INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | INDUSTRIAL SCIENTIFIC CORPORA- | INET GAS MONITORS | $0.00 |
| WHITING OIL AND GAS CORPORATION | INDUSTRYSAFE, INC. | GENERAL IT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | INEZ BURK | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND O&G | JOA DATED APRIL 1, 2008 (KANNIANEN 11-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND O&G | JOA DATED APRIL 1, 2008 (PENNINGTON 11-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND O&G | JOA DATED FEBRUARY 1, 2008 (LITTLEFIELD 11-29H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND O&G | JOA DATED FEBRUARY 1, 2009 (TTT RANCH #11-6H) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | INLAND O&G | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 11-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND O&G | JOA DATED JUNE 1, 2008 (NESHEIM 1-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND O&G | JOA DATED MARCH 1, 2008 (LOCKEN 14-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND O&G | JOA DATED SEPTEMBER 1, 2007 (LIFFRIG 11-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND O&G | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND O&G | JOA DATED SEPTEMBER 15, 2007 (MAYNARD URAN TRUST 11-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA - OBRIGEWITCH 41-29PHU | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA (BUCKMAN 44-9PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA (DIETZ 34-7PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA (FRICK 24-8-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA (OBRIGEWITCH 11-29PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA (OBRIGEWITCH 11-29PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA (OBRIGEWITCH 44-8PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED 3/1/17 (HECKER 11-18PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED APRIL 1, 2008 (CARL KANNIANEN 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED APRIL 1, 2008 (KANNIANEN 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED APRIL 1, 2008 (MAYER 12-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED APRIL 1, 2008 (PATTEN 44-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED APRIL 1, 2008 (PENNINGTON 11-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED APRIL 1, 2008 (PENNINGTON 21-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED APRIL 1, 2008 (ROBERT PATTEN 44-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED APRIL 1, 2008 (VANGEN 11-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED APRIL 1, 2009 (BREHM 12-27-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED APRIL 1, 2009 (BREHM 12-27-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED APRIL 1, 2009 (BREHM 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED APRIL 1, 2009 (BREHM 13-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED APRIL 1, 2009 (HANSEN 44-28-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED APRIL 1, 2009 (HANSEN 44-28-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED APRIL 1, 2009 (HANSEN 44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED APRIL 1, 2009 (HANSEN 44-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED APRIL 1, 2009 (LEE 41-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED APRIL 1, 2009 (ROHDE 41-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED APRIL 1, 2009 (ROHDE 42-1TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED APRIL 1, 2009 (ROHDE 43-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED APRIL 1, 2009 (ROHDE 43-1TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED APRIL 1, 2009 (ROHDE 44-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED APRIL 1, 2009 (SMITH 34-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED APRIL 1, 2009 (SMITH 34-1TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED AUGUST 1, 2009 (DEAL 43-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED AUGUST 1, 2009 (PLATT #43-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED AUGUST 1, 2009 (PLATT #44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED DECEMBER 1, 2011 (CARL KANNIANEN 22-32TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED DECEMBER 1, 2011 (KANNIANEN 22-32TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED DECEMBER 1, 2011 (KANNIANEN 22-32XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED FEBRUARY 1, 2008 (LEO 12-29H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED FEBRUARY 1, 2008 (LEO 13-29TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED FEBRUARY 1, 2008 (LEO 14-29H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED FEBRUARY 1, 2008 (LITTLEFIELD 12-29TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED FEBRUARY 1, 2009 (STERLING TTT 21-6H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED FEBRUARY 1, 2009 (TROY TTT 12-6TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED FEBRUARY 1, 2009 (TTT RANCH #12-6H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED FEBRUARY 1, 2009 (TTT RANCH #4-6TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED JANUARY 1, 2011 (HANSEN #14-20XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED JANUARY 1, 2011 (HANSEN 13-20TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED JANUARY 1, 2011 (HANSEN 14-20TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED JANUARY 1, 2011 (WALDOCK FEDERAL 14-4-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED JANUARY 1, 2013 (P EVITT 154-98-13-12-2-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED JULY 1, 2011 (NESS 41-21-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED JULY 1, 2011 (NESS 41-21-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED JULY 1, 2011 (NESS 41-21XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 12-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 13-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 21-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 21-31TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED JULY 15TH, 2008 (NEWCOMB 12-31TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED JUNE 1, 2008 (NESHEIM 13-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED JUNE 1, 2008 (NESHEIM 21-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED JUNE 1, 2008 (NESHEIM 41-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED JUNE 1, 2010 (ROHDE #14-6XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED JUNE 1, 2010 (ROHDE 13-6TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED JUNE 1, 2010 (ROHDE FEDERAL 14-6TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED MARCH 1, 2008 (ANNALA 12-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED MARCH 1, 2008 (FLADELAND 14-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED MARCH 1, 2008 (LEVI FEDERAL 21-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED MARCH 1, 2008 (REGINA ANNALA 12-33TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED MARCH 1, 2008 (SELMA FEDERAL 21-33TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED MAY 1, 2008 (MERILYN SMITH 12-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED MAY 1, 2008 (SMITH 12-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED MAY 1, 2009 (FLADELAND 11-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED MAY 1, 2009 (KANNIANEN 11-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED MAY 1, 2009 (KANNIANEN 43-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED MAY 1, 2009 (KANNIANEN 43-31TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED MAY 1, 2010 (CARL KANNIANEN 13-7XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED MAY 1, 2010 (MOORE 14-7-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED MAY 1, 2010 (MOORE 14-7X) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED MAY 1, 2011 (BROWN #41-28XH) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED MAY 1, 2011 (BROWN 41-28-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED MAY 1, 2011 (BROWN 42-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED MAY 1, 2011 (LACEY #14-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED MAY 1, 2011 (LACEY 14-3-2TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED MAY 1, 2011 (LACEY 14-3TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED NOVEMBER 1, 2010 (ELMER BARTLESON 14-29TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED NOVEMBER 1, 2010 (ELSIE BARTLESON FEDERAL 14-29TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED NOVEMBER 1, 2010 (PETERSON 41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED NOVEMBER 1, 2010 (SMITH #14-29XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED NOVEMBER 1, 2011 (MAKI #41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED NOVEMBER 1, 2011 (MAKI 41-33-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED NOVEMBER 1, 2011 (MAKI 42-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED OCTOBER 1, 2009 (CARL KANNIANEN 24-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED OCTOBER 1, 2009 (HARTSTROM 24-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED OCTOBER 1, 2009 (KANNAINEN 43-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED OCTOBER 1, 2009 (KANNAINEN 44-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED OCTOBER 1, 2009 (WHITE 43-33TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED SEPTEMBER 1, 2007 (FLADELAND 13-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED SEPTEMBER 1, 2007 (FLADELAND 13-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED SEPTEMBER 1, 2007 (FLADELAND 14-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED SEPTEMBER 1, 2007 (LIFFRIG 11-27-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 41-26-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 41-26XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED SEPTEMBER 1, 2009 (LAHTI 12-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED SEPTEMBER 1, 2009 (NESS 43-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED SEPTEMBER 1, 2009 (NESS 44-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED SEPTEMBER 1, 2009 (NESS 44-21TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED SEPTEMBER 15, 2007 (SMITH 41-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED SEPTEMBER 15, 2007 (URAN 11-24-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED SEPTEMBER 15, 2007 (URAN 12-24TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED SEPTEMBER 15, 2007 (URAN 21-24TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DATED SEPTEMBER 15, 2007 (URAN FEDERAL 22-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DTD 1/1/13 (KALDAHL 24, 34 & 44 AND MILLER 14-12 WELLS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DTD 10/1/2017 (NELSON 11-18-2TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DTD 3/1/13 (SKOV 31-28-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DTD 4/1/2017 (NELSON 11-18-2TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOA DTD 9/01/10 (MASTEL 41-18TFH UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INLAND OIL & GAS CORP | JOINT OPERATING AGREEMENT (KOALA 14-32HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | INNOVATIVE LAND DEV INC | SURFACE AGREEMENT - OAKLAND COUNTY, MI - DATED 07/14/1993 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | INNOVEX DOWNHOLE SOLUTIONS | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | INSIGHT | IT SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | INSIGHT | IT SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | INSIGHT | IT SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | INSIGHT | SOFTWARE SUBSCRIPTION - EFFECTIVE 02/09/2020 | $0.00 |
| WHITING OIL AND GAS CORPORATION | INSIGHT | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | INTELEPEER CLOUD COMMUNICATIONS LLC | CELLULAR/PHONE AGREEMENT | $4,983.49 |
| WHITING OIL AND GAS CORPORATION | INTELEX | PROPOSAL FOR ACTS TICKETING Q1 2020 | $35,442.63 |
| WHITING OIL AND GAS CORPORATION | INTELEX | INTELEX ACTS SOFTWARE ANNUAL SUBSCRIPTION FEES | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | INTERMOUNTAIN ELECTRONICS INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | INTRALINKS, INC. | SECURE DOCUMENT SHARING AND COLLABORATION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | IOCL USA INC | JOA DTD 12/1/13 (RAZOR 26-23 UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | IOCL USA INC | JOA DTD 12/1/13 (RAZOR 26-35 UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | IOCL USA INC | JOA DTD 4/01/13 (RAZOR 33-28 UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | IOCL USA INC | JOA DTD 8/1/13 (RAZOR 34-27 UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | IOG NOD I LLC | JOA DATED AUGUST 1, 2009 (JULIA TTT 34-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ION FIELD SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | IRISH OIL & GAS INC | JOA DTD 3/1/13 (SKOV 31-28-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | IRON HORSE INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | IRON HORSE ROYALTIES LLC | JOA (MARTELL 36-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | IRON HORSE ROYALTIES LLC | JOA (PERZINSKI FAMILY TRUST 34-19PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | IRON HORSE ROYALTIES LLC | JOA DTD 11/1/2018 (JACKMAN 34-11-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | IRON HORSE ROYALTIES LLC | JOA DTD 3/1/2019 (MARTELL 34-36HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | IRON HORSE TOOLS LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | IRON MOUNTAIN | DATA STORAGE AGREEMENT | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | IRON MOUNTAIN DATA CENTERS, LLC (SUCCESSOR TO MAG DATACENTERS) | DATA CENTER LEASE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | IRON MOUNTAIN DATA CENTERS, LLC (SUCCESSOR TO MAG DATACENTERS) | DATA CENTER LEASE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | IRON MOUNTAIN OFF SITE DATA | OFF-SITE TAPE STORAGE | $13,521.92 |
| WHITING OIL AND GAS CORPORATION | ISN SOFTWARE CORPORATION | GENERAL IT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ISRAMCO ENERGY LLC | JOA DTD 3/11/85 (NIELSEN #1 - WHZ UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ISRAMCO ENERGY LLC | RATIFICATION OF UNIT OPERATING AGREEMENT WEST REEVES UNIT | $0.00 |
| WHITING PETROLEUM CORPORATION | ISSUETRAK | SOFTWARE MAINTENANCE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | ISSUETRAK | SOFTWARE MAINTENANCE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | IVAN CAYKO | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 07/02/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | IVER A LUND AND MINNIE R LUND | SURFACE AGREEMENT - STARK COUNTY, ND - DATED 06/01/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | J & A SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | J & J RENTAL LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | J & L FENCING & PITLINERS INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | J & M TRUCKING INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | J B GRIFFIS HOLDINGS LLC | JOA (DULETSKI FEDERAL 34-11) | $0.00 |
| WHITING OIL AND GAS CORPORATION | J CLEO THOMPSON | JOA DTD 3/11/85 (NIELSEN #1 - WHZ UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | J CLEO THOMPSON | RATIFICATION OF UNIT OPERATING AGREEMENT WEST REEVES UNIT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | J CUSTOM ELECTRIC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | J GROUP ENERGY I LLC | JOA DATED SEPTEMBER 1, 2011 (CURL 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | J GROUP ENERGY I LLC | JOA DTD 8/1/2018 (GILFER 21-15-1TFHU & 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | J HIRAM MOORE LTD PARTNERSHIP | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD #41-12XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | J HIRAM MOORE LTD PARTNERSHIP | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 41-12-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | J HIRAM MOORE LTD PARTNERSHIP | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 41-12-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | J HIRAM MOORE LTD PARTNERSHIP | JOA DATED JUNE 1, 2008 (LINDLEY 41-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | J HIRAM MOORE LTD PARTNERSHIP | JOA DATED JUNE 1, 2008 (LITTLEFIELD 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | J HIRAM MOORE LTD PARTNERSHIP | JOA DATED JUNE 1, 2008 (LITTLEFIELD 21-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | J HIRAM MOORE LTD PARTNERSHIP | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 21-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | J HIRAM MOORE LTD PARTNERSHIP | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 41-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | J HIRAM MOORE LTD PARTNERSHIP | JOA DATED SEPTEMBER 1, 2009 (MOORE 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | J KAMP OIL LLC | JOA - REPLACEMENT (KUBAS 11-13TFH, KUBAS 34-12PH, KUBAS 12-13PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | J KAMP OIL LLC | JOA (BUCKMAN 44-9PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | J KAMP OIL LLC | JOA (ZALESKY 21-17PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | J KAMP OIL LLC | JOA (ZALESKY 34-8PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | J KAMP OIL LLC | JOA 1/1/16 (CARSCALLEN 31-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | J KAMP OIL LLC | JOA DTD 10/1/18 (BERG TRUST 34-22-TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | J KAMP OIL LLC | JOA DTD 11/01/10 (LYDIA 41-14PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | J M GAHR | PARTICIPATION AGREEMENT-WHZ | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | JAB RENTALS INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | JACAM CHEMICALS 2013 LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | JACKIE LEE FISCUS AND SHIRLEY FISCUS | SURFACE AGREEMENT - WELD COUNTY, CO - DATED 06/20/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JACOB A SELINGER | JOA (OBRIGEWITCH 11-29PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JACOB A SELINGER | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JACOB JOHNSON | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 03/03/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JACOB WAYNE JOHNSON | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 07/30/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JAG OIL LIMITED PARTNERSHIP | JOA (LINK 12-1H(OA)) ZENERGY INC | $0.00 |
| WHITING OIL AND GAS CORPORATION | JAG OIL LIMITED PARTNERSHIP | JOA DTD 04/01/17 (ANNA 14-8-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JAG OIL LIMITED PARTNERSHIP | JOA DTD 11/1/2017 (FLINT 41-5-1HU & 6TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JAG OIL LIMITED PARTNERSHIP | JOA DTD 2/1/18 (RENNERFELDT 14-34-1HU AND 6TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JAG OIL LIMITED PARTNERSHIP | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JAG OIL LIMITED PARTNERSHIP | JOA DTD 5/1/2015 (P BIBLER 155-99-16-31-7-16H3A) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JAMES & LORETTA TESCHER | SURFACE AGREEMENT - BILLINGS COUNTY, ND - DATED 04/15/1992 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JAMES & SHARON MOLINE | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/04/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JAMES & SHARON MOLINE | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/23/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JAMES & SHARON MOLINE | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 10/25/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JAMES & SHARON MOLINE | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 11/29/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JAMES A HAYES | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | JAMES A HOLLAND | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 09/07/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JAMES A HOLLAND | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 10/14/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JAMES A HOLLAND | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 10/14/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JAMES A NORGARD AND CAROL NORGARD | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 02/28/2008 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JAMES A SCOTT | JOA (LAROQUE 34-12H AND 34-12-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JAMES D & JODY RENBARGER JT | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 06/15/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JAMES D & JODY RENBARGER JT | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 02/12/2018 | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | JAMES D & JODY RENBARGER JT | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 10/13/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JAMES D & JODY RENBARGER JT | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 11/15/2019 | $0.00 |
| WHITING PETROLEUM CORPORATION | JAMES E. CATLIN | INDEMNIFICATION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | JAMES EARL FOWLER | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 07/08/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JAMES EARL FOWLER | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 10/01/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JAMES H SMART JR | KEYSTONE CATTLE 19-1 | $0.00 |
| WHITING PETROLEUM CORPORATION | JAMES M. DESMOND | INDEMNIFICATION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | JAMES OIL WELL SERVICE INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | JAMES R HURT | JOA DTD 7/01/76 (JEPSON HOLLER DRAW UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JAMES R HURT | JOA DTD 9/27/76 (JEPSON HOLLER DRAW UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JAMES R HURT | UNIT OPERATING AGREEMENT DTD 3/19/96 JEPSON HOLLER DRAW (SHANNON SANDSTONE) UNIT | $0.00 |
| WHITING OIL AND GAS CORPORATION | JAMES SLOAN EVERETT, SLOANS TRUSTS PARTNERSHIP | JOINT OPERATING AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | JAMIESON NATURAL RESOURCE FUND | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JANET ELIZABETH URBAN REV | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/16/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JANET L SKADELAND | JOA DATED AUGUST 1, 2009 (JULIA TTT 34-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JANET L SKADELAND | JOA DATED AUGUST 1, 2009 (LAHTI 24-22-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JANET L SKADELAND | JOA DATED AUGUST 1, 2009 (LAHTI 24-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JANET L SKADELAND | JOA DATED AUGUST 1, 2009 (NIEMI 44-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JANET L SKADELAND | JOA DATED SEPTEMBER 1, 2010 (NIEMITALO #31-15XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JANKE BAKKEN LLC | JOA DTD 2/1/2019 (MOLINE 31-14-5TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JANN J & MARGARET M PETERSON | JOA (DIETZ 34-7PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JANNIS L GREENE | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 04/05/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JANNIS L GREENE | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 08/29/2005 | $0.00 |
| WHITING PETROLEUM CORPORATION | JASON FINCH | INDEMNIFICATION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | JASON RAUS | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 03/26/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JAY V THOMAS FAMILY TRUST | SALT WATER DISPOSAL AGREEMENT - WILLIAMS COUNTY, ND - DATED 09/12/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JAY V THOMAS FAMILY TRUST | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 02/23/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JAY V THOMAS FAMILY TRUST | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 02/23/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JAY V THOMAS FAMILY TRUST | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/02/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JEAN KING HALTOM | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | JEANNIE AND JOHN JAY KIRBY III | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 12/03/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JEFF STROMSTAD | JOA DATED APRIL 1, 2009 (HAUGE 41-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JEFF STROMSTAD | JOA DATED APRIL 1, 2009 (MURRAY 13-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JEFF STROMSTAD | JOA DATED APRIL 1, 2009 (TOLLEFSON 44-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JEFF STROMSTAD | JOA DATED APRIL 1, 2009 (VIOLA PENNINGTON 11-3H) | $0.00 |
| WHITING PETROLEUM CORPORATION | JEFFERIES LLC | ENGAGEMENT LETTER - EFFECTIVE 12/16/2019 | $0.00 |
| WHITING PETROLEUM CORPORATION | JEFFERIES LLC | ENGAGEMENT LETTER AND AMENDMENT DATED 03/27/2020 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JEFFREY C HAUGE | SURFACE USE & DAMAGE AGREEMENT - MOUNTRAIL COUNTY, ND - DATED 05/02/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JEFFREY W BERGER | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 03/04/2015 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JENNIE HELLER | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JENNIFER PARNELL BARKER | JOA DATED MAY 1, 2010 (MOORE 14-7X) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JEROME HEGGEN | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 05/20/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JEROME O MANNING | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 10/21/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JESSICA HANSEN | JOA DATED FEBRUARY 1, 2008 (LEO 12-29H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JESSICA HANSEN | JOA DATED JANUARY 1, 2011 (HANSEN #14-20XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JESSICA ROWLAND BLAKE HERITAGE | JOA (OBRIGEWITCH 44-20PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JESSICA ROWLAND BLAKE HERITAGE | JOA DTD 1/01/12 (OBRIGEWITCH 41-16PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JESSIE H BEAN JR | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 10/22/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JESSIE PAULINE ERICKSON | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 07/31/2015 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | JET SPECIALTY INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | JGL SOLUTIONS LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | JIM EVERETT | JOA DATED AUGUST 1, 2009 (GUINN TRUST 11-13TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JIM EVERETT | JOA DATED AUGUST 1, 2009 (HAGEY 11-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JIM EVERETT | JOA DATED AUGUST 1, 2009 (HAGEY 12-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JIM EVERETT | JOA DATED AUGUST 1, 2011 (HAGEY 14-13XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JIM EVERETT | JOA DATED AUGUST 1, 2011 (HATTIE HAGEY 14-13TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JIM EVERETT | JOA DATED AUGUST 1, 2011 (MARY ELIZABETH 13-13TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JIM EVERETT | JOA DATED JANUARY 1, 2011 (LILLIAN VIOLA 14-12TFX | $0.00 |
| WHITING OIL AND GAS CORPORATION | JIM EVERETT | JOA DATED JANUARY 1, 2011 (TIISTO #14-12XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JIM EVERETT | JOA DATED JANUARY 1, 2011 (VERNE HAGEY 13-12TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JIM EVERETT | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JIM WHITEHEAD OIL & GAS LLC | JOA (KESSEL 11-26PH; 21-26PH; 41-26PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JIMMIE BAGGETT | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | JJ OIL LLC | JOA (KESSEL 44-35PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JJ OIL LLC | JOA (PRONGHORN FEDERAL 34-9H) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | JJ OIL LLC | JOA (TALKINGTON FEDERAL 21-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JJ OIL LLC | JOA (TOMCHUK 21-30PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JJ OIL LLC | JOA DATED JANUARY 1, 2011 (ARTHAUD 21-29TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JJ OIL LLC | JOA DATED NOVEMBER 1, 2010 (DIETZ 21-17TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JJ OIL LLC | JOA DTD 11/01/10 (LYDIA 41-14PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JJ OIL, LLC | JOA (BINSTOCK 21-30TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JJ OIL, LLC | JOA (BINSTOCK 21-30TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JJ OIL, LLC | JOA (HAVELKA 21-15PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JJ OIL, LLC | JOA (JURGENS 34-12PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JJ OIL, LLC | JOA (TALKINGTON FED 11-27PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JJ OIL, LLC | JOA DATED NOVEMBER 1, 2010 (LYDIA 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JJP LAND & OIL LLP | JOA (PRONGHORN FEDERAL 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JJP LAND & OIL LLP | JOA DATED JULY 1, 2018 (PRONGHORN FEDERAL 41-14PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | JMAC RESOURCES INC | MASTER SERVICES AGREEMENT | $533.67 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | JNJ TESTING SERVICES | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | JODEE BETH FANDRICH FOSS | JOINT OPERATING AGREEMENT (KOALA 14-32HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JOE & SHANNON FRITZ | SURFACE AGREEMENT - GOLDEN VALLEY COUNTY, ND - DATED 01/21/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JOE C MARTINO | OPERATING AGREEMENT WHITING-HOWARD AND MARTINO-WHZ | $0.00 |
| WHITING PETROLEUM CORPORATION | JOELE FRANK, WILKINSON BRIMMER KATCHER | CRISIS COMMUNICATIONS AGENCY AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | JOHN B. MARVIN | INDEMNIFICATION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | JOHN BEAN BY BOBBIE RUTH BEAN THOMAS | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 09/04/2005 | $0.00 |
| WHITING PETROLEUM CORPORATION | JOHN BRAD MARVIN | EXECUTIVE EMPLOYMENT AND SEVERANCE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | JOHN C DENNISON | SALT WATER DISPOSAL AGREEMENT - WINKLER COUNTY, TX - DATED 02/21/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JOHN C. TOEDTLI | SURFACE AGREEMENT - WELD COUNTY, CO - DATED 01/01/2002 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JOHN EDWARD LEWIS JR | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | JOHN H HOLT OIL PROPERTIES INC | JOA DATED JANUARY 1, 2010 (RON OLSON 31-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JOHN HOVDE | SALT WATER DISPOSAL AGREEMENT - WILLIAMS COUNTY, ND - DATED 10/01/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JOHN HOVDE | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 03/03/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JOHN K KEYES FAMILY TRUST | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | JOHN M JACOBSON | JOA DTD 3/1/2019 (MARTELL 34-36HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JOHN ROSA | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JON & JEANNIE BAYERS 1998 TR | JOA DATED AUGUST 1, 2009 (HAGEY 11-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JON & JEANNIE BAYERS 1998 TR | JOA DATED AUGUST 1, 2009 (HAGEY 12-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JON FRANK CLARK | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | JON HARRIS GREENE | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 04/05/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JON HARRIS GREENE | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 08/29/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JONATHAN CUNNINGHAM | JOA DATED MARCH 1, 2008 (OPPEBOEN 12-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JONATHAN CUNNINGHAM | JOA DATED MARCH 1, 2008 (OPPEBOEN 14-5WH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JONATHAN CUNNINGHAM | JOA DATED MARCH 1, 2008 (OPPEBOEN 21-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JONATHAN CUNNINGHAM | JOA DATED MARCH 1, 2008 (OPPEBOEN 21-5TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JONATHAN CUNNINGHAM | JOA DATED MARCH 1, 2008 (STENSETH TRUST 11-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JONATHAN CUNNINGHAM | JOA DATED MARCH 1, 2008 (STRAND 11-5TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JONES DAUBE MINERAL COMPANY | JOA DATED AUGUST 1, 2009 (BILL TTT FEDERAL 42-4TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JONES DAUBE MINERAL COMPANY | JOA DATED AUGUST 1, 2009 (GORDON TTT FEDERAL 41-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JONES DAUBE MINERAL COMPANY | JOA DATED AUGUST 1, 2009 (JONES 34-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JONES DAUBE MINERAL COMPANY | JOA DATED AUGUST 1, 2009 (TTT RANCH 43-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JONES DAUBE MINERAL COMPANY | JOA DATED OCTOBER 1, 2010 (ARNDT #14-5XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | JONNIE LAYNE CONSULTING | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | JOS ANCHORS SERVICE INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | JOSEPH F CRARY | JOA DATED AUGUST 1, 2010 (CVANCARA 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JOSEPH F CRARY | JOA DATED AUGUST 1, 2010 (CVANCARA 12-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JOSEPH F CRARY | JOA DATED AUGUST 1, 2010 (CVANCARA 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JOSEPH F CRARY | JOA DATED AUGUST 1, 2010 (CVANCARA 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JOSEPH F CRARY | JOA DATED AUGUST 1, 2012 (KJOS 14-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JOSEPH F CRARY | JOA DATED AUGUST 1, 2012 (LIEBL 31-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JOSEPH F RECULUSA | SURFACE AGREEMENT - JOHNSON COUNTY, WY - DATED 02/14/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JOSEPH F RECULUSA | SURFACE AGREEMENT - JOHNSON COUNTY, WY - DATED 04/01/1996 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JOSEPH HOMAN TRUST | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JOSEPH P JACKMAN | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 03/18/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JOSEPH P JACKMAN | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 03/18/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JOSEPH P JACKMAN | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 06/24/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JOSEPH P JACKMAN | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 08/03/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JOSH COLE | JOA - OBRIGEWITCH 41-29PHU | $0.00 |
| WHITING OIL AND GAS CORPORATION | JOSH COLE | JOA - PRIVRATSKY 44-21PHU | $0.00 |
| WHITING OIL AND GAS CORPORATION | JOSH COLE | JOA (PRIVRATSKY 41-28PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JOURNEYS END INC | JOA DTD 8/1/2018 (GILFER 21-15-1TFHU & 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JP MORGAN CHASE BANK, N.A. | CREDIT CARD AGREEMENT | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING PETROLEUM CORPORATION | JPMORGAN CHASE BANK, N.A. | COMMERCIAL CREDIT CARD APPLICATION AND AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | J-S SANITATION LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | JTT OIL LLC | JOA - REPLACEMENT (KUBAS 11-13TFH, KUBAS 34-12PH, KUBAS 12-13PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JTT OIL LLC | JOA (ZALESKY 21-17PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JTT OIL LLC | JOA (ZALESKY 34-8PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JTT OIL LLC | JOA DTD 10/1/18 (BERG TRUST 34-22-TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JTT OIL LLC | JOA DTD 11/01/10 (LYDIA 41-14PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JUANITA I EVANS | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/16/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JUDITH ANN BUXTON REVOCABLE | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 41-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JUDITH ANN BUXTON REVOCABLE | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 42-16TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JUDITH ANN BUXTON REVOCABLE | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 44-9TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JUDITH ANN BUXTON REVOCABLE | JOA DATED OCTOBER 1, 2009 (FLADELAND 41-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JUDITH ANN BUXTON REVOCABLE | JOA DATED OCTOBER 1, 2009 (FLADELAND 42-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JUDITH ANN BUXTON REVOCABLE | JOA DATED OCTOBER 1, 2009 (FLADELAND 43-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JUDITH ANN BUXTON REVOCABLE | JOA DATED OCTOBER 1, 2009 (FLADELAND 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JUDITH ANN BUXTON REVOCABLE | JOA DATED OCTOBER 1, 2009 (WARDEN 43-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JUDY STRONG | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 21-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JUDY STRONG | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 41-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JUDY STRONG | JOA DATED SEPTEMBER 1, 2009 (MOORE 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | JUNEIL K GIBSON | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 07/10/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | JUSTIN WALTERS DBA | JOA DATED APRIL 1, 2009 (HANSEN 44-28H) | $0.00 |
| WHITING PETROLEUM CORPORATION | JW POWER | GAS COMPRESSION RENTAL | $0.00 |
| WHITING PETROLEUM CORPORATION | JW POWER | GAS COMPRESSION RENTAL | $0.00 |
| WHITING OIL AND GAS CORPORATION | J-W POWER COMPANY | COMPRESSOR - LOCATION VANCE 17A | $0.00 |
| WHITING OIL AND GAS CORPORATION | J-W POWER COMPANY | COMPRESSOR - LOCATION VANCE 9M | $0.00 |
| WHITING OIL AND GAS CORPORATION | J-W POWER COMPANY | COMPRESSOR - UNIT - UNIT 7439 - LOCATION RENBARGER 33N | $0.00 |
| WHITING OIL AND GAS CORPORATION | J-W POWER COMPANY | COMPRESSOR - UNIT 6466/6896 - LOCATION ROLLA FEDERAL 21-3 | $0.00 |
| WHITING OIL AND GAS CORPORATION | J-W POWER COMPANY | COMPRESSOR - UNIT 6664 - LOCATION NELSON 21-18H & NELSON 21-18TFH | $0.00 |
| WHITING OIL AND GAS CORPORATION | J-W POWER COMPANY | COMPRESSOR - UNIT 6915 - LOCATION NELSON 11-18H & NELSON 11-18TFH | $0.00 |
| WHITING OIL AND GAS CORPORATION | J-W POWER COMPANY | COMPRESSOR - UNIT 6916 - LOCATION JOHNSON 7N | $0.00 |
| WHITING OIL AND GAS CORPORATION | J-W POWER COMPANY | COMPRESSOR - UNIT 6918 - LOCATION WOLD 44-7 | $0.00 |
| WHITING OIL AND GAS CORPORATION | J-W POWER COMPANY | COMPRESSOR - UNIT 6921 - LOCATION ROLLA FEDERAL 31-3 | $0.00 |
| WHITING OIL AND GAS CORPORATION | J-W POWER COMPANY | COMPRESSOR - UNIT 6932 - LOCATION JOHNSON7N1 | $0.00 |
| WHITING OIL AND GAS CORPORATION | J-W POWER COMPANY | COMPRESSOR - UNIT 7198 - LOCATION FLATLAND 43-9-1XH | $0.00 |
| WHITING OIL AND GAS CORPORATION | J-W POWER COMPANY | COMPRESSOR - UNIT 7199 - LOCATION FLATLAND 43-9-1XH | $0.00 |
| WHITING OIL AND GAS CORPORATION | J-W POWER COMPANY | COMPRESSOR - UNIT 7202 - LOCATION ROLLA FEDERAL 21-3 | $0.00 |
| WHITING OIL AND GAS CORPORATION | J-W POWER COMPANY | COMPRESSOR - UNIT 7203 - LOCATION ROLLA FEDERAL 11-3 | $0.00 |
| WHITING OIL AND GAS CORPORATION | J-W POWER COMPANY | COMPRESSOR - UNIT 7205 - LOCATION CARSCALLEN 31-14-2H | $0.00 |
| WHITING OIL AND GAS CORPORATION | J-W POWER COMPANY | COMPRESSOR - UNIT 7437 - LOCATION THOMAS 3L | $0.00 |
| WHITING OIL AND GAS CORPORATION | J-W POWER COMPANY | COMPRESSOR - UNIT 7438 - LOCATION VANCE 17D | $0.00 |
| WHITING OIL AND GAS CORPORATION | J-W POWER COMPANY | COMPRESSOR - UNIT 7440 - LOCATION URBAN PAD | $0.00 |
| WHITING OIL AND GAS CORPORATION | J-W POWER COMPANY | COMPRESSOR - UNIT 7558 - LOCATION THOMAS 10E | $0.00 |
| WHITING OIL AND GAS CORPORATION | J-W POWER COMPANY | COMPRESSOR - UNIT 7559 - LOCATION OPPEGAARD 9I | $0.00 |
| WHITING OIL AND GAS CORPORATION | J-W POWER COMPANY | COMPRESSOR - UNIT 7560 - LOCATION VANCE 9M COMP1 | $0.00 |
| WHITING OIL AND GAS CORPORATION | J-W POWER COMPANY | COMPRESSOR - UNIT 7561 - LOCATION VANCE 17A COMP1 | $0.00 |
| WHITING OIL AND GAS CORPORATION | J-W POWER COMPANY | COMPRESSOR - UNIT 7562 - LOCATION VANCE 9M COMP2 | $0.00 |
| WHITING OIL AND GAS CORPORATION | J-W POWER COMPANY | COMPRESSOR - UNIT 7563 - LOCATION VANCE 17A COMP2 | $0.00 |
| WHITING OIL AND GAS CORPORATION | J-W POWER COMPANY | COMPRESSOR - UNIT 7564 - LOCATION LONG 10P | $0.00 |
| WHITING OIL AND GAS CORPORATION | J-W POWER COMPANY | COMPRESSOR LEASE - EFFECTIVE 01/24/2020 | $0.00 |
| WHITING OIL AND GAS CORPORATION | J-W POWER COMPANY | COMPRESSOR LEASE - EFFECTIVE 01/24/2020 | $0.00 |
| WHITING PETROLEUM CORPORATION | J-W POWER COMPANY | COMPRESSORS AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | J-W POWER COMPANY | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | J-W POWER COMPANY-463 | COMPRESSOR LEASE AGREEMENT - EFFECTIVE 01/05/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | J-W POWER COMPANY-463 | COMPRESSOR LEASE AGREEMENT - EFFECTIVE 03/31/2017 | $0.00 |
| WHITING OIL AND GAS CORPORATION | J-W POWER COMPANY-463 | COMPRESSOR LEASE AGREEMENT - EFFECTIVE 12/12/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | K & R ROUSTABOUT INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | K.E. ANDREWS AND COMPANY | PROFESSIONAL AD VALOREM TAX SERVICES | $0.00 |
| WHITING OIL AND GAS CORPORATION | KACIE LEE ENGUM | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KADACA OIL & GAS INC | JOA DTD 11/01/81 (GAJEWSKI 5-18X) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | KADRMAS LEE AND JACKSON INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | KAHUNA VENTURES LLC. | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS | JOA DATED APRIL 1, 2008 (KANNIANEN 11-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS | JOA DATED APRIL 1, 2008 (PENNINGTON 11-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS | JOA DATED DECEMBER 1, 2007 (BRAAFLAT 11-11H) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS | JOA DATED FEBRUARY 1, 2008 (LITTLEFIELD 11-29H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS | JOA DATED JANUARY 15, 2006 (SATTERTHWAITE 14-6) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS | JOA DATED JULY 15, 2008 (KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS | JOA DATED JULY 24, 2007 (LOCKEN 11-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS | JOA DATED JUNE 1, 2008 (LACEY 11-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS | JOA DATED JUNE 1, 2008 (RICHARDSON FEDERAL 11-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS | JOA DATED MARCH 1, 2008 (BEHR 11-34H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS | JOA DATED MAY 1, 2008 (SMITH 11-20H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS | JOA DATED NOVEMBER 1, 2007 (ABBOTT 11-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS | JOA DATED NOVEMBER 1, 2007 (FLADELAND 12-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS | JOA DATED NOVEMBER 15, 2006 (PEERY STATE 11-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS | JOA DATED SEPTEMBER 15, 2007 (MAYNARD URAN TRUST 11-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | FOJOA DATED SEPTEMBER 28, 2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA (KOSTELECKY 5-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA (KUBAS 12-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA (KUCHYNSKI 12-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA (KUNTZ 25-36H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA (PARKER 29-32H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA (PAVLISH 19-20H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA (PAVLISH 31-30PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA (PERZINSKI FAMILY TRUST 34-19PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA (PRAUS 21-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA (SCHMIDT 11-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA (SCHWARTZ 14-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA (THURLOW WILLIAMS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA (TUHY 22-15H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED 3/1/17 (HECKER 11-18PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED APRIL 1, 2008 (CARL KANNIANEN 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED APRIL 1, 2008 (MAYER 12-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED APRIL 1, 2008 (PATTEN 44-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED APRIL 1, 2008 (PENNINGTON 11-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED APRIL 1, 2008 (PENNINGTON 21-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED APRIL 1, 2008 (VANGEN 11-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED APRIL 1, 2009 (BREHM 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED APRIL 1, 2009 (BREHM 13-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED APRIL 1, 2009 (HANSEN 44-28-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED APRIL 1, 2009 (HANSEN 44-28-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED APRIL 1, 2009 (HANSEN 44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED APRIL 1, 2009 (HANSEN 44-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED APRIL 1, 2009 (LEE 41-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED AUGUST 1, 2009 (DEAL 43-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED AUGUST 1, 2009 (PLATT #43-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED AUGUST 1, 2009 (PLATT #44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 41-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 42-16TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 44-9TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED DECEMBER 1, 2007 (BRAAFLAT 21-11TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED DECEMBER 1, 2007 (CURTIS BRAAFLAT 11-11H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED DECEMBER 1, 2007 (SNYDER 21-11H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED FEBRUARY 1, 2008 (LEO 12-29H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED FEBRUARY 1, 2008 (LEO 13-29TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED FEBRUARY 1, 2008 (LEO 14-29H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED FEBRUARY 1, 2008 (LITTLEFIELD 12-29TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 14-13-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 14-13XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED FEBRUARY 1, 2011 (NESHEIM 11-24XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED JANUARY 1, 2011 (HANSEN #14-20XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED JANUARY 1, 2011 (HANSEN 13-20TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED JANUARY 1, 2011 (HANSEN 14-20TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED JANUARY 1, 2011 (WALDOCK FEDERAL 14-4-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED JANUARY 15, 2006 (BENDER 14-6) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED JULY 1, 2010 (HEIPLE 14-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED JULY 1, 2010 (OGDEN 13-3TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED JULY 1, 2010 (OGDEN 14-3TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED JULY 15, 2008 (KINNOIN 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED JULY 15, 2008 (KINNOIN 41-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED JULY 24, 2007 (DARYL LOCKEN 21-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED JULY 24, 2007 (MCNAMARA 41-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED JULY 24, 2007 (PAM LOCKEN 21-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED JUNE 1, 2008 (LACEY 12-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED JUNE 1, 2008 (LACEY 12-10TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED JUNE 1, 2008 (LACEY 13-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED JUNE 1, 2008 (OLSON FEDERAL 42-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED JUNE 1, 2008 (RODNEY OLSON FEDERAL 42-8-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED MARCH 1, 2008 (ARNDT FEDERAL 34-35H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED MARCH 1, 2008 (LITTLEFIELD 12-34H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED MARCH 1, 2008 (LITTLEFIELD FEDERAL 11-34H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED MAY 1, 2008 (FLADELAND 12-20TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED MAY 1, 2008 (HANSEN 12-20H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED MAY 1, 2008 (HANSEN 21-20H) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED MAY 1, 2010 (CARL KANNIANEN 13-7XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED MAY 1, 2010 (MOORE 14-7-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED MAY 1, 2011 (BROWN #41-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED MAY 1, 2011 (BROWN 41-28-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED MAY 1, 2011 (BROWN 42-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED MAY 1, 2011 (LACEY #14-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED MAY 1, 2011 (LACEY 14-3-2TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED MAY 1, 2011 (LACEY 14-3TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED NOVEMBER 1, 2007 (FLADELAND 13-18TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED NOVEMBER 1, 2007 (FLADELAND 14-18WH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED NOVEMBER 1, 2007 (MARMON 11-18TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED NOVEMBER 1, 2007 (MARMON 11-18TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED NOVEMBER 1, 2007 (MARMON 12-18TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED NOVEMBER 1, 2009 (MEIERS 11-17H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED NOVEMBER 1, 2009 (MEIERS 12-17H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED NOVEMBER 1, 2009 (MEIERS 44-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED NOVEMBER 1, 2009 (MEIERS 44-18TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED NOVEMBER 1, 2009 (SCOTT MEIERS 12-17TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED NOVEMBER 1, 2010 (ELMER BARTLESON 14-29TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED NOVEMBER 1, 2010 (LYDIA 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED NOVEMBER 1, 2010 (PETERSON 41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED NOVEMBER 1, 2010 (SMITH #14-29XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED NOVEMBER 1, 2011 (MAKI #41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED NOVEMBER 1, 2011 (MAKI 41-33-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED NOVEMBER 1, 2011 (MAKI 42-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED NOVEMBER 15, 2006 (LITTLEFIELD 11-30H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED NOVEMBER 15, 2006 (PEERY STATE 11-25-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED NOVEMBER 15, 2006 (PEERY STATE 21-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED NOVEMBER 15, 2006 (PEERY STATE 22-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED OCTOBER 1, 2009 (CARL KANNIANEN 24-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED OCTOBER 1, 2009 (FLADELAND 11-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED OCTOBER 1, 2009 (FLADELAND 12-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED OCTOBER 1, 2009 (FLADELAND 13-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED OCTOBER 1, 2009 (FLADELAND 41-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED OCTOBER 1, 2009 (FLADELAND 42-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED OCTOBER 1, 2009 (FLADELAND 43-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED OCTOBER 1, 2009 (FLADELAND 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED OCTOBER 1, 2009 (HARTSTROM 24-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED OCTOBER 1, 2009 (KANNAINEN 43-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED OCTOBER 1, 2009 (KANNIANEN 44-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED OCTOBER 1, 2009 (KERNAN 12-10TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED OCTOBER 1, 2009 (WARDEN 43-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED OCTOBER 1, 2009 (WHITE 43-33TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 41-26-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 41-26XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 11-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 11-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 21-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 21-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 41-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 41-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED SEPTEMBER 1, 2009 (CARKUFF 13-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED SEPTEMBER 1, 2009 (HEIPLE 11-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED SEPTEMBER 1, 2009 (HOLLINGER 11-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED SEPTEMBER 1, 2009 (HOLLINGER 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED SEPTEMBER 1, 2009 (IVERSON 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED SEPTEMBER 1, 2009 (IVERSON 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED SEPTEMBER 1, 2009 (IVERSON 41-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED SEPTEMBER 1, 2009 (MOORE 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED SEPTEMBER 1, 2009 (MOORE 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED SEPTEMBER 1, 2009 (OGDEN #11-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED SEPTEMBER 1, 2009 (OGDEN 12-3-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED SEPTEMBER 1, 2009 (OGDEN 12-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED SEPTEMBER 1, 2010 (LAHTI 31-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED SEPTEMBER 1, 2010 (LAHTI 41-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED SEPTEMBER 1, 2010 (NIEMITALO #31-15XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED SEPTEMBER 1, 2010 (OJA #14-27XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED SEPTEMBER 15, 2007 (SMITH 41-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED SEPTEMBER 15, 2007 (URAN 12-24TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DATED SEPTEMBER 15, 2007 (URAN 21-24TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DTD 11/01/10 (LYDIA 41-14PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DTD 12/15/10 (BRUENI 21-16TFH UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DTD 12/15/10 (WOCK 14-11H UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DTD 9/01/10 (MASTEL 41-18TFH UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER FRANCIS OIL CO | JOA DTD 9/28/10 (BRUENI 28-1H UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER-FRANCIS | JOA DATED NOVEMBER 5, 2010 (OUKROP 34-34H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER-FRANCIS | PAJOA BETWEEN WHITING OIL & GAS CORP & KAISER-FRANCIS MID-CONTINENT LMTD PTNRSHIP | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER-FRANCIS OIL COMPANY | JOA DATED 9/1/10 (HECKER 21-18) (MASTEL 41-18) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAISER-FRANCIS OIL COMPANY | JOA DATED JULY 1, 2010 (MANN 21-18TFH) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | KANE FAMILY TRUST DTD 06-05-69 | JOA (MARTELL 36-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAP ENERGY | JOA DATED APRIL 1, 2008 (KANNIANEN 11-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAP ENERGY | JOA DATED JUNE 1, 2008 (RICHARDSON FEDERAL 11-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAP ENERGY LLC | JOA DATED APRIL 1, 2008 (CARL KANNIANEN 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAP ENERGY LLC | JOA DATED APRIL 1, 2008 (KANNIANEN 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAP ENERGY LLC | JOA DATED APRIL 1, 2008 (PATTEN 44-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAP ENERGY LLC | JOA DATED APRIL 1, 2008 (ROBERT PATTEN 44-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAP ENERGY LLC | JOA DATED AUGUST 1, 2010 (CVANCARA 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAP ENERGY LLC | JOA DATED AUGUST 1, 2010 (CVANCARA 12-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAP ENERGY LLC | JOA DATED AUGUST 1, 2010 (CVANCARA 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAP ENERGY LLC | JOA DATED AUGUST 1, 2010 (CVANCARA 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAP ENERGY LLC | JOA DATED FEBRUARY 1, 2010 (KLEFSTAD 24-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAP ENERGY LLC | JOA DATED FEBRUARY 1, 2010 (MEIERS 44-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAP ENERGY LLC | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAP ENERGY LLC | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAP ENERGY LLC | JOA DATED JANUARY 1, 2011 (WALDOCK FEDERAL 14-4-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAP ENERGY LLC | JOA DATED JUNE 1, 2008 (OLSON FEDERAL 42-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAP ENERGY LLC | JOA DATED JUNE 1, 2008 (RODNEY OLSON FEDERAL 42-8-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAP ENERGY LLC | JOA DATED MAY 1, 2010 (LOCKEN 14-9XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAP ENERGY LLC | JOA DATED NOVEMBER 1, 2010 (ARNEGARD 21-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAPPA NORTH AMERICA, INC. | SOFTWARE MAINTENANCE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | KARLEEN K BRIDGES | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 07/10/2012 | $0.00 |
| WHITING PETROLEUM CORPORATION | KARY DATA, INC. | LICENSE AGREEMENT - EFFECTIVE 03/03/2004 | $0.00 |
| WHITING PETROLEUM CORPORATION | KARY DATA, INC. | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | KATHARYN TROTTER | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 01/18/1991 | $0.00 |
| WHITING OIL AND GAS CORPORATION | KATHLEEN ANN NYE DALY | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 07/10/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | KATHLEEN ANN ROWE | SALT WATER DISPOSAL AGREEMENT - MCKENZIE COUNTY, ND - DATED 04/25/2007 | $0.00 |
| WHITING OIL AND GAS CORPORATION | KATHLEEN L RUCKI | SURFACE AGREEMENT - JOHNSON COUNTY, WY - DATED 02/14/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | KATHLEEN L RUCKI | SURFACE AGREEMENT - JOHNSON COUNTY, WY - DATED 04/01/1996 | $0.00 |
| WHITING OIL AND GAS CORPORATION | KATHLEEN P HENDERSON | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAY KING HALL | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAY STEPANEK | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 05/05/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | KAYTE ISAKSON | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/16/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | KB OIL TOOLS LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | KB WORKING INTERESTS LLC | JOA DATED MAY 1, 2012 ( PREWITT 26-35-1TFH ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KCH NORTH DAKOTA MINERALS LLC | JOA (KESSEL 44-35PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KCH NORTH DAKOTA MINERALS LLC | JOA (OBRIGEWITCH 11-29PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KCH NORTH DAKOTA MINERALS LLC | JOA (TALKINGTON 21-30TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KCH NORTH DAKOTA MINERALS LLC | JOA (TALKINGTON FEDERAL 21-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KCH NORTH DAKOTA MINERALS LLC | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KDM PETROMANAGEMENT | JOA DATED MARCH 1, 2008 (STENSETH TRUST 11-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KDM PETROMANAGEMENT LLC | JOA - CHAMELEON STATE 31-16HU | $0.00 |
| WHITING OIL AND GAS CORPORATION | KDM PETROMANAGEMENT LLC | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 41-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KDM PETROMANAGEMENT LLC | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 42-16TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KDM PETROMANAGEMENT LLC | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 44-9TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KDM PETROMANAGEMENT LLC | JOA DATED MARCH 1, 2008 (OPPEBOEN 12-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KDM PETROMANAGEMENT LLC | JOA DATED MARCH 1, 2008 (OPPEBOEN 14-5WH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KDM PETROMANAGEMENT LLC | JOA DATED MARCH 1, 2008 (OPPEBOEN 21-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KDM PETROMANAGEMENT LLC | JOA DATED MARCH 1, 2008 (OPPEBOEN 21-5TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KDM PETROMANAGEMENT LLC | JOA DATED MARCH 1, 2008 (STRAND 11-5TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KDM PETROMANAGEMENT LLC | JOA DATED OCTOBER 1, 2009 (FLADELAND 41-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KDM PETROMANAGEMENT LLC | JOA DATED OCTOBER 1, 2009 (FLADELAND 42-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KDM PETROMANAGEMENT LLC | JOA DATED OCTOBER 1, 2009 (FLADELAND 43-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KDM PETROMANAGEMENT LLC | JOA DATED OCTOBER 1, 2009 (FLADELAND 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KDM PETROMANAGEMENT LLC | JOA DATED OCTOBER 1, 2009 (WARDEN 43-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KDM PETROMANAGEMENT LLC | JOINT OPERATING AGREEMENT (CHAMELEON STATE 153-97-16-21-1H) | $0.00 |
| WHITING PETROLEUM CORPORATION | KE ANDREWS | PROPERTY TAX FILINGS | $0.00 |
| WHITING OIL AND GAS CORPORATION | KEITH FLYGARE | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KEITH W & THELMA S JOHNSON | SURFACE AGREEMENT - JOHNSON COUNTY, WY - DATED 04/01/1996 | $0.00 |
| WHITING OIL AND GAS CORPORATION | KELCLAY INC | JOA (OBRIGEWITCH 44-8PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KELCLAY INC | JOA DATED 9/1/11 (DULETSKI 21-13TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KELCLAY INC | JOA DATED AUGUST 1, 2011 (BRUENI 21-16TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KELCLAY INC | JOA DATED MARCH 1, 2011 (MARSH 21-16TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KELCLAY INC | JOA DATED MARCH 1, 2012 (BUCKMAN 34-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KELCLAY INC | JOA DTD 12/15/10 (BRUENI 21-16TFH UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KELCLAY, INC | JOA (HAVELKA 21-15PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KELCLAY, INC | JOA (JURGENS 34-12PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KELCLAY, INC | JOA (RIDL 34-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KELLY ENERGY, LLC | SEISMIC LICENSE AGREEMENT - EFFECTIVE 09/30/2015 | $0.00 |
| WHITING OIL AND GAS CORPORATION | KELLY OIL & GAS LLC | JOA (HAVELKA 21-15PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KELLY OIL & GAS LLC | JOA (KESSEL 44-35PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KELLY OIL & GAS LLC | JOA (TALKINGTON FEDERAL 21-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KELLY OIL & GAS LLC | JOA DATED 10/1/11 (SOLBERG 34-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENNEDY MINERALS LTD | PARTICIPATION AGREEMENT-WHZ | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | KENNETH & ROSALIE STEVENSON | JOA DTD 3/01/12 (SOLBERG 44-11PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENNETH & ROSALIE STEVENSON | JOINT OPERATING AGREEMENT FOR SOLBERG 34-11PH | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENNETH J & KATHRYN KNELS | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 09/19/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENNETH N AND MILANA L BERG | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 07/06/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENNETH N AND MILANA L BERG | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 07/12/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENNETH N AND MILANA L BERG | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 10/26/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT LYNCH | JOA DATED JULY 24, 2007 (LOCKEN 11-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT LYNCH | JOA DATED NOVEMBER 1, 2008 (LITTLEFIELD 11-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT LYNCH | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT M LYNCH | JOA (DULETSKI FEDERAL 34-11) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT M LYNCH | JOA DATED AUGUST 1, 2009 (JULIA TTT 34-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT M LYNCH | JOA DATED AUGUST 1, 2009 (LAHTI 14-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT M LYNCH | JOA DATED AUGUST 1, 2009 (LAHTI 24-22-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT M LYNCH | JOA DATED AUGUST 1, 2009 (LAHTI 24-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT M LYNCH | JOA DATED AUGUST 1, 2009 (LAUKALA 34-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT M LYNCH | JOA DATED AUGUST 1, 2009 (NIEMI 44-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT M LYNCH | JOA DATED AUGUST 1, 2010 (CVANCARA 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT M LYNCH | JOA DATED AUGUST 1, 2010 (CVANCARA 12-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT M LYNCH | JOA DATED AUGUST 1, 2010 (CVANCARA 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT M LYNCH | JOA DATED AUGUST 1, 2010 (CVANCARA 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT M LYNCH | JOA DATED AUGUST 1, 2012 (KJOS 14-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT M LYNCH | JOA DATED AUGUST 1, 2012 (LIEBL 31-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT M LYNCH | JOA DATED AUGUST 1, 2012 (LIEBL 31-13TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT M LYNCH | JOA DATED FEBRUARY 1, 2009 (LACEY 11-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT M LYNCH | JOA DATED FEBRUARY 1, 2009 (LACEY 12-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT M LYNCH | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD #41-12XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT M LYNCH | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 14-13-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT M LYNCH | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 14-13XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT M LYNCH | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 41-12-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT M LYNCH | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 41-12-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT M LYNCH | JOA DATED FEBRUARY 1, 2011 (NESHEIM 11-24XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT M LYNCH | JOA DATED JULY 24, 2007 (DARYL LOCKEN 21-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT M LYNCH | JOA DATED JULY 24, 2007 (MCNAMARA 41-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT M LYNCH | JOA DATED JULY 24, 2007 (PAM LOCKEN 21-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT M LYNCH | JOA DATED NOVEMBER 1, 2008 (LITTLEFIELD 21-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT M LYNCH | JOA DATED NOVEMBER 1, 2008 (RUDMAN 11-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT M LYNCH | JOA DATED NOVEMBER 1, 2010 (LACEY #14-1XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT M LYNCH | JOA DATED NOVEMBER 1, 2010 (LACEY 11-12TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT M LYNCH | JOA DATED NOVEMBER 1, 2010 (LACEY 43-2TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT M LYNCH | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 41-26-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT M LYNCH | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 41-26XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT M LYNCH | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT M LYNCH | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT M LYNCH | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT M LYNCH | JOA DATED SEPTEMBER 1, 2010 (LAHTI 31-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT M LYNCH | JOA DATED SEPTEMBER 1, 2010 (LAHTI 41-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT M LYNCH | JOA DATED SEPTEMBER 1, 2010 (NIEMITALO #31-15XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT M LYNCH | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KENT S TAYLOR | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 07/10/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | KERR MCGEE | P1833 FO KERR MCGEE HOME 10/01/85 | $0.00 |
| WHITING OIL AND GAS CORPORATION | KERR MCGEE O & G ONSHORE LP | JOA DTD 4/01/13 (RAZOR 33-28 UNIT) | $0.00 |
| WHITING PETROLEUM CORPORATION | KEVIN A. KELLY | INDEMNIFICATION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | KEVIN AARESTAD | SURFACE USE & DAMAGE AGREEMENT - DIVIDE COUNTY, ND - DATED 04/22/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | KEVIN GEORGE TURNBOW | JOA DATED MARCH 1, 2011 (DULETSKI 21-16TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KEVIN GEORGE TURNBOW | JOA FOR PALUCK 21-28TFH | $0.00 |
| WHITING OIL AND GAS CORPORATION | KEVIN GLEN ROGERS | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING PETROLEUM CORPORATION | KEVIN KELLY | EXECUTIVE EMPLOYMENT AND SEVERANCE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | KEVIN TURNBOW | JOA DATED JANUARY 1, 2011 (ARTHAUD 21-29TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | KEY ENERGY SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | KEYSTONE O&G TX LP, | OPERATING AGREEMENT - SUN JENKINS B | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | KEYSTONE PUMP & SUPPLY LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | KGH OPERATING COMPANY | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | KGH OPERATING COMPANY | SEISMIC LICENSE AGREEMENT - EFFECTIVE 05/25/2017 | $0.00 |
| WHITING OIL AND GAS CORPORATION | KIM T PARSON | JOA (PRONGHORN FEDERAL 34-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KIM T PARSON | JOA DATED OCTOBER 1, 2011 (TIFFT 21-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | KING COMPLETIONS LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | KIRK L JOHNSON | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 07/17/2014 | $0.00 |
| WHITING PETROLEUM CORPORATION | KIRKLAND & ELLIS | ENGAGEMENT LETTER | $0.00 |
| WHITING PETROLEUM CORPORATION | KKREP LLC | JOA (FRICK 24-8-1HU) | $0.00 |
| WHITING PETROLEUM CORPORATION | KKREP LLC | JOA DTD 2/1/2019 (MOLINE 31-14-5TFHU) | $0.00 |
| WHITING PETROLEUM CORPORATION | KLEINFELDER | PROPOSAL TO PROVIDE STORMWATER SUPPORT SERVICES | $2,259.94 |
| WHITING OIL AND GAS CORPORATION | KLEINFELDER | PROPOSAL FOR 2019 TEXAS COMPREHENSIVE ENVIRONMENTAL AUDIT FOLLOW-UP PROJECT | $1,827.50 |
| WHITING OIL AND GAS CORPORATION | KLEINFELDER | DOT/PHMSA APPLICABILITY DETERMINATION AGREEMENT | $1,249.50 |
| WHITING PETROLEUM CORPORATION | KLEINFELDER | PROPOSAL FOR ON-CALL AIR SUPPORT | $287.25 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING PETROLEUM CORPORATION | KLEINFELDER | PROPOSAL TO PROVIDE ON-CALL GHG AND NSPS OOOOA/OOOO SUPPORT | $216.00 |
| WHITING PETROLEUM CORPORATION | KLEINFELDER | PROPOSAL TO PREPARE A RECORD RETENTION PROGRAM SUMMARY MATRIX | $208.50 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | KLEINFELDER, INC. | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | KLX ENERGY SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | KML INC | JOA DTD 2/01/11 (KLOSE 151-103-27B-34-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KNAPP OIL | JOA DATED NOVEMBER 1, 2008 (LITTLEFIELD 11-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KNAPP OIL CORP | JOA (BUCKMAN 44-9PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KNAPP OIL CORP | JOA (FRICK 24-8-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KNAPP OIL CORP | JOA (WOLD 16-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KNAPP OIL CORP | JOA DATED AUGUST 1, 2009 (JULIA TTT 34-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KNAPP OIL CORP | JOA DATED AUGUST 1, 2009 (LAHTI 14-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KNAPP OIL CORP | JOA DATED AUGUST 1, 2009 (LAHTI 24-22-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KNAPP OIL CORP | JOA DATED AUGUST 1, 2009 (LAHTI 24-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KNAPP OIL CORP | JOA DATED AUGUST 1, 2009 (LAUKALA 34-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KNAPP OIL CORP | JOA DATED AUGUST 1, 2009 (NIEMI 44-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KNAPP OIL CORP | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD #41-12XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KNAPP OIL CORP | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 14-13-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KNAPP OIL CORP | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 14-13XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KNAPP OIL CORP | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 41-12-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KNAPP OIL CORP | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 41-12-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KNAPP OIL CORP | JOA DATED FEBRUARY 1, 2011 (NESHEIM 11-24XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KNAPP OIL CORP | JOA DATED JANUARY 1, 2010 (RON OLSON 31-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KNAPP OIL CORP | JOA DATED JANUARY 1, 2011 (ARTHAUD 21-29TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KNAPP OIL CORP | JOA DATED JUNE 1, 2012 (WATTS 42-21-1HR) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KNAPP OIL CORP | JOA DATED MAY 1, 2013 (SUNDHEIM 21-27-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KNAPP OIL CORP | JOA DATED NOVEMBER 1, 2008 (LITTLEFIELD 21-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KNAPP OIL CORP | JOA DATED NOVEMBER 1, 2008 (RUDMAN 11-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KNAPP OIL CORP | JOA DATED SEPTEMBER 1, 2010 (LAHTI 31-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KNAPP OIL CORP | JOA DATED SEPTEMBER 1, 2010 (LAHTI 41-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KNAPP OIL CORP | JOA DATED SEPTEMBER 1, 2010 (NIEMITALO #31-15XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KNAPP OIL CORP | JOA DTD 3/01/12 (SOLBERG 44-11PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KNAPP OIL CORP | JOA DTD 3/1/13 (SKOV 31-28-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KNAPP OIL CORP | JOA DTD 7/01/14 (YOUNG 31-1-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KNAPP OIL CORP | JOA DTD 8/1/18 (PERIOT 44-20HU BPO) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KNAPP OIL CORPORATION | JOA DATED MARCH 1, 2011 (DULETSKI 21-16TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KNAPP OIL CORPORATION | JOA FOR PALUCK 21-28TFH | $0.00 |
| WHITING OIL AND GAS CORPORATION | KNAPP OIL CORPORATION | JOINT OPERATING AGREEMENT FOR SOLBERG 34-11PH | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | KNIGHTEN MACHINE & SERVICE INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | KOCH EXPLORATION | GAVIOTA GAS PLANT COMPANY PARTNERSHIP AGREEMENT FOR OWNERSHIP OF FACILITIES | $0.00 |
| WHITING OIL AND GAS CORPORATION | KOOTENAI RESOURCE CORP | JOA DATED APRIL 1, 2009 (HAUGE 41-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KOOTENAI RESOURCE CORP | JOA DATED APRIL 1, 2009 (MURRAY 13-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KOOTENAI RESOURCE CORP | JOA DATED APRIL 1, 2009 (TOLLEFSON 44-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KOOTENAI RESOURCE CORP | JOA DATED APRIL 1, 2009 (VIOLA PENNINGTON 11-3H) | $0.00 |
| WHITING PETROLEUM CORPORATION | KPMG | CONSULTING SERVICES FOR UNCLAIMED PROPERTY | $0.00 |
| WHITING PETROLEUM CORPORATION | KPMG | ENGAGEMENT LETTER | $0.00 |
| WHITING PETROLEUM CORPORATION | KPMG | FEDERAL TAX RETURN TOP-LEVEL REVIEW | $0.00 |
| WHITING PETROLEUM CORPORATION | KPMG | GENERAL TAX CONSULTING | $0.00 |
| WHITING PETROLEUM CORPORATION | KPMG | PROFESSIONAL TAX SERVICES | $0.00 |
| WHITING PETROLEUM CORPORATION | KPMG | PROFESSIONAL TAX SERVICES TO REVIEW THE 1120 TAX RETURN | $0.00 |
| WHITING PETROLEUM CORPORATION | KPMG | TAX RESTRUCTURING CONSULTING | $0.00 |
| WHITING OIL AND GAS CORPORATION | KPMG LLP | TAX SERVICES AGREEMENT - EFFECTIVE 03/05/2020 | $0.00 |
| WHITING OIL AND GAS CORPORATION | KRAKEN OIL & GAS II LLC | JOA DTD 10/01/05 (BERWICK 14B-2-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KRAKEN OIL AND GAS II LLC | HYDRA SALTWATER DISPOSAL AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | KRAKEN OIL AND GAS II LLC | PURCHASE AND SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | KRAKEN OIL AND GAS III LLC | PURCHASE AND SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | KRAKEN OIL AND GAS LLC | PURCHASE AND SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | KRH INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | KRISTEN LEWIS LEATH | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | KRISTINE D GRIGSBY & | JOA DATED APRIL 1, 2008 (CARL KANNIANEN 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KRISTINE D GRIGSBY & | JOA DATED APRIL 1, 2008 (KANNIANEN 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KRISTINE D GRIGSBY & | JOA DATED APRIL 1, 2008 (PATTEN 44-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KRISTINE D GRIGSBY & | JOA DATED APRIL 1, 2008 (ROBERT PATTEN 44-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KRISTINE D GRIGSBY & | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KRISTINE D GRIGSBY & | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KRISTINE D GRIGSBY & | JOA DATED JANUARY 1, 2011 (WALDOCK FEDERAL 14-4-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KRISTINE D GRIGSBY & | JOA DATED JUNE 1, 2008 (RODNEY OLSON FEDERAL 42-8-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KRISTINE D GRIGSBY & | JOA DATED MAY 1, 2010 (LOCKEN 14-9XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KRISTINE D GRIGSBY & | JOA DATED MAY 1, 2010 (LOCKEN 43-8XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KRISTINE D GRIGSBY & | JOA DATED MAY 1, 2010 (RIGEL STATE 11-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | KUDZU OIL PROPERTIES LLC | JOA DTD 5/1/13 (WILDHORSE 06-0634H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | KUNTZ SANDBLASTING & PAINTING | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | KUREHA ENERGY SOLUTIONS LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | L & L OILFIELD SERVICESINC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | L J SCHWARTZ TRUST | JOA (JURGENS 34-12PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | L T CAPITAL LLC | JOA (KESSEL 11-26PH; 21-26PH; 41-26PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LA PETROLEUM INC | JOA DTD 5/1/18 (RENNERFELDT 41-3-5TFHU AND 5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LABRADOR ONE OIL & GAS INC | JOA DTD 8/1/2018 (GILFER 21-15-1TFHU & 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LAGNIAPPE PETROLEUM LLC | JOA (PAVLISH 31-30PH) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | LAKE COMO PROPERTIES | MOSBACHER/ROBINSON/ET AL/TEXAS PACIFIC | $0.00 |
| WHITING OIL AND GAS CORPORATION | LAKE COMO PROPERTIES | MOSBACHER/ROBINSON/TEXAS PACIFIC | $0.00 |
| WHITING OIL AND GAS CORPORATION | LAKE COMO PROPERTIES | MURPHY/ROBINSON/ET AL/TEXAS PACIFIC | $0.00 |
| WHITING OIL AND GAS CORPORATION | LAKE COMO PROPERTIES | MURPHY/ROBINSON/ET AL/TEXAS PACIFIC | $0.00 |
| WHITING OIL AND GAS CORPORATION | LAKE COMO PROPERTIES | MURPHY/ROBINSON/ET AL/TEXAS PACIFIC | $0.00 |
| WHITING OIL AND GAS CORPORATION | LAKE COMO PROPERTIES | SHELL/ROBINSON/ET AL/TEXAS PACIFIC | $0.00 |
| WHITING OIL AND GAS CORPORATION | LAKE COMO PROPERTIES LLC | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | LAKE ENERGY DEVELOPMENT LLC | JOA DATED AUGUST 1, 2009 (JULIA TTT 34-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LAKE ENERGY DEVELOPMENT LLC | JOA DATED AUGUST 1, 2009 (LAHTI 24-22-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LAKE ENERGY DEVELOPMENT LLC | JOA DATED AUGUST 1, 2009 (LAHTI 24-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LAKE ENERGY DEVELOPMENT LLC | JOA DATED AUGUST 1, 2009 (NIEMI 44-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LAKE ENERGY DEVELOPMENT LLC | JOA DATED SEPTEMBER 1, 2010 (NIEMITALO #31-15XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LAKE INVESTMENT & PROD CO LTD | JOA DATED JUNE 1, 2012, (KILEN 21-15-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | LAKE VIEW SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | LAKESHORE TALENT | STAFFING, RECRUITING AND PAYROLLING SERVICES | $0.00 |
| WHITING OIL AND GAS CORPORATION | LANDTECH ENTERPRISES, LLC-356 | SALT WATER DISPOSAL AGREEMENT - EFFECTIVE 10/24/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | LANNIE FLADELAND | SURFACE USE & DAMAGE AGREEMENT - MOUNTRAIL COUNTY, ND - DATED 10/17/2007 | $0.00 |
| WHITING OIL AND GAS CORPORATION | LAO ENERGY | JOA (TALKINGTON 21-30TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LAO ENERGY | JOA DATED NOVEMBER 1, 2010 (LYDIA 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LAO ENERGY LLC | JOA (DIETZ 34-7PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LAO ENERGY LLC | JOA (KESSEL 11-26PH; 21-26PH; 41-26PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LAO ENERGY LLC | JOA (OBRIGEWITCH 11-29PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LAO ENERGY LLC | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LAO ENERGY LLC | JOA DATED 10/1/11 (SOLBERG 34-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LAO ENERGY LLC | JOA DTD 11/01/10 (LYDIA 41-14PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LAO ENERGY LLC | JOA DTD 3/01/12 (SOLBERG 44-11PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LAO ENERGY LLC | JOINT OPERATING AGREEMENT FOR SOLBERG 34-11PH | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARCO RESOURCES | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 11-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARCO RESOURCES LLC | JOA (PRONGHORN FEDERAL 34-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARCO RESOURCES LLC | JOA (TALKINGTON 21-30TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARCO RESOURCES LLC | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARCO RESOURCES LLC | JOA DATED APRIL 1, 2009 (BREHM 12-27-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARCO RESOURCES LLC | JOA DATED APRIL 1, 2009 (BREHM 12-27-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARCO RESOURCES LLC | JOA DATED APRIL 1, 2009 (BREHM 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARCO RESOURCES LLC | JOA DATED APRIL 1, 2009 (BREHM 13-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARCO RESOURCES LLC | JOA DATED APRIL 1, 2009 (HANSEN 44-28-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARCO RESOURCES LLC | JOA DATED APRIL 1, 2009 (HANSEN 44-28-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARCO RESOURCES LLC | JOA DATED APRIL 1, 2009 (HANSEN 44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARCO RESOURCES LLC | JOA DATED APRIL 1, 2009 (HANSEN 44-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARCO RESOURCES LLC | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 12-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARCO RESOURCES LLC | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 13-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARCO RESOURCES LLC | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 21-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARCO RESOURCES LLC | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 21-31TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARCO RESOURCES LLC | JOA DATED JULY 15TH, 2008 (NEWCOMB 12-31TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARCO RESOURCES LLC | JOA DATED NOVEMBER 1, 2010 (DIETZ 21-17TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARCO RESOURCES LLC | JOA DATED NOVEMBER 1, 2010 (ELMER BARTLESON 14-29TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARCO RESOURCES LLC | JOA DATED NOVEMBER 1, 2010 (ELSIE BARTLESON FEDERAL 14-29TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARCO RESOURCES LLC | JOA DATED NOVEMBER 1, 2010 (PETERSON 41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARCO RESOURCES LLC | JOA DATED NOVEMBER 1, 2010 (SMITH #14-29XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARCO RESOURCES LLC | JOA DTD 11/01/10 (LYDIA 41-14PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARCO RESOURCES, LLC | JOA DATED NOVEMBER 1, 2010 (LYDIA 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO O&G | JOA DATED FEBRUARY 1, 2009 (LACEY 11-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO O&G | JOA DATED JULY 15, 2008 (KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO O&G | JOA DATED JUNE 1, 2008 (LACEY 11-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO O&G | JOA DATED JUNE 1, 2008 (NESHEIM 1-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO O&G | JOA DATED JUNE 1, 2008 (RICHARDSON FEDERAL 11-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED APRIL 1, 2009 (ROHDE 41-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED APRIL 1, 2009 (ROHDE 42-1TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED APRIL 1, 2009 (ROHDE 43-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED APRIL 1, 2009 (ROHDE 43-1TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED APRIL 1, 2009 (ROHDE 44-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED APRIL 1, 2009 (SMITH 34-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED APRIL 1, 2009 (SMITH 34-1TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED AUGUST 1, 2009 (ARNDT 11-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED AUGUST 1, 2009 (ARNDT 12-24TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED AUGUST 1, 2009 (BEN TTT 42-30TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED AUGUST 1, 2009 (BILL TTT FEDERAL 42-4TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED AUGUST 1, 2009 (BURL TTT 13-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED AUGUST 1, 2009 (CARKUFF 12-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED AUGUST 1, 2009 (GORDON TTT FEDERAL 41-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED AUGUST 1, 2009 (GUINN TRUST 11-13TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED AUGUST 1, 2009 (HAGEY 11-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED AUGUST 1, 2009 (HAGEY 12-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED AUGUST 1, 2009 (JONES 34-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED AUGUST 1, 2009 (JULIA TTT 34-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED AUGUST 1, 2009 (LAHTI 14-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED AUGUST 1, 2009 (LAHTI 24-22-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED AUGUST 1, 2009 (LAHTI 24-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED AUGUST 1, 2009 (LAUKALA 34-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED AUGUST 1, 2009 (NIEMI 44-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED AUGUST 1, 2009 (TTT RANCH 43-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED AUGUST 1, 2011 (HAGEY 14-13XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED AUGUST 1, 2011 (HATTIE HAGEY 14-13TFX) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED AUGUST 1, 2011 (MARY ELIZABETH 13-13TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED DECEMBER 1, 2011 (CARL KANNIANEN 22-32TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED DECEMBER 1, 2011 (KANNIANEN 22-32TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED DECEMBER 1, 2011 (KANNIANEN 22-32XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED FEBRUARY 1, 2009 (LACEY 12-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED JANUARY 1, 2011 (LILLIAN VIOLA 14-12TFX | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED JANUARY 1, 2011 (TIISTO #14-12XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED JANUARY 1, 2011 (VERNE HAGEY 13-12TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED JANUARY 1, 2011 (WALDOCK FEDERAL 14-4-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED JANUARY 1, 2012 (AMY TTT 42-30XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED JANUARY 1, 2012 (BRADY TTT 42-30XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED JANUARY 1, 2012 (JOY TTT 42-30XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED JANUARY 1, 2012 (THERESA TTT 41-30TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED JULY 15, 2008 (DOUG KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED JULY 15, 2008 (KINNOIN 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED JULY 15, 2008 (KINNOIN 41-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED JULY 24, 2007 (DARYL LOCKEN 21-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED JULY 24, 2007 (MCNAMARA 41-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED JULY 24, 2007 (PAM LOCKEN 21-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED JUNE 1, 2008 (LACEY 12-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED JUNE 1, 2008 (LACEY 12-10TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED JUNE 1, 2008 (LACEY 13-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED JUNE 1, 2008 (NESHEIM 13-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED JUNE 1, 2008 (NESHEIM 21-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED JUNE 1, 2008 (NESHEIM 41-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED JUNE 1, 2008 (OLSON FEDERAL 42-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED JUNE 1, 2008 (RODNEY OLSON FEDERAL 42-8-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED JUNE 1, 2009 (RAMONA TTT 12-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED JUNE 1, 2009 (TTT RANCH 11-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED JUNE 1, 2009 (TTT RANCH 12-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED MAY 1, 2010 (LOCKEN 14-9XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED MAY 1, 2010 (LOCKEN 43-8XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED MAY 1, 2010 (RIGEL STATE 11-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED MAY 1, 2011 (LACEY #14-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED MAY 1, 2011 (LACEY 14-3-2TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED MAY 1, 2011 (LACEY 14-3TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED NOVEMBER 1, 2010 (LACEY #14-1XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED NOVEMBER 1, 2010 (LACEY 11-12TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED NOVEMBER 1, 2010 (LACEY 43-2TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED OCTOBER 1, 2010 (ARNDT #14-5XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED OCTOBER 1, 2010 (ARNDT 13-5TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED OCTOBER 1, 2010 (ARNDT 14-5TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 41-26-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 41-26XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED SEPTEMBER 1, 2010 (LAHTI 31-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED SEPTEMBER 1, 2010 (LAHTI 41-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARIO OIL & GAS CO | JOA DATED SEPTEMBER 1, 2010 (NIEMITALO #31-15XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARRY L BRUBAKER | SURFACE AGREEMENT - JOHNSON COUNTY, WY - DATED 04/01/1996 | $0.00 |
| WHITING OIL AND GAS CORPORATION | LARRY LEONARD FERNANDES | SALT WATER DISPOSAL AGREEMENT - WINKLER COUNTY, TX - DATED 02/21/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | LASHLEY SPRAYING LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | LASSEY MINERALS LLC | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 08/11/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | LAURA SCHULTE | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/16/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | LAURIE MOORHEAD | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 03/01/2018 | $0.00 |
| WHITING PETROLEUM CORPORATION | LAZARD FRERES & CO. LLC | ENGAGEMENT LETTER - EFFECTIVE 03/05/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION | LAZY ROCKIN R RANCH LLP, LYNN RUSSELL, PRESIDENT | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 10/10/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | LBJ INC | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | LDIS LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | LEASEACCELERATOR SERVICES, LLC | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | LEASED VEHICLE FLEET AGREEMENT-8381 | ENTERPRISE AMENDED AND RESETATED MASTER EQUITY LEASE AGREEMENT - EFFECTIVE 10/19/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | LEASED VEHICLE FLEET AGREEMENT-8381 | LEASED VEHICLE AGREEMENT - EFFECTIVE 10/18/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | LEASED VEHICLE FLEET AGREEMENT-8381 | MASTER LEASE AGREEMENT - EFFECTIVE 02/26/2015 | $0.00 |
| WHITING OIL AND GAS CORPORATION | LEE & VIRGINIA BERRY TRUST | JOA (DOLYNIUK 11-25PH; 21-25PH; 41-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LEE & VIRGINIA BERRY TRUST | JOA DTD 03/01/14 (DOLYNIUK 21-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LEE TJELDE | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 05/07/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | LEE TJELDE | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 10/02/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | LEE TJELDE | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 10/09/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | LEGACY RESERVES OPERATING LP | SALT WATER DISPOSAL AGREEMENT - WINKLER COUNTY, TX - DATED 11/04/2013 | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | LEGACY TOOL & RENTAL LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | LEGADO INVESTMENTS LLC | JOA (PERZINSKI FAMILY TRUST 34-19PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | LEGEND ENERGY SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION/ WHITING OIL AND GAS CORPORATION | LEGILITY DATA SOLUTIONS, LLC/ ICONTROLESI | STATEMENT OF WORK - DATED 08/09/2018 | $4,746.63 |
| WHITING OIL AND GAS CORPORATION | LEONA LABONTE | SALT WATER DISPOSAL AGREEMENT - RICHLAND COUNTY, MT - DATED 03/08/1991 | $0.00 |
| WHITING OIL AND GAS CORPORATION | LEROY 2000 LLC | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | LEROY EDWIN JORGENSON | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/14/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | LEROY EIDE | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 03/26/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | LEROY LOOMER | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 09/14/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | LESLIE R & CONNIE L TOFTE | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/17/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | LESLIE R & CONNIE L TOFTE | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 12/02/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | LESLIE R & CONNIE L TOFTE | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 12/13/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | LESTER & CLAUDIA LUEKING J/T | JOA DATED JUNE 1, 2008 (OLSON FEDERAL 42-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LESTER & CLAUDIA LUEKING J/T | JOA DATED MAY 1, 2010 (LOCKEN 14-9XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LET IT FLOW LP | JOA DTD 10/1/2017 (CAVALLI STATE 34-9-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LEVEL 3 COMMUNICATIONS LLC | 10GB BACKUP WAN LINKS (CENTURYLINK) | $5,115.66 |
| WHITING OIL AND GAS CORPORATION | LEWAN & ASSOCIATES  INC | ACTIVE CONSULTING CONTRACTS | $30,945.00 |
| WHITING OIL AND GAS CORPORATION | LEWAN TECHNOLOGY | CONTRACT LABOR PROVIDER | $0.00 |
| WHITING OIL AND GAS CORPORATION | LEWAN TECHNOLOGY (DBA XEROX) | IT SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | LG OIL & GAS LLC | JOA (DIETZ 34-7PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LG OIL & GAS LLC | JOA (DULETSKI FEDERAL 34-11) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LG OIL & GAS LLC | JOA (HAVELKA 14-17PH; 34-17PH; 44-17PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LG OIL & GAS LLC | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 41-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LG OIL & GAS LLC | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 42-16TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LG OIL & GAS LLC | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 44-9TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LG OIL & GAS LLC | JOA DATED OCTOBER 1, 2009 (FLADELAND 41-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LG OIL & GAS LLC | JOA DATED OCTOBER 1, 2009 (FLADELAND 42-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LG OIL & GAS LLC | JOA DATED OCTOBER 1, 2009 (FLADELAND 43-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LG OIL & GAS LLC | JOA DATED OCTOBER 1, 2009 (FLADELAND 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LG OIL & GAS LLC | JOA DATED OCTOBER 1, 2009 (WARDEN 43-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | LGOS LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | LIBERTY LIFT SOLUTIONS LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIBERTY PIPELINE | ASSIGNMENT, ASSUMPTION, RELEASE AND NOVATION AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | LIBERTY PIPELINE COUNTERPARTIES (PART OF LIBERTY AGREEMENT PACKAGE) | WILLISTON CRUDE OIL TRANSPORTATION SERVICES AGREEMENT ("WILLISTON TSA") - DATED 8/12/2019 | $0.00 |
| WHITING PETROLEUM CORPORATION | LIBERTY PIPELINE COUNTERPARTIES (PART OF LIBERTY AGREEMENT PACKAGE) | FINANCIAL ASSURANCE SIDE LETTER - DATED 6/7/2019 | $0.00 |
| WHITING PETROLEUM CORPORATION | LIBERTY PIPELINE COUNTERPARTIES (PART OF LIBERTY AGREEMENT PACKAGE) | GUARANTY AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | LIBERTY PIPELINE COUNTERPARTIES (PART OF LIBERTY AGREEMENT PACKAGE) | REDTAIL CRUDE OIL TRANSPORTATION SERVICES AGREEMENT ("REDTAIL TSA") | $0.00 |
| WHITING PETROLEUM CORPORATION | LIBERTY PIPELINE COUNTERPARTIES (PART OF LIBERTY AGREEMENT PACKAGE) | WILLISTON CRUDE OIL REPLACEMENT TRANSPORTATION SERVICES AGREEMENT ("WILLISTON REPLACEMENT TSA") | $0.00 |
| WHITING PETROLEUM CORPORATION | LIBERTY PIPELINE COUNTERPARTIES (PART OF LIBERTY AGREEMENT PACKAGE) | WILLISTON CRUDE OIL TRANSPORTATION SERVICES AGREEMENT ("WILLISTON TSA") | $0.00 |
| WHITING PETROLEUM CORPORATION | LIBERTY PIPELINE COUNTERPARTIES (PART OF LIBERTY AGREEMENT PACKAGE) | WILLISTON CRUDE OIL TRANSPORTATION SERVICES AGREEMENT ("WILLISTON TSA") - DATED 8/12/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIBERTY PIPELINE LLC | FIRM SALE BAKKEN OIL AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIBERTY PIPELINE LLC | PRECEDENT AGREEMENTS LETTER | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIBERTY PIPELINE LLC | FIRM SALE BAKKEN OIL AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | LIBERTY PIPELINE, BRIDGER PIPELINE, BELLE FOURCHE PIPELINE, BUTTE PIPELINE, RED OAK PIPELINE (COLLECTIVELY "LIBERTY PIPELINE COUNTERPARTIES") (PART OF LIBERTY AGREEMENT PACKAGE) | PRECEDENT AGREEMENTS - DATED 6/7/2019 | $0.00 |
| WHITING RESOURCES CORPORATION | LIBERTY PRODUCTION, LLC | PARTICIPATION AGREEMENT | $0.00 |
| WHITING RESOURCES CORPORATION | LIBERTY RESOURCES LLC | AMENDMENT NO. 1 TO PURCHASE AND SALE AGREEMENT - TRIANGLE | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIBERTY RESOURCES LLC, ATTN ROBERT SCHULZ | SALT WATER DISPOSAL AGREEMENT - MCKENZIE COUNTY, ND - DATED 08/09/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | LIEPKE DRILLING & COMPLETIONS | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIGHT TOWER RENTALS LTD | ENVIRONMENTAL ADDENDUM FOR GENERATOR LEASES | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIGHT TOWER RENTALS LTD-695 | ADDENDUM TO MASTER SERVICES AGREEMENT - EFFECTIVE 10/06/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | LIGNITE OIL COMPANY INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK | JOA DATED APRIL 1, 2008 (KANNIANEN 11-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK | JOA DATED APRIL 1, 2008 (PENNINGTON 11-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK | JOA DATED AUGUST 1, 2008 (REUM 11-32H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK | JOA DATED DECEMBER 1, 2007 (BRAAFLAT 11-11H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK | JOA DATED DECEMBER 8, 2008 (CRAFT 27-34H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK | JOA DATED FEBRUARY 1, 2008 (LITTLEFIELD 11-29H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK | JOA DATED FEBRUARY 1, 2009 (FLADELAND 11-12H) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | LIME ROCK | JOA DATED FEBRUARY 1, 2009 (LACEY 11-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK | JOA DATED JANUARY 15, 2006 (SATTERTHWAITE 14-6) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK | JOA DATED JULY 15, 2008 (KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK | JOA DATED JULY 24, 2007 (LOCKEN 11-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK | JOA DATED JUNE 1, 2008 (LACEY 11-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK | JOA DATED JUNE 1, 2008 (RICHARDSON FEDERAL 11-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK | JOA DATED MARCH 1, 2008 (BEHR 11-34H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK | JOA DATED MAY 1, 2008 (SMITH 11-20H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK | JOA DATED NOVEMBER 1, 2007 (ABBOTT 11-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK | JOA DATED NOVEMBER 1, 2007 (FLADELAND 12-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK | JOA DATED NOVEMBER 15, 2006 (PEERY STATE 11-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK | JOA DATED OCTOBER 1, 2008 (ANDERSON 44-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK | JOA DATED OCTOBER 1, 2008 (MYHRA 28-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK | JOA DATED OCTOBER 1, 2008 (RIGEL STATE 11-16H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK | JOA DATED OCTOBER 1, 2008 (RIGEL STATE 11-16H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK | JOA DATED SEPTEMBER 15, 2007 (MAYNARD URAN TRUST 11-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK III | JOA DATED JUNE 1, 2008 (BARTLESON 11-19H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK III | JOA DATED MARCH 1, 2008 (STENSETH TRUST 11-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK IV | JOA DATED FEBRUARY 1, 2009 (LEE #11-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK IV | JOA DATED FEBRUARY 1, 2009 (TTT RANCH #11-6H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK IV | JOA DATED JANUARY 1, 2009 (BREHM 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK IV | JOA DATED NOVEMBER 1, 2008 (BARTLESON 11-32H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK IV | JOA DATED NOVEMBER 1, 2008 (HANSEN 21-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK IV | JOA DATED OCTOBER 1, 2008 (KNIFE RIVER STATE 11-16H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK IV | JOA DATED OCTOBER 1, 2008 (PETERSON 11-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA - CHAMELEON STATE 31-16HU | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA - PRIVRATSKY 44-21PHU | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA (KESSEL 11-26PH; 21-26PH; 41-26PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA (PRIVRATSKY 11-27PH, 21-27PH AND 41-27PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA (PRIVRATSKY 41-28PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED APRIL 1, 2008 (CARL KANNIANEN 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED APRIL 1, 2008 (KANNIANEN 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED APRIL 1, 2008 (MAYER 12-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED APRIL 1, 2008 (PATTEN 44-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED APRIL 1, 2008 (PENNINGTON 11-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED APRIL 1, 2008 (PENNINGTON 21-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED APRIL 1, 2008 (ROBERT PATTEN 44-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED APRIL 1, 2008 (VANGEN 11-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED APRIL 1, 2009 (BREHM 12-27-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED APRIL 1, 2009 (BREHM 12-27-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED APRIL 1, 2009 (BREHM 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED APRIL 1, 2009 (BREHM 13-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED APRIL 1, 2009 (HANSEN 44-28-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED APRIL 1, 2009 (HANSEN 44-28-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED APRIL 1, 2009 (HANSEN 44-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED APRIL 1, 2009 (LEE 41-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED APRIL 1, 2009 (ROHDE 41-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED APRIL 1, 2009 (ROHDE 42-1TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED APRIL 1, 2009 (ROHDE 43-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED APRIL 1, 2009 (ROHDE 43-1TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED APRIL 1, 2009 (SMITH 34-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED AUGUST 1, 2009 (ARNDT 11-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED AUGUST 1, 2009 (ARNDT 12-24TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED AUGUST 1, 2009 (BEN TTT 42-30TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED AUGUST 1, 2009 (BURL TTT 13-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED AUGUST 1, 2009 (CARKUFF 12-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED AUGUST 1, 2009 (DEAL 43-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED AUGUST 1, 2009 (GORDON TTT FEDERAL 41-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED AUGUST 1, 2009 (GUINN TRUST 11-13TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED AUGUST 1, 2009 (HAGEY 11-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED AUGUST 1, 2009 (HAGEY 12-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED AUGUST 1, 2009 (JONES 11-8-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED AUGUST 1, 2009 (JONES 11-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED AUGUST 1, 2009 (JONES 12-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED AUGUST 1, 2009 (JONES 34-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED AUGUST 1, 2009 (JORGENSEN 11-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED AUGUST 1, 2009 (JORGENSEN 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED AUGUST 1, 2009 (LEONARD JONES 11-8TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED AUGUST 1, 2009 (MAKI 11-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED AUGUST 1, 2009 (PLATT #43-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED AUGUST 1, 2009 (PLATT #44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED AUGUST 1, 2009 (TTT RANCH 43-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 41-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED AUGUST 1, 2011 (HAGEY 14-13XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED AUGUST 1, 2011 (HATTIE HAGEY 14-13TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED AUGUST 1, 2011 (MARY ELIZABETH 13-13TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18-2TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED DECEMBER 1, 2007 (BRAAFLAT 21-11TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED DECEMBER 1, 2007 (CURTIS BRAAFLAT 11-11H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED DECEMBER 1, 2007 (SNYDER 21-11H) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED DECEMBER 1, 2011 (CARL KANNIANEN 22-32TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED DECEMBER 1, 2011 (KANNIANEN 22-32TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED DECEMBER 1, 2011 (KANNIANEN 22-32XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED DECEMBER 1, 2011 (ROGGENBUCK 41-24XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED DECEMBER 1, 2011 (ROGGENBUCK 41-24XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED DECEMBER 1, 2011 (ROGGENBUCK FEDERAL 41-24TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED FEBRUARY 1, 2008 (LEO 12-29H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED FEBRUARY 1, 2008 (LEO 13-29TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED FEBRUARY 1, 2008 (LEO 14-29H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED FEBRUARY 1, 2008 (LITTLEFIELD 12-29TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED FEBRUARY 1, 2009 (BARTLESON 12-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED FEBRUARY 1, 2009 (BARTLESON 12-18TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED FEBRUARY 1, 2009 (BARTLESON 13-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED FEBRUARY 1, 2009 (FLADELAND 11-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED FEBRUARY 1, 2009 (FLADELAND 21-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED FEBRUARY 1, 2009 (FLADELAND 31-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED FEBRUARY 1, 2009 (LACEY 12-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED FEBRUARY 1, 2009 (LIONELD FLADELAND 12-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED FEBRUARY 1, 2009 (SMITH 41-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED FEBRUARY 1, 2009 (URAN 43-17-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED FEBRUARY 1, 2009 (URAN 43-17H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED FEBRUARY 1, 2010 (KLEFSTAD 24-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED FEBRUARY 1, 2010 (MEIERS 34-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED FEBRUARY 1, 2010 (MEIERS 43-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED FEBRUARY 1, 2010 (MEIERS 44-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 14-13-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 14-13XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED FEBRUARY 1, 2011 (NESHEIM 11-24XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JANUARY 1, 2011 (HANSEN #14-20XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JANUARY 1, 2011 (HANSEN 13-20TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JANUARY 1, 2011 (HANSEN 14-20TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JANUARY 1, 2011 (LILLIAN VIOLA 14-12TFX | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JANUARY 1, 2011 (TIISTO #14-12XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JANUARY 1, 2011 (VERNE HAGEY 13-12TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JANUARY 1, 2011 (WALDOCK FEDERAL 14-4-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JANUARY 1, 2012 (AMY TTT 42-30XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JANUARY 1, 2012 (BRADY TTT 42-30XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JANUARY 1, 2012 (JOY TTT 42-30XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JANUARY 1, 2012 (THERESA TTT 41-30TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JANUARY 15, 2006 (ALLISON 14-6H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JANUARY 15, 2006 (BARB W 11-6TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JANUARY 15, 2006 (BENDER 14-6) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JANUARY 15, 2006 (EARL T 11-6TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JANUARY 15, 2006 (JB 11-6TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JULY 1, 2009 (LINDSETH 11-1TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JULY 1, 2009 (LINDSETH 12-1TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JULY 1, 2009 (LINDSETH 21-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JULY 1, 2009 (STROBECK 11-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JULY 1, 2009 (STROBECK 12-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JULY 1, 2010 (HEIPLE 14-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JULY 1, 2010 (OGDEN 13-3TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JULY 1, 2010 (OGDEN 14-3TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JULY 1, 2011 (NESS 41-21-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JULY 1, 2011 (NESS 41-21-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JULY 1, 2011 (NESS 41-21XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JULY 15, 2008 (DOUG KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JULY 15, 2008 (KINNOIN 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JULY 15, 2008 (KINNOIN 41-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JULY 24, 2007 (DARYL LOCKEN 21-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JULY 24, 2007 (MCNAMARA 41-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JULY 24, 2007 (PAM LOCKEN 21-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JUNE 1, 2008 (LACEY 12-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JUNE 1, 2008 (LACEY 12-10TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JUNE 1, 2008 (LACEY 13-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JUNE 1, 2008 (OLSON FEDERAL 42-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JUNE 1, 2008 (RODNEY OLSON FEDERAL 42-8-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JUNE 1, 2009 (CARKUFF 11-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JUNE 1, 2009 (DANITA TTT 21-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JUNE 1, 2009 (LINDSETH 12-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JUNE 1, 2009 (MATT TTT 13-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JUNE 1, 2009 (ODDIE 44-7-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JUNE 1, 2009 (ODDIE 44-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JUNE 1, 2009 (RAMONA TTT 12-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JUNE 1, 2009 (REMINGTON TTT 41-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JUNE 1, 2009 (SAVANNAH TTT 41-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JUNE 1, 2009 (STROBECK 12-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JUNE 1, 2009 (TIISTO 43-7-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JUNE 1, 2009 (TIISTO 43-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JUNE 1, 2009 (TTT RANCH 11-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JUNE 1, 2009 (TTT RANCH 11-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JUNE 1, 2009 (TTT RANCH 12-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED JUNE 1, 2009 (TTT RANCH 21-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED MARCH 1, 2008 (ARNDT FEDERAL 34-35H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED MARCH 1, 2008 (LITTLEFIELD 12-34H) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED MARCH 1, 2008 (LITTLEFIELD FEDERAL 11-34H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED MARCH 1, 2008 (OPPEBOEN 12-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED MARCH 1, 2008 (OPPEBOEN 14-5WH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED MARCH 1, 2008 (OPPEBOEN 21-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED MARCH 1, 2008 (OPPEBOEN 21-5TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED MARCH 1, 2008 (STRAND 11-5TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED MAY 1, 2008 (FLADELAND 12-20TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED MAY 1, 2008 (HANSEN 12-20H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED MAY 1, 2008 (HANSEN 21-20H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED MAY 1, 2008 (HANSEN 21-20TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED MAY 1, 2009 (FLADELAND 11-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED MAY 1, 2009 (KANNIANEN 11-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED MAY 1, 2009 (KANNIANEN 43-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED MAY 1, 2009 (KANNIANEN 43-31TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED MAY 1, 2010 (CARL KANNIANEN 13-7XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED MAY 1, 2010 (LOCKEN 14-9XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED MAY 1, 2010 (LOCKEN 43-8XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED MAY 1, 2010 (MOORE 14-7-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED MAY 1, 2010 (MOORE 14-7X) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED MAY 1, 2010 (RIGEL STATE 11-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED MAY 1, 2011 (BROWN #41-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED MAY 1, 2011 (BROWN 41-28-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED MAY 1, 2011 (BROWN 42-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED MAY 1, 2011 (LACEY #14-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED MAY 1, 2011 (LACEY 14-3-2TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED MAY 1, 2011 (LACEY 14-3TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED NOVEMBER 1, 2007 (FLADELAND 13-18TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED NOVEMBER 1, 2007 (FLADELAND 14-18WH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED NOVEMBER 1, 2007 (MARMON 11-18TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED NOVEMBER 1, 2007 (MARMON 11-18TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED NOVEMBER 1, 2007 (MARMON 12-18TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED NOVEMBER 1, 2009 (CURREN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED NOVEMBER 1, 2009 (CURREN 11-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED NOVEMBER 1, 2009 (CURREN 12-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED NOVEMBER 1, 2009 (MEIERS 11-17H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED NOVEMBER 1, 2009 (MEIERS 12-17H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED NOVEMBER 1, 2009 (MEIERS 44-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED NOVEMBER 1, 2009 (MEIERS 44-18TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED NOVEMBER 1, 2009 (OLSON 11-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED NOVEMBER 1, 2009 (SCOTT MEIERS 12-17TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED NOVEMBER 1, 2010 (ARNEGARD 21-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED NOVEMBER 1, 2010 (ELMER BARTLESON 14-29TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED NOVEMBER 1, 2010 (ELSIE BARTLESON FEDERAL 14-29TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED NOVEMBER 1, 2010 (LACEY #14-1XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED NOVEMBER 1, 2010 (LACEY 11-12TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED NOVEMBER 1, 2010 (LACEY 43-2TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED NOVEMBER 1, 2010 (PETERSON 41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED NOVEMBER 1, 2010 (SMITH #14-29XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED NOVEMBER 1, 2011 (MAKI #41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED NOVEMBER 1, 2011 (MAKI 41-33-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED NOVEMBER 1, 2011 (MAKI 42-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED NOVEMBER 1, 2011 (SATTERTHWAITE 14-7TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED NOVEMBER 1, 2011 (S-BAR 14-7TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED NOVEMBER 1, 2011 (S-BAR 14-7XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED NOVEMBER 1, 2011 (TIISTO #43-7TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED NOVEMBER 1, 2011 (TIISTO #44-7TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED NOVEMBER 1, 2011 (TIISTO #44-7XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED NOVEMBER 1, 2011 (TIISTO 43-7-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED NOVEMBER 1, 2011 (TIISTO 43-7XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED NOVEMBER 15, 2006 (LITTLEFIELD 11-30H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED NOVEMBER 15, 2006 (PEERY STATE 11-25-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED NOVEMBER 15, 2006 (PEERY STATE 12-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED NOVEMBER 15, 2006 (PEERY STATE 21-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED NOVEMBER 15, 2006 (PEERY STATE 21-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED NOVEMBER 15, 2006 (PEERY STATE 22-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED OCTOBER 1, 2008 (CRANE CREEK 14-16H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED OCTOBER 1, 2008 (CRANE CREEK STATE 11-16TFH ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED OCTOBER 1, 2008 (MILLER 41-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED OCTOBER 1, 2008 (MILLER 41-10TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED OCTOBER 1, 2008 (MILLER 43-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED OCTOBER 1, 2008 (MILLER 43-10TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED OCTOBER 1, 2008 (MILLER 44-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED OCTOBER 1, 2008 (MILLER 44-10TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED OCTOBER 1, 2008 (RIGEL STATE 12-16H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED OCTOBER 1, 2009 (CARL KANNIANEN 24-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED OCTOBER 1, 2009 (FLADELAND 11-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED OCTOBER 1, 2009 (FLADELAND 12-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED OCTOBER 1, 2009 (FLADELAND 13-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED OCTOBER 1, 2009 (FLADELAND 41-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED OCTOBER 1, 2009 (FLADELAND 42-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED OCTOBER 1, 2009 (FLADELAND 43-9H) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED OCTOBER 1, 2009 (FLADELAND 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED OCTOBER 1, 2009 (HARTSTROM 24-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED OCTOBER 1, 2009 (IVERSON 44-11-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED OCTOBER 1, 2009 (IVERSON 44-11H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED OCTOBER 1, 2009 (KANNAINEN 43-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED OCTOBER 1, 2009 (KANNIANEN 44-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED OCTOBER 1, 2009 (KERNAN 12-10TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED OCTOBER 1, 2009 (WARDEN 43-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED OCTOBER 1, 2009 (WHITE 43-33TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED OCTOBER 1, 2010 (ARNDT #14-5XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED OCTOBER 1, 2010 (ARNDT 13-5TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED OCTOBER 1, 2010 (ARNDT 14-5TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED OCTOBER 1, 2010 (HOOVER #13-1TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED OCTOBER 1, 2010 (HOOVER #14-1TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED OCTOBER 1, 2010 (HOOVER #14-1XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED OCTOBER 1, 2010 (JONES 11-8-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED OCTOBER 1, 2010 (JONES 11-8XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 41-26-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 41-26XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 11-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 21-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 41-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2009 (CARKUFF 13-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2009 (HEIPLE 11-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2009 (HOLLINGER 11-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2009 (HOLLINGER 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2009 (IVERSON 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2009 (IVERSON 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2009 (IVERSON 31-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2009 (IVERSON 41-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2009 (LAHTI 12-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2009 (MOORE 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2009 (NESS 43-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2009 (NESS 44-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2009 (NESS 44-21TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2009 (OGDEN #11-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2009 (OGDEN 12-3-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2009 (OGDEN 12-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2009 (SANISH BAY 42-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2009 (SANISH BAY 42-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2009 (SATTERTHWAITE 43-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2009 (SATTERTHWAITE 44-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2009 (S-BAR 13-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2009 (S-BAR 21-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2009 (S-BAR 21-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2009 (SPRAGUE 42-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2009 (SPRAGUE 42-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2010 (LAHTI 31-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2010 (LAHTI 41-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2010 (NIEMITALO #31-15XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2010 (OJA #14-27XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2010 (OJA 13-27-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 1, 2010 (OJA 13-27-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 15, 2007 (SMITH 41-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 15, 2007 (URAN 11-24-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 15, 2007 (URAN 12-24TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 15, 2007 (URAN 21-24TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 15, 2007 (URAN FEDERAL 22-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOA DATED SEPTEMBER 15, 2014 (VAN HOOK 132-1319H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOINT OPERATING AGREEMENT - RENBARGER 21-27H | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES III-A LP | JOINT OPERATING AGREEMENT (CHAMELEON STATE 153-97-16-21-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA - PRIVRATSKY 44-21PHU | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA (DOLYNIUK 11-25PH; 21-25PH; 41-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA (KNELS 20-29H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA (KNUTE 24-23H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA (KNUTE FEDERAL 24-23H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA (LAROQUE 34-12H AND 34-12-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA (PRIVRATSKY 11-27PH, 21-27PH AND 41-27PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA (PRIVRATSKY 41-28PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED APRIL 1, 2009 (BREHM 12-27-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED APRIL 1, 2009 (BREHM 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED APRIL 1, 2009 (BREHM 13-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED APRIL 1, 2009 (HANSEN 44-28-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED APRIL 1, 2009 (HANSEN 44-28-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED APRIL 1, 2009 (HANSEN 44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED APRIL 1, 2009 (HANSEN 44-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED APRIL 1, 2009 (HAUGE 41-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED APRIL 1, 2009 (LEE 41-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED APRIL 1, 2009 (MURRAY 13-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED APRIL 1, 2009 (ROHDE 41-1H) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED APRIL 1, 2009 (ROHDE 42-1TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED APRIL 1, 2009 (ROHDE 43-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED APRIL 1, 2009 (ROHDE 43-1TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED APRIL 1, 2009 (ROHDE 44-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED APRIL 1, 2009 (SMITH 34-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED APRIL 1, 2009 (SMITH 34-1TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED APRIL 1, 2009 (TOLLEFSON 44-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED APRIL 1, 2009 (VIOLA PENNINGTON 11-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED AUGUST 1, 2009 (ARNDT 11-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED AUGUST 1, 2009 (ARNDT 12-24TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED AUGUST 1, 2009 (BEN TTT 42-30TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED AUGUST 1, 2009 (BILL TTT FEDERAL 42-4TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED AUGUST 1, 2009 (BURL TTT 13-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED AUGUST 1, 2009 (CARKUFF 12-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED AUGUST 1, 2009 (GORDON TTT FEDERAL 41-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED AUGUST 1, 2009 (GUINN TRUST 11-13TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED AUGUST 1, 2009 (HAGEY 11-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED AUGUST 1, 2009 (HAGEY 12-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED AUGUST 1, 2009 (JONES 11-8-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED AUGUST 1, 2009 (JONES 11-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED AUGUST 1, 2009 (JONES 12-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED AUGUST 1, 2009 (JONES 34-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED AUGUST 1, 2009 (LEONARD JONES 11-8TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED AUGUST 1, 2009 (TTT RANCH 43-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED AUGUST 1, 2011 (HATTIE HAGEY 14-13TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED AUGUST 1, 2011 (MARY ELIZABETH 13-13TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18-2TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED DECEMBER 1, 2011 (CARL KANNIANEN 22-32TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED DECEMBER 1, 2011 (KANNIANEN 22-32TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED DECEMBER 1, 2011 (KANNIANEN 22-32XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED DECEMBER 1, 2011 (ROGGENBUCK 41-24XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED DECEMBER 1, 2011 (ROGGENBUCK 41-24XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED DECEMBER 1, 2011 (ROGGENBUCK FEDERAL 41-24TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED FEBRUARY 1, 2009 (BARTLESON 12-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED FEBRUARY 1, 2009 (BARTLESON 12-18TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED FEBRUARY 1, 2009 (BARTLESON 13-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED FEBRUARY 1, 2009 (ELLA FLADELAND 12-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED FEBRUARY 1, 2009 (ESTVOLD 41-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED FEBRUARY 1, 2009 (ESTVOLD 42-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED FEBRUARY 1, 2009 (ESTVOLD 44-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED FEBRUARY 1, 2009 (FLADELAND 11-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED FEBRUARY 1, 2009 (FLADELAND 21-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED FEBRUARY 1, 2009 (FLADELAND 31-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED FEBRUARY 1, 2009 (LACEY 12-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED FEBRUARY 1, 2009 (LEE FEDERAL 12-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED FEBRUARY 1, 2009 (LIONELD FLADELAND 12-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED FEBRUARY 1, 2009 (SATTERTHWAITE 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED FEBRUARY 1, 2009 (SATTERTHWAITE 13-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED FEBRUARY 1, 2009 (S-BAR 11-7-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED FEBRUARY 1, 2009 (S-BAR 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED FEBRUARY 1, 2009 (S-BAR 11-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED FEBRUARY 1, 2009 (SMITH 41-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED FEBRUARY 1, 2009 (SMITH 44-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED FEBRUARY 1, 2009 (STERLING TTT 21-6H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED FEBRUARY 1, 2009 (TROY TTT 12-6TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED FEBRUARY 1, 2009 (TTT RANCH #12-6H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED FEBRUARY 1, 2009 (TTT RANCH #4-6TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED FEBRUARY 1, 2009 (URAN 43-17-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED FEBRUARY 1, 2009 (URAN 43-17H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED JANUARY 1, 2009 (BREHM 12-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED JANUARY 1, 2009 (BREHM 12-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED JANUARY 1, 2009 (BREHM 13-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED JANUARY 1, 2009 (BREHM 13-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED JANUARY 1, 2011 (LILLIAN VIOLA 14-12TFX | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED JANUARY 1, 2011 (TIISTO #14-12XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED JANUARY 1, 2011 (VERNE HAGEY 13-12TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED JANUARY 1, 2012 (AMY TTT 42-30XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED JANUARY 1, 2012 (BRADY TTT 42-30XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED JANUARY 1, 2012 (THERESA TTT 41-30TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED JULY 1, 2009 (LINDSETH 11-1TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED JULY 1, 2009 (LINDSETH 12-1TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED JULY 1, 2009 (LINDSETH 21-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED JULY 1, 2009 (STROBECK 11-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED JULY 1, 2009 (STROBECK 12-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 12-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 13-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 21-31H) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 21-31TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED JULY 15TH, 2008 (NEWCOMB 12-31TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED JUNE 1, 2009 (BRITTANY TTT 13-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED JUNE 1, 2009 (CARKUFF 11-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED JUNE 1, 2009 (DANITA TTT 21-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED JUNE 1, 2009 (LINDSETH 12-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED JUNE 1, 2009 (MATT TTT 13-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED JUNE 1, 2009 (ODDIE 44-7-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED JUNE 1, 2009 (ODDIE 44-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED JUNE 1, 2009 (RAMONA TTT 12-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED JUNE 1, 2009 (SAVANNAH TTT 41-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED JUNE 1, 2009 (STROBECK 12-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED JUNE 1, 2009 (TIISTO 43-7-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED JUNE 1, 2009 (TIISTO 43-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED JUNE 1, 2009 (TTT RANCH 11-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED JUNE 1, 2009 (TTT RANCH 11-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED JUNE 1, 2009 (TTT RANCH 12-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED JUNE 1, 2009 (TTT RANCH 21-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED JUNE 1, 2010 (ROHDE #14-6XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED JUNE 1, 2010 (ROHDE 13-6TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED JUNE 1, 2010 (ROHDE FEDERAL 14-6TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED MARCH 1, 2011 (BREHM #41-35XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED MARCH 1, 2011 (BREHM 42-35-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED MARCH 1, 2011 (BREHM 42-35-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED MAY 1, 2009 (FLADELAND 11-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED MAY 1, 2009 (KANNIANEN 11-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED MAY 1, 2009 (KANNIANEN 43-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED MAY 1, 2009 (KANNIANEN 43-31TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED MAY 1, 2010 (LOCKEN 14-9XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED MAY 1, 2010 (LOCKEN 43-8XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED MAY 1, 2010 (RIGEL STATE 11-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED NOVEMBER 1, 2008 (BARTLESON 21-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED NOVEMBER 1, 2008 (HANSEN 21-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED NOVEMBER 1, 2008 (HANSEN 21-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED NOVEMBER 1, 2008 (KNIFE RIVER STATE FEDERAL 12-32TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED NOVEMBER 1, 2008 (KNIFE RIVER STATE FEDERAL 13-32H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED NOVEMBER 1, 2008 (KNIFE RIVER STATE FEDERAL 13-32TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED NOVEMBER 1, 2008 (NESS 21-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED NOVEMBER 1, 2008 (NESS 21-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED NOVEMBER 1, 2008 (NESS 21-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED NOVEMBER 1, 2008 (STATE 12-32H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED NOVEMBER 1, 2009 (CURREN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED NOVEMBER 1, 2009 (CURREN 11-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED NOVEMBER 1, 2009 (CURREN 12-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED NOVEMBER 1, 2009 (HOLMBERG 44-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED NOVEMBER 1, 2009 (HOLMBERG 44-24TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED NOVEMBER 1, 2009 (OLSON 11-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED NOVEMBER 1, 2009 (ROGGENBUCK 34-24-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED NOVEMBER 1, 2009 (ROGGENBUCK 34-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED NOVEMBER 1, 2009 (ROGGENBUCK 34-24TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED NOVEMBER 1, 2009 (ROGGENBUCK 43-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED NOVEMBER 1, 2010 (ELMER BARTLESON 14-29TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED NOVEMBER 1, 2010 (LACEY #14-1XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED NOVEMBER 1, 2010 (LACEY 11-12TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED NOVEMBER 1, 2010 (LACEY 43-2TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED NOVEMBER 1, 2010 (PETERSON 41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED NOVEMBER 1, 2010 (SMITH #14-29XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED NOVEMBER 1, 2011 (SATTERTHWAITE 14-7TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED NOVEMBER 1, 2011 (S-BAR 14-7TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED NOVEMBER 1, 2011 (S-BAR 14-7XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED NOVEMBER 1, 2011 (TIISTO #43-7TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED NOVEMBER 1, 2011 (TIISTO #44-7TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED NOVEMBER 1, 2011 (TIISTO #44-7XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED NOVEMBER 1, 2011 (TIISTO 43-7-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED NOVEMBER 1, 2011 (TIISTO 43-7XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED OCTOBER 1, 2008 (BREHM 11-4-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED OCTOBER 1, 2008 (BREHM 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED OCTOBER 1, 2008 (CRANE CREEK 14-16H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED OCTOBER 1, 2008 (CRANE CREEK STATE 11-16TFH ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED OCTOBER 1, 2008 (FOREMAN 11-4TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED OCTOBER 1, 2008 (FOREMAN 21-4TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED OCTOBER 1, 2008 (KNIFE RIVER STATE 21-16H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED OCTOBER 1, 2008 (KNIFE RIVER STATE 21-16TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED OCTOBER 1, 2008 (KNIFE RIVER STATE 41-16TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED OCTOBER 1, 2008 (KR STATE 11-16TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED OCTOBER 1, 2008 (KR STATE 41-16H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED OCTOBER 1, 2008 (MILLER 41-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED OCTOBER 1, 2008 (MILLER 41-10TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED OCTOBER 1, 2008 (MILLER 43-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED OCTOBER 1, 2008 (MILLER 43-10TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED OCTOBER 1, 2008 (MILLER 44-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED OCTOBER 1, 2008 (MILLER 44-10TFH) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED OCTOBER 1, 2008 (PENNINGTON 41-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED OCTOBER 1, 2008 (PENNINGTON FEDERAL 41-4TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED OCTOBER 1, 2008 (RIGEL STATE 12-16H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED OCTOBER 1, 2010 (ARNDT #14-5XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED OCTOBER 1, 2010 (ARNDT 13-5TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED OCTOBER 1, 2010 (ARNDT 14-5TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED OCTOBER 1, 2010 (BARLOW #14-6XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED OCTOBER 1, 2010 (HOOVER #13-1TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED OCTOBER 1, 2010 (HOOVER #14-1TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED OCTOBER 1, 2010 (HOOVER #14-1XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED OCTOBER 1, 2010 (JONES 11-8-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED OCTOBER 1, 2010 (JONES 11-8XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED OCTOBER 1, 2010 (STUBSTAD 13-6TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED SEPTEMBER 1, 2009 (SANISH BAY 42-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED SEPTEMBER 1, 2009 (SANISH BAY 42-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED SEPTEMBER 1, 2009 (SATTERTHWAITE 43-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED SEPTEMBER 1, 2009 (SATTERTHWAITE 44-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED SEPTEMBER 1, 2009 (S-BAR 12-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED SEPTEMBER 1, 2009 (S-BAR 13-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED SEPTEMBER 1, 2009 (S-BAR 13-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED SEPTEMBER 1, 2009 (S-BAR 21-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED SEPTEMBER 1, 2009 (S-BAR 21-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED SEPTEMBER 1, 2009 (SPRAGUE 42-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED SEPTEMBER 1, 2009 (SPRAGUE 42-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DATED SEPTEMBER 15, 2014 (VAN HOOK 132-1319H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LIME ROCK RESOURCES IV-A LP | JOA DTD 03/01/14 (DOLYNIUK 21-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LINDA SUE SHAWCROSS | SURFACE AGREEMENT - WELD COUNTY, CO - DATED 01/01/2002 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | LINDE ENERGY SERVICES INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | LINKEDIN | CAREER PAGE, RECRUITING ACCOUNT, JOB SLOTS | $0.00 |
| WHITING PETROLEUM CORPORATION | LINKEDIN | TALENT INSIGHTS | $0.00 |
| WHITING PETROLEUM CORPORATION | LINKEDIN CORPORATION | IT TRAINING AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | LINKEDIN CORPORATION | SOFTWARE SUBSCRIPTION - EFFECTIVE 02/10/2020 | $0.00 |
| WHITING OIL AND GAS CORPORATION | LINKEDIN CORPORATION | SOFTWARE SUBSCRIPTION - EFFECTIVE 02/12/2020 | $0.00 |
| WHITING OIL AND GAS CORPORATION | LINKSLAND OPERATING, LLC | JOA (TARPON FEDERAL 44-19-2RH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LINN ENERGY | JOA DATED JANUARY 15, 2006 (SATTERTHWAITE 14-6) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LION OIL TRADING AND TRANSPORTATION | NON-CORE TRUCKED OIL SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | LISA B MOORE DECARLO | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 41-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LISA B MOORE DECARLO | JOA DATED OCTOBER 1, 2009 (FLADELAND 42-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LISA B MOORE DECARLO | JOA DATED OCTOBER 1, 2009 (FLADELAND 43-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LISA B MOORE DECARLO | JOA DATED OCTOBER 1, 2009 (FLADELAND 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LISA B MOORE DECARLO | JOA DATED OCTOBER 1, 2009 (WARDEN 43-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LISLE GRAVITY INC. | MASTER DATA-USE LICENSE | $0.00 |
| WHITING OIL AND GAS CORPORATION | LISLE GRAVITY INC. | SUPPLEMENTAL DATA AGREEMENT NO. 1 - EFFECTIVE 08/07/2006 | $0.00 |
| WHITING OIL AND GAS CORPORATION | LISLE GRAVITY INC. | SUPPLEMENTAL DATA AGREEMENT NO. 2 - EFFECTIVE 08/07/2006 | $0.00 |
| WHITING OIL AND GAS CORPORATION | LISLE GRAVITY INC. | SUPPLEMENTAL DATA AGREEMENT NO. 3 - EFFECTIVE 08/07/2006 | $0.00 |
| WHITING OIL AND GAS CORPORATION | LISLE GRAVITY INC. | SUPPLEMENTAL DATA AGREEMENT NO. 4 - EFFECTIVE 08/07/2006 | $0.00 |
| WHITING OIL AND GAS CORPORATION | LITTLE MISSOURI RESOURCES LLC | JOA (DOLYNIUK 11-25PH; 21-25PH; 41-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LITTLE MISSOURI RESOURCES LLC | JOA DTD 03/01/14 (DOLYNIUK 21-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LLEWELLYN HOLLAND | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 09/10/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | LLEWELLYN HOLLAND | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 10/19/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | LLEWELLYN HOLLAND | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 10/19/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | LLOYD'S REGISTER | IT SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | LLOYD'S REGISTER | SOFTWARE LICENSE AGREEMENT - EFFECTIVE 12/27/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | LMBI O&G TX LP, SRBI O&G TX LP, THRU LINE O&G TX LP | OPERATING AGREEMENT - SUN JENKINS B | $0.00 |
| WHITING OIL AND GAS CORPORATION | LMC ENERGY LLC | JOA (PAVLISH 31-30PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LMC ENERGY LLC | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LMC ENERGY LLC | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LMC ENERGY LLC | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LMC ENERGY LLC | JOA DTD 7/1/2017 (VANCE 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LMK RESOURCES INC. | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | LMWB INVESTMENTS LLC | JOA (WOLD 16-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LMWB INVESTMENTS LLC | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | LOBO SERVICES | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | LOCHEND ENERGY SERVICES INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | LOCKEN OILFIELD SERVICE | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | LOENBRO INSTRUMENTATION | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | LOGAN RESOURCES LLC | JOA (WOLD 16-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LOGAN RESOURCES LLC | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | LO-GEAR LLC | MASTER SERVICES AGREEMENT | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING PETROLEUM CORPORATION | LOGMEIN USA, INC. | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | LONE STAR INSTRUMENTATION & | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | LONE TREE SERVICES, LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | LONQUIST FAMILY TRUST | JOA DATED 12/1/11 (JOHNSON 34-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LONQUIST FAMILY TRUST | JOA DATED MARCH 1, 2012 (CHERRY STATE 21-16H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LOREN G IVERSON ESTATE | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/16/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | LOREN YOUNG | SALT WATER DISPOSAL AGREEMENT - RICHLAND COUNTY, MT - DATED 05/15/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | LORENZO BEAN | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 11/05/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION | LOTI LLC | JOA DATED MARCH 1, 2012 (CHERRY STATE 21-16H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LOTI LLC | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LOTI LLC | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LOUISE BEAN FUDGE | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 11/08/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION | LOUMARV LLC | JOA DATED JUNE 1, 2010 (ROHDE #14-6XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LOUMARV LLC | JOA DATED JUNE 1, 2010 (ROHDE 13-6TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LOUMARV LLC | JOA DATED JUNE 1, 2010 (ROHDE FEDERAL 14-6TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LOUMARV LLC | JOA DATED MAY 1, 2008 (MERILYN SMITH 12-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LOUMARV LLC | JOA DATED MAY 1, 2008 (SMITH 12-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LOUMARV LLC | JOA DATED MAY 1, 2010 (CARL KANNIANEN 13-7XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LOUMARV LLC | JOA DATED MAY 1, 2010 (MOORE 14-7-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LOUMARV LLC | JOA DATED MAY 1, 2010 (MOORE 14-7X) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LOWELL C & ARLANA D MOSBY JT | JOA (ROVELSTAD 21-13HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LS HYDROCARBYL LLC | JOA (THURLOW WILLIAMS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY | JOA DATED APRIL 1, 2008 (KANNIANEN 11-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY | JOA DATED DECEMBER 1, 2007 (BRAAFLAT 11-11H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY | JOA DATED JUNE 1, 2008 (RICHARDSON FEDERAL 11-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY INC | JOA - OBRIGEWITCH 41-29PHU | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY INC | JOA (DOLYNIUK 11-25PH; 21-25PH; 41-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY INC | JOA (TALKINGTON FEDERAL 21-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY INC | JOA (TOMCHUK 21-30PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY INC | JOA DATED 9/1/10 (HECKER 21-18) (MASTEL 41-18) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY INC | JOA DATED APRIL 1, 2008 (CARL KANNIANEN 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY INC | JOA DATED APRIL 1, 2008 (KANNIANEN 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY INC | JOA DATED APRIL 1, 2008 (PATTEN 44-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY INC | JOA DATED APRIL 1, 2008 (ROBERT PATTEN 44-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY INC | JOA DATED DECEMBER 1, 2007 (BRAAFLAT 21-11TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY INC | JOA DATED DECEMBER 1, 2007 (CURTIS BRAAFLAT 11-11H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY INC | JOA DATED DECEMBER 1, 2007 (SNYDER 21-11H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY INC | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 14-13-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY INC | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 14-13XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY INC | JOA DATED FEBRUARY 1, 2011 (NESHEIM 11-24XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY INC | JOA DATED JANUARY 1, 2011 (ARTHAUD 21-29TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY INC | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY INC | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY INC | JOA DATED JANUARY 1, 2011 (WALDOCK FEDERAL 14-4-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY INC | JOA DATED JANUARY 1, 2013 (P EVITT 154-98-13-12-2-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY INC | JOA DATED JUNE 1, 2008 (OLSON FEDERAL 42-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY INC | JOA DATED JUNE 1, 2008 (RODNEY OLSON FEDERAL 42-8-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY INC | JOA DATED JUNE 1, 2012 (WATTS 42-21-1HR) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY INC | JOA DATED MAY 1, 2010 (LOCKEN 14-9XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY INC | JOA DATED MAY 1, 2010 (LOCKEN 43-8XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY INC | JOA DATED MAY 1, 2010 (RIGEL STATE 11-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY INC | JOA DATED OCTOBER 1, 2011 (TIFFT 21-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY INC | JOA DATED OCTOBER 1, 2011, (BARTER 21-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY INC | JOA DTD 03/01/14 (DOLYNIUK 21-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY INC | JOA DTD 10/1/11 (BARTER 21-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY INC | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY INC | JOA DTD 3/01/12 (SOLBERG 44-11PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY INC | JOA DTD 3/1/13 (SKOV 31-28-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY INC | JOA DTD 7/1/2017 (VANCE 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY INC | JOA DTD 9/01/10 (MASTEL 41-18TFH UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY, INC | JOA DATED FEBRUARY 1, 2012 (FROEHLICH 21-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY, INC | JOA DATED MARCH 1, 2011 (DULETSKI 21-16TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY, INC | JOA DATED MAY 1, 2011 (PRONGHORN ST FEDERAL 21-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LSM ENERGY, INC | JOA FOR PALUCK 21-28TFH | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | LTR INSULATION SERVICE LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | LUANN RIMA | SURFACE USE & DAMAGE AGREEMENT - MOUNTRAIL COUNTY, ND - DATED 02/18/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | LUBRIZOL SPECIALTY PRODUCTS | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | LUBRIZOL SPECIALTY PRODUCTS INC (LSPI)-5095 | FIRST AMENDMENT TO SALES AGREEMENT - EFFECTIVE 03/01/2017 | $0.00 |
| WHITING OIL AND GAS CORPORATION | LUELLA A CARSCALLEN LIFE ESTATE | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 03/12/2015 | $0.00 |
| WHITING PETROLEUM CORPORATION | LUFKIN INDUSTRIES, LLC (PART OF BAKER HUGHES, A GE COMPANY) | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | LUKENBILL FAMILY PARTNERSHIP | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 06/21/2016 | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | LUND OIL INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | LURA DELL BEAN | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 11/08/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION | LYLE G HELLER | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LYNDA H COULTER | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING PETROLEUM CORPORATION | LYNE ANDRICH | INDEMNIFICATION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | LYNX OIL COMPANY | JOA (WAHLSTROM 3-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LYNX OIL COMPANY | JOA DTD 2/1/2019 (MOLINE 31-14-5TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | LYNX OIL COMPANY | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | M & C ENERGY LLC | JOA (OBRIGEWITCH 11-29PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | M & C ENERGY LLC | JOA (PRONGHORN FEDERAL 34-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | M & C ENERGY LLC | JOA (TALKINGTON 21-30TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | M & C ENERGY LLC | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | M & C ENERGY LLC | JOA DATED JANUARY 1, 2011 (ARTHAUD 21-29TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | M & C ENERGY LLC | JOA DATED NOVEMBER 1, 2010 (DIETZ 21-17TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | M & C ENERGY LLC | JOA DTD 11/01/10 (LYDIA 41-14PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | M & C ENERGY, LLC | JOA (HAVELKA 14-17PH; 34-17PH; 44-17PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | M & C ENERGY, LLC | JOA (JURGENS 34-12PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | M & C ENERGY, LLC | JOA (TALKINGTON FED 11-27PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | M & E TRUCKING LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | M & J SERVICE INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | M & M ENERGY INC | JOA (FRICK 24-8-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | M & M ENERGY INC | JOA (WOLD 16-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | M & M ENERGY INC | JOA DTD 3/1/13 (SKOV 31-28-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | M & M GEODIGITAL SERVICES INC | LICENSE TO USE DATA AGREEMENT - EFFECTIVE 01/24/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | M & W MINERAL BROKERS LLC | JOA (OBRIGEWITCH 11-29PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | M & W MINERAL BROKERS LLC | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | M CODE LLC | JOA (KESSEL 11-26PH; 21-26PH; 41-26PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | M DENNIS BRUSH | JOA - REPLACEMENT (KUBAS 11-13TFH, KUBAS 34-12PH, KUBAS 12-13PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | M E GREER | JOA DATED FEBRUARY 1, 2009 (LACEY 11-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | M E GREER | JOA DATED FEBRUARY 1, 2011 (NESHEIM 11-24XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | M E GREER | JOA DATED NOVEMBER 1, 2008 (LITTLEFIELD 21-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | M I ASHBY | JOA DATED FEBRUARY 1, 2009 (LACEY 11-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | M I ASHBY | JOA DATED FEBRUARY 1, 2011 (NESHEIM 11-24XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | M I ASHBY | JOA DATED NOVEMBER 1, 2008 (LITTLEFIELD 21-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | M I ASHBY M E GREER | JOA DATED NOVEMBER 1, 2008 (LITTLEFIELD 11-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | M&C ENERGY LLC | JOA (TALKINGTON FEDERAL 21-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | M&C ENERGY, LLC | JOA DATED NOVEMBER 1, 2010 (LYDIA 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | M&G RENTAL TOOLS COMPANY | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | M&H ENTERPRISES INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | M&M ENERGY, INC. | JOA WILDROSE 159-98-14-12-1-3H3 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE O&G | JOA DATED FEBRUARY 1, 2008 (LITTLEFIELD 11-29H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE O&G | JOA DATED JULY 15, 2008 (KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS | JOA DATED OCTOBER 1, 2008 (RIGEL STATE 11-16H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED AUGUST 1, 2009 (BILL TTT FEDERAL 42-4TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED AUGUST 1, 2009 (BURL TTT 13-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED AUGUST 1, 2009 (DEAL 43-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED AUGUST 1, 2009 (GORDON TTT FEDERAL 41-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED AUGUST 1, 2009 (JONES 34-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED AUGUST 1, 2009 (LAHTI 14-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED AUGUST 1, 2009 (LAHTI 24-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED AUGUST 1, 2009 (LAUKALA 34-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED AUGUST 1, 2009 (NIEMI 44-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED AUGUST 1, 2009 (PLATT #43-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED AUGUST 1, 2009 (PLATT #44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED AUGUST 1, 2009 (TTT RANCH 43-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED FEBRUARY 1, 2008 (LEO 12-29H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED FEBRUARY 1, 2008 (LEO 13-29TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED FEBRUARY 1, 2008 (LEO 14-29H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED FEBRUARY 1, 2008 (LITTLEFIELD 12-29TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED JANUARY 1, 2011 (HANSEN #14-20XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED JANUARY 1, 2011 (HANSEN 13-20TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED JANUARY 1, 2011 (HANSEN 14-20TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED JULY 1, 2011 (NESS 41-21-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED JULY 1, 2011 (NESS 41-21-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED JULY 1, 2011 (NESS 41-21XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED JULY 15, 2008 (DOUG KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED JULY 15, 2008 (KINNOIN 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED JULY 15, 2008 (KINNOIN 41-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED MAY 1, 2010 (LOCKEN 14-9XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED MAY 1, 2010 (LOCKEN 43-8XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED MAY 1, 2010 (RIGEL STATE 11-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED MAY 1, 2011 (BROWN #41-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED MAY 1, 2011 (BROWN 41-28-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED MAY 1, 2011 (BROWN 42-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED NOVEMBER 1, 2011 (MAKI #41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED NOVEMBER 1, 2011 (MAKI 41-33-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED NOVEMBER 1, 2011 (MAKI 42-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED OCTOBER 1, 2008 (CRANE CREEK 14-16H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED OCTOBER 1, 2008 (CRANE CREEK STATE 11-16TFH ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED OCTOBER 1, 2008 (RIGEL STATE 12-16H ) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED OCTOBER 1, 2010 (ARNDT #14-5XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED OCTOBER 1, 2010 (ARNDT 13-5TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED OCTOBER 1, 2010 (ARNDT 14-5TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED SEPTEMBER 1, 2009 (LAHTI 12-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED SEPTEMBER 1, 2009 (NESS 43-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED SEPTEMBER 1, 2009 (NESS 44-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED SEPTEMBER 1, 2009 (NESS 44-21TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED SEPTEMBER 1, 2010 (LAHTI 31-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED SEPTEMBER 1, 2010 (LAHTI 41-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DATED SEPTEMBER 1, 2010 (NIEMITALO #31-15XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL & GAS LLC | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MACFEE OIL AND GAS LLC | JOA DTD 2/01/11 (KLOSE 151-103-27B-34-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MAGIC DOG OIL & GAS LTD | JOA (BINSTOCK 21-30TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MAGIC MERLIN ENERGY INVESTMENT | JOA (KESSEL 11-26PH; 21-26PH; 41-26PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MAGIC MERLIN ENERGY INVESTMENTS, LLC | JOA-AMES 15-32-1H (9ND222809) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | MAGNA IV ENGINEERING INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | MAGNUM OIL TOOLS INTL LTD | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MAGUIRE OIL COMPANY | JOA DATED JULY 1, 2012 (KITTLESON FEDERAL 34-23-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MAGUIRE OIL COMPANY | JOA DATED SEPTEMBER 1, 2012 (KITTLESON FEDERAL 24-24-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MAGUIRE OIL COMPANY | JOA DTD 3/01/14 (IVERSON 34-32-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MAINSTREAM INVESTORS LLC | JOA - REPLACEMENT (KUBAS 11-13TFH, KUBAS 34-12PH, KUBAS 12-13PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MAINSTREAM INVESTORS LLC | JOA (LOOMER 44-33TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MAISON BLANCHE (MB) SEISMIC LLC | MASTER LICENSE AGREEMENT FOR SEISMIC DATA AND ALL ASSOCIATED SUPPLEMENTS | $0.00 |
| WHITING OIL AND GAS CORPORATION | MAPR | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARATHON OIL | JOA DATED JUNE 1, 2008 (BARTLESON 11-19H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARATHON OIL | JOA DATED OCTOBER 1, 2008 (KNIFE RIVER STATE 11-16H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARATHON OIL COMPANY | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18-2TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARATHON OIL COMPANY | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARATHON OIL COMPANY | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARATHON OIL COMPANY | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARATHON OIL COMPANY | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARATHON OIL COMPANY | JOA DATED JUNE 1, 2008 (ANNA BARTLESON 44-20-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARATHON OIL COMPANY | JOA DATED JUNE 1, 2008 (BARTLESON 11-19-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARATHON OIL COMPANY | JOA DATED JUNE 1, 2008 (BARTLESON 44-20H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARATHON OIL COMPANY | JOA DATED JUNE 1, 2008 (DISHMAN 13-19-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARATHON OIL COMPANY | JOA DATED JUNE 1, 2008 (DISHMAN 13-19H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARATHON OIL COMPANY | JOA DATED JUNE 1, 2008 (DISHMAN 13-19TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARATHON OIL COMPANY | JOA DATED JUNE 1, 2008 (URAN 12-19TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARATHON OIL COMPANY | JOA DATED OCTOBER 1, 2008 (KNIFE RIVER STATE 21-16H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARATHON OIL COMPANY | JOA DATED OCTOBER 1, 2008 (KNIFE RIVER STATE 21-16TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARATHON OIL COMPANY | JOA DATED OCTOBER 1, 2008 (KNIFE RIVER STATE 41-16TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARATHON OIL COMPANY | JOA DATED OCTOBER 1, 2008 (KR STATE 11-16TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARATHON OIL COMPANY | JOA DATED OCTOBER 1, 2008 (KR STATE 41-16H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARCIN PRODUCTION LLC | JOA (GOOD SHEPHARD HOME 150-101-15B-22-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARCIN PRODUCTION LLC | JOA (HAVELKA 21-15PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARCIN PRODUCTION LLC | JOA (OBRIGEWITCH 11-29PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARCIN PRODUCTION LLC | JOA (OBRIGEWITCH 11-29PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARCIN PRODUCTION LLC | JOA (RIDL 34-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARCIN PRODUCTION LLC | JOA DATED 12/1/11 (JOHNSON 34-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARCIN PRODUCTION LLC | JOA DATED 12/1/11 (OBRIGEWITCH 21-16TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARCIN PRODUCTION LLC | JOA DATED MARCH 1, 2011 (MARSH 21-16TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARCIN PRODUCTION LLC | JOA DTD 1/01/12 (OBRIGEWITCH 41-16PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARCIN PRODUCTION LLC | JOA DTD 10/1/2017 (CAVALLI STATE 34-9-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARCIN PRODUCTION LLC | JOA DTD 2/01/11 (KLOSE 151-103-27B-34-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARCIN PRODUCTION LLC | JOA DTD 2/1/17 (IRGENS 41-17-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARCIN PRODUCTION LLC | JOA DTD 3/1/13 (SKOV 31-28-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARCIN PRODUCTION LLC | JOA DTD 5/1/17 (NELSON 14-8-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARCIN PRODUCTION LLC | JOA DTD 5/1/2017 (JACKMAN 44-10 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARCIN PRODUCTION, LLC | JOA-WILDROSE 159-97-13-8-20-13H3 (9ND222813) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARCO TECHNOLOGIES LLC | MARCO PRINTERS - SERIAL #CN78S5H036 & #CN84T0K00X | $608.15 |
| WHITING OIL AND GAS CORPORATION | MARCO TECHNOLOGIES LLC | IT PRINTER/COPIER AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARCO TECHNOLOGIES LLC | IT PRINTER/COPIER AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARIA AXTMAN | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/16/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARIAN AHO | JOA DATED AUGUST 1, 2009 (LAHTI 24-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARIAN AHO | JOA DATED SEPTEMBER 1, 2010 (NIEMITALO #31-15XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARIE B NUGENT, COLLEEN HOLLY P CALLIA AIF | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 04/05/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARK ELLIS AND SHELLEY ELLIS | JOA DTD 3/1/18 (EARL 14-34-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARK ELLIS AND SHELLEY ELLIS | JOA DTD 8/1/2018 (GILFER 21-15-1TFHU & 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARK ELLIS AND SHELLEY ELLIS | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 07/24/2017 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARK ELLIS AND SHELLEY ELLIS | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 06/26/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARK G ELLIS | JOA DTD 5/1/18 (RENNERFELDT 41-3-5TFHU AND 5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARK J HAUGE | SURFACE USE & DAMAGE AGREEMENT - MOUNTRAIL COUNTY, ND - DATED 05/02/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARK L SHIDLER INC | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARK MCCALLISTER | JOA DATED AUGUST 1, 2012 (KJOS 14-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARK MCCALLISTER | JOA DATED AUGUST 1, 2012 (LIEBL 31-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARK MCCALLISTER | JOA DATED AUGUST 1, 2012 (LIEBL 31-13TFH) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | MARK R HAESLY | JOA DTD 5/1/2017 (JACKMAN 44-10 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARKIT GROUP LIMITED | SOFTWARE SUBSCRIPTION AGREEMENT - EFFECTIVE 1/1/2020 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARLENE LARSON | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 09/07/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARLENE LARSON | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 10/14/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARLENE LARSON | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 10/19/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | MARQUIS METAL WORKS | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARRS DAKOTA ENERGY, LLP | JOA COLLYER 9-8H (9ND222810) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHA B WHITE | PARTICIPATION AGREEMENT-WHZ | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL & WINSTON INC | JOA (LOIS MOEN 44-34HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL & WINSTON INC | JOA (RJ MOEN 41-26HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL & WINSTON INC | JOA DATED NOVEMBER 1, 2011 (BERGSTROM 44-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL & WINSTON INC | JOA DATED SEPTEMBER 1, 2009 (SANISH BAY 42-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL & WINSTON INC | JOA DATED SEPTEMBER 1, 2009 (SANISH BAY 42-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL & WINSTON INC | JOA DATED SEPTEMBER 1, 2009 (SPRAGUE 42-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL & WINSTON INC | JOA DATED SEPTEMBER 1, 2009 (SPRAGUE 42-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL & WINSTON, INC | JOA DATED NOVEMBER 1, 2010 (ARNEGARD 21-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT | JOA DATED JULY 15, 2008 (KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL | JOA DATED FEBRUARY 1, 2009 (LEE #11-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED AUGUST 1, 2009 (GUINN TRUST 11-13TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED AUGUST 1, 2009 (HAGEY 11-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED AUGUST 1, 2009 (HAGEY 12-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED AUGUST 1, 2009 (JULIA TTT 34-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED AUGUST 1, 2009 (LAHTI 14-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED AUGUST 1, 2009 (LAHTI 24-22-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED AUGUST 1, 2009 (LAHTI 24-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED AUGUST 1, 2009 (LAUKALA 34-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED AUGUST 1, 2009 (NIEMI 44-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED AUGUST 1, 2011 (HAGEY 14-13XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED AUGUST 1, 2011 (HATTIE HAGEY 14-13TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED AUGUST 1, 2011 (MARY ELIZABETH 13-13TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18-2TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED FEBRUARY 1, 2009 (BARTLESON 12-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED FEBRUARY 1, 2009 (BARTLESON 12-18TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED FEBRUARY 1, 2009 (BARTLESON 13-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED FEBRUARY 1, 2009 (ESTVOLD 41-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED FEBRUARY 1, 2009 (ESTVOLD 42-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED FEBRUARY 1, 2009 (ESTVOLD 44-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED FEBRUARY 1, 2009 (LEE FEDERAL 12-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED FEBRUARY 1, 2009 (SMITH 44-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED FEBRUARY 1, 2009 (URAN 43-17-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED FEBRUARY 1, 2009 (URAN 43-17H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED JANUARY 1, 2011 (LILLIAN VIOLA 14-12TFX | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED JANUARY 1, 2011 (TIISTO #14-12XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED JANUARY 1, 2011 (VERNE HAGEY 13-12TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED JULY 15, 2008 (DOUG KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED JULY 15, 2008 (KINNOIN 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED JULY 15, 2008 (KINNOIN 41-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED MARCH 1, 2011 (BREHM 42-35-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED MARCH 1, 2011 (BREHM 42-35-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED NOVEMBER 1, 2011 (SATTERTHWAITE 14-7TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED NOVEMBER 1, 2011 (S-BAR 14-7TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED NOVEMBER 1, 2011 (S-BAR 14-7XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED SEPTEMBER 1, 2010 (LAHTI 31-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED SEPTEMBER 1, 2010 (LAHTI 41-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DATED SEPTEMBER 1, 2010 (NIEMITALO #31-15XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL CRAFT OIL LLC | JOA DTD 2/1/2019 (MOLINE 31-14-5TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL EXPLORATION & LAND | JOA (ROVELSTAD 21-13HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL EXPLORATION & LAND | JOA DATED NOVEMBER 1, 2008 (BARTLESON 21-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL EXPLORATION & LAND | JOA DATED NOVEMBER 1, 2008 (HANSEN 21-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL EXPLORATION & LAND | JOA DATED NOVEMBER 1, 2008 (NESS 21-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL EXPLORATION & LAND | JOA DATED NOVEMBER 1, 2008 (NESS 21-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARSHALL EXPLORATION & LAND | JOA DTD 8/1/2018 (GILFER 21-15-1TFHU & 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARTHA SMART BENNETT | KEYSTONE CATTLE 19-1 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARTIN AND SYLVIA REIGER | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 03/26/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARTIN J SKROVINA | PARTICIPATION AGREEMENT-WHZ | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARVIN J MASSET | JOA (FRICK 24-8-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARVIN J MASSET | JOA (TAYLOR 34-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARVIN J MASSET | JOA DATED AUGUST 1, 2009 (BILL TTT FEDERAL 42-4TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARVIN J MASSET | JOA DATED AUGUST 1, 2009 (BURL TTT 13-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARVIN J MASSET | JOA DATED AUGUST 1, 2009 (GORDON TTT FEDERAL 41-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARVIN J MASSET | JOA DATED AUGUST 1, 2009 (JONES 34-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARVIN J MASSET | JOA DATED AUGUST 1, 2009 (TTT RANCH 43-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARVIN J MASSET | JOA DATED AUGUST 1, 2010 (CVANCARA 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARVIN J MASSET | JOA DATED AUGUST 1, 2010 (CVANCARA 12-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARVIN J MASSET | JOA DATED AUGUST 1, 2010 (CVANCARA 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARVIN J MASSET | JOA DATED AUGUST 1, 2010 (CVANCARA 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARVIN J MASSET | JOA DATED AUGUST 1, 2012 (KJOS 14-13H) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | MARVIN J MASSET | JOA DATED AUGUST 1, 2012 (LIEBL 31-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARVIN J MASSET | JOA DATED AUGUST 1, 2012 (LIEBL 31-13TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARVIN J MASSET | JOA DATED OCTOBER 1, 2010 (ARNDT #14-5XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARVIN J MASSET | JOA DATED OCTOBER 1, 2010 (ARNDT 13-5TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARVIN J MASSET | JOA DATED OCTOBER 1, 2010 (ARNDT 14-5TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARY & THOMAS P MCDONNELL | JOA DTD 3/11/85 (NIELSEN #1 - WHZ UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARY & THOMAS P MCDONNELL | RATIFICATION OF UNIT OPERATING AGREEMENT WEST REEVES UNIT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARY A BARNETT | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARY ARLENE ESSER | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARY BAKER | JOA DATED FEBRUARY 1, 2008 (LEO 12-29H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARY BAKER | JOA DATED JANUARY 1, 2011 (HANSEN #14-20XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARY ELIZABETH MCCRORY | JOA DATED SEPTEMBER 15, 2007 (SMITH 41-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARY M FORSTER DBA | LICENSE AGREEMENT - ATTACHMENT B - EFFECTIVE 02/22/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARY M FORSTER DBA | LICENSE AGREEMENT - ATTACHMENT B - EFFECTIVE 05/05/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARY M FORSTER DBA | LICENSE AGREEMENT - ATTACHMENT C - EFFECTIVE 09/26/2007 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MARY M FORSTER DBA | LICENSE AGREEMENT - EFFECTIVE 12/17/2004 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | MASCO WIRELINE SERVICE INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MATRIX SHAWNEE HOLDINGS LLC | JOA DTD 7/01/76 (JEPSON HOLLER DRAW UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MATRIX SHAWNEE HOLDINGS LLC | JOA DTD 9/27/76 (JEPSON HOLLER DRAW UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MATRIX SHAWNEE HOLDINGS LLC | UNIT OPERATING AGREEMENT DTD 3/19/96 JEPSON HOLLER DRAW (SHANNON SANDSTONE) UNIT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MATTHEW PARIS | JOA DATED FEBRUARY 1, 2012 (CYMBALUK 21-15PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MATTHEW S MARSHALL | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | MAURICE M NICKERSON AND MERLEE S | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | MAXFLOW CHEMICALS OF TEXAS, LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MAXINE H FELDER | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | MAXINE KING FAMILY TRUST | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 11/14/2011 | $0.00 |
| WHITING PETROLEUM CORPORATION | MAXUS EERGY | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MB INVESTMENTS LLP | JOA (SCHILKE 34-32) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MB INVESTMENTS LLP | JOA DATED JANUARY 1, 2012 (MORK TRUST 21-17H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MB INVESTMENTS LLP | JOA DATED OCTOBER 1, 2011 (TIFFT 21-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MB SEISMIC LP | SUPPLEMENTAL DATA AGREEMENT - EFFECTIVE 11/13/2007 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | MBI ENERGY RENTALS INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | MBI ENERGY SERVICES | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING RESOURCES CORPORATION | MBI OIL & GAS LLC | ASSIGNMENT OF OIL AND GAS LEASE | $0.00 |
| WHITING RESOURCES CORPORATION | MBI OIL & GAS LLC | LETTER AGREEMENT LEASEHOLD ACQUISITION | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | MCCODY CONCRETE PRODUCTS INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | MCCONNELL & SCULLY INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MCCULLIS OIL AND GAS INC | JOA DTD 4/01/13 (RAZOR 33-28 UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MCCULLISS RESOURCES CO INC | JOA DTD 4/01/13 (RAZOR 33-28 UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | MCDANIEL TECHNICAL SERVICES | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | MCKENZIE ENERGY PARTNERS | WATER TRANSPORTATION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MCKENZIE ENERGY PARTNERS LLC | HYSTAD (KOALA AREA) WATER GATHERING AND DISPOSAL | $0.00 |
| WHITING OIL AND GAS CORPORATION | MCKENZIE ENERGY PARTNERS LLC | KOALA WATER GATHERING AND DISPOSAL | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | MCKENZIE ENERGY PARTNERS LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MCKENZIE ENERGY PARTNERS LLC | OTTER CREEK WATER GATHERING AND DISPOSAL | $0.00 |
| WHITING OIL AND GAS CORPORATION | MCKENZIE ENERGY PARTNERS LLC | SMOKEY WATER GATHERING AND DISPOSAL | $0.00 |
| WHITING OIL AND GAS CORPORATION | MCKENZIE ENERGY PARTNERS LLC | WATER SUPPLY | $0.00 |
| WHITING OIL AND GAS CORPORATION | MCKENZIE ENERGY PARTNERS LLC-6783 | PURCHASE AND SALE AGREEMENT - EFFECTIVE 05/02/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MCKENZIE ENERGY PARTNERS LLC-6783 | PURCHASE AND SALE AGREEMENT - EFFECTIVE 12/01/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MCKENZIE ENERGY PARTNERS LLC-6783 | SALT WATER DISPOSAL AGREEMENT - EFFECTIVE 05/02/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MCKENZIE ENERGY PARTNERS LLC-6783 | WATER GATHERING AGREEMENT - EFFECTIVE 07/11/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MCKENZIE ENERGY PARTNERS LLC-6783 | WATER GATHERING AGREEMENT - EFFECTIVE 08/22/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MCKENZIE ENERGY PARTNERS LLC-6783 | WATER GATHERING AGREEMENT - EFFECTIVE 11/14/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MCKENZIE ENERGY PARTNERS LLC-6783 | WATER GATHERING AGREEMENT - EFFECTIVE 12/01/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MCKENZIE ENERGY PARTNERS LLC-6783 | WATER GATHERING AND DISPOSAL AGREEMENT - EFFECTIVE 05/02/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MCKENZIE ENERGY PARTNERS LLC-6783 | WATER GATHERING AND DISPOSAL AGREEMENT - EFFECTIVE 05/02/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MCKENZIE ENERGY PARTNERS LLC-6783 | WATER GATHERING AND DISPOSAL AGREEMENT - EFFECTIVE 05/02/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MCKENZIE ENERGY PARTNERS LLC-6783 | WATER GATHERING AND DISPOSAL AGREEMENT - EFFECTIVE 05/02/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MCKENZIE ENERGY PARTNERS LLC-6783 | WATER GATHERING AND DISPOSAL AGREEMENT - EFFECTIVE 05/02/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MCKENZIE ENERGY PARTNERS LLC-6783 | WATER SUPPLY AGREEMENT - EFFECTIVE 08/01/2017 | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | MCMAHAN SERVICES LTD | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MCMAHON ENERGY PARTNERS LP | JOA DATED APRIL 1, 2009 (HAUGE 41-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MCMAHON ENERGY PARTNERS LP | JOA DATED APRIL 1, 2009 (TOLLEFSON 44-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MCMAHON ENERGY PARTNERS LP | JOA DATED APRIL 1, 2009 (VIOLA PENNINGTON 11-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MCP ORION LLC | JOINT OPERATING AGREEMENT (CHAMELEON STATE 153-97-16-21-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | MCPHERSON CONSULTING LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MCT ENERGY LTD | JOA (PERZINSKI FAMILY TRUST 34-19PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MEES IMPLEMENT | JOA DATED NOVEMBER 1, 2010 (DIETZ 21-17TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | MEGADYNE SERVICES CO INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | MEIDINGER CONSULTING LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MEL ENERGY INC | JOA DTD 11/1/2017 (FLINT 41-5-1HU & 6TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MEL ENERGY INC | JOA DTD 3/1/18 (EARL 14-34-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MEL ENERGY INC | JOA DTD 8/1/2018 (GILFER 21-15-1TFHU & 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MELANIE CLIFFORD NEDRUD | JOA DTD 4/01/13 (RAZOR 33-28 UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MELODY MCGANN | JOA DATED FEBRUARY 1, 2008 (LEO 12-29H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MELODY MCGANN | JOA DATED JANUARY 1, 2011 (HANSEN #14-20XH) | $0.00 |
| WHITING RESOURCES CORPORATION | MERCURIA BAKKEN, LLC | PURCHASE AND SALE AGREEMENT (KODIAK AS BUYER) | $0.00 |
| WHITING PETROLEUM CORPORATION | MERCURIA ENERGY TRADING | OIL SALES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MERCURIA ENERGY TRADING, INC. | NON-CORE OIL SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MERCURIA ENERGY TRADING, INC. | NON-CORE TRUCKED OIL SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MERCURY HOLDINGS LLC | JOA DATED AUGUST 1, 2012 (KJOS 14-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MERCURY HOLDINGS LLC | JOA DATED AUGUST 1, 2012 (LIEBL 31-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MERCURY HOLDINGS LLC | JOA DATED AUGUST 1, 2012 (LIEBL 31-13TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MEREDITH HENDRICKSON | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 09/13/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MEREDITH HENDRICKSON | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 10/13/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MEREDITH HENDRICKSON | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 10/13/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MERIDIAN 102 LP | JOA DTD 8/1/2018 (GILFER 21-15-1TFHU & 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MERIT ENERGY COMPANY | JOA DTD 7/15/80 (CLARK STRAHAN 4 WELL UNIT) | $0.00 |
| WHITING PETROLEUM CORPORATION | MERITAIN HEALTH | DENTAL BENEFIT PLAN | $0.00 |
| WHITING PETROLEUM CORPORATION | MERITAIN HEALTH | FLEXIBLE BENEFITS PLAN (FSA) | $0.00 |
| WHITING PETROLEUM CORPORATION | MERITAIN HEALTH | HEALTH BENEFIT PLAN | $0.00 |
| WHITING PETROLEUM CORPORATION | MERITAIN HEALTH | SHORT TERM DISABILITY BENEFIT PLAN | $0.00 |
| WHITING PETROLEUM CORPORATION | Meritain Health, Inc. | Administrative Services Agreement, Effective as of July 1, 2008 | $0.00 |
| WHITING PETROLEUM CORPORATION | MERRILL COMMNICATIONS LLC | SOFTWARE SUBSCRIPTION AGREEMENT | $215.60 |
| WHITING OIL AND GAS CORPORATION | MERRILL CORPORATION | DATA SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MERRILL LYNCH COMMODITIES, INC. | ISDA MASTER AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | MESQUITE OIL TOOLS INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | METASOURCE (PREVIOUSLY - DATAIMAGE INC #73713) | SOFTWARE SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | METASOURCE, LLC | KOFAX SOFTWARE AND MAINTENANCE | $0.00 |
| WHITING OIL AND GAS CORPORATION | MEWBOURNE OIL COMPANY | OPERATING AGREEMENT- THREE PALMS 36 ST 1-H-WHZ | $0.00 |
| WHITING OIL AND GAS CORPORATION | MEWBOURNE OIL COMPANY | OPERATING AGREEMENT-ARIES "20" FED COM NO. 2H | $0.00 |
| WHITING OIL AND GAS CORPORATION | MEWBOURNE OIL COMPANY | OPERATING AGREEMENT-BRADLEY "29" WORKING INTEREST UNIT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MEWBOURNE OIL COMPANY | OPERATING AGREEMENT-FOUR PEAKS "35" WORKING INTEREST UNIT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MEWBOURNE OIL COMPANY | SUPPLEMENT TO OPERATING AGREEMENT AND FINANCING STATEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MHM RESOURCES LP | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD #41-12XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MHM RESOURCES LP | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 41-12-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MHM RESOURCES LP | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 41-12-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MHM RESOURCES LP | JOA DATED JUNE 1, 2008 (LINDLEY 41-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MHM RESOURCES LP | JOA DATED JUNE 1, 2008 (LITTLEFIELD 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MHM RESOURCES LP | JOA DATED JUNE 1, 2008 (LITTLEFIELD 21-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MHM RESOURCES LP | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 21-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MHM RESOURCES LP | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 41-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MHM RESOURCES LP | JOA DATED SEPTEMBER 1, 2009 (MOORE 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | M-I L.L.C. | Master Service Contract dated June 9, 2004 | Trade Agreement Dated 6/10/2020 |
| WHITING OIL AND GAS CORPORATION | MICHAEL & VICKI BURNHAM | JOA DATED APRIL 1, 2009 (BREHM 12-27-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MICHAEL & VICKI BURNHAM | JOA DATED APRIL 1, 2009 (BREHM 12-27-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MICHAEL & VICKI BURNHAM | JOA DATED APRIL 1, 2009 (BREHM 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MICHAEL & VICKI BURNHAM | JOA DATED APRIL 1, 2009 (BREHM 13-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MICHAEL & VICKI BURNHAM | JOA DATED APRIL 1, 2009 (HANSEN 44-28-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MICHAEL & VICKI BURNHAM | JOA DATED APRIL 1, 2009 (HANSEN 44-28-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MICHAEL & VICKI BURNHAM | JOA DATED APRIL 1, 2009 (HANSEN 44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MICHAEL & VICKI BURNHAM | JOA DATED APRIL 1, 2009 (HANSEN 44-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MICHAEL & VICKI BURNHAM | JOA DATED APRIL 1, 2009 (LEE 41-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MICHAEL & VICKI BURNHAM | JOA DATED NOVEMBER 1, 2010 (ELMER BARTLESON 14-29TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MICHAEL & VICKI BURNHAM | JOA DATED NOVEMBER 1, 2010 (ELSIE BARTLESON FEDERAL 14-29TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MICHAEL & VICKI BURNHAM | JOA DATED NOVEMBER 1, 2010 (PETERSON 41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MICHAEL & VICKI BURNHAM | JOA DATED NOVEMBER 1, 2010 (SMITH #14-29XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MICHAEL A SEVIGNY OR MAVIS | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 09/04/2014 | $0.00 |
| WHITING PETROLEUM CORPORATION | MICHAEL B. WALEN | INDEMNIFICATION AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | MICHAEL G. HUTCHINSON | INDEMNIFICATION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MICHAEL HARRISON MOORE | JOA (JURGENS 34-12PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MICHAEL HARRISON MOORE | JOA (KOSTELECKY 11-28PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MICHAEL HARRISON MOORE 2006 TRUST | JOA (RIDL 34-12TFH) | $0.00 |
| WHITING PETROLEUM CORPORATION | MICHAEL J. STEVENS | INDEMNIFICATION AGREEMENT | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | MICHAEL S JOHNSON MANAGEMENT | JOA DATED MAY 1, 2010 (LOCKEN 14-9XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MICHAEL S JOHNSON MANAGEMENT | JOA DATED MAY 1, 2010 (LOCKEN 43-8XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MICHAEL S JOHNSON MANAGEMENT | JOA DATED MAY 1, 2010 (RIGEL STATE 11-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MICHAEL S JOHNSON MANAGEMENT | JOA DATED OCTOBER 1, 2008 (CRANE CREEK 14-16H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MICHAEL S JOHNSON MANAGEMENT | JOA DATED OCTOBER 1, 2008 (CRANE CREEK STATE 11-16TFH ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MICHAEL S JOHNSON MANAGEMENT | JOA DATED OCTOBER 1, 2008 (RIGEL STATE 12-16H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MICHAEL S JOHNSON MGMT | JOA DATED OCTOBER 1, 2008 (RIGEL STATE 11-16H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | MICHAEL SCOTT TRUCKING INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MICHELE BEAN SHELVIN | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 09/07/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | MICRO MOTION INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MICROSOFT CORPORATION | GENERAL IT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MICROSOFT CORPORATION | IT SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MICROSOFT CORPORATION | IT SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MICROSOFT CORPORATION | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MICROSOFT CORPORATION | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MICROSOFT CORPORATION | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MICROSOFT CORPORATION | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MICROSOFT CORPORATION | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MICROSOFT LICENSING GP | AZURE CONTRACT | $17,133.35 |
| WHITING OIL AND GAS CORPORATION | MIDLAND ENERGY LIBRARY | SUBSCRIPTION FOR JAY OAKES AND NATALIE HOOK | $175.00 |
| WHITING PETROLEUM CORPORATION | MID-RIVERS COMMUNICATIONS | IT NETWORK SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE & JOYCE GLASPEY | JOA DTD 2/1/2019 (MOLINE 31-14-5TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED AUGUST 1, 2009 (GUINN TRUST 11-13TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED AUGUST 1, 2009 (HAGEY 11-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED AUGUST 1, 2009 (HAGEY 12-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED AUGUST 1, 2009 (JULIA TTT 34-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED AUGUST 1, 2009 (LAHTI 14-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED AUGUST 1, 2009 (LAHTI 24-22-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED AUGUST 1, 2009 (LAHTI 24-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED AUGUST 1, 2009 (LAUKALA 34-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED AUGUST 1, 2009 (NIEMI 44-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED AUGUST 1, 2011 (HAGEY 14-13XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED AUGUST 1, 2011 (HATTIE HAGEY 14-13TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED AUGUST 1, 2011 (MARY ELIZABETH 13-13TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18-2TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED FEBRUARY 1, 2009 (BARTLESON 12-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED FEBRUARY 1, 2009 (BARTLESON 12-18TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED FEBRUARY 1, 2009 (BARTLESON 13-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED FEBRUARY 1, 2009 (ESTVOLD 41-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED FEBRUARY 1, 2009 (ESTVOLD 42-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED FEBRUARY 1, 2009 (ESTVOLD 44-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED FEBRUARY 1, 2009 (LEE #11-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED FEBRUARY 1, 2009 (LEE FEDERAL 12-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED FEBRUARY 1, 2009 (SMITH 44-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED FEBRUARY 1, 2009 (URAN 43-17-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED FEBRUARY 1, 2009 (URAN 43-17H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED JANUARY 1, 2011 (LILLIAN VIOLA 14-12TFX | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED JANUARY 1, 2011 (TIISTO #14-12XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED JANUARY 1, 2011 (VERNE HAGEY 13-12TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED JULY 15, 2008 (DOUG KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED JULY 15, 2008 (KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED JULY 15, 2008 (KINNOIN 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED JULY 15, 2008 (KINNOIN 41-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED MARCH 1, 2011 (BREHM 42-35-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED MARCH 1, 2011 (BREHM 42-35-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED NOVEMBER 1, 2011 (SATTERTHWAITE 14-7TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED NOVEMBER 1, 2011 (S-BAR 14-7TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED NOVEMBER 1, 2011 (S-BAR 14-7XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED SEPTEMBER 1, 2010 (LAHTI 31-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED SEPTEMBER 1, 2010 (LAHTI 41-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE EVERETT | JOA DATED SEPTEMBER 1, 2010 (NIEMITALO #31-15XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE GOLDEN ESTATE | JOA DTD 8/1/18 (PERIOT 44-20HU BPO) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIKE OTOOLE | JOA DATED JANUARY 1,2012 (REDMOND FEDERAL 21-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | MIKE WALTERS SPECIALTY | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MILBURN INVESTMENTS LLC | JOA (LOOMER 44-33TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | MILESTONE COMPANIES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | MILLER INSULATION CO INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | MILLER OIL CO | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | MIMECAST | GENERAL IT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MINERAL SERVICES LLC | JOA DTD 2/1/2019 (MOLINE 31-14-5TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIRADA | MILDRED PA - SPRING CREEK/G3 ENERGY - EFFECTIVE 9/16/11 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIRADA | PA - SPRING CREEK / GOLD COAST - EFFECTIVE 11/12/2008 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIRADA | PA - SPRING CREEK / GOLD COAST / BTA - EFFECTIVE 8/3/2009 | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | MIRADA | PA - SPRING CREEK/GOLD COAST/COACHMAN ENERGY - EFFECTIVE 2/3/2009 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIRADA ENERGY LLC | JOA (LOOMER 44-33TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIRADA ENERGY LLC | JOA BTA OIL PRODUCERS, LLC (20711 MILDRED 94 #1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIRADA ENERGY LLC | JOA DTD 10/01/05 (BERWICK 14B-2-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIRADA ENERGY LLC | JOA DTD 11/1/2017 (FLINT 41-5-1HU & 6TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIRADA ENERGY LLC | JOA DTD 2/1/18 (RENNERFELDT 14-34-1HU AND 6TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIRADA ENERGY LLC | JOA DTD 2/1/18 (RENNERFELDT 14-34-1HU AND 6TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIRADA ENERGY LLC | JOA DTD 3/1/18 (EARL 14-34-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIRADA ENERGY LLC | JOA DTD 5/1/2015 (P BIBLER 155-99-16-31-7-16H3A) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIRADA ENERGY LLC | JOA DTD 7/1/18 (MOEN 41-2-6HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIRADA ENERGY LLC | JOA DTD 8/1/2018 (GILFER 21-15-1TFHU & 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIRADA ENERGY LLC | JOINT OPERATING AGREEMENT (CHAMELEON STATE 153-97-16-21-1H) | $0.00 |
| WHITING RESOURCES CORPORATION | MIRADA ENERGY, LLC | TOLLING AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MIRIAM THOMPSON | JOA MARATHON OIL (FOSS 21-30H (BPO)) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI BASIN WELL SERV INC | SURFACE AGREEMENT - BILLINGS COUNTY, ND - DATED 04/01/1993 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY | JOA (WAHLSTROM 3-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA - CHAMELEON STATE 31-16HU | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA (HAVELKA 21-15PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA (JURGENS 34-12PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA (KESSEL 44-35PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA (LAROQUE 34-12H AND 34-12-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA (LINK 12-1H(OA)) ZENERGY INC | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA (OBRIGEWITCH 11-29PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA (PRONGHORN FEDERAL 34-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA (SCHILKE 34-32) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA (SOVIG 150-100-22C-15-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA (TALKINGTON FED 11-27PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA (TALKINGTON FEDERAL 21-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA (TOMCHUK 21-30PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED 10/1/11 (SOLBERG 34-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED 12/1/11 (CHITWOOD 34-36H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED 9/1/11 (DULETSKI 21-13TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED 9/1/11 (HELLING 31-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED APRIL 1, 2009 (BREHM 12-27-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED APRIL 1, 2009 (BREHM 12-27-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED APRIL 1, 2009 (BREHM 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED APRIL 1, 2009 (BREHM 13-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED APRIL 1, 2009 (HANSEN 44-28-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED APRIL 1, 2009 (HANSEN 44-28-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED APRIL 1, 2009 (HANSEN 44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED APRIL 1, 2009 (HANSEN 44-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED APRIL 1, 2009 (LEE 41-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED APRIL 1, 2009 (ROHDE 41-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED APRIL 1, 2009 (ROHDE 42-1TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED APRIL 1, 2009 (ROHDE 43-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED APRIL 1, 2009 (ROHDE 43-1TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED APRIL 1, 2009 (ROHDE 44-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED APRIL 1, 2009 (SMITH 34-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED APRIL 1, 2009 (SMITH 34-1TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED APRIL 1, 2011 (KUMMER 34-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED AUGUST 1, 2009 (BEN TTT 42-30TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED AUGUST 1, 2009 (DEAL 43-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED AUGUST 1, 2009 (JONES 11-8-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED AUGUST 1, 2009 (JONES 11-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED AUGUST 1, 2009 (JONES 12-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED AUGUST 1, 2009 (JULIA TTT 34-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED AUGUST 1, 2009 (LAHTI 14-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED AUGUST 1, 2009 (LAHTI 24-22-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED AUGUST 1, 2009 (LAHTI 24-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED AUGUST 1, 2009 (LAUKALA 34-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED AUGUST 1, 2009 (LEONARD JONES 11-8TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED AUGUST 1, 2009 (NIEMI 44-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED AUGUST 1, 2009 (PLATT #43-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED AUGUST 1, 2009 (PLATT #44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 41-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 42-16TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 44-9TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED AUGUST 1, 2010 (CVANCARA 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED AUGUST 1, 2010 (CVANCARA 12-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED AUGUST 1, 2010 (CVANCARA 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED AUGUST 1, 2010 (CVANCARA 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18-2TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED DECEMBER 1, 2011 (CARL KANNIANEN 22-32TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED DECEMBER 1, 2011 (KANNIANEN 22-32TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED DECEMBER 1, 2011 (KANNIANEN 22-32XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED DECEMBER 1, 2011 (MILDRED ROGGENBUCK 41-24TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED DECEMBER 1, 2011 (ROGGENBUCK 41-24XH) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED DECEMBER 1, 2011 (ROGGENBUCK FEDERAL 41-24TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED FEBRUARY 1, 2009 (BARTLESON 12-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED FEBRUARY 1, 2009 (BARTLESON 12-18TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED FEBRUARY 1, 2009 (BARTLESON 13-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED FEBRUARY 1, 2009 (ELLA FLADELAND 12-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED FEBRUARY 1, 2009 (ESTVOLD 41-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED FEBRUARY 1, 2009 (ESTVOLD 42-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED FEBRUARY 1, 2009 (ESTVOLD 44-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED FEBRUARY 1, 2009 (FLADELAND 11-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED FEBRUARY 1, 2009 (FLADELAND 21-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED FEBRUARY 1, 2009 (FLADELAND 31-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED FEBRUARY 1, 2009 (LEE FEDERAL 12-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED FEBRUARY 1, 2009 (LIONELD FLADELAND 12-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED FEBRUARY 1, 2009 (SATTERTHWAITE 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED FEBRUARY 1, 2009 (SATTERTHWAITE 13-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED FEBRUARY 1, 2009 (S-BAR 11-7-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED FEBRUARY 1, 2009 (S-BAR 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED FEBRUARY 1, 2009 (S-BAR 11-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED FEBRUARY 1, 2009 (SMITH 41-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED FEBRUARY 1, 2009 (SMITH 44-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED FEBRUARY 1, 2009 (URAN 43-17-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED FEBRUARY 1, 2009 (URAN 43-17H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED FEBRUARY 1, 2010 (KLEFSTAD 24-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED FEBRUARY 1, 2010 (MEIERS 34-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED FEBRUARY 1, 2010 (MEIERS 43-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED FEBRUARY 1, 2010 (MEIERS 44-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD #41-12XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 14-13-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 14-13XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 41-12-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 41-12-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED FEBRUARY 1, 2011 (NESHEIM 11-24XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JANUARY 1, 2011 (ARTHAUD 21-29TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JANUARY 1, 2011 (LILLIAN VIOLA 14-12TFX | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JANUARY 1, 2011 (TIISTO #14-12XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JANUARY 1, 2011 (VERNE HAGEY 13-12TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JANUARY 1, 2011 (WALDOCK FEDERAL 14-4-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JANUARY 1, 2012 (AMY TTT 42-30XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JANUARY 1, 2012 (BRADY TTT 42-30XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JANUARY 1, 2012 (JOY TTT 42-30XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JANUARY 1, 2012 (MORK TRUST 21-17H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JANUARY 1, 2012 (THERESA TTT 41-30TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JANUARY 1, 2013 (P EVITT 154-98-13-12-2-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JANUARY 15, 2006 (ALLISON 14-6H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JANUARY 15, 2006 (BARB W 11-6TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JANUARY 15, 2006 (BENDER 14-6) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JANUARY 15, 2006 (EARL T 11-6TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JANUARY 15, 2006 (JB 11-6TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JULY 1, 2011 (NESS 41-21-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JULY 1, 2011 (NESS 41-21-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JULY 1, 2011 (NESS 41-21XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JULY 15, 2008 (DOUG KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JULY 15, 2008 (KINNOIN 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JULY 15, 2008 (KINNOIN 41-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JULY 15, 2010 (MILLER 44-11H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 12-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 13-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 21-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 21-31TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JULY 15TH, 2008 (NEWCOMB 12-31TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JULY 24, 2007 (DARYL LOCKEN 21-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JULY 24, 2007 (MCNAMARA 41-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JULY 24, 2007 (PAM LOCKEN 21-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JUNE 1, 2008 (ANNA BARTLESON 44-20-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JUNE 1, 2008 (BARTLESON 11-19-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JUNE 1, 2008 (BARTLESON 44-20H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JUNE 1, 2008 (DISHMAN 13-19-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JUNE 1, 2008 (DISHMAN 13-19H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JUNE 1, 2008 (DISHMAN 13-19TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JUNE 1, 2008 (LACEY 12-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JUNE 1, 2008 (LACEY 12-10TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JUNE 1, 2008 (LACEY 13-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JUNE 1, 2008 (LINDLEY 41-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JUNE 1, 2008 (LITTLEFIELD 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JUNE 1, 2008 (LITTLEFIELD 21-7-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JUNE 1, 2008 (LITTLEFIELD 21-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JUNE 1, 2008 (NESHEIM 13-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JUNE 1, 2008 (NESHEIM 21-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JUNE 1, 2008 (NESHEIM 41-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JUNE 1, 2008 (OLSON FEDERAL 42-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JUNE 1, 2008 (RODNEY OLSON FEDERAL 42-8-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JUNE 1, 2008 (URAN 12-19TFH) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JUNE 1, 2009 (BRITTANY TTT 13-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JUNE 1, 2009 (CARKUFF 11-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JUNE 1, 2009 (DANITA TTT 21-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JUNE 1, 2009 (LINDSETH 12-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JUNE 1, 2009 (MATT TTT 13-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JUNE 1, 2009 (ODDIE 44-7-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JUNE 1, 2009 (ODDIE 44-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JUNE 1, 2009 (RAMONA TTT 12-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JUNE 1, 2009 (SAVANNAH TTT 41-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JUNE 1, 2009 (STROBECK 12-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JUNE 1, 2009 (TIISTO 43-7-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JUNE 1, 2009 (TIISTO 43-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JUNE 1, 2009 (TTT RANCH 11-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JUNE 1, 2009 (TTT RANCH 11-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JUNE 1, 2009 (TTT RANCH 12-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED JUNE 1, 2009 (TTT RANCH 21-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED MARCH 1, 2011 (BREHM 42-35-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED MARCH 1, 2011 (BREHM 42-35-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED MARCH 1, 2012 (CHERRY STATE 21-16H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED MAY 1, 2008 (BARTLESON 34-30TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED MAY 1, 2008 (BARTLESON 44-30) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED MAY 1, 2008 (ROGGENBUCK 11-25-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED MAY 1, 2008 (ROGGENBUCK 11-25-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED MAY 1, 2008 (ROGGENBUCK 11-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED MAY 1, 2008 (ROGGENBUCK 21-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED MAY 1, 2008 (ROGGENBUCK 21-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED MAY 1, 2008 (SMITH 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED MAY 1, 2009 (FLADELAND 11-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED MAY 1, 2009 (KANNIANEN 11-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED MAY 1, 2009 (KANNIANEN 43-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED MAY 1, 2009 (KANNIANEN 43-31TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED MAY 1, 2010 (LOCKEN 14-9XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED MAY 1, 2010 (LOCKEN 43-8XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED MAY 1, 2010 (MOORE 14-7X) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED MAY 1, 2010 (RIGEL STATE 11-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED MAY 1, 2011 (BROWN #41-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED MAY 1, 2011 (BROWN 41-28-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED MAY 1, 2011 (BROWN 42-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED MAY 1, 2011 (LACEY #14-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED MAY 1, 2011 (LACEY 14-3-2TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED MAY 1, 2011 (LACEY 14-3TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2008 (KNIFE RIVER STATE FEDERAL 12-32TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2008 (KNIFE RIVER STATE FEDERAL 13-32H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2008 (KNIFE RIVER STATE FEDERAL 13-32TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2008 (LITTLEFIELD 21-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2008 (RUDMAN 11-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2008 (STATE 12-32H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2009 (HOLMBERG 44-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2009 (HOLMBERG 44-24TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2009 (MEIERS 11-17H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2009 (MEIERS 12-17H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2009 (MEIERS 44-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2009 (MEIERS 44-18TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2009 (ROGGENBUCK 34-24-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2009 (ROGGENBUCK 34-24-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2009 (ROGGENBUCK 34-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2009 (ROGGENBUCK 34-24TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2009 (ROGGENBUCK 43-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2009 (SCOTT MEIERS 12-17TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2010 (DIETZ 21-17TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2010 (ELMER BARTLESON 14-29TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2010 (ELSIE BARTLESON FEDERAL 14-29TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2010 (LYDIA 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2010 (PETERSON 41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2010 (SMITH #14-29XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2011 (BERGSTROM 44-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2011 (MAKI #41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2011 (MAKI 41-33-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2011 (MAKI 42-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2011 (SATTERTHWAITE 14-7TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2011 (S-BAR 14-7TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2011 (S-BAR 14-7XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2011 (TIISTO #43-7TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2011 (TIISTO #44-7TFX) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2011 (TIISTO #44-7XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2011 (TIISTO 43-7-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2011 (TIISTO 43-7XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED NOVEMBER 1, 2012 (NESS 41-31XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED OCTOBER 1, 2008 (BREHM 11-4-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED OCTOBER 1, 2008 (BREHM 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED OCTOBER 1, 2008 (FOREMAN 11-4TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED OCTOBER 1, 2008 (FOREMAN 21-4TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED OCTOBER 1, 2008 (PENNINGTON 41-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED OCTOBER 1, 2008 (PENNINGTON FEDERAL 41-4TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED OCTOBER 1, 2009 (FLADELAND 41-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED OCTOBER 1, 2009 (FLADELAND 42-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED OCTOBER 1, 2009 (FLADELAND 43-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED OCTOBER 1, 2009 (FLADELAND 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED OCTOBER 1, 2009 (WARDEN 43-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED OCTOBER 1, 2010 (ARNDT #14-5XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED OCTOBER 1, 2010 (ARNDT 13-5TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED OCTOBER 1, 2010 (ARNDT 14-5TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED OCTOBER 1, 2010 (HOOVER #13-1TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED OCTOBER 1, 2010 (HOOVER #14-1TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED OCTOBER 1, 2010 (HOOVER #14-1XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED OCTOBER 1, 2010 (JONES 11-8-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED OCTOBER 1, 2010 (JONES 11-8XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED OCTOBER 1, 2011 (TIFFT 21-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 41-26-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 41-26XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 11-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 21-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 41-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 1, 2009 (CARKUFF 13-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 1, 2009 (HOLLINGER 11-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 1, 2009 (HOLLINGER 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 1, 2009 (IVERSON 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 1, 2009 (IVERSON 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 1, 2009 (IVERSON 31-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 1, 2009 (IVERSON 41-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 1, 2009 (LAHTI 12-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 1, 2009 (MOORE 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 1, 2009 (NESS 43-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 1, 2009 (NESS 44-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 1, 2009 (NESS 44-21TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 1, 2009 (SANISH BAY 42-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 1, 2009 (SANISH BAY 42-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 1, 2009 (SATTERTHWAITE 43-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 1, 2009 (SATTERTHWAITE 44-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 1, 2009 (S-BAR 12-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 1, 2009 (S-BAR 13-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 1, 2009 (S-BAR 13-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 1, 2009 (S-BAR 21-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 1, 2009 (S-BAR 21-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 1, 2009 (SPRAGUE 42-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 1, 2009 (SPRAGUE 42-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 1, 2010 (LAHTI 31-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 1, 2010 (LAHTI 41-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 1, 2010 (NIEMITALO #31-15XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 12, 2007 (BREHM 42-35H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 12, 2007 (PETERSON 34-35H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 12, 2007 (PETERSON 34-35TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 12, 2007 (PETERSON 43-35TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DATED SEPTEMBER 15, 2014 (VAN HOOK 132-1319H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DTD 1/1/13 (KALDAHL 24, 34 & 44 AND MILLER 14-12 WELLS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DTD 10/1/2017 (NELSON 11-18-2TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DTD 11/01/10 (LYDIA 41-14PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DTD 2/01/13 (MULLIN 21-24-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DTD 4/1/2017 (NELSON 11-18-2TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOA DTD 8/1/18 (PERIOT 44-20HU BPO) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORP | JOINT OPERATING AGREEMENT (CHAMELEON STATE 153-97-16-21-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MISSOURI RIVER ROYALTY CORPORATION | JOA (BINSTOCK 21-30TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | MISSOURI VALLEY PETROLEUM INC | MASTER SERVICES AGREEMENT | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING PETROLEUM CORPORATION | MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C. | ENGAGEMENT LETTER - EFFECTIVE 12/11/2007 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MITCHELL'S OIL FIELD SERVICE INC, A WOOD GROUP COMPANY-308 | OFFICE LEASE AGREEMENT - EFFECTIVE 06/13/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MITCHOIL LLC | JOA - REPLACEMENT (KUBAS 11-13TFH, KUBAS 34-12PH, KUBAS 12-13PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | M-K HYDROVAC INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MLG PARTNERS LTD | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | MMI EXCAVATION LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MMSG LIMITED PARTNERSHIP | JOA DATED 9/1/10 (HECKER 21-18) (MASTEL 41-18) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MMSG LIMITED PARTNERSHIP | JOA DTD 9/01/10 (MASTEL 41-18TFH UNIT) | $0.00 |
| WHITING PETROLEUM CORPORATION | MOBIL EXPLORATION & PRODUCING US, INC. | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MOBILE SOLUTIONS SERVICES | SERVICES AGREEMENT - EFFECTIVE 03/12/2020 | $7,417.20 |
| WHITING OIL AND GAS CORPORATION | MOBILE SOLUTIONS SERVICES HOLDINGS, LLC | IT SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MOBILEIRON | SOFTWARE MAINTENANCE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | MOELIS | ENGAGEMENT LETTER | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | MONCLA WORKOVER & DRILLING | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | MONDAK PORTABLES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MONKOTA PETROLEUM CORP | JOA (SOVIG 150-100-22C-15-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MONKOTA PETROLEUM CORP | JOA (WOLD 16-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MONKOTA PETROLEUM CORP | JOA DATED JANUARY 1, 2010 (RON OLSON 31-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MONKOTA PETROLEUM CORP | JOA DATED JUNE 1, 2008 (LACEY 12-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MONKOTA PETROLEUM CORP | JOA DATED JUNE 1, 2008 (LACEY 12-10TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MONKOTA PETROLEUM CORP | JOA DATED JUNE 1, 2008 (LACEY 13-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MONKOTA PETROLEUM CORP | JOA DATED JUNE 1, 2012 (WATTS 42-21-1HR) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MONKOTA PETROLEUM CORP | JOA DATED MAY 1, 2011 (LACEY #14-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MONKOTA PETROLEUM CORP | JOA DATED MAY 1, 2011 (LACEY 14-3-2TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MONKOTA PETROLEUM CORP | JOA DATED MAY 1, 2011 (LACEY 14-3TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MONKOTA PETROLEUM CORP | JOA DATED NOVEMBER 1, 2010 (DIETZ 21-17TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MONKOTA PETROLEUM CORP | JOA DTD 11/01/10 (LYDIA 41-14PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MONKOTA PETROLEUM CORP | JOA DTD 3/1/13 (SKOV 31-28-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MONKOTA PETROLEUM CORP | JOA DTD 3/1/2019 (MARTELL 34-36HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MONKOTA PETROLEUM CORP | JOINT OPERATING AGREEMENT (KOALA 14-32HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MONTANA TECH OF THE UNIVERSITY OF MONTANA-8683 | NON-DISCLOSURE AGREEMENT - EFFECTIVE 11/27/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MOON LAKE ELECTRIC | ELECTRICITY AGREEMENT | $1,278.99 |
| WHITING OIL AND GAS CORPORATION | MOON LAKE ELECTRIC ASSOCIATION INC-8452 | ELECTRIC AGREEMENT - EFFECTIVE 02/15/2009 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MOORE RESOURCES LLC | JOA (DULETSKI FEDERAL 34-11) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MOORE RESOURCES LLC | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 41-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MOORE RESOURCES LLC | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 42-16TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MOORE RESOURCES LLC | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 44-9TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MOORE RESOURCES LLC | JOA DATED OCTOBER 1, 2009 (FLADELAND 41-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MOORE RESOURCES LLC | JOA DATED OCTOBER 1, 2009 (FLADELAND 42-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MOORE RESOURCES LLC | JOA DATED OCTOBER 1, 2009 (FLADELAND 43-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MOORE RESOURCES LLC | JOA DATED OCTOBER 1, 2009 (FLADELAND 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MOORE RESOURCES LLC | JOA DATED OCTOBER 1, 2009 (WARDEN 43-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MORGAN COUNTY RURAL ELECTRIC ASSOCIATION | ELECTRIC POWER AGREEMENT | $42,253.23 |
| WHITING PETROLEUM CORPORATION | MORGAN COUNTY RURAL ELECTRIC ASSOCIATION | LETTER AGREEMENT NO. TS-13-0166 FOR THE KEOTA 345KV INTERCONNECTION PROJECT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MORGAN COUNTY RURAL ELECTRIC-5440 | ELECTRIC AGREEMENT - EFFECTIVE 07/14/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MORGAN STANLEY CAPITAL GROUP INC. | ISDA MASTER AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MORK FAMILY FARM TRUST | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 04/20/2006 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MOSS ADAMS LLP | COLORADO SEVERANCE TAX SERVICES | $22,850.00 |
| WHTING PETROLEUM CORPORATION | MOUNTAIN STATES EMPLOYERS | ADVISORY FIRM FOR HR LEGAL MATTERS | $1,032.29 |
| WHITING OIL AND GAS CORPORATION | MOUNTAIN STATES IMAGING, LLC | OUTSOURCE SCANNING OF LAND DOCUMENTS | $7,638.03 |
| WHITING OIL AND GAS CORPORATION | MOUNTRAIL COUNTY | ROAD CROSSING PERMIT- MOUNTRAIL COUNTY, ND - DATED 05/04/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MOUNTRAIL COUNTY | ROAD CROSSING PERMIT - MOUNTRAIL COUNTY, ND - DATED 01/05/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MOUNTRAIL COUNTY | ROAD CROSSING PERMIT - MOUNTRAIL COUNTY, ND - DATED 01/21/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MOUNTRAIL COUNTY | ROAD CROSSING PERMIT - MOUNTRAIL COUNTY, ND - DATED 01/24/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MOUNTRAIL COUNTY | ROAD CROSSING PERMIT - MOUNTRAIL COUNTY, ND - DATED 08/02/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MOUNTRAIL COUNTY | ROAD CROSSING PERMIT - MOUNTRAIL COUNTY, ND - DATED 12/05/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MOUNTRAIL COUNTY | ROAD CROSSING PERMIT - MOUNTRAIL COUNTY, ND - DATED 12/19/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MOUNTRAIL COUNTY | ROAD CROSSING PERMIT - MOUNTRAIL COUNTY, ND - DATED 12/30/2009 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MOUNTRAIL COUNTY | ROAD CROSSING PERMIT - MOUNTRAIL COUNTY, ND - DATED 12/30/2009 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MPLX ORIGINALLY GREAT NORTHERN GATHERING AND MARKETING LLC | CRUDE GATHERING AGREEMENT WITH MVC | $0.00 |
| WHITING OIL AND GAS CORPORATION | MR OIL & GAS LLC | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MR OIL & GAS LLC | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MR OIL & GAS LLC | JOA DTD 7/1/2017 (VANCE 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | MRC GLOBAL | MASTER SERVICES AGREEMENT | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | MRR ENTERPRISES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MRRC | JOA DATED FEBRUARY 1, 2009 (FLADELAND 11-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MRRC | JOA DATED FEBRUARY 1, 2009 (LEE #11-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MRRC | JOA DATED JANUARY 15, 2006 (SATTERTHWAITE 14-6) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MRRC | JOA DATED JULY 15, 2008 (KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MRRC | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 11-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MRRC | JOA DATED JULY 24, 2007 (LOCKEN 11-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MRRC | JOA DATED JUNE 1, 2008 (BARTLESON 11-19H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MRRC | JOA DATED JUNE 1, 2008 (LACEY 11-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MRRC | JOA DATED JUNE 1, 2008 (NESHEIM 1-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MRRC | JOA DATED MAY 1, 2008 (ROGGENBUCK 11-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MRRC | JOA DATED NOVEMBER 1, 2008 (BARTLESON 11-32H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MRRC | JOA DATED NOVEMBER 1, 2008 (LITTLEFIELD 11-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MRRC | JOA DATED OCTOBER 1, 2008 (PETERSON 11-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MRRC | JOA DATED SEPTEMBER 12, 2007 (PETERSON 11-34H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | MULTI-CHEM GROUP LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | MUREX | JOA DATED APRIL 18, 2008 (BLAKE TYLER 3-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MUREX | JOA DATED APRIL 25, 2008 (SHANNON DUANE 11-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MUREX PETROLEUM CORP | JOA (REIDLE FEDERAL 18-7HTF) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MUREX PETROLEUM CORPORATION | JOA (AMY LYNETTE 14-23H) MUREX | $0.00 |
| WHITING OIL AND GAS CORPORATION | MUREX PETROLEUM CORPORATION | JOA (AMY MICHELLE 16-21H) - MUREX | $0.00 |
| WHITING OIL AND GAS CORPORATION | MUREX PETROLEUM CORPORATION | JOA (ANGIE MARIE 13-24H) MUREX | $0.00 |
| WHITING OIL AND GAS CORPORATION | MUREX PETROLEUM CORPORATION | JOA (DAVID ROGER 18-19H) (MUREX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MUREX PETROLEUM CORPORATION | JOA (JADE BRENNA #2-11H) (MUREX PETROLEUM) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MWILEY RESOURCES INC | JOA DTD 1/1/13 (KALDAHL 24, 34 & 44 AND MILLER 14-12 WELLS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MYLO WOLDING AND KRIS WOLDING | COMMUNICATION SITE - MOUNTRAIL COUNTY, ND - DATED 06/01/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | MYRNA JEAN STAIR | JOA DTD 10/1/2017 (CAVALLI STATE 34-9-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MYRNA JEAN STAIR | JOA DTD 5/1/2017 (JACKMAN 44-10 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | MYRON & DARLENE WOLD | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 06/28/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NADEL AND GUSSMAN BAKKEN LLC | JOA DATED SEPTEMBER 1, 2009 (SATTERTHWAITE 43-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NADEL AND GUSSMAN BAKKEN LLC | JOA DATED SEPTEMBER 1, 2009 (SATTERTHWAITE 44-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | NALCO CHAMPION | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | NANCE RESOURCES INC | JOA DATED JULY 1, 2012 (KITTLESON FEDERAL 34-23-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NANCE RESOURCES INC | JOA DATED SEPTEMBER 1, 2012 (KITTLESON FEDERAL 24-24-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NANCY HOUGLAND | JOA DTD 3/1/18 (EARL 14-34-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NANCY HOUGLAND | JOA DTD 5/1/18 (RENNERFELDT 41-3-5TFHU AND 5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NANCY HOUGLAND | JOA DTD 8/1/2018 (GILFER 21-15-1TFHU & 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NANCY O'DONNELL | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 09/29/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NANCY REESE BUSH | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | NANCY STROM | JOA (HAVELKA 14-17PH; 34-17PH; 44-17PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NANCY STROM | JOA (PAVLISH 31-30PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NATE KAUFMAN | JOA DTD 8/1/18 (PERIOT 44-20HU BPO) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NATIONAL FUEL LLC | JOA DATED MAY 1, 2012 ( PREWITT 26-35-1TFH ) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | NATIONAL OILWELL VARCO LP | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | NATIONAL OILWELL VARCO LP (ELITE POWER LLC)-5841 | ADDENDUM TO MASTER SERVICES AGREEMENT - EFFECTIVE 07/25/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | NATIVE ENERGY SOLUTIONS LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | NATURAL GAS SERVICES GROUP | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | NAVIGATOR OIL & MINERALS INC | JOA DTD 2/1/2019 (MOLINE 31-14-5TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NBL PERMIAN LLC | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ND ENERGY SERVICES | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ND OIL LLC | JOA DTD 3/1/18 (EARL 14-34-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ND OIL LLC | JOA DTD 5/1/18 (RENNERFELDT 41-3-5TFHU AND 5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NE2 CANADA INC. | GENERAL IT AGREEMENT | $3,029.25 |
| WHITING OIL AND GAS CORPORATION | NEAL & BONNIE MESSER | JOA (PRONGHORN FEDERAL 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NEAL & BONNIE MESSER | JOA DATED JULY 1, 2018 (PRONGHORN FEDERAL 41-14PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NEARBURG EXPLORATION CO LLC | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | NEIL BERGER AND AVIS BERGER | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/23/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NEIL GILLUND | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 06/18/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NELSON PANKOWSKI TRUST | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 01/10/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NELSON PANKOWSKI TRUST | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 07/30/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NELSON PANKOWSKI TRUST | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 07/30/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NELSON RANCHES INC | SURFACE AGREEMENT - WELD COUNTY, CO - DATED 11/01/1980 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NEMONT | PHONE/INTERNET AGREEMENT | $242.76 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | NEOINSULATION LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | NESET CONSULTING SERVICE INC | MASTER SERVICES AGREEMENT | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING PETROLEUM CORPORATION | NET JETS | PURCHASE OF 9.375% INTEREST IN CITATION SOVEREIGN AIRCRAFT | $0.00 |
| WHITING OIL AND GAS CORPORATION | NETJETS | FRACTIONAL PROGRAM AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | NETJETS | FRACTIONAL PROGRAM AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | NETJETS | LETTER AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | NETJETS | LETTER AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | NETJETS | NETJETS FRACTIONAL PROGRAM AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | NETSOURCE | IT NETWORK SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | NETWRIX CORPORATION | IT SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | NEURALOG | IT PRINTER/COPIER AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | NEWFIELD PRODUCTION COMPANY (DELETED) | ASSIGNMENT, ASSUMPTION AND NOVATION AGREEMEN - EFFECTIVE 04/01/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NEWFIELD PRODUCTION COMPANY (DELETED) | SEISMIC LICENSE AGREEMENT - EFFECTIVE 04/04/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NEWFIELD RMI LLC | JOA (THURLOW WILLIAMS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NEWFIELD RMI LLC | JOA DTD 11/01/81 (GAJEWSKI 5-18X) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NEWFIELD RMI LLC | JOA DTD 8/27/79 (E.B. GREEN) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | NEWKOTA SERVICES & RENTALS | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | NEWPORT MINERALS LLC | JOA DATED 9/1/11 (HELLING 31-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | NEWSCO INTERNATIONAL ENERGY | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | NGL SUPPLY CO. LTD. | NGL SALES CONTRACT | $0.00 |
| WHITING OIL AND GAS CORPORATION | NGL WATER SOLUTIONS DJ LLC-5562 | SALT WATER DISPOSAL AGREEMENT - EFFECTIVE 06/30/2015 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NGL WATER SOLUTIONS DJ LLC-5562 | SECOND AMENDMENT TO SALT WATER DISPOSAL AGREEMENT - EFFECTIVE 08/01/2015 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NICHOLAS CARR LAMBERT | JOA (PRONGHORN FEDERAL 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NICHOLAS CARR LAMBERT | JOA DATED JUNE 1, 2012 (WATTS 42-21-1HR) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NINE POINT ENERGY LLC | JOA (DWYER 150-101-35-26) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NINE POINT ENERGY LLC | JOA (GUSTAFSON 148-100-5-8-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NINE POINT ENERGY LLC | JOA (LARSON 149-100-9-4-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NINE POINT ENERGY LLC | JOA (ROVELSTAD 21-13HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NINE POINT ENERGY LLC | JOA DATED NOVEMBER 1, 2010 (JOHNSON 34-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NINE POINT ENERGY LLC | JOA DATED SEPTEMBER 1, 2011 (CURL 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NINE POINT ENERGY LLC | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NINE POINT ENERGY LLC | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NINE POINT ENERGY, LLC | JOA (DWYER 150-101-21-16-1H (OA)) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NISKU ROYALTY LP | FO - WESTPORT & EQUITY (FEDERAL 14-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NISKU ROYALTY LP | JOA DATED SEPTEMBER 1, 2005 (FEDERAL 14-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NMR HOLDINGS LLC | JOA DTD 4/29/81 (POLANCHEK #1-35 UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NMR HOLDINGS LLC | P1268 JOA BHP MEECH 12/82 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NMR HOLDINGS LLC | P1268 JOA PHILIPS 7/15/70 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NMR HOLDINGS LLC | P1268 JOA S.PORT 10/20/82 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | NOBLE CASING INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | NOBLE ENERGY INC | JOA-T9N R58W SECTION 4 LOTS 3, 4, S2NW4 - 8/1/11 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NOBLE ENERGY INC | OPERATING AGREEMENT - FISCUS MESA 9-10H | $0.00 |
| WHITING OIL AND GAS CORPORATION | NOBLE ENERGY WYCO LLC | JOA DTD 12/1/13 (RAZOR 26-23 UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NOBLE ENERGY WYCO LLC | JOA DTD 12/1/13 (RAZOR 26-35 UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NOBLE ENERGY, INC. | JOINT OPERATING AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | NOBLE ENERGY, INC. | JOINT OPERATING AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | NOBLE ENERGY, INC. | LETTER AGREEMENT NO. TS-13-0166 FOR THE KEOTA 345KV INTERCONNECTION PROJECT | $0.00 |
| WHITING OIL AND GAS CORPORATION | NOBLE ENERGY, INC. | ROAD MAINTENANCE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | NOMA F OLMSTED | SALT WATER DISPOSAL AGREEMENT - OUACHITA COUNTY, AR - DATED 10/21/1948 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORMAN CITIES SWD | SALT WATER DISPOSAL AGREEMENT - GAINES COUNTY, TX - DATED 03/01/2001 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORMAN E SONDROL AND MARLENE J SONDROL | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 08/29/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORRA RESOURCES LLC | JOA (TAYLOR 34-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORRA RESOURCES LLC | JOA DATED MARCH 1, 2012 (BUCKMAN 34-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTH ARM RESOURCE INC | JOA - FRANK 44-7PHU | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTH ARM RESOURCE INC | JOA (BUCKMAN 44-9PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTH ARM RESOURCE INC | JOA (HECKER 14-7PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTH ARM RESOURCE INC | JOA (OBRIGEWITCH 44-8PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTH ARM RESOURCE INC | JOA DTD 3/01/12 (SOLBERG 44-11PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTH ARM RESOURCE, INC | JOA DATED 2/1/12 (3J TRUST 34-8TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTH ARM RESOURCE, INC | JOINT OPERATING AGREEMENT FOR SOLBERG 34-11PH | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTH ARM RESOURCES, INC | JOA DATED MARCH 1, 2012 (BUCKMAN 34-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTH ARM RESOURCES, INC | JOA DATED OCTOBER 1, 2011 (FRANK 34-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | NORTH COUNTRY OIL | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTH DAKOTA BOARD OF | COMMUNICATION SITE - BILLINGS COUNTY, ND - DATED 03/15/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTH DAKOTA BOARD OF | SALT WATER DISPOSAL AGREEMENT - BILLINGS COUNTY, ND - DATED 02/04/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTH DAKOTA BOARD OF | SALT WATER DISPOSAL AGREEMENT - MCKENZIE COUNTY, ND - DATED 09/12/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTH DAKOTA BOARD OF | SALT WATER DISPOSAL AGREEMENT - MCKENZIE COUNTY, ND - DATED 09/20/2004 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTH DAKOTA BOARD OF | SALT WATER DISPOSAL AGREEMENT - WILLIAMS COUNTY, ND - DATED 06/14/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTH DAKOTA BOARD OF | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 06/18/2015 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTH DAKOTA BOARD OF | SURFACE USE & DAMAGE AGREEMENT - MOUNTRAIL COUNTY, ND - DATED 01/30/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTH DAKOTA BOARD OF | SURFACE USE & DAMAGE AGREEMENT - MOUNTRAIL COUNTY, ND - DATED 11/25/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTH DAKOTA BOARD OF | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 05/29/2014 | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | NORTH DAKOTA BOARD OF | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 09/07/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTH DAKOTA BOARD OF | WATER RIGHTS - STARK COUNTY, ND - DATED 10/25/1996 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTH DAKOTA DEPARTMENT OF TRANSPORTATION | PIPELINE CROSSING PERMIT - MOUNTRAIL COUNTY, ND - DATED 08/27/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTH DAKOTA DEPARTMENT OF TRANSPORTATION | ROAD CROSSING PERMIT - MOUNTRAIL COUNTY, ND - DATED 08/02/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTH DAKOTA DEPARTMENT OF TRANSPORTATION | ROAD CROSSING PERMIT - MOUNTRAIL COUNTY, ND - DATED 08/27/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTH DAKOTA DEPARTMENT OF TRANSPORTATION | ROAD CROSSING PERMIT - MOUNTRAIL COUNTY, ND - DATED 08/27/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTH DAKOTA DEPARTMENT OF TRANSPORTATION | ROAD CROSSING PERMIT - MOUNTRAIL COUNTY, ND - DATED 08/27/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTH DAKOTA DEPARTMENT OF TRANSPORTATION | ROAD CROSSING PERMIT - MOUNTRAIL COUNTY, ND - DATED 08/27/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTH DAKOTA DEPARTMENT OF TRANSPORTATION | ROAD CROSSING PERMIT - MOUNTRAIL COUNTY, ND - DATED 08/27/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTH DAKOTA DEPARTMENT OF TRANSPORTATION | ROAD CROSSING PERMIT - MOUNTRAIL COUNTY, ND - DATED 10/23/2009 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTH DAKOTA DEPARTMENT OF TRANSPORTATION | ROAD CROSSING PERMIT - MOUNTRAIL COUNTY, ND - DATED 12/31/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTH DAKOTA DEPT OF TRANSPORTATION | ROAD CROSSING PERMIT - WILLIAMS COUNTY, ND - DATED 07/15/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTH DAKOTA DEPT OF TRANSPORTATION | ROAD CROSSING PERMIT - WILLIAMS COUNTY, ND - DATED 07/15/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTH DAKOTA DEPT OF TRANSPORTATION | ROAD CROSSING PERMIT - WILLIAMS COUNTY, ND - DATED 07/15/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTH DAKOTA OF TRANSPORTATION | ROAD CROSSING PERMIT - MOUNTRAIL COUNTY, ND - DATED 09/15/2009 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTH DAKOTA STATE | SURFACE USE & DAMAGE AGREEMENT - BILLINGS COUNTY, ND - DATED 02/25/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTH DAKOTA STATE | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 02/17/2015 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | NORTH PLAINS CONSULTING | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING RESOURCES CORPORATION | NORTH PLAINS ENERGY, LLC | PSA LETTER AMENDMENT | $0.00 |
| WHITING RESOURCES CORPORATION | NORTH PLAINS ENERGY, LLC (AS SELLER) | PURCHASE AND SALE AGREEMENT (KODIAK AS BUYER) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENEGY | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 11-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY | JOA DATED JULY 15, 2008 (KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 11-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY | JOA DATED JUNE 1, 2008 (LACEY 11-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY | JOA DATED JUNE 1, 2008 (NESHEIM 1-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY | JOA DATED NOVEMBER 1, 2008 (LITTLEFIELD 11-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY | JOA DATED OCTOBER 1, 2008 (PETERSON 11-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA - CHAMELEON STATE 31-16HU | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA - OBRIGEWITCH 41-29PHU | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA (DULETSKI FEDERAL 34-11) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA (HAVELKA 21-15PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA (KESSEL 44-35PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA (LAROQUE 34-12H AND 34-12-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA (LINK 12-1H(OA)) ZENERGY INC | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA (OBRIGEWITCH 11-29PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA (OBRIGEWITCH 11-29PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA (OBRIGEWITCH 44-20PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA (PRONGHORN FEDERAL 34-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA (SOVIG 150-100-22C-15-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA (TALKINGTON FED 11-27PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED 12/1/11 (OBRIGEWITCH 21-16TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED APRIL 1, 2009 (BREHM 12-27-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED APRIL 1, 2009 (BREHM 12-27-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED APRIL 1, 2009 (BREHM 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED APRIL 1, 2009 (BREHM 13-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED APRIL 1, 2009 (HANSEN 44-28-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED APRIL 1, 2009 (HANSEN 44-28-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED APRIL 1, 2009 (HANSEN 44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED APRIL 1, 2009 (HANSEN 44-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED APRIL 1, 2009 (LEE 41-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED AUGUST 1, 2009 (DEAL 43-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED AUGUST 1, 2009 (JULIA TTT 34-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED AUGUST 1, 2009 (LAHTI 14-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED AUGUST 1, 2009 (LAHTI 24-22-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED AUGUST 1, 2009 (LAHTI 24-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED AUGUST 1, 2009 (LAUKALA 34-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED AUGUST 1, 2009 (NIEMI 44-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED AUGUST 1, 2009 (PLATT #43-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED AUGUST 1, 2009 (PLATT #44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED AUGUST 1, 2010 (CVANCARA 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED AUGUST 1, 2010 (CVANCARA 12-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED AUGUST 1, 2010 (CVANCARA 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED AUGUST 1, 2010 (CVANCARA 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED DECEMBER 1, 2011 (CARL KANNIANEN 22-32TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED DECEMBER 1, 2011 (KANNIANEN 22-32TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED DECEMBER 1, 2011 (KANNIANEN 22-32XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED FEBRUARY 1, 2010 (KLEFSTAD 24-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED FEBRUARY 1, 2010 (MEIERS 34-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED FEBRUARY 1, 2010 (MEIERS 43-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED FEBRUARY 1, 2010 (MEIERS 44-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD #41-12XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 14-13-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 14-13XH) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 41-12-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 41-12-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED FEBRUARY 1, 2011 (NESHEIM 11-24XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JANUARY 1, 2010 (RON OLSON 31-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JANUARY 1, 2011 (ARTHAUD 21-29TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JANUARY 1, 2011 (LILLIAN VIOLA 14-12TFX | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JANUARY 1, 2011 (TIISTO #14-12XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JANUARY 1, 2011 (WALDOCK FEDERAL 14-4-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JULY 1, 2011 (NESS 41-21-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JULY 1, 2011 (NESS 41-21-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JULY 1, 2011 (NESS 41-21XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JULY 15, 2008 (DOUG KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JULY 15, 2008 (KINNOIN 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JULY 15, 2008 (KINNOIN 41-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 12-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 13-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 21-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 21-31TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JULY 15TH, 2008 (NEWCOMB 12-31TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JULY 24, 2007 (DARYL LOCKEN 21-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JULY 24, 2007 (MCNAMARA 41-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JULY 24, 2007 (PAM LOCKEN 21-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JUNE 1, 2008 (LACEY 12-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JUNE 1, 2008 (LACEY 12-10TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JUNE 1, 2008 (LACEY 13-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JUNE 1, 2008 (LINDLEY 41-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JUNE 1, 2008 (LITTLEFIELD 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JUNE 1, 2008 (LITTLEFIELD 21-7-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JUNE 1, 2008 (LITTLEFIELD 21-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JUNE 1, 2008 (NESHEIM 13-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JUNE 1, 2008 (NESHEIM 21-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JUNE 1, 2008 (NESHEIM 41-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JUNE 1, 2008 (OLSON FEDERAL 42-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JUNE 1, 2008 (RODNEY OLSON FEDERAL 42-8-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JUNE 1, 2009 (CARKUFF 11-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JUNE 1, 2009 (LINDSETH 12-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JUNE 1, 2009 (ODDIE 44-7-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JUNE 1, 2009 (ODDIE 44-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JUNE 1, 2009 (STROBECK 12-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JUNE 1, 2009 (TIISTO 43-7-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED JUNE 1, 2009 (TIISTO 43-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED MAY 1, 2009 (FLADELAND 11-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED MAY 1, 2009 (KANNIANEN 11-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED MAY 1, 2009 (KANNIANEN 43-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED MAY 1, 2009 (KANNIANEN 43-31TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED MAY 1, 2010 (LOCKEN 14-9XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED MAY 1, 2010 (LOCKEN 43-8XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED MAY 1, 2010 (MOORE 14-7X) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED MAY 1, 2010 (RIGEL STATE 11-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED MAY 1, 2011 (BROWN #41-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED MAY 1, 2011 (BROWN 41-28-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED MAY 1, 2011 (BROWN 42-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED MAY 1, 2011 (LACEY #14-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED MAY 1, 2011 (LACEY 14-3-2TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED MAY 1, 2011 (LACEY 14-3TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED NOVEMBER 1, 2008 (LITTLEFIELD 21-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED NOVEMBER 1, 2008 (RUDMAN 11-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED NOVEMBER 1, 2010 (DIETZ 21-17TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED NOVEMBER 1, 2010 (ELMER BARTLESON 14-29TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED NOVEMBER 1, 2010 (ELSIE BARTLESON FEDERAL 14-29TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED NOVEMBER 1, 2010 (PETERSON 41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED NOVEMBER 1, 2010 (SMITH #14-29XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED NOVEMBER 1, 2011 (MAKI #41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED NOVEMBER 1, 2011 (MAKI 41-33-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED NOVEMBER 1, 2011 (MAKI 42-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED OCTOBER 1, 2008 (BREHM 11-4-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED OCTOBER 1, 2008 (BREHM 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED OCTOBER 1, 2008 (FOREMAN 11-4TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED OCTOBER 1, 2008 (FOREMAN 21-4TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED OCTOBER 1, 2008 (PENNINGTON 41-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED OCTOBER 1, 2008 (PENNINGTON FEDERAL 41-4TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED OCTOBER 1, 2010 (HOOVER #13-1TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED OCTOBER 1, 2010 (HOOVER #14-1TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED OCTOBER 1, 2010 (HOOVER #14-1XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED OCTOBER 1, 2010 (JONES 11-8-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED OCTOBER 1, 2010 (JONES 11-8XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 41-26-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 41-26XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED SEPTEMBER 1, 2009 (LAHTI 12-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED SEPTEMBER 1, 2009 (NESS 43-21H) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED SEPTEMBER 1, 2009 (NESS 44-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED SEPTEMBER 1, 2009 (NESS 44-21TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED SEPTEMBER 1, 2009 (SANISH BAY 42-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED SEPTEMBER 1, 2009 (SANISH BAY 42-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED SEPTEMBER 1, 2009 (SPRAGUE 42-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED SEPTEMBER 1, 2009 (SPRAGUE 42-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED SEPTEMBER 1, 2010 (LAHTI 31-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED SEPTEMBER 1, 2010 (LAHTI 41-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED SEPTEMBER 1, 2010 (NIEMITALO #31-15XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DATED SEPTEMBER 15, 2014 (VAN HOOK 132-1319H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DTD 1/01/12 (OBRIGEWITCH 41-16PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DTD 1/1/13 (KALDAHL 24, 34 & 44 AND MILLER 14-12 WELLS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DTD 10/1/2017 (CAVALLI STATE 34-9-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DTD 11/01/10 (LYDIA 41-14PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DTD 11/1/2018 (JACKMAN 34-11-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DTD 3/1/13 (SKOV 31-28-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DTD 5/1/2017 (JACKMAN 44-10 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOA DTD 8/1/18 (PERIOT 44-20HU BPO) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP | JOINT OPERATING AGREEMENT (CHAMELEON STATE 153-97-16-21-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORP. | JOA-AMES 15-32-1H (9ND222809) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORPORATION | JOA (JURGENS 34-12PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORPORATION | JOA (KUBAS 34-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORPORATION | JOA (TALKINGTON 21-30TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORPORATION | JOA (TALKINGTON FEDERAL 21-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORPORATION | JOA (TOMCHUK 21-30PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORPORATION | JOA DATED 10/1/11 (SOLBERG 34-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORPORATION | JOA DATED NOVEMBER 1, 2010 (LYDIA 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN ENERGY CORPORATION | JOA-WILDROSE 159-97-13-8-20-13H3 (9ND222813) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN IMPROVEMENT COMPANY | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 12/05/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN O&G | JOA DATED APRIL 1, 2008 (KANNIANEN 11-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN O&G | JOA DATED FEBRUARY 1, 2009 (BARTLESON 11-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN O&G | JOA DATED FEBRUARY 1, 2009 (FLADELAND 11-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN O&G | JOA DATED FEBRUARY 1, 2009 (LEE #11-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN O&G | JOA DATED JUNE 1, 2008 (LACEY 11-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN O&G | JOA DATED JUNE 1, 2008 (RICHARDSON FEDERAL 11-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN O&G | JOA DATED MAY 1, 2008 (ROGGENBUCK 11-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN O&G | JOA DATED NOVEMBER 1, 2008 (BARTLESON 11-32H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN O&G | JOA DATED SEPTEMBER 12, 2007 (PETERSON 11-34H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | FOJOA DATED SEPTEMBER 28, 2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA - CHAMELEON STATE 31-16HU | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA - FRANK 44-7PHU | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA - OBRIGEWITCH 41-29PHU | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA - PRIVRATSKY 44-21PHU | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA - REPLACEMENT (KUBAS 11-13TFH, KUBAS 34-12PH, KUBAS 12-13PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA (BINSTOCK 21-30TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA (BUCKMAN 44-9PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA (DIETZ 34-7PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA (DOLYNIUK 11-25PH; 21-25PH; 41-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA (DULETSKI FEDERAL 34-11) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA (FRICK 24-8-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA (HECKER 14-7PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA (KESSEL 44-35PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA (KOALA 44-5TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA (KOSTELECKY 11-28PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA (LINK 12-1H(OA)) ZENERGY INC | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA (LOOMER 44-33TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA (OBRIGEWITCH 11-29PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA (OBRIGEWITCH 11-29PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA (OBRIGEWITCH 44-20PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA (OBRIGEWITCH 44-8PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA (PAVLISH 31-30PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA (PERZINSKI FAMILY TRUST 34-19PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA (PRIVRATSKY 11-27PH, 21-27PH AND 41-27PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA (PRIVRATSKY 41-28PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA (PRONGHORN FEDERAL 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA (RIDL 34-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA (SNOWSHOE 30-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA (SOVIG 150-100-22C-15-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA (STENEHJEM 41-3HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA (TALKINGTON FEDERAL 21-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA (TOMCHUK 21-30PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA (WOLD 16-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA (ZALESKY 21-17PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA (ZALESKY 34-8PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA BTA OIL PRODUCERS, LLC (20711 MILDRED 94 #1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED 10/1/11 (SOLBERG 34-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED 12/1/11 (OBRIGEWITCH 21-16TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED 2/1/12 (3J TRUST 34-8TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED 2/1/12 (3J TRUST 34-8TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED 3/1/17 (HECKER 11-18PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED 9/1/10 (HECKER 21-18) (MASTEL 41-18) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED APRIL 1, 2008 (CARL KANNIANEN 21-4H) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED APRIL 1, 2008 (KANNIANEN 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED APRIL 1, 2008 (PATTEN 44-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED APRIL 1, 2008 (ROBERT PATTEN 44-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED APRIL 1, 2009 (BREHM 12-27-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED APRIL 1, 2009 (BREHM 12-27-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED APRIL 1, 2009 (BREHM 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED APRIL 1, 2009 (BREHM 13-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED APRIL 1, 2009 (HANSEN 44-28-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED APRIL 1, 2009 (HANSEN 44-28-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED APRIL 1, 2009 (HANSEN 44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED APRIL 1, 2009 (HANSEN 44-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED APRIL 1, 2009 (HAUGE 41-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED APRIL 1, 2009 (LEE 41-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED APRIL 1, 2009 (MURRAY 13-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED APRIL 1, 2009 (ROHDE 41-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED APRIL 1, 2009 (ROHDE 42-1TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED APRIL 1, 2009 (ROHDE 43-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED APRIL 1, 2009 (ROHDE 43-1TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED APRIL 1, 2009 (ROHDE 44-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED APRIL 1, 2009 (SMITH 34-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED APRIL 1, 2009 (SMITH 34-1TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED APRIL 1, 2009 (TOLLEFSON 44-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED APRIL 1, 2009 (VIOLA PENNINGTON 11-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED APRIL 15, 2010 (FROEHLICH 44-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED AUGUST 1, 2009 (BEN TTT 42-30TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED AUGUST 1, 2009 (JORGENSEN 11-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED AUGUST 1, 2009 (JORGENSEN 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED AUGUST 1, 2009 (JORGENSEN 31-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED AUGUST 1, 2009 (JULIA TTT 34-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED AUGUST 1, 2009 (LAHTI 14-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED AUGUST 1, 2009 (LAHTI 24-22-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED AUGUST 1, 2009 (LAHTI 24-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED AUGUST 1, 2009 (LAUKALA 34-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED AUGUST 1, 2009 (MAKI 11-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED AUGUST 1, 2009 (NIEMI 44-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED AUGUST 1, 2009 (RAY 12-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 41-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 42-16TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 44-9TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED AUGUST 1, 2010 (CVANCARA 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED AUGUST 1, 2010 (CVANCARA 12-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED AUGUST 1, 2010 (CVANCARA 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED AUGUST 1, 2010 (CVANCARA 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18-2TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED DECEMBER 1, 2011 (CARL KANNIANEN 22-32TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED DECEMBER 1, 2011 (KANNIANEN 22-32TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED DECEMBER 1, 2011 (KANNIANEN 22-32XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED DECEMBER 1, 2011 (MILDRED ROGGENBUCK 41-24TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED DECEMBER 1, 2011 (ROGGENBUCK 41-24XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED DECEMBER 1, 2011 (ROGGENBUCK FEDERAL 41-24TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED FEBRUARY 1, 2009 (BARTLESON 12-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED FEBRUARY 1, 2009 (BARTLESON 12-18TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED FEBRUARY 1, 2009 (BARTLESON 13-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED FEBRUARY 1, 2009 (ELLA FLADELAND 12-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED FEBRUARY 1, 2009 (ESTVOLD 41-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED FEBRUARY 1, 2009 (ESTVOLD 42-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED FEBRUARY 1, 2009 (ESTVOLD 44-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED FEBRUARY 1, 2009 (FLADELAND 11-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED FEBRUARY 1, 2009 (FLADELAND 21-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED FEBRUARY 1, 2009 (FLADELAND 31-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED FEBRUARY 1, 2009 (LACEY 12-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED FEBRUARY 1, 2009 (LEE FEDERAL 12-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED FEBRUARY 1, 2009 (LIONELD FLADELAND 12-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED FEBRUARY 1, 2009 (SATTERTHWAITE 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED FEBRUARY 1, 2009 (SATTERTHWAITE 13-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED FEBRUARY 1, 2009 (S-BAR 11-7-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED FEBRUARY 1, 2009 (S-BAR 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED FEBRUARY 1, 2009 (S-BAR 11-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED FEBRUARY 1, 2009 (SMITH 41-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED FEBRUARY 1, 2009 (SMITH 44-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED FEBRUARY 1, 2009 (URAN 43-17-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED FEBRUARY 1, 2009 (URAN 43-17H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED FEBRUARY 1, 2010 (KLEFSTAD 24-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED FEBRUARY 1, 2010 (MEIERS 34-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED FEBRUARY 1, 2010 (MEIERS 43-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED FEBRUARY 1, 2010 (MEIERS 44-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED FEBRUARY 1, 2012 (CYMBALUK 21-15PH) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED FEBRUARY 1, 2012 (FROEHLICH 21-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED JANUARY 1, 2011 (ARTHAUD 21-29TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED JANUARY 1, 2011 (WALDOCK FEDERAL 14-4-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED JANUARY 1, 2012 (AMY TTT 42-30XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED JANUARY 1, 2012 (BRADY TTT 42-30XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED JANUARY 1, 2012 (JOY TTT 42-30XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED JANUARY 1, 2012 (THERESA TTT 41-30TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED JANUARY 1, 2013 (P EVITT 154-98-13-12-2-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED JANUARY 15, 2006 (ALLISON 14-6H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED JANUARY 15, 2006 (BARB W 11-6TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED JANUARY 15, 2006 (BENDER 14-6) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED JANUARY 15, 2006 (EARL T 11-6TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED JANUARY 15, 2006 (JB 11-6TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED JULY 1, 2010 (MANN 21-18TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED JULY 1, 2018 (PRONGHORN FEDERAL 41-14PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED JUNE 1, 2008 (ANNA BARTLESON 44-20-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED JUNE 1, 2008 (BARTLESON 11-19-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED JUNE 1, 2008 (BARTLESON 44-20H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED JUNE 1, 2008 (DISHMAN 13-19-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED JUNE 1, 2008 (DISHMAN 13-19H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED JUNE 1, 2008 (DISHMAN 13-19TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED JUNE 1, 2008 (LACEY 12-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED JUNE 1, 2008 (LACEY 12-10TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED JUNE 1, 2008 (LACEY 13-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED JUNE 1, 2008 (OLSON FEDERAL 42-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED JUNE 1, 2008 (RODNEY OLSON FEDERAL 42-8-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED JUNE 1, 2008 (URAN 12-19TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED JUNE 1, 2009 (BRITTANY TTT 13-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED JUNE 1, 2009 (DANITA TTT 21-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED JUNE 1, 2009 (MATT TTT 13-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED JUNE 1, 2009 (RAMONA TTT 12-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED JUNE 1, 2009 (REMINGTON TTT 41-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED JUNE 1, 2009 (SAVANNAH TTT 41-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED JUNE 1, 2009 (TTT RANCH 11-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED JUNE 1, 2009 (TTT RANCH 11-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED JUNE 1, 2009 (TTT RANCH 12-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED JUNE 1, 2009 (TTT RANCH 21-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED JUNE 11, 2011 (DRS FEDERAL 24-24TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED MARCH 1, 2011 (BREHM 42-35-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED MARCH 1, 2011 (BREHM 42-35-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED MARCH 1, 2012 (BUCKMAN 34-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED MARCH 1, 2012 (BUCKMAN 34-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED MAY 1, 2008 (BARTLESON 34-30TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED MAY 1, 2008 (BARTLESON 44-30) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED MAY 1, 2008 (ROGGENBUCK 11-25-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED MAY 1, 2008 (ROGGENBUCK 11-25-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED MAY 1, 2008 (ROGGENBUCK 11-25-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED MAY 1, 2008 (ROGGENBUCK 11-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED MAY 1, 2008 (ROGGENBUCK 21-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED MAY 1, 2008 (ROGGENBUCK 21-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED MAY 1, 2008 (SMITH 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED MAY 1, 2009 (FLADELAND 11-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED MAY 1, 2009 (KANNIANEN 11-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED MAY 1, 2009 (KANNIANEN 43-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED MAY 1, 2009 (KANNIANEN 43-31TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED MAY 1, 2010 (LOCKEN 14-9XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED MAY 1, 2010 (LOCKEN 43-8XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED MAY 1, 2010 (RIGEL STATE 11-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED MAY 1, 2011 (LACEY #14-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED MAY 1, 2011 (LACEY 14-3-2TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED MAY 1, 2011 (LACEY 14-3TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED MAY 1, 2011 (PRONGHORN FEDERAL 21-13TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED NOVEMBER 1, 2008 (KNIFE RIVER STATE FEDERAL 12-32TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED NOVEMBER 1, 2008 (KNIFE RIVER STATE FEDERAL 13-32H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED NOVEMBER 1, 2008 (KNIFE RIVER STATE FEDERAL 13-32TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED NOVEMBER 1, 2008 (STATE 12-32H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED NOVEMBER 1, 2009 (HOLMBERG 44-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED NOVEMBER 1, 2009 (HOLMBERG 44-24TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED NOVEMBER 1, 2009 (MEIERS 11-17H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED NOVEMBER 1, 2009 (MEIERS 12-17H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED NOVEMBER 1, 2009 (MEIERS 44-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED NOVEMBER 1, 2009 (MEIERS 44-18TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED NOVEMBER 1, 2009 (ROGGENBUCK 34-24-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED NOVEMBER 1, 2009 (ROGGENBUCK 34-24-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED NOVEMBER 1, 2009 (ROGGENBUCK 34-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED NOVEMBER 1, 2009 (ROGGENBUCK 34-24TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED NOVEMBER 1, 2009 (ROGGENBUCK 43-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED NOVEMBER 1, 2009 (SCOTT MEIERS 12-17TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED NOVEMBER 1, 2010 (DIETZ 21-17TFH) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED NOVEMBER 1, 2010 (ELMER BARTLESON 14-29TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED NOVEMBER 1, 2010 (ELSIE BARTLESON FEDERAL 14-29TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED NOVEMBER 1, 2010 (LACEY 11-12TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED NOVEMBER 1, 2010 (LACEY 43-2TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED NOVEMBER 1, 2010 (OBRIGEWITCH 21-17TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED NOVEMBER 1, 2010 (PETERSON 41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED NOVEMBER 1, 2010 (SMITH #14-29XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED NOVEMBER 1, 2011 (SATTERTHWAITE 14-7TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED NOVEMBER 1, 2011 (S-BAR 14-7TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED NOVEMBER 1, 2011 (S-BAR 14-7XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED NOVEMBER 1, 2012 (NESS 41-31XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED OCTOBER 1, 2009 (FLADELAND 41-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED OCTOBER 1, 2009 (FLADELAND 42-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED OCTOBER 1, 2009 (FLADELAND 43-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED OCTOBER 1, 2009 (FLADELAND 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED OCTOBER 1, 2009 (WARDEN 43-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED OCTOBER 1, 2011 (FRANK 34-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED OCTOBER 1, 2011 (FRANK 34-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 11-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 21-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 41-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED SEPTEMBER 1, 2009 (CARKUFF 13-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED SEPTEMBER 1, 2009 (HOLLINGER 11-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED SEPTEMBER 1, 2009 (HOLLINGER 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED SEPTEMBER 1, 2009 (IVERSON 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED SEPTEMBER 1, 2009 (IVERSON 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED SEPTEMBER 1, 2009 (IVERSON 31-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED SEPTEMBER 1, 2009 (IVERSON 41-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED SEPTEMBER 1, 2009 (MOORE 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED SEPTEMBER 1, 2009 (SATTERTHWAITE 43-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED SEPTEMBER 1, 2009 (SATTERTHWAITE 44-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED SEPTEMBER 1, 2009 (S-BAR 12-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED SEPTEMBER 1, 2009 (S-BAR 13-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED SEPTEMBER 1, 2009 (S-BAR 13-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED SEPTEMBER 1, 2009 (S-BAR 21-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED SEPTEMBER 1, 2009 (S-BAR 21-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED SEPTEMBER 1, 2010 (LAHTI 31-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED SEPTEMBER 1, 2010 (LAHTI 41-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED SEPTEMBER 1, 2010 (NIEMITALO #31-15XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED SEPTEMBER 1, 2010 (OJA #14-27XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED SEPTEMBER 1, 2010 (OJA 13-27-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED SEPTEMBER 1, 2010 (OJA 13-27-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED SEPTEMBER 12, 2007 (BREHM 42-35H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED SEPTEMBER 12, 2007 (PETERSON 34-35H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED SEPTEMBER 12, 2007 (PETERSON 34-35TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DATED SEPTEMBER 12, 2007 (PETERSON 43-35TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DTD 03/01/14 (DOLYNIUK 21-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DTD 1/01/12 (OBRIGEWITCH 41-16PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DTD 1/1/13 (KALDAHL 24, 34 & 44 AND MILLER 14-12 WELLS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DTD 10/1/18 (BERG TRUST 34-22-TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DTD 10/1/2017 (CAVALLI STATE 34-9-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DTD 10/1/2017 (NELSON 11-18-2TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DTD 11/01/10 (LYDIA 41-14PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DTD 11/1/2017 (FLINT 41-5-1HU & 6TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DTD 11/1/2018 (JACKMAN 34-11-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DTD 12/15/10 (BRUENI 21-16TFH UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DTD 2/1/18 (RENNERFELDT 14-34-1HU AND 6TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DTD 2/1/2019 (MOLINE 31-14-5TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DTD 3/01/12 (SOLBERG 44-11PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DTD 3/1/18 (EARL 14-34-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DTD 3/1/2019 (MARTELL 34-36HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DTD 4/1/2017 (NELSON 11-18-2TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DTD 5/1/2015 (P BIBLER 155-99-16-31-7-16H3A) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DTD 5/1/2017 (JACKMAN 44-10 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DTD 7/1/18 (MOEN 41-2-6HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DTD 7/1/2017 (VANCE 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DTD 8/1/18 (PERIOT 44-20HU BPO) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DTD 8/1/2018 (GILFER 21-15-1TFHU & 1HU) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DTD 9/01/10 (MASTEL 41-18TFH UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOA DTD 9/28/10 (BRUENI 28-1H UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOINT OPERATING AGREEMENT - TARPON FEDERAL 21-4H | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOINT OPERATING AGREEMENT (CHAMELEON STATE 153-97-16-21-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOINT OPERATING AGREEMENT FOR SOLBERG 34-11PH | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC | JOINT OPERATING AGREEMENT FOR SOLBERG 34-11PH | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC AND | JOA DTD 11/1/18 (KNUT BERG TRUST 41-28 HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHERN OIL & GAS INC. | JOA DTD 11/1/11 (SMOKEY 16-20-32-15H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | NORTHERN OILFIELD SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | NORTHERN PUMP & COMPRESS INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | NORTHERN STATES COMPLETIONS | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | NORTHERN STATES FISHING TOOL | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | NORTHERN VALLEY ELECTRICAL | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHLAND ROYALTY CORP | JOA DTD 11/1/2018 (JACKMAN 34-11-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHLAND ROYALTY CORP | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHLAND ROYALTY CORP | JOA DTD 5/1/2017 (JACKMAN 44-10 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHSTAR PROD & LAND LLC | JOA DATED APRIL 1, 2009 (BREHM 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHSTAR PROD & LAND LLC | JOA DATED APRIL 1, 2009 (BREHM 13-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHSTAR PROD & LAND LLC | JOA DATED APRIL 1, 2009 (HANSEN 44-28-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHSTAR PROD & LAND LLC | JOA DATED APRIL 1, 2009 (HANSEN 44-28-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHSTAR PROD & LAND LLC | JOA DATED APRIL 1, 2009 (HANSEN 44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHSTAR PROD & LAND LLC | JOA DATED APRIL 1, 2009 (HANSEN 44-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHSTAR PROD & LAND LLC | JOA DATED APRIL 1, 2009 (LEE 41-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHSTAR PROD & LAND LLC | JOA DATED NOVEMBER 1, 2010 (ELMER BARTLESON 14-29TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHSTAR PROD & LAND LLC | JOA DATED NOVEMBER 1, 2010 (ELSIE BARTLESON FEDERAL 14-29TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHSTAR PROD & LAND LLC | JOA DATED NOVEMBER 1, 2010 (PETERSON 41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHSTAR PROD & LAND LLC | JOA DATED NOVEMBER 1, 2010 (SMITH #14-29XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHWEST COMMUNICATIONS COOP | PHONE/INTERNET AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | NORTHWEST COMMUNICATIONS COOP | PHONE/INTERNET AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | NORTHWEST WATER TRANSFER LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | NOVA ENERGY LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | NOVA ENERGY, LLC | CONTRACT LABOR PROVIDER | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | NOVA OILFIELD SERVICES INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | NOVASPECT INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | NOW WOGC | JOA DATED OCTOBER 1, 2008 (NIEMITALO 11-35H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | NP RESOURCES LLC | CONTRACT LABOR PROVIDER | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | NP RESOURCES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | NR CONSTRUCTION | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | NUTANIX INC | IT SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | NUTANIX INC | IT SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | O BRANNAN ENERGY CORP | JOA (DIETZ 34-7PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | O BRANNAN ENERGY CORP | JOA (THURLOW WILLIAMS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | O BRYANT & HELOISE LEWIS | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 04/05/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION | O BRYANT LEWIS AND HELOISE CARTER LEWIS | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 06/16/2005 | $0.00 |
| WHITING PETROLEUM CORPORATION | O2 GROUP | WEBSITE DEVELOPMENT AGENCY AGREEMENT | $2,182.09 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | OASIS EMISSION CONSULTANTS INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | OASIS PETROLEUM NA LLC | JOA (JOHNSRUD 1-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OASIS PETROLEUM NA LLC | JOA (SYVERSON 16-34H) (SM ENERGY) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OASIS PETROLEUM NA LLC | JOA DATED APRIL 1, 2012 (IVERSON BROS #24-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OASIS PETROLEUM NA LLC | JOA DATED FEBRUARY 1, 2012 (KARAMOJO 2-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OASIS PETROLEUM NA LLC | JOA DATED MARCH 1, 2012 (DOUBLE BAR M 24-32H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OASIS PETROLEUM NA LLC | JOA DTD 04/01/17 (ANNA 14-8-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OASIS PETROLEUM NA LLC | JOA DTD 2/1/2019 (MOLINE 31-14-5TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OASIS PETROLEUM NORTH AMERICA LLC | JOA (BRAY 5301 UNIT) OASIS PETROLEUM | $0.00 |
| WHITING OIL AND GAS CORPORATION | OASIS PETROLEUM NORTH AMERICA LLC | JOA (CAPSTICK 2-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OASIS PETROLEUM NORTH AMERICA LLC | JOA (STEWART 5200 UNIT) OASIS PETROLEUM | $0.00 |
| WHITING OIL AND GAS CORPORATION | OASIS PETROLEUM NORTH AMERICA LLC | JOA DATED MARCH 1, 2016 (ARLYSS 5601 14-26T) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OASIS PETROLEUM NORTH AMERICA LLC | JOA DATED MARCH 1, 2016 (DALE 5601 14-26B) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OASIS PETROLEUM NORTH AMERICA LLC | JOA DATED MARCH 1, 2016 (LOGAN 5601 11-26 7B) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OASIS PETROLEUM NORTH AMERICA LLC | JOA DATED MARCH 1, 2016 (LOGAN 5601 11-26 8T) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OASIS PETROLEUM NORTH AMERICA LLC | JOA DATED MARCH 1, 2016 (LOGAN 5601 13-26 4T) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OASIS PETROLEUM NORTH AMERICA LLC | JOA DATED MARCH 1, 2016 (LOGAN 5601 13-26 5B) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OASIS PETROLEUM NORTH AMERICA LLC | JOA DATED MARCH 1, 2016 (LOGAN 5601 42-35H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OASIS PETROLEUM NORTH AMERICA LLC | JOA DATED OCTOBER 1, 2012 (DISHON 1-30H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OASIS PETROLEUM NORTH AMERICA LLC | JOA DATED SEPTEMBER 1, 2015 (THOMPSON 5601 43-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OASIS PETROLEUM NORTH AMERICA LLC | JOA DTD 7/1/2011 (BRAY 5301 43-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OASIS PETROLEUM NORTH AMERICAN LLC | PURCHASE AND SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | OBRIEN RESOURCES | JOA DATED APRIL 1, 2008 (KANNIANEN 11-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OBRIEN RESOURCES | JOA DATED JUNE 1, 2008 (RICHARDSON FEDERAL 11-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OBRIEN RESOURCES LLC | JOA (FRICK 24-8-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OBRIEN RESOURCES LLC | JOA (RJ MOEN 41-26HU) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | OBRIEN RESOURCES LLC | JOA DATED APRIL 1, 2008 (CARL KANNIANEN 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OBRIEN RESOURCES LLC | JOA DATED APRIL 1, 2008 (KANNIANEN 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OBRIEN RESOURCES LLC | JOA DATED APRIL 1, 2008 (PATTEN 44-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OBRIEN RESOURCES LLC | JOA DATED APRIL 1, 2008 (ROBERT PATTEN 44-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OBRIEN RESOURCES LLC | JOA DATED AUGUST 1, 2010 (CVANCARA 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OBRIEN RESOURCES LLC | JOA DATED AUGUST 1, 2010 (CVANCARA 12-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OBRIEN RESOURCES LLC | JOA DATED AUGUST 1, 2010 (CVANCARA 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OBRIEN RESOURCES LLC | JOA DATED AUGUST 1, 2010 (CVANCARA 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OBRIEN RESOURCES LLC | JOA DATED FEBRUARY 1, 2010 (KLEFSTAD 24-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OBRIEN RESOURCES LLC | JOA DATED FEBRUARY 1, 2010 (MEIERS 34-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OBRIEN RESOURCES LLC | JOA DATED FEBRUARY 1, 2010 (MEIERS 43-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OBRIEN RESOURCES LLC | JOA DATED FEBRUARY 1, 2010 (MEIERS 44-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OBRIEN RESOURCES LLC | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OBRIEN RESOURCES LLC | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OBRIEN RESOURCES LLC | JOA DATED JANUARY 1, 2011 (WALDOCK FEDERAL 14-4-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OBRIEN RESOURCES LLC | JOA DATED JUNE 1, 2008 (OLSON FEDERAL 42-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OBRIEN RESOURCES LLC | JOA DATED JUNE 1, 2008 (RODNEY OLSON FEDERAL 42-8-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OBRIEN RESOURCES LLC | JOA DATED MAY 1, 2010 (LOCKEN 14-9XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OBRIEN RESOURCES LLC | JOA DATED MAY 1, 2010 (LOCKEN 43-8XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OBRIEN RESOURCES LLC | JOA DATED MAY 1, 2010 (RIGEL STATE 11-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OBRIEN RESOURCES LLC | JOA DTD 11/1/18 (KNUT BERG TRUST 41-28 HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OCCIDENTAL ENERGY MARKETING, INC. | NON-CORE TRUCKED OIL SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ODESSA PUMPS & EQUIPMENT INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | OFFICE OF NATURAL RESOURCES REVENUE | COMPENSATORY ROYALTY - BILLINGS COUNTY, ND - DATED 05/01/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | OFFICE OF NATURAL RESOURCES REVENUE | COMPENSATORY ROYALTY - BILLINGS COUNTY, ND - DATED 05/01/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | OFFICE OF NATURAL RESOURCES REVENUE | COMPENSATORY ROYALTY - BILLINGS COUNTY, ND - DATED 06/01/1998 | $0.00 |
| WHITING OIL AND GAS CORPORATION | OFFICE OF NATURAL RESOURCES REVENUE | COMPENSATORY ROYALTY - BILLINGS COUNTY, ND - DATED 08/01/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | OFFICE OF NATURAL RESOURCES REVENUE | COMPENSATORY ROYALTY - STARK COUNTY, ND - DATED 02/01/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | OFFICE OF NATURAL RESOURCES REVENUE | COMPENSATORY ROYALTY - STARK COUNTY, ND - DATED 02/01/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | OFFICE OF NATURAL RESOURCES REVENUE | COMPENSATORY ROYALTY - STARK COUNTY, ND - DATED 09/01/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | OFFICE OF NATURAL RESOURCES REVENUE | COMPENSATORY ROYALTY - STARK COUNTY, ND - DATED 10/01/2008 | $0.00 |
| WHITING OIL AND GAS CORPORATION | OFFICE OF THE STATE ENGINEER | SURFACE AGREEMENT - BILLINGS COUNTY, ND - DATED 04/16/1999 | $0.00 |
| WHITING OIL AND GAS CORPORATION | OFFICE OF THE STATE ENGINEER | SURFACE AGREEMENT - BILLINGS COUNTY, ND - DATED 10/28/1987 | $0.00 |
| WHITING OIL AND GAS CORPORATION | OGR BAKKEN RESOURCES LLC | JOA (DIETZ 34-7PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OGR BAKKEN RESOURCES LLC | JOA (RIDL 34-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OGR BAKKEN RESOURCES LLC | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OGR BAKKEN RESOURCES LLC | JOA (ZALESKY 34-8PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OGR BAKKEN RESOURCES LLC | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OGR BAKKEN RESOURCES, LLC | JOA (BINSTOCK 21-30TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OGR BAKKEN RESOURCES, LLC | JOA (TALKINGTON 21-30TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OIL INDIA USA INC | JOA DTD 12/1/13 (RAZOR 26-23 UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OIL INDIA USA INC | JOA DTD 12/1/13 (RAZOR 26-35 UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OIL INDIA USA INC | JOA DTD 8/1/13 (RAZOR 34-27 UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | OIL SPILL CLEAN UP INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | OIL STATES ENERGY SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | OILFIELD LABS OF AMERICA, LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | OKREEK OIL AND GAS LLC | JOA DATED JUNE 1, 2012 (WATTS 42-21-1HR) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OLD CROW INVESTMENTS LLC | JOA DATED 3/1/17 (HECKER 11-18PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OLD CROW INVESTMENTS LLC | JOA DTD 9/01/10 (MASTEL 41-18TFH UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OLE BORSETH FAMILY TRUST | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 08/18/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | OLE JOHNSON | JOA DTD 8/1/18 (PERIOT 44-20HU BPO) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OLEN BEAN JR | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 08/26/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | OLSON ROUSTABOUT INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ONENECK IT SOLUTIONS LLC | DATA CENTER LEASE AGREEMENT | $7,518.03 |
| WHITING OIL AND GAS CORPORATION | ONENECK IT SOLUTIONS LLC | DATA CENTER LEASE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | ONEOK | GAS SALES CONTRACT | $0.00 |
| WHITING PETROLEUM CORPORATION | ONEOK | GAS SALES CONTRACT | $0.00 |
| WHITING PETROLEUM CORPORATION | ONEOK FIELD SERVICES COMPANY, L.L.C. | GUARANTEE AGREEMENT | $0.00 |
| WHITING RESOURCES CORPORATION | ONEOK ROCKIES MIDSTREAM LLC | GAS G&P AGREEMENT- POP FEE | $0.00 |
| WHITING OIL AND GAS CORPORATION | ONEOK ROCKIES MIDSTREAM LLC | LETTER COMMITMENT WITH MVC FOR IVERSON WELLS | $0.00 |
| WHITING OIL AND GAS CORPORATION | ONEOK ROCKIES MIDSTREAM, L.L.C. | GAS G&P AGREEMENT- VARIABLE FIXED FEE | $0.00 |
| WHITING PETROLEUM CORPORATION | ONEOK ROCKIES MIDSTREAM, L.L.C. | GUARANTEE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ONEOK ROCKIES MIDSTREAM, LLC | GAS G&P AGREEMENT- FIXED FEE | $0.00 |
| WHITING OIL AND GAS CORPORATION | ONEOK ROCKIES MIDSTREAM, LLC | GAS G&P AGREEMENT- POP FEE | $0.00 |
| WHITING OIL AND GAS CORPORATION | ONEOK ROCKIES MIDSTREAM, LLC PREVIOUSLY BEAR PAW ENERGY, LLC | GAS G&P AGREEMENT- POP FEE | $0.00 |
| WHITING OIL AND GAS CORPORATION | ONEOK ROCKIES MIDSTREAM, LLC PREVIOUSLY BEAR PAW ENERGY, LLC | GAS G&P AGREEMENT- POP FEE | $0.00 |
| WHITING PETROLEUM CORPORATION | ONSOLVE | CRISIS COMMUNICATIONS LICENSING AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | ONSOLVE | ONSOLVE SOFTWARE RENEWAL (SAAS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ONSOLVE LLC | SOFTWARE SUBSCRIPTION - EFFECTIVE 05/02/2020 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ONSOLVE, LLC | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | OPSAL ENERGY INC | JOA (KESSEL 11-26PH; 21-26PH; 41-26PH) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | ORACLE AMERICA INC | SOFTWARE MAINTENANCE AGREEMENT - EFFECTIVE 03/24/2020 | $0.00 |
| WHITING PETROLEUM CORPORATION | ORACLE AMERICA, INC. | GENERAL IT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORACLE AMERICA, INC. | IT SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORACLE AMERICA, INC. | IT SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORACLE USA INC | SOFTWARE LICENSE AGREEMENT - EFFECTIVE 08/01/2007 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORRION ENERGY LLC | JOINT OPERATING AGREEMENT (CHAMELEON STATE 153-97-16-21-1H) | $0.00 |
| WHITING RESOURCES CORPORATION | ORRION ENERGY, LLC (AS STATOIL OIL & GAS LP) | TOLLING AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORVILLE ERICKSON | JOA DATED NOVEMBER 1, 2008 (LITTLEFIELD 11-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORVILLE M ERICKSON | JOA - CHAMELEON STATE 31-16HU | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORVILLE M ERICKSON | JOA (FRICK 24-8-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORVILLE M ERICKSON | JOA (LOOMER 44-33TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORVILLE M ERICKSON | JOA (WOLD 16-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORVILLE M ERICKSON | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD #41-12XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORVILLE M ERICKSON | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 14-13-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORVILLE M ERICKSON | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 14-13XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORVILLE M ERICKSON | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 41-12-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORVILLE M ERICKSON | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 41-12-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORVILLE M ERICKSON | JOA DATED FEBRUARY 1, 2011 (NESHEIM 11-24XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORVILLE M ERICKSON | JOA DATED JANUARY 1, 2013 (P EVITT 154-98-13-12-2-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORVILLE M ERICKSON | JOA DATED MARCH 1, 2008 (OPPEBOEN 12-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORVILLE M ERICKSON | JOA DATED MARCH 1, 2008 (OPPEBOEN 14-5WH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORVILLE M ERICKSON | JOA DATED MARCH 1, 2008 (OPPEBOEN 21-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORVILLE M ERICKSON | JOA DATED MARCH 1, 2008 (OPPEBOEN 21-5TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORVILLE M ERICKSON | JOA DATED MARCH 1, 2008 (STRAND 11-5TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORVILLE M ERICKSON | JOA DATED NOVEMBER 1, 2008 (LITTLEFIELD 21-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORVILLE M ERICKSON | JOA DATED NOVEMBER 1, 2008 (RUDMAN 11-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORVILLE M ERICKSON | JOA DTD 1/1/2016 (P BIBLER 155-99-16-31-30-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORVILLE M ERICKSON | JOA DTD 10/1/17 (BIBLER 41-5-1HU AND 6TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORVILLE M ERICKSON | JOA DTD 10/1/2017 (NELSON 11-18-2TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORVILLE M ERICKSON | JOA DTD 11/1/2017 (FLINT 41-5-1HU & 6TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORVILLE M ERICKSON | JOA DTD 11/1/2018 (JACKMAN 34-11-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORVILLE M ERICKSON | JOA DTD 2/1/18 (RENNERFELDT 14-34-1HU AND 6TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORVILLE M ERICKSON | JOA DTD 3/1/18 (EARL 14-34-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORVILLE M ERICKSON | JOA DTD 4/1/2017 (NELSON 11-18-2TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORVILLE M ERICKSON | JOA DTD 5/1/18 (RENNERFELDT 41-3-5TFHU AND 5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORVILLE M ERICKSON | JOA DTD 5/1/2015 (P BIBLER 155-99-16-31-7-16H3A) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORVILLE M ERICKSON | JOA DTD 5/1/2017 (JACKMAN 44-10 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORVILLE M ERICKSON | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORVILLE M ERICKSON | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORVILLE M ERICKSON | JOA DTD 7/1/2017 (VANCE 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORVILLE M ERICKSON | JOA DTD 8/1/2018 (GILFER 21-15-1TFHU & 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORVILLE M. ERICKSON | JOA DATED MARCH 1, 2008 (STENSETH TRUST 11-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ORVILLE M. ERICKSON | JOA DTD 5/1/18 (RENNERFELDT 41-3-1HU AND 6TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OSO CAPITAL II LP | JOA (PERZINSKI FAMILY TRUST 34-19PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | OTI ELECTRICAL SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | OTIS ONE LLC | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | OUTDOOR ENTOURAGE INC | JOA DTD 11/1/2017 (FLINT 41-5-1HU & 6TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OUTDOOR ENTOURAGE INC | JOA DTD 2/1/2019 (MOLINE 31-14-5TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OUTDOOR ENTOURAGE INC | JOA DTD 3/1/18 (EARL 14-34-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OUTDOOR ENTOURAGE INC | JOA DTD 8/1/2018 (GILFER 21-15-1TFHU & 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | OUTLAW WELL SERVICE INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | OVINTINV USA INC | JOA DTD 1/1/13 (KALDAHL 24, 34 & 44 AND MILLER 14-12 WELLS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OVINTIV EXPLORATION INV | GAS CONDITIONING EQUIPMENT - HELLANDSAAS 9P | $0.00 |
| WHITING OIL AND GAS CORPORATION | OVINTIV EXPLORATION INV | JOA DTD 10/1/18 (BERG TRUST 34-22-TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OXY | GAVIOTA GAS PLANT COMPANY PARTNERSHIP AGREEMENT FOR OWNERSHIP OF FACILITIES | $0.00 |
| WHITING OIL AND GAS CORPORATION | OYHUS LAND COMPANY | SURFACE AGREEMENT - BILLINGS COUNTY, ND - DATED 06/02/1994 | $0.00 |
| WHITING OIL AND GAS CORPORATION | OZARK EXPLORATION | JOA DTD 3/11/85 (NIELSEN #1 - WHZ UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | OZARK EXPLORATION | RATIFICATION OF UNIT OPERATING AGREEMENT WEST REEVES UNIT | $0.00 |
| WHITING OIL AND GAS CORPORATION | P & S FETTIG ENTERPRISES LLC | JOA - CHAMELEON STATE 31-16HU | $0.00 |
| WHITING OIL AND GAS CORPORATION | P & S FETTIG ENTERPRISES LLC | JOA (FRICK 24-8-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | P & S FETTIG ENTERPRISES LLC | JOA (WOLD 16-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | P L SWAN ESTATE | JOA DATED NOVEMBER 1, 2010 (DIETZ 21-17TFH) | $0.00 |
| WHITING PETROLEUM CORPORATION | P2 ENERGY SOLUTIONS | MERRICK PROCOUNT | $0.00 |
| WHITING OIL AND GAS CORPORATION | P2ES HOLDINGS LLC | IT LICENSE AGREEMENT - BOLO | $0.00 |
| WHITING OIL AND GAS CORPORATION | P2ES HOLDINGS LLC | MASTER SERVICE AGREEMENT - EFFECTIVE 10/08/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | P2ES HOLDINGS LLC | SOFTWARE SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | P2ES HOLDINGS, INC. | IT SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | PACE ANALYTICAL SERVICES INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PACKARD PRODUCTION LLC | JOINT OPERATING AGREEMENT (KOALA 14-32HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PACSEIS, INC. | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PAGE PETROLEUM LLC | JOA DTD 11/1/18 (KNUT BERG TRUST 41-28 HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PALACE | FO-ZAVANNA LLC / SPRING CREEK / PALACE - EFF 6/3/10 | $0.00 |
| WHITING OIL AND GAS CORPORATION | PALADIN INC | JOA (KESSEL 11-26PH; 21-26PH; 41-26PH) | $0.00 |
| WHITING PETROLEUM CORPORATION | PALO ALTO NETWORKS | IT NETWORK SUPPORT AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | PALO ALTO NETWORKS | IT NETWORK SUPPORT AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | PALO ALTO NETWORKS | IT NETWORK SUPPORT AGREEMENT | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | PANHANDLE COOPERATIVE | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PANTERRA PETROLEUM | SALT WATER DISPOSAL AGREEMENT - MCKENZIE COUNTY, ND - DATED 05/01/1998 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | PANTHER INSPECTION | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | PANTHER PRESSURE TESTERS INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PARADIGM MIDSTREAM LLC-8627 | CONFIDENTIALITY AGREEMENT - EFFECTIVE 10/31/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | PARADOX BASIN DATA | DATA CONTRACT AND PROPRIETARY LICENSE AGREEMENT - EFFECTIVE 12/19/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | PARADOX BASIN DATA | DATA PROPOSAL - EFFECTIVE 11/01/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | PARALEE L OBELE | JOA DTD 10/1/2017 (CAVALLI STATE 34-9-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PARALEE L OBELE | JOA DTD 5/1/2017 (JACKMAN 44-10 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PARK PLACE TECHNOLOGIES | DATA STORAGE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PARK PLACE TECHNOLOGIES | IT SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PARK PLACE TECHNOLOGIES LLC | HARDWARE MAINTENANCE AGREEMENT - EFFECTIVE 04/08/2020 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | PASON SYSTEMS USA CORP | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | PATHFINDER INSPECTIONS & FIELD | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PATRICIA A HART | JOA DTD 7/1/18 (MOEN 41-2-6HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | PATRIOT WELL SOLUTIONS LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PATTERSON UTI DRILLING CO LP | RIG - PATTERSON 808 | $265,000.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | PATTERSON UTI DRILLING CO LP | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PATTERSON UTI DRILLING COMPANY LLC | IADC DAYWORK DRILLING BID PROPOSAL AND CONTRACT | $0.00 |
| WHITING PETROLEUM CORPORATION | PATTERSON-UTI DRILLING COMPANY LLC | EXTENSION OF TERM FOR RIG CONTRACT AND AMENDMENT TO DAILY OPERATING RATE | $0.00 |
| WHITING PETROLEUM CORPORATION | PATTERSON-UTI DRILLING COMPANY LLC | EXTENSION OF TERM FOR RIG CONTRACT AND AMENDMENT TO DAILY OPERATING RATE | $0.00 |
| WHITING OIL AND GAS CORPORATION | PAUL A NYSTUEN | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 08/08/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | PAUL B MELNYCHENKO | JOA (BUCKMAN 44-9PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PAUL FREDERICK FRIESEN & | JOA (DULETSKI FEDERAL 34-11) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PAUL HARREL | JOA DATED NOVEMBER 1, 2010 (DIETZ 21-17TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PAUL L ARNSON | JOA DATED AUGUST 1, 2009 (LAHTI 24-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PAUL L ARNSON | JOA DATED AUGUST 1, 2009 (NIEMI 44-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PAUL L ARNSON | JOA DATED SEPTEMBER 1, 2010 (NIEMITALO #31-15XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PAULA FLUDER | JOA DTD 2/1/18 (RENNERFELDT 14-34-1HU AND 6TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PAULA K BEAR | SURFACE USE & DAMAGE AGREEMENT - MOUNTRAIL COUNTY, ND - DATED 05/02/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | PAULSON LIV TST DTD 3-25-10 | SALT WATER DISPOSAL AGREEMENT - WILLIAMS COUNTY, ND - DATED 08/26/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | PAYLOCITY CORPORATION | SOFTWARE LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | PCS FERGUSON INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PDS ENERGY INFORMATION INC. | DATA SERVICES AGREEMENT | $14,273.80 |
| WHITING OIL AND GAS CORPORATION | PDS ENERGY INFORMATION INC. | DATA SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PDS ENERGY INFORMATION INC. | DATA SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PDS ENERGY INFORMATION INC. | DATA SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PDS ENERGY INFORMATION INC. | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING RESOURCES CORPORATION | PEAK GRASSLANDS LLC | ASSET PURCHASE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PEAK POWDER RESOURCES LLC | JOA DTD 7/01/76 (JEPSON HOLLER DRAW UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PEAK POWDER RESOURCES LLC | JOA DTD 9/27/76 (JEPSON HOLLER DRAW UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PEAK POWDER RESOURCES LLC | UNIT OPERATING AGREEMENT DTD 3/19/96 JEPSON HOLLER DRAW (SHANNON SANDSTONE) UNIT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | PEAK WELL SERVICE LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | PEARL VALLEY OILFIELD SVCS & | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PEC EXPL | JOA DATED JULY 15, 2008 (KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PEC EXPLORATION LLC | JOA DATED AUGUST 1, 2009 (JULIA TTT 34-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PEC EXPLORATION LLC | JOA DATED AUGUST 1, 2009 (LAHTI 14-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PEC EXPLORATION LLC | JOA DATED AUGUST 1, 2009 (LAHTI 24-22-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PEC EXPLORATION LLC | JOA DATED AUGUST 1, 2009 (LAHTI 24-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PEC EXPLORATION LLC | JOA DATED AUGUST 1, 2009 (LAUKALA 34-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PEC EXPLORATION LLC | JOA DATED AUGUST 1, 2009 (NIEMI 44-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PEC EXPLORATION LLC | JOA DATED JULY 15, 2008 (DOUG KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PEC EXPLORATION LLC | JOA DATED JULY 15, 2008 (KINNOIN 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PEC EXPLORATION LLC | JOA DATED JULY 15, 2008 (KINNOIN 41-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PEC EXPLORATION LLC | JOA DATED SEPTEMBER 1, 2010 (LAHTI 31-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PEC EXPLORATION LLC | JOA DATED SEPTEMBER 1, 2010 (LAHTI 41-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PEC EXPLORATION LLC | JOA DATED SEPTEMBER 1, 2010 (NIEMITALO #31-15XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PEDIGREE TECHNOLOGIES | CONSULTING AGREEMENT - EFFECTIVE 03/01/2020 | $0.00 |
| WHITING OIL AND GAS CORPORATION | PEET ENTERPRISES | JOA (PAVLISH 31-30PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | PEGASUS CONSTRUCTION | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PENROC OIL CORPORATION | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PENROC OIL CORPORATION | JOA DTD 3/11/85 (NIELSEN #1 - WHZ UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PENROC OIL CORPORATION | RATIFICATION OF UNIT OPERATING AGREEMENT WEST REEVES UNIT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PENWELL PROPERTIES LP | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | PERFORMANCE ENERGY SERVICES | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PERFORMANCE ENERGY SERVICES LLC | SETTLEMENT AND RELEASE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PERFORMANCE ENERGY SERVICES, LLC | SETTLEMENT AGREEMENT AND RELEASE | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | PERFORMANCE LIFT INC | MASTER SERVICES AGREEMENT | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | PERFX WIRELINE SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PERMIAN EXPLORATION CORPORATION | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PERMIAN EXPLORATION CORPORATION | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PERRY E BROWN III | JOA (KESSEL 44-35PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PERRY E BROWN III | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETE DLUGOSCH AND PATRICIA DLUGOSCH | RIGHT OF WAY AND EASEMENT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETER HELLING | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 04/27/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETER JOE WOLLA | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/16/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETER MASSET | JOA (FRICK 24-8-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETER MASSET | JOA (TAYLOR 34-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETER MASSET | JOA DATED AUGUST 1, 2009 (BILL TTT FEDERAL 42-4TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETER MASSET | JOA DATED AUGUST 1, 2009 (BURL TTT 13-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETER MASSET | JOA DATED AUGUST 1, 2009 (GORDON TTT FEDERAL 41-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETER MASSET | JOA DATED AUGUST 1, 2009 (JONES 34-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETER MASSET | JOA DATED AUGUST 1, 2009 (TTT RANCH 43-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETER MASSET | JOA DATED AUGUST 1, 2010 (CVANCARA 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETER MASSET | JOA DATED AUGUST 1, 2010 (CVANCARA 12-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETER MASSET | JOA DATED AUGUST 1, 2010 (CVANCARA 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETER MASSET | JOA DATED AUGUST 1, 2010 (CVANCARA 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETER MASSET | JOA DATED AUGUST 1, 2012 (KJOS 14-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETER MASSET | JOA DATED AUGUST 1, 2012 (LIEBL 31-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETER MASSET | JOA DATED AUGUST 1, 2012 (LIEBL 31-13TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETER MASSET | JOA DATED OCTOBER 1, 2010 (ARNDT #14-5XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETER MASSET | JOA DATED OCTOBER 1, 2010 (ARNDT 13-5TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETER MASSET | JOA DATED OCTOBER 1, 2010 (ARNDT 14-5TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETER P AND ANN OPPEGAARD | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 02/07/2011 | $0.00 |
| WHITING PETROLEUM CORPORATION | PETER W. HAGIST | INDEMNIFICATION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETRALOGOS LLC | MASTER SERVICE AND DATA USE LICENSE AGREEMENT - EFFECTIVE 07/23/2009 | $0.00 |
| WHITING PETROLEUM CORPORATION | PETRO BEACON US INC. | IT SUPPORT AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | PETRO BEACON US INC. | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETROGULF CORP | JOA DATED OCTOBER 1, 2011 (FRANK 34-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETROGULF CORPORATION | JOA - FRANK 44-7PHU | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETROGULF CORPORATION | JOA (HECKER 14-7PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETRO-HUNT LLC | JOA - CHAMELEON STATE 31-16HU | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETRO-HUNT LLC | PETRO-HUNT LLC & WHITING OIL & GAS CORP | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETRO-HUNT, L.L.C. | JOA DATED MAY 1, 2007 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | PETROL SHIELD LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | PETROLEUM EXPERIENCE INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | PETROLEUM SERVICES INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETRONEL LLC | JOA - REPLACEMENT (KUBAS 11-13TFH, KUBAS 34-12PH, KUBAS 12-13PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETROSHALE US INC | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 41-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETROSHALE US INC | JOA DATED JULY 1, 2010 (HEIPLE 14-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETROSHALE US INC | JOA DATED JULY 1, 2010 (OGDEN 13-3TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETROSHALE US INC | JOA DATED JULY 1, 2010 (OGDEN 14-3TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETROSHALE US INC | JOA DATED NOVEMBER 1, 2007 (MARMON 11-18TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETROSHALE US INC | JOA DATED OCTOBER 1, 2009 (FLADELAND 11-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETROSHALE US INC | JOA DATED OCTOBER 1, 2009 (FLADELAND 12-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETROSHALE US INC | JOA DATED OCTOBER 1, 2009 (FLADELAND 13-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETROSHALE US INC | JOA DATED OCTOBER 1, 2009 (FLADELAND 41-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETROSHALE US INC | JOA DATED OCTOBER 1, 2009 (FLADELAND 43-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETROSHALE US INC | JOA DATED OCTOBER 1, 2009 (FLADELAND 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETROSHALE US INC | JOA DATED OCTOBER 1, 2009 (IVERSON 44-11-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETROSHALE US INC | JOA DATED OCTOBER 1, 2009 (IVERSON 44-11H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETROSHALE US INC | JOA DATED OCTOBER 1, 2009 (KERNAN 12-10TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETROSHALE US INC | JOA DATED OCTOBER 1, 2009 (WARDEN 43-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETROSHALE US INC | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETROSHALE US INC | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 11-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETROSHALE US INC | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 21-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETROSHALE US INC | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 41-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETROSHALE US INC | JOA DATED SEPTEMBER 1, 2009 (MOORE 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | PETROSTAR SERVICES, LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETROVAUGHN INC | JOA DATED 9/1/11 (HELLING 31-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETROVAUGHN INC | JOA DATED MARCH 1, 2012 (CHERRY STATE 21-16H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PETROVAUGHN INC | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | PEVEHOUSE INC | JOA (LAROQUE 34-12H AND 34-12-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PEVEHOUSE INC | JOA (TAYLOR 34-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PEVEHOUSE INC | JOA DTD 8/27/79 (E.B. GREEN) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PGS ONSHORE INC | GEOPHYSICAL SERVICES AGREEMENT - EFFECTIVE 05/09/2006 | $0.00 |
| WHITING OIL AND GAS CORPORATION | PGS ONSHORE INC | SUPPLEMENTAL AGREEMENT NO. 1 TO MASTER GEOPHYSICAL SERVICE AGREEMENT - EFFECTIVE 05/09/2006 | $0.00 |
| WHITING OIL AND GAS CORPORATION | PGS ONSHORE INC | SUPPLEMENTAL AGREEMENT NO. 2 TO MASTER GEOPHYSICAL SERVICE AGREEMENT - EFFECTIVE 11/30/2009 | $0.00 |
| WHITING OIL AND GAS CORPORATION | PHEASANT ENERGY LLC | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD #41-12XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PHEASANT ENERGY LLC | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 41-12-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PHEASANT ENERGY LLC | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 41-12-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PHEASANT ENERGY LLC | JOA DATED JUNE 1, 2008 (LINDLEY 41-7H) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | PHEASANT ENERGY LLC | JOA DATED JUNE 1, 2008 (LITTLEFIELD 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PHEASANT ENERGY LLC | JOA DATED JUNE 1, 2008 (LITTLEFIELD 21-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PHEASANT ENERGY LLC | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 21-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PHEASANT ENERGY LLC | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 41-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PHEASANT ENERGY LLC | JOA DTD 8/1/18 (PERIOT 44-20HU BPO) | $0.00 |
| WHITING PETROLEUM CORPORATION | PHILIP E. DOTY | INDEMNIFICATION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PHILLIP HURLEY AND LAURIE HURLEY | SALT WATER DISPOSAL AGREEMENT - MCKENZIE COUNTY, ND - DATED 09/19/2008 | $0.00 |
| WHITING OIL AND GAS CORPORATION | PHILLIP L STEVENS | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/16/2012 | $0.00 |
| WHITING PETROLEUM CORPORATION | PHILLIPS 66 | OIL SALES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PHILLIPS 66 COMPANY | NON-CORE TRUCKED OIL SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PHILLIPS 66 COMPANY | NON-CORE TRUCKED OIL SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PHILLIPS PT ARGUELLO PRODUCTION | GAVIOTA GAS PLANT COMPANY PARTNERSHIP AGREEMENT FOR OWNERSHIP OF FACILITIES | $0.00 |
| WHITING OIL AND GAS CORPORATION | PHOEBE H GALLOWAY | SURFACE USE & DAMAGE AGREEMENT - MOUNTRAIL COUNTY, ND - DATED 05/02/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | PHOENIX PRODUCTION COMPANY | SURFACE AGREEMENT - BIG HORN COUNTY, WY - DATED 05/01/2000 | $0.00 |
| WHITING OIL AND GAS CORPORATION | PHYLLIS M STEVENS-MANUS | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/16/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | PIERCE ATWOOD LLP | ENGAGEMENT LETTER - EFFECTIVE 01/11/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | PIGGYBACK PETROLEUM LLC | JOA DTD 3/1/13 (SKOV 31-28-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PILOT ENERGY GROUP LLC | JOA DATED AUGUST 1, 2009 (LAHTI 24-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PILOT ENERGY GROUP LLC | JOA DATED AUGUST 1, 2009 (NIEMI 44-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PILOT ENERGY GROUP LLC | JOA DATED SEPTEMBER 1, 2010 (NIEMITALO #31-15XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | PILOT THOMAS LOGISTICS LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PINE PETROLEUM INC | JOA DTD 1/1/13 (KALDAHL 24, 34 & 44 AND MILLER 14-12 WELLS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PING IDENTITY CORPORATION | SOFTWARE MAINTENANCE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | PINNACLE | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PINYON RESOURCES LP | JOA (DIETZ 34-7PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | PIONEER DRILLING SERVICES LTD | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PIONEER ENERGY, INC. | SETTLEMENT AGREEMENT AND RELEASE | $0.00 |
| WHITING PETROLEUM CORPORATION | PIONEER NATURAL RESOURCES | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | PIONEER NATURAL RESOURCES | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | PIONEER NATURAL RESOURCES | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PIONEER NATURAL RESOURCES | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | PIONEER NATURAL RESOURCES | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PIONEER NATURAL RESOURCES CO | NON-EXCLUSIVE DATA LICENSE AGREEMENT - EFFECTIVE 01/15/2008 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | PIONEER WELL SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | PIONEER WIRELINE SERVICES | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | PIPE RENEWAL SERVICE INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | PIPEGLOVE LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PITNEY BOWES GLOBAL FINANCIAL | POSTAGE MACHINE | $0.00 |
| WHITING PETROLEUM CORPORATION | PITNEY-BOWES GLOBAL FINANCIAL LLC | LEASE FOR POSTAGE EQUIPMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | PITNEY-BOWES GLOBAL FINANCIAL LLC | LEASE FOR POSTAGE EQUIPMENT - WATFORD OFFICE | $0.00 |
| WHITING OIL AND GAS CORPORATION | PIVOTAL DJ BASIN LP | JOA DTD 8/1/14 (HORSETAIL 30-19 UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | PLACEMENT SOLUTIONS LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PLAINS MARKEING, L.P. | NON-CORE TRUCKED OIL SALE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | PLAINS MARKETING | BALANCING SHIPPER ARRANGEMENT ON ROBINSON LAKE, ND PIPELINE SYSTEM | $0.00 |
| WHITING OIL AND GAS CORPORATION | PLAINS MARKETING | FLOW LINE SYSTEM LEASE - WINKLER COUNTY, TX - DATED 05/13/2003 | $0.00 |
| WHITING OIL AND GAS CORPORATION | PLAINS MARKETING, L.P. | BAKKEN OIL SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PLAINS MARKETING, L.P. | BAKKEN TRUCKED OIL SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PLAINS MARKETING, L.P. | BAKKEN TRUCKED OIL SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PLAINS MARKETING, L.P. | BAKKEN TRUCKED OIL SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PLAINS MARKETING, L.P. | NON-CORE TRUCKED OIL SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PLAINS MARKETING, L.P. | NON-CORE TRUCKED OIL SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PLAINS PIPELINE LP | CRUDE OIL TRANSPORTATION AND DEDICATION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | PLATINUM MEASUREMENT LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PLATTE RIVER ASSOCIATES INC | SOFTWARE LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PLATTE RIVER PROPERTIES INC | JOA - REPLACEMENT (KUBAS 11-13TFH, KUBAS 34-12PH, KUBAS 12-13PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PLEIN SUD HOLDINGS LLC | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING PETROLEUM CORPORATION | PLURALSIGHT LLC | IT TRAINING AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | POLAR MIDSTREAM | AMENDMENT TO WATER GATHERING AGREEMENT, ASSUMED AS AMENDED | $7,869,315 ($3,429,885 upon emergence, $3,429,885 - 30 days after emergence, and $1,009,545 - 60 days after emergence |
| WHITING OIL AND GAS CORPORATION | POLAR MIDSTREAM | CRUDE OIL GATHERING AGREEMENT, ASSUMED AS AMENDED | $0.00 |
| WHITING OIL AND GAS CORPORATION | POLAR MIDSTREAM | MEADOWLARK PIPELINE AGREEMENT, ASSUMED AS AMENDED | $0.00 |
| WHITING OIL AND GAS CORPORATION | POLAR MIDSTREAM | WATER GATHERING AGREEMENT, ASSUMED AS AMENDED | $0.00 |
| WHITING PETROLEUM CORPORATION | POLAR MIDSTREAM LLC | SETTLEMENT AGREEMENT AND RELEASE, ASSUMED AS AMENDED | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | POLAR MIDSTREAM, LLC | WATER GATHERING AGREEMENT - LETTER REIMBURSEMENT FOR DATE UPGRADES - EFFECTIVE 08/16/2018 | $0.00 |
| WHITING RESOURCES CORPORATION | POLAR MIDSTREAM, LLC ORIGINALLY BEAR TRACKER ENERGY, LLC | CRUDE GATHERING AGREEMENT, ASSUMED AS AMENDED | $0.00 |
| WHITING OIL AND GAS CORPORATION | POLISH OIL & GAS INC | JOA DTD 1/1/13 (KALDAHL 24, 34 & 44 AND MILLER 14-12 WELLS) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | POLYFLOW LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | POSSE OPERATING INC | JOA (GREGORY WRIGHT FEDERAL 41-5H & 41-5-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | POSSE OPERATING INC | JOA (LOOMER 44-33TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | POSSE OPERATING INC | JOA (PERZINSKI FAMILY TRUST 34-19PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | POSSE OPERATING INC | JOA (PRONGHORN FEDERAL 34-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | POSSE OPERATING INC | JOA (ROVELSTAD 21-13HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | POSSE OPERATING INC | JOA (WOLD 16-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | POSSE OPERATING INC | JOA DATED 12/1/11 (JOHNSON 34-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | POSSE OPERATING INC | JOA DATED 9/1/11 (HELLING 31-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | POSSE OPERATING INC | JOA DATED MARCH 1, 2012 (CHERRY STATE 21-16H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | POSSE OPERATING INC | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | POSSE OPERATING INC | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | POSSE OPERATING INC | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | POSSE OPERATING INC | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | POSSE OPERATING INC | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | POSSE OPERATING INC | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | POSSE OPERATING INC | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | POSSE OPERATING INC | JOA DTD 1/1/13 (KALDAHL 24, 34 & 44 AND MILLER 14-12 WELLS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | POSSE OPERATING INC | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | POWDER RIVER ENERGY | ELECTRICITY AGREEMENT | $10,325.67 |
| WHITING OIL AND GAS CORPORATION | POWDER RIVER ENERGY | ELECTRICITY AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | POWDER RIVER ENERGY | ELECTRICITY AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | POWDER RIVER ENERGY-6900 | ELECTRIC AGREEMENT - EFFECTIVE 10/04/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | POWDER RIVER ENERGY-6900 | ELECTRIC SERVICE AGREEMENT - EFFECTIVE 07/13/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | POWDER RIVER ENERGY-6900 | ELECTRIC SERVICE AGREEMENT - EFFECTIVE 08/01/2007 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | POWER SERVICE INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | PRAIRIE PETRO CHEM OF AMERICA | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | PRECISION MEASUREMENT INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | PREMIUM OILFIELD PRODUCTS | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PRESIDIO NETWORKED SOLUTIONS | SOFTWARE SUBSCRIPTION - EFFECTIVE 03/26/2020 | $0.00 |
| WHITING OIL AND GAS CORPORATION | PRICE WATERHOUSE COOPERS LLC | SERVICES AGREEMENT - EFFECTIVE 01/23/2020 | $17,000.00 |
| WHITING OIL AND GAS CORPORATION | PRIMA EXPLORATION INC. | JOA (FRANK 31-4-1H WELL) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PRIMA EXPLORATION INC. | JOA DATED MARCH 7, 2006 (E-M SCHULTZ 33-12H) | $0.00 |
| WHITING RESOURCES CORPORATION | PRIMA EXPLORATION INC. | LETTER AGREEMENT TO PURCHASE AND SALE CERTAIN INTERESTS | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | PRO SAFE PEST CONTROL | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | PRODUCTION LIFT COMPANIES INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | PROFIRE ENERGY INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PRONGHORN RESOURCES LLC | JOA DTD 9/01/10 (MASTEL 41-18TFH UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PROVIDENCE TECHNOLOGIES, INC. | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | PROWARE | TAX DEPRECIATION SOFTWARE | $0.00 |
| WHITING PETROLEUM CORPORATION | PTC INC. | IT SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | PTW ENERGY SERVICES INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | PULSAR PROPERTIES LLC | JOA DTD 9/01/10 (MASTEL 41-18TFH UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PULSAR PROPERTIES LLC | JOINT OPERATING AGREEMENT (KOALA 14-32HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | PULSE SECURE, LLC | IT NETWORK SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | PURITY OILFIELD SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | PWC | GENERAL TAX CONSULTING | $0.00 |
| WHITING PETROLEUM CORPORATION | PWC | VALUATION SERVICES FOR Q1 2019 PSA GRANT | $0.00 |
| WHITING OIL AND GAS CORPORATION | QEP ENERGY CO | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | QEP ENERGY CO | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | QEP FIELD SERVICES LLC | AMENDED AND RESTATED GAS PURCHASE, GATHERING, PROCESSING AND FRACTIONATION AGREEMENT (ROBINSON LAKE) | $0.00 |
| WHITING OIL AND GAS CORPORATION | QEP FIELD SERVICES LLC | FIRST AMENDMENT TO PURCHASE AND SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | QEP FIELD SERVICES LLC | PERMANENT EASEMENT AGREEMENT (TO BUYER) | $0.00 |
| WHITING OIL AND GAS CORPORATION | QEP FIELD SERVICES LLC | PERMANENT EASEMENT AGREEMENT (TO SELLER) | $0.00 |
| WHITING OIL AND GAS CORPORATION | QEP FIELD SERVICES LLC | PURCHASE AND SALE AGREEMENT (BELFIELD) | $0.00 |
| WHITING OIL AND GAS CORPORATION | QEP FIELD SERVICES LLC | PURCHASE AND SALE AGREEMENT (ROBINSON LAKE) | $0.00 |
| WHITING OIL AND GAS CORPORATION | QEP FIELD SERVICES, LLC | A&R BELFIELD CRUDE OIL | $0.00 |
| WHITING OIL AND GAS CORPORATION | QEP FIELD SERVICES, LLC | A&R GAS PURCHASE - BELFIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | QEP FIELD SERVICES, LLC | A&R GAS PURCHASE - ROBINSON | $0.00 |
| WHITING OIL AND GAS CORPORATION | QEP FIELD SERVICES, LLC | CRUDE GATHERING AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | QEP FIELD SERVICES, LLC | FIRST AMENDMENT TO PSA | $0.00 |
| WHITING OIL AND GAS CORPORATION | QEP FIELD SERVICES, LLC | JOINT RIGHT OF WAY USE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | QEP FIELD SERVICES, LLC | PSA - BELFIELD COMPILED | $0.00 |
| WHITING OIL AND GAS CORPORATION | QEP FIELD SERVICES, LLC | PSA - BELFIELD WATER | $0.00 |
| WHITING OIL AND GAS CORPORATION | QPC 3, LP | JOA DATED FEBRUARY 1, 2012 (CYMBALUK 21-15PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | QPC3 LP | JOA (DOLYNIUK 11-25PH; 21-25PH; 41-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | QPC3 LP | JOA (KESSEL 11-26PH; 21-26PH; 41-26PH) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | QPC3 LP | JOA (PERZINSKI FAMILY TRUST 34-19PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | QPC3 LP | JOA DATED APRIL 1, 2011 (KUMMER 34-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | QPC3 LP | JOA DATED MARCH 1, 2011 (DULETSKI 21-16TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | QPC3 LP | JOA DTD 03/01/14 (DOLYNIUK 21-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | QPC3 LP | JOA DTD 2/1/2019 (MOLINE 31-14-5TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | QUAIL TOOLS LLP | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | QUALE TRUCKING LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | QUALITY MAT OF NORTH DAKOTA | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | QUANTUM MEASUREMENT SERVICES | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | QUANTUM PROPERTIES INC | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | QUESTOR SOLUTIONS & TECHNOLOGY | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | QUESTOR SOLUTIONS & TECHNOLOGY INC | INCINERATOR AND IGNITION SYSTEM EQUIPMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | QUESTOR SOLUTIONS & TECHNOLOGY INC-8596 | COMPRESSOR LEASE AGREEMENT - EFFECTIVE 09/05/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | QUESTOR SOLUTIONS & TECHNOLOGY INC-8596 | COMPRESSOR RENTAL AND SERVICES SCHEDULE - EFFECTIVE 09/10/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | QUICK CONNECTORS INCORPORATED | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | QUORUM BUSINESS SOLUTIONS, INC. | IT SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | QUORUM BUSINESS SOLUTIONS, INC. | SOFTWARE MAINTENANCE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | R & R OILFIELD SERVICES & | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | R L & BOBBY POWELL RANCH LTD | SURFACE AGREEMENT - HOWARD COUNTY, TX - DATED 01/20/2000 | $0.00 |
| WHITING OIL AND GAS CORPORATION | R L & BOBBY POWELL RANCH LTD | SURFACE AGREEMENT - HOWARD COUNTY, TX - DATED 01/20/2000 | $0.00 |
| WHITING OIL AND GAS CORPORATION | R L & BOBBY POWELL RANCH LTD | SURFACE AGREEMENT - HOWARD COUNTY, TX - DATED 01/20/2000 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | R3 INDUSTRIAL CLEANING | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | R360 ENVIRONMENTAL SOLUTIONS | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | RACER O&G | JOA DATED JULY 15, 2008 (KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RACER OIL | JOA DATED MARCH 1, 2008 (BEHR 11-34H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RACER OIL & GAS LLC | JOA DATED AUGUST 1, 2009 (JORGENSEN 11-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RACER OIL & GAS LLC | JOA DATED AUGUST 1, 2009 (JORGENSEN 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RACER OIL & GAS LLC | JOA DATED AUGUST 1, 2009 (JORGENSEN 31-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RACER OIL & GAS LLC | JOA DATED AUGUST 1, 2009 (JULIA TTT 34-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RACER OIL & GAS LLC | JOA DATED AUGUST 1, 2009 (LAHTI 14-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RACER OIL & GAS LLC | JOA DATED AUGUST 1, 2009 (LAHTI 24-22-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RACER OIL & GAS LLC | JOA DATED AUGUST 1, 2009 (LAHTI 24-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RACER OIL & GAS LLC | JOA DATED AUGUST 1, 2009 (LAUKALA 34-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RACER OIL & GAS LLC | JOA DATED AUGUST 1, 2009 (MAKI 11-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RACER OIL & GAS LLC | JOA DATED AUGUST 1, 2009 (NIEMI 44-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RACER OIL & GAS LLC | JOA DATED AUGUST 1, 2009 (RAY 12-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RACER OIL & GAS LLC | JOA DATED JULY 15, 2008 (KINNOIN 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RACER OIL & GAS LLC | JOA DATED JULY 15, 2008 (KINNOIN 41-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RACER OIL & GAS LLC | JOA DATED MARCH 1, 2008 (ARNDT FEDERAL 34-35H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RACER OIL & GAS LLC | JOA DATED MARCH 1, 2008 (LITTLEFIELD 12-34H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RACER OIL & GAS LLC | JOA DATED MARCH 1, 2008 (LITTLEFIELD FEDERAL 11-34H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RACER OIL & GAS LLC | JOA DATED SEPTEMBER 1, 2010 (LAHTI 31-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RACER OIL & GAS LLC | JOA DATED SEPTEMBER 1, 2010 (LAHTI 41-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RACER OIL & GAS LLC | JOA DATED SEPTEMBER 1, 2010 (NIEMITALO #31-15XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RACER OIL & GAS LLC | JOA DATED SEPTEMBER 1, 2010 (OJA #14-27XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RACER OIL & GAS LLC | JOA DATED SEPTEMBER 1, 2010 (OJA 13-27-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RACER OIL & GAS LLC | JOA DATED SEPTEMBER 1, 2010 (OJA 13-27-3XH) | $0.00 |
| WHITING PETROLEUM CORPORATION | RACKSPACE | SOFTWARE LICENSING AGREEMENT FOR WHITING.COM | $0.00 |
| WHITING OIL AND GAS CORPORATION | RACKSPACE US INC | RACKSPACE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | RACKSPACE, US INC. | DATA STORAGE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | RADIATION PROS LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | RAIN FOR RENT | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | RAINBOW | GAS SALES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | RAINBOW | GAS SALES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAINBOW ENERGY | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 11-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAINBOW ENERGY MARKETING CORP | JOA - CHAMELEON STATE 31-16HU | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAINBOW ENERGY MARKETING CORP | JOA (SOVIG 150-100-22C-15-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAINBOW ENERGY MARKETING CORP | JOA DATED 10/1/11 (SOLBERG 34-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAINBOW ENERGY MARKETING CORP | JOA DATED APRIL 1, 2009 (BREHM 12-27-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAINBOW ENERGY MARKETING CORP | JOA DATED APRIL 1, 2009 (BREHM 12-27-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAINBOW ENERGY MARKETING CORP | JOA DATED APRIL 1, 2009 (BREHM 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAINBOW ENERGY MARKETING CORP | JOA DATED APRIL 1, 2009 (BREHM 13-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAINBOW ENERGY MARKETING CORP | JOA DATED APRIL 1, 2009 (HANSEN 44-28-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAINBOW ENERGY MARKETING CORP | JOA DATED APRIL 1, 2009 (HANSEN 44-28-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAINBOW ENERGY MARKETING CORP | JOA DATED APRIL 1, 2009 (HANSEN 44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAINBOW ENERGY MARKETING CORP | JOA DATED APRIL 1, 2009 (HANSEN 44-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAINBOW ENERGY MARKETING CORP | JOA DATED APRIL 1, 2009 (LEE 41-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAINBOW ENERGY MARKETING CORP | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 12-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAINBOW ENERGY MARKETING CORP | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 13-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAINBOW ENERGY MARKETING CORP | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 21-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAINBOW ENERGY MARKETING CORP | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 21-31TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAINBOW ENERGY MARKETING CORP | JOA DATED JULY 15TH, 2008 (NEWCOMB 12-31TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAINBOW ENERGY MARKETING CORP | JOA DATED NOVEMBER 1, 2010 (ELMER BARTLESON 14-29TFX) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | RAINBOW ENERGY MARKETING CORP | JOA DATED NOVEMBER 1, 2010 (ELSIE BARTLESON FEDERAL 14-29TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAINBOW ENERGY MARKETING CORP | JOA DATED NOVEMBER 1, 2010 (PETERSON 41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAINBOW ENERGY MARKETING CORP | JOA DATED NOVEMBER 1, 2010 (SMITH #14-29XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAINBOW ENERGY MARKETING CORP | JOINT OPERATING AGREEMENT (CHAMELEON STATE 153-97-16-21-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAINBOW GAS COMPANY | GAS PURCHASE AGREEMENT AT RAY GAS PLANT | $0.00 |
| WHITING PETROLEUM CORPORATION | RAINBOW GAS COMPANY | RESIDUE GAS SALES CONTRACT | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAMONA & MICHAEL LACEY | SURFACE USE & DAMAGE AGREEMENT - MOUNTRAIL COUNTY, ND - DATED 05/17/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | RANDALL C & SUSAN K MOSSER | SURFACE AGREEMENT - BILLINGS COUNTY, ND - DATED 11/26/1985 | $0.00 |
| WHITING OIL AND GAS CORPORATION | RANDALL OLSON | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 08/31/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION | RANDY & ANDREA MULL | JOA DTD 10/1/2017 (CAVALLI STATE 34-9-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RANDY & LINDA KLEINJAN | JOA (BINSTOCK 21-30TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RANDY & LINDA KLEINJAN | JOA (HAVELKA 21-15PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RANDY & LINDA KLEINJAN | JOA (JURGENS 34-12PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RANDY & LINDA KLEINJAN | JOA DATED JANUARY 1, 2011 (ARTHAUD 21-29TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RANDY & LINDA KLEINJAN JT | JOA (PRONGHORN FEDERAL 34-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RANDY & LINDA KLEINJAN JT | JOA DATED NOVEMBER 1, 2010 (DIETZ 21-17TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RANDY & LINDA KLEINJAN JT | JOA DTD 11/01/10 (LYDIA 41-14PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RANDY AND LINDA KLEINJAN | JOA (TOMCHUK 21-30PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RANDY GUMM | JOA (KOALA FEDERAL 31-25HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RANDY GUMM | JOA DTD 3/01/12 (SOLBERG 44-11PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RANDY GUMM | JOA DTD 7/1/2017 (VANCE 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RANDY GUMMN | JOINT OPERATING AGREEMENT FOR SOLBERG 34-11PH | $0.00 |
| WHITING OIL AND GAS CORPORATION | RANDY KLEINJAN AND LINDA KLEINJAN, H/W, JT | JOA DATED NOVEMBER 1, 2010 (LYDIA 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RANDY P EVERETT AND BRENDA H EVERETT | SURFACE USE & DAMAGE AGREEMENT - OUACHITA COUNTY, AR - DATED 02/18/2015 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | RANDYS WELDING INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | RAPID TRANSPORT LTD | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | RAPID7, LLC | GENERAL IT AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | RAPID7, LLC | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | RAPTOR LIFT SOLUTIONS LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAPTOR RESOURCES LLC | JOA - FRANK 44-7PHU | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAPTOR RESOURCES LLC | JOA (HECKER 14-7PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAPTOR RESOURCES LLC | JOA DTD 10/1/18 (BERG TRUST 34-22-TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAPTOR RESOURCES LLC | JOA DTD 8/1/18 (PERIOT 44-20HU BPO) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | RATTLESNAKE FIELD SERVICES | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAUSER FAMILY TRUST | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 04/10/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAUSER FAMILY TRUST | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 05/30/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAUSER FAMILY TRUST | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 11/27/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAYMOND E MOORE | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 41-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAYMOND E MOORE | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 42-16TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAYMOND E MOORE | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 44-9TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAYMOND E MOORE | JOA DATED OCTOBER 1, 2009 (FLADELAND 42-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAYMOND E MOORE | JOA DATED OCTOBER 1, 2009 (FLADELAND 43-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAYMOND E MOORE | JOA DATED OCTOBER 1, 2009 (FLADELAND 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAYMOND E MOORE | JOA DATED OCTOBER 1, 2009 (WARDEN 43-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAYMOND E MOORE | JOA DTD 9/01/10 (MASTEL 41-18TFH UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RAYMOND RESOURCES INC | JOA DTD 1/1/13 (KALDAHL 24, 34 & 44 AND MILLER 14-12 WELLS) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | RBS TOOLS INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | REB CLARK | JOA (FAIRVIEW OVERLOOK FED 34-33HTF) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RECAST SOFTWARE INC | SOFTWARE MAINTENANCE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | RECK FLYERS LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | RECORD KEEPERS LLC | RECORD STORAGE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | RECORD KEEPERS, LLC | DOCUMENT SHREDDING | $317.00 |
| WHITING OIL AND GAS CORPORATION | RED DOG SYSTEMS INC | SOFTWARE SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | RED GATE SOFTWARE LTD | IT SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | RED GATE SOFTWARE LTD | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | RED GATE SOFTWARE LTD | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | RED HAT, INC. | IT SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | RED OAK PIPELINE | ASSIGNMENT, ASSUMPTION, RELEASE AND NOVATION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | RED OAK PIPELINE LLC | PRECEDENT AGREEMENTS LETTER | $0.00 |
| WHITING OIL AND GAS CORPORATION | RED RHINO RESOURCES LLC | JOA (TAYLOR 34-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RED RHINO RESOURCES LLC | JOA DATED 10/1/11 (SOLBERG 34-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RED RIVER RESOURCES INC | JOA (FRICK 24-8-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RED RIVER RESOURCES INC | JOA (WOLD 16-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RED RIVER RESOURCES INC | JOA DATED JUNE 1, 2012 (WATTS 42-21-1HR) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RED RIVER RESOURCES INC | JOA DTD 3/1/13 (SKOV 31-28-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | RED RIVER SUPPLY INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | REEF 2011 | JOA DATED JUNE 1, 2008 (NESHEIM 1-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REEF 2012 | JOA (PERZINSKI FAMILY TRUST 34-19PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REEF 2012 | JOA (SNOWSHOE 30-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | REFINERY SPECIALTIES INC | MASTER SERVICES AGREEMENT | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | REGENCY ENERGY SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | REGER OIL LLC | JOA (DIETZ 34-7PH) | $0.00 |
| WHITING CANADIAN HOLDING COMPANY ULC, WHITING PETROLEUM CORPORATION | REGUS MANAGEMENT GROUP, LLC | HOUSTON OFFICE LEASE | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN | JOA DATED JULY 15, 2008 (KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN | JOA DATED JUNE 1, 2008 (LACEY 11-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN | JOA DATED NOVEMBER 1, 2007 (ABBOTT 11-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN | JOA DATED NOVEMBER 1, 2008 (LITTLEFIELD 11-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN | JOA DATED OCTOBER 1, 2008 (PETERSON 11-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA (BINSTOCK 21-30TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED AUGUST 1, 2009 (DEAL 43-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED AUGUST 1, 2009 (PLATT #43-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED AUGUST 1, 2009 (PLATT #44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED DECEMBER 1, 2011 (CARL KANNIANEN 22-32TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED DECEMBER 1, 2011 (KANNIANEN 22-32TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED DECEMBER 1, 2011 (KANNIANEN 22-32XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD #41-12XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 14-13-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 14-13XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 41-12-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 41-12-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED FEBRUARY 1, 2011 (NESHEIM 11-24XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED JANUARY 1, 2011 (LILLIAN VIOLA 14-12TFX | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED JANUARY 1, 2011 (TIISTO #14-12XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED JANUARY 1, 2011 (VERNE HAGEY 13-12TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED JULY 1, 2011 (NESS 41-21-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED JULY 1, 2011 (NESS 41-21-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED JULY 1, 2011 (NESS 41-21XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED JULY 15, 2008 (DOUG KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED JULY 15, 2008 (KINNOIN 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED JULY 15, 2008 (KINNOIN 41-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED JUNE 1, 2009 (CARKUFF 11-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED JUNE 1, 2009 (LINDSETH 12-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED JUNE 1, 2009 (ODDIE 44-7-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED JUNE 1, 2009 (ODDIE 44-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED JUNE 1, 2009 (STROBECK 12-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED JUNE 1, 2009 (TIISTO 43-7-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED JUNE 1, 2009 (TIISTO 43-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED MAY 1, 2009 (FLADELAND 11-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED MAY 1, 2009 (KANNIANEN 11-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED MAY 1, 2009 (KANNIANEN 43-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED MAY 1, 2009 (KANNIANEN 43-31TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED MAY 1, 2010 (MOORE 14-7X) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED MAY 1, 2011 (BROWN #41-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED MAY 1, 2011 (BROWN 41-28-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED MAY 1, 2011 (BROWN 42-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED NOVEMBER 1, 2008 (LITTLEFIELD 21-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED NOVEMBER 1, 2008 (RUDMAN 11-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED NOVEMBER 1, 2011 (MAKI #41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED NOVEMBER 1, 2011 (MAKI 41-33-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED NOVEMBER 1, 2011 (MAKI 42-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED OCTOBER 1, 2008 (BREHM 11-4-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED OCTOBER 1, 2008 (BREHM 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED OCTOBER 1, 2008 (FOREMAN 11-4TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED OCTOBER 1, 2008 (FOREMAN 21-4TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED OCTOBER 1, 2008 (PENNINGTON 41-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED OCTOBER 1, 2008 (PENNINGTON FEDERAL 41-4TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED OCTOBER 1, 2010 (HOOVER #13-1TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED OCTOBER 1, 2010 (HOOVER #14-1TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED OCTOBER 1, 2010 (HOOVER #14-1XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED OCTOBER 1, 2010 (JONES 11-8-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED OCTOBER 1, 2010 (JONES 11-8XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED SEPTEMBER 1, 2009 (LAHTI 12-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED SEPTEMBER 1, 2009 (NESS 43-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED SEPTEMBER 1, 2009 (NESS 44-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED SEPTEMBER 1, 2009 (NESS 44-21TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED SEPTEMBER 1, 2009 (SANISH BAY 42-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED SEPTEMBER 1, 2009 (SANISH BAY 42-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED SEPTEMBER 1, 2009 (SPRAGUE 42-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED SEPTEMBER 1, 2009 (SPRAGUE 42-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED SEPTEMBER 1, 2010 (LAHTI 31-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED SEPTEMBER 1, 2010 (LAHTI 41-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED SEPTEMBER 1, 2010 (NIEMITALO #31-15XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | REI BAKKEN PARTNERS | JOA DATED SEPTEMBER 15, 2014 (VAN HOOK 132-1319H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RENNERFELDT ENTERPRISES LLC | JOA DTD 5/1/18 (RENNERFELDT 41-3-5TFHU AND 5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | REPUBLIC SERVICES INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | RESELLER: GENERAL NETWORKS CORP | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | RESERVATION TELEPHONE | RTC SURVEILLANCE SOLUTION | $885.57 |
| WHITING OIL AND GAS CORPORATION | RESERVATION TELEPHONE | RAY GAS PLANT CAMERA SYSTEM | $0.00 |
| WHITING OIL AND GAS CORPORATION | RESERVATION TELEPHONE COOPERATIVE | PHONE/INTERNET AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | RESERVATION TELEPHONE COOPERATIVE | PHONE/INTERNET AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | RESERVATION TELEPHONE COOPERATIVE | PHONE/INTERNET AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | RESERVATION TELEPHONE COOPERATIVE | PHONE/INTERNET AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | RESERVATION TELEPHONE COOPERATIVE | PHONE/INTERNET AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | RESFEBER LLC | JOA - CHAMELEON STATE 31-16HU | $0.00 |
| WHITING OIL AND GAS CORPORATION | RESFEBER LLC | JOA (WOLD 16-7TFH) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | RESOURCES ENERGY CAN-AM, LLC | JOA AARESTAD 4-34H (9ND222841) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RETAMCO OPERATING INC | JOA DATED NOVEMBER 1, 2010 (DIETZ 21-17TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RETAMCO OPERATING, INC | JOA (BINSTOCK 21-30TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RETAMCO OPERATING, INC | JOA DATED JANUARY 1, 2011 (ARTHAUD 21-29TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RETHA M NETZ | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 12/28/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | RETHA MAE NETZ & DUANE NETZ | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 07/31/2015 | $0.00 |
| WHITING OIL AND GAS CORPORATION | REX KORSLIEN | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 04/01/2015 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | RGD TRUCKING INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | RHINEHART OIL CO INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | RHINOKORE COMPOSITE SOLUTIONS | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIAN HANSEN | JOA DATED FEBRUARY 1, 2008 (LEO 12-29H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIAN HANSEN | JOA DATED JANUARY 1, 2011 (HANSEN #14-20XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RICH CUB FAMILY TRUST | JOA DTD 7/01/76 (JEPSON HOLLER DRAW UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RICHARD A WISNESS | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 09/25/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | RICHARD BURR TRUST, DEBRA KAY BURR TRUSTEE | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 01/21/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | RICHARD C & CAROLYN B FYKE | JOA DTD 7/01/76 (JEPSON HOLLER DRAW UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RICHARD C & CAROLYN B FYKE | JOA DTD 9/27/76 (JEPSON HOLLER DRAW UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RICHARD C & CAROLYN B FYKE | UNIT OPERATING AGREEMENT DTD 3/19/96 JEPSON HOLLER DRAW (SHANNON SANDSTONE) UNIT | $0.00 |
| WHITING OIL AND GAS CORPORATION | RICHARD D SIEGAL ESTATE | JOA DTD 8/1/2018 (GILFER 21-15-1TFHU & 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RICHARD DEAN MOCKEL | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RICHARD NELSON | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 07/19/2011 | $0.00 |
| WHITING PETROLEUM CORPORATION | RICK A. ROSS | INDEMNIFICATION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | RICK BAILEY | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 21-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RICK BAILEY | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 41-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RICK BAILEY | JOA DATED SEPTEMBER 1, 2009 (MOORE 11-7H) | $0.00 |
| WHITING PETROLEUM CORPORATION | RICKY HATCHER | EXECUTIVE EMPLOYMENT AND SEVERANCE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | RICKY L. HATCHER | INDEMNIFICATION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | RIG ANCHORS INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | RILEY RESOURCES INC | JOA DTD 1/1/13 (KALDAHL 24, 34 & 44 AND MILLER 14-12 WELLS) | $0.00 |
| WHITING PETROLEUM CORPORATION | RIMROCK | FLIR CAMERA LEASE | $0.00 |
| WHITING RESOURCES CORPORATION | RIMROCK OIL & GAS WILLISTON, LLC | PURCHASE AND SALE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | RISKED REVENUE ENERGY ASSOCIATES | CONSULTING SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | RITA M EARNEST | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | RIVAL SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVER WATER LLC-6988 | WATER SUPPLY AGREEMENT - EFFECTIVE 04/24/2018 | $86,870.00 |
| WHITING OIL AND GAS CORPORATION | RIVER WATER LLC-6988 | WATER SUPPLY AGREEMENT - EFFECTIVE 05/01/2015 | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVER WATER LLC-6988 | WATER SUPPLY AGREEMENT - EFFECTIVE 06/20/2017 | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERBEND OIL & GAS VI LLC | JOA - FRANK 44-7PHU | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERBEND OIL & GAS VI LLC | JOA (DOLYNIUK 11-25PH; 21-25PH; 41-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERBEND OIL & GAS VI LLC | JOA (DULETSKI FEDERAL 34-11) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERBEND OIL & GAS VI LLC | JOA (HECKER 14-7PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERBEND OIL & GAS VI LLC | JOA (KOALA 44-5TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERBEND OIL & GAS VI LLC | JOA (KOALA FEDERAL 31-25HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERBEND OIL & GAS VI LLC | JOA (OBRIGEWITCH 44-20PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERBEND OIL & GAS VI LLC | JOA (OBRIGEWITCH 44-8PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERBEND OIL & GAS VI LLC | JOA (WOLD 16-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERBEND OIL & GAS VI LLC | JOA DATED 3/1/17 (HECKER 11-18PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERBEND OIL & GAS VI LLC | JOA DATED APRIL 1, 2009 (BREHM 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERBEND OIL & GAS VI LLC | JOA DATED APRIL 1, 2009 (BREHM 13-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERBEND OIL & GAS VI LLC | JOA DATED APRIL 1, 2013, (SUNDHEIM 21-3-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERBEND OIL & GAS VI LLC | JOA DATED AUGUST 1, 2010 (CVANCARA 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERBEND OIL & GAS VI LLC | JOA DATED AUGUST 1, 2010 (CVANCARA 12-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERBEND OIL & GAS VI LLC | JOA DATED AUGUST 1, 2010 (CVANCARA 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERBEND OIL & GAS VI LLC | JOA DATED AUGUST 1, 2010 (CVANCARA 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERBEND OIL & GAS VI LLC | JOA DATED JULY 1, 2012 (KITTLESON FEDERAL 34-23-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERBEND OIL & GAS VI LLC | JOA DATED NOVEMBER 1, 2010 (JOHNSON 34-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERBEND OIL & GAS VI LLC | JOA DATED NOVEMBER 1, 2010 (OBRIGEWITCH 21-17TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERBEND OIL & GAS VI LLC | JOA DATED SEPTEMBER 1, 2009 (SATTERTHWAITE 43-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERBEND OIL & GAS VI LLC | JOA DATED SEPTEMBER 1, 2009 (SATTERTHWAITE 44-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERBEND OIL & GAS VI LLC | JOA DATED SEPTEMBER 1, 2011 (CURL 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERBEND OIL & GAS VI LLC | JOA DATED SEPTEMBER 1, 2012 (KITTLESON FEDERAL 24-24-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERBEND OIL & GAS VI LLC | JOA DTD 03/01/14 (DOLYNIUK 21-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERBEND OIL & GAS VI LLC | JOA DTD 11/01/10 (LYDIA 41-14PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERBEND OIL & GAS VI LLC | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERBEND OIL & GAS VI LLC | JOA DTD 9/01/10 (MASTEL 41-18TFH UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERBEND OIL & GAS VI LLC | JOA LYCO ENERGY CORPORATION | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERBEND OIL & GAS VI LLC | JOA MARATHON OIL (FOSS 21-30H (BPO)) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERBEND OIL & GAS VI-B LLC | JOA (DOLYNIUK 11-25PH; 21-25PH; 41-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERBEND OIL & GAS VI-B LLC | JOA (DULETSKI FEDERAL 34-11) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERBEND OIL & GAS VI-B LLC | JOA (WOLD 16-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERBEND OIL & GAS VI-B LLC | JOA DATED APRIL 1, 2013, (SUNDHEIM 21-3-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERBEND OIL & GAS VI-B LLC | JOA DTD 03/01/14 (DOLYNIUK 21-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERCREST ROYALTIES II LLC | JOA DATED JUNE 1, 2010 (ROHDE #14-6XH) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | RIVERCREST ROYALTIES II LLC | JOA DATED JUNE 1, 2010 (ROHDE 13-6TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERCREST ROYALTIES II LLC | JOA DATED JUNE 1, 2010 (ROHDE FEDERAL 14-6TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERCREST ROYALTIES II LLC | JOA DATED MAY 1, 2008 (MERILYN SMITH 12-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERCREST ROYALTIES II LLC | JOA DATED MAY 1, 2008 (SMITH 12-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERCREST ROYALTIES II LLC | JOA DATED MAY 1, 2010 (CARL KANNIANEN 13-7XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERCREST ROYALTIES II LLC | JOA DATED MAY 1, 2010 (MOORE 14-7-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RIVERCREST ROYALTIES II LLC | JOA DATED MAY 1, 2010 (MOORE 14-7X) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | RIVERSIDE WELDING INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | RJ FORTUNE INVESTMENTS LLC | JOA (KESSEL 11-26PH; 21-26PH; 41-26PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | RJ MANN & ASSOCIATES INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | RKD CONSULTING | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | RLCAPPS FAMILY-2008 LP | JOA DTD 1/1/13 (KALDAHL 24, 34 & 44 AND MILLER 14-12 WELLS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RLD EXPLORATION LLC | JOA (DIETZ 34-7PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RLD EXPLORATION LLC | JOA DATED APRIL 1, 2009 (HAUGE 41-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RLD EXPLORATION LLC | JOA DATED APRIL 1, 2009 (MURRAY 13-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RLD EXPLORATION LLC | JOA DATED APRIL 1, 2009 (TOLLEFSON 44-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RLD EXPLORATION LLC | JOA DATED APRIL 1, 2009 (VIOLA PENNINGTON 11-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RLD EXPLORATION LLC | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 41-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RLD EXPLORATION LLC | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 42-16TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RLD EXPLORATION LLC | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 44-9TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RLD EXPLORATION LLC | JOA DATED OCTOBER 1, 2009 (FLADELAND 41-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RLD EXPLORATION LLC | JOA DATED OCTOBER 1, 2009 (FLADELAND 42-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RLD EXPLORATION LLC | JOA DATED OCTOBER 1, 2009 (FLADELAND 43-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RLD EXPLORATION LLC | JOA DATED OCTOBER 1, 2009 (FLADELAND 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RLD EXPLORATION LLC | JOA DATED OCTOBER 1, 2009 (WARDEN 43-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RLD EXPLORATION LLC | JOINT OPERATING AGREEMENT (KOALA 14-32HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | RMS CRANES | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | RN INDUSTRIES TRUCKING INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBERT A MICHIE | JOA DTD 9/01/10 (MASTEL 41-18TFH UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBERT BEHM | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBERT C CLARK | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBERT E FRANKLIN | JOA DTD 11/1/2017 (FLINT 41-5-1HU & 6TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBERT E FRANKLIN | JOA DTD 3/1/18 (EARL 14-34-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBERT E FRANKLIN | JOA DTD 8/1/2018 (GILFER 21-15-1TFHU & 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBERT H COOMBS | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 09/14/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBERT HARMS | JOA DTD 3/1/18 (EARL 14-34-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBERT HARMS | JOA DTD 7/1/18 (MOEN 41-2-6HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBERT HOLLAND | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 09/07/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBERT HOLLAND | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 10/14/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBERT HOLLAND | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 10/14/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBERT J SHELDON | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 08/05/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBERT LEE BEAN | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 10/21/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBERT LESTER DWYER | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 05/16/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBERT MAU | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD #41-12XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBERT MAU | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 14-13-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBERT MAU | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 14-13XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBERT MAU | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 41-12-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBERT MAU | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 41-12-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBERT MAU | JOA DATED FEBRUARY 1, 2011 (NESHEIM 11-24XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBERT MAU | JOA DATED NOVEMBER 1, 2008 (LITTLEFIELD 11-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBERT MAU | JOA DATED NOVEMBER 1, 2008 (LITTLEFIELD 21-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBERT MAU | JOA DATED NOVEMBER 1, 2008 (RUDMAN 11-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBERT ROHN | SURFACE AGREEMENT - WELD COUNTY, CO - DATED 04/12/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBERT W CALCOTE | JOA DTD 11/1/2017 (FLINT 41-5-1HU & 6TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBERT W CALCOTE | JOA DTD 3/1/18 (EARL 14-34-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBERT W CALCOTE | JOA DTD 8/1/2018 (GILFER 21-15-1TFHU & 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBERT WAYNE MAGEE | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBERTA JEAN MILLER FAMILY TR | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 08/01/2006 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBERTA JEAN MILLER FAMILY TR, MICHELLE LINGLE - TRUSTEE | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 08/01/2006 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBYN A MOORE HUTCHISON | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 41-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBYN A MOORE HUTCHISON | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 42-16TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBYN A MOORE HUTCHISON | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 44-9TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBYN A MOORE HUTCHISON | JOA DATED OCTOBER 1, 2009 (FLADELAND 42-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBYN A MOORE HUTCHISON | JOA DATED OCTOBER 1, 2009 (FLADELAND 43-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBYN A MOORE HUTCHISON | JOA DATED OCTOBER 1, 2009 (FLADELAND 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBYN A MOORE HUTCHISON | JOA DATED OCTOBER 1, 2009 (WARDEN 43-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBYN A MOORE HUTCHISON | JOA DTD 9/01/10 (MASTEL 41-18TFH UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROBYN A MOORE HUTCHISON | JOINT OPERATING AGREEMENT (KOALA 14-32HU) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | ROCK EAGLE RANCH CORPORATION | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ROCKWATER ENERGY SOLUTIONS | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROCKY MOUNTAIN IMAGING LLC | PURCHASE AND SALE AGREEMENT - EFFECTIVE 09/20/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | RODAN TRANSPORT USA LTD | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | RODNEY & VERNA LOU WOLF | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 01/10/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | RODNEY KOSTELECKY | COMMUNICATION SITE - STARK COUNTY, ND - DATED 09/01/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROEC INC | JOA (THURLOW WILLIAMS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROEC INC | JOA DTD 11/01/81 (GAJEWSKI 5-18X) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROEC INC | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROEC INC | JOA DTD 3/1/13 (SKOV 31-28-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROGER AND BETTY DAHL FAM TRUST | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 11/19/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROGER ANDERSON AND MARION ANDERSON | SURFACE AGREEMENT - MOUNTRAIL COUNTY, ND - DATED 06/15/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROGER L BEAVERS INC | JOA DTD 11/01/10 (LYDIA 41-14PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROGER S ALLICK | JOA DTD 2/01/13 (MULLIN 21-24-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROGERS WINCH INC | JOA (SCHILKE 34-32) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROGERS WINCH INC | JOA DATED JANUARY 1, 2012 (MORK TRUST 21-17H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROGERS WINCH INC | JOA DATED OCTOBER 1, 2011 (TIFFT 21-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROGII INC | SOFTWARE LICENSE AGREEMENT - EFFECTIVE 02/14/2020 | $0.00 |
| WHITING PETROLEUM CORPORATION | ROGII INC | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | ROGII INC | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | ROGII INC | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | ROGII INC. | ROGII SOFTWARE LICENSE AND SERVICE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ROGUE PRESSURE SERVICES LTD | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ROLFSON OIL LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | RONALD C SYLTE | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 12/09/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | RONALD DAVID MOCKEL | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RONALD E HANSEN | SURFACE USE & DAMAGE AGREEMENT - MOUNTRAIL COUNTY, ND - DATED 12/12/2008 | $0.00 |
| WHITING OIL AND GAS CORPORATION | RONALD E SATER ALVRONE SATER | JOA DTD 7/1/2017 (VANCE 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RONALD HARTMAN | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 12/10/1990 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROOSEVELT COUNTY CLERK | SURFACE AGREEMENT - DATED 04/04/2003 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROSCOE L CARNRIKE | JOA DATED NOVEMBER 1, 2011 (MAKI 41-33-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROSCOE L CARNRIKE | JOA DATED OCTOBER 1, 2009 (KANNAINEN 43-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROSCOE L CARNRIKE | JOA DATED OCTOBER 1, 2009 (KANNAINEN 44-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROSEWOOD RESOURCES, INC. | JOA - PRIVRATSKY 44-21PHU | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROSEWOOD RESOURCES, INC. | JOA (KESSEL 11-26PH; 21-26PH; 41-26PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROSEWOOD RESOURCES, INC. | JOA (PRIVRATSKY 41-28PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROSIE LEE BEAN RYLANDER | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 11/05/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROSIE LEE BEAN RYLANDER | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 12/15/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROSIE MAE BEAN | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 09/30/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ROTO-VERSAL COMPRESSION | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROUGHRIDER ELECTRIC COOP INC | JOA DATED NOVEMBER 1, 2010 (DIETZ 21-17TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROUGHRIDER ELECTRIC COOP INC-4897 | AGREEMENT FOR ELECTRIC SERVICE - EFFECTIVE 02/22/2011 | $242,704.80 |
| WHITING OIL AND GAS CORPORATION | ROUGHRIDER ELECTRIC COOP INC-4897 | ASSIGNMENT, CONVEYANCE AND BILL OF SALE - EFFECTIVE 03/22/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROWDYS OIL CO INC | JOA DATED APRIL 1, 2009 (HAUGE 41-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROWDYS OIL CO INC | JOA DATED APRIL 1, 2009 (MURRAY 13-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROWDYS OIL CO INC | JOA DATED APRIL 1, 2009 (TOLLEFSON 44-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROWDYS OIL CO INC | JOA DATED APRIL 1, 2009 (VIOLA PENNINGTON 11-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROY & OPAL BARTON REVOCABLE | JOA (HAVELKA 21-15PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROY BARTON | JOA DATED NOVEMBER 15, 2006 (PEERY STATE 11-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROY BARTON | JOA DATED SEPTEMBER 15, 2007 (MAYNARD URAN TRUST 11-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROY E GUINNUP | JOA (PAVLISH 31-30PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROY E GUINNUP | JOA DTD 10/1/2017 (NELSON 11-18-2TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROY E GUINNUP | JOA DTD 4/1/2017 (NELSON 11-18-2TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROY E GUINNUP | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROY E GUINNUP | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROY G BARTON JR | JOA DATED NOVEMBER 15, 2006 (LITTLEFIELD 11-30H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROY G BARTON JR | JOA DATED NOVEMBER 15, 2006 (PEERY STATE 11-25-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROY G BARTON JR | JOA DATED NOVEMBER 15, 2006 (PEERY STATE 12-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROY G BARTON JR | JOA DATED NOVEMBER 15, 2006 (PEERY STATE 21-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROY G BARTON JR | JOA DATED NOVEMBER 15, 2006 (PEERY STATE 21-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROY G BARTON JR | JOA DATED NOVEMBER 15, 2006 (PEERY STATE 22-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROY G BARTON JR | JOA DATED SEPTEMBER 15, 2007 (SMITH 41-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROY G BARTON JR | JOA DATED SEPTEMBER 15, 2007 (URAN 11-24-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROY G BARTON JR | JOA DATED SEPTEMBER 15, 2007 (URAN 12-24TFH) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | ROY G BARTON JR | JOA DATED SEPTEMBER 15, 2007 (URAN 21-24TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROY G BARTON JR | JOA DATED SEPTEMBER 15, 2007 (URAN FEDERAL 22-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROY L THORNTON | JOA DATED FEBRUARY 1, 2008 (LEO 12-29H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROY L THORNTON | JOA DATED JANUARY 1, 2011 (HANSEN #14-20XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROY L THORNTON | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROY THORNTON | JOA DATED SEPTEMBER 1, 2007 (LIFFRIG 11-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROYAL BANK OF CANADA | ISDA MASTER AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ROYALTY INTERESTS PARTNERSHIP | JOA DATED NOVEMBER 1, 2010 (ARNEGARD 21-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | RPM SWABBING SERVICE CO | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | RS ENERGY GROUP | INFORMATION SERVICES SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | RS ENERGY GROUP INC | SOFTWARE SUBSCRIPTION - EFFECTIVE 04/24/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | RS ENERGY GROUP, INC. | DATA SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | RTD | RTD ECOPASSES | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | RTR OILFIELD SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | RUBY L FOX | JOA DATED SEPTEMBER 15, 2007 (SMITH 41-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RUDMAN PARTNERSHIP | JOA DATED JUNE 1, 2008 (RICHARDSON FEDERAL 11-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RUDMAN PARTNERSHIP | JOA DATED NOVEMBER 1, 2007 (FLADELAND 12-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RUDMAN PARTNERSHIP | JOA DATED NOVEMBER 1, 2008 (LITTLEFIELD 11-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RUDOLPH & DEBORAH URBAN REV TR | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/16/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | RUDOLPH GREGORY JR & BILLIE | SALT WATER DISPOSAL AGREEMENT - JASPER COUNTY, MS - DATED 01/01/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | RUSCO OPERATING LLC. | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | RUSCO OPERATING, LLC (RIGUP)-8740 | WORKORDER AGREEMENT - EFFECTIVE 10/22/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | RUSSELL D EVITT | SALT WATER DISPOSAL AGREEMENT - WILLIAMS COUNTY, ND - DATED 08/30/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | RUSSELL D EVITT | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 01/22/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION | RUSSELL D EVITT | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 02/15/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | RUSSELL D EVITT | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 05/11/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | RUSSELL D EVITT | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 12/18/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | RUSSELL D GRIBBON 2001 | JOA DTD 8/1/2018 (GILFER 21-15-1TFHU & 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RUSSELL S SAMPSON | JOA DTD 11/01/10 (LYDIA 41-14PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RUSSELL T RUDY ENERGY LLC | JOA (OBRIGEWITCH 11-29PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RUSSELL T RUDY ENERGY LLC | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RUTH CHAPMAN COWLES & ANDREW | SURFACE AGREEMENT - NUECES COUNTY, TX - DATED 01/01/1994 | $0.00 |
| WHITING OIL AND GAS CORPORATION | RUTH MICHELLE WEAVER | JOA DATED FEBRUARY 1, 2008 (LEO 12-29H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RUTH MICHELLE WEAVER | JOA DATED JANUARY 1, 2011 (HANSEN #14-20XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RUTH PARKER WOOD REV TRUST | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 02/21/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | RUTH PARKER WOOD REV TRUST | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 02/21/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | RUTH PARKER WOOD REV TRUST | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 02/21/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | RUTH PARKER WOOD REV TRUST | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 02/21/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | RUTH PARKER WOOD REV TRUST | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 10/23/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | RUTH PARKER WOOD REV TRUST | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 10/23/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | RUTH PARKER WOOD REV TRUST | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 10/23/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | RUTH PARKER WOOD REV TRUST | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 10/23/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | RUTH PARKER WOOD REV TRUST | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 11/06/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | RUTH PARKER WOOD REV TRUST | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 11/06/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | RUTH PARKER WOOD REV TRUST | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 12/29/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | RUTH PARKER WOOD REV TRUST, LANA CONKLIN & CRYSTAL HENZI | SALT WATER DISPOSAL AGREEMENT - WILLIAMS COUNTY, ND - DATED 01/01/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | RWLS LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | RYAN & CO. | PROPERTY TAX FILINGS | $0.00 |
| WHITING OIL AND GAS CORPORATION | RYAN LLC | SERVICES AGREEMENT - SIGNED 21/11/2019 | $1,000.00 |
| WHITING OIL AND GAS CORPORATION | RYAN MOORE SSMTT GST EXEMPT | JOA DTD 11/1/2017 (FLINT 41-5-1HU & 6TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RYAN MOORE SSMTT GST EXEMPT | JOA DTD 3/1/18 (EARL 14-34-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RYAN MOORE SSMTT GST EXEMPT | JOA DTD 8/1/2018 (GILFER 21-15-1TFHU & 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | RYAN MOORE SSMTT GST NON-EXMPT | JOA DTD 8/1/2018 (GILFER 21-15-1TFHU & 1HU) | $0.00 |
| WHITING PETROLEUM CORPORATION | RYAN, LLC | PROFESSIONAL TAX SERVICES | $0.00 |
| WHITING OIL AND GAS CORPORATION | RZ INC | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | S & C LUNDBERG | JOA DATED APRIL 1, 2008 (KANNIANEN 11-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | S & C LUNDBERG | JOA DATED JUNE 1, 2008 (RICHARDSON FEDERAL 11-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | S & K STACK TESTING INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | S GORDAN REESE JR | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | S REGER FAMILY INC | JOA DATED APRIL 1, 2009 (HAUGE 41-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | S REGER FAMILY INC | JOA DATED APRIL 1, 2009 (MURRAY 13-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | S REGER FAMILY INC | JOA DATED APRIL 1, 2009 (TOLLEFSON 44-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | S REGER FAMILY INC | JOA DATED APRIL 1, 2009 (VIOLA PENNINGTON 11-3H) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | SABRE PRODUCTION SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | SADDLE BUTTE ASSETS, LLC | CRUDE GATHERING AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | SADLER LAW FIRM, LLP | ENGAGEMENT LETTER - EFFECTIVE 07/07/2011 | $0.00 |
| WHITING PETROLEUM CORPORATION | SAFE SOFTWARE INC. | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | SAFELY FAMILY TRUST,1ST NATL | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 05/16/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | SAFETY-KLEEN SYSTEMS INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | SALAZAR SERVICE & TRUCKING | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | SAM ROSS SLOAN III | SALT WATER DISPOSAL AGREEMENT - STEPHENS COUNTY, TX - DATED 01/16/2003 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SANDHILL PETROL LLC | JOA - REPLACEMENT (KUBAS 11-13TFH, KUBAS 34-12PH, KUBAS 12-13PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SANDRA & CLIFFTON LEVORSEN J/T | JOA DTD 10/1/2017 (CAVALLI STATE 34-9-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SANDRA LEVORSEN | JOA DTD 10/1/2017 (CAVALLI STATE 34-9-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SANDRA LEVORSEN | JOA DTD 5/1/2017 (JACKMAN 44-10 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SANDY RIVER ENERGY LLC | JOA DATED APRIL 1, 2009 (HAUGE 41-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SANDY RIVER ENERGY LLC | JOA DATED APRIL 1, 2009 (MURRAY 13-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SANDY RIVER ENERGY LLC | JOA DATED APRIL 1, 2009 (TOLLEFSON 44-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SANDY RIVER ENERGY LLC | JOA DATED APRIL 1, 2009 (VIOLA PENNINGTON 11-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SANDY RIVER RESOURCES LLC | JOA (DIETZ 34-7PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SANDY RIVER RESOURCES LLC | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 41-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SANDY RIVER RESOURCES LLC | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 42-16TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SANDY RIVER RESOURCES LLC | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 44-9TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SANDY RIVER RESOURCES LLC | JOA DATED OCTOBER 1, 2009 (FLADELAND 41-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SANDY RIVER RESOURCES LLC | JOA DATED OCTOBER 1, 2009 (FLADELAND 42-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SANDY RIVER RESOURCES LLC | JOA DATED OCTOBER 1, 2009 (FLADELAND 43-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SANDY RIVER RESOURCES LLC | JOA DATED OCTOBER 1, 2009 (FLADELAND 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SANDY RIVER RESOURCES LLC | JOA DATED OCTOBER 1, 2009 (WARDEN 43-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SANISH PROPERTIES LLC | JOA (ZALESKY 34-8PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SARA STRAIN | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/16/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SARAH JENKINS KNUDSON | JOA DATED NOVEMBER 1, 2011 (MAKI #41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SARAH JENKINS KNUDSON | JOA DATED NOVEMBER 1, 2011 (MAKI 41-33-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SARAH JENKINS KNUDSON | JOA DATED OCTOBER 1, 2009 (KANNAINEN 43-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SARAH JENKINS KNUDSON | JOA DATED OCTOBER 1, 2009 (KANNIANEN 44-33H) | $0.00 |
| WHITING PETROLEUM CORPORATION | SAS INSTITUTE INC. | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | SATRA INSULATION & | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | SAVAGE SERVICES CORPORATION | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | SAVANNA WELL SERVICING CORP | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | SBG ENERGY LLC/RUD TRANSPORTATION-4568 | ASSIGNMENT - PRODUCED WATER PIPELINE DELIVERY - EFFECTIVE 05/01/2015 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SBG ENERGY LLC/RUD TRANSPORTATION-4568 | FIRST AMENDMENT TO SALT WATER DISPOSAL AGREEMENT - EFFECTIVE 08/30/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SBG ENERGY LLC/RUD TRANSPORTATION-4568 | FIRST AMENDMENT TO SALT WATER DISPOSAL AGREEMENT - EFFECTIVE 08/30/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SBG ENERGY LLC/RUD TRANSPORTATION-4568 | FIRST AMENDMENT TO SALT WATER DISPOSAL AGREEMENT - EFFECTIVE 08/30/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SBG ENERGY LLC/RUD TRANSPORTATION-4568 | PRODUCED WATER PIPELINE DELIVERY AND DISPOSAL AGREEMENT - EFFECTIVE 08/29/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SBG ENERGY LLC/RUD TRANSPORTATION-4568 | PRODUCED WATER PIPELINE DELIVERY AND DISPOSAL AGREEMENT - EFFECTIVE 08/29/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SBG ENERGY LLC/RUD TRANSPORTATION-4568 | PRODUCED WATER PIPELINE DELIVERY AND DISPOSAL AGREEMENT - EFFECTIVE 08/29/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SBG ENERGY LLC/RUD TRANSPORTATION-4568 | SECOND AMENDMENT TO SALT WATER DISPOSAL AGREEMENT - EFFECTIVE 03/21/2015 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SBG ENERGY LLC/RUD TRANSPORTATION-4568 | SECOND AMENDMENT TO SALT WATER DISPOSAL AGREEMENT - EFFECTIVE 11/25/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SBG PIPELINE SW3903 LLC-6381 | SECOND AMENDMENT TO PRODUCED WATER PIPELINE AGREEMENT - EFFECTIVE 11/25/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | SCHLEGEL TRUCKING LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | SCHLUMBERGER ROD LIFT | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | SCHLUMBERGER TECHNOLOGY | MASTER SERVICES AGREEMENT | Trade Agreement Dated 6/10/2020 |
| WHITING PETROLEUM CORPORATION | SCHLUMBERGER TECHNOLOGY CORP | AGREEMENT FOR LICENSING OF NON-EXCLUSIVE SEISMIC DATA AND GEOLOGICAL REPORT - EFFECTIVE 04/30/1999 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCHLUMBERGER TECHNOLOGY CORP | SOFTWARE SUBSCRIPTION - EFFECTIVE 01/01/2020 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCHLUMBERGER TECHNOLOGY CORP | SOFTWARE SUBSCRIPTION - EFFECTIVE 02/15/2020 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCHLUMBERGER TECHNOLOGY CORP | SOFTWARE SUBSCRIPTION - EFFECTIVE 02/15/2020 | $0.00 |
| WHITING PETROLEUM CORPORATION | SCHLUMBERGER TECHNOLOGY CORP | SUPPLEMENTAL DATA AGREEMENT - EFFECTIVE 04/28/1999 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCHLUMBERGER TECHNOLOGY CORPORATION | VMG RENTAL AGREEMENT DATED FEBRUARY 27, 2020 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCHULKE ENTERPRISES LLC | JOA (DULETSKI FEDERAL 34-11) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCORPION OIL & GAS CORP | JOA (GREGORY WRIGHT FEDERAL 41-5H & 41-5-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCOTT & COLLEEN LUNDBERG JT | JOA DATED APRIL 1, 2008 (CARL KANNIANEN 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCOTT & COLLEEN LUNDBERG JT | JOA DATED APRIL 1, 2008 (KANNIANEN 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCOTT & COLLEEN LUNDBERG JT | JOA DATED APRIL 1, 2008 (PATTEN 44-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCOTT & COLLEEN LUNDBERG JT | JOA DATED APRIL 1, 2008 (ROBERT PATTEN 44-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCOTT & COLLEEN LUNDBERG JT | JOA DATED AUGUST 1, 2010 (CVANCARA 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCOTT & COLLEEN LUNDBERG JT | JOA DATED AUGUST 1, 2010 (CVANCARA 12-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCOTT & COLLEEN LUNDBERG JT | JOA DATED AUGUST 1, 2010 (CVANCARA 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCOTT & COLLEEN LUNDBERG JT | JOA DATED AUGUST 1, 2010 (CVANCARA 21-14TFH) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | SCOTT & COLLEEN LUNDBERG JT | JOA DATED FEBRUARY 1, 2010 (KLEFSTAD 24-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCOTT & COLLEEN LUNDBERG JT | JOA DATED FEBRUARY 1, 2010 (MEIERS 34-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCOTT & COLLEEN LUNDBERG JT | JOA DATED FEBRUARY 1, 2010 (MEIERS 43-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCOTT & COLLEEN LUNDBERG JT | JOA DATED FEBRUARY 1, 2010 (MEIERS 44-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCOTT & COLLEEN LUNDBERG JT | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCOTT & COLLEEN LUNDBERG JT | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCOTT & COLLEEN LUNDBERG JT | JOA DATED JANUARY 1, 2011 (WALDOCK FEDERAL 14-4-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCOTT & COLLEEN LUNDBERG JT | JOA DATED JUNE 1, 2008 (OLSON FEDERAL 42-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCOTT & COLLEEN LUNDBERG JT | JOA DATED JUNE 1, 2008 (RODNEY OLSON FEDERAL 42-8-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCOTT & COLLEEN LUNDBERG JT | JOA DATED MAY 1, 2010 (LOCKEN 14-9XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCOTT & COLLEEN LUNDBERG JT | JOA DATED MAY 1, 2010 (LOCKEN 43-8XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCOTT & COLLEEN LUNDBERG JT | JOA DATED MAY 1, 2010 (RIGEL STATE 11-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCOTT DAVIDSON | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCOTT ENERGY LLC | JOA DTD 11/1/2018 (JACKMAN 34-11-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCOTT JOHNSON | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCOTT JONES | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCOTT JONES | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCOTT JONES | JOA DTD 7/1/2017 (VANCE 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCOTT MEIERS | SURFACE USE & DAMAGE AGREEMENT - MOUNTRAIL COUNTY, ND - DATED 10/01/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCOUT ENERGY MANAGEMENT LLC | JOA DTD 12/01/94 (ELAND LODGEPOLE UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCOUT ENERGY MANAGEMENT LLC | JOA DTD 12/08/94 (ELAND LODGEPOLE UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCOUT ENERGY MANAGEMENT LLC | JOA DTD 2/27/96 (ELAND LODGEPOLE UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCOUT ENERGY MANAGEMENT LLC | JOA DTD 2/6/94 (ELAND LODGEPOLE UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCOUT ENERGY MANAGEMENT LLC | JOA DTD 3/09/95 (ELAND LODGEPOLE UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCOUT ENERGY MANAGEMENT LLC | JOA DTD 4/06/95 (ELAND LODGEPOLE UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCOUT ENERGY MANAGEMENT LLC | JOA DTD 4/11/95 (ELAND LODGEPOLE UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCOUT ENERGY MANAGEMENT LLC | JOA DTD 6/25/97 (ELAND LODGEPOLE UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCOUT ENERGY MANAGEMENT LLC | JOA DTD 7/13/95 (ELAND LODGEPOLE UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCOUT ENERGY MANAGEMENT LLC | JOA DTD 7/31/95 (ELAND LODGEPOLE UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SCOUT ENERGY MANAGEMENT LLC | JOA DTD 9/21/94 (ELAND LODGEPOLE UNIT) | $0.00 |
| WHITING PETROLEUM CORPORATION | SCRIPWORLD, LLC | Designated Payor Joinder Agreement, Effective as of July 1, 2017 | $0.00 |
| WHITING PETROLEUM CORPORATION | SCRIPWORLD, LLC | Pharmacy Benefit Management Joinder Agreement, Effective as of January 1, 2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | SCUBA STEVES MOBILE WASH LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | SECURE ENERGY SERVICES USA LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | SEESAW ENERGY LLC | JOA DATED AUGUST 1, 2009 (JULIA TTT 34-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SEESAW ENERGY LLC | JOA DATED FEBRUARY 1, 2009 (STERLING TTT 21-6H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SEISCO, INC. | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | SEISCO, INC. | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | SEISCO, LLC | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | SEISCO, LLC | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | SEISMIC EXCHANGE INC | PROPRIETARY DATE LICENSE AGREEMENT - EFFECTIVE 10/02/1998 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SEISMIC EXCHANGE INC | SEISMIC LICENSE AGREEMENT - EFFECTIVE 10/02/1998 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SEISMIC EXCHANGE INC | SEISMIC LICENSE AGREEMENT - EFFECTIVE 10/02/1998 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SEISMIC EXCHANGE INC | SEISMIC LICENSE AGREEMENT - EFFECTIVE 10/24/2000 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SEISMIC EXCHANGE, INC. | MASTER LICENSE AGREEMENT FOR SEISMIC DATA AND ALL ASSOCIATED SUPPLEMENTS | $0.00 |
| WHITING PETROLEUM CORPORATION | SEISMIC MICRO-TECHNOLOGY, INC | SINGLE USER LICENSE AGREEMENT - EFFECTIVE 10/22/1999 | $0.00 |
| WHITING PETROLEUM CORPORATION | SEISPRO, LLC | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | SEMPERA PROFESSIONAL SERVICES | CONTRACT LABOR PROVIDER | $0.00 |
| WHITING PETROLEUM CORPORATION | SENTINELONE | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | SENTRY CRANE SERVICES | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | SEVEN LAKES ENTERPRISES, INC. | IT SUPPORT AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | SEVEN LAKES ENTERPRISES, INC. | IT SUPPORT AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | SEVEN LAKES ENTERPRISES, INC. | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | SEVEN LAKES TECHNOLOGIES | SOFTWARE LICENSE AGREEMENT - EFFECTIVE 03/18/2020 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SEVEN LAKES TECHNOLOGIES | SOFTWARE LICENSE AGREEMENT - EFFECTIVE 12/20/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SEVEN LAKES TECHNOLOGIES | SOFTWARE SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | SHAKTI ENERGY LLC | JOA DATED APRIL 1, 2009 (BREHM 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SHAKTI ENERGY LLC | JOA DATED NOVEMBER 1, 2010 (ELSIE BARTLESON FEDERAL 14-29TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SHAKTI ENERGY LLC | JOA DATED NOVEMBER 1, 2010 (SMITH #14-29XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | SHALE OILFIELD SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | SHANE A. FROSS | INDEMNIFICATION AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | SHANE FROSS | EXECUTIVE EMPLOYMENT AND SEVERANCE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | SHARLA FAY BRUUN | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SHARON EVANS SURVIVORS TRUST | JOA DATED MARCH 1, 2012 ( SALSBURY 24-35-1H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SHARON K CHURCHMAN | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/16/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SHARRI CVANCARA | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 06/30/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SHAY L SCANLAN | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/10/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SHEILA J HENDRICKSON-MACHLER | SALT WATER DISPOSAL AGREEMENT - MCLEAN COUNTY, ND - DATED 06/14/1991 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SHELL TRADING (US) COMPANY | BAKKEN TRUCKED OIL SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | SHELL TRADING (US) COMPANY | FIRM SALE BAKKEN OIL AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | SHELL TRADING (US) COMPANY | NON-CORE TRUCKED OIL SALE AGREEMENT | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | SHELL TRADING (US) COMPANY | NON-CORE TRUCKED OIL SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | SHELL TRADING (US) COMPANY | TOLLING AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | SHELL TRADING COMPANY | OIL SALES CONTRACT | $0.00 |
| WHITING PETROLEUM CORPORATION | SHELL WESTERN E&P INC. | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | SHERIDAN CO., MT | LA-DEVO CAPITAL MANAGEMENT CORP-EFFECTIVE 2/1/11 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SHERINGHAM CORPORATION | JOA (LOOMER 44-33TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SHERINGHAM CORPORATION | JOA DATED SEPTEMBER 1, 2009 (SATTERTHWAITE 43-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SHERINGHAM CORPORATION | JOA DATED SEPTEMBER 1, 2009 (SATTERTHWAITE 44-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SHERINGHAM CORPORATION | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SHERRAN PETROLEUM LLC | JOA (WOLD 16-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SHERRAN PETROLEUM LLC | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | SHERWOOD ENTERPRISES INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | SHI INTERNATIONAL CORP | VSPHERE LICENSES AND SENTINELONE MAINTENANCE | $17,129.71 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | SHIFT SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | SHINE UNLIMITED LLC | JOA DATED APRIL 1, 2009 (BREHM 12-27-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SHINE UNLIMITED LLC | JOA DATED APRIL 1, 2009 (BREHM 12-27-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SHINE UNLIMITED LLC | JOA DATED APRIL 1, 2009 (LEE 41-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SHON DAVID FANDRICH | JOINT OPERATING AGREEMENT (KOALA 14-32HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SIDNEY S TATUM | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 06/17/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SIEGFRIED GROUP LLP | CONTRACT/TEMP LABOR AGREEMENT - EFFECTIVE 02/24/2020 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SIEGFRIED GROUP LLP | CONTRACT/TEMP LABOR AGREEMENT - EFFECTIVE 02/24/2020 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SIEGFRIED GROUP LLP | CONTRACT/TEMP LABOR AGREEMENT - EFFECTIVE 03/16/2020 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SIEGFRIED GROUP LLP | CONTRACT/TEMP LABOR AGREEMENT - EFFECTIVE 03/16/2020 | $0.00 |
| WHITING PETROLEUM CORPORATION | SIEMENS ENERGY, INC. | SOFTWARE MAINTENANCE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | SIERRA CHEMICALS LC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | SIERRA HAMILTON LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | SIERRA RESOURCES INC | JOA (PAVLISH 31-30PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SIERRA RESOURCES INC | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SIERRA RESOURCES INC | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SIERRA RESOURCES INC | JOA DTD 7/1/2017 (VANCE 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | SILVERLINE SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR O&G | JOA DATED FEBRUARY 1, 2009 (FLADELAND 11-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR O&G | JOA DATED JUNE 1, 2008 (BARTLESON 11-19H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR O&G | JOA DATED JUNE 1, 2008 (NESHEIM 1-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR O&G | JOA DATED JUNE 1, 2008 (RICHARDSON FEDERAL 11-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR O&G | JOA DATED MARCH 1, 2008 (LOCKEN 14-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR O&G | JOA DATED MAY 1, 2008 (ROGGENBUCK 11-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR O&G | JOA DATED NOVEMBER 1, 2008 (BARTLESON 11-32H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL | JOA DATED FEBRUARY 1, 2009 (LEE #11-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL | JOA DATED JANUARY 15, 2006 (SATTERTHWAITE 14-6) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL | JOA DATED MARCH 1, 2008 (BEHR 11-34H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL | JOA DATED SEPTEMBER 12, 2007 (PETERSON 11-34H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED APRIL 1, 2009 (BREHM 12-27-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED APRIL 1, 2009 (BREHM 12-27-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED APRIL 1, 2009 (BREHM 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED APRIL 1, 2009 (BREHM 13-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED APRIL 1, 2009 (HANSEN 44-28-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED APRIL 1, 2009 (HANSEN 44-28-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED APRIL 1, 2009 (HANSEN 44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED APRIL 1, 2009 (HANSEN 44-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED APRIL 1, 2009 (LEE 41-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED APRIL 1, 2009 (ROHDE 41-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED APRIL 1, 2009 (ROHDE 42-1TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED APRIL 1, 2009 (ROHDE 43-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED APRIL 1, 2009 (ROHDE 43-1TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED APRIL 1, 2009 (ROHDE 44-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED APRIL 1, 2009 (SMITH 34-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED APRIL 1, 2009 (SMITH 34-1TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED AUGUST 1, 2009 (BEN TTT 42-30TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED AUGUST 1, 2009 (JONES 11-8-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED AUGUST 1, 2009 (JONES 11-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED AUGUST 1, 2009 (JONES 12-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED AUGUST 1, 2009 (LEONARD JONES 11-8TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 41-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 42-16TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 44-9TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18-2TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED DECEMBER 1, 2011 (CARL KANNIANEN 22-32TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED DECEMBER 1, 2011 (KANNIANEN 22-32TFX) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED DECEMBER 1, 2011 (KANNIANEN 22-32XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED DECEMBER 1, 2011 (MILDRED ROGGENBUCK 41-24TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED DECEMBER 1, 2011 (ROGGENBUCK 41-24XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED DECEMBER 1, 2011 (ROGGENBUCK FEDERAL 41-24TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED FEBRUARY 1, 2009 (BARTLESON 12-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED FEBRUARY 1, 2009 (BARTLESON 12-18TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED FEBRUARY 1, 2009 (BARTLESON 13-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED FEBRUARY 1, 2009 (ELLA FLADELAND 12-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED FEBRUARY 1, 2009 (ESTVOLD 41-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED FEBRUARY 1, 2009 (ESTVOLD 42-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED FEBRUARY 1, 2009 (ESTVOLD 44-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED FEBRUARY 1, 2009 (FLADELAND 11-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED FEBRUARY 1, 2009 (FLADELAND 21-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED FEBRUARY 1, 2009 (FLADELAND 31-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED FEBRUARY 1, 2009 (LEE FEDERAL 12-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED FEBRUARY 1, 2009 (LIONELD FLADELAND 12-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED FEBRUARY 1, 2009 (SATTERTHWAITE 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED FEBRUARY 1, 2009 (SATTERTHWAITE 13-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED FEBRUARY 1, 2009 (S-BAR 11-7-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED FEBRUARY 1, 2009 (S-BAR 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED FEBRUARY 1, 2009 (S-BAR 11-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED FEBRUARY 1, 2009 (SMITH 41-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED FEBRUARY 1, 2009 (SMITH 44-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED FEBRUARY 1, 2009 (URAN 43-17-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED FEBRUARY 1, 2009 (URAN 43-17H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED JANUARY 1, 2011 (WALDOCK FEDERAL 14-4-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED JANUARY 1, 2012 (AMY TTT 42-30XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED JANUARY 1, 2012 (BRADY TTT 42-30XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED JANUARY 1, 2012 (JOY TTT 42-30XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED JANUARY 1, 2012 (THERESA TTT 41-30TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED JANUARY 15, 2006 (ALLISON 14-6H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED JANUARY 15, 2006 (BARB W 11-6TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED JANUARY 15, 2006 (BENDER 14-6) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED JANUARY 15, 2006 (EARL T 11-6TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED JANUARY 15, 2006 (JB 11-6TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED JUNE 1, 2008 (ANNA BARTLESON 44-20-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED JUNE 1, 2008 (BARTLESON 11-19-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED JUNE 1, 2008 (BARTLESON 44-20H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED JUNE 1, 2008 (DISHMAN 13-19-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED JUNE 1, 2008 (DISHMAN 13-19H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED JUNE 1, 2008 (DISHMAN 13-19TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED JUNE 1, 2008 (NESHEIM 13-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED JUNE 1, 2008 (NESHEIM 21-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED JUNE 1, 2008 (NESHEIM 41-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED JUNE 1, 2008 (OLSON FEDERAL 42-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED JUNE 1, 2008 (RODNEY OLSON FEDERAL 42-8-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED JUNE 1, 2008 (URAN 12-19TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED JUNE 1, 2009 (BRITTANY TTT 13-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED JUNE 1, 2009 (DANITA TTT 21-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED JUNE 1, 2009 (MATT TTT 13-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED JUNE 1, 2009 (RAMONA TTT 12-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED JUNE 1, 2009 (REMINGTON TTT 41-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED JUNE 1, 2009 (SAVANNAH TTT 41-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED JUNE 1, 2009 (TTT RANCH 11-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED JUNE 1, 2009 (TTT RANCH 11-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED JUNE 1, 2009 (TTT RANCH 12-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED JUNE 1, 2009 (TTT RANCH 21-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED JUNE 1, 2010 (ROHDE #14-6XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED JUNE 1, 2010 (ROHDE 13-6TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED JUNE 1, 2010 (ROHDE FEDERAL 14-6TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED MARCH 1, 2008 (ANNALA 12-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED MARCH 1, 2008 (ARNDT FEDERAL 34-35H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED MARCH 1, 2008 (FLADELAND 14-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED MARCH 1, 2008 (LEVI FEDERAL 21-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED MARCH 1, 2008 (LITTLEFIELD 12-34H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED MARCH 1, 2008 (LITTLEFIELD FEDERAL 11-34H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED MARCH 1, 2008 (REGINA ANNALA 12-33TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED MARCH 1, 2008 (SELMA FEDERAL 21-33TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED MARCH 1, 2009 (URAN 1-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED MARCH 1, 2011 (BREHM 42-35-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED MARCH 1, 2011 (BREHM 42-35-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED MAY 1, 2008 (BARTLESON 34-30TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED MAY 1, 2008 (BARTLESON 44-30) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED MAY 1, 2008 (MERILYN SMITH 12-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED MAY 1, 2008 (ROGGENBUCK 11-25-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED MAY 1, 2008 (ROGGENBUCK 11-25-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED MAY 1, 2008 (ROGGENBUCK 11-25-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED MAY 1, 2008 (ROGGENBUCK 11-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED MAY 1, 2008 (ROGGENBUCK 21-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED MAY 1, 2008 (ROGGENBUCK 21-25TFH) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED MAY 1, 2008 (SMITH 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED MAY 1, 2008 (SMITH 12-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED MAY 1, 2010 (CARL KANNIANEN 13-7XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED MAY 1, 2010 (LOCKEN 14-9XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED MAY 1, 2010 (LOCKEN 43-8XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED MAY 1, 2010 (MOORE 14-7-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED MAY 1, 2010 (MOORE 14-7X) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED MAY 1, 2010 (RIGEL STATE 11-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED NOVEMBER 1, 2008 (KNIFE RIVER STATE FEDERAL 12-32TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED NOVEMBER 1, 2008 (KNIFE RIVER STATE FEDERAL 13-32H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED NOVEMBER 1, 2008 (KNIFE RIVER STATE FEDERAL 13-32TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED NOVEMBER 1, 2008 (STATE 12-32H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED NOVEMBER 1, 2009 (HOLMBERG 44-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED NOVEMBER 1, 2009 (HOLMBERG 44-24TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED NOVEMBER 1, 2009 (MEIERS 11-17H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED NOVEMBER 1, 2009 (MEIERS 12-17H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED NOVEMBER 1, 2009 (MEIERS 44-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED NOVEMBER 1, 2009 (MEIERS 44-18TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED NOVEMBER 1, 2009 (ROGGENBUCK 34-24-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED NOVEMBER 1, 2009 (ROGGENBUCK 34-24-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED NOVEMBER 1, 2009 (ROGGENBUCK 34-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED NOVEMBER 1, 2009 (ROGGENBUCK 34-24TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED NOVEMBER 1, 2009 (ROGGENBUCK 43-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED NOVEMBER 1, 2009 (SCOTT MEIERS 12-17TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED NOVEMBER 1, 2010 (ELMER BARTLESON 14-29TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED NOVEMBER 1, 2010 (ELSIE BARTLESON FEDERAL 14-29TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED NOVEMBER 1, 2010 (PETERSON 41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED NOVEMBER 1, 2010 (SMITH #14-29XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED NOVEMBER 1, 2011 (BARTLESON 44-31TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED NOVEMBER 1, 2011 (SATTERTHWAITE 14-7TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED NOVEMBER 1, 2011 (S-BAR 14-7TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED NOVEMBER 1, 2011 (S-BAR 14-7XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED NOVEMBER 1, 2011 (TIISTO #43-7TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED NOVEMBER 1, 2011 (TIISTO #44-7TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED NOVEMBER 1, 2011 (TIISTO #44-7XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED NOVEMBER 1, 2011 (TIISTO 43-7-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED NOVEMBER 1, 2011 (TIISTO 43-7XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED NOVEMBER 1, 2012 (NESS 41-31XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED OCTOBER 1, 2009 (FLADELAND 41-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED OCTOBER 1, 2009 (FLADELAND 42-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED OCTOBER 1, 2009 (FLADELAND 43-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED OCTOBER 1, 2009 (FLADELAND 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED OCTOBER 1, 2009 (WARDEN 43-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED OCTOBER 1, 2010 (ARNDT #14-5XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED OCTOBER 1, 2010 (ARNDT 13-5TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED OCTOBER 1, 2010 (ARNDT 14-5TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 11-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 21-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 41-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED SEPTEMBER 1, 2009 (CARKUFF 13-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED SEPTEMBER 1, 2009 (HOLLINGER 11-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED SEPTEMBER 1, 2009 (HOLLINGER 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED SEPTEMBER 1, 2009 (IVERSON 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED SEPTEMBER 1, 2009 (IVERSON 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED SEPTEMBER 1, 2009 (IVERSON 31-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED SEPTEMBER 1, 2009 (IVERSON 41-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED SEPTEMBER 1, 2009 (MOORE 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED SEPTEMBER 1, 2009 (SATTERTHWAITE 43-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED SEPTEMBER 1, 2009 (SATTERTHWAITE 44-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED SEPTEMBER 1, 2009 (S-BAR 12-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED SEPTEMBER 1, 2009 (S-BAR 13-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED SEPTEMBER 1, 2009 (S-BAR 13-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED SEPTEMBER 1, 2009 (S-BAR 21-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED SEPTEMBER 1, 2009 (S-BAR 21-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED SEPTEMBER 1, 2010 (OJA #14-27XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED SEPTEMBER 1, 2010 (OJA 13-27-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED SEPTEMBER 1, 2010 (OJA 13-27-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED SEPTEMBER 12, 2007 (BREHM 42-35H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED SEPTEMBER 12, 2007 (PETERSON 34-35H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED SEPTEMBER 12, 2007 (PETERSON 34-35TFH) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS CO | JOA DATED SEPTEMBER 12, 2007 (PETERSON 43-35TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS COMPANY | JOA (ERSA FEDERAL 1-4H) (SINCLAIR OIL) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS COMPANY | JOA DATED AUGUST 24, 2007 (URAN 1-22) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS COMPANY | JOA DATED MAY 1, 2010 (ANDERSON 1-6H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SINCLAIR OIL & GAS COMPANY | JOA DATED OCTOBER 10, 2008 (SINCLAIR STATE 1-36H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SIOUX HOLDINGS LLC | JOA (HECKER 14-7PHU) | $0.00 |
| WHITING PETROLEUM CORPORATION | SIRIKKA LOHOEFENER | EXECUTIVE EMPLOYMENT AND SEVERANCE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | SIRIKKA LOHOEFENER | INDEMNIFICATION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | SIRIUS CONTROLS INC. | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | SIXTY NINE OIL & GAS LP | JOA (PAVLISH 31-30PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SIXTY NINE OIL & GAS LP | JOA DTD 10/1/2017 (NELSON 11-18-2TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SIXTY NINE OIL & GAS LP | JOA DTD 4/1/2017 (NELSON 11-18-2TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SIXTY NINE OIL & GAS LP | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SIXTY NINE OIL & GAS LP | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SKILLSOFT | ONLINE TRAINING COURSES | $0.00 |
| WHITING OIL AND GAS CORPORATION | SKILLSOFT CORPORATION | SOFTWARE TRAINING AGREEMENT - EFFECTIVE 12/28/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SKM SYSTEMS ANALYSIS INC | SOFTWARE LICENSE AGREEMENT - EFFECTIVE 04/20/2020 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SKOGLUND EXCAVATING INC | COTTON CREEK RANCH GRAVEL PIT - LESSOR | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLALOM CONSULTING | MASTER SERVICE AGREEMENT - EFFECTIVE 02/27/2020 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLALOM CONSULTING | STATEMENT OF WORK - EFFECTIVE 03/03/2020 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLASH V LLC | SURFACE AGREEMENT - WELD COUNTY, CO - DATED 11/17/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLASH V LLC | SURFACE USE & DAMAGE AGREEMENT - WELD COUNTY, CO - DATED 03/20/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPL | JOA DATED APRIL 1, 2008 (BREHM 44-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPL | JOA DATED APRIL 1, 2008 (KANNIANEN 11-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPL | JOA DATED DECEMBER 1, 2007 (BRAAFLAT 11-11H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPL | JOA DATED FEBRUARY 1, 2008 (LITTLEFIELD 11-29H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPL | JOA DATED FEBRUARY 1, 2009 (FLADELAND 11-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPL | JOA DATED FEBRUARY 1, 2009 (LACEY 11-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPL | JOA DATED JULY 15, 2008 (KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPL | JOA DATED JUNE 1, 2008 (LACEY 11-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPL | JOA DATED JUNE 1, 2008 (RICHARDSON FEDERAL 11-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPL | JOA DATED MARCH 1, 2008 (BEHR 11-34H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPL | JOA DATED MARCH 1, 2008 (STENSETH TRUST 11-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPL | JOA DATED MAY 1, 2008 (SMITH 11-20H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPL | JOA DATED NOVEMBER 1, 2007 (ABBOTT 11-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPL | JOA DATED NOVEMBER 1, 2007 (FLADELAND 12-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPL | JOA DATED NOVEMBER 1, 2007 (LACEY 11-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPL | JOA DATED NOVEMBER 1, 2008 (LITTLEFIELD 11-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPL | JOA DATED OCTOBER 1, 2008 (PETERSON 11-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPL | JOA DATED OCTOBER 1, 2008 (RIGEL STATE 11-16H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPL | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPL | JOA DATED SEPTEMBER 15, 2007 (MAYNARD URAN TRUST 11-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION | JOA DATED JULY 24, 2007 (LOCKEN 11-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION | JOA DATED SEPTEMBER 1, 2007 (LIFFRIG 11-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO | JOA DATED 12/1/11 (CHITWOOD 34-36H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA (BARNSTORMER FEDERAL #1-3-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA (DIETZ 34-7PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA (RJ MOEN 41-26HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA (ROVELSTAD 21-13HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA (ZALESKY 21-17PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED 3/1/17 (HECKER 11-18PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED APRIL 1, 2008 (BREHM 11-4TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED APRIL 1, 2008 (CARL KANNIANEN 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED APRIL 1, 2008 (KANNIANEN 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED APRIL 1, 2008 (LILLY PETERSON 13-4TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED APRIL 1, 2008 (PATTEN 44-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED APRIL 1, 2008 (PETERSON 13-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED APRIL 1, 2008 (ROBERT PATTEN 44-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED APRIL 1, 2009 (BREHM 12-27-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED APRIL 1, 2009 (BREHM 12-27-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED APRIL 1, 2009 (BREHM 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED APRIL 1, 2009 (BREHM 13-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED APRIL 1, 2009 (HANSEN 44-28-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED APRIL 1, 2009 (HANSEN 44-28-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED APRIL 1, 2009 (HANSEN 44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED APRIL 1, 2009 (HANSEN 44-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED APRIL 1, 2009 (HAUGE 41-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED APRIL 1, 2009 (LEE 41-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED APRIL 1, 2009 (MURRAY 13-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED APRIL 1, 2009 (TOLLEFSON 44-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED APRIL 1, 2009 (VIOLA PENNINGTON 11-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED AUGUST 1, 2009 (BILL TTT FEDERAL 42-4TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED AUGUST 1, 2009 (BURL TTT 13-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED AUGUST 1, 2009 (GORDON TTT FEDERAL 41-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED AUGUST 1, 2009 (JONES 34-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED AUGUST 1, 2009 (JORGENSEN 11-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED AUGUST 1, 2009 (JORGENSEN 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED AUGUST 1, 2009 (JORGENSEN 31-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED AUGUST 1, 2009 (MAKI 11-27H) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED AUGUST 1, 2009 (RAY 12-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED AUGUST 1, 2009 (TTT RANCH 43-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED AUGUST 15, 2008 (GOLDENEYE #1-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED AUGUST 30, 2008 (HOLST #1-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED DECEMBER 1, 2007 (BRAAFLAT 21-11TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED DECEMBER 1, 2007 (CURTIS BRAAFLAT 11-11H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED DECEMBER 1, 2007 (SNYDER 21-11H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED DECEMBER 1, 2010 (LOON FEDERAL #1-24-25) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED FEBRUARY 1, 2008 (LEO 12-29H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED FEBRUARY 1, 2008 (LEO 13-29TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED FEBRUARY 1, 2008 (LEO 14-29H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED FEBRUARY 1, 2008 (LITTLEFIELD 12-29TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED FEBRUARY 1, 2009 (ELLA FLADELAND 12-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED FEBRUARY 1, 2009 (FLADELAND 11-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED FEBRUARY 1, 2009 (FLADELAND 21-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED FEBRUARY 1, 2009 (FLADELAND 31-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED FEBRUARY 1, 2009 (LACEY 12-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED FEBRUARY 1, 2009 (LIONELD FLADELAND 12-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED FEBRUARY 1, 2009 (SMITH 41-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD #41-12XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 14-13-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 14-13XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 41-12-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 41-12-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED FEBRUARY 1, 2011 (NESHEIM 11-24XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED JANUARY 1, 2011 (HANSEN #14-20XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED JANUARY 1, 2011 (HANSEN 13-20TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED JANUARY 1, 2011 (HANSEN 14-20TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED JANUARY 1, 2011 (WALDOCK FEDERAL 14-4-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED JANUARY 15, 2008 (PATHFINDER #1-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED JULY 1, 2009 (GENESIS 1-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED JULY 1, 2011 (NESS 41-21-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED JULY 1, 2011 (NESS 41-21-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED JULY 1, 2011 (NESS 41-21XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED JULY 15, 2008 (DOUG KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED JULY 15, 2008 (KINNOIN 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED JULY 15, 2008 (KINNOIN 41-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED JULY 15, 2008 (WHITMORE 1-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED JULY 24, 2007 (DARYL LOCKEN 21-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED JULY 24, 2007 (MCNAMARA 41-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED JULY 24, 2007 (PAM LOCKEN 21-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED JUNE 1, 2008 (LACEY 12-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED JUNE 1, 2008 (LACEY 12-10TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED JUNE 1, 2008 (LACEY 13-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED JUNE 1, 2008 (OLSON FEDERAL 42-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED JUNE 1, 2008 (RODNEY OLSON FEDERAL 42-8-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED JUNE 1, 2010 (PIKE FEDERAL 1-3-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED JUNE 5, 2008 (PAYARA #1-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED MARCH 1, 2008 (ARNDT FEDERAL 34-35H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED MARCH 1, 2008 (LITTLEFIELD 12-34H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED MARCH 1, 2008 (LITTLEFIELD FEDERAL 11-34H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED MARCH 1, 2008 (OPPEBOEN 14-5WH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED MARCH 1, 2008 (OPPEBOEN 21-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED MARCH 1, 2008 (OPPEBOEN 21-5TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED MARCH 1, 2008 (STRAND 11-5TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED MARCH 1, 2010 (SAUGER FEDERAL #1-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED MAY 1, 2008 (FLADELAND 12-20TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED MAY 1, 2008 (HANSEN 12-20H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED MAY 1, 2008 (HANSEN 21-20H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED MAY 1, 2008 (HANSEN 21-20TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED MAY 1, 2008 (PROSPECTOR #1-36H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED MAY 1, 2008 (PROWLER #1-16H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED MAY 1, 2009 (KANNIANEN 43-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED MAY 1, 2010 (CARL KANNIANEN 13-7XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED MAY 1, 2010 (DIAMONDBACK #1-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED MAY 1, 2010 (LOCKEN 14-9XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED MAY 1, 2010 (LOCKEN 43-8XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED MAY 1, 2010 (MOORE 14-7-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED MAY 1, 2010 (MOORE 14-7X) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED MAY 1, 2010 (PHOENIX 1-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED MAY 1, 2010 (RIGEL STATE 11-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED MAY 1, 2011 (BROWN #41-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED MAY 1, 2011 (BROWN 41-28-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED MAY 1, 2011 (BROWN 42-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED MAY 1, 2011 (LACEY #14-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED MAY 1, 2011 (LACEY 14-3-2TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED MAY 1, 2011 (LACEY 14-3TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED NOVEMBER 1, 2007 (FLADELAND 13-18TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED NOVEMBER 1, 2007 (FLADELAND 14-18WH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED NOVEMBER 1, 2007 (LACEY 12-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED NOVEMBER 1, 2007 (LACEY 12-1TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED NOVEMBER 1, 2007 (MARMON 11-18TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED NOVEMBER 1, 2007 (MARMON 12-18TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED NOVEMBER 1, 2008 (LITTLEFIELD 21-12H) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED NOVEMBER 1, 2008 (NIGHTCRAWLER #1-17H WELLBORE) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED NOVEMBER 1, 2008 (RUDMAN 11-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED NOVEMBER 1, 2010 (ELMER BARTLESON 14-29TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED NOVEMBER 1, 2010 (ELSIE BARTLESON FEDERAL 14-29TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED NOVEMBER 1, 2010 (JOHNSON 34-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED NOVEMBER 1, 2010 (LACEY #14-1XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED NOVEMBER 1, 2010 (LACEY 11-12TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED NOVEMBER 1, 2010 (LACEY 43-2TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED NOVEMBER 1, 2010 (PETERSON 41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED NOVEMBER 1, 2010 (SMITH #14-29XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED NOVEMBER 15, 2009 (RIPPER #1-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED OCTOBER 1, 2008 (BREHM 11-4-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED OCTOBER 1, 2008 (BREHM 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED OCTOBER 1, 2008 (CRANE CREEK 14-16H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED OCTOBER 1, 2008 (CRANE CREEK STATE 11-16TFH ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED OCTOBER 1, 2008 (FOREMAN 11-4TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED OCTOBER 1, 2008 (FOREMAN 21-4TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED OCTOBER 1, 2008 (PEACEMAKER #1-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED OCTOBER 1, 2008 (PENNINGTON 41-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED OCTOBER 1, 2008 (PENNINGTON FEDERAL 41-4TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED OCTOBER 1, 2008 (RIGEL STATE 12-16H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED OCTOBER 1, 2008 (WOLF #1-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED OCTOBER 1, 2010 (ARNDT #14-5XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED OCTOBER 1, 2010 (ARNDT 13-5TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED OCTOBER 1, 2010 (ARNDT 14-5TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED OCTOBER 1, 2010 (BARLOW #14-6XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED OCTOBER 1, 2010 (STUBSTAD 13-6TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED OCTOBER 1, 2010 (STUBSTAD 14-6TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED SEPTEMBER 1, 2007 (FLADELAND 13-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED SEPTEMBER 1, 2007 (FLADELAND 13-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED SEPTEMBER 1, 2007 (FLADELAND 13-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED SEPTEMBER 1, 2007 (FLADELAND 14-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED SEPTEMBER 1, 2007 (LIFFRIG 11-27-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 41-26-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 41-26XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED SEPTEMBER 1, 2009 (LAHTI 12-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED SEPTEMBER 1, 2009 (NESS 43-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED SEPTEMBER 1, 2009 (NESS 44-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED SEPTEMBER 1, 2009 (NESS 44-21TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED SEPTEMBER 1, 2009 (SANISH BAY 42-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED SEPTEMBER 1, 2009 (SANISH BAY 42-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED SEPTEMBER 1, 2009 (SATTERTHWAITE 44-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED SEPTEMBER 1, 2009 (S-BAR 12-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED SEPTEMBER 1, 2009 (S-BAR 13-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED SEPTEMBER 1, 2009 (S-BAR 13-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED SEPTEMBER 1, 2009 (S-BAR 21-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED SEPTEMBER 1, 2009 (S-BAR 21-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED SEPTEMBER 1, 2009 (SPRAGUE 42-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED SEPTEMBER 1, 2009 (SPRAGUE 42-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED SEPTEMBER 1, 2010 (LAHTI 31-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED SEPTEMBER 1, 2010 (LAHTI 41-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED SEPTEMBER 1, 2010 (NIEMITALO #31-15XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED SEPTEMBER 1, 2010 (OJA #14-27XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED SEPTEMBER 1, 2010 (OJA 13-27-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED SEPTEMBER 1, 2010 (OJA 13-27-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED SEPTEMBER 15, 2007 (SMITH 41-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED SEPTEMBER 15, 2007 (URAN 11-24-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED SEPTEMBER 15, 2007 (URAN 12-24TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED SEPTEMBER 15, 2007 (URAN 21-24TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DATED SEPTEMBER 15, 2007 (URAN FEDERAL 22-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DTD 3/01/12 (SOLBERG 44-11PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOA DTD 9/01/10 (MASTEL 41-18TFH UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO INC | JOINT OPERATING AGREEMENT - TARPON FEDERAL 21-4H | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION CO, INC | JOA DTD 2/01/11 (KLOSE 151-103-27B-34-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION COMPANY | JOA (ATLAS #1-16-21H) (SLAWSON) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION COMPANY | JOA (KUBAS 34-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION COMPANY | JOA DATED 9/1/10 (HECKER 21-18) (MASTEL 41-18) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION COMPANY INC | JOA - JERICHO 1-5H | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION COMPANY INC | JOA (TALKINGTON FEDERAL 21-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION COMPANY INC | JOA (TOMCHUK 21-30PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION COMPANY INC | JOA DATED APRIL 1, 2008 (BREHM 11-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON DXPLORATION COMPANY INC | JOA DATED MAY 1, 2011 (PRONGHORN ST FEDERAL 21-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION COMPANY INC | JOA DATED NOVEMBER 1, 2007 (LACEY 21-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION COMPANY INC | JOA DATED NOVEMBER 1, 2007 (LACEY 21-1TFH) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION COMPANY INC | JOA DTD 05/01/10 (ALAMO #1-19-18H)) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION COMPANY INC | JOINT OPERATING AGREEMENT FOR SOLBERG 34-11PH | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION COMPANY, INC | JOA DATED FEBRUARY 1, 2012 (FROEHLICH 21-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION COMPANY, INC. | JOA (FLATLAND FEDERAL 11-4TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON EXPLORATION COMPANY, INC. | JOA DATED JULY 1, 2011 (TARPON FEDERAL 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON RESOURCES CO | JOA (RJ MOEN 41-26HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON RESOURCES CO | JOA (ROVELSTAD 21-13HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON RESOURCES CO | JOA DATED APRIL 1, 2009 (BREHM 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON RESOURCES CO | JOA DATED APRIL 1, 2009 (BREHM 13-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON RESOURCES CO | JOA DATED AUGUST 1, 2012 (KJOS 14-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON RESOURCES CO | JOA DATED AUGUST 1, 2012 (LIEBL 31-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON RESOURCES CO | JOA DATED AUGUST 1, 2012 (LIEBL 31-13TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON RESOURCES CO | JOA DATED SEPTEMBER 1, 2009 (SATTERTHWAITE 43-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON RESOURCES CO | JOA DATED SEPTEMBER 1, 2009 (SATTERTHWAITE 44-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON RESOURCES CO | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SLAWSON RESOURCES COMPANY | JOA DATED AUGUST 1, 2010 (MOLE #1-20H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | SLIPSTREAM ENVIRONMENTAL | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | SLIPSTREAM ENVIRONMENTAL SERVICES | PROPOSAL FOR 2020 QUAD J PORTABLE ANALYZER TESTING | $0.00 |
| WHITING OIL AND GAS CORPORATION | SM ENERGY COMPANY | JOA (NORA 13-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SM ENERGY COMPANY | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | SM FENCING & ENERGY SERVICES | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | Smith International, Inc. | Master Service Contract dated November 19, 2003 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | SMITHIES HOTSHOT SERVICE LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | SNOWMASS ENERGY PARTNERS LTD | JOA DTD 8/27/79 (E.B. GREEN) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SNYDER OIL CORPORATION | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING PETROLEUM CORPORATION | SOLARWINDS ITSM US INC | GENERAL IT AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | SOLARWINDS ITSM US INC | IT SUPPORT AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | SOLARWINDS ITSM US INC | IT SUPPORT AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | SOLARWINDS ITSM US INC | IT SUPPORT AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | SOLARWINDS ITSM US INC | IT SUPPORT AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | SOLARWINDS ITSM US INC | IT SUPPORT AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | SOLARWINDS ITSM US INC | IT SUPPORT AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | SOLARWINDS ITSM US INC | IT SUPPORT AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | SOLARWINDS ITSM US INC | IT SUPPORT AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | SOLIUM CAPITAL LLC | STOCK PLAN ADMINISTRATION AGREEMENT | $5,295.00 |
| WHITING OIL AND GAS CORPORATION | SOMPO INTERNATIONAL HOLDINGS LTD. | SETTLEMENT AND RELEASE | $0.00 |
| WHITING OIL AND GAS CORPORATION | SOOL LTD | JOA (KESSEL 11-26PH; 21-26PH; 41-26PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SOOL LTD | JOA (PERZINSKI FAMILY TRUST 34-19PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SOOL LTD | JOA DATED APRIL 1, 2011 (KUMMER 34-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SOOL, LTD | JOA DATED FEBRUARY 1, 2012 (CYMBALUK 21-15PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | SOUND & CELLULAR INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | SOURCEROCK EXPLORATION LLC | JOA DTD 1/1/13 (KALDAHL 24, 34 & 44 AND MILLER 14-12 WELLS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SOURCEROCK EXPLORATION LLC | JOINT OPERATING AGREEMENT (CHAMELEON STATE 153-97-16-21-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SOURCEROCK EXPLORATION, LLC | JOA COLLYER 9-8H (9ND222810) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SOUTH POINT PROPERTIES LLC | JOA DTD 8/1/18 (PERIOT 44-20HU BPO) | $0.00 |
| WHITING PETROLEUM CORPORATION | SOUTHER SOLUTIONS, INC. | SHELBI SOUTHER INDEPENDENT CONTRACTOR | $0.00 |
| WHITING OIL AND GAS CORPORATION | SOUTHWEST ROYALTIES INC | JOA DTD 2/1/18 (RENNERFELDT 14-34-1HU AND 6TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SOUTHWEST ROYALTIES INC | JOA DTD 5/1/18 (RENNERFELDT 41-3-1HU AND 6TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | SPEC TECH THREADING INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DATED AUGUST 1, 2009 (DEAL 43-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DATED AUGUST 1, 2009 (JORGENSEN 11-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DATED AUGUST 1, 2009 (JORGENSEN 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DATED AUGUST 1, 2009 (JORGENSEN 31-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DATED AUGUST 1, 2009 (JULIA TTT 34-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DATED AUGUST 1, 2009 (LAHTI 14-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DATED AUGUST 1, 2009 (LAHTI 24-22-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DATED AUGUST 1, 2009 (LAHTI 24-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DATED AUGUST 1, 2009 (LAUKALA 34-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DATED AUGUST 1, 2009 (MAKI 11-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DATED AUGUST 1, 2009 (NIEMI 44-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DATED AUGUST 1, 2009 (PLATT #43-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DATED AUGUST 1, 2009 (PLATT #44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DATED AUGUST 1, 2009 (RAY 12-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DATED JULY 1, 2011 (NESS 41-21-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DATED JULY 1, 2011 (NESS 41-21-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DATED JULY 1, 2011 (NESS 41-21XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DATED JULY 15, 2008 (DOUG KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DATED JULY 15, 2008 (KINNOIN 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DATED JULY 15, 2008 (KINNOIN 41-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DATED MARCH 1, 2008 (ARNDT FEDERAL 34-35H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DATED MARCH 1, 2008 (LITTLEFIELD 12-34H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DATED MARCH 1, 2008 (LITTLEFIELD FEDERAL 11-34H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DATED MAY 1, 2011 (BROWN #41-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DATED MAY 1, 2011 (BROWN 41-28-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DATED MAY 1, 2011 (BROWN 42-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DATED NOVEMBER 1, 2011 (MAKI #41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DATED NOVEMBER 1, 2011 (MAKI 41-33-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DATED NOVEMBER 1, 2011 (MAKI 42-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DATED SEPTEMBER 1, 2009 (LAHTI 12-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DATED SEPTEMBER 1, 2009 (NESS 43-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DATED SEPTEMBER 1, 2009 (NESS 44-21H) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DATED SEPTEMBER 1, 2009 (NESS 44-21TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DATED SEPTEMBER 1, 2010 (LAHTI 31-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DATED SEPTEMBER 1, 2010 (LAHTI 41-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DATED SEPTEMBER 1, 2010 (NIEMITALO #31-15XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DATED SEPTEMBER 1, 2010 (OJA #14-27XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DATED SEPTEMBER 1, 2010 (OJA 13-27-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DATED SEPTEMBER 1, 2010 (OJA 13-27-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPECIALIZED TECHNOLOGICAL | JOA DTD 8/1/18 (PERIOT 44-20HU BPO) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPEC-TECH | JOA DATED JULY 15, 2008 (KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPEC-TECH | JOA DATED MARCH 1, 2008 (BEHR 11-34H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPL SOLUTIONS | PROPOSAL FOR SAMPLE COLLECTION SERVICES - NORTHERN ROCKIES | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPL SOLUTIONS | PROPOSAL FOR SAMPLE COLLECTION SERVICES - PERMIAN | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | SPL SOUTHERN PETROLEUM LAB INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPLIT CREEK ENTERPRISES LLC | JOA (WOLD 16-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPLIT CREEK ENTERPRISES LLC | JOINT OPERATING AGREEMENT - TARPON FEDERAL 21-4H | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPLIT CREEK ENTERPRISES, LLC | JOA (FLATLAND FEDERAL 11-4TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPLIT CREEK ENTERPRISES, LLC | JOA DATED JULY 1, 2011 (TARPON FEDERAL 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | SPLIT ROCK SERVICES INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | SPN WELL SERVICES INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | SPRING CREEK EXP & PROD CO LLC | SALT WATER DISPOSAL AGREEMENT - WILLIAMS COUNTY, ND - DATED 01/31/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | SPYCO OILFIELD SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | SQL SENTRY, LLC, D/B/A SENTRYONE | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | SREKAIT, LLC | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ST CROIX EXPLORATION CO | JOA DTD 3/01/12 (SOLBERG 44-11PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ST CROIX EXPLORATION COMPANY | JOINT OPERATING AGREEMENT FOR SOLBERG 34-11PH | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | STABIL DRILL SPECIALTIES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | STACKD OIL TOOLS LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | STALLION OILFIELD SERVICES LTD. | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | STANDARD AUTOMATION AND CONTROL /DBA: WONDERWARE WEST | IT SUPPORT AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | STANDARD AUTOMATION AND CONTROL /DBA: WONDERWARE WEST | IT SUPPORT AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | STANDARD AUTOMATION AND CONTROL /DBA: WONDERWARE WEST | IT SUPPORT AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | STANDARD AUTOMATION AND CONTROL /DBA: WONDERWARE WEST | IT SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | STANDARD ENERGY SERVICES | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | STANLEY A & JANET I LAMBERT | JOA (PRONGHORN FEDERAL 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STANLEY A & JANET I LAMBERT | JOA DATED JULY 1, 2018 (PRONGHORN FEDERAL 41-14PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | STANLEY CONVERGENT SECURITY | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | STANLEY CONVERGENT SECURITY SOLUTIONS ALL WHITING OFFICE BUILDINGS AND STG YARDS | CARD ACCESS SERVICE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | STANLEY CONVERGENT SECURITY SOLUTIONS, INC. | ACCESS CARD AND SOFTWARE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | STANLEY T ANDERSON | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 01/07/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | STATE OF NORTH DAKOTA | COMMUNICATION SITE - MOUNTRAIL COUNTY, ND - DATED 07/26/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | STATE OF NORTH DAKOTA | SALT WATER DISPOSAL AGREEMENT - BILLINGS COUNTY, ND - DATED 05/22/2003 | $0.00 |
| WHITING OIL AND GAS CORPORATION | STATE OF NORTH DAKOTA | SALT WATER DISPOSAL AGREEMENT - BILLINGS COUNTY, ND - DATED 07/18/2003 | $0.00 |
| WHITING OIL AND GAS CORPORATION | STATE OF NORTH DAKOTA | SURFACE AGREEMENT - BILLINGS COUNTY, ND - DATED 07/30/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | STATE OF NORTH DAKOTA | SURFACE AGREEMENT - BILLINGS COUNTY, ND - DATED 10/30/2001 | $0.00 |
| WHITING OIL AND GAS CORPORATION | STATE OF NORTH DAKOTA | SURFACE AGREEMENT - BILLINGS COUNTY, ND - DATED 11/26/2002 | $0.00 |
| WHITING OIL AND GAS CORPORATION | STATE OF NORTH DAKOTA | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 02/23/1990 | $0.00 |
| WHITING OIL AND GAS CORPORATION | STATE OF NORTH DAKOTA | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 10/09/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | STATE OF NORTH DAKOTA | SURFACE USE & DAMAGE AGREEMENT - MOUNTRAIL COUNTY, ND - DATED 10/23/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | STATE OF NORTH DAKOTA | SURFACE USE & DAMAGE AGREEMENT - MOUNTRAIL COUNTY, ND - DATED 12/23/2011 | $0.00 |
| WHITING PETROLEUM CORPORATION | STATOIL | CRUDE OIL SALES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | STEAKLEY, WETSEL & CARMICHAEL, L.L.P. | ENGAGEMENT LETTER - EFFECTIVE 09/28/2006 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | STEALTH OILWELL SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | STEELE RESOURCES LLC | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | STEFFES SOLUTIONS LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | STEIN ADVISORS | ENGAGEMENT LETTER | $0.00 |
| WHITING OIL AND GAS CORPORATION | STEPHEN A WELLS | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | STEPHENS & JOHNSON OPERATING | JOA (LAROQUE 34-12H AND 34-12-2H) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | STEPHENS & JOHNSON OPERATING | JOA (TAYLOR 34-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STEPHENS & JOHNSON OPERATING | JOA DTD 8/27/79 (E.B. GREEN) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STEPHENS PRODUCTION COMPANY | JOA DATED AUGUST 7 2006 (FEDERAL 41-18D) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STERLING ENERGY INVESTMENTS LLC | GAS PURCHASE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | STERLING ENERGY INVESTMENTS LLC | GAS PURCHASE AGREEMENT AS AMENDED BY THAT CERTAIN FIRST AMENDMENT TO GAS PURCHASE AGREEMENT DATED SEPTEMBER 1, 2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION | STERLING ENERGY INVESTMENTS LLC | GAS PURCHASE AGREEMENT AT REDTAIL | $0.00 |
| WHITING OIL AND GAS CORPORATION | STEVEN BEGLEITER | JOA DATED APRIL 1, 2009 (BREHM 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STEVEN BEGLEITER | JOA DATED NOVEMBER 1, 2010 (ELSIE BARTLESON FEDERAL 14-29TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STEVEN BEGLEITER | JOA DATED NOVEMBER 1, 2010 (PETERSON 41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STEVEN BEGLEITER | JOA DATED NOVEMBER 1, 2010 (SMITH #14-29XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STEVEN H HARRIS FAMILY LP | JOA (GREGORY WRIGHT FEDERAL 41-5H & 41-5-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STEVEN H HARRIS FAMILY LP | JOA (OBRIGEWITCH 44-20PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STEVEN H HARRIS FAMILY LP | JOA (PRAUS 21-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STEVEN H HARRIS FAMILY LP | JOA (SCHILKE 34-32) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STEVEN H HARRIS FAMILY LP | JOA (STENEHJEM 41-3HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STEVEN H HARRIS FAMILY LP | JOA DATED 12/1/11 (JOHNSON 34-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STEVEN H HARRIS FAMILY LP | JOA DATED 9/1/11 (HELLING 31-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STEVEN H HARRIS FAMILY LP | JOA DATED APRIL 1, 2011 (KUMMER 34-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STEVEN H HARRIS FAMILY LP | JOA DATED AUGUST 1, 2012 (SONDROL 11-3H & SONDROL 11-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STEVEN H HARRIS FAMILY LP | JOA DATED JANUARY 1, 2012 (MORK TRUST 21-17H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STEVEN H HARRIS FAMILY LP | JOA DATED OCTOBER 1, 2011 (TIFFT 21-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STEVEN H HARRIS FAMILY LP | JOA DTD 1/01/12 (OBRIGEWITCH 41-16PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STEVEN H HARRIS FAMILY LP | JOA DTD 10/1/2017 (CAVALLI STATE 34-9-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STEVEN H HARRIS FAMILY LP | JOA DTD 11/01/10 (LYDIA 41-14PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STEVEN H HARRIS FAMILY LP | JOA DTD 11/1/2017 (FLINT 41-5-1HU & 6TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STEVEN H HARRIS FAMILY LP | JOA DTD 11/1/2018 (JACKMAN 34-11-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STEVEN H HARRIS FAMILY LP | JOA DTD 3/1/18 (EARL 14-34-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STEVEN H HARRIS FAMILY LP | JOA DTD 5/1/2017 (JACKMAN 44-10 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STEVEN H HARRIS FAMILY LP | JOINT OPERATING AGREEMENT (KOALA 14-32HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STEVEN H HARRIS FAMILY LTD | JOA DATED 12/1/11 (OBRIGEWITCH 21-16TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STEVEN H HARRIS FAMILY LTD PTNR | JOA DATED NOVEMBER 1, 2010 (LYDIA 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STEVEN L BERRY & | JOA (DOLYNIUK 11-25PH; 21-25PH; 41-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STEVEN L BERRY & | JOA DTD 03/01/14 (DOLYNIUK 21-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STEVEN MEYER | JOA DTD 1/1/13 (KALDAHL 24, 34 & 44 AND MILLER 14-12 WELLS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STEVEN W ERICKSON | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 04/01/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | STEWARDS OIL LP | JOA 1/1/16 (CARSCALLEN 31-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | STICKMAN INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | STIKEMAN ELLIOTT | ENGAGEMENT LETTER | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | STIM-TECH INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | STINGER TESTING INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | STONE HOUSE LLP | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 05/10/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | STOPPLEWORTH & SONS INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | STORMWIND LLC | IT TRAINING AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | STRATA MINERALS INC | JOA DATED APRIL 1, 2009 (BREHM 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STRATA MINERALS INC | JOA DATED APRIL 1, 2009 (BREHM 13-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STRATA MINERALS INC | JOA DATED APRIL 1, 2009 (HANSEN 44-28-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STRATA MINERALS INC | JOA DATED APRIL 1, 2009 (HANSEN 44-28-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STRATA MINERALS INC | JOA DATED APRIL 1, 2009 (HANSEN 44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STRATA MINERALS INC | JOA DATED APRIL 1, 2009 (HANSEN 44-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STRATA MINERALS INC | JOA DATED APRIL 1, 2009 (LEE 41-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STRATA MINERALS INC | JOA DATED NOVEMBER 1, 2010 (ELMER BARTLESON 14-29TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STRATA MINERALS INC | JOA DATED NOVEMBER 1, 2010 (PETERSON 41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STRATA MINERALS INC | JOA DATED NOVEMBER 1, 2010 (SMITH #14-29XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STRATA NETWORKS | CELLULAR/PHONE AGREEMENT | $176.39 |
| WHITING OIL AND GAS CORPORATION | STRATA RESOURCES | JOA DATED OCTOBER 1, 2008 (RIGEL STATE 11-16H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STRATA RESOURCES INC | JOA DATED MAY 1, 2010 (LOCKEN 14-9XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STRATA RESOURCES INC | JOA DATED MAY 1, 2010 (LOCKEN 43-8XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STRATA RESOURCES INC | JOA DATED MAY 1, 2010 (RIGEL STATE 11-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STRATA RESOURCES INC | JOA DATED OCTOBER 1, 2008 (CRANE CREEK 14-16H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STRATA RESOURCES INC | JOA DATED OCTOBER 1, 2008 (CRANE CREEK STATE 11-16TFH ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STRATA RESOURCES INC | JOA DATED OCTOBER 1, 2008 (RIGEL STATE 12-16H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STRATEX OIL & GAS INC | JOA DATED JANUARY 1, 2011 (ARTHAUD 21-29TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STRATEX OIL & GAS INC | JOA DATED MARCH 1, 2011 (DULETSKI 21-16TFH) | $0.00 |
| WHITING PETROLEUM CORPORATION | STRATUM RESERVOIR, LLC. | CORE, CUTTINGS AND SAMPLES STORAGE | $0.00 |
| WHITING PETROLEUM CORPORATION | STRATUM RESERVOIR, LLC. | CORE, CUTTINGS AND SAMPLES STORAGE | $0.00 |
| WHITING OIL AND GAS CORPORATION | STREETER RANCH | SURFACE AGREEMENT - MOUNTRAIL COUNTY, ND - DATED 08/01/2009 | $0.00 |
| WHITING PETROLEUM CORPORATION | STRETTO | ENGAGEMENT LETTER | $0.00 |
| WHITING OIL AND GAS CORPORATION | STUART F CHASE | JOA DATED SEPTEMBER 1, 2009 (SATTERTHWAITE 43-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STUART F CHASE | JOA DATED SEPTEMBER 1, 2009 (SATTERTHWAITE 44-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STUART F CHASE 2001 IRREV TRST | JOA DATED SEPTEMBER 1, 2009 (SATTERTHWAITE 43-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STUART F CHASE 2001 IRREV TRST | JOA DATED SEPTEMBER 1, 2009 (SATTERTHWAITE 44-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STUART F CHASE 2001 IRREV TRST | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STUART FAMILY TRUST | JOA DATED SEPTEMBER 1, 2012 (KITTLESON FEDERAL 24-24-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STUART FAMILY TRUST | JOA DTD 3/01/14 (IVERSON 34-32-4H) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | STUBBS & STUBBS OILFIELD | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | STUBER MINERAL RESOURCES LLC | JOA DATED JANUARY 1, 2013 (P EVITT 154-98-13-12-2-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STUBER MINERAL RESOURCES LLC | JOA DATED JULY 15, 2010 (MILLER 44-11H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | STUBER MINERAL RESOURCES LLC | JOA DTD 1/1/13 (KALDAHL 24, 34 & 44 AND MILLER 14-12 WELLS) | $0.00 |
| WHITING PETROLEUM CORPORATION | SUEMAR EXPLORATION & PRODUCTION, LLC | 3-D LICENSE AGREEMENT - EFFECTIVE 12/17/2003 | $0.00 |
| WHITING PETROLEUM CORPORATION | SUEMAUR EXPLORATION & PRODUCTION, LLC | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | SUEMAUR EXPLORATION & PRODUCTION, LLC | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | SUMMERFIELD C BALDRIDGE | JOA DATED JANUARY 1, 2010 (RON OLSON 31-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | SUMMIT ESP LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | SUMMIT MIDSTREAM PARTNERS LLC-8529 | FIRST AMENDMENT TO WATER GATHERING AGREEMENT - EFFECTIVE 04/01/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SUMMIT MIDSTREAM PARTNERS LLC-8529 | THIRD AMENDMENT TO WATER GATHERING AGREEMENT - EFFECTIVE 09/05/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SUMMIT MIDSTREAM PARTNERS LLC-8529 | WATER GATHERING AGREEMENT - COST REIMBURSEMENT - EFFECTIVE 08/02/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SUMMIT MIDSTREAM PARTNERS LLC-8529 | WATER GATHERING AGREEMENT - COST REIMBURSEMENT - EFFECTIVE 08/20/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SUMMIT MIDSTREAM PARTNERS LLC-8529 | WATER GATHERING AGREEMENT - EFFECTIVE 08/01/2012 | $0.00 |
| WHITING PETROLEUM CORPORATION | SUMMIT MIDSTREAM PARTNERS, LLC | FOURTH AMENDMENT TO SALT WATER GATHERING AND DISPOSAL AGREEMENT FOR CONSTRUCTION OF AN INTERCONNECT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | SUN TUBULAR TESTING SERVICES | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | SUN WELL SERVICE INC | MASTER SERVICES AGREEMENT | $3,104.00 |
| WHITING OIL AND GAS CORPORATION | SUNBEHM GAS INC | JOA DTD 11/01/81 (GAJEWSKI 5-18X) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SUNDHEIM OIL CORP | JOA (BUCKMAN 44-9PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SUNDHEIM OIL CORP | JOA (FRICK 24-8-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SUNDHEIM OIL CORP | JOA (WOLD 16-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SUNDHEIM OIL CORP | JOA DATED JULY 15, 2010 (MILLER 44-11H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SUNDHEIM OIL CORP | JOA DATED MAY 1, 2013 (SUNDHEIM 21-27-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SUNDHEIM OIL CORP | JOA DTD 11/1/18 (KNUT BERG TRUST 41-28 HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SUNDHEIM OIL CORP | JOA DTD 3/01/12 (SOLBERG 44-11PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SUNDHEIM OIL CORP | JOA WILDROSE 159-98-14-12-1-3H3 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SUNDHEIM OIL CORPORATION | JOINT OPERATING AGREEMENT FOR SOLBERG 34-11PH | $0.00 |
| WHITING OIL AND GAS CORPORATION | SUNOCO PARTNERS MARKEITNG & TERMINAL L.P. | BAKKEN TRUCKED OIL SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | SUNOCO PARTNERS MARKEITNG & TERMINAL L.P. | NON-CORE TRUCKED OIL SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | SUNSET PRODUCTION CORP | JOA DATED NOVEMBER 1, 2010 (ARNEGARD 21-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SUNSET PRODUCTION CORPORATION | JOA - OBRIGEWITCH 41-29PHU | $0.00 |
| WHITING OIL AND GAS CORPORATION | SUNSET PRODUCTION CORPORATION | JOA (LOIS MOEN 44-34HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SUNSET PRODUCTION CORPORATION | JOA (OBRIGEWITCH 11-29PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SUNSET PRODUCTION CORPORATION | JOA (OBRIGEWITCH 11-29PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SUNSET PRODUCTION CORPORATION | JOA (RJ MOEN 41-26HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SUNSET PRODUCTION CORPORATION | JOA (SMOKEY 2-16-21-16HU3) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SUNSET PRODUCTION CORPORATION | JOA DATED MARCH 1, 2012 (CHERRY STATE 21-16H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SUNSET PRODUCTION CORPORATION | JOA DTD 10/1/18 (BERG TRUST 34-22-TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | SUNSTATE EQUIPMENT CO LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | SUPER HEATERS OF NORTH DAKOTA | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | SUPERIOR PRODUCTION LOGGING | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | SUREFIRE WIRELINE WEST LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | SURVIVING TRUSTORS TRUST OF | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SUSAN BUSH GOODMAN | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | SUSAN J & DEAN T KAUTZMAN, JT | JOA DATED FEBRUARY 1, 2012 (CYMBALUK 21-15PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SUSAN M KOPP | SALT WATER DISPOSAL AGREEMENT - STARK COUNTY, ND - DATED 10/14/1993 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SUSAN M LINK | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 03/11/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SUSAN M LINK | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 12/06/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SUSAN URBAN-DUMM REVOCABLE | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/16/2012 | $0.00 |
| WHITING PETROLEUM CORPORATION/ WHITING OIL AND GAS CORPORATION | SUSMAN GODFREY | ENGAGEMENT LETTER - DATED 05/04/2018 | $178,935.58 |
| WHITING OIL AND GAS CORPORATION | SVEN RESOURCES LLC | JOA (BINSTOCK 21-30TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SVEN RESOURCES LLC | JOA (DULETSKI FEDERAL 34-11) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SVEN RESOURCES LLC | JOA (HAVELKA 21-15PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SVEN RESOURCES LLC | JOA (JURGENS 34-12PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SVEN RESOURCES LLC | JOA (OBRIGEWITCH 11-29PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SVEN RESOURCES LLC | JOA (PRONGHORN FEDERAL 34-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SVEN RESOURCES LLC | JOA (SOVIG 150-100-22C-15-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SVEN RESOURCES LLC | JOA (TALKINGTON FEDERAL 21-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SVEN RESOURCES LLC | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SVEN RESOURCES LLC | JOA (TOMCHUK 21-30PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SVEN RESOURCES LLC | JOA DATED 10/1/11 (SOLBERG 34-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SVEN RESOURCES LLC | JOA DATED APRIL 1, 2009 (BREHM 12-27-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SVEN RESOURCES LLC | JOA DATED APRIL 1, 2009 (BREHM 12-27-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SVEN RESOURCES LLC | JOA DATED APRIL 1, 2009 (BREHM 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SVEN RESOURCES LLC | JOA DATED APRIL 1, 2009 (BREHM 13-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SVEN RESOURCES LLC | JOA DATED APRIL 1, 2009 (HANSEN 44-28-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SVEN RESOURCES LLC | JOA DATED APRIL 1, 2009 (HANSEN 44-28-3H) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | SVEN RESOURCES LLC | JOA DATED APRIL 1, 2009 (HANSEN 44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SVEN RESOURCES LLC | JOA DATED APRIL 1, 2009 (HANSEN 44-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SVEN RESOURCES LLC | JOA DATED APRIL 1, 2009 (LEE 41-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SVEN RESOURCES LLC | JOA DATED JANUARY 1, 2011 (ARTHAUD 21-29TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SVEN RESOURCES LLC | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 12-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SVEN RESOURCES LLC | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 13-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SVEN RESOURCES LLC | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 21-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SVEN RESOURCES LLC | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 21-31TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SVEN RESOURCES LLC | JOA DATED JULY 15TH, 2008 (NEWCOMB 12-31TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SVEN RESOURCES LLC | JOA DATED NOVEMBER 1, 2010 (DIETZ 21-17TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SVEN RESOURCES LLC | JOA DATED NOVEMBER 1, 2010 (ELMER BARTLESON 14-29TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SVEN RESOURCES LLC | JOA DATED NOVEMBER 1, 2010 (ELSIE BARTLESON FEDERAL 14-29TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SVEN RESOURCES LLC | JOA DATED NOVEMBER 1, 2010 (PETERSON 41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SVEN RESOURCES LLC | JOA DATED NOVEMBER 1, 2010 (SMITH #14-29XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SVEN RESOURCES LLC | JOA DTD 11/01/10 (LYDIA 41-14PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | SWAT CONSULTING INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | SWC PRODUCTION INC | JOA DATED APRIL 1, 2009 (BREHM 12-27-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SWC PRODUCTION INC | JOA DATED APRIL 1, 2009 (BREHM 12-27-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SWC PRODUCTION INC | JOA DATED APRIL 1, 2009 (BREHM 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SWC PRODUCTION INC | JOA DATED APRIL 1, 2009 (BREHM 13-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SWC PRODUCTION INC | JOA DATED APRIL 1, 2009 (HANSEN 44-28-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SWC PRODUCTION INC | JOA DATED APRIL 1, 2009 (HANSEN 44-28-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SWC PRODUCTION INC | JOA DATED APRIL 1, 2009 (HANSEN 44-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SWC PRODUCTION INC | JOA DATED APRIL 1, 2009 (LEE 41-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SWC PRODUCTION INC | JOA DATED NOVEMBER 1, 2010 (ELMER BARTLESON 14-29TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SWC PRODUCTION INC | JOA DATED NOVEMBER 1, 2010 (ELSIE BARTLESON FEDERAL 14-29TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SWC PRODUCTION INC | JOA DATED NOVEMBER 1, 2010 (PETERSON 41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SWC PRODUCTION INC | JOA DATED NOVEMBER 1, 2010 (SMITH #14-29XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | SWEETWATER CO., WY ET AL | LA-DEVO CAPITAL MANAGEMENT CORP-EFFECTIVE 2/1/11 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | SWING TRUCKING INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | SWING TRUCKING INC-4539 | EQUIPMENT LEASE AGREEMENT - EFFECTIVE 09/09/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | SYSTEM TOOLS | SOFTWARE MAINTENANCE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | SYSTEMS ANALYSIS, INC. | IT SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | T & B LENIHAN | JOA DATED APRIL 1, 2008 (KANNIANEN 11-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | T & B LENIHAN | JOA DATED JUNE 1, 2008 (RICHARDSON FEDERAL 11-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | T & S SERVICE INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | T F HUDGINS INCORPORATED | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | T LAZY T RANCH | SURFACE AGREEMENT - BILLINGS COUNTY, ND - DATED 11/25/2003 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | T&T MEASUREMENTS INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TAB PRODUCTS CO LLC | DENVER RECORDS STORAGE | $0.00 |
| WHITING PETROLEUM CORPORATION | TAB PRODUCTS CO LLC | NEAR SITE RECORDS STORAGE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | TACTICAL CONSULTING | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TALLGRASS ENERGY PARTNERS-8530 | CONFIDENTIALITY AGREEMENT - EFFECTIVE 07/17/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | TALLGRASS MIDSTREAM LLC | REDTAIL NGL PIPELINE | $0.00 |
| WHITING OIL AND GAS CORPORATION | TALLGRASS MIDSTREAM LLC | TRAILBLAZER PIPELINE TRANSPORTATION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TALLGRASS MIDSTREAM, LLC | NGL PIPELINE LEASE AGREEMENT AT REDTAIL | $0.00 |
| WHITING OIL AND GAS CORPORATION | TALLGRASS MIDSTREAM, LLC | PIPELINE LEASE AND OPERATING AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TALLGRASS OPERATIONS, LLC | LETTER AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | TALLY CONSTRUCTION LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TANYA HARPER | SURFACE USE & DAMAGE AGREEMENT - OUACHITA COUNTY, AR - DATED 09/01/1960 | $0.00 |
| WHITING PETROLEUM CORPORATION | TARGA | AMENDMENT TO GAS SALES AGREEMENT - DATED 1/1/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | TARGA BADLANDS LLC | TARGA (SADDLE BUTTE) - DATED 9/19/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | TARGA BADLANDS LLC | TARGA PIPELINE AGREEMENT - DATED 10/1/2010 | $0.00 |
| WHITING RESOURCES CORPORATION | TARGA BADLANDS LLC ORIGINALLY SADDLE BUTTE PIPELINE, LLC | CRUDE GATHERING AGREEMENT | $3,304,190.13 (50% at Emergence and 50% within 30 days) |
| WHITING RESOURCES CORPORATION | TARGA BADLANDS LLC PREVIOUSLY SADDLE BUTTE PIPELINE, LLC | GAS G&P AGREEMENT- FIXED FEE | $0.00 |
| WHITING OIL AND GAS CORPORATION | TARGA BADLANDS LLC-8531 | SALE AGREEMENT - EFFECTIVE 09/09/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION | TARGA MIDSTREAM SERVICES LLC | GAS G&P AGREEMENT- POP FEE- NON CORE | $0.00 |
| WHITING OIL AND GAS CORPORATION | TAYLOR JOHN ENGUM | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TDL INC | JOA DTD 10/1/2017 (CAVALLI STATE 34-9-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TDL INC | JOA DTD 5/1/2017 (JACKMAN 44-10 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TDW LLC | JOA (DULETSKI FEDERAL 34-11) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TDW LLC | JOA (KESSEL 44-35PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TDW LLC | JOA (OBRIGEWITCH 11-29PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TDW LLC | JOA (PRONGHORN FEDERAL 34-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TDW LLC | JOA (TALKINGTON 21-30TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TDW LLC | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TDW LLC | JOA (TOMCHUK 21-30PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TDW LLC | JOA DATED JANUARY 1, 2011 (ARTHAUD 21-29TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TDW LLC | JOA DATED NOVEMBER 1, 2010 (DIETZ 21-17TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TDW LLC | JOA DTD 11/01/10 (LYDIA 41-14PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TDW, LLC | JOA (BINSTOCK 21-30TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TDW, LLC | JOA (HAVELKA 21-15PH) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | TDW, LLC | JOA (JURGENS 34-12PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TDW, LLC | JOA (TALKINGTON FED 11-27PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TEC | SMACKOVER INTERNET ACCESS | $0.00 |
| WHITING OIL AND GAS CORPORATION | TECHNICHE AMERICAS LLC | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | TELERIK INC. (DBA PROGRESS SOFTWARE CORPORATION) | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TERRY E NJOS | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TERRY L GIMBEL | JOA DATED APRIL 1, 2009 (HAUGE 41-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TERRY L GIMBEL | JOA DATED APRIL 1, 2009 (MURRAY 13-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TERRY L GIMBEL | JOA DATED APRIL 1, 2009 (TOLLEFSON 44-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TERRY L GIMBEL | JOA DATED APRIL 1, 2009 (VIOLA PENNINGTON 11-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TERRY NJOS | JOA (WAHLSTROM 3-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TERRY R MOORE | JOA (DIETZ 34-7PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TERRY R MOORE | JOA (DULETSKI FEDERAL 34-11) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TERRY R MOORE | JOA DATED APRIL 1, 2009 (HAUGE 41-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TERRY R MOORE | JOA DATED APRIL 1, 2009 (MURRAY 13-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TERRY R MOORE | JOA DATED APRIL 1, 2009 (TOLLEFSON 44-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TERRY R MOORE | JOA DATED APRIL 1, 2009 (VIOLA PENNINGTON 11-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TERRY R MOORE | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 41-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TERRY R MOORE | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 42-16TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TERRY R MOORE | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 44-9TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TERRY R MOORE | JOA DATED OCTOBER 1, 2009 (FLADELAND 41-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TERRY R MOORE | JOA DATED OCTOBER 1, 2009 (FLADELAND 42-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TERRY R MOORE | JOA DATED OCTOBER 1, 2009 (FLADELAND 43-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TERRY R MOORE | JOA DATED OCTOBER 1, 2009 (FLADELAND 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TERRY R MOORE | JOA DATED OCTOBER 1, 2009 (WARDEN 43-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TERRY S MCIVOR | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | TERVITA ENVIRONMENTAL SERVICES | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | TESORO | OIL GATHERING AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | TESORO | OIL SALES CONTRACT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TESORO HIGH PLAINS PIPELINE COMPANY LLC | CRUDE GATHERING AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TESORO LOGISTICS LP (QEP FIELD SERVICES LLC) | BELFIELD OIL GATHERING | $0.00 |
| WHITING OIL AND GAS CORPORATION | TESORO REFINING & MARKETING COMPANY LLC | BAKKEN OIL SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TESORO REFINING & MARKETING COMPANY LLC | BAKKEN TRUCKED OIL SALE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TESORO REFINING & MARKETING COMPANY LLC | BAKKEN TRUCKED OIL SALE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | TESORO REFINING AND MARKETING | 4TH AMENDMENT TO HIDDEN BENCH GATHERING AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TEXAS INDEPENDENT EXPLORATION | JOA DTD 8/10/90 (GIBSON SIEN WELL NO.1 UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | TEX-MEX CONSTRUCTION, INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE ARMSTRONG CORP | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD #41-12XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE ARMSTRONG CORP | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 14-13-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE ARMSTRONG CORP | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 14-13XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE ARMSTRONG CORP | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 41-12-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE ARMSTRONG CORP | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 41-12-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE ARMSTRONG CORP | JOA DATED FEBRUARY 1, 2011 (NESHEIM 11-24XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE ARMSTRONG CORP | JOA DATED JANUARY 1, 2011 (ARTHAUD 21-29TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE ARMSTRONG CORP | JOA DATED MARCH 1, 2011 (DULETSKI 21-16TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE ARMSTRONG CORP | JOA DATED NOVEMBER 1, 2008 (LITTLEFIELD 21-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE ARMSTRONG CORP | JOA DATED NOVEMBER 1, 2008 (RUDMAN 11-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE ARMSTRONG CORPORATION | JOA FOR PALUCK 21-28TFH | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. | CONVEYANCE AND ASSIGNMENT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. | SUPPLEMENTAL AGREEMENT TO CONVEYANCE AND ASSIGNMENT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. | TRUST AGREEMENT OF WHITING USA TRUST II | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE BANK OF NOVA SCOTIA | ISDA MASTER AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | THE BUREAU OF NATIONAL AFFAIRS, INC. (BLOOMBERG BNA) | SOFTWARE SUBSCRIPTION AGREEMENT | $1,139.93 |
| WHITING OIL AND GAS CORPORATION | THE DENNIS EARL URBAN | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/16/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE DUBLIN CO | JOA DATED FEBRUARY 1, 2009 (LACEY 11-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE DUBLIN CO | JOA DATED NOVEMBER 1, 2008 (LITTLEFIELD 11-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE DUBLIN CO. | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE DUBLIN COMPANY | JOA DATED AUGUST 1, 2009 (JULIA TTT 34-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE DUBLIN COMPANY | JOA DATED AUGUST 1, 2009 (LAHTI 14-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE DUBLIN COMPANY | JOA DATED AUGUST 1, 2009 (LAHTI 24-22-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE DUBLIN COMPANY | JOA DATED AUGUST 1, 2009 (LAHTI 24-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE DUBLIN COMPANY | JOA DATED AUGUST 1, 2009 (LAUKALA 34-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE DUBLIN COMPANY | JOA DATED AUGUST 1, 2009 (NIEMI 44-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE DUBLIN COMPANY | JOA DATED AUGUST 1, 2010 (CVANCARA 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE DUBLIN COMPANY | JOA DATED AUGUST 1, 2010 (CVANCARA 12-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE DUBLIN COMPANY | JOA DATED AUGUST 1, 2010 (CVANCARA 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE DUBLIN COMPANY | JOA DATED AUGUST 1, 2010 (CVANCARA 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE DUBLIN COMPANY | JOA DATED AUGUST 1, 2012 (KJOS 14-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE DUBLIN COMPANY | JOA DATED AUGUST 1, 2012 (LIEBL 31-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE DUBLIN COMPANY | JOA DATED AUGUST 1, 2012 (LIEBL 31-13TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE DUBLIN COMPANY | JOA DATED FEBRUARY 1, 2009 (LACEY 12-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE DUBLIN COMPANY | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD #41-12XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE DUBLIN COMPANY | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 14-13-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE DUBLIN COMPANY | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 14-13XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE DUBLIN COMPANY | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 41-12-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE DUBLIN COMPANY | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 41-12-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE DUBLIN COMPANY | JOA DATED FEBRUARY 1, 2011 (NESHEIM 11-24XH) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | THE DUBLIN COMPANY | JOA DATED JULY 24, 2007 (DARYL LOCKEN 21-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE DUBLIN COMPANY | JOA DATED JULY 24, 2007 (MCNAMARA 41-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE DUBLIN COMPANY | JOA DATED JULY 24, 2007 (PAM LOCKEN 21-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE DUBLIN COMPANY | JOA DATED NOVEMBER 1, 2008 (LITTLEFIELD 21-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE DUBLIN COMPANY | JOA DATED NOVEMBER 1, 2008 (RUDMAN 11-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE DUBLIN COMPANY | JOA DATED NOVEMBER 1, 2010 (LACEY #14-1XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE DUBLIN COMPANY | JOA DATED NOVEMBER 1, 2010 (LACEY 11-12TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE DUBLIN COMPANY | JOA DATED NOVEMBER 1, 2010 (LACEY 43-2TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE DUBLIN COMPANY | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 41-26-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE DUBLIN COMPANY | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 41-26XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE DUBLIN COMPANY | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE DUBLIN COMPANY | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE DUBLIN COMPANY | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE DUBLIN COMPANY | JOA DATED SEPTEMBER 1, 2010 (LAHTI 31-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE DUBLIN COMPANY | JOA DATED SEPTEMBER 1, 2010 (LAHTI 41-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE DUBLIN COMPANY | JOA DATED SEPTEMBER 1, 2010 (NIEMITALO #31-15XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE ESTATE OF MARVIN CASS | JOA DTD 11/1/2017 (FLINT 41-5-1HU & 6TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE ESTATE OF MARVIN CASS | JOA DTD 3/1/18 (EARL 14-34-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE FAIRCHILD LEGACY LLC | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE JOY PARTNERS LTD | JOA DATED JUNE 1, 2010 (ROHDE #14-6XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE JOY PARTNERS LTD | JOA DATED JUNE 1, 2010 (ROHDE 13-6TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE JOY PARTNERS LTD | JOA DATED JUNE 1, 2010 (ROHDE FEDERAL 14-6TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE JOY PARTNERS LTD | JOA DATED MAY 1, 2008 (MERILYN SMITH 12-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE JOY PARTNERS LTD | JOA DATED MAY 1, 2008 (SMITH 12-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE JOY PARTNERS LTD | JOA DATED MAY 1, 2010 (CARL KANNIANEN 13-7XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE JOY PARTNERS LTD | JOA DATED MAY 1, 2010 (MOORE 14-7-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE JOY PARTNERS LTD | JOA DATED MAY 1, 2010 (MOORE 14-7X) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE MEHL TRUST | SURFACE AGREEMENT - JOHNSON COUNTY, WY - DATED 04/01/1996 | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE MILLENNIUM CORP | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE MONSON FAMILY TRUST, MITCHELL MONSON, TTEE | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 03/02/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE PFANENSTIEL COMPANY LLC | JOA (EIDE 41-13HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE PFANENSTIEL COMPANY LLC | JOA (LOOMER 44-33TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE PFANENSTIEL COMPANY LLC | JOA (ZALESKY 21-17PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE PFANENSTIEL COMPANY LLC | JOA DATED NOVEMBER 1, 2010 (DIETZ 21-17TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE ROLLAND W HOOPS AND CHARLOTTE M HOOPS TRUST, C/O RICHARD G HOOPS | SURFACE USE & DAMAGE AGREEMENT - WELD COUNTY, CO - DATED 06/05/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE RUDMAN PARTNERSHIP | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD #41-12XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE RUDMAN PARTNERSHIP | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 14-13-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE RUDMAN PARTNERSHIP | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 14-13XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE RUDMAN PARTNERSHIP | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 41-12-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE RUDMAN PARTNERSHIP | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 41-12-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE RUDMAN PARTNERSHIP | JOA DATED FEBRUARY 1, 2011 (NESHEIM 11-24XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE RUDMAN PARTNERSHIP | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE RUDMAN PARTNERSHIP | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE RUDMAN PARTNERSHIP | JOA DATED JANUARY 1, 2011 (WALDOCK FEDERAL 14-4-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE RUDMAN PARTNERSHIP | JOA DATED JUNE 1, 2008 (OLSON FEDERAL 42-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE RUDMAN PARTNERSHIP | JOA DATED JUNE 1, 2008 (RODNEY OLSON FEDERAL 42-8-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE RUDMAN PARTNERSHIP | JOA DATED MAY 1, 2010 (LOCKEN 14-9XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE RUDMAN PARTNERSHIP | JOA DATED MAY 1, 2010 (LOCKEN 43-8XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE RUDMAN PARTNERSHIP | JOA DATED MAY 1, 2010 (RIGEL STATE 11-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE RUDMAN PARTNERSHIP | JOA DATED NOVEMBER 1, 2008 (LITTLEFIELD 21-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE RUDMAN PARTNERSHIP | JOA DATED NOVEMBER 1, 2008 (RUDMAN 11-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE RUDMAN PARTNERSHIP | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE RUDMAN PARTNERSHIP | JOA DTD 7/1/2017 (VANCE 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE SATER FAMILY PARTNERSHIP | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T | JOA DATED APRIL 1, 2008 (KANNIANEN 11-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T | JOA DATED FEBRUARY 1, 2009 (TTT RANCH #11-6H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T | JOA DATED JULY 15, 2008 (KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED APRIL 1, 2008 (CARL KANNIANEN 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED APRIL 1, 2008 (KANNIANEN 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED APRIL 1, 2008 (PATTEN 44-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED APRIL 1, 2008 (ROBERT PATTEN 44-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED AUGUST 1, 2009 (DEAL 43-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED AUGUST 1, 2009 (GUINN TRUST 11-13TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED AUGUST 1, 2009 (HAGEY 11-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED AUGUST 1, 2009 (HAGEY 12-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED AUGUST 1, 2009 (JORGENSEN 11-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED AUGUST 1, 2009 (JORGENSEN 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED AUGUST 1, 2009 (JORGENSEN 31-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED AUGUST 1, 2009 (LAHTI 14-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED AUGUST 1, 2009 (LAHTI 24-22-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED AUGUST 1, 2009 (LAHTI 24-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED AUGUST 1, 2009 (LAUKALA 34-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED AUGUST 1, 2009 (MAKI 11-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED AUGUST 1, 2009 (NIEMI 44-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED AUGUST 1, 2009 (PLATT #43-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED AUGUST 1, 2009 (PLATT #44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED AUGUST 1, 2009 (RAY 12-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 41-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 42-16TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 44-9TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED AUGUST 1, 2011 (HAGEY 14-13XH) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED AUGUST 1, 2011 (HATTIE HAGEY 14-13TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED AUGUST 1, 2011 (MARY ELIZABETH 13-13TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED FEBRUARY 1, 2009 (TROY TTT 12-6TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED FEBRUARY 1, 2009 (TTT RANCH #12-6H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED FEBRUARY 1, 2009 (TTT RANCH #4-6TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED FEBRUARY 1, 2010 (KLEFSTAD 24-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED FEBRUARY 1, 2010 (MEIERS 34-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED FEBRUARY 1, 2010 (MEIERS 43-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED JANUARY 1, 2011 (LILLIAN VIOLA 14-12TFX | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED JANUARY 1, 2011 (TIISTO #14-12XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED JANUARY 1, 2011 (VERNE HAGEY 13-12TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED JANUARY 1, 2011 (WALDOCK FEDERAL 14-4-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED JULY 15, 2008 (DOUG KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED JULY 15, 2008 (KINNOIN 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED JULY 15, 2008 (KINNOIN 41-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED JUNE 1, 2009 (CARKUFF 11-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED JUNE 1, 2009 (LINDSETH 12-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED JUNE 1, 2009 (ODDIE 44-7-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED JUNE 1, 2009 (ODDIE 44-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED JUNE 1, 2009 (STROBECK 12-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED JUNE 1, 2009 (TIISTO 43-7-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED JUNE 1, 2009 (TIISTO 43-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED JUNE 1, 2010 (ROHDE #14-6XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED JUNE 1, 2010 (ROHDE 13-6TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED JUNE 1, 2010 (ROHDE FEDERAL 14-6TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED MAY 1, 2008 (MERILYN SMITH 12-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED MAY 1, 2008 (SMITH 12-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED MAY 1, 2010 (CARL KANNIANEN 13-7XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED MAY 1, 2010 (MOORE 14-7-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED MAY 1, 2010 (MOORE 14-7X) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED MAY 1, 2011 (BROWN #41-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED MAY 1, 2011 (BROWN 41-28-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED MAY 1, 2011 (BROWN 42-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED NOVEMBER 1, 2011 (MAKI #41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED NOVEMBER 1, 2011 (MAKI 41-33-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED NOVEMBER 1, 2011 (MAKI 42-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED OCTOBER 1, 2009 (CARL KANNIANEN 24-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED OCTOBER 1, 2009 (FLADELAND 41-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED OCTOBER 1, 2009 (FLADELAND 42-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED OCTOBER 1, 2009 (FLADELAND 43-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED OCTOBER 1, 2009 (FLADELAND 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED OCTOBER 1, 2009 (HARTSTROM 24-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED OCTOBER 1, 2009 (KANNAINEN 43-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED OCTOBER 1, 2009 (KANNIANEN 44-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED OCTOBER 1, 2009 (WARDEN 43-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED OCTOBER 1, 2009 (WHITE 43-33TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED OCTOBER 1, 2010 (HOOVER #13-1TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED OCTOBER 1, 2010 (HOOVER #14-1TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED OCTOBER 1, 2010 (HOOVER #14-1XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED OCTOBER 1, 2010 (JONES 11-8-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED OCTOBER 1, 2010 (JONES 11-8XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED SEPTEMBER 1, 2010 (LAHTI 31-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED SEPTEMBER 1, 2010 (LAHTI 41-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED SEPTEMBER 1, 2010 (NIEMITALO #31-15XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED SEPTEMBER 1, 2010 (OJA #14-27XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED SEPTEMBER 1, 2010 (OJA 13-27-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED SEPTEMBER 1, 2010 (OJA 13-27-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE TRIPLE T INC | JOA DATED SEPTEMBER 15, 2014 (VAN HOOK 132-1319H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THE URBAN LIVING TRUST | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/16/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | THELMA EILEEN REEVES | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 09/29/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | THEODORE J WELTZIN TRUST | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 02/21/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | THEODORE J WELTZIN TRUST | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 09/07/2016 | $0.00 |
| WHITING PETROLEUM CORPORATION | THISTLE, INC. | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | THISTLE, INC. | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | THISTLE, INC. | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | THISTLE, INC. | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOMAS & BONITA LENIHAN JT | JOA DATED APRIL 1, 2008 (CARL KANNIANEN 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOMAS & BONITA LENIHAN JT | JOA DATED APRIL 1, 2008 (KANNIANEN 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOMAS & BONITA LENIHAN JT | JOA DATED APRIL 1, 2008 (PATTEN 44-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOMAS & BONITA LENIHAN JT | JOA DATED APRIL 1, 2008 (ROBERT PATTEN 44-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOMAS & BONITA LENIHAN JT | JOA DATED AUGUST 1, 2010 (CVANCARA 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOMAS & BONITA LENIHAN JT | JOA DATED AUGUST 1, 2010 (CVANCARA 12-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOMAS & BONITA LENIHAN JT | JOA DATED AUGUST 1, 2010 (CVANCARA 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOMAS & BONITA LENIHAN JT | JOA DATED AUGUST 1, 2010 (CVANCARA 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOMAS & BONITA LENIHAN JT | JOA DATED FEBRUARY 1, 2010 (KLEFSTAD 24-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOMAS & BONITA LENIHAN JT | JOA DATED FEBRUARY 1, 2010 (MEIERS 34-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOMAS & BONITA LENIHAN JT | JOA DATED FEBRUARY 1, 2010 (MEIERS 43-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOMAS & BONITA LENIHAN JT | JOA DATED FEBRUARY 1, 2010 (MEIERS 44-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOMAS & BONITA LENIHAN JT | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOMAS & BONITA LENIHAN JT | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOMAS & BONITA LENIHAN JT | JOA DATED JANUARY 1, 2011 (WALDOCK FEDERAL 14-4-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOMAS & BONITA LENIHAN JT | JOA DATED JUNE 1, 2008 (OLSON FEDERAL 42-8H) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | THOMAS & BONITA LENIHAN JT | JOA DATED JUNE 1, 2008 (RODNEY OLSON FEDERAL 42-8-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOMAS & BONITA LENIHAN JT | JOA DATED MAY 1, 2010 (LOCKEN 14-9XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOMAS & BONITA LENIHAN JT | JOA DATED MAY 1, 2010 (LOCKEN 43-8XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOMAS & BONITA LENIHAN JT | JOA DATED MAY 1, 2010 (RIGEL STATE 11-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOMAS C ARNSON | JOA DTD 11/1/2018 (JACKMAN 34-11-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOMAS DICKSON | JOA (FAIRVIEW OVERLOOK FED 34-33HTF) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOMAS FAMILY LTD PARTNERSHIP | JOA (KESSEL 11-26PH; 21-26PH; 41-26PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOMAS G BAXTER | JOA DTD 2/01/13 (MULLIN 21-24-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOMAS G TROSTEL | SURFACE USE & DAMAGE AGREEMENT - WELD COUNTY, CO - DATED 08/06/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOMAS J IRGENS | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 10/12/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOMAS J IRGENS | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 10/21/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOMAS J IRGENS | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 10/21/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOMAS KNIGHT BULLIARD | SURFACE AGREEMENT - ST MARTIN COUNTY, LA - DATED 07/11/2000 | $0.00 |
| WHITING PETROLEUM CORPORATION | THOMAS L. ALLER | INDEMNIFICATION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOMAS LENIHAN & BONITA LENIHAN, J/T | JOA DATED NOVEMBER 1, 2010 (ARNEGARD 21-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOMAS M GUNDERSON | JOA (FAIRVIEW OVERLOOK FED 34-33HTF) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOMAS N BERRY & COMPANY | JOA - REPLACEMENT (KUBAS 11-13TFH, KUBAS 34-12PH, KUBAS 12-13PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOMAS N BERRY & COMPANY | JOINT OPERATING AGREEMENT (KOALA 14-32HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOMAS P BLAKEWAY JR | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOMAS R MERTENS AGENT FOR RJM LAND COMPANY LLC | SURFACE USE & DAMAGE AGREEMENT - WELD COUNTY, CO - DATED 05/27/2014 | $0.00 |
| WHITING PETROLEUM CORPORATION | THOMPSON REUTERS | TAX PROVISION SOFTWARE | $0.00 |
| WHITING PETROLEUM CORPORATION | THOMPSON REUTERS | TAX RETURN PREP SOFTWARE | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOMSON REUTERS | SOFTWARE LICENSE AGREEMENT - EFFECTIVE 10/07/2013 | $1,959.97 |
| WHITING OIL AND GAS CORPORATION | THOMSON REUTERS | SOFTWARE LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOMSON REUTERS | SOFTWARE LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOMSON REUTERS | SOFTWARE LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOMSON REUTERS | SOFTWARE LICENSE AGREEMENT - EFFECTIVE 12/10/2019 | $0.00 |
| WHITING PETROLEUM CORPORATION | THOMSON REUTERS (TAX & ACCOUNTING), INC. | GENERAL IT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOUGHTTRACE, INC. | MUTUAL NON-DISCLOSURE AGREEMENT - EFFECTIVE 11/11/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | THOUGHTTRACE, INC. | SASS SOFTWARE FOR LAND DOCUMENTS | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | THRU TUBING SOLUTIONS INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TIBCO SOFTWARE, INC. | GENERAL IT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | TIGA | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | TIGER WELL SERVICE LLP | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TIM BRUUN | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TIM MARTIN | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 21-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TIM MARTIN | JOA DATED SEPTEMBER 1, 2009 (ANDERSON 41-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TIM MARTIN | JOA DATED SEPTEMBER 1, 2009 (MOORE 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TIM ROEN | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 02/27/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | TIM W OLSON CONSTRUCTION INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | TIMBERLANE PUMPS LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TIMBRO RANCH & CATTLE CO LLC | COMMUNICATION SITE - WELD COUNTY, CO - DATED 05/07/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | TIMBRO RANCH & CATTLE CO LLC | COMMUNICATION SITE - WELD COUNTY, CO - DATED 05/07/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | TIMBRO RANCH & CATTLE CO LLC | SURFACE AGREEMENT - WELD COUNTY, CO - DATED 06/14/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION | TIMBRO RANCH & CATTLE CO LLC | SURFACE USE & DAMAGE AGREEMENT - WELD COUNTY, CO - DATED 07/12/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | TIMBRO RANCH & CATTLE CO LLC | SURFACE USE & DAMAGE AGREEMENT - WELD COUNTY, CO - DATED 07/16/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | TIMBRO RANCH & CATTLE CO LLC | SURFACE USE & DAMAGE AGREEMENT - WELD COUNTY, CO - DATED 09/05/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | TIMBRO RANCH & CATTLE COMPANY | NON-DISTURBANCE AND ATTORNMENT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TIMOTHY E KNUTSON | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/04/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | TIMOTHY J DENOWH | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 05/24/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | TIMOTHY J RITTER | JOA DTD 10/1/18 (BERG TRUST 34-22-TFHU) | $0.00 |
| WHITING PETROLEUM CORPORATION | TIMOTHY M. SULSER | INDEMNIFICATION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TIMOTHY P TAYLOR | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 07/10/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | TIMOTHY P TAYLOR | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 05/04/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | TIMOTHY S SMITH AND JEANNI COLEMAN SMITH | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 06/16/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | TITAN ENERGY SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TITAN MACHINERY INC | EQUIPMENT LEASE - EFFECTIVE 01/31/2020 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | TJS OILFIELD SERVICE | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | TNT WELL SERVICING INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TODD M KRINGEN | JOA DTD 10/1/2017 (NELSON 11-18-2TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TODD M KRINGEN | JOA DTD 4/1/2017 (NELSON 11-18-2TFHU) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | TODD M KRINGEN | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TODD M KRINGEN | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TODD M KRINGEN | JOA DTD 7/1/2017 (VANCE 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TODD SLAWSON TRUST | JOA DATED APRIL 1, 2009 (BREHM 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TODD SLAWSON TRUST | JOA DATED SEPTEMBER 1, 2009 (SATTERTHWAITE 43-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TODD SLAWSON TRUST | JOA DATED SEPTEMBER 1, 2009 (SATTERTHWAITE 44-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TODD SLAWSON TRUST | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TOFTE ENERGY PARTNERS LP | JOA DATED APRIL 1, 2009 (HAUGE 41-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TOFTE ENERGY PARTNERS LP | JOA DATED APRIL 1, 2009 (TOLLEFSON 44-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TOFTE ENERGY PARTNERS LP | JOA DATED APRIL 1, 2009 (VIOLA PENNINGTON 11-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TOKARZ INVESTMENTS LLC | JOA (PRONGHORN FEDERAL 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TOKARZ INVESTMENTS LLC | JOA DATED JULY 1, 2018 (PRONGHORN FEDERAL 41-14PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TOM GRAY | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | TOOLPUSHERS SUPPLY COMPANY | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TOPPAN MERRILL LLC | ASSOCIATED WITH THE MERRILL CORPORATION CONTRACT | $1,421.43 |
| WHITING OIL AND GAS CORPORATION | TOPWATER RESOURCES LLC | JOA (WOLD 16-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TOPWATER RESOURCES LLC | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | TORRENT ENERGY SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | TOTAL DEPTH RENTALS INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | TOTAL DEPTH WELL SERVICES INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | TOTAL DIRECTIONAL SVCS LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | TOTAL ENERGY CORP | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TOTAL OILFIELD RENTALS | ENVIRONMENTAL ADDENDUM FOR GENERATOR LEASES | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | TOTAL OILFIELD RENTALS INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TOTAL OILFIELD RENTALS INC-4379 | ADDENDUM TO MASTER SERVICES AGREEMENT - EFFECTIVE 08/04/2016 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | TOTAL SAFETY US INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TP2K HOLDINGS LLC | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TP2K HOLDINGS LLC | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TP2K HOLDINGS LLC | JOA DTD 7/1/2017 (VANCE 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TPC RESOURCES LLC | JOA (DOLYNIUK 11-25PH; 21-25PH; 41-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TPC RESOURCES LLC | JOA (KESSEL 11-26PH; 21-26PH; 41-26PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TPC RESOURCES LLC | JOA (LOIS MOEN 44-34HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TPC RESOURCES LLC | JOA (PERZINSKI FAMILY TRUST 34-19PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TPC RESOURCES LLC | JOA (RJ MOEN 41-26HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TPC RESOURCES LLC | JOA (TOMCHUK 21-30PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TPC RESOURCES LLC | JOA DATED FEBRUARY 1, 2012 (CYMBALUK 21-15PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TPC RESOURCES LLC | JOA DATED NOVEMBER 1, 2010 (ARNEGARD 21-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TPC RESOURCES LLC | JOA DTD 03/01/14 (DOLYNIUK 21-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TPC RESOURCES LLC | JOA DTD 1/1/13 (KALDAHL 24, 34 & 44 AND MILLER 14-12 WELLS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TPC RESOURCES LLC | JOA DTD 11/1/2018 (JACKMAN 34-11-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TPC RESOURCES LLC | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TPC RESOURCES, LLC | JOA DATED OCTOBER 1, 2011 (FRANK 34-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | TR ROBEL SERVICES INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRACE3 INC | HARDWARE MAINTENANCE AGREEMENT - EFFECTIVE 12/04/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRACE3 INC | SOFTWARE SUBSCRIPTION - EFFECTIVE 12/04/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRACE3 LLC | IT SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | TRACERCO | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRACY DAWN RUDE | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRAILBLAZER PIPELINE COMPANY LLC | BINDING LETTER AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRAILBLAZER PIPELINE COMPANY LLC | FACILITIES INTERCONNECT AND OPERATING AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRAILBLAZER PIPELINE COMPANY LLC | FIRM TRANSPORTATION NEGOTIATED RATE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRAILBLAZER PIPELINE COMPANY LLC | GAS TRANSPORTATION AT REDTAIL GAS PLANT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRAILBLAZER PIPELINE COMPANY LLC-8543 | FACILITIES INTERCONNECT AGREEMENT - EFFECTIVE 04/07/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRANSZAP INC (OILDEX)-8626 | MASTER SERVICE AGREEMENT - EFFECTIVE 06/13/2018 | $12,430.29 |
| WHITING OIL AND GAS CORPORATION | TRANSZAP, INC. | GENERAL IT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRAXEL AND MAXINE STEVENS TRUST | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 04/05/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | TRC ROD SERVICES OF TEXAS INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | TREADSTONE ENVIRONMENTAL | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | TRENCHLINE ENERGY SERVICES | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | TRENTROY CORP | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRG - THE RESPONSE GROUP, LLC | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | TRIANGLE ELECTRIC INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIANGLE REALTY PARTNERSHIP | JOA DTD 10/1/18 (BERG TRUST 34-22-TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIANGLE USA PETROLEUM CORP | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING RESOURCES CORPORATION | TRIANGLE USA PETROLEUM CORPORATION | PURCHASE AND SALE AGREEMENT | $0.00 |
| WHITING RESOURCES CORPORATION | TRIANGLE USA PETROLEUM CORPORATION | PURCHASE AND SALE AGREEMENT - KODIAK AS SELLER | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | TRIDDER INDUSTRIAL LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIDENT RESOURCE MANAGEMENT | JOA DATED APRIL 1, 2012 (IVERSON BROS #24-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | TRIGGER ENERGY INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIGGER LAND SERVICES INC | JOA DTD 10/1/2017 (CAVALLI STATE 34-9-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIGGER LAND SERVICES INC | JOA DTD 5/1/2017 (JACKMAN 44-10 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIGGER RESOURCES LLC | JOA DTD 9/01/10 (MASTEL 41-18TFH UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIGGER RESOURCES LLC | JOINT OPERATING AGREEMENT (KOALA 14-32HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | TRIHYDRO CORPORATION | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRINITY CONSULTANTS | PROPOSAL FOR CFATS SUPPORT | $0.00 |
| WHITING PETROLEUM CORPORATION | TRINITY CONSULTANTS | PROPOSAL FOR RY2019 GREENHOUSE GAS REPORTING | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRINITY CONSULTANTS | PROPOSAL FOR TITLE V AND PTC APPLICATIONS IN ND | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRINITY CONSULTANTS | PROPOSAL FOR TLMTU CTB1 IMPACT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRINITY MANAGEMENT CONSULTING, INC. | IT SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRINITY WESTERN LAND & EXP LLC | JOA (ROVELSTAD 21-13HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRINITY WESTERN LAND & EXP LLC | JOA DATED NOVEMBER 1, 2008 (BARTLESON 21-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRINITY WESTERN LAND & EXP LLC | JOA DATED NOVEMBER 1, 2008 (HANSEN 21-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRINITY WESTERN LAND & EXP LLC | JOA DATED NOVEMBER 1, 2008 (NESS 21-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRINITY WESTERN LAND & EXP LLC | JOA DATED NOVEMBER 1, 2008 (NESS 21-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRINITY WESTERN LAND & EXP LLC | JOA DTD 8/1/2018 (GILFER 21-15-1TFHU & 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C | JOA DATED FEBRUARY 1, 2008 (LITTLEFIELD 11-29H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPL | JOA DATED JULY 15, 2008 (KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPL | JOA DATED OCTOBER 1, 2008 (RIGEL STATE 11-16H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA (SNOWSHOE 30-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA (WAHLSTROM 3-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED AUGUST 1, 2009 (BILL TTT FEDERAL 42-4TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED AUGUST 1, 2009 (BURL TTT 13-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED AUGUST 1, 2009 (DEAL 43-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED AUGUST 1, 2009 (GORDON TTT FEDERAL 41-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED AUGUST 1, 2009 (JONES 34-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED AUGUST 1, 2009 (JULIA TTT 34-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED AUGUST 1, 2009 (LAHTI 14-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED AUGUST 1, 2009 (LAHTI 24-22-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED AUGUST 1, 2009 (LAHTI 24-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED AUGUST 1, 2009 (LAUKALA 34-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED AUGUST 1, 2009 (NIEMI 44-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED AUGUST 1, 2009 (PLATT #43-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED AUGUST 1, 2009 (PLATT #44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED AUGUST 1, 2009 (TTT RANCH 43-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED FEBRUARY 1, 2008 (LEO 12-29H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED FEBRUARY 1, 2008 (LEO 13-29TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED FEBRUARY 1, 2008 (LEO 14-29H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED FEBRUARY 1, 2008 (LITTLEFIELD 12-29TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED JANUARY 1, 2011 (HANSEN #14-20XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED JANUARY 1, 2011 (HANSEN 13-20TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED JANUARY 1, 2011 (HANSEN 14-20TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED JULY 1, 2011 (NESS 41-21-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED JULY 1, 2011 (NESS 41-21-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED JULY 1, 2011 (NESS 41-21XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED JULY 15, 2008 (DOUG KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED JULY 15, 2008 (KINNOIN 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED JULY 15, 2008 (KINNOIN 41-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED MAY 1, 2010 (LOCKEN 14-9XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED MAY 1, 2010 (LOCKEN 43-8XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED MAY 1, 2010 (RIGEL STATE 11-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED MAY 1, 2011 (BROWN #41-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED MAY 1, 2011 (BROWN 41-28-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED MAY 1, 2011 (BROWN 42-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED NOVEMBER 1, 2011 (MAKI #41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED NOVEMBER 1, 2011 (MAKI 41-33-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED NOVEMBER 1, 2011 (MAKI 42-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED OCTOBER 1, 2008 (CRANE CREEK 14-16H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED OCTOBER 1, 2008 (CRANE CREEK STATE 11-16TFH ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED OCTOBER 1, 2008 (RIGEL STATE 12-16H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED OCTOBER 1, 2010 (ARNDT #14-5XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED OCTOBER 1, 2010 (ARNDT 13-5TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED OCTOBER 1, 2010 (ARNDT 14-5TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED SEPTEMBER 1, 2009 (LAHTI 12-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED SEPTEMBER 1, 2009 (NESS 43-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED SEPTEMBER 1, 2009 (NESS 44-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED SEPTEMBER 1, 2009 (NESS 44-21TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED SEPTEMBER 1, 2010 (LAHTI 31-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED SEPTEMBER 1, 2010 (LAHTI 41-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DATED SEPTEMBER 1, 2010 (NIEMITALO #31-15XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE C EXPLORATION LLC | JOA DTD 3/1/2019 (MARTELL 34-36HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRIPLE CROWN INTERNET INC | PLAINS AREA NETWORK LINK MANAGED BY JR JUAREZ | $77.74 |
| WHITING OIL AND GAS CORPORATION | TRIPLE O SLABBING, INC | CUTTINGS STORAGE AGREEMENT | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | TRIPLE S ENTERPRISES INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRISTAR COMPRESSION  LP-8548 | COMPRESSOR LEASE AGREEMENT - EFFECTIVE 01/21/2015 | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRISTAR COMPRESSION LP | COMPRESSOR - ASSET #C090201 | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRI-STATE GENERATION AND TRANSMISSION ASSOCIATION INC-8549 | ELECTRIC AGREEMENT - EFFECTIVE 08/20/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRI-STATE GENERATION AND TRANSMISSION ASSOCIATIONS, INC. | ELECTRIC POWER AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRI-STATE GENERATION AND TRANSMISSION ASSOCIATIONS, INC. | ELECTRIC POWER AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | TRI-STATE GENERATION AND TRANSMISSION ASSOCIATIONS, INC. | LETTER AGREEMENT NO. TS-13-0166 FOR THE KEOTA 345KV INTERCONNECTION PROJECT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | TROTTER CONSTRUCTION INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRUE OIL LLC | JOA (GRAVOS 42-13-13-14H) NON-OP WELL | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRUE OIL LLC | JOA (HECKER 14-7PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TRUE OIL LLC | JOA DATED APRIL 1, 2011 (SMITH 34-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | TRULAB LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | TRUST T TRUCKING INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TSC OIL & GAS INC | JOA DATED AUGUST 1, 2009 (DEAL 43-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TSC OIL & GAS INC | JOA DATED AUGUST 1, 2009 (PLATT #43-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TSC OIL & GAS INC | JOA DATED AUGUST 1, 2009 (PLATT #44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TSC OIL & GAS INC | JOA DATED MAY 1, 2011 (BROWN #41-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TSC OIL & GAS INC | JOA DATED MAY 1, 2011 (BROWN 41-28-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TSC OIL & GAS INC | JOA DATED MAY 1, 2011 (BROWN 42-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TSC OIL & GAS INC | JOA DATED NOVEMBER 1, 2011 (MAKI #41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TSC OIL & GAS INC | JOA DATED NOVEMBER 1, 2011 (MAKI 41-33-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TSC OIL & GAS INC | JOA DATED NOVEMBER 1, 2011 (MAKI 42-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TSC OIL & GAS INC | JOA DATED OCTOBER 1, 2009 (CARL KANNIANEN 24-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TSC OIL & GAS INC | JOA DATED OCTOBER 1, 2009 (HARTSTROM 24-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TSC OIL & GAS INC | JOA DATED OCTOBER 1, 2009 (KANNAINEN 43-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TSC OIL & GAS INC | JOA DATED OCTOBER 1, 2009 (KANNAINEN 44-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TSC OIL & GAS INC | JOA DATED OCTOBER 1, 2009 (WHITE 43-33TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | TUGGERS INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | TUNDRA TUBING TESTING | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TVEIT FARMS INC | SURFACE AGREEMENT - RICHLAND COUNTY, MT - DATED 12/01/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | TWIN CITY | JOA DATED JULY 24, 2007 (LOCKEN 11-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TWIN CITY TECHNICAL LLC | JOA (LAROQUE 34-12H AND 34-12-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TWIN CITY TECHNICAL LLC | JOA DATED AUGUST 1, 2010 (CVANCARA 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TWIN CITY TECHNICAL LLC | JOA DATED AUGUST 1, 2010 (CVANCARA 12-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TWIN CITY TECHNICAL LLC | JOA DATED AUGUST 1, 2010 (CVANCARA 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TWIN CITY TECHNICAL LLC | JOA DATED AUGUST 1, 2010 (CVANCARA 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TWIN CITY TECHNICAL LLC | JOA DATED FEBRUARY 1, 2010 (KLEFSTAD 24-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TWIN CITY TECHNICAL LLC | JOA DATED FEBRUARY 1, 2010 (MEIERS 34-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TWIN CITY TECHNICAL LLC | JOA DATED FEBRUARY 1, 2010 (MEIERS 43-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TWIN CITY TECHNICAL LLC | JOA DATED FEBRUARY 1, 2010 (MEIERS 44-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TWIN CITY TECHNICAL LLC | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD #41-12XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TWIN CITY TECHNICAL LLC | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 41-12-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TWIN CITY TECHNICAL LLC | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 41-12-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TWIN CITY TECHNICAL LLC | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TWIN CITY TECHNICAL LLC | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TWIN CITY TECHNICAL LLC | JOA DATED JANUARY 1, 2011 (WALDOCK FEDERAL 14-4-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TWIN CITY TECHNICAL LLC | JOA DATED JULY 24, 2007 (DARYL LOCKEN 21-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TWIN CITY TECHNICAL LLC | JOA DATED JULY 24, 2007 (MCNAMARA 41-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TWIN CITY TECHNICAL LLC | JOA DATED JULY 24, 2007 (PAM LOCKEN 21-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TWIN CITY TECHNICAL LLC | JOA DATED JUNE 1, 2008 (LINDLEY 41-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TWIN CITY TECHNICAL LLC | JOA DATED JUNE 1, 2008 (LITTLEFIELD 11-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TWIN CITY TECHNICAL LLC | JOA DATED JUNE 1, 2008 (LITTLEFIELD 21-7-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TWIN CITY TECHNICAL LLC | JOA DATED JUNE 1, 2008 (LITTLEFIELD 21-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TWIN CITY TECHNICAL LLC | JOA DATED JUNE 1, 2008 (OLSON FEDERAL 42-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TWIN CITY TECHNICAL LLC | JOA DATED JUNE 1, 2008 (RODNEY OLSON FEDERAL 42-8-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TWIN CITY TECHNICAL LLC | JOA DATED MAY 1, 2010 (LOCKEN 14-9XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TWIN CITY TECHNICAL LLC | JOA DATED MAY 1, 2010 (LOCKEN 43-8XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TWIN CITY TECHNICAL LLC | JOA DATED MAY 1, 2010 (RIGEL STATE 11-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TWIN CITY TECHNICAL LLC | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 41-26-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TWIN CITY TECHNICAL LLC | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 41-26XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TWIN CITY TECHNICAL LLC | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TWIN CITY TECHNICAL LLC | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TWIN CITY TECHNICAL LLC | JOA DATED SEPTEMBER 1, 2008 (MCNAMARA 42-26XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TWIN CITY TECHNICAL LLC | JOA DTD 1/1/13 (KALDAHL 24, 34 & 44 AND MILLER 14-12 WELLS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | TWIN CITY TECHNICAL LLC | JOA DTD 8/1/18 (PERIOT 44-20HU BPO) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | TWO BIT RENTALS INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | TXU ELECTRIC COMPANY-8551 | ELECTRICT SUPPLY AGREEMENT - EFFECTIVE 11/26/2018 | $59,184.93 |
| WHITING OIL AND GAS CORPORATION | TXU ENERGY | ELECTRICITY AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | TYPHOON EXCAVATION INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | U S ENERGY DEVELOPMENT CORP | JOA (KNUTE 24-23H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | U S ENERGY DEVELOPMENT CORP | JOA (KNUTE FEDERAL 24-23H) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | U S ENERGY DEVELOPMENT CORP | JOA DATED NOVEMBER 1, 2010 (JOHNSON 34-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | U S ENERGY DEVELOPMENT CORP | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | U S PETROLEUM INC | JOA - REPLACEMENT (KUBAS 11-13TFH, KUBAS 34-12PH, KUBAS 12-13PH) | $0.00 |
| WHITING PETROLEUM CORPORATION | UET | GAS SALES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | UET | RESIDUE GAS SALES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | UET | RESIDUE GAS SALES CONTRACT | $0.00 |
| WHITING OIL AND GAS CORPORATION | UET MIDSTREAM, LLC | CONNECTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | UINTA PETROLEUM INC | JOA (WOLD 16-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | UIPATH INC | SOFTWARE LICENSE AGREEMENT - EFFECTIVE 12/23/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | ULTERRA DRILLING | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | UNION PACIFIC RESOURCE COMPANY | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNIT 3 TECH LLC | SOFTWARE SERVICES AGREEMENT | $1,983.75 |
| WHITING OIL AND GAS CORPORATION | UNIT 3 TECH, LLC | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNIT DRILLING COMPANY | IADC DAYWORK DRILLING BID PROPOSAL AND CONTRACT | $650,000.00 |
| WHITING PETROLEUM CORPORATION | UNIT DRILLING COMPANY | 1 YEAR EXTENSION OF RIG CONTRACT | $0.00 |
| WHITING PETROLEUM CORPORATION | UNIT DRILLING COMPANY | 2 MONTH EXTENSION OF RIG CONTRACT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | UNIT DRILLING COMPANY | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNIT DRILLING COMPANY | RIG - UNIT 402 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNITED ENERGY TRADING LLC | AGREEMENT REGARDING TERM PURCHASE AND SALE OF CRUDE OIL; GATHERING AND CONNECTION TO PONY EXPRESS PIPELINE; AND TRANSPORTATION ON PONY EXPRESS PIPELINE AS AMENDED BY THOSE CERTAIN LETTER AGREEMENTS DATED APRIL 15, 2014, NOVEMBER 11, 2014 AND JANUARY 11, 2015 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNITED ENERGY TRADING LLC | JOA - CHAMELEON STATE 31-16HU | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNITED ENERGY TRADING LLC | JOINT OPERATING AGREEMENT (CHAMELEON STATE 153-97-16-21-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNITED ENERGY TRADING LLC | OIL SALES AGREEMENT - EFFECTIVE 05/01/2020 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNITED ENERGY TRADING, LLC | ASSET MANAGEMENT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNITED ENERGY TRADING, LLC | GAS ASSET MANAGEMENT AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | UNITED ENERGY TRADING, LLC | GUARANTEE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNITED ENERGY TRADING, LLC | REDTAIL OIL SALE DEDICATION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | UNITED QUALITY COOPERATIVE | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | UNITED RENTALS INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | UNITED VISION LOGISTICS | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNIVERSITY OF NEW MEXICO | PURCHASE AND SALE OF EQUIPMENT - EFFECTIVE 05/07/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | BERGE WWDW | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | CO064.000-000 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | CONSULTING AGREEMENT - EFFECTIVE 02/18/2020 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | CONSULTING AGREEMENT - SIGNED 03/04/2020 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | CONSULTING LETTER AGREEMENT - SIGNED 18/02/2020 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | CORPORATE SERVICES SUBSCRIPTION - SIGNED 28/02/2020 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | COTTON CREEK RANCH GRAVEL PIT | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | ENVIRONMENTAL COMPLIANCE - CONSENT TO TRANSFER - SIGNED 07/12/1994 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | EQUIPMENT LEASE - EFFECTIVE 10/25/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | GAS SALES AGREEMENT - EFFECTIVE 01/01/2020 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | GAS SALES AGREEMENT - EFFECTIVE 01/01/2020 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | JOA DATED FEBRUARY 15, 2007 (LINDVIG 11-13) | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | JOA DATED FEBRUARY 15, 2007 (TAYLOR 32-13) | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | JUSTIS UNIT OPERATING AGMT | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | LA-BTA/TWELVE MILE TOWNSHIP BOARD OF SUPERVISORS/EFFECTIVE 3/26/10 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | LICENSE FOR USE OF SURFACE RIGHTS | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | MASTER SERVICES AGREEMENT - EFFECTIVE 03/01/2020 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | MICHAEL #1-H 20401 JV-P BTA OIL PRODUCERS JOA | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | ND156.509-000 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | ND156.996-005 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | NM071.002-000 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | NON-DISCLOSURE AGREEMENT - EFFECTIVE 03/10/2020 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | OPERATION SERVICES - EFFECTIVE 09/01/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | P1268 FOJOA COASTAL 9/83 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | P1268 FOJOA FUCE 9/16/74 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | P1268 FOJOA S.PORT 7/1/82 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | P1323 JOA COASTAL 1/12/84 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | P1323 JOA COASTAL 11/1/75 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | P1323 JOA TRITON 10/19/78 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | P1331 LAJOA BRINKERHOFF 4/20/77 & 6/1/77 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | P1351 LAJOA CANTERA 12/84 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | P1361 LAJOA CRYSTAL 3/1/78 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | P1367 JOA CANTERRA 12/84 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | P1367 JOA EXXON 08/27/79 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | P1367 JOA EXXON 11/1/81 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | P1367 JOA KAISER 10/19/79 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | P1367 PAJOA FREEPORT 94 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | P1373 JOA BERENERGY 12/79 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | P1373 JOA ROEMER 10/20/80 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | P1383 JOA ALCOIL 12/19/78 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | P1539 PA S.PORT 8/23/84 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | P1552 FOJOA WESSELY 1/78 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | P1552 JOA PHILLIPS 2/1/84 | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | P1562 LAJOA W.PROD 10/94 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | P1765 FOJOA DUNCAN 2/96 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | P1765 JOA CONOCO 4/11/95 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | P1765 JOA CONOCO 7/31/95 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | P1765 JOA DUNCAN 12/8/94 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | P1765 JOA MERIDIAN 7/95 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | P1807 LA TRUE 3/30/00 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | P1831 LA & JOA TRUE 2/8/00 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | P2047 LAJOA LL&E ET AL 3/15/86 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | PA - PEREGRINE - EFFECTIVE 11/24/08 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | PA - PETROGULF - EFFECTIVE 7/1/2009 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | PA - XTO - EFFECTIVE 9/20/2007 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | PAJOA BETWEEN WHITING OIL & GAS CORP & GWOG WILLISTON, LLC | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | PARTNERSHIP AGREEMENT - PART I - SIGNED 07/12/1994 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | PIPELINE LEASE AGMT WITH ENBRIDGE | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | SALT WATER DISPOSAL AGREEMENT/JOA | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | STATEMENT OF WORK - SIGNED 07/01/2020 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | SUBLEASE OF OIL, GAS AND MINERAL LEASES-BLOOMER RESOURCES | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | SUBLEASE OF OIL, GAS AND MINERAL LEASES GOLDMAN NATURAL GAS, L.L.C AND WOGC | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | SUBLEASE OF OIL, GAS AND MINERAL LEASES-GREGHOL LP | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | SUBLEASE OF OIL, GAS AND MINERAL LEASES- LARRY D. BLOOMER | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | SUBLEASE OF OIL, GAS AND MINERAL LEASES OKIE CRUDE COMPANY, TWOJO, LLC, SPENCE RESOURCES AND WOGC | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | SUBLEASE OF OIL, GAS AND MINERAL LEASES- PARKER E. BLOOMER | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | SUBLEASE OF OIL, GAS AND MINERAL LEASES- SLB LIMITED PARTNERSHIP | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | SURFACE AGREEMENT - DATED 07/01/1950 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | SURFACE AGREEMENT - STARK COUNTY, ND - DATED 04/13/1995 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | SURFACE USE AGREEMENT - MOUNTRAIL COUNTY, ND - DATED 11/18/2009 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | WATER RIGHTS - RIO BLANCO COUNTY, CO - DATED 09/20/1956 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | WELLBORE AGREEMENT - MCKENZIE COUNTY, ND - DATED 03/22/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | WELLBORE AGREEMENT - WELD COUNTY, CO - DATED 02/17/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | WELLBORE AGREEMENT - WELD COUNTY, CO - DATED 04/01/2008 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | WY155.001-000 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | WY155.002-000 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | WY155.003-000 | $0.00 |
| WHITING OIL AND GAS CORPORATION | UPLAND EXPLORATION INC | JOA (PAVLISH 31-30PH) | $0.00 |
| WHITING RESOURCES CORPORATION | URSA RESOURCES GROUP LLC | PURCHASE AND SALE AGREEMENT (KODIAK AS BUYER) | $0.00 |
| WHITING OIL AND GAS CORPORATION | US ENERGY DEVELOPMENT CORP | JOA (DWYER 27-34H (OA)) | $0.00 |
| WHITING OIL AND GAS CORPORATION | US ENERGY DEVELOPMENT CORP | JOA (WAHLSTROM 3-10H) | $0.00 |
| WHITING PETROLEUM CORPORATION | US OIL & REFINING CO | OIL SALES CONTRACT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | US WATER SERVICES | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | USA COMPRESSION PARTNERS LP | COMPRESSOR - UNIT 1040 - LOCATION HORSETAIL 08D | $0.00 |
| WHITING OIL AND GAS CORPORATION | USA COMPRESSION PARTNERS LP | COMPRESSOR - UNIT 1668 - LOCATION RAZOR 25B | $0.00 |
| WHITING OIL AND GAS CORPORATION | USA COMPRESSION PARTNERS LP | COMPRESSOR - UNIT 3649 - LOCATION RAZOR 26 CPB | $0.00 |
| WHITING OIL AND GAS CORPORATION | USA COMPRESSION PARTNERS LP | COMPRESSOR - UNIT 3816 - LOCATION RAZOR 33 | $0.00 |
| WHITING OIL AND GAS CORPORATION | USA COMPRESSION PARTNERS LP | COMPRESSOR - UNIT 3827 - LOCATION HORSETAIL 07 W - REPLACED BY UNIT 2898 | $0.00 |
| WHITING OIL AND GAS CORPORATION | USA COMPRESSION PARTNERS LP | COMPRESSOR - UNIT 3828 - LOCATION HORSETAIL 07 W | $0.00 |
| WHITING OIL AND GAS CORPORATION | USA COMPRESSION PARTNERS LP | COMPRESSOR - UNIT 3907 - LOCATION RAZOR 27 I | $0.00 |
| WHITING OIL AND GAS CORPORATION | USA COMPRESSION PARTNERS LP | COMPRESSOR - UNIT 3960 - LOCATION RAZOR 12H | $0.00 |
| WHITING OIL AND GAS CORPORATION | USA COMPRESSION PARTNERS LP | COMPRESSOR - UNIT 3994 - LOCATION RAZOR 12H | $0.00 |
| WHITING OIL AND GAS CORPORATION | USA COMPRESSION PARTNERS LP | COMPRESSOR - UNIT 4154 - LOCATION HORSETAIL 30 CPB | $0.00 |
| WHITING OIL AND GAS CORPORATION | USA COMPRESSION PARTNERS LP | COMPRESSOR - UNIT 4182 - LOCATION RAZOR 11 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | USA COMPRESSION PARTNERS LP | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | USDA FOREST SERVICE | SURFACE AGREEMENT - BILLINGS COUNTY, ND - DATED 06/01/1990 | $0.00 |
| WHITING OIL AND GAS CORPORATION | USDA FOREST SERVICE | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 01/01/2000 | $0.00 |
| WHITING OIL AND GAS CORPORATION | USDA FOREST SERVICE | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 03/18/1997 | $0.00 |
| WHITING OIL AND GAS CORPORATION | USG PROPERTIES BAKKEN II LLC | JOA DATED 12/1/11 (JOHNSON 34-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | USG PROPERTIES BAKKEN II LLC | JOA DATED 9/1/11 (HELLING 31-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | USG PROPERTIES BAKKEN II LLC | JOA DATED APRIL 1, 2013, (SUNDHEIM 21-3-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | USG PROPERTIES BAKKEN II LLC | JOA DATED JUNE 1, 2012, (KILEN 21-15-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | USG PROPERTIES BAKKEN II LLC | JOA DATED MARCH 1, 2012 ( SALSBURY 24-35-1H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | USG PROPERTIES BAKKEN II LLC | JOA DATED MAY 1, 2012 ( PREWITT 26-35-1TFH ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | USG PROPERTIES BAKKEN II LLC | JOA DATED NOVEMBER 1, 2010 (JOHNSON 34-8H) | $0.00 |
| WHITING PETROLEUM CORPORATION | USI ADVISORS INC | 401K ADVISOR AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | VAL L KUNTZ | JOA DATED NOVEMBER 1, 2010 (DIETZ 21-17TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALENTINA EXPLORATION LLC | JOA DATED APRIL 1, 2013, (SUNDHEIM 21-3-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL | JOA DATED FEBRUARY 1, 2008 (LITTLEFIELD 11-29H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL | JOA DATED JULY 15, 2008 (KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL | JOA DATED OCTOBER 1, 2008 (RIGEL STATE 11-16H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES | JOA (SNOWSHOE 30-31H) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED AUGUST 1, 2009 (BILL TTT FEDERAL 42-4TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED AUGUST 1, 2009 (BURL TTT 13-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED AUGUST 1, 2009 (GORDON TTT FEDERAL 41-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED AUGUST 1, 2009 (JONES 34-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED AUGUST 1, 2009 (LAHTI 14-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED AUGUST 1, 2009 (LAHTI 24-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED AUGUST 1, 2009 (LAUKALA 34-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED AUGUST 1, 2009 (NIEMI 44-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED AUGUST 1, 2009 (PLATT #43-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED AUGUST 1, 2009 (PLATT #44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED AUGUST 1, 2009 (TTT RANCH 43-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED FEBRUARY 1, 2008 (LEO 12-29H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED FEBRUARY 1, 2008 (LEO 13-29TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED FEBRUARY 1, 2008 (LEO 14-29H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED FEBRUARY 1, 2008 (LITTLEFIELD 12-29TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED JANUARY 1, 2011 (HANSEN #14-20XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED JANUARY 1, 2011 (HANSEN 13-20TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED JANUARY 1, 2011 (HANSEN 14-20TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED JULY 1, 2011 (NESS 41-21-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED JULY 1, 2011 (NESS 41-21-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED JULY 1, 2011 (NESS 41-21XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED JULY 15, 2008 (DOUG KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED JULY 15, 2008 (KINNOIN 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED JULY 15, 2008 (KINNOIN 41-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED MAY 1, 2010 (LOCKEN 14-9XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED MAY 1, 2010 (LOCKEN 43-8XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED MAY 1, 2010 (RIGEL STATE 11-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED MAY 1, 2011 (BROWN #41-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED MAY 1, 2011 (BROWN 41-28-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED MAY 1, 2011 (BROWN 42-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED NOVEMBER 1, 2011 (MAKI #41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED NOVEMBER 1, 2011 (MAKI 41-33-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED NOVEMBER 1, 2011 (MAKI 42-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED OCTOBER 1, 2008 (CRANE CREEK 14-16H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED OCTOBER 1, 2008 (CRANE CREEK STATE 11-16TFH ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED OCTOBER 1, 2008 (RIGEL STATE 12-16H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED OCTOBER 1, 2010 (ARNDT #14-5XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED OCTOBER 1, 2010 (ARNDT 13-5TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED OCTOBER 1, 2010 (ARNDT 14-5TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED SEPTEMBER 1, 2009 (LAHTI 12-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED SEPTEMBER 1, 2009 (NESS 43-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED SEPTEMBER 1, 2009 (NESS 44-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED SEPTEMBER 1, 2009 (NESS 44-21TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED SEPTEMBER 1, 2010 (LAHTI 31-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED SEPTEMBER 1, 2010 (LAHTI 41-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DATED SEPTEMBER 1, 2010 (NIEMITALO #31-15XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALHALLA NATURAL RESOURCES LLC | JOA DTD 3/1/2019 (MARTELL 34-36HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALIANT ARTIFICAL LIFT | DOWNHOLE ESP AND SURFACE EQUIPMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | VALIANT ARTIFICAL LIFT | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | VALIANT ARTIFICIAL LIFT SOLUTIONS-8260 | RENTAL AGREEMENT - EFFECTIVE 01/28/2019 | $0.00 |
| WHITING PETROLEUM CORPORATION | VALIANT ARTIFICIAL LIST SOLUTIONS | ESP RENTAL AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | VALLEN DISTRIBUTION INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | VALOR ENERGY SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | VAN HOOK OIL AND GAS LLC | JOA DATED APRIL 1, 2009 (HAUGE 41-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VAN HOOK OIL AND GAS LLC | JOA DATED APRIL 1, 2009 (MURRAY 13-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VAN HOOK OIL AND GAS LLC | JOA DATED APRIL 1, 2009 (TOLLEFSON 44-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VAN HOOK OIL AND GAS LLC | JOA DATED APRIL 1, 2009 (VIOLA PENNINGTON 11-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | VAREL INTERNATIONAL | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | VASTAR | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | VECTOR SEISMIC DATA PROC INC | DATA AGREEMENT - EFFECTIVE 01/23/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | VECTRA ENERGY OPERATING I-A LLC | PURCHASE AND SALE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | VEEAM PAYMENT SOLUTIONS | IT SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | VENOCO INC | SEISMIC LICENSE AGREEMENT - EFFECTIVE 12/15/2006 | $0.00 |
| WHITING OIL AND GAS CORPORATION | VENOCO INC | SEISMIC LICENSE AGREEMENT - EFFECTIVE 12/15/2006 | $0.00 |
| WHITING OIL AND GAS CORPORATION | VERDAD OIL & GAS CORPORATION | JOA (WOLD 16-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VERDAD RESOURCES | JOA-T7N,R60W, SECTION 20 ALL - 06/30/11 | $0.00 |
| WHITING OIL AND GAS CORPORATION | VERDAD RESOURCES | JOA-T9N,R59W, SECTION 1 ALL - 11/18/11 | $0.00 |
| WHITING OIL AND GAS CORPORATION | VERDAD RESOURCES LLC | JOA DTD 12/1/13 (RAZOR 26-23 UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VERDAD RESOURCES LLC | JOA DTD 12/1/13 (RAZOR 26-35 UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VERDAD RESOURCES LLC | JOA DTD 4/01/13 (RAZOR 33-28 UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VERDAD RESOURCES LLC | JOA DTD 8/1/13 (RAZOR 34-27 UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VERITAS TECHNOLOGIES LLC | DATA STORAGE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | VERITAS TECHNOLOGIES LLC | IT SUPPORT AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | VERIZON WIRELESS | CELLULAR/PHONE AGREEMENT | $58,895.74 |
| WHITING PETROLEUM CORPORATION | VERIZON WIRELESS | CELLULAR/PHONE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | VERRIS G MAGEE | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | VERSA ENERGY LLC | JOA DATED AUGUST 1, 2009 (DEAL 43-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VERSA ENERGY LLC | JOA DATED AUGUST 1, 2009 (PLATT #43-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VERSA ENERGY LLC | JOA DATED AUGUST 1, 2009 (PLATT #44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VERSA ENERGY LLC | JOA DATED JULY 1, 2011 (NESS 41-21-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VERSA ENERGY LLC | JOA DATED JULY 1, 2011 (NESS 41-21-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VERSA ENERGY LLC | JOA DATED JULY 1, 2011 (NESS 41-21XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VERSA ENERGY LLC | JOA DATED MAY 1, 2011 (BROWN #41-28XH) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | VERSA ENERGY LLC | JOA DATED MAY 1, 2011 (BROWN 41-28-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VERSA ENERGY LLC | JOA DATED MAY 1, 2011 (BROWN 42-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VERSA ENERGY LLC | JOA DATED NOVEMBER 1, 2011 (MAKI #41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VERSA ENERGY LLC | JOA DATED NOVEMBER 1, 2011 (MAKI 41-33-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VERSA ENERGY LLC | JOA DATED NOVEMBER 1, 2011 (MAKI 42-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VERSA ENERGY LLC | JOA DATED SEPTEMBER 1, 2009 (LAHTI 12-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VERSA ENERGY LLC | JOA DATED SEPTEMBER 1, 2009 (NESS 43-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VERSA ENERGY LLC | JOA DATED SEPTEMBER 1, 2009 (NESS 44-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VERSA ENERGY LLC | JOA DATED SEPTEMBER 1, 2009 (NESS 44-21TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | VETERAN HOT OIL SERVICE | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | VICKERY COMO LLC | MOSBACHER/ROBINSON/ET AL/TEXAS PACIFIC | $0.00 |
| WHITING OIL AND GAS CORPORATION | VICKERY COMO LLC | MOSBACHER/ROBINSON/TEXAS PACIFIC | $0.00 |
| WHITING OIL AND GAS CORPORATION | VICKERY COMO LLC | MURPHY/ROBINSON/ET AL/TEXAS PACIFIC | $0.00 |
| WHITING OIL AND GAS CORPORATION | VICKERY COMO LLC | MURPHY/ROBINSON/ET AL/TEXAS PACIFIC | $0.00 |
| WHITING OIL AND GAS CORPORATION | VICKERY COMO LLC | MURPHY/ROBINSON/ET AL/TEXAS PACIFIC | $0.00 |
| WHITING OIL AND GAS CORPORATION | VICKERY COMO LLC | SHELL/ROBINSON/ET AL/TEXAS PACIFIC | $0.00 |
| WHITING OIL AND GAS CORPORATION | VICKERY COMO LLC | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | VICKY L STENEHJEM | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 08/15/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | VICKY L STENEHJEM | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 10/18/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIERSEN OIL & GAS CO | JOA DATED AUGUST 1, 2009 (GUINN TRUST 11-13TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIERSEN OIL & GAS CO | JOA DATED AUGUST 1, 2009 (HAGEY 11-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIERSEN OIL & GAS CO | JOA DATED AUGUST 1, 2009 (HAGEY 12-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIERSEN OIL & GAS CO | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 41-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIERSEN OIL & GAS CO | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 42-16TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIERSEN OIL & GAS CO | JOA DATED AUGUST 1, 2010 (BROOKBANK STATE 44-9TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIERSEN OIL & GAS CO | JOA DATED AUGUST 1, 2011 (HAGEY 14-13XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIERSEN OIL & GAS CO | JOA DATED AUGUST 1, 2011 (HATTIE HAGEY 14-13TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIERSEN OIL & GAS CO | JOA DATED AUGUST 1, 2011 (MARY ELIZABETH 13-13TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIERSEN OIL & GAS CO | JOA DATED JANUARY 1, 2011 (LILLIAN VIOLA 14-12TFX | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIERSEN OIL & GAS CO | JOA DATED JANUARY 1, 2011 (TIISTO #14-12XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIERSEN OIL & GAS CO | JOA DATED JANUARY 1, 2011 (VERNE HAGEY 13-12TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIERSEN OIL & GAS CO | JOA DATED JULY 1, 2010 (HEIPLE 14-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIERSEN OIL & GAS CO | JOA DATED JULY 1, 2010 (OGDEN 13-3TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIERSEN OIL & GAS CO | JOA DATED JULY 1, 2010 (OGDEN 14-3TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIERSEN OIL & GAS CO | JOA DATED JUNE 1, 2009 (BRITTANY TTT 13-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIERSEN OIL & GAS CO | JOA DATED JUNE 1, 2009 (DANITA TTT 21-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIERSEN OIL & GAS CO | JOA DATED JUNE 1, 2009 (MATT TTT 13-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIERSEN OIL & GAS CO | JOA DATED JUNE 1, 2009 (SAVANNAH TTT 41-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIERSEN OIL & GAS CO | JOA DATED JUNE 1, 2009 (TTT RANCH 11-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIERSEN OIL & GAS CO | JOA DATED JUNE 1, 2009 (TTT RANCH 21-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIERSEN OIL & GAS CO | JOA DATED NOVEMBER 1, 2007 (MARMON 11-18TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIERSEN OIL & GAS CO | JOA DATED OCTOBER 1, 2009 (FLADELAND 11-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIERSEN OIL & GAS CO | JOA DATED OCTOBER 1, 2009 (FLADELAND 12-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIERSEN OIL & GAS CO | JOA DATED OCTOBER 1, 2009 (FLADELAND 13-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIERSEN OIL & GAS CO | JOA DATED OCTOBER 1, 2009 (FLADELAND 41-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIERSEN OIL & GAS CO | JOA DATED OCTOBER 1, 2009 (FLADELAND 42-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIERSEN OIL & GAS CO | JOA DATED OCTOBER 1, 2009 (FLADELAND 43-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIERSEN OIL & GAS CO | JOA DATED OCTOBER 1, 2009 (FLADELAND 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIERSEN OIL & GAS CO | JOA DATED OCTOBER 1, 2009 (IVERSON 44-11-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIERSEN OIL & GAS CO | JOA DATED OCTOBER 1, 2009 (IVERSON 44-11H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIERSEN OIL & GAS CO | JOA DATED OCTOBER 1, 2009 (KERNAN 12-10TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIERSEN OIL & GAS CO | JOA DATED OCTOBER 1, 2009 (WARDEN 43-9TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIEW TOWNSHIP COMMISSION BOARD | ROAD CROSSING PERMIT - WILLIAMS COUNTY, ND - DATED 09/24/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIKING ENERGY LLC | JOA (FRICK 24-8-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIKING ENERGY LLC | JOA (WOLD 16-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VINSON & ELKINS LLP | ENGAGEMENT LETTER - EFFECTIVE 12/10/2009 | $0.00 |
| WHITING OIL AND GAS CORPORATION | VINTAGE OIL & GAS LLC | JOA (PAVLISH 31-30PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIOLET L THOMAS | SALT WATER DISPOSAL AGREEMENT - WILLIAMS COUNTY, ND - DATED 09/30/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIOLET L THOMAS | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 02/23/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIOLET L THOMAS | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/02/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIOLET L THOMAS | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/02/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIOLET L THOMAS | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 10/26/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIRGINIA NOBLE | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 09/08/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIRGINIA NOBLE | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 10/18/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | VIRGINIA NOBLE | SURFACE USE & DAMAGE AGREEMENT - WILLIAMS COUNTY, ND - DATED 10/19/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | VISION NATURAL RESOURCES LP | JOA (LAROQUE 34-12H AND 34-12-2H) | $0.00 |
| WHITING PETROLEUM CORPORATION | VISION SERVICE PLAN INSURANCE CO. (VSP) | VISION BENEFIT PLAN | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE | JOA DTD 2/01/11 (KLOSE 151-103-27B-34-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY | JOA DATED APRIL 1, 2008 (KANNIANEN 11-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY | JOA DATED DECEMBER 1, 2007 (BRAAFLAT 11-11H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY | JOA DATED JUNE 1, 2008 (RICHARDSON FEDERAL 11-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY | JOA DTD 7/1/2010 (KOALA 9-5-6-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY | JOA DATED JULY 15, 2008 (KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA - CHAMELEON STATE 31-16HU | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA - FRANK 44-7PHU | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA - OBRIGEWITCH 41-29PHU | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA - PRIVRATSKY 44-21PHU | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA - REPLACEMENT (KUBAS 11-13TFH, KUBAS 34-12PH, KUBAS 12-13PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA (BINSTOCK 21-30TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA (BUCKMAN 44-9PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA (DIETZ 34-7PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA (DOLYNIUK 11-25PH; 21-25PH; 41-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA (DULETSKI FEDERAL 34-11) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA (FLATLAND FEDERAL 11-4TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA (HAVELKA 21-15PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA (JURGENS 34-12PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA (KESSEL 11-26PH; 21-26PH; 41-26PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA (KOALA 44-5TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA (KOPPINGER 31-13PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA (LAROQUE 34-12H AND 34-12-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA (LOOMER 44-33TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA (MARTELL 36-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA (OBRIGEWITCH 11-29PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA (OBRIGEWITCH 11-29PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA (PERZINSKI FAMILY TRUST 34-19PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA (PRIVRATSKY 41-28PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA (PRONGHORN FEDERAL 34-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA (SCHILKE 34-32) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA (SKAAR 41-3-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA (TALKINGTON FEDERAL 21-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA (TAYLOR 34-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA (TOMCHUK 21-30PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA- AARESTAD 4-27H (9ND222837) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA AARESTAD 4-34H (9ND222841) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA COLLYER 9-8H (9ND222810) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED 12/1/11 (JOHNSON 34-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED 3/1/17 (HECKER 11-18PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED 9/1/10 (HECKER 21-18) (MASTEL 41-18) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED 9/1/10 (HECKER 21-18) (MASTEL 41-18) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED 9/1/11 (HELLING 31-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED APRIL 1, 2008 (CARL KANNIANEN 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED APRIL 1, 2008 (KANNIANEN 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED APRIL 1, 2008 (PATTEN 44-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED APRIL 1, 2008 (ROBERT PATTEN 44-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED APRIL 1, 2011 (KUMMER 34-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED AUGUST 1, 2009 (BILL TTT FEDERAL 42-4TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED AUGUST 1, 2009 (BURL TTT 13-3TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED AUGUST 1, 2009 (DEAL 43-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED AUGUST 1, 2009 (GORDON TTT FEDERAL 41-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED AUGUST 1, 2009 (JONES 34-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED AUGUST 1, 2009 (PLATT #43-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED AUGUST 1, 2009 (PLATT #44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED AUGUST 1, 2009 (TTT RANCH 43-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED DECEMBER 1, 2007 (BRAAFLAT 21-11TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED DECEMBER 1, 2007 (CURTIS BRAAFLAT 11-11H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED DECEMBER 1, 2007 (SNYDER 21-11H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED FEBRUARY 1, 2009 (FLADELAND 31-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 14-13-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED FEBRUARY 1, 2011 (LITTLEFIELD 14-13XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED FEBRUARY 1, 2011 (NESHEIM 11-24XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED FEBRUARY 1, 2012 (CYMBALUK 21-15PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED FEBRUARY 1, 2012 (FROEHLICH 21-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED JANUARY 1, 2010 (RON OLSON 31-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED JANUARY 1, 2011 (ARTHAUD 21-29TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED JANUARY 1, 2011 (WALDOCK #14-4XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED JANUARY 1, 2011 (WALDOCK FEDERAL 14-4-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED JANUARY 1, 2013 (P EVITT 154-98-13-12-2-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED JULY 1, 2011 (TARPON FEDERAL 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED JULY 15, 2008 (DOUG KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED JULY 15, 2008 (KINNOIN 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED JULY 15, 2008 (KINNOIN 41-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED JUNE 1, 2008 (OLSON FEDERAL 42-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED JUNE 1, 2008 (RODNEY OLSON FEDERAL 42-8-2TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED JUNE 1, 2009 (TIISTO 43-7-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED JUNE 1, 2009 (TIISTO 43-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED JUNE 1, 2010 (ROHDE #14-6XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED JUNE 1, 2010 (ROHDE 13-6TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED JUNE 1, 2010 (ROHDE FEDERAL 14-6TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED JUNE 1, 2012 (WATTS 42-21-1HR) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED MARCH 1, 2011 (DULETSKI 21-16TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED MARCH 1, 2011 (DULETSKI 21-16TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED MARCH 1, 2012 (CHERRY STATE 21-16H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED MAY 1, 2008 (MERILYN SMITH 12-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED MAY 1, 2008 (SMITH 12-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED MAY 1, 2010 (CARL KANNIANEN 13-7XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED MAY 1, 2010 (LOCKEN 14-9XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED MAY 1, 2010 (LOCKEN 43-8XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED MAY 1, 2010 (MOORE 14-7-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED MAY 1, 2010 (MOORE 14-7X) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED MAY 1, 2010 (RIGEL STATE 11-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED MAY 1, 2011 (BROWN #41-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED MAY 1, 2011 (BROWN 41-28-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED MAY 1, 2011 (BROWN 42-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED MAY 1, 2011 (PRONGHORN ST FEDERAL 21-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED MAY 1, 2013 (SUNDHEIM 21-27-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED NOVEMBER 1, 2010 (DIETZ 21-17TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED NOVEMBER 1, 2010 (LYDIA 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED NOVEMBER 1, 2011 (BERGSTROM 44-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED NOVEMBER 1, 2011 (MAKI #41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED NOVEMBER 1, 2011 (MAKI 41-33-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED NOVEMBER 1, 2011 (MAKI 42-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED OCTOBER 1, 2009 (CARL KANNIANEN 24-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED OCTOBER 1, 2009 (HARTSTROM 24-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED OCTOBER 1, 2009 (KANNAINEN 43-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED OCTOBER 1, 2009 (KANNIANEN 44-33H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED OCTOBER 1, 2009 (WHITE 43-33TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED OCTOBER 1, 2010 (ARNDT #14-5XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED OCTOBER 1, 2010 (ARNDT 13-5TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED OCTOBER 1, 2010 (ARNDT 14-5TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED OCTOBER 1, 2011 (FRANK 34-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED OCTOBER 1, 2011 (TIFFT 21-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED OCTOBER 1, 2011, (BARTER 21-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED SEPTEMBER 1, 2009 (SATTERTHWAITE 43-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED SEPTEMBER 1, 2009 (SATTERTHWAITE 44-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED SEPTEMBER 1, 2010 (LAHTI 31-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED SEPTEMBER 1, 2010 (LAHTI 41-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DATED SEPTEMBER 1, 2010 (NIEMITALO #31-15XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DTD 03/01/14 (DOLYNIUK 21-25PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DTD 1/1/13 (KALDAHL 24, 34 & 44 AND MILLER 14-12 WELLS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DTD 10/1/11 (BARTER 21-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DTD 10/1/2017 (CAVALLI STATE 34-9-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DTD 11/01/10 (LYDIA 41-14PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DTD 11/1/2017 (FLINT 41-5-1HU & 6TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DTD 11/1/2018 (JACKMAN 34-11-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DTD 2/1/18 (RENNERFELDT 14-34-1HU AND 6TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DTD 3/01/12 (SOLBERG 44-11PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DTD 3/1/13 (SKOV 31-28-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DTD 3/1/2019 (MARTELL 34-36HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DTD 5/1/2017 (JACKMAN 44-10 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DTD 7/1/2017 (VANCE 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DTD 9/01/10 (MASTEL 41-18TFH UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA DTD 9/1/2012 (HELLING 19-18H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOA FOR PALUCK 21-28TFH | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOINT OPERATING AGREEMENT - TARPON FEDERAL 21-4H | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOINT OPERATING AGREEMENT (CHAMELEON STATE 153-97-16-21-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOINT OPERATING AGREEMENT (KOALA 14-32HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC | JOINT OPERATING AGREEMENT FOR SOLBERG 34-11PH | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC VITESSE OIL LLC | JOA DATED 10/1/11 (SOLBERG 34-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC VITESSE OIL LLC | JOA DATED 10/1/11 (SOLBERG 34-12TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY LLC VITESSE OIL LLC | JOA DATED NOVEMBER 1, 2010 (LYDIA 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE ENERGY, LLC | JOA DATED JULY 15, 2010 (MILLER 44-11H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE LLC | JOA (SNOWSHOE 30-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE OIL | JOA DATED JULY 15, 2008 (KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE OIL LLC | JOA (DIETZ 34-7PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE OIL LLC | JOA (KESSEL 11-26PH; 21-26PH; 41-26PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE OIL LLC | JOA (OBRIGEWITCH 11-29PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE OIL LLC | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE OIL LLC | JOA DATED JULY 15, 2008 (DOUG KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE OIL LLC | JOA DATED JULY 15, 2008 (KINNOIN 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE OIL LLC | JOA DATED JULY 15, 2008 (KINNOIN 41-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE OIL LLC | JOA DATED JUNE 1, 2010 (ROHDE #14-6XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE OIL LLC | JOA DATED JUNE 1, 2010 (ROHDE 13-6TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE OIL LLC | JOA DATED JUNE 1, 2010 (ROHDE FEDERAL 14-6TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE OIL LLC | JOA DATED MAY 1, 2008 (MERILYN SMITH 12-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE OIL LLC | JOA DATED MAY 1, 2008 (SMITH 12-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE OIL LLC | JOA DATED MAY 1, 2010 (CARL KANNIANEN 13-7XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE OIL LLC | JOA DATED MAY 1, 2010 (MOORE 14-7-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE OIL LLC | JOA DATED MAY 1, 2010 (MOORE 14-7X) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE OIL LLC | JOA DATED NOVEMBER 1, 2011 (BERGSTROM 44-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE OIL LLC | JOA DATED SEPTEMBER 1, 2010 (LAHTI 31-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE OIL LLC | JOA DATED SEPTEMBER 1, 2010 (LAHTI 41-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE OIL LLC | JOA DATED SEPTEMBER 1, 2010 (NIEMITALO #31-15XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE OIL LLC | JOA DTD 10/1/2017 (NELSON 11-18-2TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE OIL LLC | JOA DTD 11/01/10 (LYDIA 41-14PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE OIL LLC | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | VITESSE OIL LLC | JOA DTD 3/01/12 (SOLBERG 44-11PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE OIL LLC | JOA DTD 4/1/2017 (NELSON 11-18-2TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE OIL LLC | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE OIL LLC | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE OIL LLC VITESSE ENERGY LLC | JOA (TALKINGTON 21-30TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE OIL LLC VITESSE ENERGY LLC | JOA (TALKINGTON 21-30TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE OIL LLC VITESSE ENERGY LLC | JOINT OPERATING AGREEMENT FOR SOLBERG 34-11PH | $0.00 |
| WHITING OIL AND GAS CORPORATION | VITESSE OIL LLC VITESSE ENERGY LLC | JOINT OPERATING AGREEMENT FOR SOLBERG 34-11PH | $0.00 |
| WHITING OIL AND GAS CORPORATION | VMWARE, INC | IT SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | VMWARE, INC | IT SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | VMWARE, INC (PURCHASED CARBON BLACK) | GENERAL IT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | VOLESKY HOLDINGS LLC | JOA DTD 3/01/12 (SOLBERG 44-11PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VOLESKY HOLDINGS LLC | JOINT OPERATING AGREEMENT FOR SOLBERG 34-11PH | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | VOLUMETRICS | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | VROOMAN ENERGY LLC | JOA (KESSEL 11-26PH; 21-26PH; 41-26PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | VROOMAN ENERGY LLC | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | W ENERGY OPERATING LLC | JOA DTD 11/1/2018 (JACKMAN 34-11-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND | JOA DATED FEBRUARY 1, 2008 (LITTLEFIELD 11-29H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND | JOA DATED JULY 15, 2008 (KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND | JOA DATED MARCH 1, 2008 (BEHR 11-34H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND II LP | JOA (WOLD 16-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III | JOA DATED OCTOBER 1, 2008 (RIGEL STATE 11-16H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA - CHAMELEON STATE 31-16HU | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED AUGUST 1, 2009 (DEAL 43-28TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED AUGUST 1, 2009 (GORDON TTT FEDERAL 41-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED AUGUST 1, 2009 (JONES 34-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED AUGUST 1, 2009 (JORGENSEN 11-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED AUGUST 1, 2009 (JORGENSEN 12-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED AUGUST 1, 2009 (JORGENSEN 31-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED AUGUST 1, 2009 (JULIA TTT 34-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED AUGUST 1, 2009 (LAHTI 14-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED AUGUST 1, 2009 (LAHTI 24-22-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED AUGUST 1, 2009 (LAHTI 24-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED AUGUST 1, 2009 (LAUKALA 34-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED AUGUST 1, 2009 (MAKI 11-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED AUGUST 1, 2009 (NIEMI 44-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED AUGUST 1, 2009 (PLATT #43-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED AUGUST 1, 2009 (PLATT #44-28H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED AUGUST 1, 2009 (RAY 12-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED AUGUST 1, 2009 (TTT RANCH 43-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED FEBRUARY 1, 2008 (LEO 12-29H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED FEBRUARY 1, 2008 (LEO 13-29TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED FEBRUARY 1, 2008 (LEO 14-29H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED FEBRUARY 1, 2008 (LITTLEFIELD 12-29TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED JANUARY 1, 2011 (HANSEN #14-20XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED JANUARY 1, 2011 (HANSEN 14-20TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED JULY 1, 2011 (NESS 41-21-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED JULY 1, 2011 (NESS 41-21-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED JULY 1, 2011 (NESS 41-21XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED JULY 15, 2008 (DOUG KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED JULY 15, 2008 (KINNOIN 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED JULY 15, 2008 (KINNOIN 41-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED MARCH 1, 2008 (ARNDT FEDERAL 34-35H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED MARCH 1, 2008 (LITTLEFIELD 12-34H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED MARCH 1, 2008 (LITTLEFIELD FEDERAL 11-34H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED MAY 1, 2010 (LOCKEN 14-9XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED MAY 1, 2010 (LOCKEN 43-8XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED MAY 1, 2010 (RIGEL STATE 11-16XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED MAY 1, 2011 (BROWN #41-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED MAY 1, 2011 (BROWN 41-28-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED MAY 1, 2011 (BROWN 42-28XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED NOVEMBER 1, 2011 (MAKI #41-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED NOVEMBER 1, 2011 (MAKI 41-33-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED NOVEMBER 1, 2011 (MAKI 42-33XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED OCTOBER 1, 2008 (CRANE CREEK 14-16H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED OCTOBER 1, 2008 (CRANE CREEK STATE 11-16TFH ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED OCTOBER 1, 2008 (RIGEL STATE 12-16H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED OCTOBER 1, 2010 (ARNDT #14-5XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED SEPTEMBER 1, 2009 (LAHTI 12-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED SEPTEMBER 1, 2009 (NESS 43-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED SEPTEMBER 1, 2009 (NESS 44-21H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED SEPTEMBER 1, 2009 (NESS 44-21TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED SEPTEMBER 1, 2010 (LAHTI 31-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED SEPTEMBER 1, 2010 (LAHTI 41-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED SEPTEMBER 1, 2010 (NIEMITALO #31-15XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED SEPTEMBER 1, 2010 (OJA #14-27XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED SEPTEMBER 1, 2010 (OJA 13-27-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DATED SEPTEMBER 1, 2010 (OJA 13-27-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DTD 10/1/2017 (NELSON 11-18-2TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DTD 11/1/2018 (JACKMAN 34-11-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DTD 4/1/2017 (NELSON 11-18-2TFHU) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DTD 7/1/18 (MOEN 41-2-6HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOA DTD 7/1/2017 (VANCE 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W NORTH FUND III LP | JOINT OPERATING AGREEMENT (CHAMELEON STATE 153-97-16-21-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | W R MARSHALL II | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | WADE B WOLD AND DANA J WOLD JT | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 06/06/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | WADE E CASTOR | SURFACE AGREEMENT - WELD COUNTY, CO - DATED 09/30/2010 | $0.00 |
| WHITING OIL AND GAS CORPORATION | WADE E CASTOR | SURFACE USE & DAMAGE AGREEMENT - WELD COUNTY, CO - DATED 09/26/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | WADE WORKS LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | WALLACE FAMILY PARTNERSHIP LP | JOA (PERZINSKI FAMILY TRUST 34-19PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | WALLYS EQUIPMENT INCORPORATED | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | WALTER E JOHNSON JR | SURFACE USE & DAMAGE AGREEMENT - WELD COUNTY, CO - DATED 06/04/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | WANDA J TAYLOR | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/16/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | WAR CONSULTING, INC. | IT SUPPORT AGREEMENT | $22,616.25 |
| WHITING OIL AND GAS CORPORATION | WAR CONSULTING, INC. | GENERAL IT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | WAR CONSULTING, INC. | IT SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | WARCO OIL | JOA DATED NOVEMBER 1, 2008 (LITTLEFIELD 11-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WARCO OIL | JOA DATED OCTOBER 1, 2008 (NIEMITALO 11-35H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WARD N ADKINS JR | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | WARREN B STEVENS | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/16/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | WARREN WELL SERVICE LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | WASATCH DEVELOPMENT COMPANY | SURFACE AGREEMENT - RIO BLANCO COUNTY, CO - DATED 01/07/1957 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | WASTE MANAGEMENT OF COLORADO | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | WATERLOGIC | WATER FILTER LEASE AGREEMENT AMENDMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | WATERLOGIC | WATER FILTERS | $0.00 |
| WHITING PETROLEUM CORPORATION | WATERLOGIC | LEASE FOR 8 WATER FILTRATION SYSTEMS | $1,849.21 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | WATSON WELL SOLUTIONS LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | WAUKESHA-PEARCE INDUSTRIES INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | WAVELAND BAKKEN HOLDINGS | JOA DATED MARCH 1, 2008 (STENSETH TRUST 11-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WAVELAND BAKKEN HOLDINGS LLC | JOA (DIETZ 34-7PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WAVELAND BAKKEN HOLDINGS LLC | JOA DATED MARCH 1, 2008 (OPPEBOEN 12-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WAVELAND BAKKEN HOLDINGS LLC | JOA DATED MARCH 1, 2008 (OPPEBOEN 14-5WH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WAVELAND BAKKEN HOLDINGS LLC | JOA DATED MARCH 1, 2008 (OPPEBOEN 21-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WAVELAND BAKKEN HOLDINGS LLC | JOA DATED MARCH 1, 2008 (OPPEBOEN 21-5TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WAVELAND BAKKEN HOLDINGS LLC | JOA DATED MARCH 1, 2008 (STRAND 11-5TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WAVELAND BAKKEN PARTNERS | JOA DATED MARCH 1, 2008 (STENSETH TRUST 11-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WAVELAND BAKKEN PARTNERS I LLC | JOA - CHAMELEON STATE 31-16HU | $0.00 |
| WHITING OIL AND GAS CORPORATION | WAVELAND BAKKEN PARTNERS I LLC | JOA DATED APRIL 1, 2009 (HAUGE 41-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WAVELAND BAKKEN PARTNERS I LLC | JOA DATED APRIL 1, 2009 (MURRAY 13-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WAVELAND BAKKEN PARTNERS I LLC | JOA DATED APRIL 1, 2009 (TOLLEFSON 44-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WAVELAND BAKKEN PARTNERS I LLC | JOA DATED APRIL 1, 2009 (VIOLA PENNINGTON 11-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WAVELAND BAKKEN PARTNERS I LLC | JOA DATED MARCH 1, 2008 (OPPEBOEN 12-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WAVELAND BAKKEN PARTNERS I LLC | JOA DATED MARCH 1, 2008 (OPPEBOEN 14-5WH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WAVELAND BAKKEN PARTNERS I LLC | JOA DATED MARCH 1, 2008 (OPPEBOEN 21-5H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WAVELAND BAKKEN PARTNERS I LLC | JOA DATED MARCH 1, 2008 (OPPEBOEN 21-5TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WAVELAND BAKKEN PARTNERS I LLC | JOA DATED MARCH 1, 2008 (STRAND 11-5TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WAVELAND BAKKEN PARTNERS I LLC | JOA DATED OCTOBER 1, 2011 (TIFFT 21-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WAVELAND BAKKEN PARTNERS I LLC | JOA DTD 11/1/2018 (JACKMAN 34-11-5HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WAVELAND BAKKEN PARTNERS I LLC | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WAVELAND BAKKEN PARTNERS I LLC | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WAVELAND BAKKEN PARTNERS I LLC | JOINT OPERATING AGREEMENT (CHAMELEON STATE 153-97-16-21-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WAVELAND BAKKEN PARTNERS LLC | JOA DATED JANUARY 1, 2010 (RON OLSON 31-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | WAYNES TRUCKING INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | WB SUPPLY LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | WBI ENERGY CORROSION SERVICES | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | WEATHERFORD LABORATORIES INC | LICENSE AGREEMENT - EFFECTIVE 03/19/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | WEATHERFORD US LP | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | WEATHERFORD US LP-6185 | PRICING AGREEMENT - EFFECTIVE 12/31/2019 | $3,150.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | WEED-BLASTER | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | WELD COUNTY | ROAD MAINTENANCE IN WELD COUNTY | $0.00 |
| WHITING OIL AND GAS CORPORATION | WELD COUNTY PUBLIC WORKS DEPARTMENT | ROAD CROSSING PERMIT - WELD COUNTY, CO - DATED 04/11/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | WELD COUNTY PUBLIC WORKS DEPARTMENT | ROAD CROSSING PERMIT - WELD COUNTY, CO - DATED 04/11/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | WELD COUNTY PUBLIC WORKS DEPARTMENT | ROAD CROSSING PERMIT - WELD COUNTY, CO - DATED 06/15/2017 | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | WELD COUNTY-8565 | ENVIRONMENTAL ROAD REPORT - EFFECTIVE 06/19/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | WELD COUNTY-8565 | ROAD MAINTENANCE AGREEMENT - EFFECTIVE 08/01/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | WELD COUNTY-8565 | SERVICE PROPOSAL - EFFECTIVE 03/07/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | WELD COUNTY-8565 | SERVICE PROPOSAL - EFFECTIVE 04/01/2013 | $0.00 |
| WHITING OIL AND GAS CORPORATION | WELLAND COMPANY, INC. | IT SUPPORT AGREEMENT | $5,600.00 |
| WHITING OIL AND GAS CORPORATION | WELLAND COMPANY, INC. | IT SUPPORT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | WELLDOG | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | WELLPRO INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | WELLS FARGO BANK, NATIONAL ASSOCIATION | ISDA MASTER AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | WELLS WHISPER LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | WELLSIGHT SYSTEMS INC. | SOFTWARE SUBSCRIPTION AGREEMENT | $2,700.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | WENCK ASSOCIATES INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | WENDY ONEIL | SURFACE AGREEMENT - WILLIAMS COUNTY, ND - DATED 04/16/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | WERNON FREDERICKSON | JOA DTD 2/1/2019 (LINK 24-12HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | WESCO DISPOSAL INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | WEST DAKOTA WATER LLC | WATER SUPPLY AGREEMENT | $1,484.75 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | WEST DAKOTA WATER LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | WEST DAKOTA WATER LLC  (AND RIVER WATER LLC) | FRESHWATER SUPPLY AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | WEST DAKOTA WATER LLC-5696 | WATER SUPPLY AGREEMENT - EFFECTIVE 07/02/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | WEST RIVER PUMPS INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | WEST TEXAS WATER WELL SERVICE | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | WESTERN AREA WATER SUPPLY | AMENDMENT TO WATER PURCHASE AGREEMENT TO INCLUDE A SERVICE LOCATION | $0.00 |
| WHITING OIL AND GAS CORPORATION | WESTERN AREA WATER SUPPLY | FRESH WATER PIPELINE | $0.00 |
| WHITING OIL AND GAS CORPORATION | WESTERN AREA WATER SUPPLY | FRESH WATER PIPELINE | $0.00 |
| WHITING OIL AND GAS CORPORATION | WESTERN AREA WATER SUPPLY | FRESH WATER PIPELINE | $0.00 |
| WHITING OIL AND GAS CORPORATION | WESTERN AREA WATER SUPPLY | WATER SUPPLY AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | WESTERN AREA WATER SUPPLY AUTHORITY | AMENDMENT TO BULK INDUSTRIAL WATER USE CUSTOMER AGREEMENT - PIPELINE | $0.00 |
| WHITING OIL AND GAS CORPORATION | WESTERN AREA WATER SUPPLY AUTHORITY | BULK INDUSTRIAL WATER USE CUSTOMER AGREEMENT - PIPELINE | $0.00 |
| WHITING PETROLEUM CORPORATION | WESTERN AREA WATER SUPPLY AUTHORITY | WATER PURCHASE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | WESTERN AREA WATER SUPPLY AUTHORITY (WAWSA) | FRESH WATER SUPPLY AGREEMENTS | $0.00 |
| WHITING OIL AND GAS CORPORATION | WESTERN AREA WATER SUPPLY AUTHORITY-8570 | WATER SUPPLY AGREEMENT - EFFECTIVE 01/12/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | WESTERN AREA WATER SUPPLY AUTHORITY-8570 | WATER SUPPLY AGREEMENT - EFFECTIVE 07/31/2017 | $0.00 |
| WHITING OIL AND GAS CORPORATION | WESTERN AREA WATER SUPPLY AUTHORITY-8570 | WATER SUPPLY AGREEMENT - EFFECTIVE 10/20/2015 | $0.00 |
| WHITING OIL AND GAS CORPORATION | WESTERN AREA WATER SUPPLY-6379 | WATER SUPPLY AGREEMENT - EFFECTIVE 04/11/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | WESTERN AREA WATER SUPPLY-6379 | WATER SUPPLY AGREEMENT - EFFECTIVE 04/11/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | WESTERN CHEMICAL LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | WESTERN EXPLORATION LLC | JOA (LAROQUE 34-12H AND 34-12-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WESTERN EXPLORATION LLC | JOA (TAYLOR 34-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WESTERN EXPLORATION LLC | JOA (THURLOW WILLIAMS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WESTERN EXPLORATION LLC | JOA DTD 2/1/18 (RENNERFELDT 14-34-1HU AND 6TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WESTERN EXPLORATION LLC | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WESTERN EXPLORATION LLC | JOA DTD 5/1/18 (RENNERFELDT 41-3-1HU AND 6TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WESTERN EXPLORATION LLC | JOA DTD 8/27/79 (E.B. GREEN) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | WESTERN STATES FIRE PROTECTION | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | WESTERN STATES RECLAMATION INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | WESTON | PROPOSAL FOR BASELINE GROUNDWATER SAMPLING - NORTHERN ROCKIES | $0.00 |
| WHITING OIL AND GAS CORPORATION | WESTON SOLUTIONS INC-4350 | SERVICE PROPOSAL - EFFECTIVE 06/27/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | WFC INVESTMENTS LLC | JOA DATED JANUARY 1, 2013 (P EVITT 154-98-13-12-2-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WFC INVESTMENTS LLC | JOA DTD 7/1/18 (MOEN 41-2-6HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | WHAM LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | WHITE FAMILY TRUST | PARTICIPATION AGREEMENT-WHZ | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | WHITE MOUNTAIN OPERATING LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | WHITE ROCK OIL & GAS LLC | JOA DTD 8/27/79 (E.B. GREEN) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WHITE ROCK OIL & GAS, LLC | CA (PET INC FED 20-44HR) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | WHITE WING LIMITED LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | WHITESTAR | DATA SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | WHITESTAR CORP | DATA SERVICES AGREEMENT | $0.00 |
| WHITING RESOURCES CORPORATION | WHITING OIL AND GAS CORPORATION | CONTRACT OPERATOR AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | WHITING RESOURCES CORPORTION | JOINT OPERATING AGREEMENT (KOALA 14-32HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WHITING USA TRUST II | ADMINISTRATIVE SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | WHITING USA TRUST II | CERTIFICATE OF TRUST OF WHITING USA TRUST II | $0.00 |
| WHITING PETROLEUM CORPORATION | WHITING USA TRUST II | REGISTRATION RIGHTS AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | WHITING/WHITING USA TRUST II | JOA DTD 11/01/77 (HILL 10-31 - WXZ TRUST) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WHITING/WHITING USA TRUST II | OPERATING AGREEMENT LOVETT A,B,C AND D WELLS-WHZ | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | WHITNEY LIGON | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 04/05/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION | WHITNEY LIGON | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 09/02/2005 | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILBANKS RESERVE CORPORATION | JOA (THURLOW WILLIAMS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILBANKS RESERVE CORPORATION | JOA DTD 11/01/81 (GAJEWSKI 5-18X) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILD BASIN OIL & GAS LLC | JOA (WOLD 16-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILD BASIN OIL & GAS LLC | JOINT OPERATING AGREEMENT - TARPON FEDERAL 21-4H | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILD BASIN OIL AND GAS, LLC | JOA (FLATLAND FEDERAL 11-4TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILD BASIN OIL AND GAS, LLC | JOA DATED JULY 1, 2011 (TARPON FEDERAL 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | WILD WELL CONTROL INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILDBORE NATURAL RESOURCES LLC | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 12-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILDBORE NATURAL RESOURCES LLC | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 13-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILDBORE NATURAL RESOURCES LLC | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 21-31H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILDBORE NATURAL RESOURCES LLC | JOA DATED JULY 15TH, 2008 (LITTLEFIELD 21-31TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILDBORE NATURAL RESOURCES LLC | JOA DATED JULY 15TH, 2008 (NEWCOMB 12-31TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILDBORE NATURAL RESOURCES LLC | JOA DATED JUNE 1, 2008 (NESHEIM 13-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILDBORE NATURAL RESOURCES LLC | JOA DATED JUNE 1, 2008 (NESHEIM 21-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILDBORE NATURAL RESOURCES LLC | JOA DATED JUNE 1, 2008 (NESHEIM 41-24H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | WILDCAT TRUCKING LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM C & BENITA M BUSTER | JOA DTD 7/01/76 (JEPSON HOLLER DRAW UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM C & BENITA M BUSTER | JOA DTD 9/27/76 (JEPSON HOLLER DRAW UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM C & BENITA M BUSTER | UNIT OPERATING AGREEMENT DTD 3/19/96 JEPSON HOLLER DRAW (SHANNON SANDSTONE) UNIT | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM DOUGLAS FERNANDES | SALT WATER DISPOSAL AGREEMENT - WINKLER COUNTY, TX - DATED 02/21/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM DOUGLAS FERNANDES JR | SALT WATER DISPOSAL AGREEMENT - WINKLER COUNTY, TX - DATED 02/21/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM EVERETT | JOA DATED JULY 15, 2008 (KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | WILLIAM H SMITH AND | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM J LUEKING | JOA DATED APRIL 1, 2008 (CARL KANNIANEN 21-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM J LUEKING | JOA DATED APRIL 1, 2008 (PATTEN 44-3H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM J LUEKING | JOA DATED JUNE 1, 2008 (OLSON FEDERAL 42-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM J LUEKING | JOA DATED MAY 1, 2010 (LOCKEN 14-9XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM KRELL | JOA DATED JUNE 1, 2008 (OLSON FEDERAL 42-8H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM KRELL | JOA DATED MAY 1, 2010 (LOCKEN 14-9XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM LUEKING | JOA DATED APRIL 1, 2008 (KANNIANEN 11-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM MICHAEL MCGANN JR | JOA DATED FEBRUARY 1, 2008 (LEO 12-29H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM MICHAEL MCGANN JR | JOA DATED JANUARY 1, 2011 (HANSEN #14-20XH) | $0.00 |
| WHITING PETROLEUM CORPORATION | WILLIAM N. HAHNE | INDEMNIFICATION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA (KOALA FEDERAL 31-25HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA (TAYLOR 34-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED AUGUST 1, 2009 (GUINN TRUST 11-13TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED AUGUST 1, 2009 (HAGEY 11-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED AUGUST 1, 2009 (HAGEY 12-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED AUGUST 1, 2009 (JULIA TTT 34-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED AUGUST 1, 2009 (LAHTI 14-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED AUGUST 1, 2009 (LAHTI 24-22-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED AUGUST 1, 2009 (LAHTI 24-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED AUGUST 1, 2009 (LAUKALA 34-22TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED AUGUST 1, 2009 (NIEMI 44-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED AUGUST 1, 2011 (HAGEY 14-13XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED AUGUST 1, 2011 (HATTIE HAGEY 14-13TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED AUGUST 1, 2011 (MARY ELIZABETH 13-13TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18-2TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED AUGUST 1, 2012 (BARTLESON 13-18XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED FEBRUARY 1, 2009 (BARTLESON 12-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED FEBRUARY 1, 2009 (BARTLESON 12-18TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED FEBRUARY 1, 2009 (BARTLESON 13-18H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED FEBRUARY 1, 2009 (ESTVOLD 41-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED FEBRUARY 1, 2009 (ESTVOLD 42-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED FEBRUARY 1, 2009 (ESTVOLD 44-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED FEBRUARY 1, 2009 (LEE #11-27H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED FEBRUARY 1, 2009 (LEE FEDERAL 12-27TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED FEBRUARY 1, 2009 (SMITH 44-26H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED FEBRUARY 1, 2009 (URAN 43-17-2H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED FEBRUARY 1, 2009 (URAN 43-17H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED JANUARY 1, 2011 (LILLIAN VIOLA 14-12TFX | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED JANUARY 1, 2011 (TIISTO #14-12XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED JANUARY 1, 2011 (VERNE HAGEY 13-12TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED JULY 15, 2008 (DOUG KINNOIN 11-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED JULY 15, 2008 (KINNOIN 21-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED JULY 15, 2008 (KINNOIN 41-14H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED MARCH 1, 2011 (BREHM 42-35-2XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED MARCH 1, 2011 (BREHM 42-35-3XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED NOVEMBER 1, 2011 (SATTERTHWAITE 14-7TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED NOVEMBER 1, 2011 (S-BAR 14-7TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED NOVEMBER 1, 2011 (S-BAR 14-7XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED SEPTEMBER 1, 2010 (LAHTI 31-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED SEPTEMBER 1, 2010 (LAHTI 41-15TFX) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DATED SEPTEMBER 1, 2010 (NIEMITALO #31-15XH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM R EVERETT | JOA DTD 7/1/2017 (VANCE 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM REAGIN PARNELL | JOA DATED MAY 1, 2010 (MOORE 14-7X) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | WILLIAM W & ANNE H GRIFFITH | JOA DTD 3/01/12 (SOLBERG 44-11PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAM W & ANNE H GRIFFITH | JOINT OPERATING AGREEMENT FOR SOLBERG 34-11PH | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAMS COUNTY COMMISSION BOARD | ROAD CROSSING PERMIT - WILLIAMS COUNTY, ND - DATED 06/16/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAMS COUNTY COMMISSION BOARD | ROAD CROSSING PERMIT - WILLIAMS COUNTY, ND - DATED 06/16/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAMS COUNTY COMMISSION BOARD | ROAD CROSSING PERMIT - WILLIAMS COUNTY, ND - DATED 06/16/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAMS COUNTY COMMISSION BOARD | ROAD CROSSING PERMIT - WILLIAMS COUNTY, ND - DATED 07/08/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAMS COUNTY COMMISSION BOARD | ROAD CROSSING PERMIT - WILLIAMS COUNTY, ND - DATED 07/08/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAMS COUNTY COMMISSION BOARD | ROAD CROSSING PERMIT - WILLIAMS COUNTY, ND - DATED 07/08/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAMS COUNTY COMMISSION BOARD | ROAD CROSSING PERMIT - WILLIAMS COUNTY, ND - DATED 07/08/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAMS COUNTY COMMISSION BOARD | ROAD CROSSING PERMIT - WILLIAMS COUNTY, ND - DATED 07/08/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAMS COUNTY COMMISSION BOARD | ROAD CROSSING PERMIT - WILLIAMS COUNTY, ND - DATED 07/08/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAMS COUNTY COMMISSION BOARD | ROAD CROSSING PERMIT - WILLIAMS COUNTY, ND - DATED 07/08/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAMS COUNTY COMMISSION BOARD | ROAD CROSSING PERMIT - WILLIAMS COUNTY, ND - DATED 07/08/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAMS COUNTY COMMISSION BOARD | ROAD CROSSING PERMIT - WILLIAMS COUNTY, ND - DATED 07/08/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAMS COUNTY COMMISSION BOARD | ROAD CROSSING PERMIT - WILLIAMS COUNTY, ND - DATED 07/08/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAMS COUNTY COMMISSION BOARD | ROAD CROSSING PERMIT - WILLIAMS COUNTY, ND - DATED 07/08/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAMS COUNTY COMMISSION BOARD | ROAD CROSSING PERMIT - WILLIAMS COUNTY, ND - DATED 07/08/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAMS COUNTY COMMISSION BOARD | ROAD CROSSING PERMIT - WILLIAMS COUNTY, ND - DATED 07/08/2014 | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAMS PRODUCTION RMT | GEOPHYSICAL DATE-USE LICENSE - EFFECTIVE 04/20/2006 | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLIAMS PRODUCTION RMT | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLISTON BASIN ENERGY LLC | JOA (DULETSKI FEDERAL 34-11) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLISTON BASIN ENERGY LLC | JOA (HAVELKA 21-15PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLISTON BASIN ENERGY LLC | JOA (OBRIGEWITCH 11-29PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLISTON BASIN ENERGY LLC | JOA (PRONGHORN FEDERAL 34-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLISTON BASIN ENERGY LLC | JOA (TALKINGTON 21-30TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLISTON BASIN ENERGY LLC | JOA (TALKINGTON FEDERAL 21-26TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLISTON BASIN ENERGY LLC | JOA (TALKINGTON FEDERAL 41-25PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLISTON BASIN ENERGY LLC | JOA (TOMCHUK 21-30PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLISTON BASIN ENERGY LLC | JOA DATED NOVEMBER 1, 2010 (DIETZ 21-17TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLISTON BASIN ENERGY LLC | JOA DTD 11/01/10 (LYDIA 41-14PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLISTON BASIN ENERGY, LLC | JOA (BINSTOCK 21-30TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLISTON BASIN ENERGY, LLC | JOA (HAVELKA 14-17PH; 34-17PH; 44-17PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLISTON BASIN ENERGY, LLC | JOA (JURGENS 34-12PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLISTON BASIN ENERGY, LLC | JOA (TALKINGTON FED 11-27PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLISTON BASIN ENERGY, LLC | JOA DATED NOVEMBER 1, 2010 (LYDIA 21-14TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLISTON BASIN INTERSTATE PIPELINE COMPANY-8575 | FACILITIES INTERCONNECT AGREEMENT - EFFECTIVE 04/05/2011 | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILLISTON INDUSTRIAL SUPPLY | JOA (TAYLOR 34-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | WILLYS HYDROTEST SERVICE LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILMINGTON TRUST, NATIONAL ASSOCIATION | TRUST AGREEMENT OF WHITING USA TRUST II | $0.00 |
| WHITING OIL AND GAS CORPORATION | WILSON GEOPHYSICAL, INC. | SEISMIC LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | WIND RIVER PETROLEUM LP | UNIT OPERATING AGREEMENT - SMACKOVER UNIT, LAKE COMO FIELD | $0.00 |
| WHITING OIL AND GAS CORPORATION | WINDSOR DAKOTA LLC | JOA DATED OCTOBER 15, 2008 (WEFLEN #1-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WINDSTREAM ENTERPRISE | CELLULAR/PHONE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | WINDSTREAM ENTERPRISE | CELLULAR/PHONE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | WINDSTREAM ENTERPRISE | CELLULAR/PHONE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | WINDSTREAM ENTERPRISE | CELLULAR/PHONE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | WINN EXPLORATION CO, INC | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | WINN-MARION-BARBER LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | WINSTON REVOCABLE TRUST | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WINTERHAWK PRODUCTION COMPANY | JOA (TAYLOR 34-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WINTERHAWK PRODUCTION COMPANY | JOA DTD 11/01/81 (GAJEWSKI 5-18X) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WINTERHAWK PRODUCTION COMPANY | JOA DTD 8/27/79 (E.B. GREEN) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WINTON DALE AND VICKI WOLD | SURFACE AGREEMENT - MCKENZIE COUNTY, ND - DATED 02/02/2018 | $0.00 |
| WHITING OIL AND GAS CORPORATION | WINTON DALE AND VICKI WOLD | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 11/01/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | WISE SERVICES INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | WM ND ENERGY RESOURCES LLC | JOA DTD 8/1/2018 (GILFER 21-15-1TFHU & 1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WOGC ACQUIRED BERRY | JOA DATED JANUARY 17, 2007 (C&B 1-31H BPO) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WOLF ENERGY LLC | JOA - OBRIGEWITCH 41-29PHU | $0.00 |
| WHITING OIL AND GAS CORPORATION | WOLF ENERGY LLC | JOA (GOOD SHEPHARD HOME 150-101-15B-22-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WOLF ENERGY LLC | JOA (HAVELKA 21-15PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WOLF ENERGY LLC | JOA (OBRIGEWITCH 11-29PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WOLF ENERGY LLC | JOA (OBRIGEWITCH 11-29PHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WOLF ENERGY LLC | JOA DATED MARCH 1, 2011 (MARSH 21-16TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | WOLFE EXPLORATION LLC | JOA - CHAMELEON STATE 31-16HU | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | WOLFE EXPLORATION LLC | JOINT OPERATING AGREEMENT (CHAMELEON STATE 153-97-16-21-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | WOLLA OILFIELD SERVICES LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | WOLLA TRUCKING LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | WOLTERS KLUWER | ACCOUNTING RESEARCH MANAGER SUBSCRIPTION (SAAS) | $0.00 |
| WHITING PETROLEUM CORPORATION | WOLTERS KLUWER | ARM/CCH SUBSCRIPTION | $0.00 |
| WHITING OIL AND GAS CORPORATION | WOOD GROUP PSN | CONTRACT LABOR PROVIDER | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | WOOD GROUP PSN INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | WOOD GROUP USA INC - CMO | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | WOODARD & WALKER LLC | SURFACE AGREEMENT - CLAIBORNE COUNTY, LA - DATED 06/14/2013 | $0.00 |
| WHTING PETROLEUM CORPORATION | WORKFORCE SAFETY & INSURANCE | WORKFORCE SAFETY & INSURANCE WORKERS COMP | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | WORKOVER SOLUTIONS INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | WORKSHARE TECHNOLOGY INC. | SOFTWARE SUBSCRIPTION AGREEMENT | $306.25 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | WTG FUELS INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | WYOMING CASING SERVICE INC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | WYOMING STATE LANDS | SURFACE AGREEMENT - JOHNSON COUNTY, WY - DATED 06/26/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | XCEL ENERGY-8578 | ELECTRIC SERVICE AGREEMENT - EFFECTIVE 06/06/2005 | $0.00 |
| WHITING PETROLEUM CORPORATION | XCEL SEISMIC, INC. | SEISMIC DATA LICENSE AGREEMENT | $0.00 |
| WHITING PETROLEUM CORPORATION | XEROX CORPORATION | Lease Agreement W7855PT MX4736643 | $0.00 |
| WHITING PETROLEUM CORPORATION | XEROX CORPORATION | Lease Agreement W7855PT MX4750111 | $0.00 |
| WHITING PETROLEUM CORPORATION | XEROX CORPORATION | Lease Agreement W7855PT MX4750115 | $0.00 |
| WHITING PETROLEUM CORPORATION | XEROX CORPORATION | Lease Agreement W7855PT MX4751400 | $0.00 |
| WHITING PETROLEUM CORPORATION | XEROX CORPORATION | Lease Agreement W7970P B0W589792 | $0.00 |
| WHITING PETROLEUM CORPORATION | XEROX CORPORATION | Lease Agreement W7970P B0W591824 | $0.00 |
| WHITING PETROLEUM CORPORATION | XEROX CORPORATION | Lease Agreement W7970P B0W591840 | $0.00 |
| WHITING PETROLEUM CORPORATION | XEROX CORPORATION | Lease Agreement W7970P B0W591841 | $0.00 |
| WHITING PETROLEUM CORPORATION | XEROX CORPORATION | Master Services Agreement, Effective as of 08/25/11 | $0.00 |
| WHITING OIL AND GAS CORPORATION | XH LLC | JOA (KESSEL 11-26PH; 21-26PH; 41-26PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XH LLC | JOA (PRIVRATSKY 11-27PH, 21-27PH AND 41-27PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | X-SITE ENERGY SERVICES LLC. | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC | JOA (BAYER 14-20 NEH UNIT) XTO ENERGY | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC | JOA (LOOMER 24-34 SEH UNIT) XTO ENERGY | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC | JOA (MCKENZIE FEDERAL 14X-31) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC | JOA (ROEN 24X-23 UNIT) XTO ENERGY | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC | JOA (ROLFSRUD STATE 14X-36E, F) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC | JOA (SATTER 31-1SWH UNIT) XTO ENERGY | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC | JOA (SORENSON 14X-33EXH UNIT) XTO ENERGY | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC | JOA (TOBACCO GARDEN 31-29NEH UNIT) XTO ENERGY | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC | JOA (XTO - ROLFSON 21-16SEH UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC | JOA DATED AUGUST 1, 2012 (SORTEBERG 27-34-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC | JOA DATED AUGUST 1, 2012 (VITT 31-17-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC | JOA DATED FEBRUARY 1, 2012 (ARLEY 21X-18B) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC | JOA DATED FEBRUARY 1, 2013 (STAR 21X-14B) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC | JOA DATED JANUARY 1, 2012 (JOHN 33X-08) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC | JOA DATED JULY 1, 2012 (SIMMERS 4 #21-30-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC | JOA DATED JULY 15, 2010 (MILLER 44-11H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC | JOA DATED JUNE 1, 2011 (VANCE 44-22H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC | JOA DATED MARCH 1, 2012 ( SALSBURY 24-35-1H ) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC | JOA DATED MARCH 1, 2012 (WALLACE 21X-2B) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC | JOA DATED MARCH 1, 2018 (BOBCAT FEDERAL'S 14X-35A/14X-35EXH/14X-35AXB/14X-35E2 UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC | JOA DATED NOVEMBER 1, 2012 (WOOD 21X-25B) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC | JOA DATED SEPTEMBER 1, 2013 (KANYER 11X-15E) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC | JOA DTD 09/01/11 (RAYMOND 21X-5) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC | JOA DTD 11/01/2011 (CLYDE HAUGE 11X-13) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC | JOA DTD 11/1/18 (KNUT BERG TRUST 41-28 HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC | JOA DTD 12/01/11 (COLETTE 21X-18) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC | JOA DTD 3/1/11 (KERBAUGH 31X-04) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC | JOA DTD 9/06/00 (DOLLARHIDE 1 UNIT) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC | JOA DTD 9/1/11 (ERICKSON 41-25NWH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC | JOA-XTO ENERGY, INC, (ROSE FEDERAL 34X-34C) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC | JOA-XTO ENERGY, INC, BABETTE 24X-33 WELL | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC | P1366 JOA CONOCO 11/1/84 | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC | P1366 JOA CONOCO 6/1/85 | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC | P1366 JOA CONOCO 8/6/84 | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC. | JOA (ERICKSON 41-25 SWH) DENBURY ONSHORE LLC | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC. | JOA (LINDVIG 14-10 NEH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC. | JOA (SATTER 44-34 SWH (XTO) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC. | JOA DTD 01/01/2012 (VANCE 31X-14) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC. | JOA DTD 7/3/2011 (LOOMER 24-34 NEH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY INC. | JOA-XTO ENERGY (HOLTE 21X-4) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO ENERGY, INC | JOA- LOOMER 21-4 SWH UNIT (XTO ENERGY) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOA - CHAMELEON STATE 31-16HU | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOA (DIETZ 34-7PH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOA (FRICK 24-8-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOA (KOALA 44-5TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOA (LOIS MOEN 44-34HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOA (LOOMER 44-33TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOA (SCHILKE 34-32) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOA (SMOKEY 2-16-21-16HU3) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOA (SOVIG 150-100-22C-15-1H) | $0.00 |

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOA (TAYLOR 34-7H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOA (THURLOW WILLIAMS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOA (WAHLSTROM 3-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOA (WOLD 16-7TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOA DATED 2/1/11 (DIETZ 21-18TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOA DATED AUGUST 1, 2012 (KJOS 14-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOA DATED AUGUST 1, 2012 (LIEBL 31-13H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOA DATED AUGUST 1, 2012 (LIEBL 31-13TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOA DATED FEBRUARY 1, 2010 (KLEFSTAD 24-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOA DATED FEBRUARY 1, 2010 (MEIERS 34-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOA DATED FEBRUARY 1, 2010 (MEIERS 43-25TFH) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOA DATED FEBRUARY 1, 2010 (MEIERS 44-25H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOA DATED FEBRUARY 1, 2011 (EIDE 11-6H P&A'D SHELDON 11-6TFH HBP) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOA DATED JANUARY 1, 2010 (RON OLSON 31-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOA DATED JANUARY 1, 2013 (P EVITT 154-98-13-12-2-4H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOA DATED MARCH 1, 2012 (CHERRY STATE 21-16H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOA DATED NOVEMBER 1, 2011 (BERGSTROM 44-10H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOA DATED SEPTEMBER 1, 2005 (FEDERAL 14-12H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOA DTD 1/1/13 (KALDAHL 24, 34 & 44 AND MILLER 14-12 WELLS) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOA DTD 10/1/18 (BERG TRUST 34-22-TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOA DTD 10/1/2017 (NELSON 11-18-2TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOA DTD 2/1/2019 (NELSEN 11-2HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOA DTD 4/1/2017 (NELSON 11-18-2TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOA DTD 5/1/2018 (VANCE 11-17-2H, 3H, 4H, 17H & 17TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOA DTD 7/1/2017 (VANCE 44-9H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOA DTD 8/1/18 (PERIOT 44-20HU BPO) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOA HORIZONTAL BAKKEN FORM DATED AUGUST 1, 2014 (ALLEN 21X-17A) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOA MARATHON OIL (FOSS 21-30H (BPO)) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOINT OPERATING AGREEMENT - NORGARD 21-13H | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | JOINT OPERATING AGREEMENT (KOALA 14-32HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | SALT WATER DISPOSAL AGREEMENT - WINKLER COUNTY, TX - DATED 10/08/2019 | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS LLC | XTO HOLDINGS SALTWATER DISPOSAL AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | XTO HOLDINGS, LLC | JOINT OPERATING AGREEMENT - RENBARGER 21-27H | $0.00 |
| WHITING OIL AND GAS CORPORATION, WHITING RESOURCES CORPORATION | YSTAAS ELECTRICAL SERVICE LLC | MASTER SERVICES AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ZACHARY WAHLSTROM | SURFACE USE & DAMAGE AGREEMENT - MCKENZIE COUNTY, ND - DATED 02/27/2012 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ZAVANNA | FO-SPRING CREEK/ PFG CORP/BTA EFFECTIVE 9/16/10 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ZAVANNA | FO-SPRING CREEK/EST OF RICHARD SIEGAL/AMERICAN/PFG/ALPENGLOW-EFF 2/22/10 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ZAVANNA | FO-SPRING CREEK/EST OF RICHARD SIEGAL/PFG CORP - EFFECTIVE 3/30/10 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ZAVANNA | FO-ZAVANNA LLC / SPRING CREEK / PALACE - EFF 6/3/10 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ZAVANNA | MILDRED PA - SPRING CREEK/G3 ENERGY - EFFECTIVE 9/16/11 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ZAVANNA | PA - SPRING CREEK / GOLD COAST - EFFECTIVE 11/12/2008 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ZAVANNA | PA - SPRING CREEK / GOLD COAST / BTA - EFFECTIVE 8/3/2009 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ZAVANNA | PA - SPRING CREEK/GOLD COAST/COACHMAN ENERGY - EFFECTIVE 2/3/2009 | $0.00 |
| WHITING OIL AND GAS CORPORATION | ZAVANNA | PARTICIPATION AGREEMENT (CATWALK CREEK V) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ZAVANNA LLC | JOA (KOUFAX 3-10 #1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ZAVANNA LLC | JOA (MARTINEZ 36-25-1TFH, ROGERS 1-12-1TFH, WELLS 6-7-1H) ZAVANNA, LLC (SE HR) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ZAVANNA LLC | JOA DTD 10/01/05 (BERWICK 14B-2-1H) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ZAVANNA LLC | JOA DTD 11/1/2017 (FLINT 41-5-1HU & 6TFHU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ZAVANNA LLC | JOA DTD 12/01/2010 (YELLOWSTONE) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ZAVANNA LLC | JOA DTD 3/1/18 (EARL 14-34-1HU) | $0.00 |
| WHITING OIL AND GAS CORPORATION | ZAVANNA LLC | JOA DTD 8/01/2008 (LEONARD #1-23H) | $0.00 |
| WHITING RESOURCES CORPORATION | ZAVANNA LLC | OPERATING AGREEMENT | $0.00 |
| WHITING RESOURCES CORPORATION | ZAVANNA LLC | TOLLING AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ZAVANNA, LLC | JOA DTD 4/7/2011 (CRESCENT FARMS 7-6 1H) | $0.00 |
| WHITING RESOURCES CORPORATION | ZAVANNA, LLC | PARTICIPATION AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ZAVANNA, LLC | ZAVANNA SALTWATER DISPOSAL AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ZOOM VIDEO COMMUNICATIONS, INC. | SOFTWARE SUBSCRIPTION AGREEMENT | $1,582.00 |
| WHITING OIL AND GAS CORPORATION | ZOOM VIDEO COMMUNICATIONS, INC. | GENERAL IT AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ZOOM VIDEO COMMUNICATIONS, INC. | SOFTWARE LICENSE AGREEMENT | $0.00 |
| WHITING OIL AND GAS CORPORATION | ZOOM VIDEO COMMUNICATIONS, INC. | SOFTWARE SUBSCRIPTION AGREEMENT | $0.00 |

## Exhibit G

### Schedule of Rejected Executory Contracts and Unexpired Leases

Rejected Executory Contracts

| Debtor(s)/Affiliates of Debtors | Counterparty | Description of Rejected Contracts or Leases |
|---|---|---|
| WHITING PETROLEUM CORPORATION | ADVISOR ENERGY | DATA SUBSCRIPTION LICENSE AMENDMENT (SAAS) |
| WHITING PETROLEUM CORPORATION | APEX ANALYTIX | VENDOR ON-BOARDING SOFTWARE SOLUTION (SAAS) |
| WHITING OIL AND GAS CORPORATION | APEX ANALYTIX LLC | MASTER SERVICE AGREEMENT - EFFECTIVE 05/28/2019 |
| WHITING OIL AND GAS CORPORATION | APEX ANALYTIX, LLC | SOFTWARE SUBSCRIPTION AGREEMENT |
| WHITING OIL AND GAS CORPORATION | ARGUELLO INC. | DECOMMISSIONING MANAGEMENT AGREEMENT - POINT ARGUELLO UNIT |
| WHITING OIL AND GAS CORPORATION | ASPEN TECHNOLOGY INC | SOFTWARE LICENSE AGREEMENT - EFFECTIVE 09/25/2015 |
| WHITING OIL AND GAS CORPORATION | ASPEN TECHNOLOGY, INC | SOFTWARE SUBSCRIPTION AGREEMENT |
| WHITING OIL AND GAS CORPORATION | BNN REDTAIL LLC (SUBSIDIARY BNN WESTERN, LLC) | DISPOSAL WATER PIPELINE DELIVERY AND DISPOSAL - EFFECTIVE 1/1/2016 |
| WHITING OIL AND GAS CORPORATION | BNN REDTAIL LLC-5561 | LETTER OF INTENT FOR LEASE OF WATER - EFFECTIVE 03/05/2015 |
| WHITING PETROLEUM CORPORATION | BRUKER NANO INC. | SERVICE PLAN ON PREVIOUSLY PURCHASED EQUIPMENT |
| WHITING OIL AND GAS CORPORATION | CGGVERITAS LAND (U.S.) INC. | SEISMIC DATA LICENSE AGREEMENT |
| WHITING OIL AND GAS CORPORATION | CGGVERITAS LAND (U.S.) INC. | MASTER GEOPHYSICAL DATA-USE LICENSE |
| WHITING OIL AND GAS CORPORATION | CGGVERITAS LAND (US) INC | SUPPLEMENT DATA NO. VLS-001 - EFFECTIVE 01/14/2013 |
| WHITING OIL AND GAS CORPORATION | CGGVERITAS LAND (US) INC | SUPPLEMENT DATA NO. VLS-002 - EFFECTIVE 01/14/2013 |
| WHITING OIL AND GAS CORPORATION | CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY | DECOMMISSIONING MANAGEMENT AGREEMENT - POINT ARGUELLO UNIT |
| WHITING OIL AND GAS CORPORATION | CHEVRON U.S.A. INC. | UNIT OPERATING AGREEMENT - POINT ARGUELLO - PACIFIC OFFSHORE CALIFORNIA |
| WHITING PETROLEUM CORPORATION | DARCY PARTNERS | INNOVATION RESEARCH MEMBERSHIP |
| WHITING PETROLEUM CORPORATION | J.P. MORGAN SECURITIES LLC | ENGAGEMENT - DATED 04/08/2019 |
| WHITING PETROLEUM CORPORATION | J.P. MORGAN SECURITIES LLC | ENGAGEMENT LETTER - DATED 11/24/2019 |
| WHITING PETROLEUM CORPORATION | JACK NADAL INC. | ONLINE COMPANY STORE AGREEMENT |
| WHITING OIL AND GAS CORPORATION | KOCH INDUSTRIES INC. | UNIT OPERATING AGREEMENT - POINT ARGUELLO - PACIFIC OFFSHORE CALIFORNIA |
| WHITING OIL AND GAS CORPORATION | OXBOW ENERGY INC. | UNIT OPERATING AGREEMENT - POINT ARGUELLO - PACIFIC OFFSHORE CALIFORNIA |
| WHITING OIL AND GAS CORPORATION | PENNZOIL EXPLORATION AND PRODUCTION COMPANY | UNIT OPERATING AGREEMENT - POINT ARGUELLO - PACIFIC OFFSHORE CALIFORNIA |
| WHITING OIL AND GAS CORPORATION | PHILIPS PETROLEUM COMPANY | UNIT OPERATING AGREEMENT - POINT ARGUELLO - PACIFIC OFFSHORE CALIFORNIA |
| WHITING PETROLEUM CORPORATION | PITNEY BOWES | PACKAGE TRACKING SOLUTION INCLUDING HANDHELD SCANNERS |
| WHITING OIL AND GAS CORPORATION | PITNEY-BOWES GLOBAL FINANCIAL LLC | LEASE FOR POSTAGE EQUIPMENT - RL OFFICE |
| WHITING OIL AND GAS CORPORATION | POINT ARGUELLO UNIT | DECOMMISSIONING MANAGEMENT AGREEMENT - POINT ARGUELLO UNIT |
| WHITING OIL AND GAS CORPORATION | QEP FIELD SERVICES LLC | WATER GATHERING AGREEMENT |
| WHITING OIL AND GAS CORPORATION | QEP FIELD SERVICES, LLC | WATER GATHERING AGREEMENT |
| WHITING OIL AND GAS CORPORATION | ROYAL CUP, INC. | LEASE FOR 5 COFFEE MACHINES |
| WHITING OIL AND GAS CORPORATION | SEITEL DATA, LTD. | MASTER LICENSE AGREEMENT FOR SEISMIC DATA AND ALL ASSOCIATED SUPPLEMENTS |
| WHITING OIL AND GAS CORPORATION | SUN OPERATING LIMITED PARTNERSHIP | UNIT OPERATING AGREEMENT - POINT ARGUELLO - PACIFIC OFFSHORE CALIFORNIA |
| WHITING OIL AND GAS CORPORATION | TESORO LOGISTICS LP (QEP FIELD SERVICES) | DISPOSAL WATER PIPELINE DELIVERY AND DISPOSAL |
| WHITING OIL AND GAS CORPORATION | TESORO LOGISTICS OPERATIONS LLC (TLO)-8534 | WATER GATHERING AGREEMENT - EFFECTIVE 01/01/2017 |
| WHITING OIL AND GAS CORPORATION | TEXACO EXPLORATION AND PRODUCTION INC. | UNIT OPERATING AGREEMENT - POINT ARGUELLO - PACIFIC OFFSHORE CALIFORNIA |
| WHITING OIL AND GAS CORPORATION | UNKNOWN COUNTERPARTIES | DECOMMISSIONING MANAGEMENT AGREEMENT - SIGNED 30/09/1999 |
| WHITING OIL AND GAS CORPORATION | WESTERNGECO L.L.C. | MASTER LICENSE AGREEMENT FOR SEISMIC DATA AND ALL ASSOCIATED SUPPLEMENTS |
| WHITING OIL AND GAS CORPORATION | WESTON SOLUTIONS INC | WATER GROUNDWATER |
| WHITING PETROLEUM CORPORATION | POLITICO | POLITICO Pro Service, Effective as of April 28, 2019 |
| WHITING PETROLEUM CORPORATION | XEROX CORPORATION | Lease Agreement W7855PT MX4769064 |
| WHITING PETROLEUM CORPORATION | XEROX CORPORATION | Lease Agreement W7845PT MX4779039 |
| WHITING PETROLEUM CORPORATION | XEROX CORPORATION | Lease Agreement W7845PT MX4779190 |
| WHITING PETROLEUM CORPORATION | XEROX CORPORATION | Lease Agreement W7970P B0W594524 |
| WHITING PETROLEUM CORPORATION | XEROX CORPORATION | Lease Agreement W7855PT MX4480505 |
| WHITING PETROLEUM CORPORATION | XEROX CORPORATION | Lease Agreement W7855PT MX4480509 |
| WHITING PETROLEUM CORPORATION | XEROX CORPORATION | Lease Agreement W7855PT MX4480506 |
| WHITING PETROLEUM CORPORATION | XEROX CORPORATION | Lease Agreement W7855PT MX4484557 |
| WHITING PETROLEUM CORPORATION | XEROX CORPORATION | Lease Agreement W7855PT MX4484570 |
| WHITING PETROLEUM CORPORATION | XEROX CORPORATION | Lease Agreement W7855PT MX4489090 |
| WHITING PETROLEUM CORPORATION | XEROX CORPORATION | Lease Agreement W7855PT MX4469290 |
| WHITING PETROLEUM CORPORATION | XEROX CORPORATION | Lease Agreement XC70 E2B662842 |
| WHITING PETROLEUM CORPORATION | XEROX CORPORATION | Lease Agreement C700FCSRV M0B020034 |
| WHITING PETROLEUM CORPORATION | XEROX CORPORATION | Lease Agreement W7970P B0W869548 |
| WHITING PETROLEUM CORPORATION | XEROX CORPORATION | Lease Agreement W7970P B0W869733 |
| WHITING PETROLEUM CORPORATION | XEROX CORPORATION | Lease Agreement W7855PT MX4493889 |
| WHITING PETROLEUM CORPORATION | XEROX CORPORATION | Lease Agreement W7855PT MX4492471 |
| WHITING PETROLEUM CORPORATION | XEROX CORPORATION | Lease Agreement W7855PT MX4493617 |
| WHITING PETROLEUM CORPORATION | XEROX CORPORATION | Lease Agreement W7855PT MX4492546 |
| WHITING PETROLEUM CORPORATION | XEROX CORPORATION | Lease Agreement W7855PT MX4493905 |
| WHITING PETROLEUM CORPORATION | XEROX CORPORATION | Lease Agreement W7970P B0W594555 |
| WHITING PETROLEUM CORPORATION | XEROX CORPORATION | Lease Agreement 3CQ9303 XNE136380 |
| WHITING PETROLEUM CORPORATION | XEROX CORPORATION | Lease Agreement 3CQ9303 XNE136691 |
| WHITING PETROLEUM CORPORATION | XEROX CORPORATION | Lease Agreement W7855PT MX4349243 |
| WHITING PETROLEUM CORPORATION | XEROX CORPORATION | Lease Agreement W7855PT MX4733579 |
| WHITING PETROLEUM CORPORATION | XEROX CORPORATION | Lease Agreement W7225PT LX5699563 |
| WHITING PETROLEUM CORPORATION | XEROX CORPORATION | Lease Agreement W7855PT MX4750064 |
| WHITING PETROLEUM CORPORATION | XEROX CORPORATION | Lease Agreement W7855PT MX4750105 |
| WHITING PETROLEUM CORPORATION | XEROX CORPORATION | Lease Agreement W7855PT MX4758827 |

**Exhibit H**

**Restructuring Transactions Exhibit**

1. Upon emergence from bankruptcy by Whiting Petroleum Corporation, Whiting US Holding Company ("Holdco") will merge with and into Whiting Oil and Gas Corporation ("WOG") with WOG surviving.

2. Following Step 1, but on the same day, Whiting Resources Corporation ("WRC") will transfer its business to WOG in exchange for (i) the redemption/cancellation of a certain number of Class A common shares of WRC held by WOG, and (ii) the issuance of a demand promissory note (the "WOG Note") by WOG to WRC.

3. Following Step 2, but on the same day, WRC will be converted from a corporation governed under the laws of the State of Colorado to a limited liability company ("WRC LLC") governed under the laws of the State of Delaware, the capital of which is in the form of shares. WRC LLC will be disregarded for U.S. federal income tax purposes.

4. After receiving regulatory approvals in respect of the sale of WRC's business (expected to be at least one month following Steps 1-3), WRC LLC migrates to Canada by way of a corporate continuance as an unlimited liability company ("WRC ULC") under the Nova Scotia Companies Act.

5. One day following Step 4, WRC ULC will be continued into British Columbia by way of corporate continuance as an unlimited liability company under the Business Corporations Act (British Columbia).

6. Following Step 5, but on the same day, WRC ULC and Whiting Canadian Holding Company Unlimited Liability Corporation will amalgamate to form a new unlimited liability company ("Amalco ULC") under the Business Corporations Act (British Columbia), with WOG receiving 100% of the single class of common shares of Amalco ULC.

7. Following Step 6, but on the same day, Amalco ULC will elect to be treated as a corporation for U.S. federal income tax purposes. Following such election, but on the same day, Amalco ULC will issue a non-interest bearing demand promissory note (the "Amalco Note") to WOG as a return of legal stated capital.

8. Immediately after Step 7, the WOG Note and Amalco Note are offset against each other pursuant to a legally effective offset agreement, after which Amalco ULC will have no property or liabilities.

9. Amalco ULC will be dissolved.

**Exhibit I**

**New Warrants-A Agreement**

**WARRANT AGREEMENT**

**between**

**WHITING PETROLEUM CORPORATION,**

**COMPUTERSHARE INC.**

**and**

**COMPUTERSHARE TRUST COMPANY, N.A.,**
as Warrant Agent

**Dated as of [●], 2020**

**Series A Warrants to Purchase Common Stock**

# TABLE OF CONTENTS

**Page**

1.     Definitions...........................................................................................................1

2.     Warrant Certificates ...........................................................................................6
    2.1     Original Issuance of Warrants...............................................................6
    2.2     Form of Warrant Certificates ...............................................................6
    2.3     Execution and Delivery of Warrant Certificates ..................................6
    2.4     Global Warrant Certificates .................................................................7

3.     Exercise and Expiration of Warrants ..................................................................9
    3.1     Right to Acquire Common Stock Upon Exercise ..................................9
    3.2     Exercise and Expiration of Warrants ...................................................9
    3.3     Application of Funds upon Exercise of Warrants ................................11
    3.4     Payment of Taxes................................................................................11
    3.5     Cancellation of Warrant Certificates..................................................11
    3.6     Shares Issuable...................................................................................11
    3.7     Cashless Exercise ..............................................................................12
    3.8     Cost Basis Information .......................................................................12

4.     Dissolution, Liquidation or Winding up ...........................................................12

5.     Adjustments ......................................................................................................13
    5.1     Adjustments .......................................................................................13
    5.2     Fractional Interest ..............................................................................17
    5.3     No Other Adjustments........................................................................18

6.     Loss or Mutilation............................................................................................18

7.     Reservation and Authorization of Common Stock ...........................................19

8.     Warrant Transfer Books ...................................................................................20

9.     Warrant Holders ...............................................................................................21
    9.1     No Voting or Dividend Rights ............................................................21
    9.2     Rights of Action .................................................................................21
    9.3     Treatment of Holders of Warrant Certificates....................................22

10.    Concerning the Warrant Agent..........................................................................22
    10.1    Rights and Duties of the Warrant Agent. ...........................................22
    10.2    Limitation of Liability.........................................................................24
    10.3    Indemnification. .................................................................................25
    10.4    Right to Consult Counsel ...................................................................25
    10.5    Compensation and Reimbursement ....................................................25
    10.6    Warrant Agent May Hold Company Securities....................................26
    10.7    Resignation and Removal; Appointment of Successor........................26
    10.8    Appointment of Countersigning Agent...............................................27

11.    Notices ..............................................................................................................28
    11.1    Notices Generally...............................................................................28

       11.2     Required Notices to Holders ..................................................................29

**12.**    Inspection ..................................................................................................29

**13.**    Amendments .............................................................................................29

**14.**    Waivers .....................................................................................................30

**15.**    Successor to Company .............................................................................30

**16.**    Headings ...................................................................................................31

**17.**    Counterparts .............................................................................................31

**18.**    Severability ..............................................................................................31

**19.**    No Redemption ........................................................................................31

**20.**    Persons Benefiting ...................................................................................31

**21.**    Applicable Law ........................................................................................32

**22.**    Entire Agreement .....................................................................................32

**23.**    Force Majeure. .........................................................................................32

**24.**    Further Assurances. ..................................................................................32

**25.**    Confidentiality. .........................................................................................32

## EXHIBITS

Exhibit A          Form of Series A Warrant Certificate

**WARRANT AGREEMENT**

This Warrant Agreement (as may be supplemented, amended or amended and restated pursuant to the applicable provisions hereof, this "*Agreement*"), dated as of [●], 2020, between Whiting Petroleum Corporation, a Delaware corporation (and any Successor Company (as defined below) that becomes successor to the Company in accordance with Section 15) (the "*Company*"), Computershare Inc., a Delaware corporation ("*Computershare*") and its wholly-owned subsidiary Computershare Trust Company, N.A., a federally chartered trust company (collectively, including any successors of such Warrant Agent appointed in accordance with the terms hereof, the "*Warrant Agent*").  Capitalized terms that are used in this Agreement shall have the meanings set forth in Section 1 hereof.

**WITNESSETH THAT:**

**WHEREAS**, pursuant to the terms and conditions of the *Joint Prepackaged Chapter 11 Plan of Reorganization for Whiting Petroleum Corporation and Its Debtor Affiliates*, Docket No. 198 of Case No. 20-32021 (DRJ) (the "*Plan*") relating to a reorganization under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*"), the Company proposes to issue and deliver Warrants (as defined below) to purchase up to an aggregate of [●] shares of its Common Stock (as defined below), subject to adjustment as provided herein, and the Warrant Certificates (as defined below) evidencing such Warrants;

**WHEREAS**, each Warrant shall entitle the registered owner thereof to purchase one share of the Common Stock, subject to adjustment as provided herein;

**WHEREAS**, the Warrants and the shares of Common Stock issuable upon exercise of the Warrants are being issued in an offering in reliance on the exemption from the registration requirements of the Securities Act (as defined below) afforded by Section 1145 of the Bankruptcy Code, and of any applicable state securities or "blue sky" laws; and

**WHEREAS**, the Company desires that the Warrant Agent act on behalf of the Company, and the Warrant Agent is willing to so act, in connection with the issuance, exchange, transfer, substitution and exercise of Warrants.

**NOW THEREFORE,** in consideration of the mutual agreements herein contained, the Company and the Warrant Agent agree as follows:

1.      **Definitions**.

"*Action*" has the meaning set forth in Section 11.2(c).

"*Adjustment Events*" has the meaning set forth in Section 5.1.

"*Affiliate*" of any specified Person, means any other Person directly or indirectly controlling or controlled by or under direct or indirect common control with such specified Person. For the purposes of this definition, "control" when used with respect to any Person means the power to direct the management and policies of such specified Person, directly or indirectly,

whether through the ownership of voting securities, by contract or otherwise, and the terms "controlling" and "controlled" have meanings correlative to the foregoing.

"***Agent Members***" has the meaning set forth in Section 2.4(b).

"***Agreement***" has the meaning set forth in the preamble hereto.

"***Applicable Procedures***" means, with respect to any transfer or exchange of, or exercise of any Warrants evidenced by, any Global Warrant Certificate, the rules and procedures of the Depositary that apply to such transfer, exchange or exercise.

"***Appropriate Officer***" means (i) the Chief Executive Officer, President, Chief Operating Officer, Chief Financial Officer, Treasurer or Secretary or any Vice President of the Company or (ii) any other person designated as such by the Board of Directors from time to time.

"***Bankruptcy Code***" has the meaning set forth in the recitals hereto.

"***Board of Directors***" means either the board of directors of the Company or any duly authorized committee of that board.

"***Business Day***" means each Monday, Tuesday, Wednesday, Thursday and Friday which is not a legal holiday in the State of New York or a day on which banking institutions and trust companies in the state in which the Corporate Agency Office is located are authorized or obligated by law, regulation or executive order to close.

"***Commission***" means the Securities and Exchange Commission, or any other federal agency at the time administering the Securities Act or the Exchange Act, whichever is the relevant statute for the particular purpose.

"***Common Stock***" means, subject to the provisions of Section 5.1(f), the common stock, par value $[●] per share, of the Company.

"***Company***" means the company identified in the preamble hereto.

"*Company Order*" means a written request or order signed in the name of the Company by an Appropriate Officer and delivered to the Warrant Agent.

"*Computershare*" has the meaning set forth in the preamble hereto.

"***Constituent Person***" has the meaning set forth in Section 5.1(f)(i)(A).

"***Corporate Agency Office***" has the meaning set forth in Section 8.

"***corporation***" means a corporation, association, company (including limited liability company), joint-stock company, business trust or other similar entity.

"***Countersigning Agent***" means any Person authorized by the Warrant Agent to act on behalf of the Warrant Agent to countersign Warrant Certificates.

2

"***Current Market Price***" means on any date:

      (i)     if the reference is to the per share price of Common Stock on any date herein specified and if on such date the Common Stock is listed or admitted to trading on any U.S. national securities exchange or traded and quoted in the over-the-counter market in the United States:

      (A)     for the purpose of any computation under this Agreement (except under Section 5.2), the average of the Quoted Prices for the 30 consecutive Trading Days ending on such date or, if such date is not a Trading Day, on the next preceding Trading Day; or

      (B)     for the purposes of any computation under Section 5.2, the Quoted Price for such date or, if such date is not a Trading Day, for the next preceding Trading Day; or

      (ii)     if the reference is to the per share price of Common Stock on any date herein specified and if on such date the Common Stock is not listed or admitted to trading on any U.S. national securities exchange or traded and quoted in the over-the-counter market in the United States, the amount which a willing buyer would pay a willing seller in an arm's length transaction on such date (neither being under any compulsion to buy or sell) for one share of the Common Stock as determined as of such date by the Treasurer or Chief Financial Officer of the Company in good faith, whose determination shall be final and conclusive and evidenced by a certificate of such officer delivered to the Warrant Agent.

For the avoidance of doubt, no appraisal of any Person or third-party (other than the Treasurer or Chief Financial Officer of the Company as further described in clause (ii)) above shall be permitted or required to determine the Current Market Price.

"***Definitive Warrant Certificate***" means a Warrant Certificate registered in the name of the Holder thereof that does not bear the Global Warrant Legend and that does not have a "Schedule of Decreases in Warrants" attached thereto.

"***Depositary***" means DTC and its successors as depositary hereunder.

"***DTC***" means The Depository Trust Company.

"***Exchange Act***" means the Securities Exchange Act of 1934 and any statute successor thereto, in each case, as amended from time to time.

"***Exercise Date***" has the meaning set forth in Section 3.2(f).

"***Exercise Form***" has the meaning set forth in Section 3.2(c).

"***Exercise Period***" means the period from and including the Original Issue Date to and including the Expiration Date.

"***Exercise Price***" means the exercise price per share of Common Stock, initially set at $[●][1], subject to adjustment as provided in Section 5.1.

"***Expiration Date***" means the earlier to occur of (i) the Scheduled Expiration Date and (ii) a Winding Up.

"***Funds***" has the meaning set forth in Section 3.3.

"***Global Warrant Certificate***" means a Warrant Certificate deposited with or on behalf of and registered in the name of the Depositary or its nominee, that bears the Global Warrant Legend and that has the "Schedule of Decreases in Warrants" attached thereto.

"***Global Warrant Legend***" means the legend set forth in Section 2.4(a).

"***Holder***" means any Person in whose name at the time any Warrant Certificate is registered upon the Warrant Register and, when used with respect to any Warrant Certificate, the Person in whose name such Warrant Certificate is registered in the Warrant Register.

"***Non-Surviving Transaction***" has the meaning set forth in Section 5.1(f).

"***Original Issue Date***" means [●], 2020, the date on which Warrants are originally issued under this Agreement.

"***outstanding***" when used with respect to any Warrants, means, as of the time of determination, all Warrants theretofore originally issued under this Agreement, as adjusted pursuant to Section 5.1, except (i) Warrants that have been exercised pursuant to Section 3.2(a), (ii) Warrants that have expired, terminated or become void pursuant to Section 3.2(b) or Section 4 and (iii) Warrants that have otherwise been acquired by the Company; provided, however, that in determining whether the Holders of the requisite amount of the outstanding Warrants have given any request, demand, authorization, direction, notice, consent or waiver under the provisions of this Agreement, Warrants held directly or beneficially by the Company or any Subsidiary of the Company or any of their respective employees shall be disregarded and deemed not to be outstanding.

"***Person***" means any individual, corporation, limited liability company, partnership, joint venture, trust, any other entity, unincorporated organization or government or any agency or political subdivision thereof.

"***Plan***" has the meaning set forth in the recitals hereto.

"***Quoted Price***" means, on any Trading Day, with respect to the Common Stock, the VWAP of the Common Stock on such Trading Day on the principal U.S. national securities exchange on which the Common Stock is listed or admitted to trading or, if the Common Stock is not listed or

---

[1] **NTD**: Exercise Price equal to an implied 110% recovery to Holders of Notes Claims, inclusive of non-default interest under the Notes through the effective date, calculated as though the Notes remained outstanding through the effective date and all accrued and unpaid interest had been added to the outstanding principal amount of the Notes daily.

4

admitted to trading on any U.S. national securities exchange, the average of the closing bid and asked prices in the over-the-counter market in the United States as furnished by any New York Stock Exchange member firm that shall be selected from time to time by the Company for that purpose.

"*Recipient*" has the meaning set forth in Section 3.2(e).

"*Required Warrant Holders*" means Holders of Warrant Certificates evidencing a majority of the then-outstanding Warrants.

"*Scheduled Expiration Date*" means [●], 2024 (the fourth (4th) anniversary of the Original Issue Date) or, if not a Business Day, then the next Business Day thereafter.

"*Securities Act*" means the Securities Act of 1933, as amended.

"*Subsidiary*" means a corporation more than 50% of the outstanding voting stock of which is owned, directly or indirectly, by the Company or by one or more other Subsidiaries, or by the Company and one or more other Subsidiaries.  For purposes of this definition, "voting stock" means stock which ordinarily has voting power for the election of directors, whether at all times or only so long as no senior class of stock has such voting power by reason of any contingency.

"*Substituted Securities*" has the meaning set forth in Section 5.1(f)(i)(A).

"*Successor Company*" has the meaning set forth in Section 15.

"*Surviving Transaction*" has the meaning set forth in Section 5.1(f).

"*Trading Day*" means each Monday, Tuesday, Wednesday, Thursday and Friday, other than any day on which securities are not traded on the applicable securities exchange or in the applicable securities market.

"*Transaction*" has the meaning set forth in Section 5.1(f).

"*VWAP*" means the volume-weighted average price for trading hours of the regular trading session (including any extensions thereof), determined without regard to pre-open or after-hours trading or any other trading outside of the trading hours of the regular trading session (including any extensions thereof).

"*Warrant Agent*" has the meaning set forth in the preamble hereto.

"*Warrant Certificates*" means those certain warrant certificates evidencing the Warrants, substantially in the form set forth in Exhibit A attached hereto, which, for the avoidance of doubt, are either Global Warrant Certificates or Definitive Warrant Certificates.

"*Warrant Register*" has the meaning set forth in Section 8.

"*Warrants*" means those certain warrants to purchase initially up to an aggregate of [●] shares of Common Stock at the Exercise Price, subject to adjustment pursuant to Section 5, issued hereunder.

"*Winding Up*" has the meaning set forth in Section 4.

**2.     Warrant Certificates**.

2.1     Original Issuance of Warrants.

(a)     On the Original Issue Date, one or more Global Warrant Certificates evidencing the Warrants shall be executed by the Company and delivered to the Warrant Agent for countersignature, and the Warrant Agent shall, upon receipt of a Company Order and at the direction of the Company set forth therein, countersign and deliver such Global Warrant Certificates for original issuance to the Depositary, or its custodian, for crediting to the accounts of its participants for the benefit of the holders of beneficial interests in the Warrants on the Original Issue Date pursuant to the Applicable Procedures of the Depositary on the Original Issue Date.

(b)     Except as set forth in Section 2.4, Section 3.2(d), Section 6 and Section 8, the Global Warrant Certificates delivered to the Depositary (or a nominee thereof) on the Original Issue Date shall be the only Warrant Certificates issued or outstanding under this Agreement.

(c)     Each Warrant Certificate shall evidence the number of Warrants specified therein, and each Warrant evidenced thereby shall represent the right, subject to the provisions contained herein and therein, to purchase one share of Common Stock, subject to adjustment as provided in Section 5.

2.2     Form of Warrant Certificates.

The Warrant Certificates evidencing the Warrants shall be in registered form only and substantially in the form set forth in Exhibit A hereto, shall be dated the date on which countersigned by the Warrant Agent, shall have such insertions as are appropriate or required or permitted by this Agreement and may have such letters, numbers or other marks of identification and such legends and endorsements typed, stamped, printed, lithographed or engraved thereon (which does not impact the Warrant Agent's rights, duties or immunities) as the officers of the Company executing the same may approve (execution thereof to be conclusive evidence of such approval) and as are not inconsistent with the provisions of this Agreement, or as may be required to comply with any law or with any rule or regulation pursuant thereto or with any rule or regulation of any securities exchange on which the Warrants may be listed, or to conform to usage.

2.3     Execution and Delivery of Warrant Certificates.

(a)     Warrant Certificates evidencing the Warrants which may be countersigned and delivered under this Agreement are limited to Warrant Certificates evidencing [●] Warrants except for Warrant Certificates countersigned and delivered upon registration of transfer of, or in exchange for, or in lieu of, one or more previously countersigned Warrant Certificates pursuant to Section 2.4, Section 3.2(d), Section 6 and Section 8.

6

(b)        The Warrant Agent is hereby authorized to countersign and deliver Warrant Certificates as required by <u>Section 2.1</u> or by <u>Section 2.4</u>, <u>Section 3.2(d)</u>, <u>Section 6</u> or <u>Section 8</u>.

(c)        The Warrant Certificates shall be executed in the corporate name and on behalf of the Company by the Chairman (or any Co-Chairman) of the Board of Directors, the Chief Executive Officer, the President or any one of the Vice Presidents of the Company under corporate seal reproduced thereon (if the Company has a corporate seal) and attested to by the Secretary or one of the Assistant Secretaries of the Company, either manually or by facsimile signature printed thereon.  The Warrant Certificates shall be countersigned, either by manual or facsimile signature, by the Warrant Agent and shall not be valid for any purpose unless so countersigned.  In case any officer of the Company whose signature shall have been placed upon any of the Warrant Certificates shall cease to be such officer of the Company before countersignature by the Warrant Agent and issue and delivery thereof, such Warrant Certificates may, nevertheless, be countersigned by the Warrant Agent and issued and delivered with the same force and effect as though such person had not ceased to be such officer of the Company, and any Warrant Certificate may be signed on behalf of the Company by such person as, at the actual date of the execution of such Warrant Certificate, shall be a proper officer of the Company, although at the date of the execution of this Agreement any such person was not such officer.

2.4        <u>Global Warrant Certificates</u>.

(a)        Any Global Warrant Certificate shall bear the legend substantially in the form set forth in <u>Exhibit A</u> hereto (the "***Global Warrant Legend***").

(b)        So long as a Global Warrant Certificate is registered in the name of the Depositary or its nominee, members of, or participants in, the Depositary ("***Agent Members***") shall have no rights under this Agreement with respect to the Warrants evidenced by such Global Warrant Certificate held on their behalf by the Depositary or its custodian, and the Depositary may be treated by the Company, the Warrant Agent and any agent of the Company or the Warrant Agent as the absolute owner of such Warrants, and as the sole Holder of such Warrant Certificate, for all purposes.  Accordingly, any such Agent Member's beneficial interest in such Warrants will be shown only on, and the transfer of such interest shall be effected only through, records maintained by the Depositary or its nominee or its Agent Members, and neither the Company nor the Warrant Agent shall have any responsibility or liability with respect to such records maintained by the Depositary or its nominee or its Agent Members.  Notwithstanding the foregoing, nothing herein shall prevent the Company, the Warrant Agent or any agent of the Company or the Warrant Agent from giving effect to any written certification, proxy or other authorization furnished by the Depositary or impair, as between the Depositary and its Agent Members, the operation of customary practices governing the exercise of the rights of a holder of any security.

(c)        Any Holder of a beneficial interest in Warrants evidenced by a Global Warrant Certificate registered in the name of the Depositary or its nominee shall, by acceptance of such beneficial interest, agree that transfers of beneficial interests in the Warrants evidenced by such Global Warrant Certificate may be effected only through a book-entry system maintained by the Holder of such Global Warrant Certificate (or its agent), and that ownership of a beneficial interest in Warrants evidenced thereby shall be reflected solely in such book-entry form.

(d)　　Transfers of a Global Warrant Certificate registered in the name of the Depositary or its nominee shall be limited to transfers in whole, and not in part, to the Depositary, its successors, and their respective nominees except as set forth in Section 2.4(e).  Interests of beneficial owners in a Global Warrant Certificate registered in the name of the Depositary or its nominee shall be transferred in accordance with the Applicable Procedures of the Depositary.

(e)　　A Global Warrant Certificate registered in the name of the Depositary or its nominee shall be exchanged for Definitive Warrant Certificates only if the Depositary (i) has notified the Company that it is unwilling or unable to continue as or ceases to be a clearing agency registered under Section 17A of the Exchange Act and (ii) a successor to the Depositary registered as a clearing agency under Section 17A of the Exchange Act is not able to be appointed by the Company within 90 days or the Depositary is at any time unwilling or unable to continue as Depositary and a successor to the Depositary is not able to be appointed by the Company within 90 days.  In any such event, each Global Warrant Certificate registered in the name of the Depositary or its nominee shall be surrendered to the Warrant Agent for cancellation in accordance with Section 3.5, and the Company shall execute, and the Warrant Agent shall countersign and deliver, upon the Company's instruction, to each beneficial owner identified by the Depositary, in exchange for such beneficial owner's beneficial interest in such Global Warrant Certificate, Definitive Warrant Certificates evidencing, in the aggregate, the number of Warrants theretofore represented by such Global Warrant Certificate with respect to such beneficial owner's respective beneficial interest.  Any Definitive Warrant Certificate delivered in exchange for an interest in a Global Warrant Certificate pursuant to this Section 2.4(e) shall not bear the Global Warrant Legend.  Interests in any Global Warrant Certificate may not be exchanged for Definitive Warrant Certificates other than as provided in this Section 2.4(e).

(f)　　The Holder of a Global Warrant Certificate registered in the name of the Depositary or its nominee may grant proxies and otherwise authorize any Person, including Agent Members and Persons that may hold interests through Agent Members, to take any action which a Holder of a Warrant Certificate is entitled to take under this Agreement or such Global Warrant Certificate.

(g)　　Each Global Warrant Certificate will evidence such of the outstanding Warrants as will be specified therein and each shall provide that it evidences the aggregate number of outstanding Warrants from time to time endorsed thereon and that the aggregate number of outstanding Warrants evidenced thereby may from time to time be reduced, to reflect exercises or expirations.  Any endorsement of a Global Warrant Certificate to reflect the amount of any decrease in the aggregate number of outstanding Warrants evidenced thereby will be made by the Warrant Agent (i) in the case of an exercise, in accordance with the Applicable Procedures as required by Section 3.2(c) or (ii) in the case of an expiration, in accordance with Section 3.2(b).

(h)　　The Company initially appoints DTC to act as Depositary with respect to the Global Warrant Certificates.

(i)　　Every Warrant Certificate authenticated and delivered in exchange for, or in lieu of, a Global Warrant Certificate or any portion thereof, pursuant to this Section 2.4 or Section 8 or Section 10, shall be authenticated and delivered in the form of, and shall be, a Global Warrant Certificate, and a Global Warrant Certificate may not be exchanged for a Definitive

8

Warrant Certificate, in each case, other than as provided in Section 2.4(e). Whenever any provision herein refers to issuance by the Company and countersignature and delivery by the Warrant Agent of a new Warrant Certificate in exchange for the portion of a surrendered Warrant Certificate that has not been exercised, in lieu of the surrender of any Global Warrant Certificate and the issuance, countersignature and delivery of a new Global Warrant Certificate in exchange therefor, the Warrant Agent, on the Company's instruction, may endorse such Global Warrant Certificate to reflect a reduction in the number of Warrants evidenced thereby in the amount of Warrants so evidenced that have been so exercised.

(j)     Beneficial interests in any Global Warrant Certificate may be transferred to Persons who take delivery thereof in the form of a beneficial interest in the same Global Warrant Certificate in accordance with the Applicable Procedures.

(k)     At such time as all Warrants evidenced by a particular Global Warrant Certificate have been exercised or expired, terminated or become void in whole and not in part, such Global Warrant Certificate shall, if not in custody of the Warrant Agent, be surrendered to or retained by the Warrant Agent for cancellation in accordance with Section 3.5.

**3.     Exercise and Expiration of Warrants**.

3.1     Right to Acquire Common Stock Upon Exercise. Each Warrant Certificate shall, when countersigned by the Warrant Agent, entitle the Holder thereof, subject to the provisions thereof and of this Agreement, to acquire from the Company, for each Warrant evidenced thereby, one share of Common Stock at the Exercise Price, subject to adjustment as provided in this Agreement. The Exercise Price, and the number of shares of Common Stock obtainable upon exercise of each Warrant, shall be adjusted from time to time as required by Section 5.1.

3.2     Exercise and Expiration of Warrants.

(a)     Exercise of Warrants. Subject to and upon compliance with the terms and conditions set forth herein, a Holder of a Warrant Certificate may exercise all or any whole number of the Warrants evidenced thereby, on any Business Day from and after the Original Issue Date until 5:00 p.m., New York time, on the Expiration Date, for the shares of Common Stock obtainable thereunder.

(b)     Expiration of Warrants. The Warrants, to the extent not exercised prior thereto, shall automatically expire, terminate and become void as of 5:00 p.m., New York time, on the Expiration Date. No further action of any Person (including by, or on behalf of, any Holder, the Company, or the Warrant Agent) shall be required to effectuate the expiration of Warrants pursuant to this Section 3.2(b).

(c)     Method of Exercise. In order for a Holder to exercise all or any of the Warrants represented by a Warrant Certificate, the Holder thereof must (i) (x) in the case of a Global Warrant Certificate, deliver to the Warrant Agent an exercise form for the election to exercise such Warrants substantially in the form set forth in Exhibit A hereto (an "*Exercise Form*"), setting forth the number of Warrants being exercised and otherwise properly completed and duly executed by the Holder thereof and deliver such Warrants by book-entry transfer through the facilities of the Depositary to the Warrant Agent in accordance with the Applicable Procedures

9

and otherwise comply with the Applicable Procedures in respect of the exercise of such Warrants or (y) in the case of a Definitive Warrant Certificate, at the Corporate Agency Office, (I) deliver to the Warrant Agent an Exercise Form, setting forth the number of Warrants being exercised and otherwise properly completed and duly executed by the Holder thereof as well as any such other necessary information the Warrant Agent may reasonably require, and (II) surrender to the Warrant Agent the Definitive Warrant Certificate evidencing such Warrants; and (ii) pay to the Warrant Agent an amount equal to all taxes required to be paid by the Holder, if any, pursuant to Section 3.4 prior to, or concurrently with, exercise of such Warrants by wire transfer in immediately available funds, to the account (No. [●]; ABA No. [●]; Reference: Whiting Petroleum Corporation; Attention: [●]) of the Company at the Warrant Agent or such other account of the Company at such banking institution as the Company shall have given notice to the Warrant Agent and such Holder in accordance with Section 11.1(b).

(d)     Partial Exercise.  If fewer than all the Warrants represented by a Warrant Certificate are exercised, (i) in the case of exercise of Warrants evidenced by a Global Warrant Certificate, the Warrant Agent shall cause the custodian of DTC to endorse the "Schedule of Decreases in Warrants" attached to such Global Warrant Certificate to reflect the Warrants being exercised and (ii) in the case of exercise of Warrants evidenced by a Definitive Warrant Certificate, such Definitive Warrant Certificate shall be surrendered and a new Definitive Warrant Certificate of the same tenor and for the number of Warrants which were not exercised shall be executed by the Company.  The Warrant Agent shall countersign the new Definitive Warrant Certificate, registered in such name or names, subject to the provisions of Section 8 regarding registration of transfer and payment of governmental charges in respect thereof, as may be directed in writing by the Holder, and shall deliver the new Definitive Warrant Certificate to the Person or Persons in whose name such new Definitive Warrant Certificate is so registered.  The Company, whenever required by the Warrant Agent, will supply the Warrant Agent with Definitive Warrant Certificates duly executed on behalf of the Company for such purpose.

(e)     Issuance of Common Stock.  Upon due exercise of Warrants evidenced by any Warrant Certificate in conformity with the foregoing provisions of Section 3.2(c), the Warrant Agent shall, when actions specified in Section 3.2(c)(i) have been effected and any payment specified in Section 3.2(c)(ii) is received, deliver to the Company the Exercise Form received pursuant to Section 3.2(c)(i), deliver or deposit any funds, in accordance with Section 3.3, received as instructed in writing by the Company and advise the Company by telephone at the end of such day of the amount of funds so deposited to its account.  The Company shall thereupon, as promptly as practicable, and in any event within two (2) Business Days after the Exercise Date referred to below, (i) determine the number of shares of Common Stock issuable pursuant to exercise of such Warrants pursuant to Section 3.7 and (ii) (x) in the case of exercise of Warrants evidenced by a Global Warrant Certificate, deliver or cause to be delivered to the Recipient (as defined below) in accordance with the Applicable Procedures shares of Common Stock in book-entry form to be so held through the facilities of DTC in an amount equal to, or, if the Common Stock may not then be held in book-entry form through the facilities of DTC, duly executed certificates representing, or (y) in the case of exercise of Warrants evidenced by Definitive Warrant Certificates, execute or cause to be executed and deliver or cause to be delivered to the Recipient (as defined below) a certificate or certificates representing, in case of (x) and (y), the aggregate number of shares of Common Stock issuable upon such exercise (based upon the aggregate number of Warrants so exercised), as so determined, together with an amount in cash in lieu of any fractional share(s), if

10

the Company so elects pursuant to Section 5.2.  The shares of Common Stock in book-entry form or certificate or certificates representing shares of Common Stock so delivered shall be, to the extent possible, in such denomination or denominations as such Holder shall request in the applicable Exercise Form and shall be registered or otherwise placed in the name of, and delivered to, the Holder or, subject to Section 3.4, such other Person as shall be designated by the Holder in such Exercise Form (the Holder or such other Person being referred to herein as the "*Recipient*").

(f)     Time of Exercise.  Each exercise of a Warrant shall be deemed to have been effected immediately prior to the close of business on the day on which each of the requirements for exercise of such Warrant specified in Section 3.2(c) has been duly satisfied (the "*Exercise Date*").  At such time, subject to Section 5.1(d)(iv), shares of Common Stock in book-entry form or the certificates for the shares of Common Stock issuable upon such exercise as provided in Section 3.2(e) shall be deemed to have been issued and, for all purposes of this Agreement, the Recipient shall, as between such Person and the Company, be deemed to be and entitled to all rights of the holder or record of such Common Stock.

3.3     Application of Funds upon Exercise of Warrants.  All funds received by the Warrant Agent under this Agreement that are to be distributed or applied by the Warrant Agent in the performance of services (the "*Funds*") shall be held by the Warrant Agent as agent in trust for the Company. The Warrant Agent shall promptly deliver and pay to or upon the written order of the Company all funds received by bank wire transfer to an account designated by the Company or as the Warrant Agent otherwise may be directed in writing by the Company.

3.4     Payment of Taxes.  The Company shall pay any and all taxes (other than income taxes) that may be payable in respect of the issue or delivery of shares of Common Stock on exercise of Warrants pursuant hereto.  The Company or the Warrant Agent shall not be required, however, to pay any tax or other charge imposed in respect of any transfer involved in the issue and delivery of shares of Common Stock in book-entry form or any certificates for shares of Common Stock or payment of cash or other property to any Recipient other than the Holder of the Warrant Certificate evidencing the exercised Warrant, and in case of such transfer or payment, the Warrant Agent and the Company shall not be required to issue or deliver any shares of Common Stock in book-entry form or any certificate or pay any cash until (a) such tax or charge has been paid or an amount sufficient for the payment thereof has been delivered to the Warrant Agent or the Company or (b) it has been established to the Company's or Warrant Agent's satisfaction that any such tax or other charge that is or may become due has been paid.

3.5     Cancellation of Warrant Certificates.   Any Definitive Warrant Certificate surrendered for exercise shall, if surrendered to the Company, be delivered to the Warrant Agent. All Warrant Certificates surrendered or delivered to or received by the Warrant Agent for cancellation pursuant to this Section 3.5 or Section 2.4(e) or Section 2.4(j) shall be promptly cancelled by the Warrant Agent and shall not be reissued by the Company.  The Warrant Agent shall destroy any such cancelled Warrant Certificates and deliver its certificate of destruction to the Company, unless the Company shall otherwise direct in writing.

3.6     Shares Issuable.  The number of shares of Common Stock "obtainable upon exercise" of Warrants at any time shall be the number of shares of Common Stock into which such Warrants are then exercisable.  The Company will confirm the number of shares obtainable if so

11

requested by the Warrant Agent.  The number of shares of Common Stock "into which each Warrant is exercisable" shall be one share, subject to adjustment as provided in <u>Section 5.1</u>.

3.7    <u>Cashless Exercise</u>.  Notwithstanding any provisions herein to the contrary, upon exercise of any Warrants the Company shall issue to the Holder a number of shares of Common Stock with respect to the Warrants being exercised computed using the following formula:

$$X = (Y (A-B)) \div A$$

| | |
|---|---|
| Where $X =$ | the number of shares of Common Stock to be issued to the Holder in respect of the Warrants being exercised. |
| $Y =$ | the number of shares of Common Stock into which the Warrants being exercised by the Holder are exercisable (on the Exercise Date). |
| $A =$ | the Current Market Price of one share of Common Stock (on the Exercise Date). |
| $B =$ | the applicable Exercise Price (as adjusted through and including the Exercise Date). |

If the foregoing calculation results in a negative number, then no Common Stock shall be issued upon exercise pursuant to this Section 3.

The Company shall calculate and transmit to the Warrant Agent the number of shares of Common Stock to be issued on such exercise, and the Warrant Agent shall have no obligation under this Agreement to calculate, confirm or verify such amount.

3.8    <u>Cost Basis Information</u>. The Company hereby instructs the Warrant Agent to record cost basis for newly issued shares at the time of exercise in accordance with instructions by the Company.  If the Company does not provide such cost basis information to the Warrant Agent, as outlined above, then the Warrant Agent will treat those shares issued hereunder as uncovered securities or the equivalent, and each holder of such shares will need to obtain such cost basis information from the Company.

**4.    Dissolution, Liquidation or Winding up**.

Unless <u>Section 5.1(f)</u> applies, if, on or prior to the Expiration Date, the Company (or any other Person controlling the Company) shall propose a voluntary or involuntary dissolution, liquidation or winding up (a "***Winding Up***") of the affairs of the Company, the Company shall give written notice thereof to the Warrant Agent and all Holders in the manner provided in <u>Section 11.1(b)</u>  at least ten (10) business days prior to the date on which such transaction is expected to become effective or, if earlier, the record date for such transaction.  Such notice shall also specify the date as of which the holders of record of the shares of Common Stock shall be entitled to exchange their shares for securities, money or other property deliverable upon such Winding Up on which date each Holder of Warrant Certificates shall receive the securities, money or other property which such Holder would have been entitled to receive had such Holder been the

holder of record of the shares of Common Stock into which the Warrants were exercisable immediately prior to such Winding Up (net of the then applicable Exercise Price) and the rights to exercise the Warrants shall terminate.

Unless Section 5.1(f) applies, in case of any such Winding Up of the Company, the Company shall deposit with the Warrant Agent any funds or other property which the Holders are entitled to receive pursuant to the above paragraph, together with a Company Order as to the distribution thereof. After receipt of such deposit from the Company and after receipt of surrendered Warrant Certificates evidencing Warrants, and any such other necessary information as the Warrant Agent may reasonably require, the Warrant Agent shall make payment in the appropriate amount to such Person or Persons as it may be directed in writing by the Holder surrendering such Warrant Certificate. The Warrant Agent shall not be required to pay interest on any money deposited pursuant to the provisions of this Section 4 except such as it shall agree with the Company to pay thereon. Any moneys, securities or other property which at any time shall be deposited by the Company or on its behalf with the Warrant Agent pursuant to this Section 4 shall be, and are hereby, assigned, transferred and set over to the Warrant Agent in trust for the purposes for which such moneys, securities or other property shall have been deposited; provided, that, moneys, securities or other property need not be segregated from other funds, securities or other property held by the Warrant Agent except to the extent required by law.

5.    **Adjustments**.

5.1    Adjustments. In order to prevent dilution of the rights granted under the Warrants and to grant the Holders certain additional rights, the Exercise Price shall be subject to adjustment from time to time only as specifically provided in this Section 5.1 (the "*Adjustment Events*") and the number of shares of Common Stock obtainable upon exercise of Warrants shall be subject to adjustment from time to time only as specifically provided in this Section 5.1.

(a)    Subdivisions and Combinations. In the event the Company shall, at any time or from time to time after the Original Issue Date while any Warrants remain outstanding and unexpired in whole or in part, effect a subdivision (by any stock split or otherwise) of the outstanding shares of Common Stock into a greater number of shares of Common Stock (other than (x) a subdivision upon a Transaction to which Section 5.1(f) applies or (y) a stock split effected by means of a stock dividend or distribution to which Section 5.1(b) applies), then and in each such event the Exercise Price in effect at the opening of business on the day after the date upon which such subdivision becomes effective shall be proportionately decreased. Conversely, if the Company shall, at any time or from time to time after the Original Issue Date while any Warrants remain outstanding and unexpired in whole or in part, effect a combination (by any reverse stock split, combination, subdivision or otherwise) of the outstanding shares of Common Stock into a smaller number of shares of Common Stock (other than a combination upon a Transaction to which Section 5.1(f) applies), then and in each such event the Exercise Price in effect at the opening of business on the day after the date upon which such combination becomes effective shall be proportionately increased. Any adjustment under this Section 5.1(a) shall become effective immediately after the opening of business on the day after the date upon which the subdivision or combination becomes effective.

13

(b)     Common Stock Dividends.  In the event the Company shall, at any time or from time to time after the Original Issue Date while any Warrants remain outstanding and unexpired in whole or in part, make or issue to the holders of its Common Stock a dividend or distribution payable in, or otherwise make or issue a dividend or other distribution on any class of its capital stock payable in, shares of Common Stock (other than a dividend or distribution upon a Transaction to which Section 5.1(f) applies), then and in each such event the Exercise Price in effect at the opening of business on the day after the date for the determination of the holders of shares of Common Stock entitled to receive such dividend or distribution shall be decreased by multiplying such Exercise Price by a fraction (not to be greater than 1):

(i)     the numerator of which shall be the total number of shares of Common Stock issued and outstanding at the close of business on such date for determination; and

(ii)     the denominator of which shall be the total number of shares of Common Stock issued and outstanding at the close of business on such date for determination plus the number of shares of Common Stock issuable in payment of such dividend or distribution.

Any adjustment under this Section 5.1(b) shall, subject to Section 5.1(d)(iv), become effective immediately after the opening of business on the day after the date the holders of shares of Common Stock received such dividend or distribution.

(c)     Reclassifications.  A reclassification of the Common Stock (other than any such reclassification in connection with a Transaction to which Section 5.1(f) applies) into shares of Common Stock and shares of any other class of stock shall be deemed, if the outstanding shares of Common Stock shall be changed into a larger or smaller number of shares of Common Stock as a part of such reclassification, a subdivision or combination, as the case may be, of the outstanding shares of Common Stock for the purposes and within the meaning of Section 5.1(a) (and the effective date of such reclassification shall be deemed to be "the date upon which such subdivision becomes effective" or "the date upon which such combination becomes effective," as applicable, for the purposes and within the meaning of Section 5.1(a)).

(d)     Other Provisions Applicable to Adjustments.  The following provisions shall be applicable to the making of adjustments to the Exercise Price and the number of shares of Common Stock into which each Warrant is exercisable under this Section 5.1:

(i)     Treasury Stock.  The dividend or distribution of any issued shares of Common Stock owned or held by or for the account of the Company shall be deemed a dividend or distribution of shares of Common Stock for purposes of Section 5.1(b).  The Company shall not make or issue any dividend or distribution on shares of Common Stock held in the treasury of the Company.  For the purposes of Section 5.1(b), the number of shares of Common Stock at any time outstanding shall not include shares held in the treasury of the Company.

(ii)     When Adjustments Are to be Made.  The adjustments required by Section 5.1(a), Section 5.1(b) and Section 5.1(c) shall be made whenever and as often as any specified event requiring an adjustment shall occur, except that no adjustment of the

14

Exercise Price that would otherwise be required shall be made unless and until such adjustment either by itself or with other adjustments not previously made increases or decreases the Exercise Price immediately prior to the making of such adjustment by at least 1%. Any adjustment representing a change of less than such minimum amount (except as aforesaid) shall be carried forward and made as soon as such adjustment, together with other adjustments required by Section 5.1(a), Section 5.1(b) and Section 5.1(c) and not previously made, would result in such minimum adjustment.

(iii)     Fractional Interests. In computing adjustments under Section 5.1, fractional interests in Common Stock shall be taken into account to the nearest one-thousandth of a share.

(iv)     Deferral of Issuance Upon Exercise. In any case in which Section 5.1(b) shall require that a decrease in the Exercise Price be made effective prior to the occurrence of a specified event and any Warrant is exercised after the time at which the adjustment became effective but prior to the occurrence of such specified event and, in connection therewith, Section 5.1(e) shall require a corresponding increase in the number of shares of Common Stock into which each Warrant is exercisable, the Company may elect to defer, with written notice to the Warrant Agent (but not in any event later than the Expiration Date or the closing date of the applicable Transaction) until the occurrence of such specified event (A) the issuance to the Holder of the Warrant Certificate evidencing such Warrant (or other Person entitled thereto) of, and the registration of such Holder (or other Person) as the record holder of, the Common Stock over and above the Common Stock issuable upon such exercise on the basis of the number of shares of Common Stock obtainable upon exercise of such Warrant immediately prior to such adjustment and to require payment in respect of such number of shares the issuance of which is not deferred on the basis of the Exercise Price in effect immediately prior to such adjustment and (B) the corresponding reduction in the Exercise Price; provided, however, that the Company shall deliver to such Holder or other person a due bill or other appropriate instrument that meet any applicable requirements of the principal national securities exchange or other market on which the Common Stock is then traded and evidences the right of such Holder or other Person to receive, and to become the record holder of, such additional shares of Common Stock, upon the occurrence of such specified event requiring such adjustment (without payment of any additional Exercise Price in respect of such additional shares).

(e)     Adjustment to Shares Obtainable Upon Exercise. Whenever the Exercise Price is adjusted as provided in this Section 5.1, the number of shares of Common Stock into which a Warrant is exercisable shall simultaneously be adjusted by multiplying such number of shares of Common Stock into which a Warrant is exercisable immediately prior to such adjustment by a fraction, the numerator of which shall be the Exercise Price immediately prior to such adjustment, and the denominator of which shall be the Exercise Price immediately thereafter.

(f)     Changes in Common Stock. In case at any time or from time to time after the Original Issue Date while any Warrants remain outstanding and unexpired in whole or in part, the Company shall be a party to or shall otherwise engage in any transaction or series of related transactions constituting: (1) a merger of the Company into, a direct or indirect sale of all of the Company's equity to, or a consolidation of the Company with, any other Person in which the

15

previously outstanding shares of Common Stock shall be (either directly or upon subsequent liquidation) cancelled, reclassified or converted or changed into or exchanged for securities or other property (including cash) or any combination of the foregoing, or a sale of all or substantially all of the assets of the Company and its Subsidiaries (taken as a whole) (a "*Non-Surviving Transaction*"), or (2) any merger of another Person into the Company in which the previously outstanding shares of Common Stock shall be cancelled, reclassified or converted or changed into or exchanged for securities of the Company or other property (including cash) or any combination of the foregoing (a "*Surviving Transaction*"; any Non-Surviving Transaction or Surviving Transaction being herein called a "*Transaction*") then:

 (i) as a condition to the consummation of such Transaction, the Company shall cause such other Person to execute and deliver to the Warrant Agent a written instrument providing that:

 (A) so long as any Warrant remains outstanding in whole or in part (including after giving effect to the changes specified under clause (B) below), such Warrant, upon the exercise thereof at any time on or after the consummation of such Transaction, shall be exercisable (on such terms and subject to such conditions as shall be as nearly equivalent as may be practicable to the provisions set forth in this Agreement) into, in lieu of the Common Stock issuable upon such exercise prior to such consummation, only the securities ("*Substituted Securities*") that would have been receivable upon such Transaction by a holder of the number of shares of Common Stock into which such Warrant was exercisable immediately prior to such Transaction assuming, in the case of any such Transaction, if (as a result of rights of election or otherwise) the kind or amount of securities, cash and other property receivable upon such Transaction is not the same for each share of Common Stock held immediately prior to such Transaction, such holder of Common Stock is a Person that is neither (I) an employee of the Company or of any Subsidiary thereof nor (II) a Person with which the Company consolidated or into which the Company merged or which merged into the Company or to which such sale or transfer was made, as the case may be ("*Constituent Person*"), or an Affiliate of a Constituent Person; and

 (B) the rights and obligations of such other Person and the Holders in respect of Substituted Securities shall be substantially unchanged to be as nearly equivalent as may be practicable to the rights and obligations of the Company and Holders in respect of Common Stock hereunder as set forth in <u>Section 3.1</u> hereof;

 (ii) with respect to any Transaction, such written instrument under clause (i) above shall provide for adjustments which, for events subsequent to the effective date of such written instrument shall be as nearly equivalent as may be practicable to the adjustments provided for in this <u>Section 5</u>. The above provisions of this <u>Section 5.1(f)</u> shall similarly apply to successive Transactions.

 (g) <u>Compliance with Governmental Requirements</u>.  Before taking any action that would cause an adjustment reducing the Exercise Price below the then par value of any of the shares of Common Stock into which the Warrants are exercisable, the Company will take any

corporate action that may be necessary in order that the Company may validly and legally issue fully paid and non-assessable shares of such Common Stock at such adjusted Exercise Price.

(h)    Optional Tax Adjustment.  The Company may at its option, at any time during the term of the Warrants, increase the number of shares of Common Stock into which each Warrant is exercisable, or decrease the Exercise Price, in addition to those changes required by Section 5.1(a), Section 5.1(b) and Section 5.1(c) as deemed advisable by the Board of Directors of the Company, in order that any event treated for federal income tax purposes as a dividend of stock or stock rights shall not be taxable to the recipients.

(i)    Warrants Deemed Exercisable.  For purposes solely of this Section 5, the number of shares of Common Stock which the holder of any Warrant would have been entitled to receive had such Warrant been exercised in full at any time or into which any Warrant was exercisable at any time shall be determined assuming such Warrant was exercisable in full at such time.

(j)    Notice of Adjustment.  Upon the occurrence of each adjustment of the Exercise Price or the number of shares of Common Stock into which a Warrant is exercisable pursuant to this Section 5.1, the Company at its expense shall promptly:

(i)    compute such adjustment in accordance with the terms hereof;

(ii)    after such adjustment becomes effective, deliver to all Holders, in accordance with Section 11.1(b) and Section 11.2, a notice setting forth such adjustment and showing in detail the facts upon which such adjustment is based; and

(iii)    deliver to the Warrant Agent a certificate of the Treasurer or Chief Financial Officer of the Company setting forth the Exercise Price and the number of shares of Common Stock into which each Warrant is exercisable after such adjustment and setting forth a brief statement of the facts requiring such adjustment and the computation by which such adjustment was made (including a description of the basis on which the Current Market Price of the Common Stock).  As provided in Section 10, the Warrant Agent shall be entitled to rely on such certificate and shall be under no duty or responsibility with respect to any such certificate, except to exhibit the same from time to time to any Holder desiring an inspection thereof during reasonable business hours.  The Warrant Agent shall have no obligation under any Section of this Agreement to determine whether an Adjustment Event has occurred or to calculate any of the adjustments set forth herein.

(k)    Statement on Warrant Certificates.  Irrespective of any adjustment in the Exercise Price or amount or kind of shares into which the Warrants are exercisable, Warrant Certificates theretofore or thereafter issued may continue to express the same Exercise Price initially applicable or amount or kind of shares initially issuable upon exercise of the Warrants evidenced thereby pursuant to this Agreement.

5.2    Fractional Interest.  The Company shall not be required upon the exercise of any Warrant to issue any fractional shares of Common Stock, but may, in lieu of issuing any fractional shares of Common Stock make an adjustment therefore in cash on the basis of the Current Market Price per share of Common Stock on the date of such exercise.  If Warrant Certificates evidencing

17

more than one Warrant shall be presented for exercise at the same time by the same Holder, the number of full shares of Common Stock which shall be issuable upon such exercise thereof shall be computed on the basis of the aggregate number of Warrants so to be exercised.  The Holders, by their acceptance of the Warrant Certificates, expressly waive their right to receive any fraction of a share of Common Stock or a stock certificate representing a fraction of a share of Common Stock if such amount of cash is paid in lieu thereof.

5.3     No Other Adjustments.  Except in accordance with Section 5.1, the applicable Exercise Price and the number of shares of Common Stock obtainable upon exercise of any Warrant will not be adjusted for the issuance of Common Stock or any securities convertible into or exchangeable for Common Stock or carrying the right to purchase any of the foregoing, including, without limitation:

(i)     upon the issuance of any other securities by the Company on or after the Original Issue Date, whether or not contemplated by the Plan, or upon the issuance of shares of Common Stock upon the exercise of any such securities;

(ii)    upon the issuance of any shares of Common Stock or other securities or any payments pursuant to any management or other equity incentive plan of the Company;

(iii)   upon the issuance of any shares of Common Stock pursuant to the exercise of the Warrants; or

(iv)    upon the issuance of any shares of Common Stock or other securities of the Company in connection with a business acquisition transaction.

**6.     Loss or Mutilation**.

If (a) any mutilated Warrant Certificate is surrendered to the Warrant Agent or (b) both (i) there shall be delivered to the Company and the Warrant Agent (A) a claim by a Holder as to the destruction, loss or wrongful taking of any Warrant Certificate of such Holder and a request thereby for a new replacement Warrant Certificate, and (B) such open penalty surety bond and/or indemnity bond as may be required by them to save each of them and any agent of either of them harmless and (ii) such other reasonable requirements as may be imposed by the Company or Warrant Agent as permitted by Section 8-405 of the Uniform Commercial Code have been satisfied, then, in the absence of notice to the Company or the Warrant Agent that such Warrant Certificate has been acquired by a "protected purchaser" within the meaning of Section 8-405 of the Uniform Commercial Code or bona fide purchaser, the Company shall execute and upon its written request the Warrant Agent shall countersign and deliver to the registered Holder of the lost, wrongfully taken, destroyed or mutilated Warrant Certificate, in exchange therefore or in lieu thereof, a new Warrant Certificate of the same tenor and for a like aggregate number of Warrants. At the written request of such registered Holder, the new Warrant Certificate so issued shall be retained by the Warrant Agent as having been surrendered for exercise, in lieu of delivery thereof to such Holder, and shall be deemed for purposes of Section 3.2(c)(ii) to have been surrendered for exercise on the date the conditions specified in clauses (A) or (B) of the preceding sentence were first satisfied.  The Warrant Agent may, at its option, issue replacement Warrants for mutilated certificates upon presentation thereof without such indemnity.

18

Upon the issuance of any new Warrant Certificate under this Section 6, the Company may require the payment of a sum sufficient to cover any tax or other governmental charge that may be imposed in relation thereto and other expenses (including the fees and expenses of the Warrant Agent and of counsel to the Company) in connection therewith.

Every new Warrant Certificate executed and delivered pursuant to this Section 6 in lieu of any lost, wrongfully taken or destroyed Warrant Certificate shall constitute an additional contractual obligation of the Company, whether or not the allegedly lost, wrongfully taken or destroyed Warrant Certificate shall be at any time enforceable by anyone, and shall be entitled to the benefits of this Agreement equally and proportionately with any and all other Warrant Certificates duly executed and delivered hereunder.

The provisions of this Section 6 are exclusive and shall preclude (to the extent lawful) all other rights or remedies with respect to the replacement of mutilated, lost, wrongfully taken, or destroyed Warrant Certificates.

**7.      Reservation and Authorization of Common Stock**.

The Company covenants that, for the duration of the Exercise Period, the Company will at all times reserve and keep available, from its authorized and unissued Common Stock solely for issuance and delivery upon the exercise of the Warrants and free of preemptive rights, such number of shares of Common Stock and other securities, cash or property as from time to time shall be issuable upon the exercise in full of all outstanding Warrants for cash.  The Company further covenants that it shall, from time to time, take all steps necessary to increase the authorized number of shares of its Common Stock if at any time the authorized number of shares of Common Stock remaining unissued would otherwise be insufficient to allow delivery of all the shares of Common Stock then deliverable upon the exercise in full of all outstanding Warrants.  The Company covenants that all shares of Common Stock issuable upon exercise of the Warrants will, upon issuance, be duly and validly issued, fully paid and nonassessable and will be free of restrictions on transfer and will be free from all taxes, liens and charges in respect of the issue thereof (other than taxes in respect of any transfer occurring contemporaneously or as otherwise specified herein).  The Company shall take all such actions as may be necessary to ensure that all such shares of Common Stock may be so issued without violation of any applicable law or governmental regulation or any requirements of any U.S. national securities exchange upon which shares of Common Stock may be listed (except for official notice of issuance which shall be immediately delivered by the Company upon each such issuance).  The Company covenants that all shares of Common Stock will, at all times that Warrants are exercisable, be duly approved for listing subject to official notice of issuance on each securities exchange, if any, on which the Common Stock is then listed.  The Company covenants that the stock certificates, if any, issued to evidence any shares of Common Stock issued upon exercise of Warrants will comply with the Delaware General Corporation Law and any other applicable law.

The Company hereby authorizes and directs its current and future transfer agents for the Common Stock at all times to reserve stock certificates for such number of authorized shares, to the extent as, and if, required.  The Company will supply such transfer agents with duly executed stock certificates for such purposes, to the extent as, and if, required.

19

The Company hereby represents and warrants to the Holders that the issuance of the Warrants and the issuance of Common Stock upon exercise thereof in accordance with the terms hereof will not constitute a breach of, or a default under, any other material agreements to which the Company is a party on the date hereof.

**8.      Warrant Transfer Books**.

The Warrant Agent will maintain an office or offices (the "***Corporate Agency Office***") in the United States of America, where Warrant Certificates may be surrendered for registration of transfer or exchange and where Warrant Certificates may be surrendered for exercise of Warrants evidenced thereby, which office is [●] on the Original Issue Date.  The Warrant Agent will give prompt written notice to all Holders of Warrant Certificates of any change in the location of such office.

The Warrant Certificates evidencing the Warrants shall be issued in registered form only. The Company shall cause to be kept at the office or offices of the Warrant Agent designated for such purpose a warrant register (the "***Warrant Register***") in which, subject to such reasonable regulations as the Warrant Agent may prescribe and such regulations as may be prescribed by law, the Company shall provide for the registration of Warrant Certificates and of transfers or exchanges of Warrant Certificates as herein provided.

Upon surrender for registration of transfer of any Warrant Certificate at the Corporate Agency Office, the Company shall execute, and the Warrant Agent shall countersign and deliver, in the name of the designated transferee or transferees, one or more new Warrant Certificates evidencing a like aggregate number of Warrants.

At the option of the Holder, Warrant Certificates may be exchanged at the office or offices of the Warrant Agent upon payment of the charges hereinafter provided for other Warrant Certificates evidencing a like aggregate number of Warrants.  Whenever any Warrant Certificates are so surrendered for exchange, the Company shall execute, and the Warrant Agent shall countersign and deliver, the Warrant Certificates of the same tenor and evidencing the same number of Warrants as evidenced by the Warrant Certificates surrendered by the Holder making the exchange.

All Warrant Certificates issued upon any registration of transfer or exchange of Warrant Certificates shall be the valid obligations of the Company, evidencing the same obligations, and entitled to the same benefits under this Agreement, as the Warrant Certificates surrendered for such registration of transfer or exchange.

Every Warrant Certificate surrendered for registration of transfer or exchange shall (if so required by the Company or the Warrant Agent) be: (i) duly endorsed and containing a signature guarantee from an eligible guarantor institution participating in a signature guarantee program approved by the Securities Transfer Association, or (ii) be accompanied by a written instrument of transfer in form satisfactory to the Company and the Warrant Agent, duly executed by the Holder thereof or his attorney duly authorized in writing, also containing a signature guarantee from an eligible guarantor institution participating in a signature guarantee program approved by the

20

Securities Transfer Association.  Further, to effect such transfer or exchange, all other necessary information or documentation shall be provided as the Warrant Agent may reasonably request.

No service charge shall be made for any registration of transfer or exchange of Warrant Certificates; provided, however, the Company may require payment of a sum sufficient to cover any tax or other governmental charge that may be imposed in connection with any registration of transfer or exchange of Warrant Certificates.

The Warrant Agent shall, upon request of the Company from time to time, deliver to the Company such reports of registered ownership of the Warrants and such records of transactions with respect to the Warrants and the shares of Common Stock as the Company may request.  The Warrant Agent shall also make available to the Company for inspection by the Company's agents or employees, from time to time as the Company may request, such original books of accounts and records maintained by the Warrant Agent in connection with the issuance and exercise of Warrants hereunder, such inspections to occur at the Corporate Agency Office during normal business hours.

The Warrant Agent shall keep copies of this Agreement and any notices given to Holders hereunder available for inspection, upon reasonable advance notice, by the Holders during normal business hours at the Corporate Agency Office.  The Company shall supply the Warrant Agent from time to time with such numbers of copies of this Agreement as the Warrant Agent may request.

**9.    Warrant Holders**.

9.1    No Voting or Dividend Rights.

(a)    No Holder of a Warrant Certificate evidencing any Warrant shall have or exercise any rights by virtue hereof as a holder of Common Stock of the Company, including, without limitation, the right to vote, to receive dividends and other distributions as a holder of Common Stock or to receive notice of, or attend, meetings or any other proceedings of the holders of Common Stock.

(b)    The consent of any Holder of a Warrant Certificate shall not be required with respect to any action or proceeding of the Company.

(c)    Except as provided in Section 4, no Holder of a Warrant Certificate, by reason of the ownership or possession of a Warrant or the Warrant Certificate representing the same, shall have any right to receive any cash dividends, stock dividends, allotments or rights or other distributions paid, allotted or distributed or distributable to the holders of Common Stock prior to, or for which the relevant record date preceded, the date of the exercise of such Warrant.

(d)    No Holder of a Warrant Certificate shall have any right not expressly conferred hereunder or under, or by applicable law with respect to, the Warrant Certificate held by such Holder.

9.2    Rights of Action.  All rights of action against the Company in respect of this Agreement, except rights of action vested in the Warrant Agent, are vested in the Holders of the Warrant Certificates, and any Holder of any Warrant Certificate, without the consent of the Warrant

21

Agent or the Holder of any other Warrant Certificate, may, in such Holder's own behalf and for such Holder's own benefit, enforce and may institute and maintain any suit, action or proceeding against the Company suitable to enforce, or otherwise in respect of, such Holder's right to exercise such Holder's Warrants in the manner provided in this Agreement.

9.3     Treatment of Holders of Warrant Certificates.  Every Holder, by virtue of accepting a Warrant Certificate, consents and agrees with the Company, with the Warrant Agent and with every subsequent holder of such Warrant Certificate that, prior to due presentment of such Warrant Certificate for registration of transfer, the Company and the Warrant Agent may treat the Person in whose name the Warrant Certificate is registered as the owner thereof for all purposes and as the Person entitled to exercise the rights granted under the Warrants, and neither the Company, the Warrant Agent nor any agent thereof shall be affected by any notice to the contrary.

10.     **Concerning the Warrant Agent**.  Sections 10.1(d), 10.2, 10.3, 10.4, 10.5 and 10.6 shall survive termination or removal of the Warrant Agent.

10.1     Rights and Duties of the Warrant Agent.

(a)     The Company hereby appoints the Warrant Agent to act as agent of the Company as set forth in this Agreement.  The Warrant Agent hereby accepts the appointment as agent of the Company and agrees to perform that agency upon the terms and conditions set forth in this Agreement and in the Warrant Certificates or as the Company and the Warrant Agent may hereafter agree, by all of which the Company and the Holders of Warrant Certificates, by their acceptance thereof, shall be bound; provided, however, that the terms and conditions contained in the Warrant Certificates are subject to and governed by this Agreement or any other terms and conditions hereafter agreed to by the Company and the Warrant Agent.

(b)     The Warrant Agent shall not, by countersigning Warrant Certificates or by any other act hereunder, be deemed to make any representations as to validity or authorization of (i) the Warrants or the Warrant Certificates (except as to its countersignature thereon), (ii) any securities or other property delivered upon exercise of any Warrant, (iii) the accuracy of the computation of the number or kind or amount of stock or other securities or other property deliverable upon exercise of any Warrant, (iv) the correctness of any of the representations of the Company made in such certificates that the Warrant Agent receives; or (v) any of the statements of act or recitals contained in this Warrant Agreement.  The Warrant Agent shall not at any time have any duty to calculate or determine whether any facts exist that may require any adjustments pursuant to Section 5 hereof with respect to the kind and amount of shares or other securities or any property issuable to Holders upon the exercise of Warrants required from time to time.  The Warrant Agent shall have no duty or responsibility to determine the accuracy or correctness of such calculation or with respect to the methods employed in making the same.  The Warrant Agent shall not be accountable with respect to the validity or value (or the kind or amount) of any shares of Common Stock or of any securities or property which may at any time be issued or delivered upon the exercise of any Warrant or upon any adjustment pursuant to Section 5 hereof, and it makes no representation with respect thereto.  The Warrant Agent shall not be responsible for any failure of the Company to make any cash payment or to

22

issue, transfer or deliver any shares of Common Stock or stock certificates or other securities or property upon the surrender of any Warrant Certificate for the purpose of exercise or upon any adjustment pursuant to Section 5 hereof or to comply with any of the covenants of the Company contained in Section 5 hereof.

(c)     The Warrant Agent shall not be liable for or by reason of any of the statements of fact or recitals contained in this Warrant Agreement or in the Warrant Certificates (except its countersignature thereof) or be required to verify the same, and all such statements and recitals are and shall be deemed to have been made by the Company only.

(d)     The Warrant Agent shall not have any duty or responsibility in the case of the receipt of any written demand from any holder of Warrants with respect to any action or default by the Company, including, without limiting the generality of the foregoing, any duty or responsibility to initiate or attempt to initiate any proceedings at law or otherwise or to make any demand upon the Company.

(e)     The Warrant Agent may execute and exercise any of the rights or powers hereby vested in it or perform any duty hereunder either itself or by or through its attorney or agents, and the Warrant Agent shall not be answerable or accountable for any act, default, neglect or misconduct of any such attorney or agents or for any loss to the Company resulting from any such act, default, neglect or misconduct, absent gross negligence, willful misconduct, fraud or bad faith (each as determined by a final judgment of a court of competent jurisdiction) in the selection and continued employment thereof, provided, however, that the selection and the continued employment of any such attorney, agent or employee was not a result of gross negligence, willful misconduct, fraud or bad faith (each as determined by a final judgment of a court of competent jurisdiction).

(f)     The Warrant Agent may rely on and shall be held harmless and protected and shall incur no liability for or in respect of any action taken, suffered or omitted to be taken by it absent gross negligence, willful misconduct, fraud or bad faith (each as determined by a final judgment of a court of competent jurisdiction) in reliance upon any certificate, statement, instrument, opinion, notice, letter, facsimile transmission, telegram or other document, or any security delivered to it, and believed by it to be genuine and to have been made or signed by the proper party or parties, or upon any written or oral instructions or statements from the Company with respect to any matter relating to its acting as Warrant Agent hereunder.

(g)     The Warrant Agent shall not be obligated to expend or risk its own funds or to take any action that it believes would expose or subject it to expense or liability or to a risk of incurring expense or liability, unless it has been furnished with assurances of repayment or indemnity satisfactory to it.

(h)     The Warrant Agent shall not be liable or responsible for any failure of the Company to comply with any of its obligations relating to any registration statement filed with the Securities and Exchange Commission or this Warrant Agreement, including without limitation obligations under applicable regulation or law.

23

(i)     The Warrant Agent shall not be accountable or under any duty or responsibility for the use by the Company of any Warrants authenticated by the Warrant Agent and delivered by it to the Company pursuant to this Warrant Agreement or for the application by the Company of the proceeds of the issue and sale, or exercise, of the Warrants.

(j)     The Warrant Agent shall act hereunder solely as agent for the Company, and its duties shall be determined solely by the express provisions hereof (and no duties or obligations shall be inferred or implied).  The Warrant Agent shall not assume any obligations or relationship of agency or trust with any of the owners or holders of the Warrants.

(k)     The Warrant Agent may rely on and be fully authorized and protected in acting or failing to act upon any guaranty of signature by an "eligible guarantor institution" that is a member or participant in the Securities Transfer Agents Medallion Program or other comparable "signature guarantee program" or insurance program in addition to, or in substitution for, the foregoing.

(l)     In the event the Warrant Agent believes any ambiguity or uncertainty exists hereunder or in any notice, instruction, direction, request or other communication, paper or document received by the Warrant Agent hereunder, the Warrant Agent, may, in its sole discretion, refrain from taking any action, and shall be fully protected and shall not be liable in any way to Company, the holder of any Warrant Certificate or any other person or entity for refraining from taking such action, unless the Warrant Agent receives written instructions signed by the Company which eliminates such ambiguity or uncertainty to the satisfaction of Warrant Agent.

(m)     <u>Reliance on Company Statement</u>.  Whenever in the performance of its duties under this Agreement, the Warrant Agent shall deem it necessary or desirable that any fact or matter be proved or established by the Company prior to taking or suffering any action hereunder, such fact or matter (unless other evidence in respect thereof be herein specifically prescribed) may be deemed to be conclusively proved and established by a statement signed by an Appropriate Officer and delivered to the Warrant Agent.  The Warrant Agent may rely upon such statement, and will be held harmless for such reliance, and shall not be held liable in connection with any delay in receiving such statement.

10.2    <u>Limitation of Liability</u>.

(a)     The Warrant Agent shall be liable hereunder only for its own gross negligence, willful misconduct, fraud or bad faith (each as determined by a final judgment of a court of competent jurisdiction).  Notwithstanding anything contained herein to the contrary, the Warrant Agent's aggregate liability during any term of this Agreement with respect to, arising from, or arising in connection with this Agreement, or from all services provided or omitted to be provided under this Agreement, whether in contract, or in tort, or otherwise, is limited to, and shall not exceed, the amounts paid hereunder by the Company to Warrant Agent as fees and charges, but not including reimbursable expenses, during the twenty-four (24) months immediately preceding the event for which recovery from Warrant Agent is being sought.  Neither party to this Agreement shall be liable to the other party for any consequential, indirect, special or incidental damages under any provisions of this Agreement or for any consequential, indirect, punitive,

24

special or incidental damages arising out of any act or failure to act hereunder even if that party has been advised of or has foreseen the possibility of such damages.

(b)     Exclusions.  The Warrant Agent shall have no responsibility with respect to the validity of this Agreement or with respect to the validity or execution of any Warrant.  The Warrant Agent shall not be responsible for any breach by the Company of any covenant or condition contained in this Agreement or in any Warrant.  The Warrant Agent shall not be responsible to make any adjustments required under the provisions of Section 5 hereof or responsible for the manner, method, or amount of any such adjustment or the ascertaining of the existence of facts that would require any such adjustment; nor shall it by any act hereunder be deemed to make any representation or warranty as to the authorization or reservation of any shares of Common Stock to be issued pursuant to this Agreement or any Warrant or as to whether any shares of Common Stock shall, when issued, be valid and fully paid and non-assessable.

10.3     Indemnification.

(a)     The Company covenants and agrees to indemnify and to hold the Warrant Agent harmless against any costs, expenses (including reasonable and documented fees of its legal counsel), losses or damages, which may be paid, incurred or suffered by or to which it may become subject, arising from or out of, directly or indirectly, any claims or liability resulting from its actions as Warrant Agent pursuant hereto; provided, however, that such covenant and agreement does not extend to, and the Warrant Agent shall not be indemnified with respect to, such costs, expenses, losses and damages incurred or suffered by the Warrant Agent as a result of, or arising out of, its gross negligence, bad faith, or willful misconduct.

(b)     Instructions.  From time to time, the Company may provide the Warrant Agent with instructions, by Company Order or otherwise, concerning the services performed by the Warrant Agent hereunder.  Warrant Agent and its agents and subcontractors shall not be liable and shall be indemnified by Company for any action taken, suffered or omitted to be taken by Warrant Agent in reliance upon any Company instructions.  Warrant Agent shall not be held to have notice of any change of authority of any person, until receipt of written notice thereof from Company.

10.4     Right to Consult Counsel.  The Warrant Agent may at any time consult with legal counsel satisfactory to it (who may be legal counsel for the Company), and the Warrant Agent shall incur no liability or responsibility to the Company or to any Holder for any action taken, suffered or omitted by it absent gross negligence, willful misconduct, fraud or bad faith (each as determined by a final judgment of a court of competent jurisdiction) in accordance with the opinion or advice of such counsel.

10.5     Compensation and Reimbursement.  The Company agrees to pay the Warrant Agent from time to time compensation for all fees and expenses relating to its services hereunder as the Company and the Warrant Agent may agree from time to time and to reimburse the Warrant Agent for reasonable expenses and disbursements, including reasonable counsel fees incurred in connection with the execution and administration of this Agreement.

10.6    Warrant Agent May Hold Company Securities.  The Warrant Agent and any stockholder, director, officer or employee of the Warrant Agent may buy, sell or deal in any of the Warrants or other securities of the Company or become pecuniarily interested in any transaction in which the Company may be interested, or contract with or lend money to the Company or otherwise act as fully and freely as though it were not Warrant Agent under this Warrant Agreement.  Nothing herein shall preclude the Warrant Agent from acting in any other capacity for the Company or for any other legal entity.  Nothing herein shall preclude the Warrant Agent or any Countersigning Agent from acting in any other capacity for the Company or for any other legal entity.

10.7    Resignation and Removal; Appointment of Successor.

(a)    The Warrant Agent may resign its duties and be discharged from all further duties and liability hereunder (except liability arising as a result of the Warrant Agent's own gross negligence, willful misconduct, fraud or bad faith) after giving 30 days' prior written notice to the Company.  The Company may remove the Warrant Agent upon 30 days' written notice, and the Warrant Agent shall thereupon in like manner be discharged from all further duties and liabilities hereunder, except as aforesaid.  The Warrant Agent shall, at the expense of the Company, cause notice to be given in accordance with Section 11.1(b) to the Company of said notice of resignation or notice of removal, as the case may be.  Upon such resignation or removal, the Company shall appoint in writing a new Warrant Agent.  If the Company shall fail to make such appointment within a period of 30 calendar days after it has been notified in writing of such resignation by the resigning Warrant Agent or after such removal, then the Holder of any Warrant Certificate may apply to any court of competent jurisdiction for the appointment of a new Warrant Agent.  Any new Warrant Agent, whether appointed by the Company or by such a court, shall be a corporation doing business under the laws of the United States or any state thereof in good standing, authorized under such laws to act as Warrant Agent, and having a combined capital and surplus of not less than $25,000,000. The combined capital and surplus of such new Warrant Agent shall be deemed to be the combined capital and surplus as set forth in the most recent annual report of its condition published by such Warrant Agent prior to its appointment; provided, however, such reports are published at least annually pursuant to law or to the requirements of a federal or state supervising or examining authority. After acceptance in writing of such appointment by the new Warrant Agent, it shall be vested with the same powers, rights, duties and responsibilities as if it had been originally named herein as the Warrant Agent, without any further assurance, conveyance, act or deed; but if for any reason it shall be reasonably necessary or expedient to execute and deliver any further assurance, conveyance, act or deed, the same shall be done at the reasonable expense of the Company and shall be legally and validly executed and delivered by the resigning or removed Warrant Agent.  Not later than the effective date of any such appointment, the Company shall file notice thereof with the resigning or removed Warrant Agent.  Failure to give any notice provided for in this Section 10.7(a), however, or any defect therein, shall not affect the legality or validity of the resignation of the Warrant Agent or the appointment of a new Warrant Agent as the case may be.

(b)    Any Person into which the Warrant Agent or any new Warrant Agent may be merged, or any Person resulting from any consolidation to which the Warrant Agent or any new Warrant Agent shall be a party, shall be a successor Warrant Agent under this Agreement without any further act; provided, however, that such corporation would be eligible for appointment as

26

successor to the Warrant Agent under the provisions of <u>Section 10.7(a)</u>.  Any such successor Warrant Agent shall promptly cause notice of its succession as Warrant Agent to be given in accordance with <u>Section 11.1(b)</u> to each Holder of a Warrant Certificate at such Holder's last address as shown on the Warrant Register.

10.8    <u>Appointment of Countersigning Agent</u>.

(a)    The Warrant Agent may appoint a Countersigning Agent or Agents which shall be authorized to act on behalf of the Warrant Agent to countersign Warrant Certificates issued upon original issue and upon exchange, registration of transfer or pursuant to <u>Section 6</u>, and Warrant Certificates so countersigned shall be entitled to the benefits of this Agreement equally and proportionately with any and all other Warrant Certificates duly executed and delivered hereunder.  Wherever reference is made in this Agreement to the countersignature and delivery of Warrant Certificates by the Warrant Agent or to Warrant Certificates countersigned by the Warrant Agent, such reference shall be deemed to include countersignature and delivery on behalf of the Warrant Agent by a Countersigning Agent and Warrant Certificates countersigned by a Countersigning Agent.  Each Countersigning Agent shall be acceptable to the Company and shall at the time of appointment be a corporation doing business under the laws of the United States or any state thereof in good standing, authorized under such laws to act as Countersigning Agent, and having a combined capital and surplus of not less than $25,000,000. The combined capital and surplus of such new Countersigning Agent shall be deemed to be the combined capital and surplus as set forth in the most recent annual report of its condition published by such Countersigning Agent prior to its appointment; <u>provided</u>, <u>however</u>, such reports are published at least annually pursuant to law or to the requirements of a federal or state supervising or examining authority.

(b)    Any Person into which a Countersigning Agent may be merged or any corporation resulting from any consolidation to which such Countersigning Agent shall be a party, shall be a successor Countersigning Agent without any further act; <u>provided</u>, <u>that</u>, such corporation would be eligible for appointment as a new Countersigning Agent under the provisions of <u>Section 10.8(a)</u>, without the execution or filing of any paper or any further act on the part of the Warrant Agent or the Countersigning Agent.  Any such successor Countersigning Agent shall promptly cause notice of its succession as Countersigning Agent to be given in accordance with <u>Section 11.1(b)</u> to each Holder of a Warrant Certificate at such Holder's last address as shown on the Warrant Register.

(c)    A Countersigning Agent may resign at any time by giving 30 days' prior written notice thereof to the Warrant Agent and to the Company.  The Warrant Agent may at any time terminate the agency of a Countersigning Agent by giving 30 days' prior written notice thereof to such Countersigning Agent and to the Company.

(d)    The Warrant Agent agrees to pay to each Countersigning Agent from time to time reasonable compensation for its services under this <u>Section 10.8</u> and the Warrant Agent shall be entitled to be reimbursed for such payments, subject to the provisions of <u>Section 10.5</u>.

(e)    Any Countersigning Agent shall have the same rights and immunities as those of the Warrant Agent set forth in this <u>Section 10</u> and in this Agreement.

**11.     Notices**.

11.1    <u>Notices Generally</u>.

(a)      Any request, notice, direction, authorization, consent, waiver, demand or other communication permitted or authorized by this Agreement to be made upon, given or furnished to or filed with the Company or the Warrant Agent by the other party hereto or by any Holder shall be sufficient for every purpose hereunder if in writing (including telecopy communication) and telecopied, sent via trackable or first-class mail or delivered by hand (including by courier service) as follows:

if to the Company, to:

> Whiting Petroleum Corporation
> 1700 Lincoln, Suite 4700
> Denver, Colorado 80203
> Attention:       Correne Loeffler

if to the Warrant Agent, to:

> Computershare Inc.
> Computershare Trust Company, N.A.
> 250 Royall Street
> Canton, MA 02021
> Facsimile:       (781) 575-2549
> Attention:       Corporate Actions

or, in either case, such other address as shall have been set forth in a notice delivered in accordance with this <u>Section 11.1(a)</u>.

All such communications shall be effective when sent.

Any Person that telecopies any communication hereunder to any Person shall, on the same date as such telecopy is transmitted, also send, by trackable or first class mail, postage prepaid and addressed to such Person as specified above, an original copy of the communication so transmitted.

(b)      Where this Agreement provides for notice to Holders of any event, such notice shall be sufficiently given (unless otherwise herein expressly provided) if in writing and mailed, by trackable or first-class mail, to each Holder affected by such event, at the address of such Holder as it appears in the Warrant Register.  In any case where notice to Holders is given by mail, neither the failure to mail such notice, nor any defect in any notice so mailed, to any particular Holder shall affect the sufficiency of such notice with respect to other Holders.  Where this Agreement provides for notice in any manner, such notice may be waived in writing by the Person entitled to receive such notice, either before or after the event, and such waiver shall be the equivalent of such notice.

In case by reason of the suspension of regular mail service or by reason of any other cause it shall be impracticable to give such notice by mail, then such notification as shall be made by a

28

method approved by the Warrant Agent as one which would be most reliable under the circumstances for successfully delivering the notice to the addressees shall constitute a sufficient notification for every purpose hereunder.

Where this Agreement provides for notice of any event to a Holder of a Global Warrant Certificate, such notice shall be sufficiently given if given to the Depositary (or its designee), pursuant to its Applicable Procedures, not later than the latest date (if any), and not earlier than the earliest date (if any), prescribed for the giving of such notice.

11.2    Required Notices to Holders.  In the event the Company shall:

(a)    take any action that would result in an adjustment to the Exercise Price and/or the number of shares of Common Stock issuable upon exercise of a Warrant pursuant to Section 5.1;

(b)    consummate any Winding Up; or

(c)    consummate any Transaction (each of (a), (b) or (c), an "*Action*");

then, in each such case, unless the Company has made a filing with the Commission, including pursuant to a Current Report on Form 8-K, which filing discloses such Action, the Company shall cause to be delivered to the Warrant Agent and shall give to each Holder of a Warrant Certificate, in accordance with Section 11.1(b) hereof, a written notice of such Action, including, in the case of an action pursuant to Section 11.2(a), the information required under Section 5.1(j)(ii).  Such notice shall be given promptly after taking such Action.

If at any time the Company shall cancel any of the Actions for which notice has been given under this Section 11.2 prior to the consummation thereof, the Company shall give each Holder prompt notice of such cancellation in accordance with Section 11.1(b), unless the Company has made a filing with the Commission, including pursuant to a current report on Form 8-K, which filing discloses the cancellation of such Actions.

## 12.    Inspection.

The Warrant Agent shall cause a copy of this Agreement to be available at all reasonable times at the office of the Warrant Agent for inspection by any Holder of any Warrant Certificate. The Warrant Agent may require any such Holder to submit its Warrant Certificate for inspection by the Warrant Agent.

## 13.    Amendments.

(a)    This Agreement may be amended by the Company and the Warrant Agent with the consent of the Required Warrant Holders.

(b)    Notwithstanding the foregoing, the Company and the Warrant Agent may, without the consent or concurrence of the Holders of the Warrant Certificates, by supplemental agreement or otherwise, amend this Agreement for the purpose of making any changes or corrections in this Agreement that (i) are required to cure any ambiguity or to correct or supplement

29

any defective or inconsistent provision or clerical omission or mistake or manifest error herein contained or (ii) add to the covenants and agreements of the Company in this Agreement further covenants and agreements of the Company thereafter to be observed, or surrender any rights or powers reserved to or conferred upon the Company in this Agreement; provided, however, that in either case such amendment shall not adversely affect the rights or interests of the Holders of the Warrant Certificates hereunder in any material respect.

(c)    The consent of each Holder of any Warrant Certificate evidencing any warrants affected thereby shall be required for any supplement or amendment to this Agreement or the Warrants that would: (i) increase the Exercise Price or decrease the number of shares of Common Stock receivable upon exercise of Warrants, in each case other than as provided in Section 5.1; (ii) cause the Expiration Date to be changed to an earlier date; or (iii) modify the provisions contained in Section 5.1 in a manner adverse to the Holders of Warrant Certificates generally with respect to their Warrants.

(d)    The Warrant Agent shall join with the Company in the execution and delivery of any such amendment unless such amendment affects the Warrant Agent's own rights, duties or immunities hereunder, in which case the Warrant Agent may, but shall not be required to, join in such execution and delivery; provided, that, as a condition precedent to the Warrant Agent's execution of any amendment to this Agreement, the Company shall deliver to the Warrant Agent a certificate from an Appropriate Officer that states that the proposed amendment is in compliance with the terms of this Section 13.  Upon execution and delivery of any amendment pursuant to this Section 13, such amendment shall be considered a part of this Agreement for all purposes and every Holder of a Warrant Certificate theretofore or thereafter countersigned and delivered hereunder shall be bound thereby.

(e)    Promptly after the execution by the Company and the Warrant Agent of any such amendment, unless the Company has made a filing with the Commission, including pursuant to a current report on Form 8-K, which filing discloses such adjustment, the Company shall give notice to the Holders of Warrant Certificates, setting forth in general terms the substance of such amendment, in accordance with the provisions of Section 11.1(b).  Any failure of the Company to mail such notice or any defect therein, shall not, however, in any way impair or affect the validity of any such amendment.

**14.    Waivers**.

The Company may take any action herein prohibited, or omit to perform any act herein required to be performed by it, only if the Company has obtained the written consent of the Required Warrant Holders, as required pursuant to Section 13.

**15.    Successor to Company**.

So long as Warrants remain outstanding, the Company will not enter into any Transaction unless the acquirer (a "*Successor Company*") shall expressly assume by a supplemental agreement, executed and delivered to the Warrant Agent, in form reasonably satisfactory to the Warrant Agent, the due and punctual performance of every covenant of this Agreement on the part of the Company to be performed and observed and shall have provided for exercise rights in

accordance with <u>Section 5.1(f)(i)</u>.  Upon the consummation of such Transaction, the acquirer shall succeed to, and be substituted for, and may exercise every right and power of, the Company under this Agreement with the same effect as if such acquirer had been named as the Company herein.

**16.     Headings**.

The section headings contained in this Agreement are inserted for convenience only and will not affect in any way the meaning or interpretation of this Agreement.

**17.     Counterparts**.

This Agreement may be executed in two or more counterparts, each of which will be deemed to be an original, but all of which together constitute one and the same instrument.  A signature to this Agreement transmitted electronically shall have the same authority, effect and enforceability as an original signature.

**18.     Severability**.

The provisions of this Agreement will be deemed severable and the invalidity or unenforceability of any provision hereof will not affect the validity or enforceability of the other provisions hereof; <u>provided</u>, <u>that</u>, if any provision of this Agreement, as applied to any party or to any circumstance, is adjudged by a court or governmental body not to be enforceable in accordance with its terms, the parties agree that the court or governmental body making such determination will have the power to modify the provision in a manner consistent with its objectives such that it is enforceable, and/or to delete specific words or phrases, and in its reduced form, such provision will then be enforceable and will be enforced.

**19.     No Redemption**.

The Warrants shall not be subject to redemption by the Company or any other Person; <u>provided</u>, <u>that</u>, the Warrants may be acquired by means other than a redemption, whether by tender offer, open market purchases, negotiated transactions or otherwise, in accordance with applicable securities laws, so long as such acquisition does not otherwise violate the terms of this Agreement.

**20.     Persons Benefiting**.

This Agreement shall be binding upon and inure to the benefit of the Company, the Warrant Agent and the Holders from time to time.  Nothing in this Agreement, express or implied, is intended to confer upon any person other than the Company, the Warrant Agent and the Holders any rights or remedies under or by reason of this Agreement or any part hereof, and all covenants, conditions, stipulations, promises and agreements contained in this Warrant Agreement shall be for the sole and exclusive benefit of the parties hereto and of the Holders.  Each Holder, by acceptance of a Warrant Certificate, agrees to all of the terms and provisions of this Agreement applicable thereto.

**21.** **Applicable Law**.

THIS AGREEMENT, EACH WARRANT CERTIFICATE ISSUED HEREUNDER, EACH WARRANT EVIDENCED THEREBY AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES HERETO AND THERETO, INCLUDING THE INTERPRETATION, CONSTRUCTION, VALIDITY AND ENFORCEABILITY THEREOF, SHALL BE GOVERNED BY, AND CONSTRUED AND ENFORCED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK.

**22.** **Entire Agreement**.

This Agreement sets forth the entire agreement of the parties hereto as to the subject matter hereof and supersedes all previous agreements among all or some of the parties hereto with respect thereto, whether written, oral or otherwise.

**23.** **Force Majeure.**

Notwithstanding anything to the contrary contained herein, the Warrant Agent will not be liable for any delays or failures in performance resulting from acts beyond its reasonable control including, without limitation, acts of God, terrorist acts, shortage of supply, disruptions in public utilities, interruptions or malfunction of computer facilities, or loss of data due to power failures or mechanical difficulties with information storage or retrieval systems, labor difficulties, war, or civil unrest.

**24.** **Further Assurances.**

Each of the parties hereto shall perform, acknowledge and deliver or cause to be performed, acknowledged and delivered all such further and other acts, documents, instruments and assurances as may be reasonably required by such other party for the carrying out or performing by such party of the provisions of this Agreement.

**25.** **Confidentiality.**

The Warrant Agent and the Company agree that all books, records, information and data pertaining to the business of the other party, including inter alia, personal, non-public warrant holder information, which are exchanged or received pursuant to the negotiation or the carrying out of this Agreement, and shall not be voluntarily disclosed to any other person, except as may be required by law, including, without limitation, pursuant to subpoenas from state or federal government authorities (e.g., in divorce and criminal actions) or to such party's advisors (including its attorneys).

[*Remainder of Page Intentionally Left Blank*]

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed and delivered as of the day and year first above written.

WHITING PETROLEUM CORPORATION, a Delaware corporation

By: _____

    Name:   [●]
    Title:   [●]

Computershare Inc.

By: _____

    Name:
    Title:

Computershare Trust Company, N.A.

By: _____

    Name:
    Title:

[*Signature Page to Warrant Agreement*]

EXHIBIT A

**[FACE OF SERIES A WARRANT CERTIFICATE]**[2]

**WHITING PETROLEUM CORPORATION**

**WARRANT CERTIFICATE**

**EVIDENCING**

**SERIES A WARRANTS TO PURCHASE COMMON STOCK**

[FACE]

No. [_____]                                                                          CUSIP No. [●]

[UNLESS THIS GLOBAL SERIES A WARRANT CERTIFICATE IS PRESENTED BY AN AUTHORIZED REPRESENTATIVE OF THE DEPOSITORY TRUST COMPANY, A NEW YORK CORPORATION ("**DTC**"), TO WHITING PETROLEUM CORPORATION (THE "**COMPANY**"), THE CUSTODIAN OR ITS AGENT FOR REGISTRATION OF TRANSFER, EXCHANGE, OR PAYMENT, AND ANY CERTIFICATE ISSUED IS REGISTERED IN THE NAME OF CEDE & CO. OR IN SUCH OTHER NAME AS IS REQUESTED BY AN AUTHORIZED REPRESENTATIVE OF DTC (AND ANY PAYMENT IS MADE TO CEDE & CO. OR TO SUCH OTHER ENTITY AS IS REQUESTED BY AN AUTHORIZED REPRESENTATIVE OF DTC), ANY TRANSFER, PLEDGE, OR OTHER USE HEREOF FOR VALUE OR OTHERWISE BY OR TO ANY PERSON IS WRONGFUL INASMUCH AS THE REGISTERED OWNER HEREOF, CEDE & CO., HAS AN INTEREST HEREIN.

TRANSFER OF THIS GLOBAL SERIES A WARRANT CERTIFICATE SHALL BE LIMITED TO TRANSFERS IN WHOLE, AND NOT IN PART, TO THE COMPANY, DTC, THEIR SUCCESSORS AND THEIR RESPECTIVE NOMINEES.][3]

---

[2] To be removed in the versions of the Definitive Warrant Certificates printed in multiple copies for use by the Warrant Agent in preparing Definitive Warrants Certificates for issuance and delivery from time to time to holders.

[3] Include only on Global Warrant Certificate.

**WHITING PETROLEUM CORPORATION**

No. [__]                                                                    [__,__,___] Warrants
                                                                                 CUSIP No. [●]

THIS CERTIFIES THAT, for value received, [_____], or registered assigns, is the registered owner of the number of Warrants to purchase Common Stock of Whiting Petroleum Corporation, a Delaware corporation (the "**Company**", which term includes any successor thereto under the Warrant Agreement) specified above [or such lesser number as may from time to time be endorsed on the "Schedule of Decreases in Warrants" attached hereto][4], and is entitled, subject to and upon compliance with the provisions hereof and of the Warrant Agreement, at such Holder's option, at any time when the Warrants evidenced hereby are exercisable, to purchase from the Company one share of Common Stock of the Company for each Warrant evidenced hereby, at the purchase price of $[●] per share (as adjusted from time to time, the "**Exercise Price**"), payable in full at the time of purchase, the number of shares of Common Stock into which and the Exercise Price at which each Warrant shall be exercisable each being subject to adjustment as provided in Section 5 of the Warrant Agreement.

All shares of Common Stock issuable by the Company upon the exercise of Warrants shall, upon such issuance, be duly and validly issued and fully paid and nonassessable.  The Company shall pay any and all taxes (other than income taxes) that may be payable in respect of the issue or delivery of shares of Common Stock on exercise of Warrants.  The Company or Warrant Agent shall not be required, however, to pay any tax or other charge imposed in respect of any transfer involved in the issue and delivery of shares of Common Stock in book-entry form or any certificates for shares of Common Stock or payment of cash or other property to any Recipient other than the Holder of the Warrant Certificate evidencing the exercised Warrant, and in case of such transfer or payment, the Warrant Agent and the Company shall not be required to issue or deliver any shares of Common Stock in book-entry form or any certificate or pay any cash until (a) such tax or charge has been paid or an amount sufficient for the payment thereof has been delivered to the Warrant Agent or to the Company, (b) it has been established to the Company's or Warrant Agent's satisfaction that any such tax or other charge that is or may become due has been paid or (c) the receipt of any other such information as set forth in the Warrant Agreement.

Each Warrant evidenced hereby may be exercised by the Holder hereof at the Exercise Price then in effect on any Business Day from and after the Original Issue Date until 5:00 p.m., New York time, on the Expiration Date in the Warrant Agreement.

Subject to the provisions hereof and of the Warrant Agreement, the Holder of this Warrant Certificate may exercise all or any whole number of the Warrants evidenced hereby by, in the case of a Global Warrant Certificate, by delivery to the Warrant Agent of the Exercise Form on the reverse hereof, setting forth the number of Warrants being exercised and otherwise properly completed and duly executed by the Holder thereof to the Warrant Agent, and delivering such Warrants by book-entry transfer through the facilities of the Depositary, to the Warrant Agent in accordance with the Applicable Procedures and otherwise complying with Applicable Procedures

---

[4] Include only on Global Warrant Certificate.

A-2

in respect of the exercise of such Warrants or, in the case of a Definitive Warrant Certificate, by delivery to the Warrant Agent of the Exercise Form on the reverse hereof, setting forth the number of Warrants being exercised and otherwise properly completed and duly executed by the Holder thereof to the Warrant Agent, and surrendering this Warrant Certificate to the Warrant Agent at its office maintained for such purpose (the "*Corporate Agency Office*").

Reference is hereby made to the further provisions of this Warrant Certificate set forth on the reverse hereof, which further provisions shall for all purposes have the same effect as if set forth at this place.

Unless this Warrant Certificate has been countersigned by the Warrant Agent by manual signature of an authorized officer on behalf of the Warrant Agent, this Warrant Certificate shall not be valid for any purpose and no Warrant evidenced hereby shall be exercisable.

IN WITNESS WHEREOF, the Company has caused this certificate to be duly executed under its corporate seal.

Dated:  [_____ __], 20[__]

WHITING PETROLEUM
CORPORATION

[SEAL]                                    By:  _____
                                                          [Title]

ATTEST:

Countersigned:

Computershare Trust Company, N.A., as                    [                    ]
Warrant Agent
                                     OR

By:  _____          By:  _____
              Authorized Agent                              as Countersigning Agent

                                              By:  _____
                                                          Authorized Officer

A-3

**Reverse of Series A Warrant Certificate**

**WHITING PETROLEUM CORPORATION**

**SERIES A WARRANT CERTIFICATE**

**EVIDENCING**

**SERIES A WARRANTS TO PURCHASE COMMON STOCK**

The Warrants evidenced hereby are one of a duly authorized issue of Warrants of the Company designated as its Series A Warrants to Purchase Common Stock ("*Warrants*"), limited in aggregate number to [●] issued under and in accordance with the Warrant Agreement, dated as of [●], 2020 (the "*Warrant Agreement*"), between the Company, Computershare Inc., a Delaware corporation ("*Computershare*"), and its wholly-owned subsidiary Computershare Trust Company, N.A., a federally chartered trust company (collectively, the "*Warrant Agent*", which term includes any successor thereto permitted under the Warrant Agreement), to which the Warrant Agreement and all amendments thereto reference is hereby made for a statement of the respective rights, limitations of rights, duties and immunities thereunder of the Company, the Warrant Agent, the Holders of Warrant Certificates and the owners of the Warrants evidenced thereby and of the terms upon which the Warrant Certificates are, and are to be, countersigned and delivered.  A copy of the Warrant Agreement shall be available at all reasonable times at the office of the Warrant Agent for inspection by the Holder hereof.

The Warrant Agreement provides that, in addition to certain adjustments to the number of shares of Common Stock into which a Warrant is exercisable and the Exercise Price required to be made in certain circumstances, in the case of any Transaction the Company shall cause the other Person involved in such Transaction to execute and deliver to the Warrant Agent a written instrument providing that (i) the Warrants evidenced hereby, if then outstanding, will be exercisable thereafter, during the period the Warrants evidenced hereby shall be exercisable as specified herein, only into the Substituted Securities that would have been receivable upon such Transaction by a holder of the number of shares of Common Stock that would have been issued upon exercise of such Warrant if such Warrant had been exercised in full immediately prior to such Transaction (upon certain assumptions specified in the Warrant Agreement); and (ii) the rights and obligations of the other Person involved in such Transaction and the holders in respect of Substituted Securities shall be substantially unchanged to be as nearly equivalent as may be practicable to the rights and obligations of the Company and Holders in respect of Common Stock.

Except as provided in the Warrant Agreement, all outstanding Warrants shall expire and all rights of the Holders of Warrant Certificates evidencing such Warrants shall automatically terminate and cease to exist, as of 5:00 p.m., New York time, on the Expiration Date.  The "*Expiration Date*" shall mean the earlier to occur of (x) [●], 2024 (the fourth (4th) anniversary of the Original Issue Date) or, if not a Business Day, then the next Business Day thereafter; (y) the date of consummation of a Transaction to which clause (ii) of Section 5.1(f) of the Warrant Agreement applies; and (z) a Winding Up.

In the event of the exercise of less than all of the Warrants evidenced hereby, a new Warrant Certificate of the same tenor and for the number of Warrants which are not exercised shall be

A-4

issued by the Company in the name or upon the written order of the Holder of this Warrant Certificate upon the cancellation hereof.

The Warrant Certificates are issuable only in registered form in denominations of whole numbers of Warrants.  Upon surrender at the office of the Warrant Agent and payment of the charges specified herein and in the Warrant Agreement, this Warrant Certificate may be exchanged for Warrant Certificates in other authorized denominations or the transfer hereof may be registered in whole or in part in authorized denominations to one or more designated transferees; provided, however, that such other Warrant Certificates issued upon exchange or registration of transfer shall evidence the same aggregate number of Warrants as this Warrant Certificate.  The Company shall cause to be kept at the office or offices of the Warrant Agent the Warrant Register in which, subject to such reasonable regulations as the Warrant Agent may prescribe and such regulations as may be prescribed by law, the Company shall provide for the registration of Warrant Certificates and of transfers or exchanges of Warrant Certificates.  No service charge shall be made for any registration of transfer or exchange of Warrant Certificates; provided, however, the Company may require payment of a sum sufficient to cover any tax or other governmental charge that may be imposed in connection with any registration of transfer or exchange of Warrant Certificates.

Prior to due presentment of this Warrant Certificate for registration of transfer, the Company, the Warrant Agent and any agent of the Company or the Warrant Agent may treat the Person in whose name this Warrant Certificate is registered as the owner hereof for all purposes, and neither the Company, the Warrant Agent nor any such agent shall be affected by notice to the contrary.

The Warrant Agreement permits, with certain exceptions as therein provided, the amendment thereof and the modification of the rights and obligations of the Company and the rights of the Holders of Warrant Certificates under the Warrant Agreement at any time by the Company and the Warrant Agent with the consent of the Required Warrant Holders.

Until the exercise of any Warrant, subject to the provisions of the Warrant Agreement and except as may be specifically provided for in the Warrant Agreement, (i) no Holder of a Warrant Certificate evidencing any Warrant shall have or exercise any rights by virtue hereof as a holder of Common Stock of the Company, including, without limitation, the right to vote, to receive dividends and other distributions or to receive notice of, or attend meetings of, stockholders or any other proceedings of the Company; (ii) the consent of any such Holder shall not be required with respect to any action or proceeding of the Company; (iii) except as provided with respect to a Winding Up of the Company, no such Holder, by reason of the ownership or possession of a Warrant or the Warrant Certificate representing the same, shall have any right to receive any cash dividends, stock dividends, allotments or rights or other distributions (except as specifically provided in the Warrant Agreement), paid, allotted or distributed or distributable to the stockholders of the Company prior to or for which the relevant record date preceded the date of the exercise of such Warrant; and (iv) no such Holder shall have any right not expressly conferred by the Warrant or Warrant Certificate held by such Holder.

This Warrant Certificate, each Warrant evidenced thereby and the Warrant Agreement shall be governed by and construed in accordance with the laws of the State of New York.

A-5

All terms used in this Warrant Certificate which are defined in the Warrant Agreement shall have the meanings assigned to them in the Warrant Agreement. In the event of any conflict between this Warrant Certificate and the Warrant Agreement, the Warrant Agreement shall control.

<u>Exercise Form for Series A Warrant Certificate</u>

[Warrant Agent]
Address
Attention: Transfer Department

Re: Whiting Petroleum Corporation Warrant Agreement, dated as of [●], 2020

   In accordance with and subject to the terms and conditions hereof and of the Warrant Agreement, the undersigned registered Holder of this Warrant Certificate hereby irrevocably elects to exercise _____ Warrants evidenced by this Warrant Certificate.

   The undersigned requests that the shares of Common Stock issuable upon exercise be in fully registered form in such denominations and registered in such names and delivered, together with any other property receivable upon exercise, in such manner as is specified in the instructions set forth below.

   If the number of Warrants exercised is less than all of the Warrants evidenced hereby, (i) if this Warrant Certificate is a Global Warrant Certificate, the Warrant Agent shall endorse the "Schedule of Decreases in Warrants" attached hereto to reflect the Warrants being exercised or (ii) if this Warrant Certificate is a Definitive Warrant Certificate, the undersigned requests that a new Definitive Warrant Certificate representing the remaining Warrants evidenced hereby be issued and delivered to the undersigned unless otherwise specified in the instructions below.

A-7

Dated: _____       Name: _____
                                                (Please Print)
_____
(Insert Social Security or Other
 Identifying Number of Holder)       Address: _____

                                     _____

                                     _____
                                                Signature
                                     (Signature must conform in all respects to name
                                     of Holder as specified on the face of this Warrant
                                     Certificate and must bear a signature guarantee
                                     by a bank, trust company or member firm of a
                                     U.S. national securities exchange.)

Signature Guaranteed:

     Instructions (i) as to denominations and names of Common Stock issuable upon exercise
and as to delivery of such securities and any other property issuable upon exercise and (ii) if
applicable, as to Definitive Warrant Certificates evidencing unexercised Warrants:

                                   <u>Assignment</u>

   (Form of Assignment To Be Executed If Holder Desires To Transfer Warrant Certificate)

     FOR VALUE RECEIVED _____ hereby sells, assigns
and transfers unto

                          Please insert social security or
                            other identifying number

(Please print name and address including zip code)

the Warrants represented by the within Warrant Certificate and does hereby irrevocably constitute
and appoint _____ Attorney, to transfer said Warrant Certificate on the books of
the within-named Company with full power of substitution in the premises.

Dated: _____       Signature _____

                                     (Signature must conform in all respects to name
                                     of Holder as specified on the face of this Warrant
                                     Certificate and must bear a signature guarantee by
                                     a bank, trust company or member firm of a U.S.
                                     national securities exchange.)

A-8

**[SCHEDULE A**

**SCHEDULE OF DECREASES IN WARRANTS**

The following decreases in the number of Warrants evidenced by this Global Warrant Certificate have been made:

| Date | Amount of decrease in number of Warrants evidenced by this Global Warrant Certificate | Number of Warrants evidenced by this Global Warrant Certificate following such decrease | Signature of authorized signatory][5] |
|---|---|---|---|
| | | | |

---

[5] Include only on Global Warrant Certificate.

A-9

**Exhibit J**

**New Warrants-B Agreement**

**WARRANT AGREEMENT**

**between**

**WHITING PETROLEUM CORPORATION,**

**COMPUTERSHARE INC.**

**and**

**COMPUTERSHARE TRUST COMPANY, N.A.,**
**as Warrant Agent**

**Dated as of [●], 2020**

**Series B Warrants to Purchase Common Stock**

## TABLE OF CONTENTS

**Page**

1. Definitions.................................................................................................................1

2. Warrant Certificates ...............................................................................................6
   2.1    Original Issuance of Warrants.....................................................................6
   2.2    Form of Warrant Certificates ......................................................................6
   2.3    Execution and Delivery of Warrant Certificates .........................................6
   2.4    Global Warrant Certificates ........................................................................7

3. Exercise and Expiration of Warrants ......................................................................9
   3.1    Right to Acquire Common Stock Upon Exercise ........................................9
   3.2    Exercise and Expiration of Warrants ..........................................................9
   3.3    Application of Funds upon Exercise of Warrants ......................................11
   3.4    Payment of Taxes.......................................................................................11
   3.5    Cancellation of Warrant Certificates.........................................................11
   3.6    Shares Issuable..........................................................................................11
   3.7    Cashless Exercise ......................................................................................12
   3.8    Cost Basis Information ..............................................................................12

4. Dissolution, Liquidation or Winding up ...............................................................12

5. Adjustments ..........................................................................................................13
   5.1    Adjustments ...............................................................................................13
   5.2    Fractional Interest .....................................................................................17
   5.3    No Other Adjustments...............................................................................18

6. Loss or Mutilation................................................................................................18

7. Reservation and Authorization of Common Stock ................................................19

8. Warrant Transfer Books ........................................................................................20

9. Warrant Holders ...................................................................................................21
   9.1    No Voting or Dividend Rights ...................................................................21
   9.2    Rights of Action ........................................................................................21
   9.3    Treatment of Holders of Warrant Certificates...........................................22

10. Concerning the Warrant Agent..............................................................................22
    10.1   Rights and Duties of the Warrant Agent. ..................................................22
    10.2   Limitation of Liability................................................................................24
    10.3   Indemnification. ........................................................................................25
    10.4   Right to Consult Counsel ..........................................................................25
    10.5   Compensation and Reimbursement ...........................................................25
    10.6   Warrant Agent May Hold Company Securities...........................................26
    10.7   Resignation and Removal; Appointment of Successor................................26
    10.8   Appointment of Countersigning Agent......................................................27

11. Notices .................................................................................................................28
    11.1   Notices Generally......................................................................................28

11.2    Required Notices to Holders ................................................................................29

**12.**    Inspection ................................................................................................................29

**13.**    Amendments ............................................................................................................29

**14.**    Waivers....................................................................................................................30

**15.**    Successor to Company .............................................................................................30

**16.**    Headings .................................................................................................................31

**17.**    Counterparts ............................................................................................................31

**18.**    Severability .............................................................................................................31

**19.**    No Redemption .......................................................................................................31

**20.**    Persons Benefiting ..................................................................................................31

**21.**    Applicable Law .......................................................................................................32

**22.**    Entire Agreement ....................................................................................................32

**23.**    Force Majeure. ........................................................................................................32

**24.**    Further Assurances. .................................................................................................32

**25.**    Confidentiality.........................................................................................................32

**EXHIBITS**

Exhibit A            Form of Series B Warrant Certificate

**WARRANT AGREEMENT**

This Warrant Agreement (as may be supplemented, amended or amended and restated pursuant to the applicable provisions hereof, this "*Agreement*"), dated as of [●], 2020, between Whiting Petroleum Corporation, a Delaware corporation (and any Successor Company (as defined below) that becomes successor to the Company in accordance with Section 15) (the "*Company*"), Computershare Inc., a Delaware corporation ("*Computershare*") and its wholly-owned subsidiary Computershare Trust Company, N.A., a federally chartered trust company (collectively, including any successors of such Warrant Agent appointed in accordance with the terms hereof, the "*Warrant Agent*").  Capitalized terms that are used in this Agreement shall have the meanings set forth in Section 1 hereof.

**WITNESSETH THAT:**

**WHEREAS**, pursuant to the terms and conditions of the *Joint Prepackaged Chapter 11 Plan of Reorganization for Whiting Petroleum Corporation and Its Debtor Affiliates*, Docket No. 198 of Case No. 20-32021 (DRJ) (the "*Plan*") relating to a reorganization under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*"), the Company proposes to issue and deliver Warrants (as defined below) to purchase up to an aggregate of [●] shares of its Common Stock (as defined below), subject to adjustment as provided herein, and the Warrant Certificates (as defined below) evidencing such Warrants;

**WHEREAS**, each Warrant shall entitle the registered owner thereof to purchase one share of the Common Stock, subject to adjustment as provided herein;

**WHEREAS**, the Warrants and the shares of Common Stock issuable upon exercise of the Warrants are being issued in an offering in reliance on the exemption from the registration requirements of the Securities Act (as defined below) afforded by Section 1145 of the Bankruptcy Code, and of any applicable state securities or "blue sky" laws; and

**WHEREAS**, the Company desires that the Warrant Agent act on behalf of the Company, and the Warrant Agent is willing to so act, in connection with the issuance, exchange, transfer, substitution and exercise of Warrants.

**NOW THEREFORE,** in consideration of the mutual agreements herein contained, the Company and the Warrant Agent agree as follows:

1. **Definitions**.

"*Action*" has the meaning set forth in Section 11.2(c).

"*Adjustment Events*" has the meaning set forth in Section 5.1.

"*Affiliate*" of any specified Person, means any other Person directly or indirectly controlling or controlled by or under direct or indirect common control with such specified Person. For the purposes of this definition, "control" when used with respect to any Person means the power to direct the management and policies of such specified Person, directly or indirectly,

whether through the ownership of voting securities, by contract or otherwise, and the terms "controlling" and "controlled" have meanings correlative to the foregoing.

"*Agent Members*" has the meaning set forth in Section 2.4(b).

"*Agreement*" has the meaning set forth in the preamble hereto.

"*Applicable Procedures*" means, with respect to any transfer or exchange of, or exercise of any Warrants evidenced by, any Global Warrant Certificate, the rules and procedures of the Depositary that apply to such transfer, exchange or exercise.

"*Appropriate Officer*" means (i) the Chief Executive Officer, President, Chief Operating Officer, Chief Financial Officer, Treasurer or Secretary or any Vice President of the Company or (ii) any other person designated as such by the Board of Directors from time to time.

"*Bankruptcy Code*" has the meaning set forth in the recitals hereto.

"*Board of Directors*" means either the board of directors of the Company or any duly authorized committee of that board.

"*Business Day*" means each Monday, Tuesday, Wednesday, Thursday and Friday which is not a legal holiday in the State of New York or a day on which banking institutions and trust companies in the state in which the Corporate Agency Office is located are authorized or obligated by law, regulation or executive order to close.

"*Commission*" means the Securities and Exchange Commission, or any other federal agency at the time administering the Securities Act or the Exchange Act, whichever is the relevant statute for the particular purpose.

"*Common Stock*" means, subject to the provisions of Section 5.1(f), the common stock, par value $[●] per share, of the Company.

"*Company*" means the company identified in the preamble hereto.

"*Company Order*" means a written request or order signed in the name of the Company by an Appropriate Officer and delivered to the Warrant Agent.

"*Computershare*" has the meaning set forth in the preamble hereto.

"*Constituent Person*" has the meaning set forth in Section 5.1(f)(i)(A).

"*Corporate Agency Office*" has the meaning set forth in Section 8.

"*corporation*" means a corporation, association, company (including limited liability company), joint-stock company, business trust or other similar entity.

"*Countersigning Agent*" means any Person authorized by the Warrant Agent to act on behalf of the Warrant Agent to countersign Warrant Certificates.

2

"*Current Market Price*" means on any date:

    (i)    if the reference is to the per share price of Common Stock on any date herein specified and if on such date the Common Stock is listed or admitted to trading on any U.S. national securities exchange or traded and quoted in the over-the-counter market in the United States:

    (A)    for the purpose of any computation under this Agreement (except under Section 5.2), the average of the Quoted Prices for the 30 consecutive Trading Days ending on such date or, if such date is not a Trading Day, on the next preceding Trading Day; or

    (B)    for the purposes of any computation under Section 5.2, the Quoted Price for such date or, if such date is not a Trading Day, for the next preceding Trading Day; or

    (ii)    if the reference is to the per share price of Common Stock on any date herein specified and if on such date the Common Stock is not listed or admitted to trading on any U.S. national securities exchange or traded and quoted in the over-the-counter market in the United States, the amount which a willing buyer would pay a willing seller in an arm's length transaction on such date (neither being under any compulsion to buy or sell) for one share of the Common Stock as determined as of such date by the Treasurer or Chief Financial Officer of the Company in good faith, whose determination shall be final and conclusive and evidenced by a certificate of such officer delivered to the Warrant Agent.

For the avoidance of doubt, no appraisal of any Person or third-party (other than the Treasurer or Chief Financial Officer of the Company as further described in clause (ii)) above shall be permitted or required to determine the Current Market Price.

"*Definitive Warrant Certificate*" means a Warrant Certificate registered in the name of the Holder thereof that does not bear the Global Warrant Legend and that does not have a "Schedule of Decreases in Warrants" attached thereto.

"*Depositary*" means DTC and its successors as depositary hereunder.

"*DTC*" means The Depository Trust Company.

"*Exchange Act*" means the Securities Exchange Act of 1934 and any statute successor thereto, in each case, as amended from time to time.

"*Exercise Date*" has the meaning set forth in Section 3.2(f).

"*Exercise Form*" has the meaning set forth in Section 3.2(c).

"*Exercise Period*" means the period from and including the Original Issue Date to and including the Expiration Date.

"*Exercise Price*" means the exercise price per share of Common Stock, initially set at $[●][1], subject to adjustment as provided in Section 5.1.

"*Expiration Date*" means the earlier to occur of (i) the Scheduled Expiration Date and (ii) a Winding Up.

"*Funds*" has the meaning set forth in Section 3.3.

"*Global Warrant Certificate*" means a Warrant Certificate deposited with or on behalf of and registered in the name of the Depositary or its nominee, that bears the Global Warrant Legend and that has the "Schedule of Decreases in Warrants" attached thereto.

"*Global Warrant Legend*" means the legend set forth in Section 2.4(a).

"*Holder*" means any Person in whose name at the time any Warrant Certificate is registered upon the Warrant Register and, when used with respect to any Warrant Certificate, the Person in whose name such Warrant Certificate is registered in the Warrant Register.

"*Non-Surviving Transaction*" has the meaning set forth in Section 5.1(f).

"*Original Issue Date*" means [●], 2020, the date on which Warrants are originally issued under this Agreement.

"*outstanding*" when used with respect to any Warrants, means, as of the time of determination, all Warrants theretofore originally issued under this Agreement, as adjusted pursuant to Section 5.1, except (i) Warrants that have been exercised pursuant to Section 3.2(a), (ii) Warrants that have expired, terminated or become void pursuant to Section 3.2(b) or Section 4 and (iii) Warrants that have otherwise been acquired by the Company; provided, however, that in determining whether the Holders of the requisite amount of the outstanding Warrants have given any request, demand, authorization, direction, notice, consent or waiver under the provisions of this Agreement, Warrants held directly or beneficially by the Company or any Subsidiary of the Company or any of their respective employees shall be disregarded and deemed not to be outstanding.

"*Person*" means any individual, corporation, limited liability company, partnership, joint venture, trust, any other entity, unincorporated organization or government or any agency or political subdivision thereof.

"*Plan*" has the meaning set forth in the recitals hereto.

"*Quoted Price*" means, on any Trading Day, with respect to the Common Stock, the VWAP of the Common Stock on such Trading Day on the principal U.S. national securities exchange on which the Common Stock is listed or admitted to trading or, if the Common Stock is not listed or

---

[1] **NTD**: Exercise Price equal to an implied 125% recovery to Holders of Notes Claims, inclusive of non-default interest under the Notes through the effective date, calculated as though the Notes remained outstanding through the effective date and all accrued and unpaid interest had been added to the outstanding principal amount of the Notes daily.

4

admitted to trading on any U.S. national securities exchange, the average of the closing bid and asked prices in the over-the-counter market in the United States as furnished by any New York Stock Exchange member firm that shall be selected from time to time by the Company for that purpose.

"*Recipient*" has the meaning set forth in Section 3.2(e).

"*Required Warrant Holders*" means Holders of Warrant Certificates evidencing a majority of the then-outstanding Warrants.

"*Scheduled Expiration Date*" means [●], 2025 (the fifth (5th) anniversary of the Original Issue Date) or, if not a Business Day, then the next Business Day thereafter.

"*Securities Act*" means the Securities Act of 1933, as amended.

"*Subsidiary*" means a corporation more than 50% of the outstanding voting stock of which is owned, directly or indirectly, by the Company or by one or more other Subsidiaries, or by the Company and one or more other Subsidiaries.  For purposes of this definition, "voting stock" means stock which ordinarily has voting power for the election of directors, whether at all times or only so long as no senior class of stock has such voting power by reason of any contingency.

"*Substituted Securities*" has the meaning set forth in Section 5.1(f)(i)(A).

"*Successor Company*" has the meaning set forth in Section 15.

"*Surviving Transaction*" has the meaning set forth in Section 5.1(f).

"*Trading Day*" means each Monday, Tuesday, Wednesday, Thursday and Friday, other than any day on which securities are not traded on the applicable securities exchange or in the applicable securities market.

"*Transaction*" has the meaning set forth in Section 5.1(f).

"*VWAP*" means the volume-weighted average price for trading hours of the regular trading session (including any extensions thereof), determined without regard to pre-open or after-hours trading or any other trading outside of the trading hours of the regular trading session (including any extensions thereof).

"*Warrant Agent*" has the meaning set forth in the preamble hereto.

"*Warrant Certificates*" means those certain warrant certificates evidencing the Warrants, substantially in the form set forth in Exhibit A attached hereto, which, for the avoidance of doubt, are either Global Warrant Certificates or Definitive Warrant Certificates.

"*Warrant Register*" has the meaning set forth in Section 8.

"*Warrants*" means those certain warrants to purchase initially up to an aggregate of [●] shares of Common Stock at the Exercise Price, subject to adjustment pursuant to Section 5, issued hereunder.

"*Winding Up*" has the meaning set forth in Section 4.

**2.      Warrant Certificates**.

2.1      Original Issuance of Warrants.

(a)      On the Original Issue Date, one or more Global Warrant Certificates evidencing the Warrants shall be executed by the Company and delivered to the Warrant Agent for countersignature, and the Warrant Agent shall, upon receipt of a Company Order and at the direction of the Company set forth therein, countersign and deliver such Global Warrant Certificates for original issuance to the Depositary, or its custodian, for crediting to the accounts of its participants for the benefit of the holders of beneficial interests in the Warrants on the Original Issue Date pursuant to the Applicable Procedures of the Depositary on the Original Issue Date.

(b)      Except as set forth in Section 2.4, Section 3.2(d), Section 6 and Section 8, the Global Warrant Certificates delivered to the Depositary (or a nominee thereof) on the Original Issue Date shall be the only Warrant Certificates issued or outstanding under this Agreement.

(c)      Each Warrant Certificate shall evidence the number of Warrants specified therein, and each Warrant evidenced thereby shall represent the right, subject to the provisions contained herein and therein, to purchase one share of Common Stock, subject to adjustment as provided in Section 5.

2.2      Form of Warrant Certificates.

The Warrant Certificates evidencing the Warrants shall be in registered form only and substantially in the form set forth in Exhibit A hereto, shall be dated the date on which countersigned by the Warrant Agent, shall have such insertions as are appropriate or required or permitted by this Agreement and may have such letters, numbers or other marks of identification and such legends and endorsements typed, stamped, printed, lithographed or engraved thereon (which does not impact the Warrant Agent's rights, duties or immunities) as the officers of the Company executing the same may approve (execution thereof to be conclusive evidence of such approval) and as are not inconsistent with the provisions of this Agreement, or as may be required to comply with any law or with any rule or regulation pursuant thereto or with any rule or regulation of any securities exchange on which the Warrants may be listed, or to conform to usage.

2.3      Execution and Delivery of Warrant Certificates.

(a)      Warrant Certificates evidencing the Warrants which may be countersigned and delivered under this Agreement are limited to Warrant Certificates evidencing [●] Warrants except for Warrant Certificates countersigned and delivered upon registration of transfer of, or in exchange for, or in lieu of, one or more previously countersigned Warrant Certificates pursuant to Section 2.4, Section 3.2(d), Section 6 and Section 8.

6

(b)     The Warrant Agent is hereby authorized to countersign and deliver Warrant Certificates as required by <u>Section 2.1</u> or by <u>Section 2.4</u>, <u>Section 3.2(d)</u>, <u>Section 6</u> or <u>Section 8</u>.

(c)     The Warrant Certificates shall be executed in the corporate name and on behalf of the Company by the Chairman (or any Co-Chairman) of the Board of Directors, the Chief Executive Officer, the President or any one of the Vice Presidents of the Company under corporate seal reproduced thereon (if the Company has a corporate seal) and attested to by the Secretary or one of the Assistant Secretaries of the Company, either manually or by facsimile signature printed thereon. The Warrant Certificates shall be countersigned, either by manual or facsimile signature, by the Warrant Agent and shall not be valid for any purpose unless so countersigned. In case any officer of the Company whose signature shall have been placed upon any of the Warrant Certificates shall cease to be such officer of the Company before countersignature by the Warrant Agent and issue and delivery thereof, such Warrant Certificates may, nevertheless, be countersigned by the Warrant Agent and issued and delivered with the same force and effect as though such person had not ceased to be such officer of the Company, and any Warrant Certificate may be signed on behalf of the Company by such person as, at the actual date of the execution of such Warrant Certificate, shall be a proper officer of the Company, although at the date of the execution of this Agreement any such person was not such officer.

2.4     <u>Global Warrant Certificates</u>.

(a)     Any Global Warrant Certificate shall bear the legend substantially in the form set forth in <u>Exhibit A</u> hereto (the "***Global Warrant Legend***").

(b)     So long as a Global Warrant Certificate is registered in the name of the Depositary or its nominee, members of, or participants in, the Depositary ("***Agent Members***") shall have no rights under this Agreement with respect to the Warrants evidenced by such Global Warrant Certificate held on their behalf by the Depositary or its custodian, and the Depositary may be treated by the Company, the Warrant Agent and any agent of the Company or the Warrant Agent as the absolute owner of such Warrants, and as the sole Holder of such Warrant Certificate, for all purposes. Accordingly, any such Agent Member's beneficial interest in such Warrants will be shown only on, and the transfer of such interest shall be effected only through, records maintained by the Depositary or its nominee or its Agent Members, and neither the Company nor the Warrant Agent shall have any responsibility or liability with respect to such records maintained by the Depositary or its nominee or its Agent Members. Notwithstanding the foregoing, nothing herein shall prevent the Company, the Warrant Agent or any agent of the Company or the Warrant Agent from giving effect to any written certification, proxy or other authorization furnished by the Depositary or impair, as between the Depositary and its Agent Members, the operation of customary practices governing the exercise of the rights of a holder of any security.

(c)     Any Holder of a beneficial interest in Warrants evidenced by a Global Warrant Certificate registered in the name of the Depositary or its nominee shall, by acceptance of such beneficial interest, agree that transfers of beneficial interests in the Warrants evidenced by such Global Warrant Certificate may be effected only through a book-entry system maintained by the Holder of such Global Warrant Certificate (or its agent), and that ownership of a beneficial interest in Warrants evidenced thereby shall be reflected solely in such book-entry form.

(d)      Transfers of a Global Warrant Certificate registered in the name of the Depositary or its nominee shall be limited to transfers in whole, and not in part, to the Depositary, its successors, and their respective nominees except as set forth in Section 2.4(e).  Interests of beneficial owners in a Global Warrant Certificate registered in the name of the Depositary or its nominee shall be transferred in accordance with the Applicable Procedures of the Depositary.

(e)      A Global Warrant Certificate registered in the name of the Depositary or its nominee shall be exchanged for Definitive Warrant Certificates only if the Depositary (i) has notified the Company that it is unwilling or unable to continue as or ceases to be a clearing agency registered under Section 17A of the Exchange Act and (ii) a successor to the Depositary registered as a clearing agency under Section 17A of the Exchange Act is not able to be appointed by the Company within 90 days or the Depositary is at any time unwilling or unable to continue as Depositary and a successor to the Depositary is not able to be appointed by the Company within 90 days.  In any such event, each Global Warrant Certificate registered in the name of the Depositary or its nominee shall be surrendered to the Warrant Agent for cancellation in accordance with Section 3.5, and the Company shall execute, and the Warrant Agent shall countersign and deliver, upon the Company's instruction, to each beneficial owner identified by the Depositary, in exchange for such beneficial owner's beneficial interest in such Global Warrant Certificate, Definitive Warrant Certificates evidencing, in the aggregate, the number of Warrants theretofore represented by such Global Warrant Certificate with respect to such beneficial owner's respective beneficial interest.  Any Definitive Warrant Certificate delivered in exchange for an interest in a Global Warrant Certificate pursuant to this Section 2.4(e) shall not bear the Global Warrant Legend.  Interests in any Global Warrant Certificate may not be exchanged for Definitive Warrant Certificates other than as provided in this Section 2.4(e).

(f)      The Holder of a Global Warrant Certificate registered in the name of the Depositary or its nominee may grant proxies and otherwise authorize any Person, including Agent Members and Persons that may hold interests through Agent Members, to take any action which a Holder of a Warrant Certificate is entitled to take under this Agreement or such Global Warrant Certificate.

(g)      Each Global Warrant Certificate will evidence such of the outstanding Warrants as will be specified therein and each shall provide that it evidences the aggregate number of outstanding Warrants from time to time endorsed thereon and that the aggregate number of outstanding Warrants evidenced thereby may from time to time be reduced, to reflect exercises or expirations.  Any endorsement of a Global Warrant Certificate to reflect the amount of any decrease in the aggregate number of outstanding Warrants evidenced thereby will be made by the Warrant Agent (i) in the case of an exercise, in accordance with the Applicable Procedures as required by Section 3.2(c) or (ii) in the case of an expiration, in accordance with Section 3.2(b).

(h)      The Company initially appoints DTC to act as Depositary with respect to the Global Warrant Certificates.

(i)      Every Warrant Certificate authenticated and delivered in exchange for, or in lieu of, a Global Warrant Certificate or any portion thereof, pursuant to this Section 2.4 or Section 8 or Section 10, shall be authenticated and delivered in the form of, and shall be, a Global Warrant Certificate, and a Global Warrant Certificate may not be exchanged for a Definitive

8

Warrant Certificate, in each case, other than as provided in <u>Section 2.4(e)</u>.   Whenever any provision herein refers to issuance by the Company and countersignature and delivery by the Warrant Agent of a new Warrant Certificate in exchange for the portion of a surrendered Warrant Certificate that has not been exercised, in lieu of the surrender of any Global Warrant Certificate and the issuance, countersignature and delivery of a new Global Warrant Certificate in exchange therefor, the Warrant Agent, on the Company's instruction, may endorse such Global Warrant Certificate to reflect a reduction in the number of Warrants evidenced thereby in the amount of Warrants so evidenced that have been so exercised.

(j)       Beneficial interests in any Global Warrant Certificate may be transferred to Persons who take delivery thereof in the form of a beneficial interest in the same Global Warrant Certificate in accordance with the Applicable Procedures.

(k)       At such time as all Warrants evidenced by a particular Global Warrant Certificate have been exercised or expired, terminated or become void in whole and not in part, such Global Warrant Certificate shall, if not in custody of the Warrant Agent, be surrendered to or retained by the Warrant Agent for cancellation in accordance with <u>Section 3.5</u>.

**3.       Exercise and Expiration of Warrants**.

3.1       <u>Right to Acquire Common Stock Upon Exercise</u>.  Each Warrant Certificate shall, when countersigned by the Warrant Agent, entitle the Holder thereof, subject to the provisions thereof and of this Agreement, to acquire from the Company, for each Warrant evidenced thereby, one share of Common Stock at the Exercise Price, subject to adjustment as provided in this Agreement.  The Exercise Price, and the number of shares of Common Stock obtainable upon exercise of each Warrant, shall be adjusted from time to time as required by <u>Section 5.1</u>.

3.2       <u>Exercise and Expiration of Warrants</u>.

(a)       <u>Exercise of Warrants</u>.  Subject to and upon compliance with the terms and conditions set forth herein, a Holder of a Warrant Certificate may exercise all or any whole number of the Warrants evidenced thereby, on any Business Day from and after the Original Issue Date until 5:00 p.m., New York time, on the Expiration Date, for the shares of Common Stock obtainable thereunder.

(b)       <u>Expiration of Warrants</u>.  The Warrants, to the extent not exercised prior thereto, shall automatically expire, terminate and become void as of 5:00 p.m., New York time, on the Expiration Date. No further action of any Person (including by, or on behalf of, any Holder, the Company, or the Warrant Agent) shall be required to effectuate the expiration of Warrants pursuant to this <u>Section 3.2(b)</u>.

(c)       <u>Method of Exercise</u>.  In order for a Holder to exercise all or any of the Warrants represented by a Warrant Certificate, the Holder thereof must (i) (x) in the case of a Global Warrant Certificate, deliver to the Warrant Agent an exercise form for the election to exercise such Warrants substantially in the form set forth in <u>Exhibit A</u> hereto (an "**_Exercise Form_**"), setting forth the number of Warrants being exercised and otherwise properly completed and duly executed by the Holder thereof and deliver such Warrants by book-entry transfer through the facilities of the Depositary to the Warrant Agent in accordance with the Applicable Procedures

and otherwise comply with the Applicable Procedures in respect of the exercise of such Warrants or (y) in the case of a Definitive Warrant Certificate, at the Corporate Agency Office, (I) deliver to the Warrant Agent an Exercise Form, setting forth the number of Warrants being exercised and otherwise properly completed and duly executed by the Holder thereof as well as any such other necessary information the Warrant Agent may reasonably require, and (II) surrender to the Warrant Agent the Definitive Warrant Certificate evidencing such Warrants; and (ii) pay to the Warrant Agent an amount equal to all taxes required to be paid by the Holder, if any, pursuant to Section 3.4 prior to, or concurrently with, exercise of such Warrants by wire transfer in immediately available funds, to the account (No. [●]; ABA No. [●]; Reference: Whiting Petroleum Corporation; Attention: [●]) of the Company at the Warrant Agent or such other account of the Company at such banking institution as the Company shall have given notice to the Warrant Agent and such Holder in accordance with Section 11.1(b).

(d)     Partial Exercise.  If fewer than all the Warrants represented by a Warrant Certificate are exercised, (i) in the case of exercise of Warrants evidenced by a Global Warrant Certificate, the Warrant Agent shall cause the custodian of DTC to endorse the "Schedule of Decreases in Warrants" attached to such Global Warrant Certificate to reflect the Warrants being exercised and (ii) in the case of exercise of Warrants evidenced by a Definitive Warrant Certificate, such Definitive Warrant Certificate shall be surrendered and a new Definitive Warrant Certificate of the same tenor and for the number of Warrants which were not exercised shall be executed by the Company.  The Warrant Agent shall countersign the new Definitive Warrant Certificate, registered in such name or names, subject to the provisions of Section 8 regarding registration of transfer and payment of governmental charges in respect thereof, as may be directed in writing by the Holder, and shall deliver the new Definitive Warrant Certificate to the Person or Persons in whose name such new Definitive Warrant Certificate is so registered.  The Company, whenever required by the Warrant Agent, will supply the Warrant Agent with Definitive Warrant Certificates duly executed on behalf of the Company for such purpose.

(e)     Issuance of Common Stock.  Upon due exercise of Warrants evidenced by any Warrant Certificate in conformity with the foregoing provisions of Section 3.2(c), the Warrant Agent shall, when actions specified in Section 3.2(c)(i) have been effected and any payment specified in Section 3.2(c)(ii) is received, deliver to the Company the Exercise Form received pursuant to Section 3.2(c)(i), deliver or deposit any funds, in accordance with Section 3.3, received as instructed in writing by the Company and advise the Company by telephone at the end of such day of the amount of funds so deposited to its account.  The Company shall thereupon, as promptly as practicable, and in any event within two (2) Business Days after the Exercise Date referred to below, (i) determine the number of shares of Common Stock issuable pursuant to exercise of such Warrants pursuant to Section 3.7 and (ii) (x) in the case of exercise of Warrants evidenced by a Global Warrant Certificate, deliver or cause to be delivered to the Recipient (as defined below) in accordance with the Applicable Procedures shares of Common Stock in book-entry form to be so held through the facilities of DTC in an amount equal to, or, if the Common Stock may not then be held in book-entry form through the facilities of DTC, duly executed certificates representing, or (y) in the case of exercise of Warrants evidenced by Definitive Warrant Certificates, execute or cause to be executed and deliver or cause to be delivered to the Recipient (as defined below) a certificate or certificates representing, in case of (x) and (y), the aggregate number of shares of Common Stock issuable upon such exercise (based upon the aggregate number of Warrants so exercised), as so determined, together with an amount in cash in lieu of any fractional share(s), if

10

the Company so elects pursuant to Section 5.2.  The shares of Common Stock in book-entry form or certificate or certificates representing shares of Common Stock so delivered shall be, to the extent possible, in such denomination or denominations as such Holder shall request in the applicable Exercise Form and shall be registered or otherwise placed in the name of, and delivered to, the Holder or, subject to Section 3.4, such other Person as shall be designated by the Holder in such Exercise Form (the Holder or such other Person being referred to herein as the "*Recipient*").

(f)      Time of Exercise.  Each exercise of a Warrant shall be deemed to have been effected immediately prior to the close of business on the day on which each of the requirements for exercise of such Warrant specified in Section 3.2(c) has been duly satisfied (the "*Exercise Date*").  At such time, subject to Section 5.1(d)(iv), shares of Common Stock in book-entry form or the certificates for the shares of Common Stock issuable upon such exercise as provided in Section 3.2(e) shall be deemed to have been issued and, for all purposes of this Agreement, the Recipient shall, as between such Person and the Company, be deemed to be and entitled to all rights of the holder or record of such Common Stock.

3.3      Application of Funds upon Exercise of Warrants.  All funds received by the Warrant Agent under this Agreement that are to be distributed or applied by the Warrant Agent in the performance of services (the "*Funds*") shall be held by the Warrant Agent as agent in trust for the Company. The Warrant Agent shall promptly deliver and pay to or upon the written order of the Company all funds received by bank wire transfer to an account designated by the Company or as the Warrant Agent otherwise may be directed in writing by the Company.

3.4      Payment of Taxes.  The Company shall pay any and all taxes (other than income taxes) that may be payable in respect of the issue or delivery of shares of Common Stock on exercise of Warrants pursuant hereto.  The Company or the Warrant Agent shall not be required, however, to pay any tax or other charge imposed in respect of any transfer involved in the issue and delivery of shares of Common Stock in book-entry form or any certificates for shares of Common Stock or payment of cash or other property to any Recipient other than the Holder of the Warrant Certificate evidencing the exercised Warrant, and in case of such transfer or payment, the Warrant Agent and the Company shall not be required to issue or deliver any shares of Common Stock in book-entry form or any certificate or pay any cash until (a) such tax or charge has been paid or an amount sufficient for the payment thereof has been delivered to the Warrant Agent or the Company or (b) it has been established to the Company's or Warrant Agent's satisfaction that any such tax or other charge that is or may become due has been paid.

3.5      Cancellation of Warrant Certificates.   Any Definitive Warrant Certificate surrendered for exercise shall, if surrendered to the Company, be delivered to the Warrant Agent.  All Warrant Certificates surrendered or delivered to or received by the Warrant Agent for cancellation pursuant to this Section 3.5 or Section 2.4(e) or Section 2.4(j) shall be promptly cancelled by the Warrant Agent and shall not be reissued by the Company.  The Warrant Agent shall destroy any such cancelled Warrant Certificates and deliver its certificate of destruction to the Company, unless the Company shall otherwise direct in writing.

3.6      Shares Issuable.   The number of shares of Common Stock "obtainable upon exercise" of Warrants at any time shall be the number of shares of Common Stock into which such Warrants are then exercisable.  The Company will confirm the number of shares obtainable if so

11

requested by the Warrant Agent.  The number of shares of Common Stock "into which each Warrant is exercisable" shall be one share, subject to adjustment as provided in Section 5.1.

3.7     Cashless Exercise.  Notwithstanding any provisions herein to the contrary, upon exercise of any Warrants the Company shall issue to the Holder a number of shares of Common Stock with respect to the Warrants being exercised computed using the following formula:

$$X = (Y (A-B)) \div A$$

Where X =     the number of shares of Common Stock to be issued to the Holder in respect of the Warrants being exercised.

Y =     the number of shares of Common Stock into which the Warrants being exercised by the Holder are exercisable (on the Exercise Date).

A =     the Current Market Price of one share of Common Stock (on the Exercise Date).

B =     the applicable Exercise Price (as adjusted through and including the Exercise Date).

If the foregoing calculation results in a negative number, then no Common Stock shall be issued upon exercise pursuant to this Section 3.

The Company shall calculate and transmit to the Warrant Agent the number of shares of Common Stock to be issued on such exercise, and the Warrant Agent shall have no obligation under this Agreement to calculate, confirm or verify such amount.

3.8     Cost Basis Information. The Company hereby instructs the Warrant Agent to record cost basis for newly issued shares at the time of exercise in accordance with instructions by the Company.  If the Company does not provide such cost basis information to the Warrant Agent, as outlined above, then the Warrant Agent will treat those shares issued hereunder as uncovered securities or the equivalent, and each holder of such shares will need to obtain such cost basis information from the Company.

**4.     Dissolution, Liquidation or Winding up**.

Unless Section 5.1(f) applies, if, on or prior to the Expiration Date, the Company (or any other Person controlling the Company) shall propose a voluntary or involuntary dissolution, liquidation or winding up (a "***Winding Up***") of the affairs of the Company, the Company shall give written notice thereof to the Warrant Agent and all Holders in the manner provided in Section 11.1(b)  at least ten (10) business days prior to the date on which such transaction is expected to become effective or, if earlier, the record date for such transaction.  Such notice shall also specify the date as of which the holders of record of the shares of Common Stock shall be entitled to exchange their shares for securities, money or other property deliverable upon such Winding Up on which date each Holder of Warrant Certificates shall receive the securities, money or other property which such Holder would have been entitled to receive had such Holder been the

holder of record of the shares of Common Stock into which the Warrants were exercisable immediately prior to such Winding Up (net of the then applicable Exercise Price) and the rights to exercise the Warrants shall terminate.

Unless Section 5.1(f) applies, in case of any such Winding Up of the Company, the Company shall deposit with the Warrant Agent any funds or other property which the Holders are entitled to receive pursuant to the above paragraph, together with a Company Order as to the distribution thereof.  After receipt of such deposit from the Company and after receipt of surrendered Warrant Certificates evidencing Warrants, and any such other necessary information as the Warrant Agent may reasonably require, the Warrant Agent shall make payment in the appropriate amount to such Person or Persons as it may be directed in writing by the Holder surrendering such Warrant Certificate.  The Warrant Agent shall not be required to pay interest on any money deposited pursuant to the provisions of this Section 4 except such as it shall agree with the Company to pay thereon.  Any moneys, securities or other property which at any time shall be deposited by the Company or on its behalf with the Warrant Agent pursuant to this Section 4 shall be, and are hereby, assigned, transferred and set over to the Warrant Agent in trust for the purposes for which such moneys, securities or other property shall have been deposited; provided, that, moneys, securities or other property need not be segregated from other funds, securities or other property held by the Warrant Agent except to the extent required by law.

5.    **Adjustments**.

5.1    Adjustments.  In order to prevent dilution of the rights granted under the Warrants and to grant the Holders certain additional rights, the Exercise Price shall be subject to adjustment from time to time only as specifically provided in this Section 5.1 (the "*Adjustment Events*") and the number of shares of Common Stock obtainable upon exercise of Warrants shall be subject to adjustment from time to time only as specifically provided in this Section 5.1.

(a)    Subdivisions and Combinations.  In the event the Company shall, at any time or from time to time after the Original Issue Date while any Warrants remain outstanding and unexpired in whole or in part, effect a subdivision (by any stock split or otherwise) of the outstanding shares of Common Stock into a greater number of shares of Common Stock (other than (x) a subdivision upon a Transaction to which Section 5.1(f) applies or (y) a stock split effected by means of a stock dividend or distribution to which Section 5.1(b) applies), then and in each such event the Exercise Price in effect at the opening of business on the day after the date upon which such subdivision becomes effective shall be proportionately decreased.  Conversely, if the Company shall, at any time or from time to time after the Original Issue Date while any Warrants remain outstanding and unexpired in whole or in part, effect a combination (by any reverse stock split, combination, subdivision or otherwise) of the outstanding shares of Common Stock into a smaller number of shares of Common Stock (other than a combination upon a Transaction to which Section 5.1(f) applies), then and in each such event the Exercise Price in effect at the opening of business on the day after the date upon which such combination becomes effective shall be proportionately increased.  Any adjustment under this Section 5.1(a) shall become effective immediately after the opening of business on the day after the date upon which the subdivision or combination becomes effective.

13

(b)      Common Stock Dividends.  In the event the Company shall, at any time or from time to time after the Original Issue Date while any Warrants remain outstanding and unexpired in whole or in part, make or issue to the holders of its Common Stock a dividend or distribution payable in, or otherwise make or issue a dividend or other distribution on any class of its capital stock payable in, shares of Common Stock (other than a dividend or distribution upon a Transaction to which Section 5.1(f) applies), then and in each such event the Exercise Price in effect at the opening of business on the day after the date for the determination of the holders of shares of Common Stock entitled to receive such dividend or distribution shall be decreased by multiplying such Exercise Price by a fraction (not to be greater than 1):

(i)      the numerator of which shall be the total number of shares of Common Stock issued and outstanding at the close of business on such date for determination; and

(ii)      the denominator of which shall be the total number of shares of Common Stock issued and outstanding at the close of business on such date for determination plus the number of shares of Common Stock issuable in payment of such dividend or distribution.

Any adjustment under this Section 5.1(b) shall, subject to Section 5.1(d)(iv), become effective immediately after the opening of business on the day after the date the holders of shares of Common Stock received such dividend or distribution.

(c)      Reclassifications.  A reclassification of the Common Stock (other than any such reclassification in connection with a Transaction to which Section 5.1(f) applies) into shares of Common Stock and shares of any other class of stock shall be deemed, if the outstanding shares of Common Stock shall be changed into a larger or smaller number of shares of Common Stock as a part of such reclassification, a subdivision or combination, as the case may be, of the outstanding shares of Common Stock for the purposes and within the meaning of Section 5.1(a) (and the effective date of such reclassification shall be deemed to be "the date upon which such subdivision becomes effective" or "the date upon which such combination becomes effective," as applicable, for the purposes and within the meaning of Section 5.1(a)).

(d)      Other Provisions Applicable to Adjustments.  The following provisions shall be applicable to the making of adjustments to the Exercise Price and the number of shares of Common Stock into which each Warrant is exercisable under this Section 5.1:

(i)      Treasury Stock.  The dividend or distribution of any issued shares of Common Stock owned or held by or for the account of the Company shall be deemed a dividend or distribution of shares of Common Stock for purposes of Section 5.1(b).  The Company shall not make or issue any dividend or distribution on shares of Common Stock held in the treasury of the Company.  For the purposes of Section 5.1(b), the number of shares of Common Stock at any time outstanding shall not include shares held in the treasury of the Company.

(ii)      When Adjustments Are to be Made.  The adjustments required by Section 5.1(a), Section 5.1(b) and Section 5.1(c) shall be made whenever and as often as any specified event requiring an adjustment shall occur, except that no adjustment of the

14

Exercise Price that would otherwise be required shall be made unless and until such adjustment either by itself or with other adjustments not previously made increases or decreases the Exercise Price immediately prior to the making of such adjustment by at least 1%. Any adjustment representing a change of less than such minimum amount (except as aforesaid) shall be carried forward and made as soon as such adjustment, together with other adjustments required by Section 5.1(a), Section 5.1(b) and Section 5.1(c) and not previously made, would result in such minimum adjustment.

(iii)    Fractional Interests. In computing adjustments under Section 5.1, fractional interests in Common Stock shall be taken into account to the nearest one-thousandth of a share.

(iv)    Deferral of Issuance Upon Exercise. In any case in which Section 5.1(b) shall require that a decrease in the Exercise Price be made effective prior to the occurrence of a specified event and any Warrant is exercised after the time at which the adjustment became effective but prior to the occurrence of such specified event and, in connection therewith, Section 5.1(e) shall require a corresponding increase in the number of shares of Common Stock into which each Warrant is exercisable, the Company may elect to defer, with written notice to the Warrant Agent (but not in any event later than the Expiration Date or the closing date of the applicable Transaction) until the occurrence of such specified event (A) the issuance to the Holder of the Warrant Certificate evidencing such Warrant (or other Person entitled thereto) of, and the registration of such Holder (or other Person) as the record holder of, the Common Stock over and above the Common Stock issuable upon such exercise on the basis of the number of shares of Common Stock obtainable upon exercise of such Warrant immediately prior to such adjustment and to require payment in respect of such number of shares the issuance of which is not deferred on the basis of the Exercise Price in effect immediately prior to such adjustment and (B) the corresponding reduction in the Exercise Price; provided, however, that the Company shall deliver to such Holder or other person a due bill or other appropriate instrument that meet any applicable requirements of the principal national securities exchange or other market on which the Common Stock is then traded and evidences the right of such Holder or other Person to receive, and to become the record holder of, such additional shares of Common Stock, upon the occurrence of such specified event requiring such adjustment (without payment of any additional Exercise Price in respect of such additional shares).

(e)    Adjustment to Shares Obtainable Upon Exercise. Whenever the Exercise Price is adjusted as provided in this Section 5.1, the number of shares of Common Stock into which a Warrant is exercisable shall simultaneously be adjusted by multiplying such number of shares of Common Stock into which a Warrant is exercisable immediately prior to such adjustment by a fraction, the numerator of which shall be the Exercise Price immediately prior to such adjustment, and the denominator of which shall be the Exercise Price immediately thereafter.

(f)    Changes in Common Stock. In case at any time or from time to time after the Original Issue Date while any Warrants remain outstanding and unexpired in whole or in part, the Company shall be a party to or shall otherwise engage in any transaction or series of related transactions constituting: (1) a merger of the Company into, a direct or indirect sale of all of the Company's equity to, or a consolidation of the Company with, any other Person in which the

15

previously outstanding shares of Common Stock shall be (either directly or upon subsequent liquidation) cancelled, reclassified or converted or changed into or exchanged for securities or other property (including cash) or any combination of the foregoing, or a sale of all or substantially all of the assets of the Company and its Subsidiaries (taken as a whole) (a "*Non-Surviving Transaction*"), or (2) any merger of another Person into the Company in which the previously outstanding shares of Common Stock shall be cancelled, reclassified or converted or changed into or exchanged for securities of the Company or other property (including cash) or any combination of the foregoing (a "*Surviving Transaction*"; any Non-Surviving Transaction or Surviving Transaction being herein called a "*Transaction*") then:

(i)    as a condition to the consummation of such Transaction, the Company shall cause such other Person to execute and deliver to the Warrant Agent a written instrument providing that:

(A)    so long as any Warrant remains outstanding in whole or in part (including after giving effect to the changes specified under clause (B) below), such Warrant, upon the exercise thereof at any time on or after the consummation of such Transaction, shall be exercisable (on such terms and subject to such conditions as shall be as nearly equivalent as may be practicable to the provisions set forth in this Agreement) into, in lieu of the Common Stock issuable upon such exercise prior to such consummation, only the securities ("*Substituted Securities*") that would have been receivable upon such Transaction by a holder of the number of shares of Common Stock into which such Warrant was exercisable immediately prior to such Transaction assuming, in the case of any such Transaction, if (as a result of rights of election or otherwise) the kind or amount of securities, cash and other property receivable upon such Transaction is not the same for each share of Common Stock held immediately prior to such Transaction, such holder of Common Stock is a Person  that is neither (I) an employee of the Company or of any Subsidiary thereof nor (II) a Person with which the Company consolidated or into which the Company merged or which merged into the Company or to which such sale or transfer was made, as the case may be ("*Constituent Person*"), or an Affiliate of a Constituent Person; and

(B)    the rights and obligations of such other Person and the Holders in respect of Substituted Securities shall be substantially unchanged to be as nearly equivalent as may be practicable to the rights and obligations of the Company and Holders in respect of Common Stock hereunder as set forth in <u>Section 3.1</u> hereof;

(ii)    with respect to any Transaction, such written instrument under clause (i) above shall provide for adjustments which, for events subsequent to the effective date of such written instrument shall be as nearly equivalent as may be practicable to the adjustments provided for in this <u>Section 5</u>. The above provisions of this <u>Section 5.1(f)</u> shall similarly apply to successive Transactions.

(g)    <u>Compliance with Governmental Requirements</u>.  Before taking any action that would cause an adjustment reducing the Exercise Price below the then par value of any of the shares of Common Stock into which the Warrants are exercisable, the Company will take any

16

corporate action that may be necessary in order that the Company may validly and legally issue fully paid and non-assessable shares of such Common Stock at such adjusted Exercise Price.

(h)      Optional Tax Adjustment.  The Company may at its option, at any time during the term of the Warrants, increase the number of shares of Common Stock into which each Warrant is exercisable, or decrease the Exercise Price, in addition to those changes required by Section 5.1(a), Section 5.1(b) and Section 5.1(c) as deemed advisable by the Board of Directors of the Company, in order that any event treated for federal income tax purposes as a dividend of stock or stock rights shall not be taxable to the recipients.

(i)      Warrants Deemed Exercisable.  For purposes solely of this Section 5, the number of shares of Common Stock which the holder of any Warrant would have been entitled to receive had such Warrant been exercised in full at any time or into which any Warrant was exercisable at any time shall be determined assuming such Warrant was exercisable in full at such time.

(j)      Notice of Adjustment.  Upon the occurrence of each adjustment of the Exercise Price or the number of shares of Common Stock into which a Warrant is exercisable pursuant to this Section 5.1, the Company at its expense shall promptly:

(i)      compute such adjustment in accordance with the terms hereof;

(ii)      after such adjustment becomes effective, deliver to all Holders, in accordance with Section 11.1(b) and Section 11.2, a notice setting forth such adjustment and showing in detail the facts upon which such adjustment is based; and

(iii)      deliver to the Warrant Agent a certificate of the Treasurer or Chief Financial Officer of the Company setting forth the Exercise Price and the number of shares of Common Stock into which each Warrant is exercisable after such adjustment and setting forth a brief statement of the facts requiring such adjustment and the computation by which such adjustment was made (including a description of the basis on which the Current Market Price of the Common Stock).  As provided in Section 10, the Warrant Agent shall be entitled to rely on such certificate and shall be under no duty or responsibility with respect to any such certificate, except to exhibit the same from time to time to any Holder desiring an inspection thereof during reasonable business hours.  The Warrant Agent shall have no obligation under any Section of this Agreement to determine whether an Adjustment Event has occurred or to calculate any of the adjustments set forth herein.

(k)      Statement on Warrant Certificates.  Irrespective of any adjustment in the Exercise Price or amount or kind of shares into which the Warrants are exercisable, Warrant Certificates theretofore or thereafter issued may continue to express the same Exercise Price initially applicable or amount or kind of shares initially issuable upon exercise of the Warrants evidenced thereby pursuant to this Agreement.

5.2      Fractional Interest.  The Company shall not be required upon the exercise of any Warrant to issue any fractional shares of Common Stock, but may, in lieu of issuing any fractional shares of Common Stock make an adjustment therefore in cash on the basis of the Current Market Price per share of Common Stock on the date of such exercise.  If Warrant Certificates evidencing

17

more than one Warrant shall be presented for exercise at the same time by the same Holder, the number of full shares of Common Stock which shall be issuable upon such exercise thereof shall be computed on the basis of the aggregate number of Warrants so to be exercised.  The Holders, by their acceptance of the Warrant Certificates, expressly waive their right to receive any fraction of a share of Common Stock or a stock certificate representing a fraction of a share of Common Stock if such amount of cash is paid in lieu thereof.

5.3     No Other Adjustments.  Except in accordance with Section 5.1, the applicable Exercise Price and the number of shares of Common Stock obtainable upon exercise of any Warrant will not be adjusted for the issuance of Common Stock or any securities convertible into or exchangeable for Common Stock or carrying the right to purchase any of the foregoing, including, without limitation:

(i)     upon the issuance of any other securities by the Company on or after the Original Issue Date, whether or not contemplated by the Plan, or upon the issuance of shares of Common Stock upon the exercise of any such securities;

(ii)     upon the issuance of any shares of Common Stock or other securities or any payments pursuant to any management or other equity incentive plan of the Company;

(iii)     upon the issuance of any shares of Common Stock pursuant to the exercise of the Warrants; or

(iv)     upon the issuance of any shares of Common Stock or other securities of the Company in connection with a business acquisition transaction.

**6.     Loss or Mutilation**.

If (a) any mutilated Warrant Certificate is surrendered to the Warrant Agent or (b) both (i) there shall be delivered to the Company and the Warrant Agent (A) a claim by a Holder as to the destruction, loss or wrongful taking of any Warrant Certificate of such Holder and a request thereby for a new replacement Warrant Certificate, and (B) such open penalty surety bond and/or indemnity bond as may be required by them to save each of them and any agent of either of them harmless and (ii) such other reasonable requirements as may be imposed by the Company or Warrant Agent as permitted by Section 8-405 of the Uniform Commercial Code have been satisfied, then, in the absence of notice to the Company or the Warrant Agent that such Warrant Certificate has been acquired by a "protected purchaser" within the meaning of Section 8-405 of the Uniform Commercial Code or bona fide purchaser, the Company shall execute and upon its written request the Warrant Agent shall countersign and deliver to the registered Holder of the lost, wrongfully taken, destroyed or mutilated Warrant Certificate, in exchange therefore or in lieu thereof, a new Warrant Certificate of the same tenor and for a like aggregate number of Warrants. At the written request of such registered Holder, the new Warrant Certificate so issued shall be retained by the Warrant Agent as having been surrendered for exercise, in lieu of delivery thereof to such Holder, and shall be deemed for purposes of Section 3.2(c)(ii) to have been surrendered for exercise on the date the conditions specified in clauses (A) or (B) of the preceding sentence were first satisfied.  The Warrant Agent may, at its option, issue replacement Warrants for mutilated certificates upon presentation thereof without such indemnity.

18

Upon the issuance of any new Warrant Certificate under this Section 6, the Company may require the payment of a sum sufficient to cover any tax or other governmental charge that may be imposed in relation thereto and other expenses (including the fees and expenses of the Warrant Agent and of counsel to the Company) in connection therewith.

Every new Warrant Certificate executed and delivered pursuant to this Section 6 in lieu of any lost, wrongfully taken or destroyed Warrant Certificate shall constitute an additional contractual obligation of the Company, whether or not the allegedly lost, wrongfully taken or destroyed Warrant Certificate shall be at any time enforceable by anyone, and shall be entitled to the benefits of this Agreement equally and proportionately with any and all other Warrant Certificates duly executed and delivered hereunder.

The provisions of this Section 6 are exclusive and shall preclude (to the extent lawful) all other rights or remedies with respect to the replacement of mutilated, lost, wrongfully taken, or destroyed Warrant Certificates.

**7.       Reservation and Authorization of Common Stock**.

The Company covenants that, for the duration of the Exercise Period, the Company will at all times reserve and keep available, from its authorized and unissued Common Stock solely for issuance and delivery upon the exercise of the Warrants and free of preemptive rights, such number of shares of Common Stock and other securities, cash or property as from time to time shall be issuable upon the exercise in full of all outstanding Warrants for cash.  The Company further covenants that it shall, from time to time, take all steps necessary to increase the authorized number of shares of its Common Stock if at any time the authorized number of shares of Common Stock remaining unissued would otherwise be insufficient to allow delivery of all the shares of Common Stock then deliverable upon the exercise in full of all outstanding Warrants.  The Company covenants that all shares of Common Stock issuable upon exercise of the Warrants will, upon issuance, be duly and validly issued, fully paid and nonassessable and will be free of restrictions on transfer and will be free from all taxes, liens and charges in respect of the issue thereof (other than taxes in respect of any transfer occurring contemporaneously or as otherwise specified herein).  The Company shall take all such actions as may be necessary to ensure that all such shares of Common Stock may be so issued without violation of any applicable law or governmental regulation or any requirements of any U.S. national securities exchange upon which shares of Common Stock may be listed (except for official notice of issuance which shall be immediately delivered by the Company upon each such issuance).  The Company covenants that all shares of Common Stock will, at all times that Warrants are exercisable, be duly approved for listing subject to official notice of issuance on each securities exchange, if any, on which the Common Stock is then listed.  The Company covenants that the stock certificates, if any, issued to evidence any shares of Common Stock issued upon exercise of Warrants will comply with the Delaware General Corporation Law and any other applicable law.

The Company hereby authorizes and directs its current and future transfer agents for the Common Stock at all times to reserve stock certificates for such number of authorized shares, to the extent as, and if, required.  The Company will supply such transfer agents with duly executed stock certificates for such purposes, to the extent as, and if, required.

19

The Company hereby represents and warrants to the Holders that the issuance of the Warrants and the issuance of Common Stock upon exercise thereof in accordance with the terms hereof will not constitute a breach of, or a default under, any other material agreements to which the Company is a party on the date hereof.

**8.      Warrant Transfer Books**.

The Warrant Agent will maintain an office or offices (the "***Corporate Agency Office***") in the United States of America, where Warrant Certificates may be surrendered for registration of transfer or exchange and where Warrant Certificates may be surrendered for exercise of Warrants evidenced thereby, which office is [●] on the Original Issue Date.  The Warrant Agent will give prompt written notice to all Holders of Warrant Certificates of any change in the location of such office.

The Warrant Certificates evidencing the Warrants shall be issued in registered form only. The Company shall cause to be kept at the office or offices of the Warrant Agent designated for such purpose a warrant register (the "***Warrant Register***") in which, subject to such reasonable regulations as the Warrant Agent may prescribe and such regulations as may be prescribed by law, the Company shall provide for the registration of Warrant Certificates and of transfers or exchanges of Warrant Certificates as herein provided.

Upon surrender for registration of transfer of any Warrant Certificate at the Corporate Agency Office, the Company shall execute, and the Warrant Agent shall countersign and deliver, in the name of the designated transferee or transferees, one or more new Warrant Certificates evidencing a like aggregate number of Warrants.

At the option of the Holder, Warrant Certificates may be exchanged at the office or offices of the Warrant Agent upon payment of the charges hereinafter provided for other Warrant Certificates evidencing a like aggregate number of Warrants.  Whenever any Warrant Certificates are so surrendered for exchange, the Company shall execute, and the Warrant Agent shall countersign and deliver, the Warrant Certificates of the same tenor and evidencing the same number of Warrants as evidenced by the Warrant Certificates surrendered by the Holder making the exchange.

All Warrant Certificates issued upon any registration of transfer or exchange of Warrant Certificates shall be the valid obligations of the Company, evidencing the same obligations, and entitled to the same benefits under this Agreement, as the Warrant Certificates surrendered for such registration of transfer or exchange.

Every Warrant Certificate surrendered for registration of transfer or exchange shall (if so required by the Company or the Warrant Agent) be: (i) duly endorsed and containing a signature guarantee from an eligible guarantor institution participating in a signature guarantee program approved by the Securities Transfer Association, or (ii) be accompanied by a written instrument of transfer in form satisfactory to the Company and the Warrant Agent, duly executed by the Holder thereof or his attorney duly authorized in writing, also containing a signature guarantee from an eligible guarantor institution participating in a signature guarantee program approved by the

20

Securities Transfer Association.  Further, to effect such transfer or exchange, all other necessary information or documentation shall be provided as the Warrant Agent may reasonably request.

No service charge shall be made for any registration of transfer or exchange of Warrant Certificates; provided, however, the Company may require payment of a sum sufficient to cover any tax or other governmental charge that may be imposed in connection with any registration of transfer or exchange of Warrant Certificates.

The Warrant Agent shall, upon request of the Company from time to time, deliver to the Company such reports of registered ownership of the Warrants and such records of transactions with respect to the Warrants and the shares of Common Stock as the Company may request.  The Warrant Agent shall also make available to the Company for inspection by the Company's agents or employees, from time to time as the Company may request, such original books of accounts and records maintained by the Warrant Agent in connection with the issuance and exercise of Warrants hereunder, such inspections to occur at the Corporate Agency Office during normal business hours.

The Warrant Agent shall keep copies of this Agreement and any notices given to Holders hereunder available for inspection, upon reasonable advance notice, by the Holders during normal business hours at the Corporate Agency Office.  The Company shall supply the Warrant Agent from time to time with such numbers of copies of this Agreement as the Warrant Agent may request.

**9.     Warrant Holders**.

9.1     No Voting or Dividend Rights.

(a)     No Holder of a Warrant Certificate evidencing any Warrant shall have or exercise any rights by virtue hereof as a holder of Common Stock of the Company, including, without limitation, the right to vote, to receive dividends and other distributions as a holder of Common Stock or to receive notice of, or attend, meetings or any other proceedings of the holders of Common Stock.

(b)     The consent of any Holder of a Warrant Certificate shall not be required with respect to any action or proceeding of the Company.

(c)     Except as provided in Section 4, no Holder of a Warrant Certificate, by reason of the ownership or possession of a Warrant or the Warrant Certificate representing the same, shall have any right to receive any cash dividends, stock dividends, allotments or rights or other distributions paid, allotted or distributed or distributable to the holders of Common Stock prior to, or for which the relevant record date preceded, the date of the exercise of such Warrant.

(d)     No Holder of a Warrant Certificate shall have any right not expressly conferred hereunder or under, or by applicable law with respect to, the Warrant Certificate held by such Holder.

9.2     Rights of Action.  All rights of action against the Company in respect of this Agreement, except rights of action vested in the Warrant Agent, are vested in the Holders of the Warrant Certificates, and any Holder of any Warrant Certificate, without the consent of the Warrant

21

Agent or the Holder of any other Warrant Certificate, may, in such Holder's own behalf and for such Holder's own benefit, enforce and may institute and maintain any suit, action or proceeding against the Company suitable to enforce, or otherwise in respect of, such Holder's right to exercise such Holder's Warrants in the manner provided in this Agreement.

9.3     <u>Treatment of Holders of Warrant Certificates</u>.  Every Holder, by virtue of accepting a Warrant Certificate, consents and agrees with the Company, with the Warrant Agent and with every subsequent holder of such Warrant Certificate that, prior to due presentment of such Warrant Certificate for registration of transfer, the Company and the Warrant Agent may treat the Person in whose name the Warrant Certificate is registered as the owner thereof for all purposes and as the Person entitled to exercise the rights granted under the Warrants, and neither the Company, the Warrant Agent nor any agent thereof shall be affected by any notice to the contrary.

**10.     Concerning the Warrant Agent**.  <u>Sections 10.1(d)</u>, <u>10.2</u>, <u>10.3</u>, <u>10.4</u>, <u>10.5</u> and <u>10.6</u> shall survive termination or removal of the Warrant Agent.

10.1     <u>Rights and Duties of the Warrant Agent</u>.

(a)     The Company hereby appoints the Warrant Agent to act as agent of the Company as set forth in this Agreement.  The Warrant Agent hereby accepts the appointment as agent of the Company and agrees to perform that agency upon the terms and conditions set forth in this Agreement and in the Warrant Certificates or as the Company and the Warrant Agent may hereafter agree, by all of which the Company and the Holders of Warrant Certificates, by their acceptance thereof, shall be bound; <u>provided</u>, <u>however</u>, that the terms and conditions contained in the Warrant Certificates are subject to and governed by this Agreement or any other terms and conditions hereafter agreed to by the Company and the Warrant Agent.

(b)     The Warrant Agent shall not, by countersigning Warrant Certificates or by any other act hereunder, be deemed to make any representations as to validity or authorization of (i) the Warrants or the Warrant Certificates (except as to its countersignature thereon), (ii) any securities or other property delivered upon exercise of any Warrant, (iii) the accuracy of the computation of the number or kind or amount of stock or other securities or other property deliverable upon exercise of any Warrant, (iv) the correctness of any of the representations of the Company made in such certificates that the Warrant Agent receives; or (v) any of the statements of act or recitals contained in this Warrant Agreement.  The Warrant Agent shall not at any time have any duty to calculate or determine whether any facts exist that may require any adjustments pursuant to <u>Section 5</u> hereof with respect to the kind and amount of shares or other securities or any property issuable to Holders upon the exercise of Warrants required from time to time.  The Warrant Agent shall have no duty or responsibility to determine the accuracy or correctness of such calculation or with respect to the methods employed in making the same.  The Warrant Agent shall not be accountable with respect to the validity or value (or the kind or amount) of any shares of Common Stock or of any securities or property which may at any time be issued or delivered upon the exercise of any Warrant or upon any adjustment pursuant to <u>Section 5</u> hereof, and it makes no representation with respect thereto.  The Warrant Agent shall not be responsible for any failure of the Company to make any cash payment or to

22

issue, transfer or deliver any shares of Common Stock or stock certificates or other securities or property upon the surrender of any Warrant Certificate for the purpose of exercise or upon any adjustment pursuant to Section 5 hereof or to comply with any of the covenants of the Company contained in Section 5 hereof.

(c)     The Warrant Agent shall not be liable for or by reason of any of the statements of fact or recitals contained in this Warrant Agreement or in the Warrant Certificates (except its countersignature thereof) or be required to verify the same, and all such statements and recitals are and shall be deemed to have been made by the Company only.

(d)     The Warrant Agent shall not have any duty or responsibility in the case of the receipt of any written demand from any holder of Warrants with respect to any action or default by the Company, including, without limiting the generality of the foregoing, any duty or responsibility to initiate or attempt to initiate any proceedings at law or otherwise or to make any demand upon the Company.

(e)     The Warrant Agent may execute and exercise any of the rights or powers hereby vested in it or perform any duty hereunder either itself or by or through its attorney or agents, and the Warrant Agent shall not be answerable or accountable for any act, default, neglect or misconduct of any such attorney or agents or for any loss to the Company resulting from any such act, default, neglect or misconduct, absent gross negligence, willful misconduct, fraud or bad faith (each as determined by a final judgment of a court of competent jurisdiction) in the selection and continued employment thereof, provided, however, that the selection and the continued employment of any such attorney, agent or employee was not a result of gross negligence, willful misconduct, fraud or bad faith (each as determined by a final judgment of a court of competent jurisdiction).

(f)     The Warrant Agent may rely on and shall be held harmless and protected and shall incur no liability for or in respect of any action taken, suffered or omitted to be taken by it absent gross negligence, willful misconduct, fraud or bad faith (each as determined by a final judgment of a court of competent jurisdiction) in reliance upon any certificate, statement, instrument, opinion, notice, letter, facsimile transmission, telegram or other document, or any security delivered to it, and believed by it to be genuine and to have been made or signed by the proper party or parties, or upon any written or oral instructions or statements from the Company with respect to any matter relating to its acting as Warrant Agent hereunder.

(g)     The Warrant Agent shall not be obligated to expend or risk its own funds or to take any action that it believes would expose or subject it to expense or liability or to a risk of incurring expense or liability, unless it has been furnished with assurances of repayment or indemnity satisfactory to it.

(h)     The Warrant Agent shall not be liable or responsible for any failure of the Company to comply with any of its obligations relating to any registration statement filed with the Securities and Exchange Commission or this Warrant Agreement, including without limitation obligations under applicable regulation or law.

23

(i)     The Warrant Agent shall not be accountable or under any duty or responsibility for the use by the Company of any Warrants authenticated by the Warrant Agent and delivered by it to the Company pursuant to this Warrant Agreement or for the application by the Company of the proceeds of the issue and sale, or exercise, of the Warrants.

(j)     The Warrant Agent shall act hereunder solely as agent for the Company, and its duties shall be determined solely by the express provisions hereof (and no duties or obligations shall be inferred or implied).  The Warrant Agent shall not assume any obligations or relationship of agency or trust with any of the owners or holders of the Warrants.

(k)     The Warrant Agent may rely on and be fully authorized and protected in acting or failing to act upon any guaranty of signature by an "eligible guarantor institution" that is a member or participant in the Securities Transfer Agents Medallion Program or other comparable "signature guarantee program" or insurance program in addition to, or in substitution for, the foregoing.

(l)     In the event the Warrant Agent believes any ambiguity or uncertainty exists hereunder or in any notice, instruction, direction, request or other communication, paper or document received by the Warrant Agent hereunder, the Warrant Agent, may, in its sole discretion, refrain from taking any action, and shall be fully protected and shall not be liable in any way to Company, the holder of any Warrant Certificate or any other person or entity for refraining from taking such action, unless the Warrant Agent receives written instructions signed by the Company which eliminates such ambiguity or uncertainty to the satisfaction of Warrant Agent.

(m)     Reliance on Company Statement.  Whenever in the performance of its duties under this Agreement, the Warrant Agent shall deem it necessary or desirable that any fact or matter be proved or established by the Company prior to taking or suffering any action hereunder, such fact or matter (unless other evidence in respect thereof be herein specifically prescribed) may be deemed to be conclusively proved and established by a statement signed by an Appropriate Officer and delivered to the Warrant Agent.  The Warrant Agent may rely upon such statement, and will be held harmless for such reliance, and shall not be held liable in connection with any delay in receiving such statement.

10.2     Limitation of Liability.

(a)     The Warrant Agent shall be liable hereunder only for its own gross negligence, willful misconduct, fraud or bad faith (each as determined by a final judgment of a court of competent jurisdiction).  Notwithstanding anything contained herein to the contrary, the Warrant Agent's aggregate liability during any term of this Agreement with respect to, arising from, or arising in connection with this Agreement, or from all services provided or omitted to be provided under this Agreement, whether in contract, or in tort, or otherwise, is limited to, and shall not exceed, the amounts paid hereunder by the Company to Warrant Agent as fees and charges, but not including reimbursable expenses, during the twenty-four (24) months immediately preceding the event for which recovery from Warrant Agent is being sought.  Neither party to this Agreement shall be liable to the other party for any consequential, indirect, special or incidental damages under any provisions of this Agreement or for any consequential, indirect, punitive,

24

special or incidental damages arising out of any act or failure to act hereunder even if that party has been advised of or has foreseen the possibility of such damages.

(b)     Exclusions.  The Warrant Agent shall have no responsibility with respect to the validity of this Agreement or with respect to the validity or execution of any Warrant.  The Warrant Agent shall not be responsible for any breach by the Company of any covenant or condition contained in this Agreement or in any Warrant.  The Warrant Agent shall not be responsible to make any adjustments required under the provisions of Section 5 hereof or responsible for the manner, method, or amount of any such adjustment or the ascertaining of the existence of facts that would require any such adjustment; nor shall it by any act hereunder be deemed to make any representation or warranty as to the authorization or reservation of any shares of Common Stock to be issued pursuant to this Agreement or any Warrant or as to whether any shares of Common Stock shall, when issued, be valid and fully paid and non-assessable.

10.3    Indemnification.

(a)     The Company covenants and agrees to indemnify and to hold the Warrant Agent harmless against any costs, expenses (including reasonable and documented fees of its legal counsel), losses or damages, which may be paid, incurred or suffered by or to which it may become subject, arising from or out of, directly or indirectly, any claims or liability resulting from its actions as Warrant Agent pursuant hereto; provided, however, that such covenant and agreement does not extend to, and the Warrant Agent shall not be indemnified with respect to, such costs, expenses, losses and damages incurred or suffered by the Warrant Agent as a result of, or arising out of, its gross negligence, bad faith, or willful misconduct.

(b)     Instructions.  From time to time, the Company may provide the Warrant Agent with instructions, by Company Order or otherwise, concerning the services performed by the Warrant Agent hereunder.  Warrant Agent and its agents and subcontractors shall not be liable and shall be indemnified by Company for any action taken, suffered or omitted to be taken by Warrant Agent in reliance upon any Company instructions.  Warrant Agent shall not be held to have notice of any change of authority of any person, until receipt of written notice thereof from Company.

10.4    Right to Consult Counsel.  The Warrant Agent may at any time consult with legal counsel satisfactory to it (who may be legal counsel for the Company), and the Warrant Agent shall incur no liability or responsibility to the Company or to any Holder for any action taken, suffered or omitted by it absent gross negligence, willful misconduct, fraud or bad faith (each as determined by a final judgment of a court of competent jurisdiction) in accordance with the opinion or advice of such counsel.

10.5    Compensation and Reimbursement.  The Company agrees to pay the Warrant Agent from time to time compensation for all fees and expenses relating to its services hereunder as the Company and the Warrant Agent may agree from time to time and to reimburse the Warrant Agent for reasonable expenses and disbursements, including reasonable counsel fees incurred in connection with the execution and administration of this Agreement.

10.6     Warrant Agent May Hold Company Securities.   The Warrant Agent and any stockholder, director, officer or employee of the Warrant Agent may buy, sell or deal in any of the Warrants or other securities of the Company or become pecuniarily interested in any transaction in which the Company may be interested, or contract with or lend money to the Company or otherwise act as fully and freely as though it were not Warrant Agent under this Warrant Agreement.   Nothing herein shall preclude the Warrant Agent from acting in any other capacity for the Company or for any other legal entity.   Nothing herein shall preclude the Warrant Agent or any Countersigning Agent from acting in any other capacity for the Company or for any other legal entity.

10.7     Resignation and Removal; Appointment of Successor.

(a)     The Warrant Agent may resign its duties and be discharged from all further duties and liability hereunder (except liability arising as a result of the Warrant Agent's own gross negligence, willful misconduct, fraud or bad faith) after giving 30 days' prior written notice to the Company.   The Company may remove the Warrant Agent upon 30 days' written notice, and the Warrant Agent shall thereupon in like manner be discharged from all further duties and liabilities hereunder, except as aforesaid.   The Warrant Agent shall, at the expense of the Company, cause notice to be given in accordance with Section 11.1(b) to the Company of said notice of resignation or notice of removal, as the case may be.   Upon such resignation or removal, the Company shall appoint in writing a new Warrant Agent.   If the Company shall fail to make such appointment within a period of 30 calendar days after it has been notified in writing of such resignation by the resigning Warrant Agent or after such removal, then the Holder of any Warrant Certificate may apply to any court of competent jurisdiction for the appointment of a new Warrant Agent.   Any new Warrant Agent, whether appointed by the Company or by such a court, shall be a corporation doing business under the laws of the United States or any state thereof in good standing, authorized under such laws to act as Warrant Agent, and having a combined capital and surplus of not less than $25,000,000. The combined capital and surplus of such new Warrant Agent shall be deemed to be the combined capital and surplus as set forth in the most recent annual report of its condition published by such Warrant Agent prior to its appointment; provided, however, such reports are published at least annually pursuant to law or to the requirements of a federal or state supervising or examining authority. After acceptance in writing of such appointment by the new Warrant Agent, it shall be vested with the same powers, rights, duties and responsibilities as if it had been originally named herein as the Warrant Agent, without any further assurance, conveyance, act or deed; but if for any reason it shall be reasonably necessary or expedient to execute and deliver any further assurance, conveyance, act or deed, the same shall be done at the reasonable expense of the Company and shall be legally and validly executed and delivered by the resigning or removed Warrant Agent.   Not later than the effective date of any such appointment, the Company shall file notice thereof with the resigning or removed Warrant Agent.   Failure to give any notice provided for in this Section 10.7(a), however, or any defect therein, shall not affect the legality or validity of the resignation of the Warrant Agent or the appointment of a new Warrant Agent as the case may be.

(b)     Any Person into which the Warrant Agent or any new Warrant Agent may be merged, or any Person resulting from any consolidation to which the Warrant Agent or any new Warrant Agent shall be a party, shall be a successor Warrant Agent under this Agreement without any further act; provided, however, that such corporation would be eligible for appointment as

26

successor to the Warrant Agent under the provisions of Section 10.7(a). Any such successor Warrant Agent shall promptly cause notice of its succession as Warrant Agent to be given in accordance with Section 11.1(b) to each Holder of a Warrant Certificate at such Holder's last address as shown on the Warrant Register.

10.8    Appointment of Countersigning Agent.

(a)    The Warrant Agent may appoint a Countersigning Agent or Agents which shall be authorized to act on behalf of the Warrant Agent to countersign Warrant Certificates issued upon original issue and upon exchange, registration of transfer or pursuant to Section 6, and Warrant Certificates so countersigned shall be entitled to the benefits of this Agreement equally and proportionately with any and all other Warrant Certificates duly executed and delivered hereunder. Wherever reference is made in this Agreement to the countersignature and delivery of Warrant Certificates by the Warrant Agent or to Warrant Certificates countersigned by the Warrant Agent, such reference shall be deemed to include countersignature and delivery on behalf of the Warrant Agent by a Countersigning Agent and Warrant Certificates countersigned by a Countersigning Agent. Each Countersigning Agent shall be acceptable to the Company and shall at the time of appointment be a corporation doing business under the laws of the United States or any state thereof in good standing, authorized under such laws to act as Countersigning Agent, and having a combined capital and surplus of not less than $25,000,000. The combined capital and surplus of such new Countersigning Agent shall be deemed to be the combined capital and surplus as set forth in the most recent annual report of its condition published by such Countersigning Agent prior to its appointment; provided, however, such reports are published at least annually pursuant to law or to the requirements of a federal or state supervising or examining authority.

(b)    Any Person into which a Countersigning Agent may be merged or any corporation resulting from any consolidation to which such Countersigning Agent shall be a party, shall be a successor Countersigning Agent without any further act; provided, that, such corporation would be eligible for appointment as a new Countersigning Agent under the provisions of Section 10.8(a), without the execution or filing of any paper or any further act on the part of the Warrant Agent or the Countersigning Agent. Any such successor Countersigning Agent shall promptly cause notice of its succession as Countersigning Agent to be given in accordance with Section 11.1(b) to each Holder of a Warrant Certificate at such Holder's last address as shown on the Warrant Register.

(c)    A Countersigning Agent may resign at any time by giving 30 days' prior written notice thereof to the Warrant Agent and to the Company. The Warrant Agent may at any time terminate the agency of a Countersigning Agent by giving 30 days' prior written notice thereof to such Countersigning Agent and to the Company.

(d)    The Warrant Agent agrees to pay to each Countersigning Agent from time to time reasonable compensation for its services under this Section 10.8 and the Warrant Agent shall be entitled to be reimbursed for such payments, subject to the provisions of Section 10.5.

(e)    Any Countersigning Agent shall have the same rights and immunities as those of the Warrant Agent set forth in this Section 10 and in this Agreement.

27

**11.     Notices**.

      11.1     <u>Notices Generally</u>.

          (a)     Any request, notice, direction, authorization, consent, waiver, demand or other communication permitted or authorized by this Agreement to be made upon, given or furnished to or filed with the Company or the Warrant Agent by the other party hereto or by any Holder shall be sufficient for every purpose hereunder if in writing (including telecopy communication) and telecopied, sent via trackable or first-class mail or delivered by hand (including by courier service) as follows:

      if to the Company, to:

          Whiting Petroleum Corporation
          1700 Lincoln, Suite 4700
          Denver, Colorado 80203
          Attention:     Correne Loeffler

      if to the Warrant Agent, to:

          Computershare Inc.
          Computershare Trust Company, N.A.
          250 Royall Street
          Canton, MA 02021
          Facsimile:     (781) 575-2549
          Attention:     Corporate Actions

or, in either case, such other address as shall have been set forth in a notice delivered in accordance with this <u>Section 11.1(a)</u>.

      All such communications shall be effective when sent.

      Any Person that telecopies any communication hereunder to any Person shall, on the same date as such telecopy is transmitted, also send, by trackable or first class mail, postage prepaid and addressed to such Person as specified above, an original copy of the communication so transmitted.

          (b)     Where this Agreement provides for notice to Holders of any event, such notice shall be sufficiently given (unless otherwise herein expressly provided) if in writing and mailed, by trackable or first-class mail, to each Holder affected by such event, at the address of such Holder as it appears in the Warrant Register. In any case where notice to Holders is given by mail, neither the failure to mail such notice, nor any defect in any notice so mailed, to any particular Holder shall affect the sufficiency of such notice with respect to other Holders. Where this Agreement provides for notice in any manner, such notice may be waived in writing by the Person entitled to receive such notice, either before or after the event, and such waiver shall be the equivalent of such notice.

      In case by reason of the suspension of regular mail service or by reason of any other cause it shall be impracticable to give such notice by mail, then such notification as shall be made by a

28

method approved by the Warrant Agent as one which would be most reliable under the circumstances for successfully delivering the notice to the addressees shall constitute a sufficient notification for every purpose hereunder.

Where this Agreement provides for notice of any event to a Holder of a Global Warrant Certificate, such notice shall be sufficiently given if given to the Depositary (or its designee), pursuant to its Applicable Procedures, not later than the latest date (if any), and not earlier than the earliest date (if any), prescribed for the giving of such notice.

11.2    Required Notices to Holders.  In the event the Company shall:

(a)    take any action that would result in an adjustment to the Exercise Price and/or the number of shares of Common Stock issuable upon exercise of a Warrant pursuant to Section 5.1;

(b)    consummate any Winding Up; or

(c)    consummate any Transaction (each of (a), (b) or (c), an "*Action*");

then, in each such case, unless the Company has made a filing with the Commission, including pursuant to a Current Report on Form 8-K, which filing discloses such Action, the Company shall cause to be delivered to the Warrant Agent and shall give to each Holder of a Warrant Certificate, in accordance with Section 11.1(b) hereof, a written notice of such Action, including, in the case of an action pursuant to Section 11.2(a), the information required under Section 5.1(j)(ii).  Such notice shall be given promptly after taking such Action.

If at any time the Company shall cancel any of the Actions for which notice has been given under this Section 11.2 prior to the consummation thereof, the Company shall give each Holder prompt notice of such cancellation in accordance with Section 11.1(b), unless the Company has made a filing with the Commission, including pursuant to a current report on Form 8-K, which filing discloses the cancellation of such Actions.

**12.    Inspection**.

The Warrant Agent shall cause a copy of this Agreement to be available at all reasonable times at the office of the Warrant Agent for inspection by any Holder of any Warrant Certificate. The Warrant Agent may require any such Holder to submit its Warrant Certificate for inspection by the Warrant Agent.

**13.    Amendments**.

(a)    This Agreement may be amended by the Company and the Warrant Agent with the consent of the Required Warrant Holders.

(b)    Notwithstanding the foregoing, the Company and the Warrant Agent may, without the consent or concurrence of the Holders of the Warrant Certificates, by supplemental agreement or otherwise, amend this Agreement for the purpose of making any changes or corrections in this Agreement that (i) are required to cure any ambiguity or to correct or supplement

any defective or inconsistent provision or clerical omission or mistake or manifest error herein contained or (ii) add to the covenants and agreements of the Company in this Agreement further covenants and agreements of the Company thereafter to be observed, or surrender any rights or powers reserved to or conferred upon the Company in this Agreement; provided, however, that in either case such amendment shall not adversely affect the rights or interests of the Holders of the Warrant Certificates hereunder in any material respect.

(c)      The consent of each Holder of any Warrant Certificate evidencing any warrants affected thereby shall be required for any supplement or amendment to this Agreement or the Warrants that would: (i) increase the Exercise Price or decrease the number of shares of Common Stock receivable upon exercise of Warrants, in each case other than as provided in Section 5.1; (ii) cause the Expiration Date to be changed to an earlier date; or (iii) modify the provisions contained in Section 5.1 in a manner adverse to the Holders of Warrant Certificates generally with respect to their Warrants.

(d)      The Warrant Agent shall join with the Company in the execution and delivery of any such amendment unless such amendment affects the Warrant Agent's own rights, duties or immunities hereunder, in which case the Warrant Agent may, but shall not be required to, join in such execution and delivery; provided, that, as a condition precedent to the Warrant Agent's execution of any amendment to this Agreement, the Company shall deliver to the Warrant Agent a certificate from an Appropriate Officer that states that the proposed amendment is in compliance with the terms of this Section 13.  Upon execution and delivery of any amendment pursuant to this Section 13, such amendment shall be considered a part of this Agreement for all purposes and every Holder of a Warrant Certificate theretofore or thereafter countersigned and delivered hereunder shall be bound thereby.

(e)      Promptly after the execution by the Company and the Warrant Agent of any such amendment, unless the Company has made a filing with the Commission, including pursuant to a current report on Form 8-K, which filing discloses such adjustment, the Company shall give notice to the Holders of Warrant Certificates, setting forth in general terms the substance of such amendment, in accordance with the provisions of Section 11.1(b).  Any failure of the Company to mail such notice or any defect therein, shall not, however, in any way impair or affect the validity of any such amendment.

## 14.     Waivers.

The Company may take any action herein prohibited, or omit to perform any act herein required to be performed by it, only if the Company has obtained the written consent of the Required Warrant Holders, as required pursuant to Section 13.

## 15.     Successor to Company.

So long as Warrants remain outstanding, the Company will not enter into any Transaction unless the acquirer (a "*Successor Company*") shall expressly assume by a supplemental agreement, executed and delivered to the Warrant Agent, in form reasonably satisfactory to the Warrant Agent, the due and punctual performance of every covenant of this Agreement on the part of the Company to be performed and observed and shall have provided for exercise rights in

30

accordance with <u>Section 5.1(f)(i)</u>. Upon the consummation of such Transaction, the acquirer shall succeed to, and be substituted for, and may exercise every right and power of, the Company under this Agreement with the same effect as if such acquirer had been named as the Company herein.

## 16.  **Headings**.

The section headings contained in this Agreement are inserted for convenience only and will not affect in any way the meaning or interpretation of this Agreement.

## 17.  **Counterparts**.

This Agreement may be executed in two or more counterparts, each of which will be deemed to be an original, but all of which together constitute one and the same instrument. A signature to this Agreement transmitted electronically shall have the same authority, effect and enforceability as an original signature.

## 18.  **Severability**.

The provisions of this Agreement will be deemed severable and the invalidity or unenforceability of any provision hereof will not affect the validity or enforceability of the other provisions hereof; <u>provided</u>, <u>that</u>, if any provision of this Agreement, as applied to any party or to any circumstance, is adjudged by a court or governmental body not to be enforceable in accordance with its terms, the parties agree that the court or governmental body making such determination will have the power to modify the provision in a manner consistent with its objectives such that it is enforceable, and/or to delete specific words or phrases, and in its reduced form, such provision will then be enforceable and will be enforced.

## 19.  **No Redemption**.

The Warrants shall not be subject to redemption by the Company or any other Person; <u>provided</u>, <u>that</u>, the Warrants may be acquired by means other than a redemption, whether by tender offer, open market purchases, negotiated transactions or otherwise, in accordance with applicable securities laws, so long as such acquisition does not otherwise violate the terms of this Agreement.

## 20.  **Persons Benefiting**.

This Agreement shall be binding upon and inure to the benefit of the Company, the Warrant Agent and the Holders from time to time. Nothing in this Agreement, express or implied, is intended to confer upon any person other than the Company, the Warrant Agent and the Holders any rights or remedies under or by reason of this Agreement or any part hereof, and all covenants, conditions, stipulations, promises and agreements contained in this Warrant Agreement shall be for the sole and exclusive benefit of the parties hereto and of the Holders. Each Holder, by acceptance of a Warrant Certificate, agrees to all of the terms and provisions of this Agreement applicable thereto.

31

**21.**     **Applicable Law**.

THIS AGREEMENT, EACH WARRANT CERTIFICATE ISSUED HEREUNDER, EACH WARRANT EVIDENCED THEREBY AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES HERETO AND THERETO, INCLUDING THE INTERPRETATION, CONSTRUCTION, VALIDITY AND ENFORCEABILITY THEREOF, SHALL BE GOVERNED BY, AND CONSTRUED AND ENFORCED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK.

**22.**     **Entire Agreement**.

This Agreement sets forth the entire agreement of the parties hereto as to the subject matter hereof and supersedes all previous agreements among all or some of the parties hereto with respect thereto, whether written, oral or otherwise.

**23.**     **Force Majeure.**

Notwithstanding anything to the contrary contained herein, the Warrant Agent will not be liable for any delays or failures in performance resulting from acts beyond its reasonable control including, without limitation, acts of God, terrorist acts, shortage of supply, disruptions in public utilities, interruptions or malfunction of computer facilities, or loss of data due to power failures or mechanical difficulties with information storage or retrieval systems, labor difficulties, war, or civil unrest.

**24.**     **Further Assurances.**

Each of the parties hereto shall perform, acknowledge and deliver or cause to be performed, acknowledged and delivered all such further and other acts, documents, instruments and assurances as may be reasonably required by such other party for the carrying out or performing by such party of the provisions of this Agreement.

**25.**     **Confidentiality.**

The Warrant Agent and the Company agree that all books, records, information and data pertaining to the business of the other party, including inter alia, personal, non-public warrant holder information, which are exchanged or received pursuant to the negotiation or the carrying out of this Agreement, and shall not be voluntarily disclosed to any other person, except as may be required by law, including, without limitation, pursuant to subpoenas from state or federal government authorities (e.g., in divorce and criminal actions) or to such party's advisors (including its attorneys).

[*Remainder of Page Intentionally Left Blank*]

32

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed and delivered as of the day and year first above written.

WHITING PETROLEUM CORPORATION, a Delaware corporation

By: _____

    Name:    [●]
    Title:    [●]

Computershare Inc.

By: _____

    Name:
    Title:

Computershare Trust Company, N.A.

By: _____

    Name:
    Title:

[*Signature Page to Warrant Agreement*]

EXHIBIT A

**[FACE OF SERIES B WARRANT CERTIFICATE]**[2]

**WHITING PETROLEUM CORPORATION**

**WARRANT CERTIFICATE**

**EVIDENCING**

**SERIES B WARRANTS TO PURCHASE COMMON STOCK**

[FACE]

No. [___]                                                                                                 CUSIP No. [●]


[UNLESS THIS GLOBAL SERIES B WARRANT CERTIFICATE IS PRESENTED BY AN AUTHORIZED REPRESENTATIVE OF THE DEPOSITORY TRUST COMPANY, A NEW YORK CORPORATION ("**DTC**"), TO WHITING PETROLEUM CORPORATION (THE "**COMPANY**"), THE CUSTODIAN OR ITS AGENT FOR REGISTRATION OF TRANSFER, EXCHANGE, OR PAYMENT, AND ANY CERTIFICATE ISSUED IS REGISTERED IN THE NAME OF CEDE & CO. OR IN SUCH OTHER NAME AS IS REQUESTED BY AN AUTHORIZED REPRESENTATIVE OF DTC (AND ANY PAYMENT IS MADE TO CEDE & CO. OR TO SUCH OTHER ENTITY AS IS REQUESTED BY AN AUTHORIZED REPRESENTATIVE OF DTC), ANY TRANSFER, PLEDGE, OR OTHER USE HEREOF FOR VALUE OR OTHERWISE BY OR TO ANY PERSON IS WRONGFUL INASMUCH AS THE REGISTERED OWNER HEREOF, CEDE & CO., HAS AN INTEREST HEREIN.

TRANSFER OF THIS GLOBAL SERIES B WARRANT CERTIFICATE SHALL BE LIMITED TO TRANSFERS IN WHOLE, AND NOT IN PART, TO THE COMPANY, DTC, THEIR SUCCESSORS AND THEIR RESPECTIVE NOMINEES.][3]

---

[2] To be removed in the versions of the Definitive Warrant Certificates printed in multiple copies for use by the Warrant Agent in preparing Definitive Warrants Certificates for issuance and delivery from time to time to holders.

[3] Include only on Global Warrant Certificate.

**WHITING PETROLEUM CORPORATION**

No. [__]                                                          [__,__,___] Warrants
                                                                  CUSIP No. [●]

THIS CERTIFIES THAT, for value received, [_____], or registered assigns, is the registered owner of the number of Warrants to purchase Common Stock of Whiting Petroleum Corporation, a Delaware corporation (the "***Company***", which term includes any successor thereto under the Warrant Agreement) specified above [or such lesser number as may from time to time be endorsed on the "Schedule of Decreases in Warrants" attached hereto][4], and is entitled, subject to and upon compliance with the provisions hereof and of the Warrant Agreement, at such Holder's option, at any time when the Warrants evidenced hereby are exercisable, to purchase from the Company one share of Common Stock of the Company for each Warrant evidenced hereby, at the purchase price of $[●] per share (as adjusted from time to time, the "***Exercise Price***"), payable in full at the time of purchase, the number of shares of Common Stock into which and the Exercise Price at which each Warrant shall be exercisable each being subject to adjustment as provided in <u>Section 5</u> of the Warrant Agreement.

All shares of Common Stock issuable by the Company upon the exercise of Warrants shall, upon such issuance, be duly and validly issued and fully paid and nonassessable. The Company shall pay any and all taxes (other than income taxes) that may be payable in respect of the issue or delivery of shares of Common Stock on exercise of Warrants. The Company or Warrant Agent shall not be required, however, to pay any tax or other charge imposed in respect of any transfer involved in the issue and delivery of shares of Common Stock in book-entry form or any certificates for shares of Common Stock or payment of cash or other property to any Recipient other than the Holder of the Warrant Certificate evidencing the exercised Warrant, and in case of such transfer or payment, the Warrant Agent and the Company shall not be required to issue or deliver any shares of Common Stock in book-entry form or any certificate or pay any cash until (a) such tax or charge has been paid or an amount sufficient for the payment thereof has been delivered to the Warrant Agent or to the Company, (b) it has been established to the Company's or Warrant Agent's satisfaction that any such tax or other charge that is or may become due has been paid or (c) the receipt of any other such information as set forth in the Warrant Agreement.

Each Warrant evidenced hereby may be exercised by the Holder hereof at the Exercise Price then in effect on any Business Day from and after the Original Issue Date until 5:00 p.m., New York time, on the Expiration Date in the Warrant Agreement.

Subject to the provisions hereof and of the Warrant Agreement, the Holder of this Warrant Certificate may exercise all or any whole number of the Warrants evidenced hereby by, in the case of a Global Warrant Certificate, by delivery to the Warrant Agent of the Exercise Form on the reverse hereof, setting forth the number of Warrants being exercised and otherwise properly completed and duly executed by the Holder thereof to the Warrant Agent, and delivering such Warrants by book-entry transfer through the facilities of the Depositary, to the Warrant Agent in accordance with the Applicable Procedures and otherwise complying with Applicable Procedures

---

[4] Include only on Global Warrant Certificate.

A-2

in respect of the exercise of such Warrants or, in the case of a Definitive Warrant Certificate, by delivery to the Warrant Agent of the Exercise Form on the reverse hereof, setting forth the number of Warrants being exercised and otherwise properly completed and duly executed by the Holder thereof to the Warrant Agent, and surrendering this Warrant Certificate to the Warrant Agent at its office maintained for such purpose (the "*Corporate Agency Office*").

Reference is hereby made to the further provisions of this Warrant Certificate set forth on the reverse hereof, which further provisions shall for all purposes have the same effect as if set forth at this place.

Unless this Warrant Certificate has been countersigned by the Warrant Agent by manual signature of an authorized officer on behalf of the Warrant Agent, this Warrant Certificate shall not be valid for any purpose and no Warrant evidenced hereby shall be exercisable.

IN WITNESS WHEREOF, the Company has caused this certificate to be duly executed under its corporate seal.

Dated:  [_____ __], 20[__]

WHITING PETROLEUM CORPORATION

[SEAL]                                By:  _____
                                                        [Title]

ATTEST:

Countersigned:

Computershare Trust Company, N.A., as                [                    ]
Warrant Agent
                                OR

By:  _____        By:  _____
              Authorized Agent                          as Countersigning Agent

                                        By:  _____
                                                    Authorized Officer

A-3

**Reverse of Series B Warrant Certificate**

**WHITING PETROLEUM CORPORATION**

**SERIES B WARRANT CERTIFICATE**

**EVIDENCING**

**SERIES B WARRANTS TO PURCHASE COMMON STOCK**

The Warrants evidenced hereby are one of a duly authorized issue of Warrants of the Company designated as its Series B Warrants to Purchase Common Stock ("*Warrants*"), limited in aggregate number to [●] issued under and in accordance with the Warrant Agreement, dated as of [●], 2020 (the "*Warrant Agreement*"), between the Company, Computershare Inc., a Delaware corporation ("*Computershare*"), and its wholly-owned subsidiary Computershare Trust Company, N.A., a federally chartered trust company (collectively, the "*Warrant Agent*", which term includes any successor thereto permitted under the Warrant Agreement), to which the Warrant Agreement and all amendments thereto reference is hereby made for a statement of the respective rights, limitations of rights, duties and immunities thereunder of the Company, the Warrant Agent, the Holders of Warrant Certificates and the owners of the Warrants evidenced thereby and of the terms upon which the Warrant Certificates are, and are to be, countersigned and delivered.  A copy of the Warrant Agreement shall be available at all reasonable times at the office of the Warrant Agent for inspection by the Holder hereof.

The Warrant Agreement provides that, in addition to certain adjustments to the number of shares of Common Stock into which a Warrant is exercisable and the Exercise Price required to be made in certain circumstances, in the case of any Transaction the Company shall cause the other Person involved in such Transaction to execute and deliver to the Warrant Agent a written instrument providing that (i) the Warrants evidenced hereby, if then outstanding, will be exercisable thereafter, during the period the Warrants evidenced hereby shall be exercisable as specified herein, only into the Substituted Securities that would have been receivable upon such Transaction by a holder of the number of shares of Common Stock that would have been issued upon exercise of such Warrant if such Warrant had been exercised in full immediately prior to such Transaction (upon certain assumptions specified in the Warrant Agreement); and (ii) the rights and obligations of the other Person involved in such Transaction and the holders in respect of Substituted Securities shall be substantially unchanged to be as nearly equivalent as may be practicable to the rights and obligations of the Company and Holders in respect of Common Stock.

Except as provided in the Warrant Agreement, all outstanding Warrants shall expire and all rights of the Holders of Warrant Certificates evidencing such Warrants shall automatically terminate and cease to exist, as of 5:00 p.m., New York time, on the Expiration Date.  The "*Expiration Date*" shall mean the earlier to occur of (x) [●], 2025 (the fifth (5th) anniversary of the Original Issue Date) or, if not a Business Day, then the next Business Day thereafter; (y) the date of consummation of a Transaction to which clause (ii) of Section 5.1(f) of the Warrant Agreement applies; and (z) a Winding Up.

In the event of the exercise of less than all of the Warrants evidenced hereby, a new Warrant Certificate of the same tenor and for the number of Warrants which are not exercised shall be

A-4

issued by the Company in the name or upon the written order of the Holder of this Warrant Certificate upon the cancellation hereof.

The Warrant Certificates are issuable only in registered form in denominations of whole numbers of Warrants.  Upon surrender at the office of the Warrant Agent and payment of the charges specified herein and in the Warrant Agreement, this Warrant Certificate may be exchanged for Warrant Certificates in other authorized denominations or the transfer hereof may be registered in whole or in part in authorized denominations to one or more designated transferees; provided, however, that such other Warrant Certificates issued upon exchange or registration of transfer shall evidence the same aggregate number of Warrants as this Warrant Certificate.  The Company shall cause to be kept at the office or offices of the Warrant Agent the Warrant Register in which, subject to such reasonable regulations as the Warrant Agent may prescribe and such regulations as may be prescribed by law, the Company shall provide for the registration of Warrant Certificates and of transfers or exchanges of Warrant Certificates.  No service charge shall be made for any registration of transfer or exchange of Warrant Certificates; provided, however, the Company may require payment of a sum sufficient to cover any tax or other governmental charge that may be imposed in connection with any registration of transfer or exchange of Warrant Certificates.

Prior to due presentment of this Warrant Certificate for registration of transfer, the Company, the Warrant Agent and any agent of the Company or the Warrant Agent may treat the Person in whose name this Warrant Certificate is registered as the owner hereof for all purposes, and neither the Company, the Warrant Agent nor any such agent shall be affected by notice to the contrary.

The Warrant Agreement permits, with certain exceptions as therein provided, the amendment thereof and the modification of the rights and obligations of the Company and the rights of the Holders of Warrant Certificates under the Warrant Agreement at any time by the Company and the Warrant Agent with the consent of the Required Warrant Holders.

Until the exercise of any Warrant, subject to the provisions of the Warrant Agreement and except as may be specifically provided for in the Warrant Agreement, (i) no Holder of a Warrant Certificate evidencing any Warrant shall have or exercise any rights by virtue hereof as a holder of Common Stock of the Company, including, without limitation, the right to vote, to receive dividends and other distributions or to receive notice of, or attend meetings of, stockholders or any other proceedings of the Company; (ii) the consent of any such Holder shall not be required with respect to any action or proceeding of the Company; (iii) except as provided with respect to a Winding Up of the Company, no such Holder, by reason of the ownership or possession of a Warrant or the Warrant Certificate representing the same, shall have any right to receive any cash dividends, stock dividends, allotments or rights or other distributions (except as specifically provided in the Warrant Agreement), paid, allotted or distributed or distributable to the stockholders of the Company prior to or for which the relevant record date preceded the date of the exercise of such Warrant; and (iv) no such Holder shall have any right not expressly conferred by the Warrant or Warrant Certificate held by such Holder.

This Warrant Certificate, each Warrant evidenced thereby and the Warrant Agreement shall be governed by and construed in accordance with the laws of the State of New York.

A-5

All terms used in this Warrant Certificate which are defined in the Warrant Agreement shall have the meanings assigned to them in the Warrant Agreement. In the event of any conflict between this Warrant Certificate and the Warrant Agreement, the Warrant Agreement shall control.

A-6

<u>Exercise Form for Series B Warrant Certificate</u>

[Warrant Agent]
Address
Attention: Transfer Department

Re: Whiting Petroleum Corporation Warrant Agreement, dated as of [●], 2020

In accordance with and subject to the terms and conditions hereof and of the Warrant Agreement, the undersigned registered Holder of this Warrant Certificate hereby irrevocably elects to exercise _____ Warrants evidenced by this Warrant Certificate.

The undersigned requests that the shares of Common Stock issuable upon exercise be in fully registered form in such denominations and registered in such names and delivered, together with any other property receivable upon exercise, in such manner as is specified in the instructions set forth below.

If the number of Warrants exercised is less than all of the Warrants evidenced hereby, (i) if this Warrant Certificate is a Global Warrant Certificate, the Warrant Agent shall endorse the "Schedule of Decreases in Warrants" attached hereto to reflect the Warrants being exercised or (ii) if this Warrant Certificate is a Definitive Warrant Certificate, the undersigned requests that a new Definitive Warrant Certificate representing the remaining Warrants evidenced hereby be issued and delivered to the undersigned unless otherwise specified in the instructions below.

A-7

Dated: _____     Name: _____

                                                   (Please Print)

_____
(Insert Social Security or Other
Identifying Number of Holder)          Address: _____

                                                     _____

                                                       Signature

(Signature must conform in all respects to name of Holder as specified on the face of this Warrant Certificate and must bear a signature guarantee by a bank, trust company or member firm of a U.S. national securities exchange.)

Signature Guaranteed:

     Instructions (i) as to denominations and names of Common Stock issuable upon exercise and as to delivery of such securities and any other property issuable upon exercise and (ii) if applicable, as to Definitive Warrant Certificates evidencing unexercised Warrants:

Assignment

    (Form of Assignment To Be Executed If Holder Desires To Transfer Warrant Certificate)

     FOR VALUE RECEIVED _____ hereby sells, assigns and transfers unto

Please insert social security or
other identifying number

(Please print name and address including zip code)

the Warrants represented by the within Warrant Certificate and does hereby irrevocably constitute and appoint _____ Attorney, to transfer said Warrant Certificate on the books of the within-named Company with full power of substitution in the premises.

Dated: _____     Signature _____

                                               (Signature must conform in all respects to name of Holder as specified on the face of this Warrant Certificate and must bear a signature guarantee by a bank, trust company or member firm of a U.S. national securities exchange.)

A-8

**[SCHEDULE A**

**SCHEDULE OF DECREASES IN WARRANTS**

The following decreases in the number of Warrants evidenced by this Global Warrant Certificate have been made:

| Date | Amount of decrease in number of Warrants evidenced by this Global Warrant Certificate | Number of Warrants evidenced by this Global Warrant Certificate following such decrease | Signature of authorized signatory][5] |
|------|------|------|------|
|      |      |      |      |

---

[5] Include only on Global Warrant Certificate.

A-9

**Exhibit K**

**Management Incentive Plan**

**WHITING PETROLEUM CORPORATION**
**2020 EQUITY INCENTIVE PLAN**

**1.      Purpose and Effective Date**

(a)      **Purpose**. The purpose of the Whiting Petroleum Corporation 2020 Equity Incentive Plan (the "Plan") is to promote the best interests of Whiting Petroleum Corporation (together with any successor thereto, the "Company") and its stockholders by providing key employees and non-employee directors of the Company and its Affiliates (as defined below) with an opportunity to acquire a proprietary interest in the Company, receive monetary payments based on the value of the Company's shares, or receive other incentive compensation. It is intended that the Plan will promote continuity of management and increased incentive and personal interest in the welfare of the Company by those key employees who are primarily responsible for shaping and carrying out the long-range plans of the Company and securing the Company's continued growth and financial success. In addition, by encouraging stock ownership by directors who are not employees of the Company or its Affiliates, the Company seeks to attract and retain on its Board of Directors persons of exceptional competence and to provide a further incentive to serve as a director of the Company.

(b)      **Effective Date**. The effective date of the Plan is [●] (the "Effective Date").

**2.      Definitions**

As used in the Plan, the following terms shall have the respective meanings set forth below:

(a)      "10% Stockholder" shall mean a Participating Key Employee who, as of the date an Incentive Stock Option is granted to such individual, owns more than ten percent (10%) of the total combined voting power of all classes of stock then issued by the Company or a subsidiary corporation.

(b)      "Act" shall mean the Securities Act of 1933, as amended.

(c)      "Affiliate" shall mean any entity that, directly or through one or more intermediaries, is controlled by, controls, or is under common control with, the Company within the meaning of Code Section 414(b) or (c); provided that, in applying such provisions, the phrase "at least 50 percent" shall be used in place of "at least 80 percent" each place it appears therein.

(d)      "Award" shall mean any Option, Stock Appreciation Right, Restricted Stock, Restricted Stock Unit, Performance Share, Performance Unit or Annual Incentive Award granted under the Plan.

(e)      "Award Agreement" shall mean any written agreement, contract, or other instrument or document evidencing any Award granted under the Plan.

(f)      "Beneficial Ownership" shall mean a Person's beneficial ownership of any securities:

(i)     which such Person or any of such Person's Affiliates has the right to acquire (whether such right is exercisable immediately or only after the passage of time) pursuant to any agreement, arrangement or understanding, or upon the exercise of conversion rights, exchange rights, rights, warrants or options, or otherwise; provided, however, that a Person shall not be deemed the Beneficial Owner of, or to beneficially own, (A) securities tendered pursuant to a tender or exchange offer made by or on behalf of such Person or any of such Person's Affiliates until such tendered securities are accepted for purchase, or (B) securities issuable upon exercise of rights issued pursuant to the terms of any Rights Agreement of the Company, at any time before the issuance of such securities;

(ii)     which such Person or any of such Person's Affiliates, directly or indirectly, has the right to vote or dispose of or has "beneficial ownership" of (as determined pursuant to Rule 13d-3 of the General Rules and Regulations under the Act), including pursuant to any agreement, arrangement or understanding; provided, however, that a Person shall not be deemed the Beneficial Owner of, or to beneficially own, any security under this clause (ii) as a result of an agreement, arrangement or understanding to vote such security if the agreement, arrangement or understanding: (A) arises solely from a revocable proxy or consent given to such Person in response to a public proxy or consent solicitation made pursuant to, and in accordance with, the applicable rules and regulations under the Act and (B) is not also then reportable on a Schedule 13D under the Act (or any comparable or successor report); or

(iii)     which are beneficially owned, directly or indirectly, by any other Person with which such Person or any of such Person's Affiliates has any agreement, arrangement or understanding for the purpose of acquiring, holding, voting (except pursuant to a revocable proxy as described in clause (ii) above) or disposing of any voting securities of the Company.

(g)     "Board" shall mean the Board of Directors of the Company.

(h)     "Change in Control" shall mean the occurrence of any of the following:

(i)     any Person (other than (A) the Company or any of its subsidiaries, (B) a trustee or other fiduciary holding securities under any employee benefit plan of the Company or any of its subsidiaries, (C) an underwriter temporarily holding securities pursuant to an offering of such securities or (D) a corporation owned, directly or indirectly, by the shareholders of the Company in substantially the same proportions as their ownership of stock in the Company ("Excluded Persons")) is or becomes the Beneficial Owner, directly or indirectly, of securities of the Company (not including in the securities beneficially owned by such Person any securities acquired directly from the Company or its Affiliates after the Effective Date, pursuant to express authorization by the Board that refers to this exception) representing 20% or more of either the then outstanding shares of

2

common stock of the Company or the combined Voting Power of the Company's then outstanding voting securities; or

(ii)     the following individuals cease for any reason to constitute a majority of the number of directors of the Company then serving: (A) individuals who, on the Effective Date constituted the Board and (B) any new director (other than a director whose initial assumption of office is in connection with an actual or threatened election contest, including but not limited to a consent solicitation, relating to the election of directors of the Company) whose appointment or election by the Board or nomination for election by the Company's shareholders was approved by a vote of at least two-thirds (2/3) of the directors then still in office who either were directors on the Effective Date, or whose appointment, election or nomination for election was previously so approved (collectively the "Continuing Directors"); provided, however, that individuals who are appointed to the Board pursuant to or in accordance with the terms of an agreement relating to a merger, consolidation, or share exchange involving the Company (or any direct or indirect subsidiary of the Company) shall not be Continuing Directors for purposes of this definition until after such individuals are first nominated for election by a vote of at least two-thirds (2/3) of the then Continuing Directors and are thereafter elected as directors by the shareholders of the Company at a meeting of shareholders held following consummation of such merger, consolidation, or share exchange; and, provided further, that in the event the failure of any such persons appointed to the Board to be Continuing Directors results in a Change in Control of the Company, the subsequent qualification of such persons as Continuing Directors shall not alter the fact that a Change in Control of the Company occurred; or

(iii)     the consummation of a merger, consolidation or share exchange of the Company with any other corporation or the issuance of voting securities of the Company in connection with a merger, consolidation or share exchange of the Company (or any direct or indirect subsidiary of the Company) pursuant to applicable stock exchange requirements, other than (A) a merger, consolidation or share exchange which would result in the voting securities of the Company outstanding immediately prior to such merger, consolidation or share exchange continuing to represent (either by remaining outstanding or by being converted into voting securities of the surviving entity or any parent thereof) at least 50% of the combined Voting Power of the voting securities of the Company or such surviving entity or any parent thereof outstanding immediately after such merger, consolidation or share exchange, or (B) a merger, consolidation or share exchange effected to implement a recapitalization of the Company (or similar transaction) in which no Person (other than an Excluded Person) is or becomes the Beneficial Owner, directly or indirectly, of securities of the Company (not including in the securities beneficially owned by such Person any securities acquired directly from the Company or its Affiliates after the Effective Date, pursuant to express authorization by the Board that refers to this exception) representing 20% or more of either the then outstanding shares of common stock of the Company or the combined Voting Power of the Company's then outstanding voting securities; or

3

(iv)    a complete liquidation or dissolution of the Company is effected or there is a sale or disposition by the Company of all or substantially all of the Company's assets (in one transaction or a series of related transactions within any period of 24 consecutive months), other than a sale or disposition by the Company of all or substantially all of the Company's assets to an entity at least 75% of the combined Voting Power of the voting securities of which are owned by Persons in substantially the same proportions as their ownership of the Company immediately prior to such sale.

Notwithstanding the foregoing, (1) no "Change in Control" shall be deemed to have occurred if there is consummated any transaction or series of integrated transactions immediately following which the record holders of the Stock immediately prior to such transaction or series of transactions continue to own, directly or indirectly, in the same proportions as their ownership in the Company, an entity that owns all or substantially all of the assets or voting securities of the Company immediately following such transaction or series of transactions and (2) with respect to an Award that is or may be considered deferred compensation subject to Code Section 409A, the definition of "Change in Control" herein shall be amended and interpreted in a manner that allows the definition to satisfy the requirements of a change of control under Code Section 409A solely for purposes of complying with the requirements of Code Section 409A.

(i)    "Code" shall mean the Internal Revenue Code of 1986, as amended from time to time. Any reference to a specific provision of the Code shall also be deemed a reference to any successor provision thereto.

(j)    "Commission" shall mean the United States Securities and Exchange Commission or any successor agency.

(k)    "Committee" shall mean a committee of the Board of Directors of the Company or a subcommittee thereof designated by such Board to administer the Plan and comprised solely of not less than two directors, each of whom will be a "non-employee director" within the meaning of Rule 16b-3; provided that the mere fact that the Committee shall fail to qualify under the foregoing requirements shall not invalidate any Award made by the Committee that is otherwise validly made under the Plan, unless the Committee is aware at the time of the Award's grant of the Committee's failure to so qualify.

(l)    "Dividend Equivalent" shall mean a right, granted to a Participating Key Employee or Non-Employee Director under the Plan, to receive cash equal to the cash dividends paid with respect to a specified number of Shares. Dividend Equivalents shall not be deemed to be Awards under the Plan.

(m)    "Exchange Act" shall mean the Securities Exchange Act of 1934, as amended from time to time.

(n)    "Excluded Items" shall mean any items which the Committee determines shall be excluded in fixing Performance Goals, including, without limitation, any gains or losses

4

from discontinued operations, any extraordinary gains or losses and the effects of accounting changes.

         (o)    "Fair Market Value" shall mean, with respect to a Share on a particular date: (i) the last sales price on such date on the New York Stock Exchange, as reported in The Wall Street Journal, or if no sales of Shares occur on the date in question, on the last preceding date on which there was a sale on such market; (ii) if the Shares are not listed on the New York Stock Exchange, but are traded on another national securities exchange or in an over-the-counter market, the last sales price (or, if there is no last sales price reported, the average of the closing bid and asked prices) for the Shares on the particular date, or on the last preceding date on which there was a sale of Shares on that exchange or market; or (iii) if the Shares are neither listed on a national securities exchange nor traded in an over-the-counter market, the price determined by the Committee. With respect to any property other than Shares, Fair Market Value shall mean the fair market value of such property determined by such methods or procedures as shall be established from time to time by the Committee.

         (p)    "Incentive Award" shall mean the right to receive a cash payment to the extent Performance Goals are achieved, and shall include "Annual Incentive Awards" as described in Section 6(f) of the Plan.

         (q)    "Incentive Stock Option" shall mean an option granted under Section 6(a) of the Plan that is intended to meet the requirements of Section 422 of the Code.

         (r)    "Key Employee" shall mean any officer or other key employee of the Company or of any Affiliate who is responsible for or contributes to the management, growth or profitability of the business of the Company or any Affiliate as determined by the Committee.

         (s)    "Non-Employee Director" shall mean a director of the Company or any Affiliate who is not an employee of the Company or any Affiliate.

         (t)    "Non-Qualified Stock Option" shall mean an option granted under Section 6(a) of the Plan that is not intended to be an Incentive Stock Option.

         (u)    "Option" shall mean an Incentive Stock Option or a Non-Qualified Stock Option.

         (v)    "Participant" shall mean a Participating Key Employee or a Non-Employee Director who is selected by the Committee to receive an Award under the Plan.

         (w)    "Participating Key Employee" shall mean a Key Employee designated to be granted an Award under the Plan.

         (x)    "Performance Goals" shall mean each of, or a combination of one or more of the performance metrics selected by the Committee as the basis for the vesting or payment of an Award, subject to such terms and conditions as the Committee determines in its discretion.

5

(y)     "Performance Period" shall mean, in relation to Performance Shares or Performance Units, any period for which a Performance Goal or Goals have been established; *provided, however*, that such period shall not be less than one year.

(z)     "Performance Share" shall mean any right granted under Section 6(e) of the Plan that will be paid out in cash, as a Share (which, in specified circumstances, may be a Share of Restricted Stock) or as a Restricted Stock Unit, which right is contingent on the achievement of one or more Performance Goals during a specified Performance Period.

(aa)    "Performance Unit" shall mean any right granted under Section 6(e) of the Plan to receive a designated dollar value amount in cash, Shares (which, in specified circumstances, may be a designated dollar value amount of Shares of Restricted Stock) or Restricted Stock Units, which right is contingent on the achievement of one or more Performance Goals during a specified Performance Period.

(bb)    "Person" shall mean any individual, corporation, partnership, association, joint-stock company, trust, unincorporated organization, or government or political subdivision thereof.

(cc)    "Released Securities" shall mean Shares of Restricted Stock with respect to which all applicable restrictions have expired, lapsed, or been waived.

(dd)    "Restricted Securities" shall mean Awards of Restricted Stock or other Awards under which issued and outstanding Shares are held subject to certain restrictions.

(ee)    "Restricted Stock" shall mean any Share granted under Section 6(c) of the Plan or, in specified circumstances, a Share paid in connection with another Award, with such Share subject to risk of forfeiture and restrictions on transfer or other restrictions that will lapse upon the achievement of one or more goals relating to completion of service by the Key Employee or Non-Employee Director or the achievement of performance or other objectives, as determined by the Committee.

(ff)    "Restricted Stock Unit" shall mean any right to receive Shares in the future granted under Section 6(d) of the Plan or paid in connection with another Award, with such right subject to risk of forfeiture and restrictions on transfer or other restrictions that will lapse upon the achievement of one or more goals relating to completion of service by the Key Employee or Non-Employee Director or the achievement of performance or other objectives, as determined by the Committee.

(gg)    "Rule 16b-3" shall mean Rule 16b-3 as promulgated by the Commission under the Exchange Act, or any successor rule or regulation thereto.

(hh)    "Shares" shall mean shares of common stock of the Company, $.001 par value, and such other securities or property as may become subject to Awards pursuant to an adjustment made under Section 4(b) of the Plan.

(ii)    "Stock Appreciation Right" shall mean any right granted under Section 6(b) of the Plan.

6

(jj)      "Voting Power" means the voting power of the outstanding securities of the Company having the right under ordinary circumstances to vote at an election of the Board of Directors of the Company.

## 3.      Administration

The Plan shall be administered by the Committee; *provided, however*, that if at any time the Committee shall not be in existence, the functions of the Committee as specified in the Plan shall be exercised by a committee consisting of those members of the Board of Directors of the Company who qualify as "non-employee directors" under Rule 16b-3. To the extent permitted by applicable law, the Committee may delegate to one or more executive officers of the Company any or all of the authority and responsibility of the Committee with respect to the Plan, other than with respect to Persons who are subject to Section 16 of the Exchange Act. To the extent the Committee has so delegated to one or more executive officers the authority and responsibility of the Committee, all references to the Committee herein shall include such officer or officers.

Subject to the terms of the Plan and without limitation by reason of enumeration, the Committee shall have full discretionary power and authority to: (i) designate Participating Key Employees and select Non-Employee Directors to be participants under the Plan; (ii) determine the type or types of Awards to be granted to each Participating Key Employee and Non-Employee Director under the Plan; (iii) determine the number of Shares to be covered by (or with respect to which payments, rights, or other matters are to be calculated in connection with), or the amount of cash to be earned pursuant to, Awards granted to Participating Key Employees and Non-Employee Directors; (iv) determine the terms and conditions of any Award granted to a Participating Key Employee or Non-Employee Director; (v) determine whether, to what extent, and under what circumstances Awards granted to Participating Key Employees or Non-Employee Director may be settled or exercised in cash, Shares, other securities, other Awards, or other property, and the method or methods by which Awards may be settled, exercised, cancelled, forfeited, or suspended; (vi) determine whether, to what extent, and under what circumstances cash, Shares, other Awards, and other amounts payable with respect to an Award granted to Participating Key Employees and Non-Employee Directors under the Plan shall be deferred either automatically or at the election of the holder thereof or of the Committee; (vii) interpret and administer the Plan and any instrument or agreement relating to, or Award made under, the Plan (including, without limitation, any Award Agreement); (viii) establish, amend, suspend, or waive such rules and regulations and appoint such agents as it shall deem appropriate for the proper administration of the Plan; and (ix) make any other determination and take another action that the Committee deems necessary or desirable for the administration of the Plan. Unless otherwise expressly provided in the Plan, all designations, determinations, interpretations, and other decisions under or with respect to the Plan or any Award shall be within the sole discretion of the Committee, may be made at any time, and shall be final, conclusive, and binding upon all Persons, including the Company, any Affiliate, any Participating Key Employee, any Non-Employee Director, any holder or beneficiary of any Award, any stockholder, and any employee of the Company or of any Affiliate.

Notwithstanding anything to the contrary in the Plan, the terms, conditions, and allocations of the Emergence Awards (as further described in Section 4 below) are set forth in

7

Exhibit A, Exhibit B and Exhibit C, and such Emergence Awards shall be made on the Effective Date without any further action of the Company or the Committee required.

The Company will indemnify and hold harmless each member of the Committee and the Board of Directors of the Company and each executive officer or member of any other committee to whom a delegation under this Section 3 has been made, as to any acts or omissions with respect to this Plan or any Award to the maximum extent that the law and the Company's by-laws permit.

**4.      Shares Available for Award**

(a)      **Shares Available**. Subject to adjustment as provided in Section 4(e), the number of Shares with respect to which Awards may be granted under the Plan shall be [●][1] (the "Plan Reserve"). To the extent an Award provides that it shall be paid in the form of cash, then the Shares underlying such Award (which serve as the basis for determining the cash payment that may be due thereunder) shall not deplete the Plan Reserve. In addition, if (A) an Award lapses, expires, terminates or is cancelled without the issuance of Shares thereunder (whether on a current or deferred basis), (B) it is determined during or at the conclusion of the term of an Award that all or some portion of the Shares with respect to which the Award was granted will not be issuable on the basis that the conditions for such issuance will not be satisfied, (C) Shares are forfeited under an Award or (D) Shares are issued under any Award and the Company subsequently reacquires them pursuant to rights reserved upon the issuance of the Shares, then such Shares shall be recredited to the Plan Reserve and may again be used for new Awards under the Plan, but Shares recredited to the Plan Reserve pursuant to clause (D) may not be issued pursuant to Incentive Stock Options. Notwithstanding the foregoing, in no event shall the following Shares be recredited to the Plan Reserve: Shares tendered in payment of the exercise price of an Option; Shares withheld to satisfy federal, state or local tax withholding obligations; Shares purchased by the Company using proceeds from Option exercises; and Shares subject to a stock-settled Stock Appreciation Right that are not issued in connection with the stock settlement of the Stock Appreciation Right upon its exercise.

(b)      **Initial Grant and Future Grants**.  Notwithstanding anything to the contrary contained herein, no less than [___] Shares[2] of the Plan Reserve shall be granted in the form of Restricted Stock Units or Performance Units upon the Effective Date, in the amounts and to the individuals listed on Exhibit A (the "Emergence Awards"). The Emergence Awards shall be granted in accordance with the form Emergence Restricted Stock Unit Award Agreement attached hereto on Exhibit B and the form Emergence Performance Stock Unit Award Agreement attached hereto on Exhibit C.  The portion of the Plan Reserve that does not constitute the Emergence Awards, plus any Awards granted pursuant to the Plan Reserve that have been forfeited or cancelled for no value before vesting (collectively, the "Remaining Plan

---

[1] NTD:  To equal 7% of New Equity, determined on a fully diluted and fully distributed basis (*i.e.*, assuming exercise of all warrants) as of the Effective Date.

[2]    NTD: To be 50% of the Plan Reserve, but reduced by subtracting a percentage equal to the quotient of $13.5 million divided by 7.70% of the stipulated equity value as set forth in the Plan Supplement.

Share Reserve"), will be granted on terms and conditions, and at such times, as are determined by the Committee in its discretion following the Effective Date.

(c)     **Limitation on Non-Employee Director Awards**. No Non-Employee Director shall be granted, during any calendar year, Awards having a grant date fair value in excess of $___.

(d)     **Accounting for Awards**. The number of Shares covered by an Award under the Plan shall be counted on the date of grant of such Award against the number of Shares available for granting Awards under the Plan.

(e)     **Sources of Shares Deliverable Under Awards**. Any Shares delivered pursuant to an Award may consist, in whole or in part, of authorized and unissued Shares or of treasury Shares.

(f)     **Adjustments; Change in Control**. If: (i) the Company shall at any time be involved in a merger or other transaction in which the Shares are changed or exchanged; (ii) the Company shall subdivide or combine the Shares or the Company shall declare a dividend payable in Shares, other securities or other property; (iii) the Company shall effect a cash dividend the amount of which, on a per Share basis, exceeds ten percent (10%) of the Fair Market Value of a Share at the time the dividend is declared, or the Company shall effect any other dividend or other distribution on the Shares in the form of cash, or a repurchase of Shares, that the Board determines by resolution is special or extraordinary in nature or that is in connection with a transaction that the Company characterizes publicly as a recapitalization or reorganization involving the Shares; or (iv) any other event shall occur, which, in the case of this clause (iv), in the judgment of the Committee necessitates an adjustment to prevent dilution or enlargement of the benefits or potential benefits intended to be made available under this Plan, then the Committee shall, in such manner as it may deem equitable to prevent dilution or enlargement of the benefits or potential benefits intended to be made available under this Plan, adjust as applicable: (A) the number and type of Shares subject to the Plan Reserve (including the number and type of Shares described in Section 4(a)(i) and (ii), and which may after the event be made the subject of Awards); (B) the number and type of Shares subject to outstanding Awards; (C) the grant, purchase, or exercise price with respect to any Award; and (D) the Performance Goals of an Award; or, if deemed appropriate, make provision for a cash payment in an amount determined by the Committee to the holder of an outstanding Award in exchange for cancellation of some or all of such Award (without the consent of the holder of an Award) effective at such time as the Committee specifies (which may be the time such transaction or event is effective) or in lieu of any or all of the foregoing adjustments; *provided, however*, in each case, that with respect to Awards of Incentive Stock Options no such adjustment shall be authorized to the extent that such authority would cause the Plan to violate Section 422(b) of the Code; and *provided further* that the number of Shares subject to any Award payable or denominated in Shares shall always be a whole number. In any event, previously granted Options or Stock Appreciation Rights are subject only to such adjustments as are necessary to maintain the relative proportionate interest the Options and Stock Appreciation Rights represented immediately prior to any such event and to preserve, without exceeding, the value of such Options or Stock Appreciation Rights.

9

Without limitation, in the event of any reorganization, merger, consolidation, combination or other similar corporate transaction or event, the Committee may substitute, on an equitable basis as the Committee determines, for each Share then subject to an Award and the Shares subject to this Plan (if the Plan will continue in effect), the number and kind of shares of stock, other securities, cash or other property to which holders of Shares are or will be entitled in respect of each Share pursuant to the transaction.

Notwithstanding the foregoing, in the case of a stock dividend (other than a stock dividend declared in lieu of an ordinary cash dividend) or subdivision or combination of the Shares (including a reverse stock split), if no action is taken by the Committee, adjustments contemplated by this subsection that are proportionate shall nevertheless automatically be made as of the date of such stock dividend or subdivision or combination of the Shares.

In order to preserve a Participant's rights under an Award in the event of a Change in Control, the Committee in its discretion may, at the time an Award is granted or at any time thereafter, take one or more of the following actions with respect to change in Control: (i) provide for the acceleration of any time period relating to the Award or the exercise of the Award in connection with a Change in Control; (ii) provide for the cancellation of the Award upon or immediately prior to the Change in Control in exchange for an amount of cash or other property equal to the value of the Award or the value that could have been received upon the exercise of the Award had the Award then been vested and/or exercisable; (iii) adjust the terms of the Award in the manner determined by the Committee to be appropriate to reflect the Change in Control; (iv) cause the Award to be assumed, or new right substituted therefor, by another entity; or (v) make such other provision as the Committee may consider equitable and in the best interests of the Company in connection with a Change in Control.

(g)  **Issuance or Assumption**. Notwithstanding any other provision of this Plan, and without affecting the number of Shares otherwise reserved or available under this Plan, in connection with any merger, consolidation, acquisition of property or stock, or reorganization, the Committee may authorize the issuance or assumption of awards under this Plan upon such terms and conditions as it may deem appropriate.

## 5.   Eligibility

The Committee may designate any Key Employee as a Participating Key Employee. All Non-Employee Directors shall be eligible to receive, at the discretion of the Committee, Awards of Non-Qualified Stock Options pursuant to Section 6(a), Stock Appreciation Rights pursuant to Section 6(b), Restricted Stock pursuant to Section 6(c) and Restricted Stock Units pursuant to Section 6(d). The Committee's granting of an Award to a Participant will not require the Committee to grant an Award to such individual at any future time. The Committee's granting of a particular type of Award to a Participant will not require the Committee to grant any other type of Award to such individual.

## 6.   Awards

(a) **Option Awards**. The Committee may grant Options to Key Employees and Non-Employee Directors with the terms and conditions as set forth below and with such additional terms and conditions, in either case not inconsistent with the provisions of the Plan, as the Committee shall determine.

(i) **Type of Option**. The Committee shall determine whether an Option granted to a Participating Key Employee is to be an Incentive Stock Option or Non-Qualified Stock Option; provided, however, that Incentive Stock Options may be granted only to Key Employees of the Company, a parent corporation (within the meaning of Code Section 424(e)) or a subsidiary corporation (within the meaning of Code Section 424(f)). All Options granted to Non-Employee Directors shall be Non-Qualified Stock Options.

(ii) **Exercise Price**. The exercise price per Share of an Option granted pursuant to this Section 6(a) shall be determined by the Committee; provided, however, that such exercise price shall not be less than 100% of the Fair Market Value of a Share on the date of grant of such Option; and provided further that an Incentive Stock Option granted to a 10% Stockholder must have an exercise price at least equal to 110% of the Fair Market Value of the Shares subject to the Option as determined on the date of grant.

(iii) **Option Term**. The term of each Option shall be fixed by the Committee; provided, however, that in no event shall the term of any Option exceed a period of ten years from the date of its grant; and provided further that each Incentive Stock Option granted to a 10% Stockholder must terminate no later than five years after the date of its grant.

(iv) **Grant Date**. The date of grant of each Option shall be fixed by the Committee; provided, however, that such date of grant may not be prior to the date of the Committee's approval of the grant.

(v) **Vesting, Exercisability and Method of Exercise**. An Option shall become vested and exercisable in such manner and within such period or periods and in such installments or otherwise as shall be determined by the Committee. The Committee also shall determine the method or methods by which, and the form or forms, including, without limitation, cash, Shares, other securities, other Awards, or other property, or any combination thereof, having a Fair Market Value on the exercise date equal to the relevant exercise price, in which payment of the exercise price with respect to any Option may be made or deemed to have been made.

(vi) **Incentive Stock Options**. The terms of any Incentive Stock Option granted to a Key Employee under the Plan shall comply in all respects with the provisions of Section 422 of the Code and any regulations promulgated thereunder. Notwithstanding any provision in the Plan to the contrary, no Incentive Stock Option may be granted hereunder after the tenth anniversary of the Effective Date. If the aggregate Fair Market Value of the Shares subject to all

11

Incentive Stock Options granted to a Participating Key Employee (as determined on the date of grant of each such Option) that become exercisable during a calendar year exceed $100,000, or if Options that are intended to be Incentive Stock Options otherwise fail to meet the applicable requirements of the Code, then such Incentive Stock Options shall be treated as a Non-Qualified Stock Options to the extent such $100,000 limitation is exceeded or to the extent of such other failure.

(b)     **Stock Appreciation Rights**. The Committee may grant Stock Appreciation Rights to Key Employees or Non-Employee Directors. Subject to the terms of the Plan and any applicable Award Agreement, a Stock Appreciation Right granted under the Plan shall confer on the holder thereof a right to receive, upon exercise thereof, the excess of (i) the Fair Market Value of one Share on the date of exercise over (ii) the grant price of the Stock Appreciation Right as specified by the Committee, which shall not be less than 100% of the Fair Market Value of one Share on the date of grant of the Stock Appreciation Right. Subject to the terms of the Plan, the grant price, grant date (which may not be prior to the date of the Committee's approval of the grant), term (which may not extend more than ten years from the date of the grant), methods of exercise, methods of settlement (including whether the Participating Key Employee or Non-Employee Director will be paid in cash, Shares, other securities, other Awards, or other property, or any combination thereof), and any other terms and conditions of any Stock Appreciation Right shall be determined by the Committee. The Committee shall also determine the vesting provisions of Stock Appreciation Rights. The Committee may impose such conditions or restrictions on the exercise of any Stock Appreciation Right as it may deem appropriate.

(c)     **Restricted Stock Awards**.

(i)     **Issuance**. The Committee may grant Awards of Restricted Stock to Key Employees and Non-Employee Directors.

(ii)     **Restrictions**. Shares of Restricted Stock granted to Participating Key Employees and Non-Employee Directors shall be subject to such restrictions as the Committee may impose (including, without limitation, any limitation on the right to vote a Share of Restricted Stock or the right to receive any dividend or other right or property), which restrictions may lapse separately or in combination at such time or times, in such installments or otherwise, as the Committee may deem appropriate, provided that Shares of Restricted Stock may not be granted with a vesting period shorter than one year (other than Shares of Restricted Stock that, in combination with the Shares relating to all other Awards granted with a vesting period shorter than one year, do not exceed 5% of the total Shares authorized under Section 4(a)).

(iii)     **Registration**. Any Restricted Stock granted under the Plan to a Participating Key Employee or Non-Employee Director may be evidenced in such manner as the Committee may deem appropriate, including, without limitation, book-entry registration or issuance of a stock certificate or certificates. In the event any stock certificate is issued in respect of Shares of Restricted Stock

12

granted under the Plan to a Participating Key Employee or Non-Employee Director, such certificate shall be registered in the name of the Participating Key Employee or Non-Employee Director and shall bear an appropriate legend (as determined by the Committee) referring to the terms, conditions, and restrictions applicable to such Restricted Stock.

(iv)     **Payment of Restricted Stock**. At the end of the applicable restriction period relating to Restricted Stock granted to a Participating Key Employee or Non-Employee Director, one or more stock certificates for the appropriate number of Shares, free of restrictions imposed under the Plan, shall be delivered to the Participating Key Employee or Non-Employee Director, or, if the Participating Key Employee or Non-Employee Director received stock certificates representing the Restricted Stock at the time of grant, the legends placed on such certificates to describe the restrictions imposed under the Plan shall be removed.

(v)     **Forfeiture**. Except as otherwise determined by the Committee, upon termination of employment of a Participating Key Employee or service as a director of a Non-Employee Director (as determined under criteria established by the Committee) for any reason during the applicable restriction period, all Shares of Restricted Stock still subject to restriction shall be forfeited by the Participating Key Employee or Non-Employee Director; provided, however, that the Committee may, when it finds that a waiver would be in the best interests of the Company, waive in whole or in part any or all remaining restrictions with respect to Shares of Restricted Stock held by a Participating Key Employee or Non-Employee Director.

(d)     **Restricted Stock Units**.

(i)     **Issuance**. The Committee may grant Awards of Restricted Stock Units to Key Employees or Non-Employee Directors.

(ii)     **Restrictions**. Restricted Stock Units granted to Participating Key Employees or Non-Employee Directors shall be subject to such restrictions as the Committee may impose, which restrictions may lapse separately or in combination at such time or times, in such installments or otherwise, as the Committee may deem appropriate.

(iii)     **Payment of Shares**. The Committee shall determine whether to settle Restricted Stock Units in cash, in Shares, or a combination thereof at end of any applicable restriction period; provided, however, that the Committee may defer, or make available such deferral elections with respect to, the settlement of Restricted Stock Units as it deems appropriate, subject in each case to the requirements of Code Section 409A.

(iv)     **Forfeiture**. Except as otherwise determined by the Committee, upon termination of employment of a Participating Key Employee or service as a director of a Non-Employee Director (as determined under criteria established by

13

the Committee) for any reason during the applicable restriction period, all unvested Restricted Stock Units shall be forfeited by the Participating Key Employee or Non-Employee Director; provided, however, that the Committee may, when it finds that a waiver would be in the best interests of the Company, waive in whole or in part any or all remaining restrictions with respect to Restricted Stock Units held by a Participating Key Employee or Non-Employee Director.

(e)      **Performance Shares and Performance Units**.

(i)      **Issuance**. The Committee may grant Awards of Performance Shares and/or Performance Units to Key Employees. Non-Employee Directors are not eligible to be granted Performance Shares or Performance Units under the Plan.

(ii)      **Performance Goals and Other Terms**. The Committee shall determine the Performance Period, the Performance Goal or Goals (and the performance level or levels related thereto) to be achieved during any Performance Period, the proportion of payments, if any, to be made for performance between the minimum and full performance levels for any Performance Goal and, if applicable, the relative percentage weighting given to each of the selected Performance Goals. The Committee shall also determine the restrictions applicable to Shares of Restricted Stock or Restricted Stock Units received upon payment of Performance Shares or Performance Units if Performance Shares or Performance Units are paid in such manner, and any other terms, conditions and rights relating to a grant of Performance Shares or Performance Units. The Committee shall have sole discretion to determine the Performance Goals applicable to any Award.

(iii)      **No Voting Rights**. Participating Key Employees shall have no voting rights with respect to Performance Shares or Shares underlying Performance Units held by them during the applicable Performance Period.

(iv)      **Payment**. As soon as is reasonably practicable following the end of the applicable Performance Period, subject to the Committee approving the satisfaction of the applicable Performance Goal if such Committee approval is required by the terms of the Award, payment of earned Performance Shares and/or Performance Units shall be made. The Committee, in its sole discretion, may pay earned Performance Shares and Performance Units in the form of cash, Shares (which may be Shares of Restricted Stock), Restricted Stock Units or a combination of cash, Shares (which may be Shares of Restricted Stock) and/or Restricted Stock Units, which have an aggregate Fair Market Value equal to the value of the earned Performance Shares and Shares underlying earned Performance Units at the close of the applicable Performance Period. Any Shares of Restricted Stock payable in connection with Performance Shares or Performance Units shall, pending the expiration, lapse, or waiver of the applicable restrictions, be evidenced in the manner as set forth in Section 6(c)(iii) hereof.

14

(f)     **Annual Incentive Awards**. Subject to the terms of this Plan, the Committee may grant Annual Incentive Awards to Key Employees. Non-Employee Directors are not eligible to be granted Annual Incentive Awards. The Committee shall determine all terms and conditions of an Annual Incentive Award, including but not limited to the Performance Goals, performance period, the potential amount payable, and the timing of payment.

(g)     **General**.

(i)     **No Consideration for Awards**. Awards shall be granted to Participating Key Employees and Non-Employee Directors for no cash consideration unless otherwise determined by the Committee.

(ii)     **Award Agreements**. Each Award granted under the Plan shall be evidenced by an Award Agreement in such form (consistent with the terms of the Plan) as shall have been approved by the Committee.

(iii)     **Awards May Be Granted Separately or Together**. Awards to Participating Key Employees under the Plan may be granted either alone or in addition to, in tandem with, or (subject to the limitations of Section 6(j)) in substitution for any other Award or any award granted under any other plan of the Company or any Affiliate. Awards granted in addition to or in tandem with other Awards, or in addition to or in tandem with awards granted under any other plan of the Company or any Affiliate, may be granted either at the same time as or at a different time from the grant of such other Awards or awards.

(iv)     **Forms of Payment Under Awards**. Subject to the terms of the Plan and of any applicable Award Agreement, payments or transfers to be made by the Company or an Affiliate upon the grant, exercise, or payment of an Award to a Participating Key Employee or Non-Employee Director may be made in such form or forms as the Committee shall determine, and may be made in a single payment or transfer, in installments, or on a deferred basis, in each case in accordance with rules and procedures established by the Committee. Such rules and procedures may include, without limitation, provisions for the payment or crediting of interest on installment or deferred payments.

(v)     **Limits on Transfer of Awards**. Except as otherwise provided by the Committee, no Award (other than Released Securities), and no right under any such Award, shall be assignable, alienable, saleable, or transferable by a Participating Key Employee or Non-Employee Director otherwise than by will or by the laws of descent and distribution (or, in the case of an Award of Restricted Securities, to the Company); provided, however, that a Participating Key Employee or Non-Employee Director at the discretion of the Committee may be entitled, in the manner established by the Committee, to designate a beneficiary or beneficiaries to exercise his or her rights, and to receive any property distributable, with respect to any Award upon the death of the Participating Key Employee or Non-Employee Director, as the case may be. Each Award, and each right under any Award, shall be exercisable, during the lifetime of the

15

Participating Key Employee or Non-Employee Director, only by such individual or, if permissible under applicable law, by such individual's guardian or legal representative. Except as otherwise provided by the Committee, no Award (other than Released Securities), and no right under any such Award, may be pledged, alienated, attached, or otherwise encumbered, and any purported pledge, alienation, attachment, or encumbrance thereof shall be void and unenforceable against the Company or any Affiliate.

(vi) **Term of Awards**. Except as otherwise provided in the Plan, the term of each Award shall be for such period as may be determined by the Committee.

(vii) **Share Certificates; Representation**. In addition to the restrictions imposed pursuant to Section 6(c) and Section 6(e) hereof, all certificates for Shares delivered under the Plan pursuant to any Award or the exercise thereof shall be subject to such stop transfer orders and other restrictions as the Committee may deem advisable under the Plan or the rules, regulations, and other requirements of the Commission, any stock exchange or other market upon which such Shares are then listed or traded, and any applicable federal or state securities laws, and the Committee may cause a legend or legends to be put on any such certificates to make appropriate reference to such restrictions. The Committee may require each Participating Key Employee, Non-Employee Director or other Person who acquires Shares under the Plan by means of an Award originally made to a Participating Key Employee or Non-Employee Director to represent to the Company in writing that such Participating Key Employee, Non-Employee Director or other Person is acquiring the Shares without a view to the distribution thereof.

(h) **Dividends and Dividend Equivalents**. In addition to Awards granted under the Plan, the Committee may grant Dividend Equivalents to Participating Key Employees and Non-Employee Directors, entitling the Participating Key Employees and Non-Employee Directors to receive cash equal to cash dividends paid with respect to a specified number of Shares. Dividend Equivalents may only be granted in connection with "full-value" Awards granted to the Participating Key Employee or Non-Employee Director under the Plan. For this purpose, a "full-value" Award includes Restricted Stock, Restricted Stock Units, Performance Shares, Performance Units (valued in relation to a Share) and any other similar Award under which the value of the Award is measured as the full value of a Share, rather than the increase in the value of a Share. The Committee may provide that Dividend Equivalents shall be paid or distributed when accrued or shall be deemed to have been reinvested in such investment vehicles as determined by the Committee, subject to such restrictions and risks of forfeiture as the Committee may impose. Notwithstanding anything to the contrary in the Plan, no dividends or Dividend Equivalents may be paid to a Participant with respect to an Award prior to the vesting of such Award.

(i) **No Repricing or Backdating of Options of Stock Appreciation Rights**. Except for adjustments made pursuant to Section 4(b), neither the Committee nor any other person may decrease the exercise or grant price for any outstanding Option or Stock

16

Appreciation Right after the date of grant, cancel an outstanding Option or Stock Appreciation Right in exchange for cash or other Awards (other than cash or other Awards with a value equal to the excess of the Fair Market Value of the Shares subject to such Option or Stock Appreciation Right at the time of cancellation over the exercise or grant price for such Shares) or allow a Participant to surrender an outstanding Option or Stock Appreciation Right to the Company as consideration for the grant of a new Option or Stock Appreciation Right with a lower exercise price. In addition, the Committee may not make a grant of an Option or Stock Appreciation Right with a grant date that is effective prior to the date the Committee takes action to approve such Award.

(j)        **Code Section 409A**. The Plan is intended to comply with the applicable requirements of Section 409A of the Code and shall be limited, construed, and interpreted in accordance with such intent.  To the extent that any Award is subject to Section 409A of the Code, it shall be structured in a manner that will comply with or be exempt from Section 409A of the Code, including proposed, temporary, or final regulations or any other guidance issued by the Secretary of the Treasury and the Internal Revenue Service with respect thereto.  The Company shall have no liability to a Participant, or any other Person, if an Award that is intended to be exempt from, or compliant with, Section 409A of the Code is not so exempt therefrom or compliant therewith or for any action taken by the Committee or the Company and, in the event that any amount or benefit under the Plan becomes subject to penalties under Section 409A of the Code, responsibility for payment of such penalties shall rest solely with the affected Participants and not with the Company.  Notwithstanding any contrary provision in the Plan or Award Agreement, any payment(s) of "nonqualified deferred compensation" (within the meaning of Section 409A of the Code) that are otherwise required to be made under the Plan to a "specified employee" (as defined under Section 409A of the Code) as a result of such employee's "separation from service" (as defined under Section 409A of the Code, and excluding any payments that are not subject to Section 409A of the Code) shall be delayed for the first six (6) months following such separation from service (or, if earlier, the date of death of the specified employee) and shall instead be paid (in a manner set forth in the Award Agreement) upon expiration of such six (6)-month delay period.  Furthermore, notwithstanding any contrary provision of the Plan or Award Agreement, any payment of "nonqualified deferred compensation" (within the meaning of Section 409A of the Code) under the Plan that may be made in installment shall be treated as a right to receive a series of separate and distinct payments.

**7.        Amendment and Termination of the Plan; Correction of Defects and Omissions**

(a)        **Amendments to and Termination of the Plan**. Except as otherwise provided herein, the Board of Directors of the Company or the Committee may at any time amend, alter, suspend, discontinue, or terminate the Plan; provided, however, that:

(i)        approval by the Board of Directors shall be required for any such action to the extent the Company determines such approval is required by: (A) prior action of the Board, (B) applicable corporate law, or (C) any other applicable law;

17

(ii) stockholder approval of any amendment of the Plan shall also be obtained to the extent the Company determines such approval is required by: (A) Section 16 of the Exchange Act, (B) the Code, (C) the listing requirements of any principal securities exchange or market on which the Shares are then traded, or (D) any other applicable law; and

(iii) stockholder approval is required for any of the following Plan amendments: (A) an amendment to materially increase any number of Shares or limits specified in Section 4(a) (except as contemplated by Section 4(b)), (B) an amendment to expand the group of individuals that may become Participants, or (C) an amendment that would diminish the protections afforded by Section 6(j) or that would materially change the minimum vesting and performance requirements of an Award as required in the Plan.

(b) **Amendment, Modification or Cancellation of Awards**. Subject to the requirements of this Plan, the Committee may modify, amend or cancel any Award, or waive any restrictions or conditions applicable to any Award or the exercise of the Award, provided that any modification or amendment that materially diminishes the rights of the Participant, or any cancellation of an Award, shall be effective only if agreed to by the Participant or any other person(s) as may then have an interest in the Award, but the Committee need not obtain Participant (or other interested party) consent for the adjustment or cancellation of an Award pursuant to the provisions of Section 4(b) or the modification of an Award to the extent deemed necessary to comply with any applicable law, the listing requirements of any principal securities exchange or market on which the Shares are then traded, or to preserve favorable accounting or tax treatment of any Award for the Company. Notwithstanding the foregoing, unless determined otherwise by the Committee, any such amendment shall be made in a manner that will enable an Award intended to be exempt from Code Section 409A to continue to be so exempt, or to enable an Award intended to comply with Code Section 409A to continue to so comply.

(c) **Recoupment of Awards**. Any Awards granted pursuant to this Plan, and any Stock issued or cash paid pursuant to an Award, shall be subject to (i) any recoupment, clawback, equity holding, stock ownership or similar policies adopted by the Company from time to time (to the extent contemplated by such policies) and (ii) any recoupment, clawback, equity holding, stock ownership or similar requirements made applicable by law, regulation or listing standards to the Company from time to time (to the extent contemplated by such requirements).

(d) **Correction of Defects, Omissions and Inconsistencies**. The Committee may correct any defect, supply any omission, or reconcile any inconsistency in the Plan, any Award or any Award Agreement in the manner and to the extent it shall deem desirable to carry the Plan into effect.

(e) **Survival Of Awards**. Termination of the Plan shall not affect the rights of Participating Key Employees or Non-Employee Directors with respect to Awards previously granted to them, and all unexpired Awards shall continue in force and effect after termination of the Plan except as they may lapse or be terminated by their own terms and conditions.

18

Notwithstanding the foregoing, the authority of the Board and the Committee under this Section 7 and to otherwise administer the Plan will extend beyond the date of this Plan's termination.

**8.      General Provisions**

(a)      **No Rights to Awards**. No Key Employee, Participating Key Employee, Non-Employee Director or other Person shall have any claim to be granted any Award under the Plan, and there is no obligation for uniformity of treatment of Key Employees, Participating Key Employees, Non-Employee Directors or holders or beneficiaries of Awards under the Plan. The terms and conditions of Awards need not be the same with respect to each Participating Key Employee or Non-Employee Director.

(b)      **Withholding**. No later than the date as of which tax withholding is first required with respect to any Award under the Plan, the Participating Key Employee shall pay to the Company, or make arrangements satisfactory to the Company regarding the payment of, any federal, state, local or foreign taxes of any kind required by law to be withheld with respect to such amount. Unless otherwise determined by the Committee, withholding obligations arising with respect to Awards to Participating Key Employees under the Plan may be settled with Shares (other than Restricted Securities), including Shares that are part of, or are received upon exercise of, the Award that gives rise to the withholding requirement; *provided*, *however*, that the amount to be withheld may not exceed the total maximum statutory tax rates associated with the transaction to the extent needed for the Company to avoid adverse accounting treatment. The obligations of the Company under the Plan shall be conditional on such payment or arrangements, and the Company and any Affiliate shall, to the extent permitted by law, have the right to deduct any such taxes from any payment otherwise due to the Participating Key Employee. The Committee may establish such procedures as it deems appropriate for the settling of withholding obligations with Shares, including, without limitation, the establishment of such procedures as may be necessary to satisfy the requirements of Rule 16b-3.

(c)      **No Guarantee of Tax Treatment**. Notwithstanding any provisions of the Plan, the Company does not guarantee to any Participant or any other Person with an interest in an Award that (i) any Award intended to be exempt from Code Section 409A shall be so exempt, (ii) any Award intended to comply with Code Section 409A or Code Section 422 shall so comply, or (iii) any Award shall otherwise receive a specific tax treatment under any other applicable tax law, nor in any such case will the Company or any Affiliate indemnify, defend or hold harmless any individual with respect to the tax consequences of any Award.

(d)      **No Limit on Other Compensation Arrangements**. Nothing contained in the Plan shall prevent the Company or any Affiliate from adopting or continuing in effect other or additional compensation arrangements, and such arrangements may be either generally applicable or applicable only in specific cases.

(e)      **Rights and Status of Recipients of Awards**. The grant of an Award shall not be construed as giving a Participating Key Employee the right to be retained in the employ of the Company or any Affiliate. Further, the Company or any Affiliate may at any time dismiss a Participating Key Employee from employment, free from any liability, or any claim under the Plan, unless otherwise expressly provided in the Plan or in any Award Agreement. The grant of

19

an Award to a Non-Employee Director pursuant to Section 6(a) of the Plan shall confer no right on such Non-Employee Director to continue as a director of the Company or any Affiliate. Except for rights accorded under the Plan and under any applicable Award Agreement, Participating Key Employees and Non-Employee Directors shall have no rights as holders of Shares as a result of the granting of Awards hereunder.

(f)     **No Compensation for Benefit Plans**. No Award payable under this Plan shall be deemed salary or compensation for the purpose of computing benefits under any benefit plan or other arrangement of the Company or any Affiliate for the benefit of its employees or directors unless the Company or appropriate Affiliate shall determine otherwise.

(g)     **Unfunded Status of the Plan**. Unless otherwise determined by the Committee, the Plan shall be unfunded and shall not create (or be construed to create) a trust or a separate fund or funds. The Plan shall not establish any fiduciary relationship between the Company and any Participating Key Employee, Non-Employee Director or other Person. To the extent any Person holds any right by virtue of a grant under the Plan, such right (unless otherwise determined by the Committee) shall be no greater than the right of a general unsecured creditor of the Company.

(h)     **Governing Law; Limitations on Actions**. The validity, construction, and effect of the Plan and any rules and regulations relating to the Plan shall be determined in accordance with the internal laws of the State of Delaware, without reference to conflict of law principles thereof, and applicable federal law. Any action or other legal proceeding with respect to the Plan or any Award may be brought only within the period ending on the earlier of (i) one year after the date the claimant in such action or proceeding knows or with the exercise of reasonable care should have known of the facts giving rise to the claim, or (ii) the expiration of the applicable statute of limitations period under applicable law. Exclusive jurisdiction over any such actions or legal proceedings shall reside in the courts of the State of Colorado and the United States District Court located in Denver, Colorado.

(i)     **Severability**. If any provision of the Plan or any Award Agreement or any Award is or becomes or is deemed to be invalid, illegal, or unenforceable in any jurisdiction, or as to any Person or Award, or would disqualify the Plan, any Award Agreement or any Award under any law deemed applicable by the Committee, such provision shall be construed or deemed amended to conform to applicable laws, or if it cannot be so construed or deemed amended without, in the determination of the Committee, materially altering the intent of the Plan, any Award Agreement or the Award, such provision shall be stricken as to such jurisdiction, Person, or Award, and the remainder of the Plan, any such Award Agreement and any such Award shall remain in full force and effect.

(j)     **No Fractional Shares**. No fractional Shares or other securities shall be issued or delivered pursuant to the Plan, any Award Agreement or any Award, and the Committee shall determine (except as otherwise provided in the Plan) whether cash, other securities, or other property shall be paid or transferred in lieu of any fractional Shares or other securities, or whether such fractional Shares or other securities or any rights thereto shall be canceled, terminated, or otherwise eliminated.

20

(k)    **Headings**. Headings are given to the Sections and subsections of the Plan solely as a convenience to facilitate reference. Such headings shall not be deemed in any way material or relevant to the construction or interpretation of the Plan or any provision thereof.

# EXHIBIT A

## Emergence Awards[3]

---

[3]   NTD: To be determined prior to Effective Date.

**EXHIBIT B**

**Form of Emergence Restricted Stock Unit Award Agreement**

23

**WHITING PETROLEUM CORPORATION**

**RESTRICTED STOCK UNIT AWARD AGREEMENT (STOCK-SETTLED)**

THIS RESTRICTED STOCK UNIT AWARD AGREEMENT (this *"Agreement"*) is made and entered into as of [●], 20[●], by and between Whiting Petroleum Corporation, a Delaware corporation with its principal offices at Denver, Colorado (the *"Company"*), and the employee of the Company or one of its affiliates whose signature is set forth on the signature page hereof (the *"Participant"*).

**W I T N E S S E T H:**

WHEREAS, the Company has adopted the Whiting Petroleum Corporation 2020 Equity Incentive Plan (the *"Plan"*), which permits the Company to issue equity-based awards to certain key employees and non-employee directors of the Company and any affiliate of the Company; and

WHEREAS, the Participant is an employee of the Company or one of its affiliates, and the Company desires such person to remain in such capacity and wishes to provide such person with the opportunity to receive monetary payments based on the value of the Company's shares of common stock (the "*Shares*") to align the personal interests of the Participant with the interests of shareholders and the success of the Company.

NOW, THEREFORE, in consideration of the premises and of the covenants and agreements herein set forth, the parties hereby mutually covenant and agree as follows:

1.      <u>Award of RSUs</u>. Subject to the terms and conditions set forth herein, the Company hereby awards the Participant the number of restricted stock units set forth on the signature page hereof (the "*RSUs*").

2.      <u>Vesting</u>. Subject to Sections 4, 5 and 12, one-third of the RSUs shall vest on each of the first, second, and third anniversaries of the Grant Date specified on the signature page hereof.

3.      <u>Settlement</u>. As soon as reasonably practicable (but no more than thirty (30) days) after each vesting date or event (in the case of Sections 4 and 12), the Company will issue to the Participant a number of Shares equal to the number of RSUs that vested on such date or event. Notwithstanding the foregoing, if the RSUs are deferred compensation subject to Section 409A of the Code, and if the Participant is a "specified employee" as of the date of his or her "separation from service" (as those terms are defined in Section 409A of the Code), then the issuance of any Shares that would otherwise be made upon the date of the Participant's separation from service or within the first six (6) months thereafter will not be made on the originally scheduled date and will instead be issued on the date that is six (6) months and one day after the date of the Participant's separation from service, but only if such delay in the issuance of the Shares is necessary to avoid the imposition of additional taxation on the Participant in respect of the Shares under Section 409A of the Code.

4.      <u>Qualifying Termination of Employment</u>. If the Participant's employment is terminated by Retirement (as defined below), due to death or Disability, by the Company or any of its affiliates without Cause, or by the Participant for Good Reason (each as defined [in the

Executive Employment and Severance Agreement between the Participant and the Company][below]), then the RSUs shall become 100% vested as of the date of such termination of employment, unless the RSUs were previously forfeited under the terms of this Agreement.  For purpose of the foregoing:

["Cause" shall mean the Participant's (i) failure, neglect, or refusal to perform the lawful employment duties related to the Participant's position or that have been assigned to the Participant (other than due to disability); (ii) willful, intentional, or grossly negligent act having the effect of materially injuring the Company's interest, business or reputation; (iii) violation or failure to comply in any material respect with the Company's published rules, regulations, or policies and such violation or failure has the effect of materially injuring the Company's interest, business or reputation; (iv) act constituting a felony or misdemeanor involving moral turpitude, fraud, theft, or dishonesty; (v) misappropriation or embezzlement of any Company property (whether or not such act constitutes a felony or misdemeanor); or (vi) breach of any material provision of this Agreement or any applicable employment agreement, non-compete, non-solicit, general release, covenant not-to-sue, or other agreement with the Company.

"Disability" means, subject to applicable law, any medically determinable physical or mental impairment that (i) renders the Participant unable to perform the duties of his or her position with the Company and (ii) is expected to last for a continuous period of not less than six (6) months, all as certified by a physician reasonably acceptable to the Company or its successor.

"Good Reason" means the occurrence of any of the following without the Participant's consent: (i) a material diminution in the Participant's authority, duties or responsibilities; (ii) a material diminution in the authority, duties or responsibilities of the supervisor to whom the Participant is required to report; (iii) a material diminution in the budget over which the Participant retains authority; (iv) a material change in the geographical location at which the Participant must perform services; or (v) a material reduction in the Participant's base salary; or (vi) the Company's material breach of any provision of this Agreement or any applicable employment agreement.]

"Retirement" shall mean the termination of the Participant's employment (a) following the Participant's having reached the age of sixty (60) with at least ten (10) years of service as an employee of the Company or one of its affiliates and (b) at a time when Participant's employment could not have been terminated for Cause (as defined [in the Executive Employment and Severance Agreement between the Participant and the Company][above][1]).

5.     Other Termination of Employment.  If the Participant's employment with the Company and its affiliates is terminated for any reason other than as expressly set forth in Section 4, then all RSUs that have not vested as of the date of termination shall be forfeited as of the date on which such termination occurs.

6.     Rights as a Shareholder;  Dividend Equivalents.  The Participant shall not have any rights of a shareholder with respect to the Shares underlying the RSUs (including, without limitation, any voting rights or any right to dividends), until the Shares have been issued hereunder. If, however, after the Grant Date and prior to the settlement date, a record date with respect to a

---

[1]     NTD: Definition to be included if not party to an Executive Employment and Severance Agreement.

2

cash dividend on the Shares occurs, then on the date that such dividend is paid to Company shareholders the Participant shall be credited with "dividend equivalents" in an amount equal to the dividends that would have been paid to the Participant if the Participant owned a number of Shares equal to the number of outstanding RSUs hereunder as of such record date. The dividend equivalents will be deemed to be reinvested in additional restricted stock units (determined by multiplying the cash dividends paid by the Fair Market Value of a Share on the dividend payment date) and will be subject to the same terms and conditions, and shall vest and be settled or be forfeited (if applicable) at the same time as the RSUs to which they are attributable.

7.      Tax Withholding. As a condition of receiving this award of RSUs, the Participant agrees to pay to the Company upon demand such amount as may be requested by the Company for the purpose of satisfying its liability to withhold federal, state, or local income or other taxes due by reason of the grant, vesting or settlement of, or by reason of any other event relating to, the RSUs, or the Participant may elect to have the Company satisfy such withholding obligations by withholding a number of Shares otherwise issuable hereunder having a Fair Market Value on the date the tax obligation arises equal to the amount to be withheld; *provided*, *however*, that the amount to be withheld may not exceed the total maximum statutory tax rates associated with the transaction to the extent needed for the Company to avoid adverse accounting treatment. If the Participant does not make such payment or election, then the Company or an affiliate may withhold such taxes from other amounts owed to the Participant or may choose to satisfy the withholding obligations by withholding Shares otherwise issuable hereunder in accordance with the preceding sentence.

8.      No Right to Employment or Service. Nothing in this Agreement shall confer upon the Participant any right to continue in the employment or service of the Company or any affiliate, or interfere with or limit in any way the right of the Company or an affiliate to terminate the Participant's employment or service at any time.

9.      Interpretation by Committee. The Participant agrees that any dispute or disagreement which may arise in connection with this Agreement shall be resolved by the Committee, in its sole discretion, and that any interpretation by the Committee of the terms of this Agreement or the Plan and any determination made by the Committee under this Agreement or the Plan may be made in the sole discretion of the Committee and shall be final, binding, and conclusive. Any such determination need not be uniform and may be made differently among Participants awarded restricted stock units.

10.      Transferability. The Participant may not transfer any interest in the RSUs other than under the Participant's will or as required by the laws of descent and distribution. The RSUs also may not be pledged, attached, or otherwise encumbered. Any purported assignment, alienation, sale, transfer, pledge, attachment or encumbrance of the RSUs in violation of the terms of this Agreement shall be null and void and unenforceable against the Company or its successors. In addition, notwithstanding anything to the contrary herein, the Participant agrees and acknowledges with respect to any Shares issued hereunder that have not been registered under the Securities Act of 1933, as amended (the "*Act*") (a) he or she will not sell or otherwise dispose of such Shares except pursuant to an effective registration statement under the Act and any applicable state securities laws, or in a transaction which, in the opinion of counsel for the Company, is exempt

3

from such registration, and (b) a legend will be placed on the certificates for the Shares to such effect.

  11. <u>Miscellaneous</u>.

   (a) This Agreement shall be governed by and construed in accordance with the internal laws of the State of Delaware applicable to contracts made and to be performed therein between residents thereof.

   (b) This Agreement may not be amended or modified except by the written consent of the parties hereto.

   (c) The captions of this Agreement are inserted for convenience of reference only and shall not be taken into account in construing this Agreement.

   (d) Any notice, filing or delivery hereunder or with respect to the RSUs shall be given to the Participant at either his or her usual work location or his or her home address as indicated in the records of the Company, and shall be given to the Committee or the Company at 1700 Lincoln, Suite 4700, Denver, Colorado 80203-4547, Attention: Corporate Secretary. All such notices shall be given by first class mail, postage prepaid, or by personal delivery.

   (e) This Agreement shall be binding upon and inure to the benefit of the Company and its successors and assigns and shall be binding upon and inure to the benefit of the Participant and the Participant's heirs and legal representatives.

   (f) This Agreement is subject in all respects to the terms and conditions of the Plan.

  12. <u>Change of Control</u>. Notwithstanding any other provision to the contrary contained in this Agreement, effective upon a Change in Control (as defined in the Plan), the RSUs shall become 100% vested as of the date of such Change in Control, unless the RSUs were previously forfeited under the terms of this Agreement.

*[Signature page follows]*

4

IN WITNESS WHEREOF, the Company has caused this instrument to be executed by its duly authorized officer and the Participant has hereunto affixed his or her signature, all as of the day and year first set forth above.

COMPANY                                      PARTICIPANT

WHITING PETROLEUM CORPORATION

By: _____        _____

                                             No. of Restricted Stock Units: _____

                                             Grant Date: _____

**EXHIBIT C**

**Form of Emergence Performance Unit Award Agreement**

**WHITING PETROLEUM CORPORATION**

**PERFORMANCE SHARE UNIT AWARD AGREEMENT**

THIS PERFORMANCE SHARE UNIT AWARD AGREEMENT (this "*Agreement*") is made and entered into as of [●], 20[●] by and between Whiting Petroleum Corporation, a Delaware corporation with its principal offices at Denver, Colorado (the "*Company*"), and the employee of the Company or one of its affiliates whose signature is set forth on the signature page hereof (the "*Participant*").

**W I T N E S S E T H:**

WHEREAS, the Company has adopted the Whiting Petroleum Corporation 2020 Equity Incentive Plan (the "*Plan*"), which permits the Company to issue equity-based awards to certain key employees and non-employee directors of the Company and any affiliate of the Company; and

WHEREAS, the Participant is an employee of the Company or one of its affiliates, and the Company desires such person to remain in such capacity and to further an opportunity for his or her stock ownership in the Company in order to increase his or her proprietary interest in the success of the Company;

NOW, THEREFORE, in consideration of the premises and of the covenants and agreements herein set forth, the parties hereby mutually covenant and agree as follows:

1.      Award of PSUs. Subject to the terms and conditions set forth herein, the Company hereby awards the Participant the number of performance share units ("*PSUs*") set forth on the signature page hereof as the target number of PSUs subject to this Agreement (the "*Target PSUs*").

2.      Determination of PSUs Earned.

(a)      The number of PSUs earned (the "*Earned PSUs*") will equal the sum of the number of PSUs earned for each of the three (3) performance periods set forth on Exhibit A[1] (each, a "*Performance Period*"). The number of PSUs earned for a particular Performance Period shall equal the product of (a) one-third (1/3) of the Target PSUs multiplied by (b) the earned percentage (the "*Earned Percentage*") for that Performance Period, determined as set forth on Exhibit A. The Compensation Committee (the "*Committee*") of the Board of Directors of the Company will make all final determinations regarding the number of Earned PSUs for each Performance Period on a date within six weeks following the end of the applicable Performance Period (each such date, a "*Determination Date*"); *provided, however*, that, subject to Section 2(b), such Earned PSUs shall remain subject to the Participant's satisfaction of the employment

---

[1]    NTD: Performance measures for Exhibit A to come.

requirements of Section 4. Any PSUs determined not to be earned on the Determination Date applicable to such PSUs shall be forfeited on such Determination Date.

(b)        If the Participant's employment with the Company and its affiliates terminates prior to the Determination Date following the final Performance Period (the "*Final Determination Date*") (i) as a result of the Participant's Retirement (as defined below), (ii) due to death or Disability, (iii) by the Company or any of its affiliates without Cause, or (iv) by the Participant for Good Reason (each as defined [in the Executive Employment and Severance Agreement between the Participant and the Company][below])[2] (any of (i), (ii), (iii) or (iv), a "Qualifying Termination"), then the Participant shall be eligible to receive a pro rata portion of the PSUs as Earned PSUs. Such pro rata portion shall be equal to, for each one-third (1/3) of the total PSUs subject to this Agreement subject to a Performance Period (each "*Tranche*"), the product of (A) the Earned Percentage applicable to the Tranche of PSUs multiplied by (B) the quotient of (x) the number of days during the Performance Period applicable to the Tranche of PSUs on which the Participant was employed by the Company or an affiliate divided by (y) the total number of days in the Performance Period applicable to the Tranche of PSUs. For purpose of the foregoing:

["Cause" shall mean the Participant's (i) failure, neglect, or refusal to perform the lawful employment duties related to the Participant's position or that have been assigned to the Participant (other than due to disability); (ii) willful, intentional, or grossly negligent act having the effect of materially injuring the Company's interest, business or reputation; (iii) violation or failure to comply in any material respect with the Company's published rules, regulations, or policies and such violation or failure has the effect of materially injuring the Company's interest, business or reputation; (iv) act constituting a felony or misdemeanor involving moral turpitude, fraud, theft, or dishonesty; (v) misappropriation or embezzlement of any Company property (whether or not such act constitutes a felony or misdemeanor); or (vi) breach of any material provision of this Agreement or any applicable employment agreement, non-compete, non-solicit, general release, covenant not-to-sue, or other agreement with the Company.

"Disability" means, subject to applicable law, any medically determinable physical or mental impairment that (i) renders the Participant unable to perform the duties of his or her position with the Company and (ii) is expected to last for a continuous period of not less than six (6) months, all as certified by a physician reasonably acceptable to the Company or its successor.

"Good Reason" means the occurrence of any of the following without the Participant's consent: (i) a material diminution in the Participant's authority, duties or responsibilities; (ii) a material diminution in the authority, duties or responsibilities of the supervisor to whom the Participant is required to report; (iii) a material diminution in the budget over which the Participant retains authority; (iv) a material change in the geographical location at which the Participant must perform services; or (v) a material reduction in the

---

[2]   NTD: Definition to be included if not party to an Executive Employment and Severance Agreement.

Participant's base salary; or (vi) the Company's material breach of any provision of this Agreement or any applicable employment agreement.]

"Retirement" shall mean the termination of the Participant's employment (i) following the Participant's having reached the age of sixty (60) with at least ten (10) years of service as an employee of the Company or one of its affiliates and (ii) at a time when Participant's employment could not have been terminated for Cause (as defined [in the Executive Employment and Severance Agreement between the Participant and the Company][above]).

3.      Settlement of PSUs.

(a)      As soon as reasonably practicable (but no more than thirty (30) days) after the Determination Date following the end of the final Performance Period (the "*Final Determination Date*"), the Company will issue to the Participant a number of Shares (as defined in the Plan) equal to the number of the Earned PSUs determined to be earned on the Final Determination Date and the preceding Determination Dates; *provided, however*, that if the Participant's employment with the Company terminates prior to the Final Determination Date as a result of a Qualifying Termination, then the Company will issue to the Participant a number of Shares equal to the number of PSUs determined to be Earned PSUs pursuant to Section 2(b) as follows:

(i)      if the Qualifying Termination occurs at or prior to the end of the first Performance Period, then (A) Shares subject to any Earned PSUs to which the first Performance Period applies ("*First Tranche Earned PSUs*") shall be issued during the first quarter of the first calendar year following the calendar year in which such termination of employment occurs, (B) Shares subject to any Earned PSUs to which the second Performance Period applies ("*Second Tranche Earned PSUs*") shall be issued (or cash paid pursuant to Section 3(b)) during the first quarter of the second calendar year following the calendar year in which such termination of employment occurs and (C) Shares subject to any Earned PSUs to which the third Performance Period applies ("*Third Tranche Earned PSUs*") shall be issued within thirty (30) days following the Final Determination Date.

(ii)      if the Qualifying Termination occurs after the end of the first Performance Period, then (A) Shares shall be issued in settlement of any First Tranche Earned PSUs and any Second Tranche Earned PSUs during the first quarter of the first calendar year following the calendar year in which such termination of employment occurs and (B) Shares shall be issued in settlement of any Third Tranche Earned PSUs within thirty (30) days following the Final Determination Date.

(b)      Notwithstanding anything to the contrary herein:

(i)      To the extent the total number of Shares that would otherwise be issued to the Participant in settlement of PSUs pursuant to the terms of this Agreement exceeds the Target PSUs (which, for purposes of clarity, shall be the Target PSUs on the date of this Agreement), the Shares in excess of Target PSUs will be settled in Shares unless the Committee determines, in its sole

3

discretion, to settle such excess in cash equal to the Fair Market Value of such excess Shares.

(ii)     If the PSUs are deferred compensation subject to Section 409A of the Code, and if the Participant is a "specified employee" as of the date of his or her "separation from service" (as those terms are defined in Section 409A of the Code), then the issuance of any Shares or other payment in settlement of PSUs that would otherwise be made upon the date of the Participant's separation from service or within the first six (6) months thereafter will not be made on the originally scheduled date and will instead be issued or paid on the date that is six (6) months and one day after the date of the Participant's separation from service, but only if such delay in the issuance or other payment is necessary to avoid the imposition of additional taxation on the Participant in respect of the Shares under Section 409A of the Code.

4.     Other Termination of Employment. If the Participant's employment with the Company and its affiliates is terminated other than in a Qualifying Termination prior to the Final Determination Date, then all PSUs shall be forfeited as of the date on which such termination occurs.

5.     Rights as a Shareholder; Dividend Equivalents. The Participant shall not have any rights of a shareholder with respect to the Shares underlying the PSUs (including, without limitation, any voting rights or any right to dividends), until the Shares have been issued hereunder. If, however, after the grant date of the PSUs and prior to the settlement date, a record date with respect to a cash dividend on the Shares occurs, then on the date that such dividend is paid to Company shareholders the Participant shall be credited with "dividend equivalents" in an amount equal to the dividends that would have been paid to the Participant if the Participant owned a number of Shares equal to the number of PSUs subject to this Agreement as of such record date. The dividend equivalents will be deemed to be reinvested in additional performance share units (determined by multiplying the cash dividends paid by the Fair Market Value of a Share on the dividend payment date) and will be subject to the same terms and conditions, and shall be earned, vested, settled or forfeited (if applicable) at the same time and to the same extent, as the PSUs to which they are attributable.

6.     Tax Withholding. As a condition of receiving this award of PSUs, the Participant agrees to pay to the Company upon demand such amount as may be requested by the Company for the purpose of satisfying its liability to withhold federal, state, or local income or other taxes due by reason of the grant, vesting or settlement of, or by reason of any other event relating to, the PSUs, or the Participant may elect to have the Company satisfy such withholding obligations by withholding a number of Shares otherwise issuable or cash otherwise payable hereunder having a Fair Market Value on the date the tax obligation arises equal to the amount to be withheld; provided, however, that the amount to be withheld may not exceed the total maximum statutory tax rates associated with the transaction to the extent needed for the Company to avoid adverse accounting treatment. If the Participant does not make such payment or election, then the Company or an affiliate may withhold such taxes from other amounts owed to the Participant or may choose to satisfy the withholding obligations by withholding Shares otherwise issuable or cash otherwise payable hereunder in accordance with the preceding sentence.

4

7.      No Right to Employment or Service; Forfeiture for Breach of Contract. Nothing in this Agreement shall confer upon the Participant any right to continue in the employment or service of the Company or any affiliate, or interfere with or limit in any way the right of the Company or an affiliate to terminate the Participant's employment or service at any time. Notwithstanding anything to the contrary in this Agreement, if, after the Participant's employment or service is terminated for any reason, the Participant breaches any material provision of any applicable confidentiality, non-compete, non-solicit, general release, covenant not-to-sue or other agreement with the Company or any affiliate, then any PSUs that have not previously been forfeited shall be forfeited immediately effective as of the date on which such breach occurs.

8.      Interpretation by Committee. The Participant agrees that any dispute or disagreement which may arise in connection with this Agreement shall be resolved by the Committee, in its sole discretion, and that any interpretation by the Committee of the terms of this Agreement or the Plan and any determination made by the Committee under this Agreement or the Plan may be made in the sole discretion of the Committee and shall be final, binding, and conclusive. Any such determination need not be uniform and may be made differently among Participants awarded performance share units.

9.      Transferability. The Participant may not transfer any interest in the PSUs other than under the Participant's will or as required by the laws of descent and distribution. The PSUs also may not be pledged, attached, or otherwise encumbered. Any purported assignment, alienation, sale, transfer, pledge, attachment or encumbrance of the PSUs in violation of the terms of this Agreement shall be null and void and unenforceable against the Company or its successors. In addition, notwithstanding anything to the contrary herein, the Participant agrees and acknowledges with respect to any Shares issued hereunder that have not been registered under the Securities Act of 1933, as amended (the "*Act*") (a) he or she will not sell or otherwise dispose of such Shares except pursuant to an effective registration statement under the Act and any applicable state securities laws, or in a transaction which, in the opinion of counsel for the Company, is exempt from such registration, and (b) a legend will be placed on the certificates for the Shares to such effect.

10.     Miscellaneous. (a) This Agreement shall be governed by and construed in accordance with the internal laws of the State of Delaware applicable to contracts made and to be performed therein between residents thereof.

(b)      This Agreement may not be amended or modified except by the written consent of the parties hereto.

(c)      The captions of this Agreement are inserted for convenience of reference only and shall not be taken into account in construing this Agreement.

(d)      Any notice, filing or delivery hereunder or with respect to the PSUs shall be given to the Participant at either his or her usual work location or his or her home address as indicated in the records of the Company, and shall be given to the Committee or the Company at 1700 Lincoln, Suite 4700, Denver, Colorado 80203-4547, Attention: Corporate Secretary. All such notices shall be given by first class mail, postage prepaid, or by personal delivery.

5

(e)     This Agreement shall be binding upon and inure to the benefit of the Company and its successors and assigns and shall be binding upon and inure to the benefit of the Participant and the Participant's heirs and legal representatives.

(f)     This Agreement is subject in all respects to the terms and conditions of the Plan, and the PSUs shall be considered Performance Units for purposes of the Plan.

11.     <u>Change in Control</u>. Notwithstanding any other provision to the contrary contained in this Agreement, effective upon a Change in Control (as defined in the Plan) that occurs prior to the end of the last Performance Period, a number of PSUs equal to the sum of the PSUs described in (a) and (b) below shall be deemed to have been earned and shall be settled in Shares (or cash, to the extent provided by Section 3(b)) as of the date of the Change in Control (provided that such PSUs have not previously been forfeited or settled pursuant to the terms of this Agreement):

(a)     with respect to each Performance Period that has been completed as of the date of the Change in Control (if any), the number of PSUs earned for such completed Performance Period; and

(b)     with respect to each Performance Period that has not been completed as of the date the Change in Control occurs, one-third (1/3) of the Target PSUs (subject to, if the Participant has had a Qualifying Termination prior to the Change in Control, pro ration pursuant to Section 2(b)); *provided that*, if the terms of any employment or similar agreement in effect between the Participant and the Company or an affiliate as of the date of the Change in Control provide a better result, then the relevant provisions of such agreement are deemed incorporated by reference herein for such purpose and such provisions shall supercede the foregoing.

*[Signature page follows]*

6

IN WITNESS WHEREOF, the Company has caused this instrument to be executed by its duly authorized officer and the Participant has hereunto affixed his or her signature, all as of the day and year first set forth above.

WHITING PETROLEUM CORPORATION

By: _____          _____

                                                          <<Name>>

Target PSUs: _____