**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WHITING PETROLEUM CORPORATION, *et al.*,[1] | ) | Case No. 20-32021 (DRJ) |
| | ) | |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) | |
| | ) | |

**THE REORGANIZED DEBTORS' TWELFTH OMNIBUS OBJECTION
TO CERTAIN PROOFS OF CLAIM (DUPLICATE BONDHOLDER CLAIMS)**

---

**This is an objection to your claim. The objecting party is asking the Court to disallow the claim that you filed in this bankruptcy case. If you do not file a response within 30 days after the objection was served on you, your claim may be disallowed without a hearing.**

**Represented parties should act through their attorney.**

**A hearing will be conducted on this matter on January 11, 2021 1:00 p.m. (Central time) in Courtroom 400, 4th Floor United States Bankruptcy Court for the Southern District of Texas, 515 Rusk, Houston, Texas 77002. You may participate in the hearing either in person or by audio/video connection.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. You will be responsible for your own long distance charges. Once connected, you will be asked to enter the conference room number. Judge Jones's conference room number is 205691.**

**You may view video via GoToMeeting. To use GoToMeeting, the Court recommends that you download the free GoToMeeting application. To connect, you should enter the meeting code "JudgeJones" in the GoToMeeting app or click the link on Judge Jones's home page on the Southern District of Texas website. Once connected, click the settings icon in the upper right corner and enter your name under the personal information setting.**

**Hearing appearances must be made electronically in advance of the hearing. To make your electronic appearance, go to the Southern District of Texas website and select**

---

[1] The reorganized debtors in these chapter 11 cases, along with the last four digits of each reorganized debtor's federal tax identification number, are: Whiting Canadian Holding Company Unlimited Liability Corporation (3662); Whiting Petroleum Corporation (8515); Whiting US Holding Company (2900); Whiting Oil and Gas Corporation (8829); and Whiting Resources Corporation (1218). The location of the reorganized debtors' service address is: 1700 Lincoln Street, Suite 4700, Denver, Colorado 80203.

**"Bankruptcy Court" from the top menu. Select "Judges' Procedures," then "View Home Page" for Judge Jones. Under "Electronic Appearance" select "Click here to submit Electronic Appearance." Select the case name, complete the required fields and click "Submit" to complete your appearance.**

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within thirty days from the date this motion was filed. Otherwise, the Court may treat the Objection as unopposed and sustain the relief requested.**

**This Objection seeks to disallow and expunge certain proofs of claim. Claimants receiving this Objection should locate their names and claims on <u>Exhibit A</u> to the Proposed Order attached to this Objection.**

The above-captioned debtors (collectively, the "<u>Debtors</u>" as applicable, and after the effective date of their plan of reorganization, the "<u>Reorganized Debtors</u>") respectfully represent as follows in support of this omnibus claims objection (this "<u>Objection</u>"), and submits the *Declaration of Robert P. Esposito in Support of the Reorganized Debtors' Twelfth Omnibus Objection to Certain Proofs of Claim (Duplicate Bondholder Claims)* attached hereto as **Exhibit 1** (the "<u>Esposito Declaration</u>"):

<u>**Relief Requested**</u>

1.      By this objection (this "<u>Objection</u>"), the Reorganized Debtors seek entry of an order (the "<u>Order</u>"), substantially in the form of the Order filed with this Objection, disallowing and expunging each claim identified on **<u>Exhibit A</u>** to the Order (collectively, the "<u>Duplicate Claims</u>") in its entirety because the Reorganized Debtors have determined that such claims are duplicates of the proof of claim identified on **<u>Exhibit A</u>** as the "Remaining Claim" (each, a "<u>Remaining Claim</u>") despite such claimants having a single potential claim against the applicable Debtor.

<u>**Jurisdiction, Venue, and Procedural Background**</u>

2.      The United States Bankruptcy Court for the Southern District of Texas (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. The Reorganized

2

27392767v.3

Debtors confirm their consent, pursuant to rule 7008 of the Bankruptcy Rules, to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The relief requested herein is sought pursuant to §§ 105(a) and 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 3007, and Rules 9013-1 and 3007-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

5.      On April 1, 2020 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").  A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this motion and the Debtors' chapter 11 cases, are set forth in the *Declaration of Jeffrey S. Stein, Chief Restructuring Officer of Whiting Petroleum Corporation, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 23] and the *Declaration of Correne S. Loeffler, Chief Financial Officer of Whiting Petroleum Corporation and Whiting Oil and Gas Corporation, in Support of the Debtors' First Day Motions* [Docket No. 33] (the "First Day Declarations").

6.      On April 1, 2020, the Court entered the *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 15], which authorized the procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  Subsequently, on April 10, 2020, the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to

3

section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 127].  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

7.      On August 14, 2020, the Bankruptcy Court entered the *Order (I) Confirming the Joint Chapter 11 Plan of Reorganization of Whiting Petroleum Corporation and its Debtor Affiliates and (II) Granting Related Relief* (the "Confirmation Order") [Docket No. 733] confirming Debtors' plan of reorganization (the "Plan").

8.      On September 1, 2020, the effective date of the Plan occurred (the "Effective Date") [Docket No. 756].

## The Claims Reconciliation Process

9.      On May 6, 2020, the Debtors filed their Statements of Financial Affairs and Schedules of Assets and Liabilities, as required by § 521 of the Bankruptcy Code (collectively, the "Schedules") pursuant to Bankruptcy Rule 1007 and the *Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, and Statement of Financial Affairs and (II) Granting Related Relief* [Docket No. 24].

10.     On May 6, 2020, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(B)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(B)(9) Requests, (IV) Approving Notice of Bar Dates, and (V) Granting Related Relief* [Docket No. 278] (the "Bar Date Order"), establishing certain dates and deadlines for filing proofs of claims in these chapter 11 cases (collectively, the "Proofs of Claims").  Among other things, the Bar Date Order established: (a) June 15, 2020 at 5:00 p.m. prevailing Central Time, as the deadline for all non-governmental entities holding or

wishing to assert a "claim" (as defined in § 101(5) of the Bankruptcy Code) against any of the Debtors that arose before the Petition Date to file a proof of such claim in writing; and (b) September 28, 2020, at 5:00 p.m. prevailing Central Time, as the deadline for all governmental entities holding or wishing to assert a "claim" (as defined in § 101(5) of the Bankruptcy Code) against any of the Debtors that arose before the Petition Date to file a proof of such claim in writing.

11.     To date, over 1,750 proofs of claims have been filed against the Debtors, totaling over $3.0 billion in the aggregate for liquidated amounts. The Reorganized Debtors and their advisors (collectively, the "Reviewing Parties"), have been working diligently to review the Duplicate Claims including any supporting documentation filed therewith. For the reasons set forth below, and based on the review to date, the Reviewing Parties have determined that the Duplicate Claims should be disallowed and expunged as set forth herein.

## Objection

12.     Section 502 of the Bankruptcy Code provides, in pertinent part, as follows: "A claim or interest, proof of which is filed under § 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502. Moreover, Bankruptcy Rule 3007 provides certain grounds upon which "objections to more than one claim may be joined in an omnibus objection," which includes when "the objections are based solely on the grounds that the claims should be disallowed, in whole or in part, because . . . they duplicate other claims." Fed. R. Bankr. P. 3007(d).

13.     As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes prima facie evidence of the validity and the amount of the claim under § 502(a) of the Bankruptcy Code. *See, e.g.*, *In re Jack Kline Co., Inc.,* 440 B.R. 712, 742 (Bankr S.D. Tex. 2010) (holding that "a proof of claim is prima facie evidence of the pre-petition debt owed); *In re*

*Tran*, 351 B.R. 440, 444 (Bankr. S.D. Tex. 2006), *aff'd*, 369 B.R. 312 (S.D. Tex. 2007) (holding that "[a] properly filed proof of claim is prima facie evidence of the validity and amount of the claim").  A proof of claim loses the presumption of prima facie validity under Bankruptcy Rule 3001(f) if an objecting party refutes at least one of the allegations that are essential to the claim's legal sufficiency.  *See In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988) ("If . . . evidence rebutting the claim is brought forth, then the claimant must produce additional evidence to prove the validity of the claim by a preponderance of the evidence.") (internal quotations omitted).  Once such an allegation is refuted, the burden reverts to the claimant to prove the validity of its claim by a preponderance of the evidence.  *Id.*  Despite, however, this shifting burden during the claim objection process, "the ultimate burden of proof always lies with the claimant."  *Id.*

### Duplicate Claims

14.     As set forth in the Esposito Declaration, the Reorganized Debtors thoroughly reviewed their books and records, along with the claims register, and have determined that each of the Duplicate Claims identified on **Exhibit A** to the Order duplicates a proof of claim filed on behalf of each of the Reorganized Debtors' prepetition bondholders by such bondholder's indenture trustee.

15.     The Debtors' individual prepetition bondholders were not required to file proofs of claim.  *See* Bar Date Order, ⁋ 9.  Pursuant to the Bar Date Order, creditors asserting claims arising under or in connection with each of the senior convertible notes due in 2020 (the "Senior Convertibles Notes"), the 5.75% Senior Notes (the "2021 Notes"), the 6.25% Senior Notes (the "2023 Notes"), and the 6.625% Senior Notes (the "2026 Notes) (collectively, the "Senior Notes Claims") were not required to file a proof of claim if the indenture trustee filed a "single master Proof of Claim by the Claims Bar Date."  *See id*.  In accordance with the Bar Date Order, the

following claims were filed by the indenture trustee on behalf of each of the Debtors' prepetition bondholders (collectively, the "Remaining Claims"), and identified on **Exhibit A** to the Order:

    a.    The Bank of New York Mellon Trust Company, N.A., as indenture trustee for the 2021 Notes, the 2023 Notes, and the 2026 Notes, filed Proof of Claim No. 997 against Whiting Petroleum Corporation; and

    b.    The Delaware Trust Company, as indenture trustee for the Convertible Senior Notes, filed Proof of Claim No. 1071 against Whiting Petroleum Corporation.

16.    The Duplicate Claims are therefore duplicative of the Remaining Claims and failure to disallow and expunge the Duplicate Claims could potentially result in the applicable claimants receiving double recoveries against the Reorganized Debtors to which they are not entitled and to the detriment of other similarly situated creditors.  Elimination of such claims will streamline and enable the Reorganized Debtors to maintain a more accurate claims register in these Chapter 11 Cases.

17.    Accordingly, the Reorganized Debtors respectfully request that the Bankruptcy Court enter the Order disallowing and expunging the Duplicate Claims identified on **Exhibit A** to the Order.  This Objection does not affect the Remaining Claims identified on **Exhibit A** to the Order, and the Reorganized Debtors reserve their right to object to the Remaining Claims on any grounds whatsoever.

**Reservation of Rights**

18.    This Objection is limited to the grounds stated herein.  Accordingly, it is without prejudice to the rights of the Reorganized Debtors to object to any claim on any ground whatsoever.  The Reorganized Debtors expressly reserve all further substantive or procedural objections.  Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Reorganized Debtors' right to dispute any prepetition claim on any

grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to § 365 of the Bankruptcy Code; or (f) a waiver of the Reorganized Debtors' rights under the Bankruptcy Code or any other applicable law.

**Separate Contested Matter**

19.     To the extent that a response is filed regarding any Duplicate Claim and the Reorganized Debtors are unable to resolve any such response, each such Duplicate Claim, and the Objection as it pertains to such Duplicate Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Further, the Reorganized Debtors request that any order entered by the Court regarding an objection asserted in response to this Objection be deemed a separate order with respect to each proof of claim.

**Notice**

20.     Notice of the hearing on the relief requested in this Objection has been provided by the Reorganized Debtors in accordance and compliance with Bankruptcy Rules 3007 and 9014, as well as the Bankruptcy Local Rules, and is sufficient under the circumstances.  Without limiting the forgoing, due notice was afforded, whether by facsimile, electronic mail, overnight courier or hand delivery, to parties in interest, including (collectively, the "Notice Parties"): (a) the U.S. Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the administrative agent under the Debtors' prepetition revolving credit facility; (d) the lenders under the Debtors' prepetition revolving credit facility; (e) the indenture trustee for the Debtors' unsecured notes; (f) the ad hoc group of senior noteholders; (g) the Committee; (h) the Claimants and their counsel; (i) the

United States Attorney's Office for the Southern District of Texas; (j) the Internal Revenue Service; (k) the United States Securities and Exchange Commission; (l) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (m) the state attorneys general for states in which the Debtors conduct business; (n) holders of the Duplicate Claims; and (o) any party that has requested notice pursuant to Bankruptcy Rule 2002.

WHEREFORE, the Reorganized Debtors respectfully request that the Court enter an Order granting the relief requested herein, and such other and further relief as is just and equitable.

Houston, Texas
December 1, 2020

/s/ Jennifer F. Wertz
Matthew D. Cavenaugh (Bar No. 24062656)
Jennifer F. Wertz (Bar No. 24072822)
Vienna F. Anaya (Bar No. 24091225)
Daniela Mondragon (Bar No. 24096750)
**JACKSON WALKER LLP**
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:    (713) 752-4200
Facsimile:    (713) 752-4221
Email:        mcavenaugh@jw.com
              jwertz@jw.com
              vanaya@jw.com
              dmondragon@jw.com


*Co-Counsel to the Reorganized Debtors*

27392767v.3

**<u>Certificate of Service</u>**

I certify that on the 1st day of December 2020, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Jennifer F. Wertz*
Jennifer F. Wertz

**EXHIBIT 1**
**Esposito Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| WHITING PETROLEUM CORPORATION, *et al.*,[1] | ) Case No. 20-32021 (DRJ) |
| | ) |
| | ) (Jointly Administered) |
| Reorganized Debtors. | ) |
| | ) |

**DECLARATION OF ROBERT P. ESPOSITO
IN SUPPORT OF THE REORGANIZED DEBTORS' TWELFTH OMNIBUS
OBJECTION TO CERTAIN PROOFS OF CLAIM (DUPLICATE CLAIMS)**

I, **ROBERT P. ESPOSITO**, hereby declare under penalty of perjury:

1.      I am a Director of Alvarez & Marsal North America, LLC ("A&M").  A&M was retained by the above-captioned debtors (collectively, the "Debtors" as applicable, and after the effective date of their plan of reorganization, the "Reorganized Debtors") as restructuring advisor in connection with these chapter 11 cases.  I have more than twelve (12) years of restructuring experience.

2.      I am generally familiar with the Reorganized Debtors' day-to-day operations, financing arrangements, business affairs, and books and records that reflect, among other things, the Reorganized Debtors' liabilities and the amount thereof owed to their creditors as of the Petition Date.  I have read the *Reorganized Debtors' Twelfth Omnibus Objection to Certain Proofs of Claim (Duplicate Bondholder Claims)* (the "Objection"), filed contemporaneously herewith.[2]

---

[1]      The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Whiting Canadian Holding Company Unlimited Liability Corporation (3662); Whiting Petroleum Corporation (8515); Whiting US Holding Company (2900); Whiting Oil and Gas Corporation (8829); and Whiting Resources Corporation (1218).  The location of the debtors' service address is: 1700 Lincoln Street, Suite 4700, Denver, Colorado 80203.

[2]      Capitalized but undefined terms herein shall have the same meaning ascribed to them in the Objection.

27392767v.3

3.      To the best of my knowledge, information, and belief, the assertions made in the Objection are accurate.  In evaluating the Duplicate Claims, the Reorganized Debtors and the Reviewing Parties have reviewed the Reorganized Debtors' books and records and the relevant proofs of claim, as well as the supporting documentation provided by each claimant, and have determined that each Duplicate Claim should be disallowed and expunged.  As such, I believe that the disallowance and expungement of the Duplicate Claims on the terms set forth in the Objection is appropriate.

## Duplicate Claims

4.      The Reorganized Debtors have determined that each Duplicate Claim identified on **Exhibit A** of the Order under "Claim(s) To Be Disallowed" is duplicative of other proofs of claim—the "Remaining Claims" identified on **Exhibit A** of the Order—filed by or on behalf of the same claimant with respect to the same liabilities.  Each Duplicate Claim was filed by individual prepetition bondholders with respect to claims under the Senior Convertible Notes, 2021 Notes, 2023 Notes, and 2026 Notes.

5.      I understand that the Bar Date Order did not require the Debtors' individual prepetition bondholders to file proofs of claim, but instead provided that the indenture trustee for the Senior Convertible Notes, 2021 Notes, 2023 Notes, and 2026 Notes would file a single master claim on behalf of all claimants thereunder.  As such, each Duplicate Claim is duplicative of the following Remaining Claims filed by the indenture trustee on behalf of each of the Debtors' prepetition bondholders, as identified on **Exhibit A** to the Order:

a.      The Bank of New York Mellon Trust Company, N.A., as indenture trustee for the 2021 Notes, the 2023 Notes, and the 2026 Notes, filed Proof of Claim No. 997 against Whiting Petroleum Corporation; and

2

      b.    The Delaware Trust Company, as indenture trustee for the Convertible Senior Notes, filed Proof of Claim No. 1071 against Whiting Petroleum Corporation.

6.    Failure to disallow and expunge the Duplicate Claims could potentially result in the relevant claimant receiving an unwarranted recovery against the Reorganized Debtors to the detriment of other creditors.  Accordingly, I believe that disallowance and expungement of the Duplicate Claims on the terms set forth in the Objection and **Exhibit A** is appropriate.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in the foregoing declaration are true and correct to the best of my knowledge, information and belief.

Dated:  December 1, 2020

/s/ *Robert P. Esposito*
Robert P. Esposito
Alvarez & Marsal North America, LLC