# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| WHITING PETROLEUM CORPORATION, *et al.*,[1] | ) Case No. 20-32021 (DRJ) |
|  | ) |
|  | ) (Jointly Administered) |
| Reorganized Debtors. | ) |
|  | ) |

## DECLARATION OF ROBERT P. ESPOSITO
## IN SUPPORT OF THE REORGANIZED DEBTORS' THIRTEENTH OMNIBUS
## OBJECTION TO CERTAIN PROOFS OF CLAIM (DUPLICATE CLAIMS)

I, **ROBERT P. ESPOSITO**, hereby declare under penalty of perjury:

1. I am a Director of Alvarez & Marsal North America, LLC ("A&M"). A&M was retained by the above-captioned debtors (collectively, the "Debtors" as applicable, and after the effective date of their plan of reorganization, the "Reorganized Debtors") as restructuring advisor in connection with these chapter 11 cases. I have more than twelve (12) years of restructuring experience.

2. I am generally familiar with the Reorganized Debtors' day-to-day operations, financing arrangements, business affairs, and books and records that reflect, among other things, the Reorganized Debtors' liabilities and the amount thereof owed to their creditors as of the Petition Date. I have read the *Reorganized Debtors' Thirteenth Omnibus Objection to Certain*

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Whiting Canadian Holding Company Unlimited Liability Corporation (3662); Whiting Petroleum Corporation (8515); Whiting US Holding Company (2900); Whiting Oil and Gas Corporation (8829); and Whiting Resources Corporation (1218). The location of the debtors' service address is: 1700 Lincoln Street, Suite 4700, Denver, Colorado 80203.

27466111v.1

**EXHIBIT D-6**

*Proofs of Claim (Duplicate Bondholder Claims)* (the "Objection"), filed contemporaneously herewith.[2]

3. To the best of my knowledge, information, and belief, the assertions made in the Objection are accurate. In evaluating the Duplicate Claims, the Reorganized Debtors and the Reviewing Parties have reviewed the Reorganized Debtors' books and records and the relevant proofs of claim, as well as the supporting documentation provided by each claimant, and have determined that each Duplicate Claim should be disallowed and expunged. As such, I believe that the disallowance and expungement of the Duplicate Claims on the terms set forth in the Objection is appropriate.

**Duplicate Claims**

4. The Reorganized Debtors have determined that each Duplicate Claim identified on **Exhibit A** of the Order under "Claim(s) To Be Disallowed" is duplicative of other proofs of claim—the "Remaining Claims" identified on **Exhibit A** of the Order—filed by or on behalf of the same claimant with respect to the same liabilities. Each Duplicate Claim was filed by individual prepetition bondholders with respect to claims under the Senior Convertible Notes, 2021 Notes, 2023 Notes, and 2026 Notes.

5. I understand that the Bar Date Order did not require the Debtors' individual prepetition bondholders to file proofs of claim, but instead provided that the indenture trustee for the Senior Convertible Notes, 2021 Notes, 2023 Notes, and 2026 Notes would file a single master claim on behalf of all claimants thereunder. As such, each Duplicate Claim is duplicative of the following Remaining Claims filed by the indenture trustee on behalf of each of the Debtors' prepetition bondholders, as identified on **Exhibit A** to the Order:

---

[2] Capitalized but undefined terms herein shall have the same meaning ascribed to them in the Objection.

      a.      The Bank of New York Mellon Trust Company, N.A., as indenture trustee for the 2021 Notes, the 2023 Notes, and the 2026 Notes, filed Proof of Claim No. 997 against Whiting Petroleum Corporation; and

      b.      The Delaware Trust Company, as indenture trustee for the Convertible Senior Notes, filed Proof of Claim No. 1071 against Whiting Petroleum Corporation.

6.      Failure to disallow and expunge the Duplicate Claims could potentially result in the relevant claimant receiving an unwarranted recovery against the Reorganized Debtors to the detriment of other creditors. Accordingly, I believe that disallowance and expungement of the Duplicate Claims on the terms set forth in the Objection and **Exhibit A** is appropriate.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in the foregoing declaration are true and correct to the best of my knowledge, information and belief.

Dated: December 1, 2020

/s/ *Robert P. Esposito*
Robert P. Esposito
Alvarez & Marsal North America, LLC