IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| WHITING PETROLEUM CORPORATION, *et al.*, | ) Case No. 20-32021 (DRJ) |
| Reorganized Debtors. | ) (Jointly Administered) |

**PRINCIPLE ENERGY LLC'S MOTION FOR SANCTIONS UNDER RULE 9011**

TO THE CHIEF UNITED STATES BANKRUPTCY JUDGE DAVID R. JONES:

**INTRODUCTION**

Principle Energy, LLC ("Principle") moves this Court for its order imposing sanctions upon the Reorganized Debtors ("Whiting") under Rule 9011 of the Federal Rules of Bankruptcy Procedure. In support of this motion, Principle states as follows:

**BACKGROUND FACTS**

1. On August 10, 2022, Whiting filed its "Motion for Entry of an Order to Appear and to Show Cause as to Why Principle Energy is Not in Contempt of the Confirmation Order, and In the Alternative, to Enforce Confirmation Order" (ECF #1285, the "Motion to Show Cause") which sought an order requiring Principle to appear and to show cause as to why it is not in contempt of this Court's Order (I) Confirming the Joint Chapter 11 Plan of Reorganization of Whiting Petroleum Corporation and its Debtor Affiliates and (II) Granting Related Relief." (ECF #733, the "Confirmation Order"). In its Motion to Show Cause, Whiting alleged that the Confirmation Order bars Principle from pursuing its breach of contract claims related to Whiting's breach of certain oil and gas leases in which Principle owns a lessor's interest and in which Whiting owns a lessee's interest in the pending Colorado lawsuit. (ECF #1285, ¶¶16-25).

2. On August 31, 2022, Principle responded to Whiting's Motion to Show Cause (ECF #1291), demonstrating that the plain language of the Confirmation Order does not bar Principle from recovering damages for its breach of contract claims against Whiting. The Confirmation Order provides:

> [t]he legal and equitable rights, … of lessors under the Debtors' oil and gas leases … **shall not be impaired in any manner by the provisions of the Plan** … To the extent applicable, such Claims … shall be Reinstated pursuant to this Plan.

(ECF #733, Art. IV(K), p. 29) (emphasis added).

3. Importantly, the above-referenced language is identical to the language contained in Whiting's proposed conformation plan. Thus, the Court granted the exact relief Whiting sought with respect to its existing obligations under its oil and gas leases. (*compare* Art. IV(k) in Dkt. No. 567 to Art. IV(k) in Dkt. No. 733).

4. Principle's Response to Whiting's Motion to Show Cause also establishes that Principle was not required to file a proof of claim because the plain language of the Confirmation Order and the plain language of the proposed confirmation plan did not impact any legal or equitable rights associated with the oil and gas leases in which Principle owns an interest.

5. On August 26, 2022, counsel for Principle served a copy of this Motion for Sanctions Under Rule 9011 on counsel for Whiting.

## LEGAL ARGUMENT

6. Bankruptcy Rule 9011 is modeled after and is "essentially identical" to Rule 11 of the Federal Rules of Civil Procedure. *In re Ryan*, 411, B.R. 609, 613 (Bankr. N.D. Ill. 2009). Courts often look to cases interpreting Rule 11 when construing Bankruptcy Rule 9011. The key purpose of Rule 11 is to deter abusive litigation practices and deter baseless filings. *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 393 (1990). Rule 11 is not a shifting statute in that the loser pays; instead, it is

a law imposing sanctions against one that files with improper motives or inadequate investigation. *Mars Steel Corp. v. Cont'l Bank, N.A.*, 880 F.2d 928. 932 (7th Cir. 1989).

7. As stated in *Mars Steel Corp.*:

> Rule 11 creates duties to one's adversary and the legal system, just as tort law creates duties to one's client. The duty to one's adversary is to avoid needless legal costs and delay. The duty to the legal system (that is, to litigants in other cases) is to avoid clogging the courts with paper that wastes judicial time and thus defers the disposition of other cases or, by leaving judges less time to resolve each case, increases the rate of error. Rule 11 allows judges to husband their scarce energy for the claims of litigants with serious disputes needing resolution.

*Mars Steel Corp.,* 880 F.2d at 932.

8. Rule 9011 provides two grounds for the imposition of sanctions. *In re Robinson*, 373 B.R. 612, 625 (Bankr. E.D. Ark. 2007). First, a court may impose sanctions if it finds the challenged conduct was the frivolous result of an attorney's or party's failure to make a reasonable inquiry into the supporting facts and law before filing papers with the court. *Id*. Second, a court may impose sanctions if it finds an attorney's or party's filing of papers with the court was for an improper purpose, such as delay, harassment, or increasing litigation costs. *Id*.

9. To evaluate whether a pleading is frivolous, courts ask whether a "reasonable and competent attorney would believe in the merits" of the filing and does not require a finding of bad faith or nefarious intent. *In re Robinson*, 373 at 625 (stating that "[t]he pure-heart-and-empty-head defense is not available to anyone faced with Rule 9011 sanctions") (internal citations omitted).

**I.     The Legal Arguments Contained in Whiting's Motion to Show Cause are Frivolous.**

10. The positions advanced by Whiting in its Motion to Show Cause are not supported by any existing law or applicable legal theory.

11. A legal argument is frivolous when it is clear under existing precedent that (1) there is no chance of success and (2) no reasonable argument is made to extend, modify, or reverse existing

3

law. Bankruptcy Rule 9011.

12. Whiting's position that Principle is barred from recovering damages on Principle's breach of contract claim is frivolous as it is contrary to the plain language in the Court's Confirmation Order. The plain language of the Court's Confirmation Order provides that "[t]he legal and equitable rights, … of lessors under the Debtors' oil and gas leases … shall not be impaired in any manner by the provisions of the Plan … To the extent applicable, such Claims … shall be Reinstated pursuant to this Plan." (ECF #733, p. 29). There is no dispute that Principle is a lessor under 18 of Whiting's oil and gas leases, nor is there any dispute that the Principle lawsuit seeks to enforce its legal rights under the terms of these same 18 oil and gas leases.

13. The statement that Principle's legal and equitable rights under the Whiting leases "shall not be impaired in any manner" is unequivocal, and the Confirmation Order contains no limitations which affect this provision. Yet Whiting asserts that this provision does not apply to Principle's breach of contract claims because a claim for breach of contract does not seek to enforce a "legal or equitable right." (ECG #1285, ¶25). Whiting's proposition is simply absurd. A cause of action seeking to enforce a party's legal obligation under a contract is a legal or equitable right protected by Article IV(K) of the Confirmation Order. Moreover, why would Article IV(K) address the legal and equitable rights for lessors under Whiting's "oil and gas leases" if the Confirmation Order was not intended to apply to lessors, like Principle, who are asserting their legal and equitable rights under the same "oil and gas leases."

14. Again, the language contained in the Court's Confirmation Plan is identical the language proposed in the confirmation plan. (*compare* Art. IV(k) in Dkt. No. 567 to Art. IV(k) in Dkt. No. 733). Thus, if Whiting desired to address any issues with respect to claims arising from its oil and gas leases, it could have done so in the proposed confirmation plan, and its lessors' could

4

have objected before the Court issued its Confirmation Order.

15. The last two arguments that Whiting advances in its Motion to Show Cause are also frivolous. First, Whiting alleges that "the Confirmation Order is Entitled to Res Judicata." (ECF #1285, §B). While this may be true, res judicata is entirely irrelevant. Principle is not attempting to attack the Confirmation Order collaterally. Instead, Principle seeks to enforce the Confirmation Order as originally written and based on its plain and unambiguous terms. Second, Whiting alleges that Principle needed to file a proof of claim before the deadline. Principle was under no such obligation because it had no reason to file a proof of claim.

16. When the Confirmation Plan was submitted by Whiting on June 30, 2020, Article IV(K) contained the language that was eventually used when this Court entered its order confirming the plan on August 14, 2020. (*compare* Art. IV(k) in Dkt. No. 567 to Art. IV(k) in Dkt. No. 733).

17. As explained above, because the plain language of the proposed plan and did not affect Principle's "legal and equitable rights" under its leases, filing a proof of claim would have served no purpose. *In re Simmons*, 765 F.2d 547, 551 (5th Cir. 1985) (proof of claims should be filed only when some purpose would be served).

18. Given the clear unambiguous language set forth in Article IV(K) of the Confirmation Order, there is no reasonable basis for concluding that any of the arguments advanced by Whiting's counsel could succeed on the merits. *In re Robinson*, 373 at 625

19. Thus, the Motion to Show Cause contains frivolous and irrelevant arguments, and this Court should sanction Whiting to deter future frivolous filings.

**II.     An Award of Attorneys' Fees in an Amount of $5,323 is Appropriate.**

20. Based on the lack of any basis to support its position, there is no question that Whiting's Motion to Show cause is frivolous. Thus, the only issue for this Court to resolve is how

Whiting should be sanctioned because of the damage it has caused Principle. Once a bankruptcy court determines that Bankruptcy Rule 9011 has been violated, "it has wide discretion in selecting an appropriate sanction." *In re Stomberg*, 487 B.R. 775, 817 (Bankr. S.D. Tex. 2013). At the heart of Rule 9011 is deterrence: "[a] sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct" in the future. (Bankruptcy Rule 9011(c)(2)). The Court may also consider other factors, including whether good intentions prompted the filing of the offending party, the expenses incurred by the movant, the severity of the violation, and the ability to pay if raised by the non-movant. *In re Robinson,* 373 B.R. at 631. Often courts hold that attorneys' fees and costs can be awarded as a Rule 9011 sanction to deter future misconduct. *Id*.; *In re Stomberg*, 487 B.R. at 823.

21.     By signing and filing the Motion to Show Cause and refusing to withdraw such motion during the twenty-one-day safe harbor period, Whiting's counsel has needlessly increased the cost of litigating Principle's Colorado breach of contract claims. Whiting's counsel has also needlessly wasted the valuable resources of this Court by forcing it to adjudicate this matter two years after the Court approved the Confirmation Plan.

22.     As detailed in the attached Declaration of George A. Barton, Principle has incurred $5,323 in attorneys' fees and costs in connection with responding to Whiting's Motion to Show Cause. The fees and costs set forth in the attached Declaration are reasonable and incurred directly from Whiting's violation of Bankruptcy Rule 9011(b). As a result of the foregoing, there are sufficient grounds to impose sanctions against Whiting under Bankruptcy Rule 9011(c) for $5,323, representing compensatory damages.

Thus, Principle Energy, LLC requests the entry of an order imposing sanctions for $5,323 against the Reorganized Debtors as a result of the Reorganized Debtors' violation of Bankruptcy

Rule 9011(b); directing the Reorganized Debtors to pay the sum of $5,323 to Principle Energy, LLC's undersigned counsel within twenty-one days of the date of the Court's order for the reasonable attorneys' fees and costs incurred by Principle Energy, LLC as a direct result of such violation; and (c) granting such other relief as this Court deems appropriate.

DATED: September 20, 2022

/s/ George A. Barton
George A. Barton, Mo. Bar No. 26249
Admitted Pro Hac Vice
Barton & Burrows, LLC
5201 Johnson Drive, Suite 110
Mission, KS 66205
stacy@bartonburrows.com
george@bartonburrows.com
(913) 563-6253

## CERTIFICATE OF SERVICE

I certify that on September 20, 2022 a true and correct copy of the foregoing was electronically filed and served via the Court's ECF electronic notification system:

Jennifer F. Wertz
Matthew D. Cavenaugh
Vienna F. Anaya
Victoria Argeroplos
Jackson Walker LLP
1401 McKinney Stree, Ste. 1900
Houston, TX 77010

**Attorneys for Defendant Whiting Petroleum Corporation**

/s/ George A. Barton

7